UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 16-3945

**Motion for:** Hold Appeal in Abeyance

**Caption [use short title]**

ALAN M. DERSHOWITZ,
Intervenor-Appellant,

v.

VIRGINIA GIUFFRE,
Plaintiff-Appellee.

**Set forth below precise, complete statement of relief sought:**

To hold this appeal in abeyance pending resolution of pending developments in the district court that may render this appeal moot.

**MOVING PARTY:** Alan M. Dershowitz
☐ Plaintiff  ☐ Defendant
☑ Appellant/Petitioner  ☐ Appellee/Respondent

**OPPOSING PARTY:** Virginia Giuffre

**MOVING ATTORNEY:** David A. Lebowitz
**OPPOSING ATTORNEY:** Sigrid S. McCawley
[name of attorney, with firm, address, phone number and e-mail]

Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor, New York, NY 10020
(212) 763-5000 / dlebowitz@ecbalaw.com

Boies, Schiller & Flexner LLP
401 East Las Olas Blvd., Suite 1200, Fort Lauderdale, FL 33301
(954) 356-0011 ext. 4223 / Smccawley@BSFLLP.com

**Court-Judge/Agency appealed from:** U.S. District Court for the Southern District of New York (Sweet, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  ☐ Yes  ☑ No
Has this relief been previously sought in this Court?  ☐ Yes  ☑ No
Requested return date and explanation of emergency:

Because the Appellant's Brief is currently due February 16, 2017, Appellant respectfully requests that this motion be decided no later than February 10, 2017.

Is oral argument on motion requested?  ☐ Yes  ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date:

**Signature of Moving Attorney:**
/s/ David A. Lebowitz  **Date:** February 3, 2017  **Service by:** ☑ CM/ECF  ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| ALAN M. DERSHOWITZ,<br><br>    Intervenor-Appellant,<br><br>  v.<br><br>VIRGINIA GIUFFRE,<br><br>    Plaintiff-Appellee. | Docket No. 16-3945 |

**INTERVENOR-APPELLANT ALAN M. DERSHOWITZ'S
MOTION TO HOLD APPEAL IN ABEYANCE**

  Intervenor-Appellant Alan M. Dershowitz, by his counsel, hereby moves this Court to hold the above-captioned appeal in abeyance, for the following reasons:

  1. This is an interlocutory appeal from a collateral order entered by the district court, which denied a motion by Intervenor Alan M. Dershowitz, the Harvard Law School professor, to unseal certain documents filed in the district court, or in the alternative to modify the applicable protective order to permit dissemination of those documents. The district court granted Dershowitz's motion for permissive intervention under Federal Rule of Civil Procedure 24(b), but denied his motion to unseal certain documents or to modify the protective order.

  2. Relying on the First Amendment and common law right of access to judicial documents recognized repeatedly by this Court, Dershowitz seeks to

unseal documents filed with the district court by the parties to the underlying action in connection with discovery motions. *See Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) ("Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." ). "Underlying that First Amendment right of access is the common understanding that a major purpose of that Amendment was to protect the free discussion of governmental affairs." *Westmoreland v. CBS, Inc.*, 752 F.2d 16, 22 (2d Cir. 1984) (quoting *Mills v. Alabama*, 384 U.S. 214, 218 (1966)). Similarly, the common law right of access, which "is said to predate the Constitution," *United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145 (2d Cir. 1995), rests on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice," *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995).

3. Virginia Giuffre, the plaintiff in the underlying district court defamation action, has made repeated false statements accusing Dershowitz of child rape, pedophilia, and involvement in sex trafficking. In addition to vindicating the public's right to access judicial documents, Dershowitz sought the relief denied by the district court in aid of his efforts to clear his name and restore

his reputation. Dershowitz has repeatedly stated under penalty of perjury that he never had any contact with Ms. Giuffre, and that her accusations are entirely fabricated.

4. Among other issues, this appeal raises a question of first impression in this Circuit: whether the presumption of public access to court proceedings and records under the First Amendment and/or federal common law applies to documents filed in connection with discovery motions. There is a split of authority on this question among courts within this Circuit, as well as between several federal Courts of Appeal and State courts of last instance that have considered it.

5. Several developments in the district court have made it likely that this appeal will soon become moot or will change significantly in scope.

6. First, the parties to the district court litigation have engaged in summary judgment practice, and, we believe, have filed some or all of the documents Dershowitz seeks to unseal as summary judgment exhibits. Unlike the extent of the public's right to access discovery motion papers, the right of access to summary judgment papers is well-settled in this Circuit: "'Documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.'" *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (alteration omitted) (quoting *Joy v. North*, 692 F.2d 880, 8932 (2d Cir. 1982)).

3

7. Although the district court has taken the extraordinary step of issuing a blanket standing order allowing *any* document to be filed under seal in this case at the election of the parties, and permitting such documents to be unsealed only on the motion of someone seeking access, *see Giuffre v. Maxwell*, No. 15 Civ. 07433, ECF No. 348 (S.D.N.Y. Aug. 9, 2016), it is exceedingly unlikely under this Court's precedent that the summary judgment record will be permitted to remain under seal indefinitely. Of course, if the documents Dershowitz seeks to unseal in this appeal were made public as part of the parties' summary judgment filings, this appeal would become moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (observing that "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed" (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

8. Second, a third-party journalist has moved to intervene to unseal the summary judgment record in the district court. *See Giuffre*, ECF No. 550 (S.D.N.Y. Jan. 19, 2017). This development further enhances the likelihood that the documents Dershowitz seeks to unseal will soon be made public in whole or in part, mooting this appeal.

9. Finally, the underlying action in the district court is set to be tried beginning on March 13, 2017. *Id.*, ECF No. 455 (Oct. 3, 2016). Should the

4

documents at issue be used at trial, they would almost certainly be made public. *See Huminski v. Corsones*, 396 F.3d 53, 82 & n.30 (2d Cir. 2004).

10.     In light of the likelihood that this appeal may soon become moot, Dershowitz has determined that continuing to prosecute this appeal on the current schedule would be an injudicious use of the Court's time and resources, as well as those of the parties. The undersigned therefore proposed to Appellee's counsel that the parties to this appeal stipulate under Local Rule 42.1 to dismissal of this appeal without prejudice to reinstatement, should circumstances warrant. Appellee's counsel declined to stipulate unless Dershowitz agreed to forgo the possibility of reinstatement.

11.     Dershowitz respectfully suggests that holding this appeal in abeyance until it is clear whether developments in the district court will render the appeal moot would be appropriate in the interest of efficiency. Moreover, no party will be prejudiced by the relief sought, which will at most delay the briefing and disposition of this appeal for the few months necessary for a trial to conclude in the underlying action.

12.     Dershowitz therefore respectfully moves this Court to hold this appeal in abeyance pending resolution of the foregoing issues in the district court. In the alternative, Dershowitz requests that the deadline for the filing of the Appellant's Brief be adjourned to April 28, 2017, to permit the foregoing issues to be resolved

5

in due course before the district court prior to the filing of briefs. In the event this appeal is not moot by that date, Dershowitz will file the Appellant's Brief and Appendix on or before that date. Should the appeal become moot, Dershowitz will voluntarily dismiss it.

13. Dershowitz further respectfully requests that the time to file the Appellant's Brief be tolled during the pendency of the instant motion. Dershowitz's opening brief is currently due on February 16, 2017. In the event this motion to hold the appeal in abeyance is denied, Dershowitz respectfully requests that the deadline to file the Appellant's Brief be extended to March 17, 2017.

Dated: February 3, 2017
    New York, New York

                                       EMERY CELLI BRINCKERHOFF
                                       & ABADY LLP

                                         /s/ David A. Lebowitz
                                       Andrew G. Celli, Jr.
                                       David A. Lebowitz

                                       600 Fifth Avenue, 10th Floor
                                       New York, New York 10020
                                       (212) 763-5000

                                       *Attorneys for Intervenor-Appellant*
                                       *Alan M. Dershowitz*

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2017, I caused the foregoing document(s) to be submitted to the Court's ECF system for service and filing, and the document was thereby served upon counsel of record through that system.

                                                /s/ David A. Lebowitz
                                                David A. Lebowitz