UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

ALAN M. DERSHOWTIZ,

        Intervenor-Appellant,

v.

VIRGINIA GIUFFRE,

        Plaintiff-Appellee.

Docket No. 16-3495

## PLAINTIFF-APPELLEE'S RESPONSE TO ALAN M. DERSHOWITZ'S MOTION TO HOLD APPEAL IN ABEYANCE

Virginia Giuffre, Plaintiff-Appellee, by her undersigned counsel, hereby responds to Intervenor-Appellant Alan M. Dershowitz's Motion to Hold Appeal in Abeyance and states as follows:

1. The underlying action involves a claim by Ms. Giuffre for defamation against the Defendant. In short, Ms. Giuffre alleges that Defendant and Jeffrey Epstein abused her when she was a minor child and Defendant issued a press release to the international media stating that Ms. Giuffre's claims of abuse were "obvious lies". The case involves the sensitive and intimate subject matter of childhood sexual abuse, and, therefore the District Court properly issued a protective order. During the course of discovery Ms. Giuffre was required to produce a substantial amount of highly personal material.

2. On August 11, 2016, Appellant sought to intervene in Ms. Giuffre's action, for the improper purpose of attempting to release, to the press, documents that were marked confidential pursuant to the Court's Protective Order. Appellant did not seek public access to these documents for the legitimate purpose of informing the public on the Court's adjudication of its Article III powers. Instead, Appellant made clear that his purpose was to advance his own agenda and continue a media war on Ms. Giuffre, as he has already appeared on national news calling her a "prostitute" and a "bad mother." Simply put, Appellant sought to cherry pick certain documents that were produced in discovery to release to the press in an effort to publicly attack Ms. Giuffre's reputation. Ms. Giuffre argued that the disclosure would be improper and violative of governing law. The Honorable Judge Robert Sweet issued a Sealed Order on November 2, 2016, granting Appellant's motion for intervention and denying his motion to unseal certain documents. On November 23, 2016, Appellant filed this appeal. Appellant's brief is due on February 16, 2017. Rather than file his brief in a timely fashion, Appellant instead seeks to delay this action by requesting his appeal be held in abeyance.

3. Ms. Giuffre contends that Appellant's appeal is without merit. Through linguistic sophistry, Appellant attempts to suggest to this Court that there is a circuit split on the issue raised in his appeal. There is none. All five federal appellate courts that have taken up this issue have rejected the argument that Dershowitz advances.[1] Accordingly, there is uniform precedent

---

[1] Every circuit to have directly addressed this point has found that documents filed as exhibits to non-dispositive discovery motions do not qualify as judicial documents. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("We have, however, carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion, such that the usual presumption of the public's right of access is rebutted") (internal citation and quotations omitted); *Bond v. Utreras*, 585 F.3d 1061, 1075 n. 8 (7th Cir.2009); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13 (11th Cir.2001) (holding that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right"); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 10 (1st Cir.1986) ("Although we agree that the public has a right of access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings."); *Leucadia, Inc. v. Applied Extrusion*

2

from the courts of appeal on this issue. Therefore, it is unsurprising that rather than pursue his appeal in a timely fashion, he seeks to delay his meritless appeal indefinitely. Ms. Giuffre opposes an indefinite delay of Appellant's appeal as he puts forth no reasonable basis to justify indefinite delay.

4. Moreover, at the time Appellant filed this appeal, he had full knowledge that the trial in the underlying matter was set for March 13, 2017, whereupon (as he acknowledges in the moving brief at ¶¶ 9 and 10) the documents he seeks would likely become public. Accordingly, Appellant knew at the time of filing this appeal that it would likely become moot well in advance its adjudication by Second Circuit, which is another reason Dershowitz's appeal lacks merit.

5. While Ms. Giuffre firmly contends that this appeal should not be delayed, Ms. Giuffre will nonetheless, agree to Appellant's "alternative request" that he be allowed an extension of time until April 28, 2017 to file his appellate brief.

Dated: February 7, 2017                         Respectfully Submitted,

                                                        BOIES, SCHILLER & FLEXNER LLP

                                    By: /s/ Sigrid McCawley
                                          Sigrid McCawley (Pro Hac Vice)
                                          Boies Schiller & Flexner LLP
                                          401 E. Las Olas Blvd., Suite 1200
                                          Ft. Lauderdale, FL 33301
                                          (954) 356-0011

                                            Bradley J. Edwards (Pro Hac Vice)
                                            FARMER, JAFFE, WEISSING,
                                            EDWARDS, FISTOS & LEHRMAN, P.L.
                                            425 North Andrews Avenue, Suite 2
                                            Fort Lauderdale, Florida 33301
                                            (954) 524-2820

---

*Technologies, Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("holding that discovery motions and supporting materials are subject to a presumptive right of access would make raw discovery, ordinarily inaccessible to the public, accessible merely because it had to be included in motions precipitated by inadequate discovery responses or overly aggressive discovery demands. This would be a holding based more on expediency than principle.").

3

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[2]

---

[2] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 7, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

> David A. Lebowitz
> Andrew G. Celli, Jr.
> EMERY CELLI BRINKERHOFF & ABADY, LLP
> 600 Fifth Avenue, 10th Floor
> New York, NY 10020
> Tel: (212)763-5000
> Email: elebowitz@ecbalaw.com
> acelli@ecbalaw.com

/s/ Sigrid S. McCawley
Sigrid S. McCawley