# 16-3945-cv(L),
## 17-1625 (CON), 17-1722 (CON)

# United States Court of Appeals
## for the
# Second Circuit

◆●◆

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

– v. –

GHISLAINE MAXWELL,

*Defendant,*

– v. –

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

ALAN M. DERSHOWITZ, MICHAEL CERNOVICH, dba CERNOVICH MEDIA,

*Intervenors-Appellants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## JOINT APPENDIX
### Volume I of VI (Pages A-1 to A-218)

PAUL CASSELL, ESQ., PROFESSOR
UNIVERSITY OF UTAH
S.J. QUINNEY COLLEGE OF LAW
332 South 1400 East, Room 101
Salt Lake City, Utah 84124
(801) 585-5202

– and –

BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
(954) 356-0011

*Attorneys for Plaintiff-Appellee*

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Intervenor-Appellant
Alan M. Dershowitz*

i

# Table of Contents

**Page**

District Court Docket Entries .................................................... A-1

Complaint, Dated September 21, 2015 ..................................... A-112

Protective Order of the Honorable Robert W. Sweet,
    Dated March 17, 2016 ............................................................. A-124

Transcript of Proceedings before the Honorable
    Robert W. Sweet, Dated April 21, 2016 ............................... A-130

Transcript of Proceedings before the Honorable
    Robert W. Sweet, Dated June 23, 2016 ................................. A-159

Minute Entry of Oral Argument before the Honorable
    Robert W. Sweet, Entered on June 27, 2016 ........................ A-194

Standing Order of the Honorable Robert W. Sweet,
    Dated August 9, 2016 ............................................................. A-196

Notice of Motion by Proposed Intervenor Alan M. Dershowitz
    to Intervene and to Unseal Certain Documents Previously
    Filed with the District Court, Dated August 11, 2016 ........... A-197

Declaration of Proposed Intervenor Alan M. Dershowitz
    in Support of his Motion to Intervene and Unseal,
    Dated August 11, 2016
    (Reproduced in confidential appendix at pp.
    A-654 to A-671)

    Exhibit A to Dershowitz Declaration -

        (i) E-mail Exchange between Sharon Churcher
        and Virginia Giuffre, Dated from May 10, 2011
        to May 12, 2011
        (Reproduced in confidential appendix at pp.
        A-672 to A-674)

        (ii) E-mail Exchange between Sharon Churcher
        and Virginia Giuffre, Dated June 8, 2011
        (Reproduced in confidential appendix at pp.
        A-675 to A-677)

ii

Page

Exhibit B to Dershowitz Declaration -
Excerpts of "The Billionaire's Playboy Club",
by Virginia Roberts
(Reproduced in confidential appendix at pp.
A-678 to A-819)

Exhibit C to Dershowitz Declaration -
Complaint and Demand for Jury Trial, in *Jane Doe No. 102
v. Epstein* (U.S. District Court, Southern District of Florida
Case No. 09-cv-80656), Dated May 1, 2009......................... A-199

Exhibit D to Dershowitz Declaration -
Order of the Honorable Kenneth A. Mara Denying
Petitioners' Motion to Join Under Rule 21 and Motion
to Amend Under Rule 15, in *Jane Doe 1 et ano. v. USA*
(U.S. District Court, Southern District of Florida Case
No. 08-cv-80736), Dated April 6, 2015 ................................ A-228

Exhibit E to Dershowitz Declaration -
Subpoena to Attend and Produce .......................................... A-239

Exhibit F to Dershowitz Declaration -
Motion to Quash for Protective Order Regarding Subpoena
Served on Non-Party Jane Doe No. 3, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated April 9, 2015 ............................................................. A-245

   Exhibit 1 to Motion to Quash -
   "Florida judge tosses 'sex slave' claims involving
   Prince Andrew, Alan Dershowitz", by Oren Yaniv and
   Dareh Gregorian (*NY Daily News*, April 7, 2015) ............. A-260

   Exhibit 2 to Motion to Quash -
   "Alan Dershowitz: 'Sex slave' accuser is serial liar,
   prostitute", by Bob Norman (www.local10.com,
   January 22, 2015) ................................................................ A-265

   Exhibit 3 to Motion to Quash -
   Transcript of CNN News Segment,
   Dated January 6, 2015 ......................................................... A-269

   Exhibit 4 to Motion to Quash -
   Transcript of Australian Broadcasting System News
   Segment, Dated January 6, 2015 ......................................... A-278

iii

**Page**

Exhibit 5 to Motion to Quash -
"After Vindication, Alan Dershowitz Vows to Sue
Sex Accuser in Court", by Ilan Shavit
(www.jewishbusinessnews.com, April 8, 2015) ................ A-282

Exhibit 6 to Motion to Quash -
Subpoena to Attend and Produce, Dated March 30, 2015 .... A-286

Exhibit 7 to Motion to Quash -
"Alan Dershowitz Wants Attorney Behind 'Totally False'
Underage Sex Claims to Be Disbarred", by Hilary Lewis
(*The Hollywood Reporter*, January 5, 2015) ...................... A-300

Exhibit 8 to Motion to Quash -
Affidavit of Jane Doe No. 3 in Support of Motion to
Quash or for Protective Order, Sworn to April 9, 2015 ..... A-304

Exhibit 9 to Motion to Quash -
Non-Party Jane Doe No. 3's Objections to Defendant
Alan Dershowitz's Subpoena *duces tecum*,
Dated April 9, 2015 .......................................................... A-307

Exhibit 1 to Objections to Subpoena *duces tecum* -
Transcript of Australian Broadcasting System News
Segment, Dated January 6, 2015
(Reproduced in non-confidential appendix at
pp. A-278 to A-281)

Exhibit 2 to Objections to Subpoena *duces tecum* -
"Florida judge tosses 'sex slave' claims involving
Prince Andrew, Alan Dershowitz", by Oren Yaniv and
Dareh Gregorian (NY Daily News, April 7, 2015)
(Reproduced in non-confidential appendix at
pp. A-260 to A-264)

Exhibit G to Dershowitz Declaration -
Deposition Transcript of Virginia Roberts Giuffre, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated January 16, 2016
(Reproduced in confidential appendix at pp.
A-820 to A-1042)

iv

**Page**

Exhibit H to Dershowitz Declaration -
"Lawyers Acknowledge Mistake in Filing Sexual
Misconduct Charges Against Professor Dershowitz"
(Press Release, April 8, 2016)................................. A-330

Exhibit I to Dershowitz Declaration -
"Investigation by Former FBI Director Louis Freeh
Concludes that the Totality of the Evidence Refutes
Allegations Made Against Professor Dershowitz"
(Press Release, April 8, 2016)................................. A-333

Exhibit J to Dershowitz Declaration -
Notice of Withdrawal of Motion for Partial Summary
Judgment, in *Edwards v. Dershowitz* (Circuit Court of the
17th Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated April 8, 2016 .......................... A-338

Exhibit K to Dershowitz Declaration -

(i) "Settlement Reached In Litigation Between Alan
Dershowitz, Paul Cassell, And Bradley Edwards", by
David Lat (www.abovethelaw.com, April 8, 2016) .......... A-342

(ii) "Dershowitz Settles Sex Case, But Is He Vindicated?",
by Vivia Chen (www.law.com, April 10, 2016) ................ A-351

(iii) "Alan Dershowitz Extends Truce Offer to
David Boies Amid Bitter Feud", by John Lamparski
(Bloomberg Law, April 11, 2016)...................................... A-357

(iv) "Did Dershowitz Pay Big Bucks to Settle Sex Case?",
by Vivia Chen (*The American Lawyer*, April 11, 2016).... A-364

(v) "Epstein victim's attorneys clarify statement",
by Michele Dargan (*Palm Beach Daily News*,
April 11, 2016) .................................................. A-366

(vi) "Defamation case settled over sex-misconduct
accusations against lawyer Alan Dershowitz",
by Jay Weaver (*Miami Herald*, April 11, 2016) ................ A-367

(vii) "Alan Dershowitz and 2 Other Lawyers Settle Suite
and Counter Claim", by Barry Meier (*The New York
Times*, April 12, 2016)........................................ A-375

(viii) "What's Everyone Hiding in the Dershowitz Case?",
by Vivia Chen (*The American Lawyer*, April 14, 2016).... A-378

v

**Page**

(ix) "Dershowitz, Croghan, DeRosa: Busy season in Palm Beach court cases", by Michele Dargan (*Palm Beach Daily News*, May 1, 2016)................................................ A-380

Exhibit L to *Dershowitz* Declaration -
Protective Order of the Honorable Robert W. Sweet,
Dated March 17, 2016
(Reproduced in non-confidential appendix at pp.
A-124 to A-129)

Exhibit M to Dershowitz Declaration -
Reply Memorandum of Law in Further Support of
Non-Party Sharon Churcher's Motion to Quash
Subpoena, Dated July 5, 2016
(Reproduced in confidential appendix at pp.
A-1043 to A-1057)

Exhibit N to Dershowitz Declaration -
E-mail from Susan Moss to Thomas E. Scott,
Steven R. Safra, Richard Simpson and Others,
Dated November 4, 2015 ....................................... A-382

Supplemental Declaration of Proposed Intervenor Alan M.
Dershowitz in Support of his Motion to Intervene
and Unseal, Dated August 19, 2016 ...................................... A-384

Declaration of Sigrid S. McCawley, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion
to Intervene and Unseal, with Exhibits 1 through 23,
Dated August 29, 2016
(Reproduced in confidential appendix at pp.
A-1058 to A-1254)

Declaration of Paul G. Cassell, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion
to Intervene and Unseal, with Exhibits 1 through 4,
Dated August 29, 2016
(Reproduced in confidential appendix at pp.
A-1255 to A-1333)

Reply Declaration of Proposed Intervenor Alan M. Dershowitz
in Further Support of his Motion to Intervene and Unseal,
Dated September 14, 2016
(Reproduced in confidential appendix at pp.
A-1334 to A-1360)

vi

**Page**

Exhibit O to Dershowitz Reply Declaration -
Excerpts of Deposition Transcripts of Paul G. Cassell, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated October 16, 2015, and October 17, 2015 ..................... A-388

Exhibit P to Dershowitz Reply Declaration -
Excerpts of Deposition Transcript of Alan M. Dershowitz,
in *Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated October 16, 2015 ....................................................... A-396

Exhibit Q to Dershowitz Reply Declaration -
Affidavit of Juan P. Alessi, in *Jane Doe No. 2 v. Epstein*
(U.S. District Court, Southern District of Florida Case
No. 08-cv-80119), Sworn to January 13, 2016 ...................... A-400

Exhibit R to Dershowitz Reply Declaration -
Excerpts of Deposition Transcript of Sarah Kellen, in *Jane
Doe 2 v. Epstein* (U.S. District Court, Southern District of
Florida Case No. 08-cv-80119), Dated March 24, 2010 ........ A-406

Exhibit S to Dershowitz Reply Declaration -

    (i) Letter from Alan M. Dershowitz to Jack Scarola,
    Dated August 15, 2011 ....................................................... A-410

    (ii) Letter from Jack Scarola to Alan M. Dershowitz,
    Dated August 23, 2011 ....................................................... A-412

    (iii) E-mail from Alan M. Dershowitz to Mary E. Pirrotta,
    Dated September 7, 2011 .................................................... A-413

Exhibit T to Dershowitz Reply Declaration -
"Teenage girl recruited by paedophile Jeffrey Epstein
reveals how she twice met Bill Clinton", by Sharon
Churcher (*Daily Mail*, March 5, 2011) .................................. A-414

Exhibit U to Dershowitz Reply Declaration -
Excerpts of Deposition Transcripts of Alfredo Rodriguez,
in *Jane Doe No. 2 v. Epstein* (U.S. District Court,
Southern District of Florida Case No. 08-cv-80119),
Dated July 29, 2009, and August 7, 2009 ............................. A-423

Exhibit V to Dershowitz Reply Declaration -
Transcript of Telephone Interview with Virginia Roberts,
Dated April 7, 2011 ............................................................. A-430

**Page**

Exhibit W to Dershowitz Reply Declaration -
Redacted Affidavit of Virginia Roberts,
Sworn to January 19, 2015 ................................................... A-454

    Exhibit 1 to Roberts Redacted Affidavit -
    Letter from A. Marie Villafana to Virginia Roberts,
    Dated September 3, 2008 .................................................. A-469

    Exhibit X to Dershowitz Reply Declaration -
    Transcript of Non-Party Virginia Roberts' Emergency
    Motion to Seal, in *Edwards v. Dershowitz* (Circuit Court
    of the 17th Judicial Circuit, Broward County, Florida Case
    No. 15-000072), Dated December 18, 2015 ......................... A-474

Notice of Appeal by Proposed Intervenor Alan M. Dershowitz,
    Dated November 21, 2016 .................................................. A-508

Notice of Motion by Proposed Intervenor Cernovich Media
    to Intervene and to Unseal Certain Documents Previously
    Filed with the District Court, Dated January 19, 2017........... A-509

Declaration of Michael Cernovich, for Proposed Intervenor
    Cernovich Media, in Support of its Motion to Intervene
    and Unseal, Dated January 19, 2017 ..................................... A-512

Declaration of Sigrid S. McCawley, for Plaintiff, in Opposition
    to Proposed Intervenor Cernovich Media's Motion to
    Intervene and Unseal, Dated February 2, 2017 ...................... A-514

    Exhibit 1 to McCawley Declaration -
    Transcript of Australian Broadcasting System News
    Segment, Dated January 6, 2015
    (Reproduced in non-confidential appendix at pp.
    A-278 to A-281)

    Exhibit 2 to McCawley Declaration -
    "Alan Dershowitz: 'Sex slave' accuser is serial liar,
    prostitute", by Bob Norman (www.local10.com,
    January 22, 2015)
    (Reproduced in non-confidential appendix at pp.
    A-265 to A-268)

Declaration of Jay M. Wolman, for Proposed Intervenor
    Cernovich Media, in Further Support of its Motion to
    Intervene and Unseal, Dated February 9, 2017 ...................... A-528

viii

**Page**

Exhibit 1 to Wolman Declaration -
"Pedophile Jeffrey Epstein is accused of luring an underage
girl into his elaborate sex trafficking enterprise under the
guise of using his wealth and connections to get her into
a prestige NYC college", by Martin Gould (*Daily Mail*,
January 27, 2017) ................................................................ A-530

Exhibit 2 to Wolman Declaration -
"High-profile cases: Crimes that shook Palm Beach through
the decades", by Palm Beach Daily News Staff (*Palm Beach
Daily News*, February 2, 2017) .......................................... A-563

Exhibit 3 to Wolman Declaration -
Cast and Crew of "Silenced: Our War on Free Speech"
(www.silencedmovie.com).................................................... A-572

Memorandum of Law by Proposed Intervenor Alan M.
Dershowitz in Support of Proposed Intervenor Cernovich
Media's Motion to Intervene and Unseal,
Dated February 10, 207...................................................... A-579

Transcript of Proceedings before the Honorable
Robert W. Sweet, Dated February 16, 2017 ........................ A-582

Plaintiff's Motion to Exclude Proposed Intervenor Cernovich
Media's Opposition to Notice of Intent to Request Redaction
of February 16, 20107 Hearing Transcript,
Dated March 21, 2017......................................................... A-645

Sealed Opinion of the Honorable Robert W. Sweet,
Dated March 22, 2017
(Reproduced in confidential appendix at pp.
A-1361 to A-1436)

Letter from Eric J. Feder to the Honorable Robert W. Sweet,
Dated May 4, 2017............................................................. A-648

Notice of Appeal by Proposed Intervenor Cernovich Media,
Dated May 31, 2017........................................................... A-652

## **Confidential Material**

Declaration of Proposed Intervenor Alan M. Dershowitz
in Support of his Motion to Intervene and Unseal,
Dated August 11, 2016....................................................... A-654

ix

Page

Exhibit A to Dershowitz Declaration -

    (i) E-mail Exchange between Sharon Churcher
    and Virginia Giuffre, Dated from May 10, 2011
    to May 12, 2011.................................................................. A-672

    (ii) E-mail Exchange between Sharon Churcher
    and Virginia Giuffre, Dated June 8, 2011 .......................... A-675

Exhibit B to Dershowitz Declaration -
Excerpts of "The Billionaire's Playboy Club",
by Virginia Roberts ............................................................... A-678

Exhibit G to Dershowitz Declaration -
Deposition Transcript of Virginia Roberts Giuffre, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated January 16, 2016.......................................................... A-820

Exhibit M to Dershowitz Declaration -
Reply Memorandum of Law in Further Support of
Non-Party Sharon Churcher's Motion to Quash Subpoena,
Dated July 5, 2016.................................................................. A-1043

Declaration of Sigrid S. McCawley, for Plaintiff, in Opposition
    to Proposed Intervenor Alan M. Dershowitz's Motion to
    Intervene and Unseal, Dated August 29, 2016..................... A-1058

Exhibit 1 to McCawley Declaration -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) ................................................................. A-1063

Exhibit 2 to McCawley Declaration -
Flight Logs ........................................................................... A-1067

Exhibit 3 to McCawley Declaration -
"Criticism Prompts 'GMA' to Flip Fuhrman's Title, Ax
Pay", by Gail Shister (*Miami Herald*, March 18, 2000) ...... A-1077

Exhibit 4 to McCawley Declaration -
Excerpts of Deposition Transcript of Virginia Roberts
Giuffre, in *Edwards v. Dershowitz* (Circuit Court of the 17th
Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated January 16, 2016 ................................... A-1081

x

**Page**

Exhibit 5 to McCawley Declaration -
"Kiddie Porn, Sex Toys & Worse: Clinton Pal Jeffrey
Epstein's Pedophile Palace Revealed", by Radar Staff
(www.radaronline.com, July 7, 2016)................................. A-1087

Exhibit 6 to McCawley Declaration -
Excerpts of Deposition Transcript of Juan P. Alessi, in
*Jane Doe No. 2 v. Epstein* (U.S. District Court, Southern
District of Florida Case No. 08-cv-80119),
Dated September 8, 2009 .................................................... A-1090

Exhibit 7 to McCawley Declaration -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) ................................................................ A-1095

Exhibit 8 to McCawley Declaration -
Excerpts of Deposition Transcripts of Alfredo Rodriguez,
in *Jane Doe No. 2 v. Epstein* (U.S. District Court,
Southern District of Florida Case No. 08-cv-80119),
Dated July 29, 2009 and August 7, 2009 ............................ A-1099

Exhibit 9 to McCawley Declaration -

    (i) Excerpts of Deposition Transcript of Nadia
    Marcinkova, in *Jane Doe v. Epstein* (U.S. District Court,
    Southern District of Florida Case No. 08-cv-80893),
    Dated April 13, 2010 ........................................................ A-1107

    (ii) Excerpts of Deposition Transcript of Sarah Kellen,
    in *Jane Doe 2 v. Epstein* (U.S. District Court, Southern
    District of Florida Case No. 08-cv-80119),
    Dated March 24, 2010 ...................................................... A-1111

    (iii) Excerpts of Deposition Transcript of Adriana Ross,
    in *Jane Doe v. Epstein* (U.S. District Court, Southern
    District of Florida Case No. 08-cv-80893),
    Dated March 15, 2010 ...................................................... A-1117

Exhibit 10 to McCawley Declaration -

    (i) Excerpts of Deposition Transcript of Joseph Recarey,
    Dated June 21, 2016 ........................................................ A-1121

    (ii) "How Alan Dershowitz bullied rape victims to protect
    a serial child molester", by Rania Khalek (*The Electronic
    Intifada*, January 10, 2015)............................................. A-1126

xi

**Page**

Exhibit 11 to McCawley Declaration -
Notice of Appeal, in *Edwards v. Dershowitz* (Circuit Court
of the 17th Judicial Circuit, Broward County, Florida Case
No. 15-000072), Dated May 27, 2016 ................................ A-1131

Exhibit 12 to McCawley Declaration -
Order of the Honorable Thomas M. Lynch, IV on Boies,
Schiller & Flexner LLP and Jane Doe No. 3's Motions to
Quash Subpoenas or for Protective Order, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated November 12, 2015 .................................................. A-1136

Exhibit 13 to McCawley Declaration -
Excerpts of Deposition Transcript of Virginia Giuffre,
Dated May 3, 2016 ............................................................. A-1139

Exhibit 14 to McCawley Declaration -
Excerpts of Transcript of Non-Party Virginia Roberts'
Emergency Motion to Seal, in *Edwards v. Dershowitz*
(Circuit Court of the 17th Judicial Circuit, Broward County,
Florida Case No. 15-000072), Dated December 18, 2015 ... A-1142

Exhibit 15 to McCawley Declaration -
Order of the Honorable Thomas M. Lynch, IV on Boies,
Schiller & Flexner LLP's Motion to Seal, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated December 18, 2015 .................................................. A-1149

Exhibit 16 to McCawley Declaration -
Motion to Strike and for Sanctions, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated December 16, 2015 .................................................. A-1151

Exhibit 17 to McCawley Declaration -
Sealed, Unredacted Supplemental Motion to Strike and for
Sanctions, in *Edwards v. Dershowitz* (Circuit Court of the
17th Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated January 28, 2016 .................................. A-1160

Exhibit 18 to McCawley Declaration -
Transcript of Proceedings before the Honorable
Robert W. Sweet, Dated March 17, 2016 ........................... A-1168

xii

**Page**

Exhibit 19 to McCawley Declaration -
Transcript of Proceedings before the Honorable
Robert W. Sweet, Dated April 21, 2016 ............................ A-1204

Exhibit 20 to McCawley Declaration -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) ............................................................... A-1234

Exhibit 21 to McCawley Declaration -
Transcript of CNN News Segment, Dated January 6, 2015. A-1238

Exhibit 22 to McCawley Declaration -
Transcript of Australian Broadcasting System News
Segment, Dated January 6, 2015 ......................................... A-1247

Exhibit 23 to McCawley Declaration -
"After Vindication, Alan Dershowitz Vows to Sue
Sex Accuser in Court", by Ilan Shavit
(www.jewishbusinessnews.com, April 8, 2015) .................. A-1251

Declaration of Paul G. Cassell, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion
to Intervene and Unseal, Dated August 29, 2016 ................ A-1255

Exhibit 1 to Cassell Declaration -
Excerpts of Deposition Transcript of Paul G. Cassell, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated October 16, 2015 ...................................................... A-1268

Exhibit 2 to Cassell Declaration -
Order of the Honorable Thomas M. Lynch, IV on Boies,
Schiller & Flexner LLP and Jane Doe No. 3's Motions to
Quash Subpoenas or for Protective Order, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated November 12, 2015
(Reproduced in confidential appendix at pp.
A-1136 to A-1138)

xiii

**Page**

Exhibit 3 to Cassell Declaration -
Order of the Honorable Thomas M. Lynch, IV Granting
Unopposed Motion for Order of Non-Waiver of Privilege,
in *Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated June 16, 2015 ............................................................ A-1328

Exhibit 4 to Cassell Declaration -
Notice of Withdrawal of Motion for Partial Summary
Judgment, in *Edwards v. Dershowitz* (Circuit Court of the
17th Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated April 8, 2016 ........................................ A-1330

Reply Declaration of Proposed Intervenor Alan M. Dershowitz
in Further Support of his Motion to Intervene and Unseal,
Dated September 14, 2016 .................................................. A-1334

Sealed Opinion of the Honorable Robert W. Sweet,
Dated March 22, 2017 ........................................................ A-1361

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:15-cv-07433-RWS

| | |
|---|---|
| Giuffre v. Maxwell | Date Filed: 09/21/2015 |
| Assigned to: Judge Robert W. Sweet | Date Terminated: 05/25/2017 |
| Related Case: 1:17-mc-00025-RWS | Jury Demand: Both |
| Case in other court: U.S. Court of Appeals, Second Circuit, 17-01625 | Nature of Suit: 320 Assault Libel & Slander |
| Cause: 28:1332ct Diversity-(Citizenship) | Jurisdiction: Diversity |

**Plaintiff**

**Virginia L. Giuffre**                    represented by    **Bradley James Edwards**
Farmer, Jaffe, Weissing. Edwards,
Fistos, Lehrman, P.L.
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
(954)-524-2820
Fax: (954)-524-2822
Email: brad@pathtojustice.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Pottinger**
J. Stanley Pottinger PLLC
49 Twin Lakes Road
South Salem, NY 10590
(917)-446-4641
Email: stanpottinger@aol.com
*ATTORNEY TO BE NOTICED*

**Meredith L Schultz**
Boies, Schiller & Flexner LLP (FL)
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
(954)-356-0011
Fax: (954)-356-0022
Email: mschultz@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Paul G Cassell**
S.J. Quinney College of Law At The
University of Utah
383 S. University Street

Salt Lake City, UT 84112-0730
(801)-585-5202
Fax: (801)-585-2750
Email: cassellp@law.utah.edu
*ATTORNEY TO BE NOTICED*

**Sigrid S. McCawley**
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite
1200
Fort Lauderdale, FL 33301
954-356-0011
Fax: 954-356-0022
Email: smccawley@bsfllp.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ghislaine Maxwell**                  represented by   **Jeffrey S. Pagliuca**
*TERMINATED: 05/25/2017*                               Haddon Morgan and Foreman
                                                       150 East 10th Avenue
                                                       Denver, CO 80203
                                                       (303)-831-7364
                                                       Fax: (303)-832-2628
                                                       Email: jpagliuca@hmflaw.com
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Laura A. Menninger**
                                                       Haddon, Morgan and Foreman, P.C.
                                                       150 East Tenth Avenue
                                                       Denver, CO 80203
                                                       (303)-831-7364
                                                       Fax: (303)-832-2628
                                                       Email: lmenninger@hmflaw.com
                                                       *ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Sharon Churcher**                     represented by   **Eric Joel Feder**
                                                        Davis Wright Tremaine LLP (NYC)
                                                        1251 Avenue of the Americas, 21st
                                                        Floor
                                                        New York, NY 10020
                                                        (212) 489-8230
                                                        Fax: (212) 489-8340

A-3

Email: ericfeder@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura R. Handman**
Davis, Wright, Tremaine, LLP(DC)
1919 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006-3402
202 508-6600 x6624
Fax: 202 508-6699
Email: laurahandman@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Respondent**</u>

**Jeffrey Epstein**                    represented by   **Gregory L. Poe**
Poe & Burton PLLC
1030 15th Steet., NW Suite 580 West
Washington, DC 20005
(202) 583-2500
Fax: (202) 583-0565
Email: gpoe@poeburton.com
*TERMINATED: 08/17/2016*
*LEAD ATTORNEY*

**Jack Alan Goldberger**
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue South, #1400
West Palm Beach, FL 33401
(561)-659-8305
Fax: (561)-835-8691
Email: jgoldberger@agwpa.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Martin Gary Weinberg**
Martin G. Weinberg, PC
20 Park Plaza, Suite 1000
Boston, MA 02116
617-227-3700
Fax: 617-338-9538
Email: owlmgw@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel S Li Wai Suen**
Poe & Burton PLLC

1030 15th St. N.W., Suite 580 West
Washington, DC 20005
(202)-583-2500
Fax: (202)-583-0565
Email: rliwaisuen@poeburton.com
*TERMINATED: 08/17/2016*

**Applicant**

**John Stanley Pottinger**

**Miscellaneous**

**Nadia Marcinko**                    represented by   **Erica Tamar Dubno**
                                                       Fahringer & Dubno
                                                       767 Third Avenue, Suite 3600
                                                       New York, NY 10017
                                                       212-319-5351
                                                       Fax: 212-319-6657
                                                       Email: erica.dubno@fahringerlaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Interested Party**

**Sarah Vickers**                     represented by   **Alexander Seton Lorenzo**
                                                       Alston & Bird, LLP(NYC)
                                                       90 Park Avenue
                                                       New York, NY 10016
                                                       (212) 210-9400
                                                       Fax: (212) 210-9444
                                                       Email: alexander.lorenzo@alston.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **John E. Stephenson , Jr.**
                                                       Alston & Bird LLP (GA)
                                                       One Atlantic Center, 1201 West
                                                       Peachtree Street
                                                       Atlanta, GA 30309
                                                       (404)-881-7697
                                                       Email: john.stephenson@alston.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Interested Party**

**NYP Holdings, Inc.,**

**Interested Party**

**Daily News, L.P.**

**A-5**

V.
**Material Witness**

**Sarah Ransome**                    represented by   **Paul G Cassell**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **John Pottinger**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

V.
**Intervenor**

**Alan M. Dershowitz**               represented by   **Andrew G. Celli**
                                                      Emery Celli Brinckerhoff & Abady,
                                                      LLP
                                                      600 Fifth Avenue 10th Floor
                                                      New York, NY 10020
                                                      212-763-5000
                                                      Fax: 212-763-5001
                                                      Email: acelli@ecbalaw.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **David A Lebowitz**
                                                      Emery Celli Brinckerhoff & Abady,
                                                      LLP
                                                      600 Fifth Avenue 10th Floor
                                                      New York, NY 10020
                                                      (212) 763-5000
                                                      Fax: (212) 763-5001
                                                      Email: dlebowitz@ecbalaw.com
                                                      *ATTORNEY TO BE NOTICED*

**Intervenor**

**Michael Cernovich d/b/a Cernovich**  represented by  **Jay Marshall Wolman**
**Media**                                              Randazza Legal Group PLLC
                                                       100 Pearl Street, 14th Floor
                                                       Hartford, CT 06103
                                                       702-420-2001
                                                       Fax: 305-437-7662
                                                       Email: jmw@randazza.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/21/2015 | 1 | COMPLAINT against MAXWELL GHISLAINE. (Filing Fee $ 400.00, Receipt Number 0208-11409928)Document filed by VIRGINIA L. GIUFFRE. (McCawley, Sigrid) (Entered: 09/21/2015) |
| 09/21/2015 | 2 | **FILING ERROR - DEFICIENT PLEADING - SIGNATURE ERROR - CIVIL COVER SHEET** filed. (McCawley, Sigrid) Modified on 9/22/2015 (dgo). (Entered: 09/21/2015) |
| 09/21/2015 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Ghislaine Maxwell, re: 1 Complaint. Document filed by VIRGINIA L. GIUFFRE. (McCawley, Sigrid) (Entered: 09/21/2015) |
| 09/21/2015 | 4 | **FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION** for Sigrid S. McCawley to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11410210. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by VIRGINIA L. GIUFFRE. (Attachments: # 1 Text of Proposed Order)(McCawley, Sigrid) Modified on 9/21/2015 (sdi). (Entered: 09/21/2015) |
| 09/21/2015 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 4 MOTION for Sigrid S. McCawley to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-11410210. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Florida; Missing case number on the Motion and Proposed Order;. Re-file the motion as a Corrected Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (sdi) (Entered: 09/21/2015)** |
| 09/22/2015 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Sigrid S. McCawley. The party information for the following party/parties has been modified: VIRGINIA L. GIUFFRE, MAXWELL GHISLAINE. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; party name was entered in all caps;. (dgo) (Entered: 09/22/2015)** |
| 09/22/2015 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Robert W. Sweet. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (dgo) (Entered: 09/22/2015) |
| 09/22/2015 | | Magistrate Judge Ronald L. Ellis is so designated. (dgo) (Entered: 09/22/2015) |
| 09/22/2015 | | Case Designated ECF. (dgo) (Entered: 09/22/2015) |

| 09/22/2015 | 5 | ELECTRONIC SUMMONS ISSUED as to Ghislaine Maxwell. (dgo) (Entered: 09/22/2015) |
|---|---|---|
| 09/25/2015 | 6 | MOTION to Amend/Correct Notice Regarding Deficient Motion to Appear Pro Hac vice,,, *Corrected Pro Hac Vice Motion (S. McCawley)*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order Proposed Order for Corrected Pro Hac Vice Motion (S. McCawley))(McCawley, Sigrid) (Entered: 09/25/2015) |
| 09/25/2015 | 7 | CIVIL COVER SHEET filed. (McCawley, Sigrid) (Entered: 09/25/2015) |
| 09/25/2015 | 8 | SUMMONS RETURNED EXECUTED Summons and Complaint served. Ghislaine Maxwell served on 9/22/2015, answer due 10/13/2015. Service was accepted by Ghislaine Maxwell, Defendant. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 09/25/2015) |
| 09/29/2015 | 9 | ORDER FOR ADMISSION PRO HAC VICE granting 6 Motion to Amend/Correct. The motion of Sigrid S. McCawley for admission to practice Pro Hac Vice in the above captioned action is granted. (Signed by Judge Robert W. Sweet on 9/28/2015) (ajs) (Entered: 09/29/2015) |
| 10/08/2015 | 10 | PRETRIAL ORDER: Pretrial Conference set for 10/28/2015 at 04:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (See Order.) (Signed by Judge Robert W. Sweet on 10/8/2015) (ajs) (Entered: 10/08/2015) |
| 10/13/2015 | 11 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 10/9/2015 re: I write pursuant to Section 1.E. of Your Honor's Individual Practice Rules to request an extension of Defendant's time to answer, move or otherwise respond to Plaintiff's Complaint from October 13, 2015 up to and including November 30. 2015. ENDORSEMENT: So ordered. Ghislaine Maxwell answer due 11/30/2015. (Signed by Judge Robert W. Sweet on 10/12/2015) (rjm) (Entered: 10/13/2015) |
| 10/13/2015 | 12 | NOTICE OF APPEARANCE by Laura A. Menninger on behalf of Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/13/2015) |
| 10/28/2015 |  | Minute Entry for proceedings held before Judge Robert W. Sweet: Initial Pretrial Conference held on 10/28/2015. (Chan, Tsz) (Entered: 10/30/2015) |
| 10/30/2015 | 13 | ORDER: IT IS HEREBY ORDERED that: 1. All motions are to be made returnable at 12:00 noon on Wednesday and in compliance with the rules of this Court. Fact Discovery due by 7/1/2016. Expert Discovery due by 8/3/2016. Motions due by 9/7/2016. Final Pretrial Conference set for 9/7/2016 at 04:30 PM before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 10/28/2015) (spo) (Entered: 10/30/2015) |
| 12/01/2015 | 14 | MOTION to Dismiss . Document filed by Ghislaine Maxwell. Responses due by 12/17/2015 Return Date set for 1/7/2016 at 12:00 PM.(Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 15 | MEMORANDUM OF LAW in Support re: 14 MOTION to Dismiss . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/01/2015) |

| | | |
|---|---|---|
| 12/01/2015 | 16 | DECLARATION of Laura A. Menninger in Support re: 14 MOTION to Dismiss .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit)(Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 17 | MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. Document filed by Ghislaine Maxwell. Return Date set for 1/7/2016 at 12:00 PM. (Attachments: # 1 Exhibit)(Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 18 | MEMORANDUM OF LAW in Support re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/01/2015) |
| 12/02/2015 | 19 | ORDER: Defendant's motions to dismiss and for a stay of discovery shall be heard at noon on January 14, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Set Deadlines/Hearing as to 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. 14 MOTION to Dismiss . Motion Hearing set for 1/14/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 12/2/2015) (spo) (Entered: 12/02/2015) |
| 12/10/2015 | 20 | RESPONSE in Opposition to Motion re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/10/2015) |
| 12/10/2015 | 21 | DECLARATION of Sigrid S. McCawley in Opposition re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Composite Exhibit 2 Part 1, # 3 Exhibit Composite Exhibit 2 Part 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Composite Exhibit 5 Part 1, # 7 Exhibit Composite Exhibit 5 Part 2, # 8 Exhibit Exhibit 6, # 9 Exhibit Exhibit 7, # 10 Exhibit Exhibit 8, # 11 Exhibit Exhibit 9)(McCawley, Sigrid) (Entered: 12/10/2015) |
| 12/15/2015 | 22 | REPLY MEMORANDUM OF LAW in Support re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/15/2015) |
| 12/17/2015 | 23 | MEMORANDUM OF LAW in Opposition re: 14 MOTION to Dismiss . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/17/2015) |
| 12/17/2015 | 24 | DECLARATION of Sigrid McCawley in Opposition re: 14 MOTION to Dismiss .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 12/17/2015) |
| 12/28/2015 | 25 | REPLY MEMORANDUM OF LAW in Support re: 14 MOTION to Dismiss . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/28/2015) |
| 01/08/2016 | 26 | NOTICE of Supplemental Authority. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit)(McCawley, Sigrid) (Entered: 01/08/2016) |

| 01/11/2016 | 27 | MOTION for Leave to Bring Personal Electronic Device and General Purpose Computing Device . Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit)(McCawley, Sigrid) (Entered: 01/11/2016) |
| --- | --- | --- |
| 01/14/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 1/14/2016 re: 19 Order, Set Motion and R&R Deadlines/Hearings. Motion to dismiss and for stay held.Decision is reserved. (Court Reporter Michael McDaniel) (Chan, Tsz) (Entered: 01/21/2016) |
| 01/20/2016 | 28 | OPINION #106149 re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*, filed by Ghislaine Maxwell. Defendant is directed to respond or object to Plaintiff's First Request for Production within fourteen days of the date of this opinion. For the foregoing reasons and as set forth above, Defendant's motion to stay is denied, the motion to extend is granted, and discovery shall proceed as set forth above. (As further set forth in this Order.) (Signed by Judge Robert W. Sweet on 1/19/2016) (spo) Modified on 1/21/2016 (ca). (Entered: 01/20/2016) |
| 01/22/2016 | 29 | NOTICE of Supplemental Authority re: 15 Memorandum of Law in Support of Motion. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A) (Menninger, Laura) (Entered: 01/22/2016) |
| 01/25/2016 | 30 | NOTICE of Response to Defendant's Notice of Supplemental Authority re: 29 Notice (Other). Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/25/2016) |
| 01/28/2016 | 31 | TRANSCRIPT of Proceedings re: ARGUMENT held on 1/14/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Michael McDaniel, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/22/2016. Redacted Transcript Deadline set for 3/3/2016. Release of Transcript Restriction set for 5/2/2016.(McGuirk, Kelly) (Entered: 01/28/2016) |
| 01/28/2016 | 32 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 1/14/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 01/28/2016) |
| 02/26/2016 | 33 | MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/26/2016 | 34 | DECLARATION of Sigrid McCawley in Support re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit)(McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/26/2016 | 35 | |

| | | |
|---|---|---|
| | | MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections . Document filed by Virginia L. Giuffre. (Attachments: # 1 Appendix)(McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/26/2016 | 36 | DECLARATION of Sigrid McCawley in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4 Part 1, # 5 Exhibit Exhibit 4 Part 2, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 7, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9, # 11 Exhibit Exhibit 10 Part 1, # 12 Exhibit Exhibit 10 Part 2, # 13 Exhibit Exhibit 11) (McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/29/2016 | 37 | OPINION #106248 re: 14 MOTION to Dismiss, filed by Ghislaine Maxwell. For the foregoing reasons and as set forth above, Defendant's motion to dismiss is denied. (As further set forth in this Order.) (Signed by Judge Robert W. Sweet on 2/26/2016) (spo) Modified on 3/2/2016 (ca). (Entered: 02/29/2016) |
| 03/02/2016 | 38 | MOTION for Protective Order . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/02/2016) |
| 03/02/2016 | 39 | DECLARATION of Laura A. Menninger in Support re: 38 MOTION for Protective Order .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/02/2016) |
| 03/04/2016 | 40 | RESPONSE to Motion re: 38 MOTION for Protective Order . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/04/2016) |
| 03/04/2016 | 41 | DECLARATION of Sigrid McCawley in Opposition re: 38 MOTION for Protective Order .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(McCawley, Sigrid) (Entered: 03/04/2016) |
| 03/04/2016 | 42 | MEMORANDUM OF LAW in Opposition re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections ., 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/04/2016) |
| 03/07/2016 | 43 | REPLY MEMORANDUM OF LAW in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections ., 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/07/2016) |
| 03/07/2016 | 44 | DECLARATION of Sigrid McCawley in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections ., 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(McCawley, Sigrid) (Entered: 03/07/2016) |
| 03/07/2016 | 45 | |

| | | |
|---|---|---|
| | | SUPPLEMENTAL MEMORANDUM OF LAW in Opposition re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/07/2016) |
| 03/07/2016 | 46 | SUPPLEMENTAL MEMORANDUM OF LAW in Opposition re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/07/2016) |
| 03/07/2016 | 47 | DECLARATION of Laura A. Menninger in Opposition re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Menninger, Laura) (Entered: 03/07/2016) |
| 03/08/2016 | 48 | ORDER: Plaintiff's motions to compel, filed February 26, and Defendant's motion for a protective order, filed March 2, 2016, shall be heard at noon on March 17, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 3/17/2016 at 12:00 PM before Judge Robert W. Sweet in Courtroom 18C, United States Courthouse, 500 Pearl Street.) (Signed by Judge Robert W. Sweet on 3/6/2016) (spo) Modified on 3/10/2016 (spo). (Entered: 03/09/2016) |
| 03/09/2016 | 49 | REPLY to Response to Motion re: 38 MOTION for Protective Order . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/09/2016) |
| 03/10/2016 | 50 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 37 Memorandum & Opinion. (Attachments: # 1 Internet Citation, # 2 Internet Citation) (vf) (Entered: 03/10/2016) |
| 03/14/2016 | 51 | ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO BRING PERSONAL ELECTRONIC DEVICES AND GENERAL PURPOSE COMPUTING DEVICES INTO THE COURTHOUSE FOR JANUARY 14, 2016 HEARING granting 27 Motion for Leave to Bring Personal Electronic Devices. It is ORDERED AND ADJUDGED that the motion is hereby GRANTED. Plaintiffs counsel Sigrid S. Mccawley shall be permitted, to bring and to use Personal Electronic Device(s) and/or the General Purpose Computing Device (s) (collectively, "Devices") listed below into the Courthouse for use in this action. Attorney: Sigrid McCawley. Device(s): Personal Electronic Device; and General Purpose Computing Device. (Signed by Judge Robert W. Sweet on 1/13/2016) Copies Sent By Chambers. (spo) Modified on 3/14/2016 (spo). (Entered: 03/14/2016) |
| 03/14/2016 | 52 | MOTION for Jeffrey S. Pagliuca to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12065065. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ghislaine Maxwell. (Attachments: # 1 Proposed Order, # 2 Certificate of Good Standing)(Pagliuca, Jeffrey) (Entered: 03/14/2016) |
| 03/14/2016 | | |

| | | |
|---|---|---|
| | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 52 MOTION for Jeffrey S. Pagliuca to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12065065. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu) (Entered: 03/14/2016)** |
| 03/14/2016 | 53 | REPLY to Response to Motion re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/14/2016 | 54 | ANSWER to 1 Complaint with JURY DEMAND. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/14/2016) |
| 03/14/2016 | 55 | DECLARATION of Sigrid McCawley in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1 Part 1, # 2 Exhibit Exhibit 1 Part 2, # 3 Exhibit Exhibit 2 Part 1, # 4 Exhibit Exhibit 2 Part 2, # 5 Exhibit Exhibit 3 Part 1, # 6 Exhibit Exhibit 3 Part 2, # 7 Exhibit Exhibit 3 Part 3, # 8 Exhibit Exhibit 3 Part 4, # 9 Exhibit Exhibit 4, # 10 Exhibit Exhibit 5, # 11 Exhibit Exhibit 6, # 12 Exhibit Exhibit 7 Part 1, # 13 Exhibit Exhibit 7 Part 2, # 14 Exhibit Exhibit 7 Part 3, # 15 Exhibit Exhibit 8, # 16 Exhibit Exhibit 9, # 17 Exhibit Exhibit 10, # 18 Exhibit Exhibit 11 Part 1, # 19 Exhibit Exhibit 11 Part 2, # 20 Exhibit Exhibit 12, # 21 Exhibit Exhibit 13 Part 1, # 22 Exhibit Exhibit 13 Part 2, # 23 Exhibit Exhibit 13 Part 3) (McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/14/2016 | 56 | REPLY to Response to Motion re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/14/2016 | 57 | DECLARATION of Sigrid McCawley in Support re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/15/2016 | 58 | *FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -* NOTICE of Motion for Leave to Serve Rolling Production and Privilege Log. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 3/17/2016 (ldi). (Entered: 03/15/2016) |
| 03/15/2016 | 59 | *FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -* MOTION for Leave to Serve Rolling Production and Privilege Log re: 58 Notice (Other) *And Incorporated Memorandum of Law*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) Modified on 3/17/2016 (ldi). (Entered: 03/15/2016) |
| 03/16/2016 | 60 | ORDER FOR ADMISSION PRO HAC VICE granting 52 Motion for Jeffrey S. Pagliuca to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 3/15/2016) (rjm) (Entered: 03/16/2016) |
| | | |

| 03/16/2016 | 61 | ORDER: Plaintiff's motions for leave to serve rolling production and privilege log, filed March 16, 2016, shall be heard at noon on March 17, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Motion Hearing set for 3/17/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 3/16/2016) (cf) (Entered: 03/16/2016) |
|---|---|---|
| 03/17/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE-FILE Document 58 Notice (Other). Use the event type Miscellaneous Relief found under the event list Motions. (ldi) (Entered: 03/17/2016) |
| 03/17/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE-FILE Document 59 MOTION for Leave to Serve Rolling Production and Privilege Log re: 58 Notice (Other) *And Incorporated Memorandum of Law*. Use the event type Memorandum of Law in Support of Motion found under the event list Replies, Opposition and Supporting Documents. (ldi) (Entered: 03/17/2016) |
| 03/17/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/17/2016 re: 58 Notice (Other) filed by Virginia L. Giuffre. Motion Pending. (Court Reporter Vincent Bologna) (Chan, Tsz) (Entered: 03/21/2016) |
| 03/18/2016 | 62 | PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Robert W. Sweet on 3/17/2016) (mro) (Entered: 03/18/2016) |
| 03/22/2016 | 63 | MOTION for Protective Order *Regarding Deposition of Defendant*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/22/2016) |
| 03/22/2016 | 64 | MOTION to Compel *Plaintiff to Disclose Pursuant to Fed. R. Civ. P. Rule 26*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/22/2016) |
| 03/22/2016 | 65 | DECLARATION of Laura A. Menninger in Support re: 63 MOTION for Protective Order *Regarding Deposition of Defendant*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 03/22/2016) |
| 03/23/2016 | 66 | TRANSCRIPT of Proceedings re: MOTION held on 3/17/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Vincent Bologna, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/18/2016. Redacted Transcript Deadline set for 4/28/2016. Release of Transcript Restriction set for 6/24/2016.(McGuirk, Kelly) (Entered: 03/23/2016) |
| 03/23/2016 | 67 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a MOTION proceeding held on 3/17/16 has been |

| | | |
|---|---|---|
| | | filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/23/2016) |
| 03/23/2016 | 68 | RESPONSE in Opposition to Motion re: 64 MOTION to Compel *Plaintiff to Disclose Pursuant to Fed. R. Civ. P. Rule 26.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/23/2016 | 69 | DECLARATION of Sigrid S. McCawley in Opposition re: 64 MOTION to Compel *Plaintiff to Disclose Pursuant to Fed. R. Civ. P. Rule 26.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/23/2016 | 70 | RESPONSE in Opposition to Motion re: 63 MOTION for Protective Order *Regarding Deposition of Defendant* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/23/2016 | 71 | DECLARATION of Sigrid S. McCawley in Opposition re: 63 MOTION for Protective Order *Regarding Deposition of Defendant*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6)(McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/24/2016 | 72 | MOTION for Meredith L. Schultz to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12103899. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order Proposed Order)(Schultz, Meredith) (Entered: 03/24/2016) |
| 03/24/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 72 MOTION for Meredith L. Schultz to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12103899. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 03/24/2016) |
| 03/24/2016 | | Minute Entry The motion to compel on March 24, 2016 is agreed upon by counsel and the Court that it will be heard telephonically in Chambers at 4:00 p.m. (Chan, Tsz) (Entered: 03/24/2016) |
| 03/24/2016 | 73 | ORDER: Plaintiff's motion to compel Defendant to produce documents subject to improper objections, docket no. 35, is resolved as set forth in the official transcript of proceedings held March 17, 2016, docket no. 66. With respect to Plaintiff's motion to compel Defendant to produce documents subject to improper objections, docket no. 33, the parties are directed to submit further briefing as set forth in the transcript. Defendant's motion for a protective order, docket no. 63, and motion to compel, docket no. 64, shall be heard at noon on Thursday, March 24, 2016 as stipulated, in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 3/24/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge |

| | | Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 3/23/2016) (spo) (Entered: 03/24/2016) |
|---|---|---|
| 03/28/2016 | 74 | ORDER FOR ADMISSION PRO HAC VICE granting 72 Motion for Meredith L. Schultz to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 3/24/2016) (spo) (Entered: 03/28/2016) |
| 03/31/2016 | 75 | MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/31/2016) |
| 03/31/2016 | 76 | DECLARATION of Laura A. Menninger in Support re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 03/31/2016) |
| 03/31/2016 | 77 | NOTICE of Submission of Declaration in Support of Defendant's In Camera Submission in Opposition to Plaintiff's Motion to Compel the Production of Documents Subject to Improper Claim of Privilege. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/31/2016) |
| 04/04/2016 | 78 | RESPONSE in Opposition to Motion re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/04/2016) |
| 04/04/2016 | 79 | DECLARATION of Sigrid S. McCawley in Opposition re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6)(McCawley, Sigrid) (Entered: 04/04/2016) |
| 04/05/2016 | 80 | MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12149795. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(Cassell, Paul) (Entered: 04/05/2016) |
| 04/05/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12149795. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 04/05/2016) |
| 04/06/2016 | 81 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 4/5/2016 re: Request for temporary seal of docket no. 79. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 4/6/2016) (spo) (Entered: 04/06/2016) |
| 04/07/2016 | 82 | TRANSCRIPT of Proceedings re: Argument held on 3/24/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction |

| | | |
|---|---|---|
| | | Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016.(Grant, Patricia) (Entered: 04/07/2016) |
| 04/07/2016 | 83 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 03/24/2016 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Grant, Patricia) (Entered: 04/07/2016) |
| 04/07/2016 | 84 | ORDER: Defendant's letter objection to pro hac vice admission of Paul G. Cassell, submitted April 6, 2015, will be treated as a motion and heard at 10:00am on Wednesday April 13, 2016. Plaintiff's reply to Defendant's letter, if any, shall be submitted on or before Monday, April 11, 2016. (Motion Hearing set for 4/13/2016 at 10:00 AM before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 4/6/2016) (spo) (Entered: 04/07/2016) |
| 04/07/2016 | 85 | ORDER: Defendant' s motion to compel, filed March 31, 2016, shall be heard at noon on April 21, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Motion Hearing set for 4/21/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 4/7/2016) (cf) (Entered: 04/07/2016) |
| 04/07/2016 | 86 | MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Certificate Good Standing_Edwards, # 2 Text of Proposed Order)(Edwards, Bradley) (Entered: 04/07/2016) |
| 04/07/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 04/07/2016) |
| 04/07/2016 | 87 | MOTION for Adjournment of Hearing on April 13, 2016 . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/07/2016) |
| 04/08/2016 | 88 | RESPONSE in Opposition to Motion re: 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/08/2016) |
| 04/08/2016 | 90 | ORDER granting in part and denying in part 87 Motion for Adjournment of Conference. Defendant's motion to adjourn, filed April 7, 2016, is granted in part and denied in part. Any objection to the pro hac vice admission of Paul G. Cassell and Bradley James Edwards will be treated as motions and heard at 11:00am on Thursday April 21, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Defendant's motion to compel is similarly |

**A-17**

| | | |
|---|---|---|
| | | adjourned to 11:00am on Thursday April 21, 2016. Plaintiff's reply to Defendant's letter with respect to Mr. Cassell, if any, remains returnable on or before Monday, April 11, 2016. Defendant's objection to the admission of Mr. Edwards, if any, shall be submitted on or before April 13, 2016. Plaintiff's reply to Defendant's objection with respect to Mr. Edwards shall be submitted on or before April 19, 2016. (Signed by Judge Robert W. Sweet on 4/8/2016) (mro) (Entered: 04/11/2016) |
| 04/08/2016 | | Set/Reset Deadlines Responses due by 4/13/2016 Replies due by 4/19/2016. Motion Hearing set for 4/21/2016 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, New York, NY 10007 before Judge Robert W. Sweet. (mro) (Entered: 04/11/2016) |
| 04/10/2016 | 89 | REPLY to Response to Motion re: 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12149795. **Motion and supporting papers to be reviewed by Clerk's Office staff.**, 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 04/10/2016) |
| 04/11/2016 | 91 | MOTION for Leave to File Excess Pages *For Reply In Support Of Defendants Motion To Compel*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/11/2016) |
| 04/11/2016 | 92 | REPLY to Response to Motion re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/11/2016) |
| 04/11/2016 | 93 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE 94 Declaration)** - AFFIDAVIT of Laura A. Menninger in Support re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D) (Menninger, Laura) Modified on 4/12/2016 (db). (Entered: 04/11/2016) |
| 04/11/2016 | 94 | DECLARATION of Laura A. Menninger in Support re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D) (Menninger, Laura) (Entered: 04/11/2016) |
| 04/12/2016 | 95 | MEMO ENDORSEMENT on 91 granting Motion for Leave to File Excess Pages. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 4/12/2016) (spo) (Entered: 04/12/2016) |
| 04/13/2016 | 96 | MOTION for Clarification of Court's Order and For Forensic Examination . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) Modified on 4/21/2016 (spo). (Entered: 04/13/2016) |
| 04/13/2016 | 97 | DECLARATION of Sigrid McCawley in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(McCawley, Sigrid) (Entered: 04/13/2016) |

| | | |
|---|---|---|
| 04/15/2016 | 98 | ORDER denying in part 96 Motion for Clarification of the Court's order and Forensic examination. Plaintiff's motion for clarification of the Court's March 17, 2016 ruling is denied on the grounds that the following matters were resolved by the Court at the March 17, 2016 hearing as further set forth in this Order. Plaintiff's motion for a forensic examination shall be heard on Thursday, April 28, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Opposition, if any, shall be served on or before April 21, 2016. Plaintiff's reply, if any, shall be served on or before April 25, 2016. (Signed by Judge Robert W. Sweet on 4/15/2016) (spo) (Entered: 04/15/2016) |
| 04/15/2016 | 99 | REPLY to Response to Motion re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff. Resubmitted.* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/15/2016) |
| 04/15/2016 | 100 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 4/15/2016 re: Defendants' requesting that the Reply be placed under seal and that we substitute for public filing a Reply which omits words from page 9 about which Plaintiff complains. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 4/15/2016) (cf) (Entered: 04/15/2016) |
| 04/15/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 100 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (cf) (Entered: 04/15/2016) |
| 04/18/2016 | 101 | MOTION to Compel *Plaintiff to Disclose Alleged "On-going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/18/2016) |
| 04/19/2016 | 102 | RESPONSE in Opposition to Motion re: 101 MOTION to Compel *Plaintiff to Disclose Alleged "On-going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/19/2016) |
| 04/19/2016 | 103 | DECLARATION of Sigrid McCawley in Opposition re: 101 MOTION to Compel *Plaintiff to Disclose Alleged "On-going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 04/19/2016) |
| 04/19/2016 | 104 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** SUPPLEMENTAL MOTION *to Defendant Ghislaine Maxwell's Objection to Motions for Admission Pro Hac Vice by Paul G. Cassell, and Bradley J Edwards.* Document filed by Ghislaine Maxwell.(Menninger, Laura) Modified on 4/20/2016 (db). (Entered: 04/19/2016) |
| 04/19/2016 | 105 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** DECLARATION of Jeffrey S. Pagliuca in Support re: 104 SUPPLEMENTAL MOTION *to Defendant Ghislaine Maxwell's Objection to Motions for Admission Pro Hac Vice by Paul G. Cassell, and Bradley J Edwards..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 |

| | | |
|---|---|---|
| | | Exhibit B)(Menninger, Laura) Modified on 4/20/2016 (db). (Entered: 04/19/2016) |
| 04/19/2016 | 106 | ORDER granting in part and denying in part 35 Motion to Compel; granting in part and denying in part 63 Motion for Protective Order; denying 64 Motion to Compel. Plaintiff's motion to compel Defendant to Produce Documents Subject to Improper Objections, filed February 26, 2016, ECF No. 35, was granted in part and denied in part as set forth in open court on March 17, 2016. See ECF Nos. 66, 98. Defendant's motion for a protective order regarding deposition of Defendant, filed March 22, 2016, ECF No. 63, was granted in part and denied in part as set forth in open court on March 24, 2016. Tr. 4:7-7:16, ECF No. 82. Defendant's motion to compel Plaintiff to disclose pursuant to Federal Rule of Civil Procedure 26, filed March 22, 2016, ECF No. 64, was denied with leave granted to refile as set forth in open court on March 24, 2016. Tr. 3:19 4:6. (Signed by Judge Robert W. Sweet on 4/19/2016) (mro) (Entered: 04/20/2016) |
| 04/20/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR.** Notice to Attorney Laura A. Menninger to RE-FILE Document 105 Declaration in Support of Motion. Use the event type Declaration in Support (non-motion) found under the event list Other Answers. (db) (Entered: 04/20/2016)** |
| 04/20/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR.** Notice to Attorney Laura A. Menninger to RE-FILE Document 104 SUPPLEMENTAL MOTION *to Defendant Ghislaine Maxwell's Objection to Motions for Admission Pro Hac Vice by Paul G. Cassell, and Bradley J Edwards.*. Use the event type Response to Motion found under the event list Replies, Opposition and Supporting Documents, then link to 80 and 86 Motions. (db) (Entered: 04/20/2016)** |
| 04/20/2016 | 107 | Objection re: 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12149795. **Motion and supporting papers to be reviewed by Clerk's Office staff.,** 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/20/2016) |
| 04/20/2016 | 108 | DECLARATION of Jeffrey S. Pagliuca in Support re: 107 Objection (non-motion),,. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 04/20/2016) |
| 04/20/2016 | 109 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/20/2016) |
| 04/21/2016 | 110 | RESPONSE in Opposition to Motion re: 96 MOTION for Clarification of Court's Order and For Forensic Examination . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/21/2016) |
| 04/21/2016 | 111 | DECLARATION of Laura A. Menninger in Opposition re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 04/21/2016) |
| | | |

A-20

| | | |
|---|---|---|
| 04/21/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 4/21/2016 re: [10 MOTION to Compel Plaintiff to Disclose Alleged "On-going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings. filed by Ghislaine Maxwell, 80 MOTION for Paul G. Cassell to Appear Pro Hac Vic Filing fee $ 200.00, receipt number 0208-12149795.Motion and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice Filing fee $ 200.00, receipt number 0208-12160815. Motion and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 75 MOTION to Compel Responses to Defendant's First Set of Discovery Requests to Plaintiff filed by Ghislaine Maxwell. (Court Reporter Steven Greenblum)As set forth in open court, Defendant's motin to compel ECF No. 75 is granted in part and denied in part, the pro hace vice motions of Paul G. Cassell ECF No. 80 and Bradley James Edward ECF No. 86 are denied with leave to renew, and Defndant's motion to compel ECF No. 101 is granted in part and denied in part.(Chan, Tsz) (Entered: 04/21/2016) |
| 04/21/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Motion(s) terminated: 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice Filing fee $ 200.00, receipt number 0208-12149795 Motion and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 75 MOTION to Compel Responses to Defendant's First Set of Discovery Requests to Plaintiff filed by Ghislaine Maxwell, 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice Filing fee $ 200.00, receipt number 0208-12160815 and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 101 MOTION to Compel Plaintiff to Disclose Alleged "On-going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings filed by Ghislaine Maxwell. (Court Reporter Steven Greenblum) (Chan, Tsz) (Entered: 04/21/2016) |
| 04/21/2016 | 112 | MOTION for Paul G. Cassell to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(McCawley, Sigrid) Modified on 4/22/2016 (sdi). Modified on 4/22/2016 (bcu). (Entered: 04/21/2016) |
| 04/21/2016 | 113 | LETTER RESPONSE to Motion addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 21, 2016 re: 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/21/2016) |
| 04/21/2016 | 114 | DECLARATION of Bradley Edwards in Support re: 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.**. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 04/21/2016) |
| 04/21/2016 | 115 | MOTION for Bradley J. Edwards to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by |

| | | |
|---|---|---|
| | | Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(McCawley, Sigrid) (Entered: 04/21/2016) |
| 04/21/2016 | 116 | MEMORANDUM OF LAW in Opposition re: 112 MOTION for Paul G. Cassell to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.**, 115 MOTION for Bradley J. Edwards to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/21/2016) |
| 04/21/2016 | 117 | DECLARATION of Menninger in Opposition re: 112 MOTION for Paul G. Cassell to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.**, 115 MOTION for Bradley J. Edwards to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.**. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 04/21/2016) |
| 04/22/2016 | | >>>**NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 115 MOTION for Bradley J. Edwards to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 04/22/2016) |
| 04/22/2016 | | >>>**NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 112 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 04/22/2016) |
| 04/22/2016 | 118 | ORDER FOR ADMISSION PRO HAC VICE granting 115 Motion for Bradley J. Edwards to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 4/22/2016) (mro) (Entered: 04/22/2016) |
| 04/22/2016 | 119 | ORDER FOR ADMISSION PRO HAC VICE: The motion of Paul G. Cassell, for admission to practice Pro Hac Vice in the above captioned action is granted. (Signed by Judge Robert W. Sweet on 4/22/2016)(mro) (Entered: 04/22/2016) |
| 04/25/2016 | 120 | LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 25, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/25/2016) |
| 04/25/2016 | 121 | REPLY MEMORANDUM OF LAW in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination . *REDACTED*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/25/2016) |
| 04/25/2016 | 122 | DECLARATION of Sigrid McCawley in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit REDACTED, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED)(McCawley, Sigrid) (Entered: 04/25/2016) |
| | | |

| | | |
|---|---|---|
| 04/26/2016 | 123 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** AFFIDAVIT of Erika Perez in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 4/27/2016 (ldi). (Entered: 04/26/2016) |
| 04/27/2016 | 124 | MOTION *Unopposed for Adjournment of Hearing on Plaintiff's Motion for Forensic Examination.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/27/2016) |
| 04/27/2016 | 125 | ORDER granting 120 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 4/26/2016) (spo) (Entered: 04/27/2016) |
| 04/27/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 125 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (spo) (Entered: 04/27/2016) |
| 04/27/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE-FILE Document 123 Affidavit in Support of Motion. Use the event type Affidavit of Service Other found under the event list Service of Process. (ldi)** (Entered: 04/27/2016) |
| 04/28/2016 | 126 | AFFIDAVIT OF SERVICE of Plaintiff's Non-Redacted Reply in Support of Motion for Forensic Examination Filed Under Seal served on Laura Menninger and Jeffrey Pagliuca on April 26, 2016. Service was made by E-MAIL. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/28/2016) |
| 04/28/2016 | 127 | ORDER granting 124 Motion to adjourn conference. With respect to Defendant's motion for an adjournment of the April 28, 2016 hearing, filed April 27, 2016, Plaintiff's motion for a forensic examination is adjourned and shall instead be heard at noon on May 12, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. In the event the matter is resolved prior to the hearing, Plaintiff may accordingly withdraw her motion with leave granted to refile, and the parties are directed to jointly notify the Court by letter. This Order resolves ECF No. 124. (Signed by Judge Robert W. Sweet on 4/28/2016) (spo) (Entered: 04/28/2016) |
| 04/28/2016 | | Set/Reset Deadlines as to Motion Hearing set for 5/12/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (spo) (Entered: 04/28/2016) |
| 04/28/2016 | 128 | NOTICE of Submission of Law Enforcement Materials for In Camera Review. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/28/2016) |
| 04/29/2016 | 129 | NOTICE of Filing Under Seal Joint Proposed Redacted Order Regarding Privilege. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/29/2016) |
| 04/29/2016 | 130 | |

| | | |
|---|---|---|
| | | Objection re: 128 Notice (Other) *to Submission of Law Enforcement Materials for In Camera Review*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/29/2016) |
| 05/01/2016 | 131 | RESPONSE re: 130 Objection (non-motion) . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/01/2016) |
| 05/01/2016 | 132 | DECLARATION of Sigrid McCawley in Opposition re: 130 Objection (non-motion). Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit) (McCawley, Sigrid) (Entered: 05/01/2016) |
| 05/02/2016 | 133 | SEALED DOCUMENT placed in vault.(mps) (Entered: 05/02/2016) |
| 05/02/2016 | 134 | ORDER: With respect to Plaintiff's April 28, 2016 in camera submissions, the Plaintiff is directed to submit a log in camera on or before April 4, 2016, identifying the documents at issue, the applicable page range and category of grouped documents (that is, documents spanning more than one page in their original form), the dates of any submission, the law enforcement agency to which provided, any individuals, agencies, or organizations to whom it has been released or made available, and a statement identifying the privilege claimed and any authorities relied upon. The statement concerning privilege and authorities will be provided to the Defendant. (Signed by Judge Robert W. Sweet on 5/2/2016) (spo) (Entered: 05/02/2016) |
| 05/02/2016 | 135 | OPINION #106433 re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege, filed by Virginia L. Giuffre. For the foregoing reasons and as set forth above, Plaintiff's motion to compel is granted in part and denied in part. Defendant is directed to produce documents as set forth above on or before April 18, 2016. This matter being subject to a Protective Order dated March 17, 2016, the parties are directed to meet and confer regarding redactions to this Opinion consistent with that Order. The parties are further directed to jointly file a proposed redacted version of this Opinion or notify the Court that none are necessary within two weeks of the date of receipt of this Opinion. (As further set forth in this Order.) (Signed by Judge Robert W. Sweet on 4/15/2016) (spo) Modified on 5/4/2016 (ca). (Entered: 05/02/2016) |
| 05/03/2016 | 136 | TRANSCRIPT of Proceedings re: conference held on 4/21/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/27/2016. Redacted Transcript Deadline set for 6/6/2016. Release of Transcript Restriction set for 8/4/2016.(McGuirk, Kelly) (Entered: 05/03/2016) |
| 05/03/2016 | 137 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 4/21/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript |

| | | may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/03/2016) |
|---|---|---|
| 05/04/2016 | 138 | LETTER MOTION to Seal Document *Brief in Support of the Privilege Claimed for In Camera Submission* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 4, 2016. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/04/2016 | 139 | RESPONSE re: 134 Order,, *Redacted*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/04/2016 | 140 | DECLARATION of Sigrid McCawley re: 139 Response ., DECLARATION of Sigrid McCawley in Support. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/04/2016 | 141 | NOTICE of In Camera Submission re: 134 Order,,. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/05/2016 | 142 | LETTER MOTION to Seal Document *Plaintiff's Motion to Compel Defendant to Answer Deposition Questions* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 5, 2016. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/05/2016) |
| 05/05/2016 | 143 | MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/05/2016) |
| 05/05/2016 | 144 | DECLARATION of Sigrid McCawley in Support re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit Redacted, # 3 Exhibit, # 4 Exhibit Redacted, # 5 Exhibit Redacted, # 6 Exhibit Redacted, # 7 Exhibit Redacted)(McCawley, Sigrid) (Entered: 05/05/2016) |
| 05/06/2016 | 145 | ORDER granting 142 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/6/2016) (spo) (Entered: 05/06/2016) |
| 05/06/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 145 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (spo) (Entered: 05/06/2016) |
| 05/06/2016 | 146 | ORDER granting 138 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/6/2016) (spo) (Entered: 05/06/2016) |
| 05/06/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 146 Order on Motion to Seal Document 145 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (spo) (Entered: 05/06/2016) |
| 05/06/2016 | 147 | ORDER: Plaintiff's motion to compel, filed May 5, 2016, shall be heard at noon on Thursday May 12, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 5/12/2016 at 12:00 PM in Courtroom |

| | | |
|---|---|---|
| | | 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/6/2016) (spo) (Entered: 05/06/2016) |
| 05/09/2016 | 148 | REPLY *In Opposition to In Camera Submission*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 05/09/2016) |
| 05/10/2016 | 149 | RESPONSE to Motion re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 05/10/2016) |
| 05/10/2016 | 150 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 05/10/2016) |
| 05/11/2016 | 151 | LETTER MOTION to Seal Document *Plaintiff's Reply In Support of her Motion to Compel* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 11, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/11/2016) |
| 05/11/2016 | 152 | REPLY MEMORANDUM OF LAW in Support re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/11/2016) |
| 05/11/2016 | 153 | DECLARATION of Sigrid McCawley in Support re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1 Redacted, # 2 Exhibit Exhibit 2 Part 1, # 3 Exhibit Exhibit 2 Part 2, # 4 Exhibit Exhibit 2 Part 3, # 5 Exhibit Exhibit 3 Part 1, # 6 Exhibit Exhibit 3 Part 2, # 7 Exhibit Exhibit 4, # 8 Exhibit Exhibit 5, # 9 Exhibit Exhibit 6, # 10 Exhibit Exhibit 7)(McCawley, Sigrid) (Entered: 05/11/2016) |
| 05/12/2016 | 154 | SEALED DOCUMENT placed in vault.(rz) (Entered: 05/12/2016) |
| 05/12/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 5/12/2016 re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions filed by Virginia L. Giuffre. Decision Reserved.The proceeding was filed under seal.The transcript are seal by the Court. (Court Reporter Tom Murray) (Chan, Tsz) (Entered: 05/13/2016) |
| 05/20/2016 | 155 | MOTION to Compel *Non-Privileged Documents*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 05/20/2016) |
| 05/20/2016 | 156 | DECLARATION of Laura A. Menninger in Support re: 155 MOTION to Compel *Non-Privileged Documents.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Menninger, Laura) (Entered: 05/20/2016) |
| 05/23/2016 | 157 | ORDER: Defendant's motion to compel, filed May 20, 2016, shall be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 6/2/2016 at 12:00 PM in Courtroom 18C, 500 |

| | | Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 5/23/2016) (cf) (Entered: 05/23/2016) |
|---|---|---|
| 05/23/2016 | 158 | ENDORSED LETTER addressed to Judge Robert W. Sweet from LAura A. Menninger dated 5/20/2016 re: Request to file Confidential information Under Seal. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/23/2016) (spo) Modified on 6/13/2016 (tro). (Entered: 05/23/2016) |
| 05/25/2016 | 159 | LETTER MOTION to Seal Document *Plaintiff's Motion for Leave to Serve Three Deposition Subpoenas by Means Other than Personal Service* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 25, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/25/2016) |
| 05/25/2016 | 160 | MOTION for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service *Redacted*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/25/2016) |
| 05/25/2016 | 161 | DECLARATION of Sigrid McCawley in Support re: 160 MOTION for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1, # 2 Exhibit Exhibit 2 Redacted, # 3 Exhibit Composite Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Composite Exhibit 9) (McCawley, Sigrid) (Entered: 05/25/2016) |
| 05/25/2016 | 162 | MOTION for John Stanley Pottinger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12345610. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Appendix Certificate of Good Standing, # 2 Appendix Proposed Order)(Pottinger, John) (Entered: 05/25/2016) |
| 05/26/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 162 MOTION for John Stanley Pottinger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12345610. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi) (Entered: 05/26/2016)** |
| 05/26/2016 | 163 | ORDER granting 151 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/26/2016) (spo) (Entered: 05/26/2016) |
| 05/26/2016 | 164 | MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 05/26/2016) |
| 05/26/2016 | 165 | DECLARATION of Laura A. Menninger in Support re: 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Menninger, Laura) (Entered: 05/26/2016) |

| 05/27/2016 | 166 | ORDER: Plaintiff's motion for leave to serve, filed May 25, 2016, shall be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 6/2/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/26/2016) (spo) Modified on 6/13/2016 (tro). (Entered: 05/27/2016) |
| 05/27/2016 | 167 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 5/26/2016 re: Request to file under seal. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/27/2016) (spo) (Entered: 05/27/2016) |
| 05/27/2016 | 168 | ORDER granting 159 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/27/2016) (spo) (Entered: 05/27/2016) |
| 05/27/2016 | 169 | ORDER. Defendant's motion to compel, filed May 26, 2016, shall be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. It is so ordered. (Oral Argument set for 6/2/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/27/2016) (rjm) (Entered: 05/27/2016) |
| 05/27/2016 | 170 | ORDER FOR ADMISSION PRO HAC VICE granting 162 Motion for J. Stanley Pottinger to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 5/26/2016) (kgo) (Entered: 05/27/2016) |
| 05/27/2016 | 171 | LETTER MOTION to Seal Document *Plaintiff's Motion to Exceed Presumptive Ten Deposition Limit* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 27, 2016. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/27/2016) |
| 05/27/2016 | 172 | MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/27/2016) |
| 05/27/2016 | 173 | DECLARATION of Sigrid McCawley in Support re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5 Redacted, # 6 Exhibit Exhibit 6 Redacted, # 7 Exhibit Exhibit 7 Part 1, # 8 Exhibit Exhibit 7 Part 2, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9)(McCawley, Sigrid) (Entered: 05/27/2016) |
| 05/27/2016 | 174 | ORDER: All pending motions scheduled to be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street are advanced to 10:00 am. Motion Hearing set for 6/2/2016 at 10:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 5/27/2016) (kgo) (Entered: 05/27/2016) |
| 05/27/2016 | 175 | NOTICE of of Acceptance of Service re: 160 MOTION for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service *Redacted*.. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 05/27/2016) |

| 05/27/2016 | 176 | MOTION for Extension of Time *to Respond to 24-Page Motion on Attorney-Client Waiver Issues*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 05/27/2016) |
|---|---|---|
| 05/31/2016 | 177 | LETTER MOTION to Seal Document *Response in Opposition to Defendant's Motion to Compel Non-Privileged Documents* addressed to Judge Robert W. Sweet from Meredith Schultz dated May 31, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 05/31/2016) |
| 05/31/2016 | 178 | ORDER granting 171 Motion to Seal Document Plaintiff's Motion to Exceed Presumptive Ten Deposition Limit. So ordered. (Signed by Judge Robert W. Sweet on 5/31/2016) (kko) (Entered: 05/31/2016) |
| 05/31/2016 |  | Transmission to Sealed Records Clerk. Transmitted re: 178 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (kko) (Entered: 05/31/2016) |
| 05/31/2016 | 179 | RESPONSE in Opposition to Motion re: 155 MOTION to Compel *Non-Privileged Documents*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 05/31/2016) |
| 05/31/2016 | 180 | DECLARATION of Meredith L. Schultz in Opposition re: 155 MOTION to Compel *Non-Privileged Documents*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit Redacted, # 3 Exhibit Redacted, # 4 Exhibit, # 5 Redacted, # 6 Redacted, # 7 Exhibit)(Schultz, Meredith) (Entered: 05/31/2016) |
| 06/01/2016 | 181 | LETTER MOTION to Seal Document 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/01/16. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/01/2016 | 182 | FIRST MOTION for Leave to File Excess Pages . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/01/2016 | 183 | ORDER granting 177 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/31/2016) (cf) (Entered: 06/01/2016) |
| 06/01/2016 |  | Transmission to Sealed Records Clerk. Transmitted re: 183 Order to the Sealed Records Clerk for the sealing or unsealing of document or case. (cf) (Entered: 06/01/2016) |
| 06/01/2016 | 184 | RESPONSE in Opposition to Motion re: 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/01/2016 | 185 | DECLARATION of Sigrid S. McCawley in Opposition re: 181 LETTER MOTION to Seal Document 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/01/16.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 Sealed, # 3 Exhibit 3 Sealed, # 4 Exhibit 4, # 5 Exhibit 5, # 6 |

| | | |
|---|---|---|
| | | Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11 Sealed, # 12 Exhibit 12, # 13 Exhibit 13 Sealed, # 14 Exhibit 14 Sealed, # 15 Exhibit 15 Sealed, # 16 Exhibit 16 Sealed)(McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/02/2016 | | Minute Entry The motions on June 2, 2016 was taken on submission. (Chan, Tsz) (Entered: 06/07/2016) |
| 06/03/2016 | 186 | ORDER granting 181 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 6/3/2016) (kl) (Entered: 06/03/2016) |
| 06/03/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 186 Order on Motion to Seal Document, to the Sealed Records Clerk for the sealing or unsealing of document or case. (kl) (Entered: 06/03/2016) |
| 06/06/2016 | 187 | ORDER: Plaintiff's motion to exceed the ten deposition limit shall be returnable on submission on June 16, 2016. All papers shall be served in accordance with Local Civil Rule 6.1. (Signed by Judge Robert W. Sweet on 6/6/2016) (cf) (Entered: 06/06/2016) |
| 06/06/2016 | 188 | MEMO ENDORSEMENT granting 176 Motion for Extension of Time to respond to motion. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/31/2016) (spo) (Entered: 06/06/2016) |
| 06/06/2016 | 189 | RESPONSE in Opposition to Motion re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 190 | DECLARATION of Laura A. Menninger in Opposition re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 191 | REPLY to Response to Motion re: 155 MOTION to Compel *Non-Privileged Documents*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 192 | DECLARATION of Laura A. Menninger in Support re: 155 MOTION to Compel *Non-Privileged Documents*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit K, # 2 Exhibit L, # 3 Exhibit M)(Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 193 | REPLY to Response to Motion re: 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 194 | DECLARATION of Laura A. Menninger in Support re: 164 MOTION to Compel *all Attorney-Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit Q, # 2 Exhibit R, # 3 Exhibit S)(Menninger, Laura) (Entered: 06/06/2016) |
| 06/07/2016 | 195 | |

| | | |
|---|---|---|
| | | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/6/2016 re: Letter motion for file exhibits. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/7/2016) (spo) (Entered: 06/07/2016) |
| 06/07/2016 | 196 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/6/2016 re: Request to file exhibit S. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/7/2016) (spo) (Entered: 06/07/2016) |
| 06/07/2016 | 197 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/6/2016 re: Request to file exhibit A. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/7/2016) (spo) (Entered: 06/07/2016) |
| 06/08/2016 | 198 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/08/2016) |
| 06/10/2016 | 199 | MOTION for Extension of Time *to Complete Depositions*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/10/2016) |
| 06/10/2016 | 200 | DECLARATION of Sigrid S. McCawley in Support re: 199 MOTION for Extension of Time *to Complete Depositions*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit)(Schultz, Meredith) (Entered: 06/10/2016) |
| 06/13/2016 | 201 | MOTION to Maintain Confidentiality Designation . Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 202 | LETTER MOTION to Seal Document *re Reply* addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 203 | RESPONSE in Support of Motion re: 202 LETTER MOTION to Seal Document *re Reply* addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016., 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 204 | DECLARATION of Sigrid S. McCawley in Support re: 202 LETTER MOTION to Seal Document *re Reply* addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016., 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Sealed), # 2 Exhibit 2 (Sealed), # 3 Exhibit 3 (Sealed))(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 205 | MOTION for Protective Order *re Subpoena to Apple, Inc. Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Relevant Data*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 206 | DECLARATION of Meredith L. Schultz in Support re: 205 MOTION for Protective Order *re Subpoena to Apple, Inc. Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Relevant Data*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit)(Schultz, Meredith) (Entered: 06/13/2016) |

| 06/13/2016 | 207 | MOTION for Protective Order *re the Subpoena to Microsoft Corporation Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Related Data.* Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| --- | --- | --- |
| 06/13/2016 | 208 | DECLARATION of Meredith L Schultz in Support re: 207 MOTION for Protective Order *re the Subpoena to Microsoft Corporation Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Related Data..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit) (Schultz, Meredith) (Entered: 06/13/2016) |
| 06/14/2016 | 209 | ORDER granting 202 LETTER MOTION to Seal Document re Reply addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 6/14/2016) (rjm) (Entered: 06/14/2016) |
| 06/14/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 209 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/14/2016) |
| 06/14/2016 | 210 | ORDER. Plaintiff's motions for a protective order, to maintain the confidentiality designations, and for an extension of time shall be heard at noon on Thursday June 23, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. It is so ordered. (Oral Argument set for 6/23/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 6/14/2016) (rjm) (Entered: 06/14/2016) |
| 06/14/2016 | 211 | REPLY to Response to Motion re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted. CORRECTED.* Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/14/2016) |
| 06/14/2016 | 212 | DECLARATION of Meredith L Schultz in Support re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit SEALED, # 2 Exhibit SEALED, # 3 Exhibit SEALED)(Schultz, Meredith) (Entered: 06/14/2016) |
| 06/15/2016 | 213 | NOTICE OF APPEARANCE by Eric Joel Feder on behalf of Sharon Churcher. (Feder, Eric) (Entered: 06/15/2016) |
| 06/15/2016 | 214 | NOTICE OF APPEARANCE by Laura R. Handman on behalf of Sharon Churcher. (Handman, Laura) (Entered: 06/15/2016) |
| 06/15/2016 | 215 | MOTION to Quash subpoena of Sharon Churcher . Document filed by Sharon Churcher.(Handman, Laura) (Entered: 06/15/2016) |
| 06/15/2016 | 216 | DECLARATION of Sharon Churcher in Support re: 215 MOTION to Quash subpoena of Sharon Churcher .. Document filed by Sharon Churcher. (Attachments: # 1 Exhibit 1 to Churcher Decl., # 2 Exhibit 2 to Churcher Decl., # 3 Exhibit 3 to Churcher Decl., # 4 Exhibit 4 to Churcher Decl., # 5 Exhibit 5 to Churcher Decl., # 6 Exhibit 6 to Churcher Decl., # 7 Exhibit 7 to Churcher Decl., # 8 Exhibit 8 to Churcher Decl.)(Feder, Eric) (Entered: 06/15/2016) |
| | | |

| 06/15/2016 | 217 | DECLARATION of Laura R. Handman in Support re: 215 MOTION to Quash subpoena of Sharon Churcher .. Document filed by Sharon Churcher. (Attachments: # 1 Exhibit A to Handman Decl.)(Feder, Eric) (Entered: 06/15/2016) |
| --- | --- | --- |
| 06/15/2016 | 218 | MEMORANDUM OF LAW in Support re: 215 MOTION to Quash subpoena of Sharon Churcher . . Document filed by Sharon Churcher. (Feder, Eric) (Entered: 06/15/2016) |
| 06/16/2016 | 219 | MOTION for Gregory Lawrence Poe to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12430113. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jeffrey Epstein. (Attachments: # 1 Appendix Certificate of Good Standing, # 2 Text of Proposed Order Proposed Order)(Poe, Gregory) (Entered: 06/16/2016) |
| 06/16/2016 | 220 | NOTICE OF APPEARANCE by Rachel S Li Wai Suen on behalf of Jeffrey Epstein. (Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | 221 | MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. Document filed by Jeffrey Epstein.(Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | 222 | MEMORANDUM OF LAW in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. . Document filed by Jeffrey Epstein. (Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | 223 | DECLARATION of Gregory L. Poe in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*.. Document filed by Jeffrey Epstein. (Attachments: # 1 Exhibit 1 to Poe Decl., # 2 Exhibit 2 to Poe Decl., # 3 Exhibit 3 to Poe Decl., # 4 Exhibit 4 to Poe Decl., # 5 Exhibit 5 to Poe Decl., # 6 Exhibit 6 to Poe Decl., # 7 Exhibit 7 to Poe Decl.)(Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | | >>>**NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 219 MOTION for Gregory Lawrence Poe to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12430113. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 06/16/2016) |
| 06/17/2016 | | **\*\*\*DELETED DOCUMENT. Deleted document number 224 Reply. The document was incorrectly filed in this case. (rj)** (Entered: 06/17/2016) |
| 06/17/2016 | 224 | REPLY to Response to Motion re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted. AMENDED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/17/2016) |
| 06/20/2016 | 225 | ORDER FOR ADMISSION PRO HAC VICE: granting 219 Motion for Gregory Lawrence Poe to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 6/20/2016) (ama) (Entered: 06/20/2016) |
| 06/20/2016 | 226 | ORDER: Jeffrey Epstein's motion to quash shall be heard at noon on Thursday June 23, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. |

|  |  |  |
|---|---|---|
|  |  | IT IS SO ORDERED., Set Deadlines/Hearing as to ( Motion Hearing set for 6/23/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 6/20/2016) (ama) (Entered: 06/20/2016) |
| 06/20/2016 | 227 | ORDER: Sharon Churcher' s motion to quash shall be heard at noon on Thursday June 23, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. IT IS SO ORDERED., Set Deadlines/Hearing as to ( Motion Hearing set for 6/23/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 6/20/2016) (ama) (Entered: 06/20/2016) |
| 06/20/2016 | 228 | RESPONSE in Opposition to Motion re: 199 MOTION for Extension of Time *to Complete Depositions*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 229 | DECLARATION of Laura A. Menninger in Opposition re: 199 MOTION for Extension of Time *to Complete Depositions*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 230 | MOTION to Reopen Deposition of Plaintiff Virginia Giuffre . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 231 | MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 232 | DECLARATION of Laura A. Menninger in Support re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 233 | RESPONSE in Opposition to Motion re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 06/20/2016) |
| 06/20/2016 | 234 | DECLARATION of Sigird S. McCawley in Opposition re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5 Part 1 of 3, # 6 Exhibit Exhibit 5 Part 2 of 3, # 7 Exhibit Exhibit 5 Part 3 of 3)(McCawley, Sigrid) (Entered: 06/20/2016) |
| 06/21/2016 | 235 | DECLARATION of Laura A. Menninger in Support re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 |

| | | |
|---|---|---|
| | | Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N) (Menninger, Laura) (Entered: 06/21/2016) |
| 06/21/2016 | 236 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/20/2016 re: This is a letter motion to file under seal the following Motions, as well as Declarations and certain exhibits thereto, under seal pursuant to this Court's Protective Order (Doc. #62), the documents as further specified and listed in this letter. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/20/2016) (rjm) (Entered: 06/21/2016) |
| 06/21/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 236 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/21/2016) |
| 06/21/2016 | 237 | ORDER with respect to 230 Motion to Reopen Plaintiff's deposition; with respect to 231 Motion for Sanctions: Defendant's motion to reopen Plaintiff's deposition and motion for sanctions shall be taken on submission returnable Thursday, June 30, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Signed by Judge Robert W. Sweet on 6/21/2016) (tn) (Entered: 06/21/2016) |
| 06/21/2016 | 238 | REPLY MEMORANDUM OF LAW in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order.* . Document filed by Jeffrey Epstein. (Li Wai Suen, Rachel) (Entered: 06/21/2016) |
| 06/21/2016 | 239 | DECLARATION of Gregory L. Poe (Supplemental Declaration) in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*.. Document filed by Jeffrey Epstein. (Attachments: # 1 Exhibit 1)(Li Wai Suen, Rachel) (Entered: 06/21/2016) |
| 06/22/2016 | 240 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/22/2016) |
| 06/22/2016 | 241 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/22/2016) |
| 06/22/2016 | 242 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/22/2016) |
| 06/22/2016 | 243 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/22/2016) |
| 06/22/2016 | 244 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/22/2016) |
| 06/22/2016 | 245 | LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated June 22, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 06/22/2016) |
| 06/22/2016 | 246 | RESPONSE in Opposition to Motion re: 215 MOTION to Quash subpoena of Sharon Churcher . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/22/2016) |
| 06/22/2016 | 247 | DECLARATION of Laura A. Menninger in Opposition re: 215 MOTION to Quash subpoena of Sharon Churcher .. Document filed by Ghislaine Maxwell. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Menninger, Laura) (Entered: 06/22/2016) |
| 06/22/2016 | 248 | REPLY MEMORANDUM OF LAW in Support re: 199 MOTION for Extension of Time *to Complete Depositions. REDACTED.* Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/22/2016) |
| 06/22/2016 | 249 | DECLARATION of Sigrid McCawley in Support re: 199 MOTION for Extension of Time *to Complete Depositions.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit REDACTED, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit REDACTED, # 14 Exhibit REDACTED, # 15 Exhibit REDACTED)(Schultz, Meredith) (Entered: 06/22/2016) |
| 06/23/2016 | 251 | ORDER: The Clerk of Court is directed to place the above entitled docket under seal. (Signed by Judge Robert W. Sweet on 6/23/2016) (tro) (Entered: 06/24/2016) |
| 06/23/2016 | 254 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/22/2016 re: This is a letter motion to file under seal the Defendant's Response to Nonparty Sharon Churcher's Motion tn Quash Subpoena, as well as Declaration and certain exhibits thereto, under seal pursuant to this Court's Protective Order (Doc. #62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/23/2016) (rjm) (Entered: 06/24/2016) |
| 06/23/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 254 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/24/2016) |
| 06/23/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 6/23/2016 re: 221 MOTION to Quash Subpoena of Jeffrey Epstein or in the Alternative Modify Subpoena and for a Protective Order filed by Jeffrey Epstein, 205 MOTION for Protective Order re Subpoena to Apple, Inc. Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Relevant Data filed by Virginia L. Giuffre, 215 MOTION to Quash subpoena of Sharon Churcher filed by Sharon Churcher, 207 MOTION for Protective Order re the Subpoena to Microsoft Corporation Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Related Data filed by Virginia L. Giuffre. Motion to extend: Granted. Counsel is directed to meet and confer on a further schedule.Confidentiality designation : Motion granted, confidentiality will be maintained.Apple Subpoena: Motion to quash granted.Microsoft Subpoena: Motion to quash granted, with leave to renew.Churcher Subpoena: Decision reserved.Epstein Subpoena: Reserved on the bench (order subsequently filed denied the motion to quash). (Court Reporter Vincent Bologna) (Chan, Tsz) (Entered: 06/27/2016) |
| 06/24/2016 | 250 | ORDER, The Court directs the Clerk of Court and Records Department to unseal the docket and seal ECF No. 246. It is so ordered. (Signed by Judge Robert W. Sweet on 06/24/2016) (mps) (Entered: 06/24/2016) |
| | | |

| 06/24/2016 | 252 | MEMO ENDORSEMENT on NOTICE OF MOTION TO QUASH (OR IN THE ALTERNATIVE MODIFY) SUBPOENA AND FOR A PROTECTIVE ORDER. ENDORSEMENT: The motion to quash is denied. So ordered. Denying 221 Motion to Quash. (Signed by Judge Robert W. Sweet on 6/23/2016) (rjm) (Entered: 06/24/2016) |
| --- | --- | --- |
| 06/24/2016 | 253 | ORDER granting 245 LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated June 22, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 6/23/2016) (rjm) (Entered: 06/24/2016) |
| 06/24/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 253 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/24/2016) |
| 06/28/2016 | 255 | LETTER MOTION to Seal Document *Plaintiff's Response in Opposition to Defendant's Motion for Rule 37 Sanctions* addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 256 | LETTER MOTION to Seal Document *Plaintiff's Response in Opposition to Defendant's Motion to Reopen Plaintiff's Deposition* addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 257 | RESPONSE in Opposition to Motion re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a). REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 258 | DECLARATION of Sigrid McCawley in Opposition re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED, # 10 Errata REDACTED)(Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 259 | RESPONSE in Opposition to Motion re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre . *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 260 | DECLARATION of Sigrid McCawley in Opposition re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED) (Schultz, Meredith) (Entered: 06/28/2016) |
| 07/01/2016 | 261 | RESPONSE in Opposition to Motion re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a). REDACTED-CORRECTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 07/01/2016) |
| 07/05/2016 | 262 | |

| | | |
|---|---|---|
| | | LETTER MOTION for Leave to File *Reply Brief in Further Support of Motion to Quash* addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016., LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016. Document filed by Sharon Churcher.(Feder, Eric) (Entered: 07/05/2016) |
| 07/05/2016 | 263 | REPLY MEMORANDUM OF LAW in Support re: 215 MOTION to Quash subpoena of Sharon Churcher . . Document filed by Sharon Churcher. (Feder, Eric) (Entered: 07/05/2016) |
| 07/05/2016 | 264 | NOTICE of of FILING REDACTED OPINION. Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order Proposed Redacted Opinion)(Schultz, Meredith) (Entered: 07/05/2016) |
| 07/07/2016 | 265 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/30/2016 re: I write to request a brief 3-day extension of time to file Ms. Maxwell's Reply in Support of her Motions to Re-open Plaintiff's Deposition and for Rule 37(b) and (c) Sanctions until July 8, 2016. ENDORSEMENT: So ordered. (Replies due by 7/8/2016.) (Signed by Judge Robert W. Sweet on 7/5/2016) (rjm) (Entered: 07/07/2016) |
| 07/07/2016 | 266 | ORDER granting 255 LETTER MOTION to Seal Document Plaintiff's Response in Opposition to Defendant's Motion for Rule 37 Sanctions addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 7/5/2016) (rjm) (Entered: 07/07/2016) |
| 07/07/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 266 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/07/2016) |
| 07/08/2016 | 267 | REPLY to Response to Motion re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 07/08/2016) |
| 07/08/2016 | 268 | DECLARATION of Laura A. Menninger in Support re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit O, # 2 Exhibit P)(Menninger, Laura) (Entered: 07/08/2016) |
| 07/08/2016 | 269 | REPLY to Response to Motion re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 07/08/2016) |
| 07/08/2016 | 270 | DECLARATION of Laura A. Menninger in Support re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit O, # 2 Exhibit P, # 3 Exhibit Q, # 4 Exhibit R, # 5 Exhibit S, # 6 Exhibit T)(Menninger, Laura) (Entered: 07/08/2016) |
| 07/12/2016 | 271 | |

| | | |
|---|---|---|
| | | LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Meredith Schultz dated July 12, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/12/2016) |
| 07/12/2016 | 272 | LETTER MOTION for Leave to File Sur-Reply addressed to Judge Robert W. Sweet from Sigrid McCawley dated July 12, 2016. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED Sur-Reply, # 2 Exhibit REDACTED Declaration, # 3 Exhibit REDACTED Exhibit 1, # 4 Exhibit REDACTED Exhibit 2, # 5 Exhibit REDACTED Exhibit 3, # 6 Exhibit REDACTED Exhibit 4, # 7 Exhibit REDACTED Exhibit 5, # 8 Exhibit REDACTED Exhibit 6, # 9 Exhibit REDACTED Exhibit 7, # 10 Exhibit REDACTED Exhibit 8)(Schultz, Meredith) (Entered: 07/12/2016) |
| 07/13/2016 | 273 | ORDER granting 256 LETTER MOTION to Seal Document Plaintiff's Response in Opposition to Defendant's Motion to Reopen Plaintiff's Deposition addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 7/11/2016) (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 273 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | 274 | MEMO ENDORSEMENT on THE PARTIES' AGREED NOTICE OF FILING REDACTED OPINION. ENDORSEMENT: So ordered. re: 264 NOTICE of of FILING REDACTED OPINION. Document filed by Virginia L. Giuffre. (Signed by Judge Robert W. Sweet on 7/11/2016) (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 274 Memo Endorsement to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | 275 | ORDER granting 262 LETTER MOTION for Leave to File Reply Brief in Further Support of Motion to Quash addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016. LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016. Document filed by Sharon Churcher. So ordered. (Signed by Judge Robert W. Sweet on 7/11/2016) (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 275 Order on Motion for Leave to File Document, Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | 276 | TRANSCRIPT of Proceedings re: motion held on 6/23/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Vincent Bologna, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/8/2016. Redacted Transcript Deadline set for |

| | | |
|---|---|---|
| | | 8/18/2016. Release of Transcript Restriction set for 10/14/2016.(McGuirk, Kelly) (Entered: 07/13/2016) |
| 07/13/2016 | 277 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a MOTION proceeding held on 6/23/16 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 07/13/2016) |
| 07/13/2016 | 278 | LETTER MOTION to Seal Document *Plaintiff's Motion for an Adverse Inference Instruction* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 13, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/13/2016) |
| 07/13/2016 | 279 | MOTION for Sanctions *Motion for Adverse Inference Instruction REDACTED.* Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/13/2016) |
| 07/13/2016 | 280 | DECLARATION of Meredith Schultz in Support re: 279 MOTION for Sanctions *Motion for Adverse Inference Instruction REDACTED..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit)(Schultz, Meredith) (Entered: 07/13/2016) |
| 07/15/2016 | 281 | ORDER granting 271 Motion to Seal Document: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 282 | ORDER granting 278 Motion to Seal Document. SO ORDERED.(Signed by Judge Robert W. Sweet on 7/15/2016) (ama) (Entered: 07/15/2016) |
| 07/15/2016 | 283 | ORDER: Cassell's motion to quash shall be taken on submission returnable Thursday, August 4, 2016. All papers shall be served in accordance with Local Civil Rule 6.1. (Signed by Judge Robert W. Sweet on 7/11/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 284 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/8/2016 re: that the Court permit the filing of Ms. Maxwell's Reply In Support Of Motion for Rule 37(b) & (c) Sanctions For Failure To Comply With Court Order And Failure To Comply With Rule 26(a) in excess of the 10 pages permitted pursuant to this Court's Practice Standard 2D. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 285 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/8/2016 re: Ms. Maxwell therefore requests permission to file the Confidential information under seal. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 286 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/13/2016 re: letter motion to file Ms. Maxwell's Letter Motion requesting the Court to strike and disregard Plaintiff's Sur-Reply in Response to Defendant's Reply in Support of Motion for Sanctions. |

| | | |
|---|---|---|
| | | ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) Modified on 7/15/2016 (tn). (Entered: 07/15/2016) |
| 07/15/2016 | 287 | ORDER with respect to 279 Motion for Sanctions: Plaintiff's motion for an adverse inference instruction shall be taken in submission returnable August 11, 2016. All papers shall be served in accordance with Local Civil Rule 6.1 and pursuant to this Court's previous orders. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 288 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 2016. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Menninger, Laura) Modified on 7/22/2016 (db). (Entered: 07/15/2016) |
| 07/18/2016 | 289 | LETTER MOTION to Seal Document *Response in Opposition to Defendant's Letter Motion to Strike* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 18, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/18/2016) |
| 07/18/2016 | 290 | LETTER RESPONSE in Opposition to Motion addressed to Judge Robert W. Sweet from Meredith Schultz dated July 18, 2016 re: 288 LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 201 *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 07/18/2016) |
| 07/18/2016 | 291 | DECLARATION of Meredith Schultz in Opposition re: 288 LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 201. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED)(Schultz, Meredith) (Entered: 07/18/2016) |
| 07/19/2016 | 292 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/19/2016) |
| 07/19/2016 | 293 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/19/2016) |
| 07/19/2016 | 294 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/19/2016) |
| 07/19/2016 | 295 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/19/2016) |
| 07/19/2016 | 296 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/13/2016 re: Defendant Maxwell requests the Court strike and disregard Plaintiff's Sur-Reply in Response to Defendant's Reply in Support of Motion for Sanctions, or in the alternative, permit Ms. Maxwell to file a Sur Sur-Reply responding to both the matters raised therein and new documents disclosed contemporaneously with the Sur-Reply. |

| | | |
|---|---|---|
| | | ENDORSEMENT: Sur sur reply permitted. So ordered. (Signed by Judge Robert W. Sweet on 7/18/2016) (kko) (Entered: 07/19/2016) |
| 07/20/2016 | 297 | ORDER granting 289 Motion to Seal Document: So ordered. (Signed by Judge Robert W. Sweet on 7/19/2016) (tn) (Entered: 07/20/2016) |
| 07/20/2016 | 298 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/20/2016) |
| 07/21/2016 | 299 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/21/2016) |
| 07/22/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Laura A. Menninger to RE-FILE Document 288 LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 201. Use the event type Letter found under the event list Other Documents. (db) (Entered: 07/22/2016) |
| 07/22/2016 | 300 | LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated July 15, 2016 re: Motion to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Menninger, Laura) (Entered: 07/22/2016) |
| 07/22/2016 | 301 | ORDER: Defendant's motion to strike Plaintiff's motion for an Adverse Inference Instruction, ECF No. 288 is denied. The parties are directed to submit proposed search terms and any briefs in support for court determination within ten days of the date of filing of this order. The briefing schedule and submission date for Plaintiff's motion for an Adverse Inference Instruction, ECF No. 279, set forth in the Court's July 15, 2016 Order, ECF No. 287, is adjourned. A briefing schedule and submission date will be set after search terms are determined. (Signed by Judge Robert W. Sweet on 7/20/2016) (cf) (Entered: 07/22/2016) |
| 07/25/2016 | 302 | JOINT MOTION Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order re: 13 Scheduling Order, . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 07/25/2016) |
| 07/25/2016 | 303 | REPLY to Response to Motion re: 272 LETTER MOTION for Leave to File Sur-Reply addressed to Judge Robert W. Sweet from Sigrid McCawley dated July 12, 2016. *Defendant's Sur Sur-Reply In Support of Motion for Rule 37(b) & (c) Sanctions.* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 07/25/2016) |
| 07/25/2016 | 304 | DECLARATION of Laura A. Menninger in Support re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit U, # 2 Exhibit V, # 3 Exhibit W, # 4 Exhibit X)(Menninger, Laura) (Entered: 07/25/2016) |
| 07/25/2016 | 305 | LETTER MOTION to Seal Document *Plaintiff's Motion for an Extension of Time to Serve Process Upon and Depose Ross Gow* addressed to Judge Robert |

| | | |
|---|---|---|
| | | W. Sweet from Meredith Schultz dated July 25, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 306 | MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 307 | DECLARATION of Meredith Schultz in Support re: 306 MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit)(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 308 | MOTION for Sanctions *and finding Civil Contempt against Sarah Kellen for Ignoring Subpoena*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 309 | DECLARATION of Meredith Schultz in Support re: 308 MOTION for Sanctions *and finding Civil Contempt against Sarah Kellen for Ignoring Subpoena*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 310 | MOTION for Sanctions *and for Finding of Civil Contempt Against Nadia Marcinkova for Ignoring Subpoena*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 311 | DECLARATION of Meredith Schultz in Support re: 310 MOTION for Sanctions *and for Finding of Civil Contempt Against Nadia Marcinkova for Ignoring Subpoena*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/29/2016 | 312 | LETTER MOTION to Seal Document *Notice of Supplemental Authority* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 29, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/29/2016) |
| 07/29/2016 | 313 | NOTICE of Supplemental Authority re: 257 Response in Opposition to Motion. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED)(Schultz, Meredith) (Entered: 07/29/2016) |
| 07/29/2016 | 314 | LETTER MOTION to Seal Document *Motion to Enforce the Court's Order* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 29, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/29/2016) |
| 07/29/2016 | 315 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) Modified on 8/10/2016 (db). (Entered: 07/29/2016) |
| 07/29/2016 | 316 | **FILING ERROR - DEFICIENT DOCKET ENTRY - DECLARATION of** Meredith Schultz in Support re: 315 MOTION to Compel *and Motion to* |

| | | |
|---|---|---|
| | | *Enforce the Court's Order and Direct Defendant to Answer Deposition Questions..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED)(Schultz, Meredith) Modified on 8/10/2016 (db). (Entered: 07/29/2016) |
| 08/01/2016 | 317 | MEMO ENDORSEMENT on PROPOSED DISCOVERY AND CASE MANAGEMENT DEADLINES AND REQUEST TO MODIFY PRETRIAL SCHEDULING DEADLINES. ENDORSEMENT: So ordered. Granting 302 JOINT MOTION Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order re: 13 Scheduling Order. Document filed by Ghislaine Maxwell. (Signed by Judge Robert W. Sweet on 7/30/2016) (rjm). (Entered: 08/01/2016) |
| 08/01/2016 | | Set/Reset Deadlines: Deposition due by 10/14/2016. Motions in Limine due by 11/21/2016. Pretrial Order due by 11/21/2016. (rjm) (Entered: 08/01/2016) |
| 08/01/2016 | 318 | ORDER: Plaintiff's motions for a finding of civil contempt against Sarah Kellen and Nadia Marcinkova shall be taken on submission returnable August 25, 2016. All papers shall be served in accordance with Local Civil Rule 6.1 and pursuant to this Court's previous orders. (Signed by Judge Robert W. Sweet on 7/30/2016) (cf) (Entered: 08/01/2016) |
| 08/01/2016 | 319 | ORDER granting 305 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 7/30/2016) (cf) (Entered: 08/01/2016) |
| 08/01/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 319 Order to the Sealed Records Clerk for the sealing or unsealing of document or case. (cf) (Entered: 08/01/2016) |
| 08/01/2016 | 320 | MOTION *Defendant's Submission Regarding "Search Terms" And Notice Of Compliance With Court Order Concerning Forensic Examination Of Devices.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 08/01/2016) |
| 08/01/2016 | 321 | DECLARATION of Laura A. Menninger in Support re: 320 MOTION *Defendant's Submission Regarding "Search Terms" And Notice Of Compliance With Court Order Concerning Forensic Examination Of Devices..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 08/01/2016) |
| 08/01/2016 | 322 | LETTER MOTION to Seal Document *Plaintiff's Proposed Search Terms* addressed to Judge Robert W. Sweet from Meredith Schutlz dated August 1, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/01/2016) |
| 08/01/2016 | 323 | NOTICE of of Sumbission of Proposed Search Terms re: 301 Order,,. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/01/2016) |
| 08/02/2016 | 324 | SEALED DOCUMENT placed in vault.(rz) (Entered: 08/02/2016) |

**A-44**

| | | |
|---|---|---|
| 08/02/2016 | 325 | ORDER granting 314 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 325 Order on Motion to Seal Document, to the Sealed Records Clerk for the sealing or unsealing of document or case. (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 326 | ORDER: Plaintiff's second motion to compel defendant to answer deposition questions shall be taken on submission returnable August 18, 2016. All papers shall be served in accordance with Local Civil Rule 6.1 and pursuant to this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 327 | ORDER: Plaintiff's motion for an extension of time to serve process upon and depose Ross Gow shall be taken on submission returnable August 11, 2016. All papers shall be served pursuant to this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 328 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/25/2016 re: This is a letter motion to file Ms. Maxwell's Sur Sur-Reply In Support of Motion for Rule 37(b) & (c) Sanctions exhibits under seal pursuant to this Court's Protective Order (Doc. # 62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 329 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/1/2016 re: This is a letter motion to file Ms. Maxwell's Submission Regarding "Search Terms" and Notice of Compliance with Court Order Concerning Forensic Examination of Computer Device and supporting exhibits under seal pursuant to this Court's Protective Order (Doc. # 62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/03/2016 | 330 | APPLICATION FOR LETTERS ROGATORY by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/03/2016) |
| 08/03/2016 | 331 | APPLICATION FOR LETTERS ROGATORY by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Composite), # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Schultz, Meredith) (Entered: 08/03/2016) |
| 08/04/2016 | 332 | ORDER granting 312 LETTER MOTION to Seal Document Notice of Supplemental Authority addressed to Judge Robert W. Sweet from Meredith Schultz dated July 29, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 8/3/2016) (rjm) (Entered: 08/04/2016) |
| 08/04/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 332 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/04/2016) |
| 08/04/2016 | 333 | |

| | | |
|---|---|---|
| | | RESPONSE in Opposition to Motion re: 306 MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/04/2016) |
| 08/08/2016 | 334 | LETTER MOTION to Seal Document *Motion for Protective Order* addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 8, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 335 | MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 336 | DECLARATION of Sigrid McCawley in Support re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 337 | LETTER MOTION to Seal Document *Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information* addressed to Judge Robert W. Sweet from Meredith Schultz dated August 8, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 338 | MEMORANDUM OF LAW in Support re: 279 MOTION for Sanctions *Motion for Adverse Inference Instruction REDACTED. Supplement Based on New Information*. Document filed by Virginia L. Giuffre. (Attachments: # 1 REDACTED DECLARATION, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED, # 10 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 339 | RESPONSE in Opposition to Motion re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/08/2016) |
| 08/08/2016 | 340 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I) (Menninger, Laura) (Entered: 08/08/2016) |
| 08/09/2016 | 341 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/09/2016) |
| 08/09/2016 | 342 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/09/2016) |
| 08/09/2016 | 343 | REPLY MEMORANDUM OF LAW in Support re: 306 MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow*. . |

| | | |
|---|---|---|
| | | Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/09/2016) |
| 08/09/2016 | 344 | LETTER MOTION to Seal Document *Plaintiff's Motion to Compel* addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 9, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/09/2016) |
| 08/09/2016 | 345 | MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/09/2016) |
| 08/09/2016 | 346 | DECLARATION of Meredith Schultz in Support re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/09/2016) |
| 08/09/2016 | 347 | ORDER. Plaintiff's motion for a protective order shall be taken on submission returnable Thursday, September 1, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 348 | STANDING ORDER. To reduce unnecessary filings and delay, it is hereby ordered that letter motions to file submissions under seal pursuant to the Court's Protective Order, ECF No. 62, are granted. The Protective Order is amended accordingly such that filing a letter motion seeking sealing for each submission is no longer necessary. A party wishing to challenge the sealing of any particular submission may do so by motion. It is so ordered. Granting 322 LETTER MOTION to Seal Document Plaintiff's Proposed Search Terms addressed to Judge Robert W. Sweet from Meredith Schutlz dated August 1, 2016. Document filed by Virginia L. Giuffre; Granting 334 LETTER MOTION to Seal Document Motion for Protective Order addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 8, 2016. Document filed by Virginia L. Giuffre; Granting 337 LETTER MOTION to Seal Document Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information addressed to Judge Robert W. Sweet from Meredith Schultz dated August 8, 2016. Document filed by Virginia L. Giuffre; Granting 344 LETTER MOTION to Seal Document Plaintiff's Motion to Compel addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 9, 2016. Document filed by Virginia L. Giuffre. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 348 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 349 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 8/8/2016 re: This is a letter motion to file Ms. Maxwell's Response in Opposition to Plaintiff's Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions Filed Under Seal and |

| | | |
|---|---|---|
| | | Supporting exhibits under seal pursuant to this Court's Protective Order (Doc. #62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 349 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 350 | MEMO ENDORSEMENT on re: 337 LETTER MOTION to Seal Document Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information addressed to Judge Robert W. Sweet from Meredith Schultz dated August 8, 2016. Document filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 350 Memo Endorsement to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 351 | MEMO ENDORSEMENT on re: 334 LETTER MOTION to Seal Document Motion for Protective Order addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 8, 2016. Document filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 351 Memo Endorsement to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 352 | ORDER. Defendant will run Plaintiff's Proposed Search Terms as set forth in Plaintiff's August 1, 2016 submission. Defendant will search all text and associated metadata set forth below, and as further specified and set forth in this Order. Terminating 320 MOTION Defendant's Submission Regarding "Search Terms" And Notice Of Compliance With Court Order Concerning Forensic Examination Of Devices. Document filed by Ghislaine Maxwell. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/10/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Meredith L Schultz to RE-FILE Document 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*. Use the event type Direct found under the event list Motions. (db) (Entered: 08/10/2016) |
| 08/10/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Meredith L Schultz to RE-FILE Document 316 Declaration in Support of Motion. ERROR(S): Document(s) linked to filing error(s). (db) (Entered: 08/10/2016) |
| 08/10/2016 | 353 | MOTION to Strike Document No. [338, and all supporting documents] *to Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 08/10/2016) |
| | | |

| 08/10/2016 | 354 | MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions.* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/10/2016) |
|---|---|---|
| 08/10/2016 | 355 | DECLARATION of Laura A. Menninger in Support re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 08/10/2016) |
| 08/11/2016 | 356 | MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS FILED UNDER SEAL.* Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/11/2016) |
| 08/11/2016 | 357 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356 MOTION].* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 (Sealed), # 3 Exhibit 3 (Sealed), # 4 Exhibit 4 (Sealed), # 5 Exhibit 5 (Sealed), # 6 Exhibit 6 (Sealed), # 7 Exhibit 7 (Sealed), # 8 Exhibit 8 (Sealed))(Schultz, Meredith) Modified on 8/12/2016 (db). (Entered: 08/11/2016) |
| 08/11/2016 | 358 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY). THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, presents its compliments to the Foreign and Commonwealth Office, London SW1A 2AL, United Kingdom or other appropriate judicial authority and, pursuant to the Evidence (Proceedings in other Jurisdictions) Act 1975 and Part 34 of the English Civil Procedure Rules, requests international judicial assistance to issue orders of subpoena duces tecum to require a witness to appear for questioning and to produce documents so that evidence may be obtained for a civil proceeding in the above-captioned action which is pending before this Court, and as further specified and set forth in this Request for International Judicial Assistance (Letter Rogatory). (Signed by Judge Robert W. Sweet on 8/11/2016) (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | | Transmission to Judgments and Orders Clerk. Transmitted re: 358 Order to the Judgments and Orders Clerk. (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | 359 | ORDER. Defendant's motion to strike, motion to compel, and motion for sanctions shall be taken on submission returnable Thursday, September 8, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/11/2016) (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | 360 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/10/2016 re: This is a letter motion requesting that the Court permit the filing of Ms. Maxwell's Motion to Compel Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions in excess of the 25 pages permitted pursuant to this Court's Practice Standard 2D. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/11/2016) (rjm) (Entered: 08/11/2016) |

| | | |
|---|---|---|
| 08/11/2016 | 361 | ORDER. Plaintiff's motion to compel shall be taken on submission returnable Thursday, September 1, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/11/20916) (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | 362 | MOTION to Intervene ., MOTION to Unseal Document *or in the Alternative to Modify Protective Order.*( Return Date set for 9/8/2016 at 12:00 PM.) Document filed by Alan M. Dershowitz.(Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 363 | DECLARATION of Alan M. Dershowitz in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order.*. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 364 | MEMORANDUM OF LAW in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order.* . Document filed by Alan M. Dershowitz. (Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 365 | NOTICE OF APPEARANCE by Andrew G. Celli on behalf of Alan M. Dershowitz. (Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 366 | NOTICE OF APPEARANCE by David A Lebowitz on behalf of Alan M. Dershowitz. (Lebowitz, David) (Entered: 08/11/2016) |
| 08/12/2016 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Meredith L Schultz to RE-FILE Document 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION].* Use the event type Declaration in Support of Motion found under the event list Replies, Opposition and Supporting Documents. (db) (Entered: 08/12/2016) |
| 08/12/2016 | 367 | DECLARATION of Meredith Schultz in Support re: 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION].,* 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions.,* 356 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS FILED UNDER SEAL..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Sealed), # 2 Exhibit 2 (Sealed), # 3 Exhibit 3 (Sealed), # 4 Exhibit 4 (Sealed), # 5 Exhibit 5 (Sealed), # 6 Exhibit 6 (Sealed), # 7 Exhibit 7 (Sealed), # 8 Exhibit 8 (Sealed))(Schultz, Meredith) (Entered: 08/12/2016) |
| 08/12/2016 | 368 | REPLY MEMORANDUM OF LAW in Support re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions.,* 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION].,* 356 MOTION to Direct *DEFENDANT TO ANSWER* |

| | | |
|---|---|---|
| | | *DEPOSITION QUESTIONS FILED UNDER SEAL.* . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/12/2016) |
| 08/12/2016 | 369 | DECLARATION of Sigrid McCawley in Support re: 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356 MOTION].*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED, # 10 Exhibit REDACTED, # 11 Exhibit REDACTED, # 12 Exhibit REDACTED, # 13 Exhibit REDACTED, # 14 Exhibit REDACTED, # 15 Exhibit REDACTED, # 16 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/12/2016) |
| 08/12/2016 | 370 | MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information.* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/12/2016) |
| 08/12/2016 | 371 | DECLARATION of Laura A. Menninger in Support re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/12/2016) |
| 08/15/2016 | 372 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/15/2016) |
| 08/15/2016 | 373 | ORDER: Defendant's motion for a protective order shall be taken on submission returnable Thursday, September 8, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. (Signed by Judge Robert W. Sweet on 8/15/2016) (cf) (Entered: 08/15/2016) |
| 08/15/2016 | 374 | ORDER: Proposed Intervenor Alan Dershowitz's motion for permissive intervention and unsealing shall be taken on submission returnable Thursday, September 8, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. (Signed by Judge Robert W. Sweet on 8/15/2016) (cf) (Entered: 08/15/2016) |
| 08/17/2016 | 375 | RESPONSE in Opposition to Motion re: 353 MOTION to Strike Document No. [338, and all supporting documents] *to Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/17/2016 | 376 | NOTICE OF WITHDRAWAL AND SUBSTITUTION OF COUNSEL FOR NON-PARTY JEFFREY EPSTEIN: Undersigned counsel and non-party Jeffrey Epstein, through counsel, respectfully submit this notice of withdrawal and substitution of counsel Upon approval of this Court, the Law Offices of Gregory L. Poe PLLC (including Gregory L. Poe and Rachel S. Li Wai Suen) shall withdraw from the representation of Mr. Epstein in connection with this action and Jack Goldberger, Atterbury, Goldberger & Weiss, P.A., 250 N. Australian Avenue #1400, West Palm Beach, Florida 33401, (561) 207-8305, shall enter an appearance on behalf of Mr. Epstein as a non-party in this action. So ordered. Attorney Jack Alan Goldberger for Jeffrey Epstein added. Attorney |

| | | |
|---|---|---|
| | | Rachel S. Li Wai Suen and Gregory L. Poe terminated. (Signed by Judge Robert W. Sweet on 8/17/2016) (rjm) (Entered: 08/17/2016) |
| 08/17/2016 | 377 | MOTION for Leave to File Excess Pages *for Plaintiff's Response In Opposition to Defendant's Motion to Compel and for Sanctions.* Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/17/2016 | 378 | RESPONSE in Opposition to Motion re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/17/2016 | 379 | DECLARATION of Sigrid McCawley in Opposition re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit, # 3 Exhibit Redacted, # 4 Exhibit Redacted, # 5 Exhibit Redacted, # 6 Exhibit Redacted)(McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/18/2016 | 380 | RESPONSE in Opposition to Motion re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/18/2016) |
| 08/18/2016 | 381 | DECLARATION of Laura A. Menninger in Opposition re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Menninger, Laura) (Entered: 08/18/2016) |
| 08/19/2016 | 382 | DECLARATION of Alan M. Dershowitz in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order..* Document filed by Alan M. Dershowitz. (Lebowitz, David) (Entered: 08/19/2016) |
| 08/19/2016 | 383 | RESPONSE in Opposition to Motion re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 384 | DECLARATION of Laura A. Menninger in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 385 | DECLARATION of REDACTED in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege..* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 386 | |

A-52

| | | DECLARATION of REDACTED in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege.*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
|---|---|---|
| 08/19/2016 | 387 | DECLARATION of REDACTED in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege.*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/22/2016 | 388 | RESPONSE in Opposition to Motion re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information.* . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/22/2016) |
| 08/22/2016 | 389 | DECLARATION of Sigrid McCawley in Opposition re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/22/2016) |
| 08/22/2016 | 390 | MOTION to Compel Defendant to Produce Financial Information to Plaintiff . Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/22/2016) |
| 08/23/2016 | 391 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/23/2016) |
| 08/23/2016 | 392 | REPLY MEMORANDUM OF LAW in Support re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/23/2016) |
| 08/23/2016 | 393 | DECLARATION of Sigrid McCawley in Support re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4) (McCawley, Sigrid) (Entered: 08/23/2016) |
| 08/23/2016 | 394 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/22/2016 re: request that Ms. Maxwell be permitted to submit her reply by close of business on August 25. ENDORSEMENT: So ordered. Set Deadlines/Hearing as to 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*: Replies due by 8/25/2016. (Signed by Judge Robert W. Sweet on 8/23/2016) (tn) (Entered: 08/23/2016) |
| 08/23/2016 | 395 | MEMO ENDORSEMENT granting 377 Letter Motion for Leave to File Excess Pages. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/23/2016) (tn) (Entered: 08/23/2016) |
| | | |

| | | |
|---|---|---|
| 08/23/2016 | 396 | ORDER with respect to 390 Motion to Compel: Plaintiff's motion to compel defendant to produce financial information, seeking relief oppositional to Defendant's motion for a protective order regarding financial information, shall be taken on submission the same date returnable Thursday, September 8, 2016. (Signed by Judge Robert W. Sweet on 8/23/2016) (tn) (Entered: 08/23/2016) |
| 08/24/2016 | 397 | REPLY MEMORANDUM OF LAW in Support re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/24/2016) |
| 08/24/2016 | 398 | DECLARATION of Sigrid McCawley in Support re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Exhibit 1, # 2 Exhibit Sealed Exhibit 2, # 3 Exhibit Sealed Exhibit 3, # 4 Exhibit Sealed Exhibit 4, # 5 Exhibit Sealed Exhibit 5) (McCawley, Sigrid) (Entered: 08/24/2016) |
| 08/25/2016 | 399 | SEALED DOCUMENT placed in vault.(rz) (Entered: 08/25/2016) |
| 08/25/2016 | 400 | MOTION for Leave to File A Sur-Reply or, Alternatively, to Strike Plaintiff's Misrepresentations of Fact to the Court . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 08/25/2016) |
| 08/25/2016 | 401 | DECLARATION of Laura A. Menninger in Support re: 400 MOTION for Leave to File A Sur-Reply or, Alternatively, to Strike Plaintiff's Misrepresentations of Fact to the Court .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 08/25/2016) |
| 08/25/2016 | 402 | REPLY MEMORANDUM OF LAW in Support re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/25/2016) |
| 08/25/2016 | 403 | DECLARATION of Laura A. Menninger in Support re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/25/2016) |
| 08/26/2016 | | LETTERS ROGATORY ISSUED on August 26, 2016, and picked up by Boies, Schiller & Flexner LLP and to be served in London, Senior Courts of England and Wales Foreign Process Section. (km) (Entered: 08/26/2016) |
| 08/29/2016 | 404 | REPLY to Response to Motion re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/29/2016) |
| 08/29/2016 | 405 | DECLARATION of Laura A. Menninger in Support re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information.*. |

A-54

| | | |
|---|---|---|
| | | Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D) (Menninger, Laura) (Entered: 08/29/2016) |
| 08/29/2016 | 406 | RESPONSE in Opposition to Motion re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/29/2016) |
| 08/29/2016 | 407 | DECLARATION of Sigrid McCawley in Opposition re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit)(Schultz, Meredith) (Entered: 08/29/2016) |
| 08/29/2016 | 408 | DECLARATION of Paul Cassell in Opposition re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Schultz, Meredith) (Entered: 08/29/2016) |
| 08/30/2016 | 409 | MOTION for Jack A. Goldberger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12703881. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jeffrey Epstein. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Goldberger, Jack) (Entered: 08/30/2016) |
| 08/30/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 409 MOTION for Jack A. Goldberger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12703881. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 08/30/2016) |
| 08/30/2016 | 410 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/29/2016 re: Request that the Court permit the filing of Ms. Maxwell's Reply in Support of Motion for Protective Order Regarding Personal Financial Information in excess of the 10 pages permitted pursuant to this Court's Practice Standard 2D. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/30/2016) (kko) (Entered: 08/30/2016) |
| 08/30/2016 | 411 | ORDER granting 400 Motion for Leave to File Document. Leave granted to file a sur reply. (Signed by Judge Robert W. Sweet on 8/30/2016) (cf) (Entered: 08/30/2016) |
| 08/30/2016 | 412 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/25/2016 re: This is a letter motion concerns Ms. Maxwell's Reply In Support of her Motion to Compel Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions. We request that the defense be permitted to exceed the 10-page limit. ENDORSEMENT: So |

| | | |
|---|---|---|
| | | ordered. (Signed by Judge Robert W. Sweet on 8/30/2016) (kko) (Entered: 08/30/2016) |
| 08/31/2016 | 413 | MOTION Modify Scheduling Order re: 317 Order on Motion for Miscellaneous Relief, . Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Entered: 08/31/2016) |
| 09/01/2016 | 414 | RESPONSE to Motion re: 390 MOTION to Compel Defendant to Produce Financial Information to Plaintiff . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 09/01/2016) |
| 09/01/2016 | 415 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/01/2016) |
| 09/01/2016 | 416 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/01/2016) |
| 09/06/2016 | 417 | LETTER MOTION for Leave to File Excess Pages *(Reply Brief)* addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 09/06/16. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 09/06/2016) |
| 09/06/2016 | 418 | REPLY to Response to Motion re: 390 MOTION to Compel Defendant to Produce Financial Information to Plaintiff . . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 09/06/2016) |
| 09/06/2016 | 419 | ORDER FOR ADMISSION PRO HAC VICE granting 409 Motion for Jack A. Goldberger to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 9/1/2016) (rjm) (Entered: 09/06/2016) |
| 09/06/2016 | 420 | MEMO ENDORSEMENT granting 413 MOTION Modify Scheduling Order re: 317 Order on Motion for Miscellaneous Relief. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/6/2016) (kl) (Entered: 09/06/2016) |
| 09/06/2016 | 421 | MEMO ENDORSEMENT on re: 256 LETTER MOTION to Seal Document *Plaintiff's Response in Opposition to Defendant's Motion to Reopen Plaintiff's Deposition* addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016, filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/6/2016) (kl) (Entered: 09/06/2016) |
| 09/06/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 421 Memo Endorsement, to the Sealed Records Clerk for the sealing or unsealing of document or case. (kl) (Entered: 09/06/2016) |
| 09/06/2016 | 422 | MOTION to Compel *Settlement Agreement (Renewed)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/06/2016) |
| 09/06/2016 | 423 | DECLARATION of Laura A. Menninger in Support re: 422 MOTION to Compel *Settlement Agreement (Renewed)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 09/06/2016) |
| 09/07/2016 | 424 | ORDER. Defendant's renewed motion to compel production of the settlement agreement shall be heard at noon on Thursday, September 22, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. It is so ordered. (Oral Argument set for 9/22/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, |

| | | |
|---|---|---|
| | | New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 9/7/2016) (rjm) (Entered: 09/07/2016) |
| 09/07/2016 | 425 | ORDER granting 417 LETTER MOTION for Leave to File Excess Pages (Reply Brief) addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 09/06/16. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 9/7/2016) (rjm) (Entered: 09/07/2016) |
| 09/07/2016 | 426 | LETTER MOTION for Extension of Time to File Response/Reply as to 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. addressed to Judge Robert W. Sweet from Andrew G. Celli, Jr. and David A. Lebowitz dated September 7, 2016. Document filed by Alan M. Dershowitz.(Lebowitz, David) (Entered: 09/07/2016) |
| 09/08/2016 | 427 | MOTION for Extension of Time *to File Expert Reports (Unopposed)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/08/2016) |
| 09/09/2016 | 428 | SEALED DOCUMENT placed in vault.(rz) (Entered: 09/09/2016) |
| 09/09/2016 | 429 | ORDER granting 426 Letter Motion for Extension of Time to File Response/Reply. So ordered. Replies due by 9/15/2016. (Signed by Judge Robert W. Sweet on 9/8/2016) (kl) (Main Document 429 replaced on 9/13/2016) (kgo). (Main Document 429 replaced on 9/13/2016) (kgo). (Entered: 09/09/2016) |
| 09/12/2016 | 430 | MEMO ENDORSEMENT granting 427 Letter Motion for Extension of Time. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/12/2016) (kgo) (Main Document 430 replaced on 9/13/2016) (kgo). (Entered: 09/12/2016) |
| 09/13/2016 | 431 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/13/2016) |
| 09/13/2016 | 432 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/13/2016) |
| 09/15/2016 | 433 | **Vacated as to Nadia Marcinkova as per Judge's Order dated 3/20/2017, Doc. # 757** ENDORSED LETTER addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 9/13/2016 re: Ms. Giuffre would respectfully request that the Court Order that (1) that Nadia Marcinkova and Sarah Kellen be directed to appear for deposition (2) that Nadia Marcinkova and Sarah Kellen pay Giuffre's costs and reasonable attorney's fees associated with bringing the motion, and that (3) Nadia Marcinkova and Sarah Kellen be ordered to pay a civil penalty of $200 per day for each day after which they fail to appear at the rescheduled deposition and any other sanction the court believes is just and proper. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/15/2016) (rjm) Modified on 3/20/2017 (jwh). (Entered: 09/15/2016) |
| 09/15/2016 | 434 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Paul G. Cassell dated 9/13/2016 re: Undersigned counsel sends this letter advising that Cassell believes no redactions are required to the Court's opinion. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/15/2016) (rjm) (Entered: 09/15/2016) |
| | | |

A-57

| 09/15/2016 | 435 | DECLARATION of Alan M. Dershowitz in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit O, # 2 Exhibit P, # 3 Exhibit Q, # 4 Exhibit R, # 5 Exhibit S, # 6 Exhibit T, # 7 Exhibit U, # 8 Exhibit V, # 9 Exhibit W, # 10 Exhibit X)(Celli, Andrew) (Entered: 09/15/2016) |
|---|---|---|
| 09/15/2016 | 436 | REPLY MEMORANDUM OF LAW in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. . Document filed by Alan M. Dershowitz. (Celli, Andrew) (Entered: 09/15/2016) |
| 09/16/2016 | 437 | NOTICE of Parties' Joint Stipulation regarding Discovery Motion re: 422 MOTION to Compel *Settlement Agreement (Renewed)*.. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 09/16/2016) |
| 09/19/2016 | 438 | MEMO ENDORSEMENT on re: 437 NOTICE of Parties' Joint Stipulation regarding Discovery Motion re: 422 MOTION to Compel Settlement Agreement (Renewed). Document filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. The following hearing(s) was terminated: Oral Argument. (Signed by Judge Robert W. Sweet on 9/19/2016) (rjm) (Entered: 09/19/2016) |
| 09/20/2016 | 439 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/20/2016) |
| 09/20/2016 | 440 | NOTICE of Filing Proposed Redacted Opinion. Document filed by Sharon Churcher. (Attachments: # 1 Exhibit Proposed Redacted Opinion)(Feder, Eric) (Entered: 09/20/2016) |
| 09/21/2016 | 441 | MOTION for Discovery *for Court Approval of Plaintiff's Certification of Production*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 09/21/2016) |
| 09/21/2016 | 442 | DECLARATION of Sigrid McCawley in Support re: 441 MOTION for Discovery *for Court Approval of Plaintiff's Certification of Production*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 Sealed, # 3 Exhibit 3 Sealed, # 4 Exhibit 4 Sealed, # 5 Exhibit 5 Sealed)(McCawley, Sigrid) (Entered: 09/21/2016) |
| 09/22/2016 | 443 | NOTICE of Plaintiff Notice of Related Action in the United Kingdom to Obtain the Deposition of Defendant's Press Agent, Ross Gow. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(McCawley, Sigrid) (Entered: 09/22/2016) |
| 09/26/2016 | 444 | LETTER MOTION for Leave to File a less-redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. Document filed by Alan M. Dershowitz. (Celli, Andrew) (Entered: 09/26/2016) |
| 09/26/2016 | 445 | ORDER: Plaintiff's Motion for Court Approval of Plaintiff's Certification of Production shall be heard at noon on Thursday, October 13, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1 Motion Hearing set for 10/13/2016 at |

| | | |
|---|---|---|
| | | 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 9/23/2016) (cf) (Entered: 09/26/2016) |
| 09/27/2016 | 446 | MEMO ENDORSEMENT: on PLAINTIFF VIRGINIA GIUFFRE'S MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS UPON AND DEPOSE ROSS GOW. ENDORSEMENT: Motion granted. Time extended 60 days. So ordered. Granting 306 Motion for Extension of Time to Complete Discovery. The following deadline(s) was terminated: Deposition Deadline. (Signed by Judge Robert W. Sweet on 9/27/2016) (rjm) (Entered: 09/27/2016) |
| 09/28/2016 | 447 | LETTER RESPONSE to Motion addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated September 28, 2016 re: 444 LETTER MOTION for Leave to File a less-redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 09/28/2016) |
| 09/29/2016 | 448 | NOTICE of Plaintiff's Notice of English Court's Issuance of Order Commanding Ross Gow to Sit for Deposition. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1)(McCawley, Sigrid) (Entered: 09/29/2016) |
| 09/30/2016 | 449 | MOTION to Compel *Testimony of Jeffrey Epstein.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/30/2016) |
| 09/30/2016 | 450 | DECLARATION of Jeffrey S. Pagliuca in Support re: 449 MOTION to Compel *Testimony of Jeffrey Epstein..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 09/30/2016) |
| 09/30/2016 | 451 | JOINT MOTION re: 13 Scheduling Order, *Amended Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/30/2016) |
| 10/03/2016 | 452 | ORDER re: 444 LETTER MOTION for Leave to File a less-redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. Proposed Intervenor Alan M. Dershowitz's September 26, 2016 letter motion for leave to publicly file a less-redacted version of Dershowitz's Reply Declaration shall be heard at noon on Thursday, October 13, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 10/13/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 9/30/2016) (cf) (Entered: 10/03/2016) |
| 10/03/2016 | 453 | ORDER terminating 441 Letter Motion for Discovery. Hearing vacated as moot. So ordered. (Signed by Judge Robert W. Sweet on 10/3/2016) (cf) (Entered: 10/03/2016) |
| 10/03/2016 | 454 | NOTICE of Withdrawal of Opposition to DE 444 re: 444 LETTER MOTION for Leave to File a less-redacted version of Professor Dershowitzs Reply |

| | | |
|---|---|---|
| | | Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016., 452 Order Setting Hearing on Motion,,. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 10/03/2016) |
| 10/03/2016 | 455 | ORDER granting 451 Motion. So ordered. (Signed by Judge Robert W. Sweet on 10/3/2016) (cf) (Entered: 10/03/2016) |
| 10/03/2016 | | Set/Reset Deadlines: Deposition due by 11/30/2016. Motions due by 2/24/2017. Pretrial Order due by 2/10/2017. Responses due by 1/31/2017 Replies due by 2/10/2017. (cf) (Entered: 10/03/2016) |
| 10/03/2016 | 456 | ORDER: Defendant's motion to compel the testimony of Jeffrey Epstein shall be heard at noon on Thursday, October 20, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 10/20/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 10/3/2016) (cf) (Entered: 10/03/2016) |
| 10/06/2016 | 457 | LETTER addressed to Judge Robert W. Sweet from David A. Lebowitz dated October 6, 2016 re: Plaintiff's Proposed Order Granting Leave to File Less Redacted Declaration. Document filed by Alan M. Dershowitz.(Lebowitz, David) (Entered: 10/06/2016) |
| 10/07/2016 | 458 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/07/2016) |
| 10/11/2016 | 459 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Jack Goldberger dated October 5, 2016. Document filed by Jeffrey Epstein.(Goldberger, Jack) (Entered: 10/11/2016) |
| 10/11/2016 | 460 | JOINT LETTER MOTION to Continue addressed to Judge Robert W. Sweet from Jack Goldberger dated October 11, 2016. Document filed by Jeffrey Epstein.(Goldberger, Jack) (Entered: 10/11/2016) |
| 10/11/2016 | 461 | ORDER GRANTING DERSHOWITZ'S SEPTEMBER 26, 2016, LETTER MOTION TO PUBLICALLY FILE A LESS REDACTED VERSION OF DERSHOWITZ'S REPLY DECLARATION. Proposed Intervenor Alan M. Dershowitz's Motion to re-file Dershowitz's Reply Declaration with all references to paragraphs 20 and 21 of Mr. Cassell's declaration unredacted and not under seal is GRANTED: Proposed Intervenor Alan M. Dershowitz is directed to re-file Dershowitz' s Reply Declaration with all references to paragraphs 20 and 21 of Mr. Cassell' s declaration unredacted and not under seal. The hearing scheduled for Thursday, October 13, 2016, is hereby vacated. It is so ordered. Granting 444 LETTER MOTION for Leave to File a less-redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. Document filed by Alan M. Dershowitz. (Signed by Judge Robert W. Sweet on 10/6/2016) (rjm) (Entered: 10/11/2016) |
| 10/11/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 461 Order on Motion for Leave to File Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 10/11/2016) |
| | | |

| | | |
|---|---|---|
| 10/11/2016 | 462 | LETTER MOTION for Extension of Time to File Response/Reply as to 449 MOTION to Compel *Testimony of Jeffrey Epstein.*, 459 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Jack Goldberger dated October 5, 2016. addressed to Judge Robert W. Sweet from Sigrid McCawley dated October 11, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 10/11/2016) |
| 10/11/2016 | 463 | ORDER granting 459 Letter Motion for Extension of Time to File Response/Reply re 449 MOTION to Compel *Testimony of Jeffrey Epstein*: So ordered. Responses due by 10/17/2016. (Signed by Judge Robert W. Sweet on 10/7/2016) (tn) (Entered: 10/11/2016) |
| 10/12/2016 | 464 | ORDER: Defendant's motion to compel the testimony of Jeffrey Epstein previously scheduled for October 20 shall instead be heard at noon on Thursday, November 3, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Set Deadlines/Hearing as to 449 MOTION to Compel *Testimony of Jeffrey Epstein.* : Motion Hearing set for 11/3/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/12/2016) (cla) (Entered: 10/12/2016) |
| 10/13/2016 | 465 | ORDER granting 462 LETTER MOTION for Extension of Time to File Response/Reply as to 449 MOTION to Compel Testimony of Jeffrey Epstein., 459 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Jack Goldberger dated October 5, 2016. addressed to Judge Robert W. Sweet from Sigrid McCawley dated October 11, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 10/12/2016) (rjm) (Entered: 10/13/2016) |
| 10/14/2016 | 466 | MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents.* Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/14/2016 | 467 | DECLARATION of Sigrid McCawley in Support re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Composite, # 2 Exhibit Sealed Composite, # 3 Exhibit Sealed) (McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/14/2016 | 468 | MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction.* Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/14/2016 | 469 | DECLARATION of Sigrid McCawley in Support re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Exhibit 1, # 2 Exhibit Sealed Composite Exhibit 2, # 3 Exhibit Sealed Exhibit 3)(McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/17/2016 | 470 | |

| | | |
|---|---|---|
| | | RESPONSE to Motion re: 449 MOTION to Compel *Testimony of Jeffrey Epstein.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 10/17/2016) |
| 10/17/2016 | 471 | DECLARATION of Sigrid McCawley in Support re: 449 MOTION to Compel *Testimony of Jeffrey Epstein.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Composite)(McCawley, Sigrid) (Entered: 10/17/2016) |
| 10/17/2016 | 472 | ORDER: Plaintiff's motion to reopen Defendant's deposition and motion to compel shall be heard at noon on Thursday, November 3, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Set Deadlines/Hearing as to 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction.*, 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents.* : Motion Hearing set for 11/3/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/17/2016) (cla) (Entered: 10/17/2016) |
| 10/17/2016 | 473 | RESPONSE in Opposition to Motion re: 449 MOTION to Compel *Testimony of Jeffrey Epstein.* . Document filed by Jeffrey Epstein. (Goldberger, Jack) (Entered: 10/17/2016) |
| 10/17/2016 | 474 | DECLARATION of Jack Goldberger in Opposition re: 449 MOTION to Compel *Testimony of Jeffrey Epstein.*. Document filed by Jeffrey Epstein. (Goldberger, Jack) (Entered: 10/17/2016) |
| 10/20/2016 | 475 | MOTION for Martin G. Weinberg to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12896050. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jeffrey Epstein. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order) (Weinberg, Martin) (Entered: 10/20/2016) |
| 10/20/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 475 MOTION for Martin G. Weinberg to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12896050. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 10/20/2016) |
| 10/20/2016 | 476 | LETTER addressed to Judge Robert W. Sweet from Eric J. Feder dated 10/20/2016 re: Request to Publish Redacted Opinion (See Dkt 440). Document filed by Sharon Churcher.(Feder, Eric) (Entered: 10/20/2016) |
| 10/21/2016 | 477 | ORDER FOR ADMISSION PRO HAC VICE granting 475 Motion for Martin G. Weinberg to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 10/21/2016) (rjm) (Entered: 10/21/2016) |
| 10/24/2016 | 478 | NOTICE of Plaintiff's Notice of Nadia Marcinkova's Failure to Appear at Her Deposition. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(McCawley, Sigrid) (Entered: 10/24/2016) |
| | | |

| 10/24/2016 | 479 | RESPONSE in Opposition to Motion re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/24/2016) |
| --- | --- | --- |
| 10/24/2016 | 480 | DECLARATION of Laura A. Menninger in Opposition re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 481 | RESPONSE in Opposition to Motion re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 482 | DECLARATION of Laura A. Menninger in Opposition re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 483 | REPLY to Response to Motion re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/24/2016) |
| 10/26/2016 | 484 | ORDER. Non-party Sharon Churcher's request for issuance of the redacted version of the Court's opinion shall be treated as a motion and heard on Thursday, November 3, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. It is so ordered. (Oral Argument set for 11/3/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/25/2016) (rjm) (Entered: 10/26/2016) |
| 10/27/2016 | 485 | ORDER: Defendant's letter dated October 26, 2016 shall be designated as confidential pursuant to the Protective Order. It is so ordered. (Signed by Judge Robert W. Sweet on 10/27/2016) (kl) (Entered: 10/27/2016) |
| 10/27/2016 | 486 | ORDER: Non-party Sharon Churcher's request for issuance of the redacted version of the Court's opinion, previously scheduled to be heard on November 3, shall instead heard at noon on Thursday, November 10, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. It is so ordered. (Oral Argument set for 11/10/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/27/2016) (kl) (Entered: 10/27/2016) |
| 10/27/2016 | 487 | NOTICE OF APPEARANCE by Erica Tamar Dubno on behalf of Nadia Marcinko. (Dubno, Erica) (Entered: 10/27/2016) |
| 10/27/2016 | 488 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 10/26/2016 re: writing to request the Court continue the hearing currently scheduled on November 3, 2016 to November 10, 2016 because |

| | | counsel for Ms. Maxwell are unavailable on November 3, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 10/27/2016) (kl) (Entered: 10/27/2016) |
|---|---|---|
| 10/28/2016 | 489 | SEALED DOCUMENT placed in vault.(rz) (Entered: 10/28/2016) |
| 10/28/2016 | 490 | REPLY to Response to Motion re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction. REDACTED.* Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 10/28/2016) |
| 10/28/2016 | 491 | DECLARATION of Meredith Schultz in Support re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED)(Schultz, Meredith) (Entered: 10/28/2016) |
| 10/28/2016 | 492 | REPLY to Response to Motion re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents. REDACTED.* Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 10/28/2016) |
| 10/28/2016 | 493 | DECLARATION of Meredith Schultz in Support re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED)(Schultz, Meredith) (Entered: 10/28/2016) |
| 10/31/2016 | 494 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/31/2016) |
| 10/31/2016 | 495 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 10/28/2016 re: I am writing to request the Court continue the deadline to submit one of the defense rebuttal expert opinions by one business day from October 28, 2016 to October 31, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 10/31/2016) (rjm) (Entered: 10/31/2016) |
| 11/03/2016 | 496 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/03/2016) |
| 11/07/2016 | 497 | ORDER: The portions of the November 2, 2016 Opinion pertaining to ECF No. 354 were issued in error and are hereby withdrawn. It is so ordered. (Signed by Judge Robert W. Sweet on 11/7/2016) (kl) (Entered: 11/07/2016) |
| 11/10/2016 | 498 | SEALED DOCUMENT placed in vault.(rz) (Entered: 11/10/2016) |
| 11/10/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 11/10/2016 re: 451 JOINT MOTION re: 13 Scheduling Order, Amended Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order filed by Ghislaine Maxwell, 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Accountant for an Adverse Inference Instruction filed by Virginia L. Giuffre, 449 MOTION to CompelTestimony of Jeffrey Epstein. filed by Ghislaine Maxwell, 466 MOTION to Reopen Defendant's Deposition Based on Defendant's Late Production of New, Key Documents filed by Virginia L. |

| | | |
|---|---|---|
| | | Giuffre. (Court Reporter Martha Martin) Motion to compel discovery pending. (Chan, Tsz) (Entered: 11/15/2016) |
| 11/15/2016 | 499 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/15/2016) |
| 11/16/2016 | 500 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL - NOTICE OF INTERLOCUTORY APPEAL. Document filed by Alan M. Dershowitz. Filing fee $ 505.00, receipt number 0208-12994142. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Celli, Andrew) Modified on 11/17/2016 (tp). (Entered: 11/16/2016)** |
| 11/17/2016 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Celli, Andrew to RE-FILE Document No. 500 Notice of Interlocutory Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re-file the appeal using the event type Corrected Notice of Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (tp) (Entered: 11/17/2016)** |
| 11/17/2016 | 501 | ORDER: Defendant's motion for reconsideration of portions of the Court's November 2, 2016 opinion shall be heard at noon on Thursday, December 8, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. IT IS SO ORDERED., ( Oral Argument set for 12/8/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 11/17/2016) (ama) (Entered: 11/17/2016) |
| 11/21/2016 | 502 | NOTICE of Filing Under Seal Defendant's Motion for Reconsideration or Clarification of Portions of Court's November 2, 2016 Order. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 11/21/2016) |
| 11/21/2016 | 503 | [REDACTED] SEALED OPINION # 106882 re: 215 MOTION to Quash subpoena of Sharon Churcher , filed by Sharon Churcher. Upon the conclusions set forth above, the motion of Churcher is granted and the Subpoena is quashed. The parties are directed to jointly file a proposed redacted version of this Opinion consistent with the Protective Order or notify the Court that none are necessary within two weeks of the date of receipt of this Opinion. (Signed by Judge Robert W. Sweet on 9/1/16) (cla) (Entered: 11/21/2016) |
| 11/23/2016 | 504 | NOTICE OF APPEAL from 496 Sealed Order. Document filed by Alan M. Dershowitz. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (tp) (Entered: 11/23/2016) |
| 11/23/2016 | | Appeal Fee Paid electronically via Pay.gov: for 504 Notice of Appeal. Filing fee $ 505.00. Pay.gov receipt number 0208-12994142, paid on 11/16/2016. (tp) (Entered: 11/23/2016) |
| 11/23/2016 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 504 Notice of Appeal. (tp) (Entered: 11/23/2016) |
| 11/23/2016 | | |

| | | |
|---|---|---|
| | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 504 Notice of Appeal filed by Alan M. Dershowitz were transmitted to the U.S. Court of Appeals. (tp) (Entered: 11/23/2016) |
| 11/30/2016 | 505 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Meredith L. Schultz dated 11/28/2016 re: This is an agreed letter motion to extend the time to file the Plaintiff's Response in Opposition to Defendant's Motion for Reconsideration to Monday, December 5, 2016. ENDORSEMENT: So ordered. (Responses due by 12/5/2016) (Signed by Judge Robert W. Sweet on 11/29/2016) (rjm) (Entered: 11/30/2016) |
| 11/30/2016 | 506 | ORDER. Defendant's motion for reconsideration previously scheduled to be heard on December 8, 2016 shall instead be taken on submission. It is so ordered. The following hearing(s) was terminated: Oral Argument. (Signed by Judge Robert W. Sweet on 11/30/2016) (rjm) (Entered: 11/30/2016) |
| 12/05/2016 | 507 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 11/30/2016 re: We request permission to conclude the Defendant's expert depositions on Friday December 2, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 12/1/2016) (kgo) (Entered: 12/05/2016) |
| 12/08/2016 | 508 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 12/7/2016 re: agreed letter motion to extend the time to file the Defendant's Reply in Support of her Motion for Reconsideration or Clarification of Portion of Court's November 2, 2016 Order to December 14, 2016. ENDORSEMENT: So ordered. (Replies due by 12/14/2016.) (Signed by Judge Robert W. Sweet on 12/8/2016) (cf) (Entered: 12/08/2016) |
| 12/09/2016 | 509 | MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 12/09/2016) |
| 12/09/2016 | 510 | DECLARATION of Laura A. Menninger in Support re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 12/09/2016) |
| 12/13/2016 | 511 | SEALED DOCUMENT placed in vault.(mps) (Entered: 12/13/2016) |
| 12/13/2016 | 512 | ORDER: Defendant's motion for sanctions shall be heard at noon on Thursday, January 19, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1., Set Deadlines/Hearing as to 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. :( Motion Hearing set for 1/19/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 12/13/2016) (lmb) (Entered: 12/13/2016) |
| 12/16/2016 | 513 | RESPONSE in Opposition to Motion re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/16/2016) |
| | | |

| 12/16/2016 | 514 | DECLARATION of Meredith Schultz in Opposition re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed Composite 6)(McCawley, Sigrid) (Entered: 12/16/2016) |
| 12/20/2016 | 515 | REPLY to Response to Motion re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/20/2016) |
| 12/20/2016 | 516 | DECLARATION of Laura A. Menninger in Support re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G)(Menninger, Laura) (Entered: 12/20/2016) |
| 12/21/2016 | 517 | SEALED DOCUMENT placed in vault.(mps) (Entered: 12/21/2016) |
| 01/03/2017 | 518 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 12/19/2016 re: Letter Motion to file the Reply in Support of Defendant's Motion for Sanctions to and including December 20, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 12/24/2016) (cla) (Entered: 01/03/2017) |
| 01/05/2017 | 519 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 12/29/2016 re: I am writing to request the Court to extend the deposition deadline of Plaintiff's designated expert Dianne Flores from December 29, 2016 to January 5, 2017. ENDORSEMENT: So ordered. (Deposition due by 1/5/2017.) (Signed by Judge Robert W. Sweet on 1/4/2016) (rjm) (Entered: 01/05/2017) |
| 01/05/2017 | 520 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 521 | DECLARATION of Jeffrey S. Pagliuca in Support re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 522 | MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 523 | DECLARATION of Jeffrey S. Pagliuca in Support re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 524 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D.*.. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |

| | | |
|---|---|---|
| 01/05/2017 | 525 | DECLARATION of Jeffrey S. Pagliuca in Support re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D...* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 526 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 527 | DECLARATION of Jeffrey S. Pagliuca in Support re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 528 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 529 | DECLARATION of Jeffrey S. Pagliuca in Support re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G) (Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 530 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 531 | DECLARATION of Jeffrey S. Pagliuca in Support re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/06/2017 | 532 | ORDER. The motion to quash filed by Bradley J. Edwards in the Southern District of Florida under case number 16-mc-61292-JG has been transferred to this Court. Therefore, the motion, which was originally filed June 13, 2016, shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. It is so ordered. (Oral Argument set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/6/2017) (rjm) (Entered: 01/06/2017) |
| 01/06/2017 | 533 | MOTION in Limine *and Incorporated Memorandum of Law.* Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 01/06/2017) |
| 01/06/2017 | 534 | DECLARATION of Sigrid McCawley in Support re: 533 MOTION in Limine *and Incorporated Memorandum of Law..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 01/06/2017) |
| 01/06/2017 | 535 | MOTION in Limine *and Incorporated Memorandum of Law.* Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 01/06/2017) |

A-68

| | | |
|---|---|---|
| 01/06/2017 | 536 | DECLARATION of Sigrid McCawley in Support re: 535 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted 1, # 2 Exhibit Redacted 2, # 3 Exhibit Redacted 3, # 4 Exhibit Redacted 4, # 5 Exhibit Redacted 5) (McCawley, Sigrid) (Entered: 01/06/2017) |
| 01/06/2017 | 537 | NOTICE of Motion for Summary Judgment. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/06/2017) |
| 01/06/2017 | 538 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION for Summary Judgment . Document filed by Ghislaine Maxwell. (Menninger, Laura) Modified on 1/9/2017 (db). (Entered: 01/06/2017) |
| 01/06/2017 | 539 | **FILING ERROR - DEFICIENT DOCKET ENTRY - DECLARATION of** Laura A. Menninger in Support re: 538 MOTION for Summary Judgment .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G-KK, # 8 Exhibit LL, # 9 Exhibit MM)(Menninger, Laura) Modified on 1/9/2017 (db). (Entered: 01/06/2017) |
| 01/09/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Laura A. Menninger to RE-FILE Document 538 MOTION for Summary Judgment . Use the event type Memorandum in Support of Motion found under the event list Replies, Opposition and Supporting Documents. \*\*\*REMINDER\*\*\* - Refile the 537 Notice AS THE MOTION for Summary Judgment, then file and link any supporting documents. (db) (Entered: 01/09/2017)** |
| 01/09/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Laura A. Menninger to RE-FILE Document 539 Declaration in Support of Motion. ERROR(S): Document(s) linked to filing error. (db) (Entered: 01/09/2017)** |
| 01/09/2017 | 540 | MOTION for Summary Judgment . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/09/2017) |
| 01/09/2017 | 541 | MEMORANDUM OF LAW in Support re: 540 MOTION for Summary Judgment . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/09/2017) |
| 01/09/2017 | 542 | DECLARATION of Laura A. Menninger in Support re: 540 MOTION for Summary Judgment .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G-KK, # 8 Exhibit LL, # 9 Exhibit MM)(Menninger, Laura) (Entered: 01/09/2017) |
| 01/12/2017 | 543 | SEALED DOCUMENT placed in vault.(rz) (Entered: 01/12/2017) |
| 01/12/2017 | 544 | ORDER: Defendant's motion for summary judgment shall be heard at noon on Thursday, February 9, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/9/2017 at 12:00 PM in Courtroom 18C, 500 |

| | | |
|---|---|---|
| | | Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/11/2017) (cla) (Entered: 01/12/2017) |
| 01/12/2017 | 545 | ORDER: Plaintiff's motions in limine shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/11/2017) (cla) (Entered: 01/12/2017) |
| 01/13/2017 | 546 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/13/2017) |
| 01/17/2017 | 547 | NOTICE OF APPEARANCE by Alexander Seton Lorenzo on behalf of Sarah Vickers. (Lorenzo, Alexander) (Entered: 01/17/2017) |
| 01/18/2017 | 548 | ORDER: Defendant's motions in limine shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/18/2017) (cla) (Entered: 01/18/2017) |
| 01/19/2017 | 549 | NOTICE OF APPEARANCE by Jay Marshall Wolman on behalf of Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 01/19/2017) |
| 01/19/2017 | 550 | MOTION to Intervene *and Unseal*. Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 01/19/2017) |
| 01/19/2017 | 551 | MEMORANDUM OF LAW in Support re: 550 MOTION to Intervene *and Unseal.* . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 01/19/2017) |
| 01/19/2017 | 552 | DECLARATION of Michael Cernovich in Support re: 550 MOTION to Intervene *and Unseal*.. Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 01/19/2017) |
| 01/19/2017 | 553 | ORDER: The letters regarding page limits shall be treated as a motion and heard at noon on Thursday, January 26, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 1/26/2017 at 12:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 1/18/2017) (kgo) (Entered: 01/19/2017) |
| 01/19/2017 | 555 | MEMO ENDORSEMENT denying 509 Motion for Sanctions. ENDORSEMENT: Spoliation has not been established at the time of the Plaintiff's acts and the motion is denied. (Signed by Judge Robert W. Sweet on 1/19/2017) (kgo) Modified on 1/20/2017 (kgo). (Entered: 01/20/2017) |
| 01/19/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Motion Hearing held on 1/19/2017 re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence filed by Ghislaine Maxwell. (Court Reporter Jennifer Thun) (Chan, Tsz) (Entered: 01/23/2017)* |
| | | |

| 01/20/2017 | 554 | MOTION for John E. Stephenson, Jr. to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13222415. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Sarah Vickers. (Attachments: # 1 Affidavit of John E. Stephenson, Jr., # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Stephenson, John) (Entered: 01/20/2017) |
|---|---|---|
| 01/20/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 554 MOTION for John E. Stephenson, Jr. to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13222415. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (ma)** (Entered: 01/20/2017) |
| 01/20/2017 | 556 | ORDER: The arguments for the motion to quash filed by Bradley J. Edwards, Defendant's motions in limine, and Plaintiff's motions in limine, previously scheduled for February 2, and the argument for Defendant's motion for summary judgment, previously scheduled for February 9, shall instead be heard at noon on Thursday, February 16, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 2/16/2017 at 12:00 PM in Courtroom 18B, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 1/20/2017) (kgo) (Entered: 01/20/2017) |
| 01/23/2017 | 557 | ORDER FOR ADMISSION PRO HAC VICE granting 554 Motion for John E. Stephenson, Jr. to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 1/23/2017) (anc) (Entered: 01/23/2017) |
| 01/23/2017 | 558 | ORDER: The sealed letter motion submitted by Plaintiff on January 20, 2017 shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. The motion to intervene filed January 19, 2017 shall be heard at noon on Thursday, February 16, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. Motion Hearing set for 2/16/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/23/2017) (cla) (Entered: 01/23/2017) |
| 01/24/2017 | 559 | ORDER. Per the Agreed Letter Motion filed by the parties, the hearing scheduled to take place on Thursday, January 26, 2017 is hereby vacated. The Plaintiff is granted leave to file a response in opposition to the Defendant's motion for summary judgment that is the same page length as the Defendant's motion on the same. It is so ordered. (Signed by Judge Robert W. Sweet on 1/24/2017) (rjm) (Entered: 01/24/2017) |
| 01/25/2017 | 560 | NOTICE of of Withdrawal. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/25/2017) |
| 01/27/2017 | 561 | |

| | | |
|---|---|---|
| | | MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz.* Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | 562 | DECLARATION of Sigrid McCawley in Support re: 561 MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | 563 | MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case.* Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | 564 | DECLARATION of Sigrid McCawley in Support re: 563 MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | 565 | NOTICE of Filing Plaintiff's Objections to Defendant's Deposition Designations and Plaintiff's Cross Designations. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | 566 | Objection *to Plaintiff's Deposition Designations.* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/27/2017) |
| 01/27/2017 | 567 | MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/27/2017) |
| 01/27/2017 | 568 | DECLARATION of Laura A. Menninger in Support re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Menninger, Laura) (Entered: 01/27/2017) |
| 01/30/2017 | 569 | RESPONSE in Opposition to Motion re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman. .* Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 570 | DECLARATION of Sigrid McCawley in Opposition re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 571 | ORDER: Plaintiff's and Defendant's motions in limine filed January 27, 2017, and all issues related to deposition designations, shall be heard at noon on Thursday, February 23, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/23/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/30/2017) (cla) (Entered: 01/30/2017) |
| | | |

**A-72**

| | | |
|---|---|---|
| 01/30/2017 | 572 | RESPONSE in Opposition to Motion re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D.. .* Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 573 | DECLARATION of Sigrid McCawley in Opposition re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 574 | RESPONSE in Opposition to Motion re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler. .* Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 575 | DECLARATION of Sigrid McCawley in Opposition re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 576 | NOTICE of Letter Reply in Support of Plaintiff's Letter Motion to Add New Witness re: 558 Order Setting Hearing on Motion,,. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/31/2017 | 577 | RESPONSE in Opposition to Motion re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores. .* Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 578 | DECLARATION of Sigrid McCawley in Opposition re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 579 | RESPONSE in Opposition to Motion re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson. .* Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 580 | DECLARATION of Sigrid McCawley in Opposition re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 581 | RESPONSE in Opposition to Motion re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen. .* Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 582 | DECLARATION of Sigrid McCawley in Opposition re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 583 | |

|  |  | RESPONSE in Opposition to Motion re: <u>535</u> MOTION in Limine *and Incorporated Memorandum of Law. Regarding Gregory B. Taylor and Kyle D. Jacobson.* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/31/2017) |
|------------|------------|----------------------------------------------------------|
| 01/31/2017 | <u>584</u> | RESPONSE in Opposition to Motion re: <u>533</u> MOTION in Limine *and Incorporated Memorandum of Law. Regarding Dr. Phillip Esplin.* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/31/2017) |
| 01/31/2017 | <u>585</u> | DECLARATION of Jeffrey S. Pagliuca in Opposition re: <u>533</u> MOTION in Limine *and Incorporated Memorandum of Law..* Document filed by Ghislaine Maxwell. (Attachments: # <u>1</u> Exhibit A)(Menninger, Laura) (Entered: 01/31/2017) |
| 01/31/2017 | <u>586</u> | RESPONSE in Opposition to Motion re: <u>540</u> MOTION for Summary Judgment . . Document filed by Virginia L. Giuffre. (Attachments: # <u>1</u> Appendix Rule 56.1 Statement of Facts, # <u>2</u> Exhibit Declaration, # <u>3</u> Exhibit Redacted 1-50)(McCawley, Sigrid) (Entered: 01/31/2017) |
| 02/02/2017 | <u>587</u> | TRANSCRIPT of Proceedings re: ARGUMENT held on 1/19/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Jennifer Thun, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/23/2017. Redacted Transcript Deadline set for 3/6/2017. Release of Transcript Restriction set for 5/3/2017.(McGuirk, Kelly) (Entered: 02/02/2017) |
| 02/02/2017 | <u>588</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 1/19/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 02/02/2017) |
| 02/02/2017 | <u>589</u> | RESPONSE in Opposition to Motion re: <u>550</u> MOTION to Intervene *and Unseal. .* Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/02/2017) |
| 02/02/2017 | <u>590</u> | DECLARATION of Sigrid McCawley in Opposition re: <u>550</u> MOTION to Intervene *and Unseal..* Document filed by Virginia L. Giuffre. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2)(McCawley, Sigrid) (Entered: 02/02/2017) |
| 02/02/2017 |  | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 2/2/2017 re: <u>591</u> LETTER MOTION to Reopen re: <u>576</u> Notice (Other), <u>558</u> Order Setting Hearing on Motion,, Discovery re New Witness (original filed 1/19/17) addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 01/19/17. filed by Virginia L. Giuffre. (Court Reporter Khris Sellin)The Court resolved the motion and granted limited discovery as to depose the third person witness. (Chan, Tsz) (Entered: 02/03/2017) |

**A-74**

| 02/03/2017 | 591 | LETTER MOTION to Reopen re: 576 Notice (Other), 558 Order Setting Hearing on Motion,, *Discovery re New Witness (original filed 1/19/17)* addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 01/19/17. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 02/03/2017) |
|---|---|---|
| 02/03/2017 | 592 | NOTICE of Filing Defendant's Counter-Designations to Plaintiff's Deposition Designations. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/03/2017) |
| 02/06/2017 | 593 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/06/2017) |
| 02/07/2017 | 594 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/07/2017) |
| 02/07/2017 | 595 | **FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION for Ty Gee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13289811. Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ghislaine Maxwell. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit Certificate of Good Standing)(Menninger, Laura) Modified on 2/8/2017 (wb). (Entered: 02/07/2017) |
| 02/07/2017 | 596 | **FILING ERROR - DEFICIENT DOCKET ENTRY - DECLARATION of Ty Gee in Support re: 595 MOTION for Ty Gee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13289811. Motion and supporting papers to be reviewed by Clerk's Office staff..** Document filed by Ghislaine Maxwell. (Menninger, Laura) Modified on 2/8/2017 (wb). (Entered: 02/07/2017) |
| 02/08/2017 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 595 MOTION for Ty Gee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13289811. Motion and supporting papers to be reviewed by Clerk's Office staff., 596 Declaration in Support of Motion,.. The filing is deficient for the following reason(s): Pursuant to rule 1.3. please attach and affadavit or Declaration of the Attorney;. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (wb) (Entered: 02/08/2017) |
| 02/08/2017 | 597 | MOTION for Ty Gee to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ghislaine Maxwell. (Attachments: # 1 Affidavit Declaration, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order)(Menninger, Laura) (Entered: 02/08/2017) |
| 02/08/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 597 MOTION for Ty Gee to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu) (Entered: 02/08/2017) |
| 02/08/2017 | 598 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/08/2017) |
| | | |

**A-75**

| 02/09/2017 | 599 | REPLY MEMORANDUM OF LAW in Support re: 535 MOTION in Limine *and Incorporated Memorandum of Law*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 600 | DECLARATION of Sigrid McCawley in Support re: 535 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 601 | NOTICE of of Intent to Offer Statements Under, If Necessary, The Residual Hearsay Rule. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 602 | REPLY MEMORANDUM OF LAW in Support re: 533 MOTION in Limine *and Incorporated Memorandum of Law*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 603 | DECLARATION of Sigrid McCawley in Support re: 533 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 604 | REPLY to Response to Motion re: 550 MOTION to Intervene *and Unseal*. . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 02/09/2017) |
| 02/09/2017 | 605 | DECLARATION of Jay M. Wolman in Support re: 550 MOTION to Intervene *and Unseal*.. Document filed by Michael Cernovich d/b/a Cernovich Media. (Attachments: # 1 Exhibit 1 - Daily Mail Article, # 2 Exhibit 2 - Palm Beach Daily News Article, # 3 Exhibit 3 - Silenced Cast)(Wolman, Jay) (Entered: 02/09/2017) |
| 02/10/2017 | 606 | RESPONSE in Opposition to Motion re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 607 | DECLARATION of Sigrid McCawley in Opposition re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 608 | MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 609 | DECLARATION of Sigrid McCawley in Support re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 610 | |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM OF LAW in Support re: 550 MOTION to Intervene *and Unseal*. . Document filed by Alan M. Dershowitz. (Lebowitz, David) (Entered: 02/10/2017) |
| 02/10/2017 | 611 | | REPLY to Response to Motion re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 612 | | REPLY to Response to Motion re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 613 | | REPLY to Response to Motion re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 614 | | REPLY to Response to Motion re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D.*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 615 | | DECLARATION of Jeffrey S. Pagliuca in Support re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D...* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit C, # 2 Exhibit D, # 3 Exhibit E)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 616 | | REPLY to Response to Motion re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 617 | | DECLARATION of Jeffrey S. Pagliuca in Support re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit B)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 618 | | REPLY to Response to Motion re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 619 | | DECLARATION of Jeffrey S. Pagliuca in Support re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D, # 2 Exhibit E)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 620 | | REPLY to Response to Motion re: 540 MOTION for Summary Judgment . . Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix Rule 56.1 Statement of Facts)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 621 | | DECLARATION of Laura A. Menninger in Support re: 540 MOTION for Summary Judgment .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit NN, # 2 Exhibit OO, # 3 Exhibit PP, # 4 Exhibit QQ, # 5 Exhibit RR)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 622 | | JOINT PRETRIAL STATEMENT . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |

A-77

| 02/13/2017 | 623 | ORDER FOR ADMISSION PRO HAC VICE granting 597 Motion for Ty Gee to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 2/10/2017) (jwh) (Entered: 02/13/2017) |
| --- | --- | --- |
| 02/14/2017 | 624 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 2/10/17 re: Counsel writes to request a five day, unopposed, extension of time to respond to Plaintiff's Motions. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 2/13/2017) (mro) (Entered: 02/14/2017) |
| 02/14/2017 | 625 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 2/10/2017 re: extension of the page limit for Ms. Maxwell's Reply in Support of Summary Judgment. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 2/13/2017) (jwh) (Entered: 02/14/2017) |
| 02/14/2017 | 626 | ORDER: Plaintiff's motion in limine filed February 10, 2017 shall be heard at noon on Thursday, February 23, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Any opposition shall be filed by February 16, 2017; any reply shall be filed by February 20 2017. ( Oral Argument set for 2/23/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 2/13/2017) (mro) (Entered: 02/14/2017) |
| 02/14/2017 | | Set/Reset Deadlines: Responses due by 2/16/2017 Replies due by 2/20/2017. (mro) (Entered: 02/14/2017) |
| 02/15/2017 | 627 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/15/2017) |
| 02/15/2017 | 628 | RESPONSE in Opposition to Motion re: 561 MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/15/2017) |
| 02/15/2017 | 629 | RESPONSE in Opposition to Motion re: 563 MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/15/2017) |
| 02/16/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 2/16/2017 re: 524 MOTION in Limine To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D. filed by Ghislaine Maxwell, 540 MOTION for Summary Judgment filed by Ghislaine Maxwell, 533 MOTION in Limine and Incorporated Memorandum of Law filed by Virginia L. Giuffre, 526 MOTION in Limine To Exclude Expert Testimony and Opinion of Dianne C. Flores filed by Ghislaine Maxwell, 522 MOTION in Limine To Exclude Expert Testimony and Opinions of William F. Chandler filed by Ghislaine Maxwell, 550 MOTION to Intervene and Unseal filed by Michael Cernovich d/b/a Cernovich Media, 528 MOTION in Limine To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen filed by Ghislaine Maxwell, 535 MOTION in Limine and Incorporated Memorandum of Law filed by Virginia L. Giuffre. (Court Reporter Eve Giniger)Decision |

| | | |
|---|---|---|
| | | reserve on the motion for Summary Judgment and Intervene + Unseal. (Chan, Tsz) (Entered: 02/16/2017) |
| 02/17/2017 | 630 | NOTICE of Plaintiff's Objections to Defendant's Counter Designations. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/17/2017) |
| 02/17/2017 | 631 | REPLY to Response to Motion re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/17/2017) |
| 02/17/2017 | 632 | DECLARATION of Laura A. Menninger in Support re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit F) (Menninger, Laura) (Entered: 02/17/2017) |
| 02/17/2017 | 633 | Objection *to Plaintiff's Cross Designation of Deposition Testimony*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/17/2017) |
| 02/17/2017 | 634 | TRANSCRIPT of Proceedings re: ARGUMENT held on 2/2/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2017. Redacted Transcript Deadline set for 3/20/2017. Release of Transcript Restriction set for 5/18/2017.(McGuirk, Kelly) (Entered: 02/17/2017) |
| 02/17/2017 | 635 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 2/2/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 02/17/2017) |
| 02/21/2017 | 636 | ORDER: Plaintiff's motion in limine filed February 10, 2017 and previously scheduled to be heard February 23, 2017 shall instead be heard at noon on Thursday, March 9, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Opposition papers shall be due February 24, 2017 and reply papers shall be due by March 2, 2017. (Oral Argument set for 3/9/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) Set Deadlines/Hearing as to 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*. (Responses due by 2/24/2017, Replies due by 3/2/2017.) (Signed by Judge Robert W. Sweet on 2/21/2017) (jwh) (Entered: 02/21/2017) |
| 02/22/2017 | 637 | MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/22/2017) |
| 02/22/2017 | 638 | DECLARATION of Meredith Schultz in Support re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client |

| | | |
|---|---|---|
| | | Communications .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 02/22/2017) |
| 02/22/2017 | 639 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 2/21/2017 re: requesting that the Court vacate the hearing to rule on deposition objections currently scheduled for Thursday, February 23, 2017. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 2/22/2017) (jwh) Modified on 2/28/2017 (jwh). (Entered: 02/22/2017) |
| 02/22/2017 | 640 | MOTION for Protective Order *for Non-Party Witness*. Document filed by John Stanley Pottinger, Sarah Ransome.(Pottinger, John) (Entered: 02/22/2017) |
| 02/22/2017 | 641 | DECLARATION of John Stanley Pottinger in Support re: 640 MOTION for Protective Order *for Non-Party Witness*.. Document filed by Sarah Ransome. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(Pottinger, John) (Entered: 02/22/2017) |
| 02/23/2017 | 642 | ORDER: Plaintiff's motion to compel and the non-party witness's motion for a protective order, both filed February 22, 2017, shall be heard at noon on Thursday, March 9, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Opposition papers shall be due March 2, 2017, and reply papers shall be due March 7, 2017. (Motion Hearing set for 3/9/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.), (Responses due by 3/2/2017, Replies due by 3/7/2017.) (Signed by Judge Robert W. Sweet on 2/23/2017) (cf) (Entered: 02/23/2017) |
| 02/23/2017 | 643 | JOINT MOTION re: 455 Order on Motion for Miscellaneous Relief, 13 Scheduling Order, *Amended Second Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 02/23/2017) |
| 02/24/2017 | 644 | RESPONSE in Opposition to Motion re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/24/2017) |
| 02/24/2017 | 645 | DECLARATION of Laura A. Menninger in Opposition re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 02/24/2017) |
| 02/24/2017 | 646 | RESPONSE re: 601 Notice (Other) *Response to Plaintiffs Notice Of Intent To Offer Statements Under, If Necessary, The Residual Hearsay Rule*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/24/2017) |
| 02/27/2017 | 647 | SEALED DOCUMENT placed in vault.(rz) (Entered: 02/27/2017) |
| 02/27/2017 | 648 | AMENDED SECOND DISCOVERY AND CASE MANAGEMENT DEADLINES AND REQUEST TO MODIFY PRETRIAL SCHEDULING |

| | | |
|---|---|---|
| | | ORDER granting 643 Motion: The jury trial scheduled for March 13, 2017 is rescheduled to begin on May 15, 2017 and is anticipated to last four weeks; Motions in Limine/other motions shall be filed by March 3, 2017; March 9, 2017, hearing on Plaintiff Giuffre's Motion to Present Testimony from Jeffrey Epstein for Purposes of Obtaining an Adverse Inference, ECF #608, hearing on Plaintiff's Motion to Compel all Work Product and Attorney Client Communications with Philip Barden, ECF #637, hearing on outstanding motions including Motion to Quash Edwards Subpoena, filed in the Southern District of Florida on June 13, 2016 under case number 16-mc-61262, and March 23, 2017, hearing on 702 Motions ECF #520, 522, 524, 526, 528, 530, 533, 535 and motions in limine. April 6, 2017, hearing on objections to deposition designations. May 4, 2107, Pre-trial Conference to address any outstanding issues including confidentiality. So ordered. (Signed by Judge Robert W. Sweet on 2/24/2017) (jwh) (Entered: 02/27/2017) |
| 02/27/2017 | | Set/Reset Deadlines: Motions due by 3/3/2017. (jwh) (Entered: 02/27/2017) |
| 02/27/2017 | | Set/Reset Deadlines: Revised Joint Pretrial Order due by 4/15/2017. (jwh) (Entered: 03/03/2017) |
| 03/02/2017 | 649 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 2, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/02/2017) |
| 03/02/2017 | 650 | REPLY MEMORANDUM OF LAW in Support re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/02/2017) |
| 03/02/2017 | 651 | DECLARATION of Sigrid McCawley in Support re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/02/2017) |
| 03/02/2017 | 652 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/02/2017) |
| 03/02/2017 | 653 | RESPONSE in Opposition to Motion re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/02/2017) |
| 03/02/2017 | 654 | DECLARATION of Laura A. Menninger in Opposition re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/02/2017) |
| 03/02/2017 | 655 | MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/02/2017) |
| 03/02/2017 | 656 | |

| | | |
|---|---|---|
| | | DECLARATION of Laura A. Menninger in Support re: 655 MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 03/02/2017) |
| 03/03/2017 | 657 | MOTION to Quash . Document filed by Jeffrey Epstein.(Weinberg, Martin) (Entered: 03/03/2017) |
| 03/03/2017 | 658 | ORDER granting 649 Letter Motion for Leave to File Excess Pages: So ordered. (Signed by Judge Robert W. Sweet on 3/3/2017) (jwh) (Entered: 03/03/2017) |
| 03/03/2017 | 659 | SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 660 | DECLARATION of Meredith Schultz in Support re: 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 661 | ORDER: Motions shall be heard on the following dates: Thursday, March 9: Motions corresponding to ECF Nos. 608, 637, 640, and the motion to quash in Bradley v. Maxwell, 17-mc-00025. Thursday, March 23: Motions corresponding to ECF Nos. 520, 522, 524, 526, 528, 530, 533, 535, 561, 563, and 567. Thursday, March 30: Defendant's motion to compel filed March 2, 2017 and all motions filed March 3, 2017. Wednesday, April 5: Objections to deposition designations. (Signed by Judge Robert W. Sweet on 3/3/2017) (jwh) (Entered: 03/03/2017) |
| 03/03/2017 | 662 | MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 663 | MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 664 | MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 665 | MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 666 | |

**A-82**

| | | |
|---|---|---|
| | | MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 667 | MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 668 | DECLARATION of Laura A. Menninger in Support re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 669 | MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 670 | DECLARATION of Laura A. Menninger in Support re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A) (Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 671 | MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 672 | DECLARATION of Laura A. Menninger in Support re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 673 | MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 674 | DECLARATION of Laura A. Menninger in Support re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 675 | MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 676 | DECLARATION of Laura A. Menninger in Support re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 677 | |

| | | |
|---|---|---|
| | | MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 678 | DECLARATION of Jeffrey S. Pagliuca in Support re: 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 679 | MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 680 | DECLARATION of Jeffrey S. Pagliuca in Support re: 679 MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 681 | MOTION in Limine *to Exclude Victim Notification Letter*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 682 | DECLARATION of Laura A. Menninger in Support re: 681 MOTION in Limine *to Exclude Victim Notification Letter.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 683 | MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 684 | DECLARATION of Sigrid S. McCawley in Support re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Filed Under Seal), # 2 Exhibit 2 (Filed Under Seal))(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 685 | MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 686 | MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 687 | DECLARATION of Sigrid S. McCawley in Support re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Filed Under Seal))(Schultz, Meredith) (Entered: 03/03/2017) |

| 03/03/2017 | 688 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 3, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/03/2017) |
| --- | --- | --- |
| 03/03/2017 | 689 | MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 690 | DECLARATION of Sigrid McCawley in Support re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1)(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 691 | MOTION in Limine *Omnibus*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 692 | DECLARATION of Sigrid McCawley in Support re: 691 MOTION in Limine *Omnibus*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed 6)(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 693 | MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 694 | DECLARATION of Laura A. Menninger in Support re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/06/2017 | 695 | ORDER granting 688 LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 3, 2017. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 3/6/2017) (rjm) (Entered: 03/06/2017) |
| 03/06/2017 | 696 | ORDER: An evidentiary hearing to determine the admissibility of the documents relied upon by proposed expert witness Dianne Flores, and to discuss the handling of Protective Order material at trial, shall be held on Thursday, March 16, 2017 at 1:00 PM in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Evidentiary Hearing set for 3/16/2017 at 01:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 3/6/2017) (jwh) (Entered: 03/06/2017) |
| 03/07/2017 | 697 | REPLY MEMORANDUM OF LAW in Support re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/07/2017) |
| 03/07/2017 | 698 | DECLARATION of Meredith Schultz in Support re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications .. Document filed by Virginia L. Giuffre. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2)(McCawley, Sigrid) (Entered: 03/07/2017) |
| 03/07/2017 | 699 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Meredith Schultz dated March 7, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/07/2017) |
| 03/07/2017 | 700 | ***STRICKEN DOCUMENT. Deleted document number 700 from the case record. The document was stricken from this case pursuant to 718 Order on Motion to Seal Document, . (jwh) REPLY MEMORANDUM OF LAW in Support re: 640 MOTION for Protective Order *for Non-Party Witness. and Opposition to [DE 655] MOTION to Compel Non-Party Witness to Produce Documents, and Respond to Deposition Questions*. Document filed by John Stanley Pottinger. (Pottinger, John) Modified on 3/15/2017 (jwh). (Entered: 03/07/2017) |
| 03/07/2017 | 701 | DECLARATION of J. Stanley Pottinger in Support re: 640 MOTION for Protective Order *for Non-Party Witness.*. Document filed by John Stanley Pottinger. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(Pottinger, John) (Entered: 03/07/2017) |
| 03/08/2017 | 702 | TRANSCRIPT of Proceedings re: CONFERENCE held on 2/16/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Eve Giniger, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/29/2017. Redacted Transcript Deadline set for 4/10/2017. Release of Transcript Restriction set for 6/6/2017.(McGuirk, Kelly) (Entered: 03/08/2017) |
| 03/08/2017 | 703 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 2/16/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/08/2017) |
| 03/08/2017 | 704 | ORDER granting 699 LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Meredith Schultz dated March 7, 2017. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 3/8/2017) (rjm) (Entered: 03/08/2017) |
| 03/09/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/9/2017 re: 640 MOTION for Protective Order for Non-Party Witness filed by John Stanley Pottinger, Sarah Ransome, 655 MOTION to Compel Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order filed by Ghislaine Maxwell, 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications filed by Virginia L. Giuffre, 608 MOTION in Limine to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference filed by Virginia L. Giuffre. (Court |

| | | |
|---|---|---|
| | | Reporter Kelly Surina)Doc #608 Motion Reserved.Doc #637 Motion Reserved.Doc #655 Motion was on for 3-30-17 is now set for 3-16-17 at 12:00 p.m.Motion to quash 17 Mc-00025 will be heard on 3-16-17 (Part).Doc #640 Motion resolved. (Chan, Tsz) (Entered: 03/10/2017) |
| 03/10/2017 | 705 | NOTICE of Reply Notice of Intent to Offer Statements Under, If Necessary, the Residual Hearsay Rule re: 601 Notice (Other). Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/10/2017) |
| 03/10/2017 | 706 | NOTICE of Sigrid McCawley Declaration in Support of Reply Notice of Intent to Offer Statements Under, If Necessary, the Residual Hearsay Rule re: 705 Notice (Other). Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/10/2017) |
| 03/13/2017 | 707 | REPLY MEMORANDUM OF LAW in Support re: 640 MOTION for Protective Order *for Non-Party Witness.*, 655 MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order. [RE-FILED W/ ADD'L REDACTION/REPLACE DE 700.* Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 03/13/2017) |
| 03/13/2017 | 708 | LETTER MOTION to Seal Document 700 Reply Memorandum of Law in Support of Motion, *[Replace DE 700 w/ Redacted DE 707]* addressed to Judge Robert W. Sweet from Meredith Schultz dated 03/13/17. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/13/2017) |
| 03/13/2017 | 709 | REPLY MEMORANDUM OF LAW in Support re: 640 MOTION for Protective Order *for Non-Party Witness.*, 655 MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order. [RE-FILED W/ADD'L REDACTION/REPLACE DE 700].* Document filed by John Stanley Pottinger. (Pottinger, John) (Entered: 03/13/2017) |
| 03/13/2017 | 710 | LETTER MOTION to Seal Document 707 Reply Memorandum of Law in Support of Motion, 708 LETTER MOTION to Seal Document 700 Reply Memorandum of Law in Support of Motion, *[Replace DE 700 w/ Redacted DE 707]* addressed to Judge Robert W. Sweet from Meredith Schultz dated 03/13/17., 709 Reply Memorandum of Law in Support of Motion, 700 Reply Memorandum of Law in Support of Motion, addressed to Judge Robert W. Sweet from J. Stanley Pottinger dated 3/13/17. Document filed by Sarah Ransome.(Pottinger, John) (Entered: 03/13/2017) |
| 03/14/2017 | 711 | **\*\*\*STRICKEN DOCUMENT. Deleted document number 711 from the case record. The document was stricken from this case pursuant to 765 Order on Motion to Strike . (jwh) NOTICE of Supplemental Authority. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 3/22/2017 (jwh). (Entered: 03/14/2017)** |
| 03/14/2017 | 712 | RESPONSE in Opposition to Motion re: 657 MOTION to Quash . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/14/2017) |
| 03/14/2017 | 713 | |

| | | |
|---|---|---|
| | | DECLARATION of Sigrid McCawley in Opposition re: 657 MOTION to Quash .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/14/2017) |
| 03/14/2017 | 714 | REPLY to Response to Motion re: 655 MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/14/2017) |
| 03/14/2017 | 715 | DECLARATION of Laura A. Menninger in Support re: 655 MOTION to Compel *Non-Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit J, # 2 Exhibit K)(Menninger, Laura) (Entered: 03/14/2017) |
| 03/15/2017 | 716 | RESPONSE in Opposition to Motion re: 679 MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/15/2017) |
| 03/15/2017 | 717 | DECLARATION of Sigrid McCawley in Opposition re: 679 MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/15/2017) |
| 03/15/2017 | 718 | ORDER withdrawing 708 Motion to Seal Document ; granting 710 Motion to Seal Document: So ordered. (Signed by Judge Robert W. Sweet on 3/15/2017) (jwh) (Entered: 03/15/2017) |
| 03/15/2017 | 719 | ENDORSED LETTER addressed to Judge Robert W. Sweet from J. Stanley Pottinger dated 3/13/2017 re: request a one-week continuance of the hearing on Defendant's Motion to Compel Non-Party Witness to Produce Documents and Respond to Depositions Questions (Doc. 655 ) and Motion for Protective Order for Non-Party Witness (Doc. 640 ). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 3/15/2017) (jwh) (Entered: 03/15/2017) |
| 03/15/2017 | 720 | ENDORSED LETTER re: 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction , addressed to Judge Robert W. Sweet from Laura A. Menninger dated 3/10/2017 re: a one-week extension of time in which to file a Response to Plaintiff's Renewed Motion to Compel. ENDORSEMENT: So ordered. (Set Deadlines/Hearing as to 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction : Responses due by 3/17/2017) (Signed by Judge Robert W. Sweet on 3/13/2017) (jwh) (Entered: 03/15/2017) |
| 03/15/2017 | 721 | NOTICE of Notice of Intent to Redact Transcript of Proceedings re: 702 Transcript,. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Transcript (Filed Under Seal))(Schultz, Meredith) (Entered: 03/15/2017) |
| 03/16/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Evidentiary Hearing held on 3/16/2017. (Court Reporter Martha Martin)Decision on hearing pending. (Chan, Tsz) (Entered: 03/17/2017) |

| 03/17/2017 | 722 | RESPONSE in Opposition to Motion re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| --- | --- | --- |
| 03/17/2017 | 723 | DECLARATION of Sigrid McCawley in Opposition re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 724 | RESPONSE in Opposition to Motion re: 663 MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 725 | OPPOSITION BRIEF re: 721 Notice (Other) *of Intent to Redact Transcript of Proceedings.* Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 03/17/2017) |
| 03/17/2017 | 726 | RESPONSE in Opposition to Motion re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 727 | DECLARATION of Sigrid McCawley in Opposition re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 728 | RESPONSE in Opposition to Motion re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation.* . Document filed by Virginia L. Giuffre. (Edwards, Bradley) (Entered: 03/17/2017) |
| 03/17/2017 | 729 | DECLARATION of Bradley Edwards in Opposition re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Edwards, Bradley) (Entered: 03/17/2017) |
| 03/17/2017 | 730 | RESPONSE in Opposition to Motion re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff.* . Document filed by Virginia L. Giuffre. (Edwards, Bradley) (Entered: 03/17/2017) |
| 03/17/2017 | 731 | DECLARATION of Bradley Edwards in Opposition re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit)(Edwards, Bradley) (Entered: 03/17/2017) |
| 03/17/2017 | 732 | RESPONSE in Opposition to Motion re: 681 MOTION in Limine *to Exclude Victim Notification Letter.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |

| | | |
|---|---|---|
| 03/17/2017 | 733 | DECLARATION of Sigrid McCawley in Opposition re: 681 MOTION in Limine *to Exclude Victim Notification Letter*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 734 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT** - CONSENT MOTION to Vacate 433 Endorsed Letter,, *STIPULATION AND [PROPOSED] ORDER VACATING CIVIL CONTEMPT FINDING AND ORDER AS TO NON-PARTY NADIA MARCINKOVA.* Document filed by Nadia Marcinko.(Dubno, Erica) Modified on 3/21/2017 (db). (Entered: 03/17/2017) |
| 03/17/2017 | 735 | RESPONSE in Opposition to Motion re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 736 | DECLARATION of Sigrid McCawley in Opposition re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 737 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 17, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 738 | RESPONSE in Opposition to Motion re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 739 | DECLARATION of Meredith Schultz in Opposition re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 740 | RESPONSE in Opposition to Motion re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 741 | DECLARATION of Sigrid McCawley in Opposition re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 742 | RESPONSE in Opposition to Motion re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 743 | |

| | | DECLARATION of Jeffrey S. Pagliuca in Opposition re: <u>683</u> MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL*.. Document filed by Ghislaine Maxwell. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F)(Menninger, Laura) (Entered: 03/17/2017) |
|---|---|---|
| 03/17/2017 | <u>744</u> | RESPONSE in Opposition to Motion re: <u>686</u> MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING*.. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | <u>745</u> | DECLARATION of Laura A. Menninger in Opposition re: <u>686</u> MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING*.. Document filed by Ghislaine Maxwell. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E) (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | <u>746</u> | RESPONSE in Opposition to Motion re: <u>689</u> MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*.. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | <u>747</u> | RESPONSE in Opposition to Motion re: <u>677</u> MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*.. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | <u>748</u> | DECLARATION of Laura A. Menninger in Opposition re: <u>689</u> MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*.. Document filed by Ghislaine Maxwell. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | <u>749</u> | RESPONSE in Opposition to Motion re: <u>691</u> MOTION in Limine *Omnibus*.. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | <u>750</u> | DECLARATION of Meredith Schultz in Opposition re: <u>677</u> MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*.. Document filed by Virginia L. Giuffre. (Attachments: # <u>1</u> Exhibit Sealed 1, # <u>2</u> Exhibit Sealed 2, # <u>3</u> Exhibit Sealed 3, # <u>4</u> Exhibit Composite Sealed 4, # <u>5</u> Exhibit Sealed 5, # <u>6</u> Exhibit Sealed 6, # <u>7</u> Exhibit Sealed 7, # <u>8</u> Exhibit Composite Sealed 8, # <u>9</u> Exhibit Sealed 9)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | <u>751</u> | DECLARATION of Laura A. Menninger in Opposition re: <u>691</u> MOTION in Limine *Omnibus*.. Document filed by Ghislaine Maxwell. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J, # <u>11</u> Exhibit K, # <u>12</u> Exhibit L, # <u>13</u> Exhibit M, # <u>14</u> Exhibit N, # <u>15</u> Exhibit O, # <u>16</u> |

| | | |
|---|---|---|
| | | Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 752 | MOTION to Strike Document No. 711 *Plaintiff's Supplemental Authority.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 753 | DECLARATION of Laura A. Menninger in Support re: 752 MOTION to Strike Document No. 711 *Plaintiff's Supplemental Authority..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 754 | REPLY MEMORANDUM OF LAW in Opposition re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . *Defendant's Surreply.* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/20/2017 | 755 | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/9/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Kelly Surina, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/10/2017. Redacted Transcript Deadline set for 4/20/2017. Release of Transcript Restriction set for 6/19/2017.(McGuirk, Kelly) (Entered: 03/20/2017) |
| 03/20/2017 | 756 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/9/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/20/2017) |
| 03/20/2017 | 757 | STIPULATION AND ORDER VACATING CIVIL CONTEMPT FINDING AND ORDER AS TO NADIA MARCINKOVA: THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties through their undersigned counsel, that the Plaintiff's Motion for a Finding of Civil Contempt against Nadia Marcinkova shall be withdrawn without costs to any party; and IT IS FURTHER STIPULATED AND AGREED, by and among the parties, subject to the Order of the Court, that the Order dated September 15, 2016 [Docket No. 433], as to Nadia Marcinkova shall be vacated in its entirety. (Signed by Judge Robert W. Sweet on 3/20/2017) (jwh) (Entered: 03/20/2017) |
| 03/20/2017 | 758 | ENDORSED LETTER: addressed to Judge Robert W. Sweet from Laura A. Menninger dated March 17, 2017 re: To exceed page limit. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 3/20/2017) (ap) (Entered: 03/20/2017) |
| 03/20/2017 | 759 | ENDORSED LETTER re: 659 SECOND MOTION to Compel, 685 MOTION in Limine; addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 3/17/2017 re: a one week extension to file responses to Docket Entry # 659 and |

|            |     |                                                                                                                                                                                                                                                                                                                                                    |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | Docket Entry # 685 . ENDORSEMENT: So ordered. (Set Deadlines/Hearing as to 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data , 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL* : Responses due by 3/23/2017) (Signed by Judge Robert W. Sweet on 3/20/2017) (jwh) (Entered: 03/20/2017) |
| 03/20/2017 | 760 | ORDER granting 737 Letter Motion for Extension of Time to File Response/Reply re 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*, 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*, 662 MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. So ordered Responses due by 3/22/2017. (Signed by Judge Robert W. Sweet on 3/20/2017) (jwh) (Entered: 03/20/2017) |
| 03/21/2017 | 761 | REPLY to Response to Motion re: 657 MOTION to Quash . . Document filed by Jeffrey Epstein. (Weinberg, Martin) (Entered: 03/21/2017) |
| 03/21/2017 | 762 | LETTER MOTION for Extension of Time addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 21, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/21/2017) |
| 03/21/2017 | 763 | MOTION to Strike Document No. 725 . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/21/2017) |
| 03/21/2017 | 764 | RESPONSE in Opposition to Motion re: 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/21/2017) |
| 03/22/2017 | 765 | ORDER granting 752 Motion to Strike Document No. 711 : The Defendant's motion to strike the Plaintiff's Notice of Supplemental Authority, ECF No. 711, is granted. The cited authority is inadmissible, and has been submitted previously in connection with Plaintiff's motion seeking financial information from the Defendant. (Signed by Judge Robert W. Sweet on 3/22/2017) (jwh) (Entered: 03/22/2017) |
| 03/22/2017 | 766 | RESPONSE in Opposition to Motion re: 662 MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/22/2017) |
| 03/22/2017 | 767 | ORDER granting 762 Letter Motion for Extension of Time. SO ORDERED. (Signed by Judge Robert W. Sweet on 3/22/2017) (ras) (Entered: 03/22/2017) |
| 03/22/2017 | 768 | RESPONSE in Opposition to Motion re: 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/22/2017) |
| 03/22/2017 | 769 | DECLARATION of Sigrid McCawley in Opposition re: 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual* |

| | | |
|---|---|---|
| | | *Sexual Activities..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/22/2017) |
| 03/23/2017 | 770 | REPLY to Response to Motion re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction. [Re Kellen/Marcinkova].* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Comp 1 (Sealed), # 2 Exhibit 2 (Sealed))(Schultz, Meredith) (Entered: 03/23/2017) |
| 03/23/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/23/2017 re: 524 MOTION in Limine To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D. filed by Ghislaine Maxwell, 561 MOTION in Limine to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz filed by Virginia L. Giuffre, 533 MOTION in Limine and Incorporated Memorandum of Law filed by Virginia L. Giuffre, 520 MOTION in Limine To Exclude Expert Testimony and Opinion of Chris Anderson filed by Ghislaine Maxwell, 526 MOTION in Limine To Exclude Expert Testimony and Opinion of Dianne C. Flores filed by Ghislaine Maxwell, 567 MOTION in Limine to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial filed by Ghislaine Maxwell, 522 MOTION in Limine To Exclude Expert Testimony and Opinions of William F. Chandler filed by Ghislaine Maxwell, 563 MOTION in Limine to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case filed by Virginia L. Giuffre, 528 MOTION in Limine To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen filed by Ghislaine Maxwell, 530 MOTION in Limine To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman filed by Ghislaine Maxwell, 535 MOTION in Limine and Incorporated Memorandum of Law filed by Virginia L. Giuffre. (Court Reporter Lisa Fellis) Documents #520,522,524,526,528,530,533,and 535 are taken on submission. Document #563 The Court will deal with this on trial. Document #567 Will be heard on April 5, 2017 at 12:00 p.m. Document #640, 655 Resolved in open court, partially granted and partially denied.(Chan, Tsz) (Entered: 03/23/2017) |
| 03/23/2017 | 771 | DECLARATION of Sigrid S. McCawley in Support re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite 1 (Sealed), # 2 Exhibit 2 (Sealed))(Schultz, Meredith) (Entered: 03/23/2017) |
| 03/23/2017 | 772 | RESPONSE in Opposition to Motion re: 685 MOTION in Limine *PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL. .* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/23/2017) |
| 03/23/2017 | 773 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 |

| | | |
|---|---|---|
| | | Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Menninger, Laura) (Entered: 03/23/2017) |
| 03/24/2017 | 774 | REPLY MEMORANDUM OF LAW in Support re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 775 | DECLARATION of Sigrid McCawley in Support re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Sealed 1)(McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 776 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 3/22/17 re: Ms. Maxwell respectfully requests that she be permitted to submit her reply by March 31, 2017. ENDORSEMENT: Extension to 3/30 is granted. So ordered. ( Replies due by 3/30/2017.) (Signed by Judge Robert W. Sweet on 3/24/2017) (mro) (Entered: 03/24/2017) |
| 03/24/2017 | 777 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 3/23/17 re: This Court issued a sealed opinion today, March 23, 2017, that ordered additional briefing and a hearing on the issues related to the search of any email accounts, on dates to be decided by the parties. In light of this Court's Order, defendant requests that any response be combined in the upcoming briefing schedule. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 3/24/2017) (mro) (Entered: 03/24/2017) |
| 03/24/2017 | 778 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/24/2017) |
| 03/24/2017 | 779 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/24/2017) |
| 03/24/2017 | 780 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 24, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 781 | REPLY MEMORANDUM OF LAW in Support re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 782 | DECLARATION of Sigrid McCawley in Support re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 783 | REPLY to Response to Motion re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |

| 03/24/2017 | 784 | REPLY to Response to Motion re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation. .* Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix A, # 2 Appendix B) (Menninger, Laura) (Entered: 03/24/2017) |
| --- | --- | --- |
| 03/24/2017 | 785 | DECLARATION of Laura A. Menninger in Support re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit B, # 2 Exhibit C)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 786 | REPLY to Response to Motion re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman. .* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 787 | DECLARATION of Laura A. Menninger in Support re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 788 | REPLY to Response to Motion re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration. .* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 789 | DECLARATION of Laura A. Menninger in Support re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit C, # 2 Exhibit D)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 790 | REPLY to Response to Motion re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation. .* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 791 | REPLY to Response to Motion re: 681 MOTION in Limine *to Exclude Victim Notification Letter. .* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 792 | DECLARATION of Laura A. Menninger in Support re: 681 MOTION in Limine *to Exclude Victim Notification Letter..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/27/2017 | 793 | LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/27/2017) |
| 03/27/2017 | 794 | MOTION Plaintiffs Motion for Leave to Bring Personal Electronic Device and General Purpose Computing Devices to the Courthouse . Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order Plaintiffs |

| | | |
|---|---|---|
| | | Motion for Leave to Bring Personal Electronic Device and General Purpose Computing Devices to the Courthouse)(McCawley, Sigrid) (Entered: 03/27/2017) |
| 03/27/2017 | 795 | LETTER MOTION for Oral Argument *for March 31st Hearing to Start at 10:00am* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/27/2017) |
| 03/27/2017 | 796 | NOTICE of Notice of Intent to Redact 03/09/17 Transcript of Proceedings [DE 756] re: 756 Notice of Filing Transcript,. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Filed Under Seal))(Schultz, Meredith) (Entered: 03/27/2017) |
| 03/27/2017 | 797 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/27/2017) |
| 03/27/2017 | 798 | REPLY MEMORANDUM OF LAW in Support re: 691 MOTION in Limine *Omnibus.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/27/2017) |
| 03/27/2017 | 799 | DECLARATION of Sigrid McCawley in Support re: 691 MOTION in Limine *Omnibus.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 03/27/2017) |
| 03/28/2017 | 800 | AMENDED MOTION Motion leave to bring Personal Electronic Devices and General Purpose Computing Device into the Courthouse re: 794 MOTION Plaintiffs Motion for Leave to Bring Personal Electronic Device and General Purpose Computing Devices to the Courthouse . . Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order STANDING ORDER M10-468, AS REVISED)(McCawley, Sigrid) (Entered: 03/28/2017) |
| 03/28/2017 | 801 | ORDER granting 780 Letter Motion for Leave to File Excess Pages: So ordered. (Signed by Judge Robert W. Sweet on 3/28/2017) (jwh) (Entered: 03/28/2017) |
| 03/28/2017 | 802 | NOTICE of Filing Plaintiff's Responses to Defendant's Objections to Plaintiff's Deposition Designations. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/28/2017) |
| 03/28/2017 | 803 | NOTICE of of Filing Typographical Errors Relating to Plaintiff's Deposition Designations for Use at Trial. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/28/2017) |
| 03/28/2017 | 804 | MOTION *Requesting Rulings on Her Outstanding Motions.* Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/28/2017) |
| 03/28/2017 | 805 | MOTION *for Leave to Bring Personal Electronic Devices and General Purpose Computing Devices Into the Courthouse.* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/28/2017) |
| | | |

| 03/28/2017 | 806 | Objection *to Production of (Blank) Submitted for in Camera Review*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/28/2017) |
|---|---|---|
| 03/28/2017 | 807 | REPLY to Response to Motion re: 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/28/2017) |
| 03/29/2017 | 808 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/29/2017) |
| 03/29/2017 | 809 | ENDORSED LETTER re: 673 MOTION in Limine, 663 MOTION in Limine, 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*, 677 MOTION in Limine, addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 3/24/2017 re: an extension to file replies to Motions at Dockets 663 , 673 , 677 , and 693 . ENDORSEMENT: So ordered. (Set Deadlines/Hearing as to 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*, 663 MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*, 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*, 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*: Replies due by 3/30/2017.) (Signed by Judge Robert W. Sweet on 3/28/2017) (jwh) (Entered: 03/29/2017) |
| 03/29/2017 | 810 | MEMORANDUM OF LAW in Opposition re: 763 MOTION to Strike Document No. 725 . . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 03/29/2017) |
| 03/29/2017 | 811 | LETTER RESPONSE in Opposition to Motion addressed to Judge Robert W. Sweet from Movant-Intervenor Michael Cernovich d/b/a Cernovich Media dated March 29, 2017 re: 793 LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017 . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 03/29/2017) |
| 03/29/2017 | 812 | REPLY to Response to Motion re: 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/29/2017) |
| 03/29/2017 | 813 | NOTICE of of Plaintiff's Proposed Redactions to This Court's Order Denying Summary Judgment. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 03/29/2017) |
| 03/30/2017 | 814 | LETTER MOTION to Continue addressed to Judge Robert W. Sweet from Martin G. Weinberg dated 3/30/17. Document filed by Jeffrey Epstein. (Weinberg, Martin) (Entered: 03/30/2017) |
| 03/30/2017 | 815 | REPLY to Response to Motion re: 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| | | |

| 03/30/2017 | 816 | DECLARATION of Jeffrey S. Pagliuca in Support re: 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit G)(Menninger, Laura) (Entered: 03/30/2017) |
| --- | --- | --- |
| 03/30/2017 | 817 | REPLY to Response to Motion re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 818 | REPLY to Response to Motion re: 663 MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 819 | DECLARATION of Laura A. Menninger in Support re: 663 MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 820 | REPLY to Response to Motion re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 821 | DECLARATION of Laura A. Menninger in Support re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit J, # 2 Exhibit K, # 3 Exhibit L)(Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 822 | REPLY to Response to Motion re: 662 MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 823 | NOTICE of of Intent to Request Redaction of Sealed Opinion. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 03/30/2017) |
| 03/30/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/30/2017 re: 671 MOTION in Limine to Exclude Jeffrey Epstein Plea and Non-Prosecution Agreement and Sex Offender Registration filed by Ghislaine Maxwell, [667 MOTION in Limine to Exclude FBI 302 Statement of Plaintiff filed by Ghislaine Maxwell, 675 MOTION in Limine to Permit Questioning Regarding Plaintiffs Sexual History and Reputation filed by Ghislaine Maxwell, 681 MOTION in Limine to Exclude Victim Notification Letter filed by Ghislaine Maxwell, 664 MOTION in Limine to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman filed by Ghislaine Maxwell, 669 MOTION in Limine to Exclude References to Crime Victims Rights Act Litigation filed by Ghislaine Maxwell. (Court Reporter Khris Sellin)Motion pending. (Chan, Tsz) (Entered: 04/03/2017) |
| 03/31/2017 | | |

|  |  | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/31/2017 re: 677 MOTION in Limine to Exclude Police Reports and Other Inadmissible Hearsay filed by Ghislaine Maxwell, 673 MOTION in Limine Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege filed by Ghislaine Maxwell, 662 MOTION to Bifurcate Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase filed by Ghislaine Maxwell, 691 MOTION in Limine Omnibus filed by Virginia L. Giuffre, 689 MOTION in Limine to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction filed by Virginia L. Giuffre, 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions filed by Ghislaine Maxwell. (Court Reporter Ellen Simone and Khris Sellin)Motion pending. (Chan, Tsz) (Entered: 04/03/2017)* |
| 04/03/2017 | 824 | TRANSCRIPT of Proceedings re: Conference held on 3/16/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Martha Martin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/24/2017. Redacted Transcript Deadline set for 5/4/2017. Release of Transcript Restriction set for 7/3/2017.(Siwik, Christine) (Entered: 04/03/2017) |
| 04/03/2017 | 825 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 3/16/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/03/2017) |
| 04/03/2017 | 826 | Objection *to Plaintiff's Deposition Designations (AMENDED).* Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/03/2017) |
| 04/03/2017 | 827 | REPLY MEMORANDUM OF LAW in Support re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL.. .* Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/03/2017) |
| 04/03/2017 | 828 | DECLARATION of Sigrid McCawley in Support re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL...* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Exhibit 1, # 2 Exhibit Sealed Exhibit 2, # 3 Exhibit Sealed Exhibit 3)(McCawley, Sigrid) (Entered: 04/03/2017) |
| 04/03/2017 | 829 | LETTER RESPONSE to Motion addressed to Judge Robert W. Sweet from Ty Gee dated April 3, 2017 re: 793 LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/03/2017) |

| 04/04/2017 | 830 | OPPOSITION BRIEF re: 806 Objection (non-motion) *and Second Motion to Compel Defendant to Produce Documents*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/04/2017) |
|---|---|---|
| 04/05/2017 | 831 | TRANSCRIPT of Proceedings re: Conference held on 3/23/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Lisa Picciano Fellis, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/26/2017. Redacted Transcript Deadline set for 5/8/2017. Release of Transcript Restriction set for 7/5/2017.(Siwik, Christine) (Entered: 04/05/2017) |
| 04/05/2017 | 832 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 3/23/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/05/2017) |
| 04/05/2017 | 833 | OPPOSITION BRIEF re: 813 Notice (Other) . Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 04/05/2017) |
| 04/05/2017 | 834 | ORDER: A hearing on ECF No. 806 shall be held on Thursday, April 13, 2017 at noon in Courtroom 18C, United States Courthouse, 500 Pearl Street. Defendant's reply papers shall be due April 11, 2017. ( Status Conference set for 4/13/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 4/5/2017) (mro) (Entered: 04/05/2017) |
| 04/05/2017 |  | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 4/5/2017 re: 685 MOTION in Limine PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL filed by Virginia L. Giuffre, 567 MOTION in Limine to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial filed by Ghislaine Maxwell, 657 MOTION to Quash filed by Jeffrey Epstein. (Court Reporter Paula Speer and Sonia Ketter)Deposition designations take on submission.ECF No. 567 Partially resolved.ECF No. 657 Granted.ECF No. 685 Decision Reserved. (Chan, Tsz) (Entered: 04/07/2017) |
| 04/05/2017 |  | Set/Reset Deadlines: Replies due by 4/11/2017. (mro) (Entered: 04/11/2017) |
| 04/06/2017 | 835 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/06/2017) |
| 04/06/2017 | 836 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/06/2017) |
| 04/07/2017 | 837 | ORDER denying as moot 804 Motion for request for the Court to Rule on outstanding motions: The Defendant's motion for the Court to rule on outstanding motions, ECF No. 804, is denied as moot. ECF No. 231 was resolved by sealed opinion dated August 30, 2016, and ECF No. 354 was |

|  |  | resolved by sealed opinion sent to the parties April 4, 2017. (Signed by Judge Robert W. Sweet on 4/7/2017) (jwh) (Entered: 04/07/2017) |
|---|---|---|
| 04/07/2017 | 838 | NOTICE of Plaintiff's Briefing on an Adverse Inference Instruction Regarding Defendant's Failure to Comply with This Court's Order to Produce Her Electronic Documents and Communications. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/07/2017) |
| 04/07/2017 | 839 | NOTICE of Declaration in Support of Plaintiff's Briefing on an Adverse Inference Instruction Regarding Defendant's Failure to Comply with This Courts Orders to Produce Her Electronic Documents and Communications re: 838 Notice (Other),. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed Composite 6)(McCawley, Sigrid) (Entered: 04/07/2017) |
| 04/10/2017 | 840 | NOTICE of of Intent to Request Redactions to the March 16, 2017 Transcript. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1) (McCawley, Sigrid) (Entered: 04/10/2017) |
| 04/11/2017 | 841 | REPLY re: 806 Objection (non-motion) *to Production of (Blank) Submitted for in Camera Review*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 842 | DECLARATION of Jeffrey S. Pagliuca in Support re: 806 Objection (non-motion). Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A) (Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 843 | NOTICE of Plaintiff's Proposed Redactions to This Court's April 4, 2017 Order Denying Defendant's Motion to Compel and Motion for Sanctions. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 04/11/2017) |
| 04/11/2017 | 844 | MOTION for Reconsideration re; 837 Order on Motion for Miscellaneous Relief, *Defendant's Motion Requesting Ruling on Her Outstanding Motions*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix A, # 2 Appendix B)(Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 845 | MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 846 | DECLARATION of Laura A. Menninger in Support re: 845 MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A) (Menninger, Laura) (Entered: 04/11/2017) |
| 04/12/2017 | 847 | TRANSCRIPT of Proceedings re: argument held on 3/31/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2017. Redacted Transcript Deadline set for |

| | | |
|---|---|---|
| | | 5/15/2017. Release of Transcript Restriction set for 7/11/2017.(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 848 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a argument proceeding held on 3/31/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 849 | TRANSCRIPT of Proceedings re: argument held on 3/30/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2017. Redacted Transcript Deadline set for 5/15/2017. Release of Transcript Restriction set for 7/11/2017.(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 850 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a argument proceeding held on 3/30/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 851 | TRANSCRIPT of Proceedings re: motion held on 3/31/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Ellen Simone, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2017. Redacted Transcript Deadline set for 5/15/2017. Release of Transcript Restriction set for 7/11/2017.(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 852 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a motion proceeding held on 3/31/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 853 | ORDER denying 844 Motion for Reconsideration; terminating 230 Motion for Reopen Deposition of Plaintiff Virginia Giuffre: The Defendant's motion for reconsideration, ECF No. 844, is denied. The sealed opinion dated August 30, 2016 resolving ECF No. 230 also resolved ECF No. 231. ECF No. 231, the Defendant's motion for sanctions, was denied. (Signed by Judge Robert W. Sweet on 4/12/2017) (jwh) Modified on 4/27/2017 (jwh). (Entered: 04/12/2017) |

| 04/13/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 4/13/2017 re: 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction filed by Virginia L. Giuffre, 806 Objection (non-motion) filed by Ghislaine Maxwell. (Court Reporter Karen Gorlaski and Steve Griffing)Decision Reserved. (Chan, Tsz) (Entered: 04/14/2017) |
|---|---|---|
| 04/14/2017 | 854 | NOTICE of Filing Under Seal The Declaration of Experts K.Gus Dimitrelos and Steven A. Williams re: 838 Notice (Other),. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/14/2017) |
| 04/17/2017 | 855 | LETTER MOTION for Extension of Time *to Exchange Exhibit List and Submit the Revised Joint Pre-Trial Order* addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 17, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/17/2017) |
| 04/18/2017 | 856 | RESPONSE in Opposition to Motion re: 845 MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 857 | ORDER granting 855 Letter Motion for Extension of Time: So ordered. (Pretrial Order due by 4/18/2017.) (Signed by Judge Robert W. Sweet on 4/18/2017) (jwh) (Entered: 04/18/2017) |
| 04/18/2017 | 858 | NOTICE of Filing Response to Proposed Intervenor Michael Cernovich Opposition to Notice of Plaintiff's Proposed Redactions to This Court's Order Denying Summary Judgment re: 833 Opposition Brief. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 859 | JOINT PRETRIAL STATEMENT . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 860 | NOTICE of Plaintiff's Proposed Redactions to This Court's April 4, 2017 Order Denying Bradley edwards Motion to Quash. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 861 | ORDER of USCA (Certified Copy) as to 504 Notice of Appeal filed by Alan M. Dershowitz. USCA Case Number 16-3945. The parties in the above-referenced case have filed a stipulation withdrawing this appeal pursuant to Local Rule 42.1. The stipulation is hereby "So Ordered". Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 04/18/2017. (nd) (Entered: 04/19/2017) |
| 04/19/2017 | 862 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/19/2017) |
| 04/20/2017 | 863 | REPLY to Response to Motion re: 845 MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/20/2017) |
| 04/20/2017 | 864 | **FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION to Compel Non-Party Witness to Produce** *Documents and Respond to Deposition* |

| | | |
|---|---|---|
| | | *Questions and to Complete Search of ESI.* Document filed by Ghislaine Maxwell. (Attachments: # 1 Declaration of Laura Menninger, # 2 Exhibits A-F)(Menninger, Laura) Modified on 5/2/2017 (db). (Entered: 04/20/2017) |
| 04/24/2017 | 865 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/24/2017) |
| 04/24/2017 | 866 | JOINT LETTER MOTION for Extension of Time addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 24, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/24/2017) |
| 04/25/2017 | 867 | ORDER: granting 866 Letter Motion for Extension of Time. So ordered. (Signed by Judge Robert W. Sweet on 4/25/2017) (ap) (Entered: 04/25/2017) |
| 04/25/2017 | 868 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/26/2017) |
| 04/26/2017 | 869 | ORDER denying 845 Motion to Appoint Special Master to Preside Over Third Deposition of Defendant. The defendant Ghislaine Maxwell ("Maxwell" or the "Defendant") has moved for the appointment of a special master to preside over her final deposition. The motion is denied. The final deposition of Maxwell will be limited to three (3) hours and will be held in Courtroom 18C at 500 Pearl Street, on a date and time on which the parties and the Court agree. The deposition will be supervised by the Court. (Signed by Judge Robert W. Sweet on 4/24/2017) (mro) (Entered: 04/26/2017) |
| 04/26/2017 | 870 | ORDER: The motion to compel filed April 20, 2017 shall be heard on Wednesday, May 3, 2017 at 11:00 AM in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. ( Oral Argument set for 5/3/2017 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 4/24/2017) (mro) (Entered: 04/26/2017) |
| 04/26/2017 | 871 | RESPONSE in Opposition to Motion re: 864 MOTION to Compel Non-Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI.* . Document filed by John Stanley Pottinger. (Pottinger, John) (Entered: 04/26/2017) |
| 04/27/2017 | 872 | OPINION: Because of the existence of triable issues of material fact rather than opinion and because the pre-litigation privilege is inapplicable, the motion for summary judgment is denied. For the reasons set forth above, the motion for summary judgment is denied. The parties are directed to jointly file a proposed redacted version of this Opinion consistent with the Protective Order or notify the Court that none are necessary within one week of the date of receipt of this Opinion. Motions terminated: denying 540 MOTION for Summary Judgment, filed by Ghislaine Maxwell. (Signed by Judge Robert W. Sweet on 4/27/2017) (ap) Modified on 4/28/2017 (ap). (Entered: 04/27/2017) |
| 04/28/2017 | 873 | NOTICE of Errata. Document filed by Jeffrey Epstein. (Goldberger, Jack) (Entered: 04/28/2017) |
| 04/28/2017 | 874 | REDACTION *Declaration* by Jeffrey Epstein(Goldberger, Jack) (Entered: 04/28/2017) |
| 04/28/2017 | 875 | |

| | | |
|---|---|---|
| | | NOTICE of Pursuant to Rule 415 Of Similiar Acts Evidence. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/28/2017) |
| 04/28/2017 | 876 | REPLY to Response to Motion re: 864 MOTION to Compel Non-Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 877 | DECLARATION of Laura A. Menninger in Support re: 864 MOTION to Compel Non-Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit F)(Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 878 | MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 879 | DECLARATION of Laura A. Menninger in Support re: 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37 (c) .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 880 | PROPOSED JURY INSTRUCTIONS. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/28/2017) |
| 05/01/2017 | 881 | PROPOSED VOIR DIRE QUESTIONS. Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Entered: 05/01/2017) |
| 05/01/2017 | 882 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION in Limine *to Exclude Philip Barden*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) Modified on 5/2/2017 (db). (Entered: 05/01/2017) |
| 05/01/2017 | 883 | **FILING ERROR - DEFICIENT DOCKET ENTRY - DECLARATION** of Sigrid McCawley in Support re: 882 MOTION in Limine *to Exclude Philip Barden*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed Composite 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) Modified on 5/2/2017 (db). (Entered: 05/01/2017) |
| 05/01/2017 | 884 | PROPOSED VOIR DIRE QUESTIONS. Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix Defendant's Proposed Jury Questionnaire)(Menninger, Laura) (Entered: 05/01/2017) |
| 05/02/2017 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE-FILE Document 882 MOTION in Limine *to Exclude Philip Barden*. Use the event type Miscellaneous Relief found under the event list Motion(s). (db) (Entered: 05/02/2017) |
| 05/02/2017 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Sigrid S. McCawley to RE-FILE Document 883 Declaration in Support of Motion. ERROR(S): Document(s) linked to filing error. (db) (Entered: 05/02/2017) |

| 05/02/2017 | 885 | MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/02/2017) |
| --- | --- | --- |
| 05/02/2017 | 886 | DECLARATION of Sigrid McCawley in Support re: 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 05/02/2017) |
| 05/02/2017 | 887 | NOTICE OF APPEARANCE by Paul G Cassell on behalf of Sarah Ransome. (Cassell, Paul) (Entered: 05/02/2017) |
| 05/02/2017 | 888 | REDACTION Declaration of Jack Goldberger by Jeffrey Epstein(Goldberger, Jack) (Entered: 05/02/2017) |
| 05/02/2017 | 889 | ORDER: The Defendant's motion filed April 28, 2017 shall be heard on Wednesday, May 10, 2017 at 11:00 AM in Courtroom 18C, united States Courthouse, 500 Pearl Street, All papers shall be served in accordance with Local Civil Rule 6.1. (Oral Argument set for 5/10/2017 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/2/2017) (ap) (Entered: 05/02/2017) |
| 05/02/2017 | 890 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 5/1/2017 re: request for a one-day extension of time to submit Ms. Maxwell's financial affidavit. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/2/2017) (jwh) (Entered: 05/02/2017) |
| 05/02/2017 | 891 | ORDER: The Plaintiff's motion in limine filed May 1, 2017 shall be heard on Wednesday, May 10, 2017 at 11:00 AM in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Set Deadlines/Hearing as to 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction : Motion Hearing set for 5/10/2017 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/2/2017) (jwh) (Entered: 05/02/2017) |
| 05/03/2017 | 892 | OPINION re: 793 LETTER MOTION to Seal Document Portions of February 16, 2017 Hearing Transcript addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017 filed by Virginia L. Giuffre, 763 MOTION to Strike Document No. 725 filed by Virginia L. Giuffre, 550 MOTION to Intervene and Unseal filed by Michael Cernovich d/b/a Cernovich Media: This opinion resolves ECF Nos. 550, 763, and 793. The motion of the Intervenor to intervene is granted. The motion to modify the Protective Order is denied. (Signed by Judge Robert W. Sweet on 5/2/2017) (jwh) (Entered: 05/03/2017) |
| 05/03/2017 | 893 | |

| | | |
|---|---|---|
| | | RESPONSE re: 875 Notice (Other) *in Opposition to Plaintiffs Notice Pursuant to Rule 415 of Similar Acts Evidence*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 05/03/2017) |
| 05/03/2017 | 894 | NOTICE of of Intent to Request Redactions to March 30 & 31, 2017 Hearing Transcripts. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 05/03/2017) |
| 05/03/2017 | 895 | DECLARATION of Laura A. Menninger in Support re: 893 Response. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Menninger, Laura) (Entered: 05/03/2017) |
| 05/04/2017 | | Set/Reset Hearings: Oral Argument set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet. Pretrial Conference set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet.(As per chambers the hearings have been rescheduled) (lb) (Entered: 05/04/2017) |
| 05/04/2017 | | Set/Reset Deadlines as to 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction . Motion Hearing set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet. (lb) (Entered: 05/04/2017) |
| 05/04/2017 | | Set/Reset Deadlines as to 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) .. Motion Hearing set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet. (lb) (Entered: 05/04/2017) |
| 05/04/2017 | 896 | MOTION to Compel *Non-Party Witness to Produce Documents and Respond to Deposition Questions and to Complete Search of ESI (Refiled)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 05/04/2017) |
| 05/04/2017 | 897 | DECLARATION of Laura A. Menninger in Support re: 896 MOTION to Compel *Non-Party Witness to Produce Documents and Respond to Deposition Questions and to Complete Search of ESI (Refiled)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A-F)(Menninger, Laura) (Entered: 05/04/2017) |
| 05/04/2017 | 898 | LETTER addressed to Judge Robert W. Sweet from Eric J. Feder dated 5/4/2017 re: Public Access to Judicial Proceedings. Document filed by NYP Holdings, Inc.,, Daily News, L.P..(Feder, Eric) (Entered: 05/04/2017) |
| 05/04/2017 | 899 | LETTER addressed to Judge Robert W. Sweet from Jay M. Wolman dated 5/4/17 re: Joinder to Request of NYP Holdings, Inc., and Daily News, L.P. 898 . Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 05/04/2017) |
| 05/05/2017 | 900 | MOTION for Order to Show Cause *and to Enforce Court's March 22, 2017 Order*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 901 | DECLARATION of Meredith Schultz in Support re: 900 MOTION for Order to Show Cause *and to Enforce Court's March 22, 2017 Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 05/05/2017) |

| 05/05/2017 | 902 | MOTION Plaintiff's Motion for LEave to Permit Magna Legal Services to Bring Personal Electronic Devices and Video Equipment to Courthouse . Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1) (McCawley, Sigrid) (Entered: 05/05/2017) |
|---|---|---|
| 05/05/2017 | 903 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/5/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Sonya Ketter Huggins, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/26/2017. Redacted Transcript Deadline set for 6/5/2017. Release of Transcript Restriction set for 8/3/2017.(McGuirk, Kelly) (Entered: 05/05/2017) |
| 05/05/2017 | 904 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/5/17 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/05/2017) |
| 05/05/2017 | 905 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Meredith Schultz dated May 5, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 906 | RESPONSE in Opposition to Motion re: 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 907 | DECLARATION of Sigrid McCawley in Opposition re: 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37 (c) .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed 6, # 7 Exhibit Sealed 7, # 8 Exhibit Sealed 8, # 9 Exhibit Sealed 9, # 10 Exhibit Sealed 10, # 11 Exhibit Sealed 11)(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 908 | MOTION for Order Directing the FBI to Produce Photographs to the Court . Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Entered: 05/05/2017) |
| 05/05/2017 | 909 | DECLARATION of Bradley Edwards in Support re: 908 MOTION for Order Directing the FBI to Produce Photographs to the Court .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed A, # 2 Exhibit Sealed B) (Edwards, Bradley) (Entered: 05/05/2017) |
| 05/08/2017 | 910 | JOINT LETTER MOTION to Adjourn Conference addressed to Judge Robert W. Sweet from Sigrid McCawley and Jeff Pagliuca dated May 8, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/08/2017) |

| 05/08/2017 | 911 | ORDER granting 905 Letter Motion for Leave to File Excess Pages: So ordered. (Signed by Judge Robert W. Sweet on 5/8/2017) (jwh) (Entered: 05/08/2017) |
| --- | --- | --- |
| 05/09/2017 | 912 | ORDER granting 910 Letter Motion to Adjourn Conference: So ordered. (Oral Argument set for 5/25/2017 at 12:00 PM before Judge Robert W. Sweet. Pretrial Conference set for 5/25/2017 at 12:00 PM before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/9/2017) (jwh) (Entered: 05/09/2017) |
| 05/09/2017 | | Set/Reset Deadlines as to 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction ; 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c): Motion Hearing set for 5/25/2017 at 12:00 PM before Judge Robert W. Sweet. (jwh) (Entered: 05/09/2017) |
| 05/10/2017 | 913 | JOINT LETTER MOTION to Adjourn Conference addressed to Judge Robert W. Sweet from Sigrid McCawley and Jeff Pagliuca dated May 10, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/10/2017) |
| 05/11/2017 | 914 | ORDER granting 913 Letter Motion to Adjourn Conference: So ordered. (Signed by Judge Robert W. Sweet on 5/11/2017) (jwh) (Entered: 05/11/2017) |
| 05/19/2017 | 915 | NOTICE OF INTERLOCUTORY APPEAL from 892 Memorandum & Opinion,. Document filed by Alan M. Dershowitz. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Lebowitz, David) (Entered: 05/19/2017) |
| 05/19/2017 | | Appeal Fee Due: for 915 Notice of Interlocutory Appeal. $505.00 Appeal fee due by 6/2/2017. (nd) (Entered: 05/19/2017) |
| 05/19/2017 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 915 Notice of Interlocutory Appeal. (nd) (Entered: 05/19/2017) |
| 05/19/2017 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 915 Notice of Interlocutory Appeal filed by Alan M. Dershowitz were transmitted to the U.S. Court of Appeals. (nd) (Entered: 05/19/2017) |
| 05/24/2017 | 916 | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above-captioned action is voluntarily dismissed, with prejudice against the defendant(s) Ghislaine Maxwell and without costs to either party pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Main Document 916 replaced on 5/25/2017) (ama). (Main Document 916 replaced on 5/26/2017) (tn). (Main Document 916 replaced on 5/30/2017) (tn). (Entered: 05/24/2017) |
| 05/25/2017 | | |

| | | |
|---|---|---|
| | | USCA Case Number 17-1625 from the U.S. Court of Appeals, Second Circuit assigned to 915 Notice of Interlocutory Appeal filed by Alan M. Dershowitz. (nd) (Entered: 05/25/2017) |
| 05/25/2017 | | Terminate Transcript Deadlines (jwh) (Entered: 05/25/2017) |
| 05/25/2017 | 918 | LETTER addressed to Judge Robert W. Sweet from Andrew G. Celli, Jr. dated May 25, 2017 re: Request for Leave to File a Letter Under Seal. Document filed by Alan M. Dershowitz.(Celli, Andrew) (Entered: 05/25/2017) |
| 05/25/2017 | | ***DELETED DOCUMENT. Deleted document number 917 Joint Stipulation for Voluntary Dismissal. The document was incorrectly filed in this case. (tn) (Entered: 05/26/2017) |
| 05/25/2017 | 919 | JOINT STIPULATION FOR DISMISSAL: that this action shall be DISMISSED WITH PREJUDICE, with each party to bear its own attorneys' fees and costs. Ghislaine Maxwell terminated. (Signed by Judge Robert W. Sweet on 5/25/2017) (tn) (tn). Modified on 5/30/2017 (tn). (Entered: 05/30/2017) |
| 05/31/2017 | 920 | NOTICE OF APPEAL from 892 Memorandum & Opinion,,. Document filed by Michael Cernovich d/b/a Cernovich Media. Filing fee $ 505.00, receipt number 0208-13725473. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Wolman, Jay) (Entered: 05/31/2017) |
| 05/31/2017 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 920 Notice of Appeal. (tp) (Entered: 05/31/2017) |
| 05/31/2017 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 920 Notice of Appeal, filed by Michael Cernovich d/b/a Cernovich Media were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/31/2017) |
| 06/06/2017 | | Appeal Fee Paid electronically via Pay.gov: for 915 Notice of Interlocutory Appeal. Filing fee $ 505.00. Pay.gov receipt number 0208-13685185, paid on 05/19/2017. [USCA Case Number 17-1625]. (nd) (Entered: 06/06/2017) |
| 06/14/2017 | 921 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/14/2017) |
| 06/21/2017 | 922 | LETTER addressed to Judge Robert W. Sweet from Andrew G. Celli. Jr. dated June 21, 2017 re: Confidentiality Designations. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Celli, Andrew) (Entered: 06/21/2017) |
| 06/22/2017 | 923 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/22/2017) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 08/22/2017 12:02:22 | | |
| PACER Login: | at000090:2508629:0 | Client Code: |

| Description: | Docket Report | Search Criteria: | 1:15-cv-07433-RWS |
|---|---|---|---|
| Billable Pages: | 30 | Cost: | 3.00 |

**A-112**

# United States District Court
## Southern District of New York

VIRGINIA L. GIUFFRE,

        Plaintiff,               CASE NO:_____

v.

GHISLAINE MAXWELL,

        Defendant.

_____/

## **COMPLAINT**

 

 

                           Boies Schiller & Flexner LLP
                           575 Lexington Avenue
                           New York, NY 10022
                           (212) 446-2300

1

Plaintiff, VIRGINIA L. GIUFFRE, formerly known as Virginia Roberts ("Giuffre"), for her Complaint against Defendant, GHISLAINE MAXWELL ("Maxwell"), avers upon personal knowledge as to her own acts and status and otherwise upon information and belief:

## NATURE OF THE ACTION

1.     This suit arises out of Defendant Maxwell's defamatory statements against Plaintiff Giuffre.  As described below, Giuffre was a victim of sexual trafficking and abuse while she was a minor child. Defendant Maxwell not only facilitated that sexual abuse but, most recently, wrongfully subjected Giuffre to public ridicule, contempt and disgrace by, among other things, calling Giuffre a liar in published statements with the malicious intent of discrediting and further damaging Giuffre worldwide.

## JURISDICTION AND VENUE

2.     This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

3.     This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §1332 (diversity jurisdiction) as Giuffre and Maxwell are citizens of different states and the amount in controversy exceeds seventy-five thousand ($75,000), exclusive of interest and costs.

4.     This Court has personal jurisdiction over Maxwell.  Maxwell resides in New York City, and this action arose, and defamatory statements were made, within the Southern District of New York.

5.     Venue is proper in this Court as the cause of action arose within the jurisdiction of this Court.

2

## PARTIES

6.      Plaintiff Giuffre is an individual who is a citizen of the State of Colorado.

7.      Defendant Maxwell, who is domiciled in the Southern District of New York, is not a citizen of the state of Colorado.

## FACTUAL ALLEGATIONS

8.      Virginia Giuffre became a victim of sex trafficking and repeated sexual abuse after being recruited by Ghislaine Maxwell and Jeffrey Epstein when Giuffre was under the age of eighteen.

9.      Between 1999 and 2002, with the assistance and participation of Maxwell, Epstein sexually abused Giuffre at numerous locations including his mansions in West Palm Beach, Florida, and in this District.  Between 2001 and 2007, with the assistance of numerous co-conspirators, Epstein abused more than thirty (30) minor underage girls, a fact confirmed by state and federal law enforcement.

10.     As part of their sex trafficking efforts, Epstein and Maxwell intimidated Giuffre into remaining silent about what had happened to her.

11.     In September 2007, Epstein entered into a Non-Prosecution Agreement ("NPA") that barred his prosecution for numerous federal sex crimes in the Southern District of Florida.

12.     In the NPA, the United States additionally agreed that it would not institute any federal criminal charges against any potential co-conspirators of Epstein.

13.     As a co-conspirator of Epstein, Maxwell was consequently granted immunity in the Southern District of Florida through the NPA.

14.     Epstein ultimately pled guilty to procuring a minor for prostitution, and is now a registered sex offender.

3

15.     Rather than confer with the victims about the NPA, the U.S. Attorney's Office and Epstein agreed to a "confidentiality" provision in the Agreement barring its disclosure to anyone—including Epstein's victims.  As a consequence, the victims were not told about the NPA.

16.     On July 7, 2008, a young woman identified as Jane Doe No. 1, one of Jeffrey Epstein's victims (other than Giuffre), filed a petition to enforce her rights under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. ¶ 3771, alleging that the Government failed to provide her the rights promised in the CVRA with regard to the plea arrangement with Epstein. The litigation remains ongoing.

17.     On or about May 4, 2009, Virginia Giuffre—identified then as Jane Doe No. 102—filed a complaint against Jeffrey Epstein in the United States District Court for the Southern District of Florida.  The complaint included allegations made by Giuffre that pertained to Maxwell.

18.     In pertinent part, the Jane Doe No. 102 complaint described in detail how Maxwell recruited Giuffre (who was then a minor girl) to become a victim of sex trafficking by introducing Giuffre to Jeffrey Epstein.  With the assistance of Maxwell, Epstein was able to sexually abuse Giuffre for years until Giuffre eventually escaped.

19.     The Jane Doe No. 102 complaint contained the first public allegations made on behalf of Giuffre regarding Maxwell.

20.     As civil litigation against Epstein moved forward on behalf of Giuffre and many other similarly-situated victims, Maxwell was served with a subpoena for deposition.  Her testimony was sought concerning her personal knowledge and role in Epstein's abuse of Giuffre and others.

**A-116**

21.     To avoid her deposition, Maxwell claimed that her mother fell deathly ill and that consequently she was leaving the United States for London with no plans of ever returning.  In fact, however, within weeks of using that excuse to avoid testifying, Maxwell had returned to New York.

22.     In 2011, two FBI agents located Giuffre in Australia—where she had been hiding from Epstein and Maxwell for several years—and arranged to meet with her at the U.S. Consulate in Sidney.  Giuffre provided truthful and accurate information to the FBI about Epstein and Maxwell's sexual abuse.

23.     Ultimately, as a mother and one of Epstein's many victims, Giuffre believed that she should speak out about her sexual abuse experiences in hopes of helping others who had also suffered from sexual trafficking and abuse.

24.     On December 23, 2014, Giuffre incorporated an organization called Victims Refuse Silence, Inc., a Florida not-for-profit corporation.

25.     Giuffre intended Victims Refuse Silence to change and improve the fight against sexual abuse and human trafficking.  The goal of her organization was, and continues to be, to help survivors surmount the shame, silence, and intimidation typically experienced by victims of sexual abuse.  Giuffre has now dedicated her professional life to helping victims of sex trafficking.

26.      On December 30, 2014, Giuffre moved to join the on-going litigation previously filed by Jane Doe 1 in the Southern District of Florida challenging Epstein's non-prosecution agreement by filing her own joinder motion.

5

27.    Giuffre's motion described Maxwell's role as one of the main women who Epstein used to procure under-aged girls for sexual activities and a primary co-conspirator and participant in his sexual abuse and sex trafficking scheme.

28.    In January, 2015, Maxwell undertook a concerted and malicious campaign to discredit Giuffre and to so damage her reputation that Giuffre's factual reporting of what had happened to her would not be credited.

29.    As part of Maxwell's campaign she directed her agent, Ross Gow, to attack Giuffre's honesty and truthfulness and to accuse Giuffre of lying.

30.    On or about January 3, 2015, speaking through her authorized agent, Maxwell issued an additional false statement to the media and public designed to maliciously discredit Giuffre.  That statement contained the following deliberate falsehoods:

(a)    That Giuffre's sworn allegations "**against Ghislaine Maxwell are untrue.**"

(b)    That the allegations have been "shown to be untrue."

(c)    That Giuffre's "**claims are <u>obvious lies</u>.**"

31.    Maxwell's January 3, 2015, statement incorporated by reference "Ghislaine Maxwell's original response to the lies and defamatory claims remains the same," an earlier statement that had falsely described Giuffre's factual assertions as "entirely false" and "entirely untrue."

32.    Maxwell made the same false and defamatory statements as set forth above, in the Southern District of New York and elsewhere in a deliberate effort to maliciously discredit Giuffre and silence her efforts to expose sex crimes committed around the world by Maxwell, Epstein, and other powerful persons.  Maxwell did so with the purpose and effect of having

6

others repeat such false and defamatory statements and thereby further damaged Giuffre's reputation.

33.     Maxwell made her statements to discredit Giuffre in close consultation with Epstein.  Maxwell made her statements knowing full well they were false.

34.     Maxwell made her statements maliciously as part of an effort to conceal sex trafficking crimes committed around the world by Maxwell, Epstein and other powerful persons.

35.     Maxwell intended her false and defamatory statements set out above to be broadcast around the world and to intimidate and silence Giuffre from making further efforts to expose sex crimes committed by Maxwell, Epstein, and other powerful persons.

36.     Maxwell intended her false statements to be specific statements of fact, including a statement that she had not recruited an underage Giuffre for Epstein's abuse.  Maxwell's false statements were broadcast around the world and were reasonably understood by those who heard them to be specific factual claims by Maxwell that she had not helped Epstein recruit or sexually abuse Giuffre and that Giuffre was a liar.

37.     On or about January 4, 2015, Maxwell continued her campaign to falsely and maliciously discredit Giuffre.  When a reporter on a Manhattan street asked Maxwell about Giuffre's allegations against Maxwell, she responded by saying: "I am referring to the statement that we made."  *The New York Daily News* published a video of this response by Maxwell indicating that she made her false statements on East 65th Street in Manhattan, New York, within the Southern District of New York.

## COUNT I
## DEFAMATION

1.      Plaintiff Giuffre re-alleges paragraphs 1 - 37 as if the same were fully set forth herein.  Maxwell made her false and defamatory statements deliberately and maliciously with the intent to intimidate, discredit and defame Giuffre.

2.      In January 2015, and thereafter, Maxwell intentionally and maliciously released to the press her false statements about Giuffre in an attempt to destroy Giuffre's reputation and cause her to lose all credibility in her efforts to help victims of sex trafficking.

3.      Maxwell additionally released to the press her false statements with knowledge that her words would dilute, discredit and neutralize Giuffre's public and private messages to sexual abuse victims and ultimately prevent Giuffre from effectively providing assistance and advocacy on behalf of other victims of sex trafficking, or to expose her abusers.

4.      Using her role as a powerful figure with powerful friends, Maxwell's statements were published internationally for the malicious purpose of further damaging a sexual abuse and sexual trafficking victim; to destroy Giuffre's reputation and credibility; to cause the world to disbelieve Giuffre; and to destroy Giuffre's efforts to use her experience to help others suffering as sex trafficking victims.

5.      Maxwell, personally and through her authorized agent, Ross Gow, intentionally and maliciously made false and damaging statements of fact concerning Giuffre, as detailed above, in the Southern District of New York and elsewhere.

6.      The false statements made by Gow were all made by him as Maxwell's authorized agent and were made with direct and actual authority from Maxwell as the principal.

7.     The false statements that Maxwell made personally, and through her authorized agent Gow, not only called Giuffre's truthfulness and integrity into question, but also exposed Giuffre to public hatred, contempt, ridicule, and disgrace.

8.     Maxwell made her false statements knowing full well that they were completely false.  Accordingly, she made her statements with actual and deliberate malice, the highest degree of awareness of falsity.

9.     Maxwell's false statements constitute libel, as she knew that they were going to be transmitted in writing, widely disseminated on the internet and in print.  Maxwell intended her false statements to be published by newspaper and other media outlets internationally, and they were, in fact, published globally, including within the Southern District of New York.

10.     Maxwell's false statements constitute libel per se inasmuch as they exposed Giuffre to public contempt, ridicule, aversion, and disgrace, and induced an evil opinion of her in the minds of right-thinking persons.

11.     Maxwell's false statements also constitute libel per se inasmuch as they tended to injure Giuffre in her professional capacity as the president of a non-profit corporation designed to help victims of sex trafficking, and inasmuch as they destroyed her credibility and reputation among members of the community that seeks her help and that she seeks to serve.

12.     Maxwell's false statements directly stated and also implied that in speaking out against sex trafficking Giuffre acted with fraud, dishonesty, and unfitness for the task. Maxwell's false statements directly and indirectly indicate that Giuffre lied about being recruited by Maxwell and sexually abused by Epstein and Maxwell. Maxwell's false statements were reasonably understood by many persons who read her statements as conveying that specific intention and meaning.

9

13.     Maxwell's false statements were reasonably understood by many persons who read those statements as making specific factual claims that Giuffre was lying about specific facts.

14.     Maxwell specifically directed her false statements at Giuffre's true public description of factual events, and many persons who read Maxwell's statements reasonably understood that those statements referred directly to Giuffre's account of her life as a young teenager with Maxwell and Epstein.

15.     Maxwell intended her false statements to be widely published and disseminated on television, through newspapers, by word of mouth and on the internet.  As intended by Maxwell, her statements were published and disseminated around the world.

16.     Maxwell coordinated her false statements with other media efforts made by Epstein and other powerful persons acting as Epstein's representatives and surrogates.  Maxwell made and coordinated her statements in the Southern District of New York and elsewhere with the specific intent to amplify the defamatory effect those statements would have on Giuffre's reputation and credibility.

17.     Maxwell made her false statements both directly and through agents who, with her general and specific authorization, adopted, distributed, and published the false statements on Maxwell's behalf.  In addition, Maxwell and her authorized agents made false statements in reckless disregard of their truth or falsity and with malicious intent to destroy Giuffre's reputation and credibility; to prevent her from further disseminating her life story; and to cause persons hearing or reading Giuffre's descriptions of truthful facts to disbelieve her entirely. Maxwell made her false statements wantonly and with the specific intent to maliciously damage Giuffre's good name and reputation in a way that would destroy her efforts to administer her

10

non-profit foundation, or share her life story, and thereby help others who have suffered from sexual abuse.

18.     As a result of Maxwell's campaign to spread false, discrediting and defamatory statements about Giuffre, Giuffre suffered substantial damages in an amount to be proven at trial.

19.     Maxwell's false statements have caused, and continue to cause, Giuffre economic damage, psychological pain and suffering, mental anguish and emotional distress, and other direct and consequential damages and losses.

20.     Maxwell's campaign to spread her false statements internationally was unusual and particularly egregious conduct.  Maxwell sexually abused Giuffre and helped Epstein to sexually abuse Giuffre, and then, in order to avoid having these crimes discovered, Maxwell wantonly and maliciously set out to falsely accuse, defame, and discredit Giuffre.  In so doing, Maxwell's efforts constituted a public wrong by deterring, damaging, and setting back Giuffre's efforts to help victims of sex trafficking. Accordingly, this is a case in which exemplary and punitive damages are appropriate.

21.     Punitive and exemplary damages are necessary in this case to deter Maxwell and others from wantonly and maliciously using a campaign of lies to discredit Giuffre and other victims of sex trafficking.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Giuffre respectfully requests judgment against Defendant Maxwell, awarding compensatory, consequential, exemplary, and punitive damages in an amount to be determined at trial, but in excess of the $75,000 jurisdictional requirement; costs of suit; attorneys' fees; and such other and further relief as the Court may deem just and proper.

**A-123**

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all causes of action asserted within this pleading.

Dated September 21, 2015.


/s/ David Boies
David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

/s/ Sigrid McCawley
Sigrid McCawley
(Pro Hac Vice Pending)
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

/s/ Ellen Brockman
Ellen Brockman
Boies Schiller & Flexner LLP
575 Lexington Ave
New York, New York 10022
(212) 446-2300

**A-124**

**United States District Court**
**Southern District Of New York**

-------------------------------------------------X

Virginia L. Giuffre,

     Plaintiff,

v.

Ghislaine Maxwell,

     Defendant.

-------------------------------------------------X

DATE FILED 3/18/16

15-cv-07433-RWS

**PROTECTIVE ORDER**

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, **IT IS ORDERED**:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in FED.R.CIV.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

A-125

3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) plaintiff Virginia Roberts Giuffre and (b) defendant Ghislaine Maxwell.

4.    CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a.  attorneys actively working on this case;

    b.  persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.  the parties;

    d.  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e.  the Court and its employees ("Court Personnel") in this case;

    f.  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g.  deponents, witnesses, or potential witnesses; and

2

    h.  other persons by written agreement of the parties.

6.    Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Discovery material designated CONFIDENTIAL shall be identified by Bates number.  To the extent practical, the respective legend shall be placed near the Bates number.

8.    Designation of a document as CONFIDENTIAL INFORMATION shall constitute a representation that such document has been reviewed by an attorney for the designating party, that there is a valid and good faith basis for such designation, made at the time of disclosure or production to the receiving party, and that disclosure of such information to persons other than those permitted access to such material would cause a privacy harm to the designating party.

3

Case 16-3945, Document 68, 08/24/2017, 2109776, Page141 of 232

A-127

Case 1:15-cv-07433-RWS   Document 62   Filed 03/18/16   Page 4 of 6
Case 1:15-cv-07433-RWS   Document 39-1   Filed 03/02/16   Page 5 of 7

9.    Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, and until the expiration of such thirty (30) days after notice by the court reporter of the completion of the transcript, no party or counsel for any such party may share the contents of the deposition outside the limitations of this Protective Order.

10.   Whenever a party seeks to file any document or material containing CONFIDENTIAL INFORMATION with the Court in this matter, it shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.

11.   A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an

4

appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order shall have no force and effect on the use of any CONFIDENTIAL INFORMATION at trial in this matter.

14.    This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.


BY THE COURT

UNITED STATES DISTRICT JUDGE

3·17-16

6

```
                                                                 1
        G4LMGIUC

  1     UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF NEW YORK
  2     ------------------------------x

  3     VIRGINIA L. GIUFFRE,

  4                    Plaintiff,

  5              v.                          15 Civ. 7433 (RWS)

  6     GHISLAINE MAXWELL,

  7                    Defendant.

  8     ------------------------------x
                                             New York, N.Y.
  9                                          April 21, 2016
                                             11:05 a.m.
 10
        Before:
 11
                          HON. ROBERT W. SWEET,
 12
                                             District Judge
 13
                            APPEARANCES
 14
        BOIES, SCHILLER & FLEXNER LLP
 15          Attorneys for Plaintiff
        BY:  SIGRID STONE McCAWLEY
 16          -and-
        FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.
 17     BY:  BRAD EDWARDS
             -and-
 18     PAUL G. CASSELL

 19     HADDON, MORGAN & FOREMAN
             Attorneys for Defendant
 20     BY:  LAURA A. MENNINGER
             JEFF PAGLUICA
 21

 22

 23

 24

 25

                        SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

G4LMGIUC
2

1           (Case called)

2           THE COURT:  Welcome back.  I have read the papers.

3    Who knows.  I might have missed something, but I think I've got

4    it fairly well under control.  I would be pleased to hear

5    anything anybody wants to tell me in addition to what you've

6    already given me.

7           MS. McCAWLEY:  Your Honor, this is Sigrid McCawley.  I

8    would like to start, if it's convenient with the Court, with

9    the pro hac vice motions that are pending because we would like

10   counsel to be able to anticipate in these proceedings.  Would

11   that be all right if I started with that?

12          THE COURT:  I don't care.

13          MS. McCAWLEY:  Thank you.  Your Honor, you have before

14   you two pro hac vice motions.  My client, Virginia Giuffre,

15   would like to have counsel of record in the case be added as

16   Professor Paul Cassell and Brad Edwards.  We have presented

17   those pro hacs to your Honor.  This is the first time in my

18   years of practice that I've had a contested one, so I've looked

19   at the case law surrounding that and I think it is very clear

20   that a client is entitled to counsel of choice in a case.

21          In this matter she has selected these lawyers.  They

22   have been working with her.  They had been working on this

23   matter for many months now.  We need them as counsel of record

24   in the case now because we are going to have depositions

25   throughout the country where, for example, Professor Cassell is

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

                                                          3
G4LMGIUC

1    in Utah.  He will be able to handle the Colorado depositions

2    and things of that nature.  We are here because those pro hac

3    vice motions are being contested.  The core piece of that is

4    the argument that they should not be allowed to seek

5    confidential information in this case.

6         Your Honor will remember that I was before you a

7    couple of weeks ago again trying to get the deposition of the

8    defendant, which is set for tomorrow, but still hasn't occurred

9    yet.  And in order to expedite that process I agreed to the

10   protective order that was put in front of the Court and I

11   waived all of my objections to that in order to be able to

12   facilitate and move that deposition forward.  That protective

13   order provides that attorneys who are actively working on the

14   case can receive confidential material.

15        My opposing counsel has interpreted that to mean that

16   that must be a counsel of record in the case.  We disagree with

17   that interpretation.  I wouldn't have agreed to a protective

18   order knowing that they were already working on the case.  If

19   that were the situation, as your Honor can understand in this

20   case, the majority of the material has been marked

21   confidential, so it would prohibit my cocounsel from working on

22   behalf of their client.

23        Your Honor, I'm here to request on behalf of my

24   client, Virginia Giuffre, that she be entitled to have her

25   counsel of record of choice in this matter.  If your Honor will

                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300

4

G4LMGIUC

1  indulge me, I would like Mr. Cassell to address his pro hac

2  motion, please.

3           MR. CASSELL:  Good morning, your Honor, Paul Cassell.

4  I'm a law professor.

5           THE COURT:  I don't want to hear it.  Sorry.  No.

6  Thanks very much.

7           MR. CASSELL:  Thank you, your Honor.

8           THE COURT:  Anything from the defense.

9           MR. PAGLIUCA:  Yes, your Honor.  Jeff Pagliuca on

10  behalf of Ms. Maxwell.

11           Your Honor, I have never opposed a pro hac motion in

12  my 34 years of practice, so this is a first for me.  But it is

13  clear, your Honor, that these lawyers will be witnesses in this

14  case.

15           THE COURT:  This we don't know.  I can't make that

16  determination now.  Anything else?

17           MR. PAGLIUCA:  Yes.

18           THE COURT:  You may be totally right, but I don't

19  know.

20           MR. PAGLIUCA:  Your Honor, here is the problem.  This

21  case is about the plaintiff's false allegations.

22           THE COURT:  Yes.  I think I picked up on that.

23           MR. PAGLIUCA:  These are the lawyers that wrote the

24  false allegations.

25           THE COURT:  I think I picked up on that, too.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

5

G4LMG1UC

1          MR. PAGLIUCA:  These are the lawyers that admitted

2    that these were false allegations.

3          THE COURT:  I know.  I don't have to tell you, you

4    know, there is going to be all kinds of privilege issues, all

5    kinds of issues about whether or not they have to testify.  We

6    are not at that stage.  I cannot and I will not decide that

7    now.

8          What else?

9          MR. PAGLIUCA:  There is a problem with the sharing of

10   confidential information with these lawyers.  These lawyers

11   have both personal and professional interests.

12         THE COURT:  I understand that.  I get that point.

13   Anything else?

14         MR. PAGLIUCA:  No, your Honor.

15         THE COURT:  This is what we will do on the pro hac.

16   Everybody agrees, nobody, maybe in the world, but nobody in

17   this courtroom, including me, has dealt with this kind of

18   problem before.  That's perhaps only one of a number of issues

19   that are unique about this case.  That's neither here nor

20   there.  Clearly, the plaintiff has the right to consult with

21   any lawyer she chooses.  However, the materials here are

22   sensitive.  I don't know the extent to which they have been

23   designated confidential, but I'm quite sure that a substantial

24   number of them have been, by the very nature of the case, I

25   guess.  Let me put it this way.  I want to be sure that we

G4LMGIUC                                                         6

1    enforce the confidentiality appropriately.

2          Now, with those preliminary thoughts in mind I am

3    going to deny the motion at this time because I know that there

4    is a statement, some kind of a statement from the mediator in

5    the Florida action.  When I get a piece of paper that says the

6    Florida action is dismissed, a court order or whatever, then

7    this motion can be renewed.

8          Also, I want an affidavit from the two lawyers that

9    there is no matter in which they are personally involved, that

10   they are making no claim, there is no claims, there is no

11   litigation in which they are involved.  The reason I say that

12   is that I would not grant the application for a pro hac status

13   to a party in this or a related litigation.  If I get those

14   affidavits and the statement about the closure of the Florida

15   case in which they are a party, then the application can be

16   renewed and at that point I would be probably inclined, unless

17   something else comes up or unless the defense tells me

18   something that I don't now know, I would grant the application

19   that brings us to the order itself and the meaning of the

20   order.  I think active in the litigation is the key phrase.

21   The plaintiff has listed the people that she considers would be

22   appropriate and it's these two gentleman and I think one other

23   person, and that's fine.  That is the definition.

24         However, I'm also going to ask the parties to agree

25   upon an order that would expand the confidentiality agreement

G4LMGIUC

1   to this extent, to require the plaintiff to indicate to me and

2   to the defense if there is anyone else who is going to be

3   active in the litigation.  I'll tell you why I feel this way.

4   I want to be sure that we can enforce the confidential aspect

5   of that agreement, and I think that could be critical down the

6   line.  That's the reason for those requests.

7           Now, we also have a motion to compel.

8           MS. McCAWLEY:  Your Honor, can I just get

9   clarification very quickly because I don't want to have to come

10  back to the court so I want to make sure I'm following

11  correctly.  Your ruling, because we have a deposition tomorrow

12  that counsel was going to be assisting me with, particularly on

13  the Fifth Amendment --

14          THE COURT:  Can't have access unless I get these

15  materials by then.  If I do, that's something else.  If I do,

16  fine.  Otherwise, they can't have access to the confidential

17  data.  They can assist.

18          MS. McCAWLEY:  Can I just point something out to the

19  Court as well.

20          THE COURT:  The plaintiff can have any lawyer she

21  wants.  The question is the confidential materials.

22          MS. McCAWLEY:  Can I just point the Court to one more

23  issue, because this is their protective order.  They now said

24  to the Court that these two individuals are witnesses or

25  potential witnesses.  The protective order allows in Section G

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8

G4LMGIUC

1  confidential material to go to deponents, witnesses or

2  potential witnesses.

3        THE COURT:  That's a different issue.  I have not

4  dealt with that.  Obviously anybody who is a witness may have

5  access to the confidential material, because they have to buy

6  into the confidentiality order in order to do that.  But they

7  are outside of it at the moment.

8        MS. McCAWLEY:  Your ruling is, they cannot attend the

9  deposition tomorrow?

10       THE COURT:  They can.  Anybody can attend the

11  deposition that anybody wants to have, but they can't

12  participate in it.  They can't have access to the confidential

13  material until we get this matter straightened out.  Ok.

14       MS. McCAWLEY:  I understand, your Honor.

15       MR. PAGLIUCA:  Your Honor, we will be designating the

16  testimony as confidential.

17       THE COURT:  You see.  There you go.  That's life.  I

18  can't believe that this entire testimony is going to be

19  confidential.  Honestly, you all are too much.  Ok.  If that's

20  what you do, you know that's not going to work because not all

21  of this stuff at issue is going be to confidential.  No, no

22  way.  What is your name?  Ok.  We will deal with tomorrow's

23  problem tomorrow.

24       MR. PAGLIUCA:  Ok, your Honor.

25       THE COURT:  The compel.  Anybody want to add anything

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

9

G4LMGIUC

1    on that?

2           MS. MENNINGER:  Yes, your Honor.  Laura Menninger on

3    behalf of Ms. Maxwell.  I have taken the liberty, your Honor,

4    of just making a very short little cheat sheet of the

5    outstanding issues, if I may approach.

6           THE COURT:  Yes.  It will be interesting to see if

7    yours is the same as the one we have prepared.  Yours is much

8    longer than ours.

9           MS. MENNINGER:  Your Honor, I'm happy to address all

10    of the ones on mine.  I certainly am also happy to take

11    direction from the Court regarding issues that you believe to

12    still be of more interest.

13           THE COURT:  As I say, I've read your papers.  I would

14    be pleased to hear anything you want to add that you think is

15    not covered or you want to respond or anything like that.

16           MS. MENNINGER:  Your Honor, one of the largest and

17    most significant pieces to us are the assertions by plaintiff

18    that her own communications with law enforcement are somehow

19    protected by --

20           THE COURT:  I'm prepared to deal with that.

21           MS. MENNINGER:  The second one, your Honor, and it

22    relates somewhat to the issues already presented on the pro hac

23    motions, are our requests for the fee agreements with all of

24    plaintiff's various 15 or so lawyers who purport to be

25    representing her.  Your Honor, I can find no case law that

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

G4LMGIUC

1    suggests that the agreements are privileged, as plaintiff

2    argues.  She has refused to identify when these individuals

3    began their representations, the nature of the representations.

4            THE COURT:  There is a little confusion here, at least

5    in my mind, as to what we are talking about.  I certainly

6    understand the two gentlemen whose applications I have just

7    dealt with and the third person, who I take it is affiliated

8    with the Boies firm.

9            Obviously, over time the plaintiff has probably

10   conferred with other lawyers.  But who cares?  Let's assume she

11   has talked to 20 more lawyers.  You want all those retainers?

12   That doesn't make any sense.  What is the universe we are

13   talking about?

14           MS. MENNINGER:  Your Honor, I certainly understand all

15   of the members of the Boies firm that currently represent her.

16   The third individual, if I understand correctly, is a gentleman

17   by the name of Stan Pottinger.  He is a lawyer of some renown.

18   He is also an author of best-selling books.  He is listed quite

19   frequently on plaintiff's privilege log as being part and

20   parcel of advice being given to her on, quote/unquote, media

21   issues.

22           THE COURT:  That is one.

23           MS. MENNINGER:  Your Honor, there are other persons

24   listed on their privilege log.  Many are listed as counsel for

25   plaintiff, but others are listed.  Attorney giving advice to

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
                                                           11
        G4LMGIUC
```

 1   victim's --

 2          THE COURT:  Is what you want the retainer agreements,

 3   if there are any, whatever the arrangements are, with anybody

 4   on the privilege log that is listed as rendering advice?

 5          MS. MENNINGER:  Yes, your Honor.  That, I think, would

 6   be appropriate because some of our biggest issues concern the

 7   privilege log.

 8          THE COURT:  I understand.

 9          What else?

10          MS. MENNINGER:  Your Honor, we have asked for, but

11   been denied by plaintiff, her own deposition testimony in the

12   Florida action.  In that case the Court entered a confidential

13   order --

14          THE COURT:  I'm prepared to deal with it.

15          MS. MENNINGER:  Your Honor, the next topic are

16   plaintiff's medical records.

17          THE COURT:  I think I understand that.  There is one

18   thing, though.  Are there any pre-'99 medical records?

19          MS. MENNINGER:  Your Honor, the case law is quite

20   clear that injuries that were preexisting --

21          THE COURT:  I'm sorry.  Excuse me.  Go ahead.

22          MS. MENNINGER:  Plaintiff has alleged that the

23   defamation of this action triggered or caused her to reflect

24   back upon her alleged sexual abuse.  She has also alleged, for

25   example, that many, several, three, I think, at last count, or

**A-141**

G4LMGIUC

1    four individuals had sexually abused her prior to ever meeting

2    Mr. Epstein.

3            If she has evidence that she already was suffering

4    from depression or some type of mental health disorder before

5    meeting our client, Ms. Maxwell, or Mr. Epstein, then her

6    flashbacks, if you will, could be related to other incidents

7    that she has put out in the press.  And she, I believe, has

8    also told the press that she was in a drug rehabilitation

9    facility at the time that she met Mr. Epstein.

10           Obviously, to the extent she was under the influence

11   of drugs, which is what she has told the press, at the time she

12   met him, she persisted in being addicted to drugs during the

13   time that she knew Mr. Epstein, and it certainly relates to all

14   of her requests for, I believe she has requested $30 million in

15   damages, your Honor, not just from the defamation, but also

16   harkening back to what she claims were her years as a sex abuse

17   victim.

18           THE COURT:  What's the basis of your statement that we

19   will call it the flashback?

20           MS. MENNINGER:  Your Honor, I believe --

21           THE COURT:  Because, quite frankly, I was unaware of

22   that.  Is that my error?  Are you telling me something that's

23   not quite right?

24           MS. MENNINGER:  Your Honor, I believe that is what

25   plaintiff has alleged in her complaint.  If you can give me a

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

13

G4LMG1UC

1  moment.  To the extent she is now alleging she suffers from

2  emotional distress from any preexisting --

3          THE COURT:  That's from the defamation.

4          MS. MENNINGER:  She claims it's from the defamation.

5  However, your Honor, if she has preexisting conditions that

6  were truly the cause of whatever emotional injury she claims

7  that she now possesses --

8          THE COURT:  Correct me if I'm wrong, and perhaps

9  plaintiff will make it clear, my understanding is that the

10 injuries alleged result from the claim of the alleged

11 defamation, period.

12         MS. MENNINGER:  Your Honor, she has claimed emotional

13 distress from the defamation, yes.  We are requesting evidence

14 that would show that she has preexisting emotional conditions.

15         THE COURT:  Not from the defamation.

16         MS. MENNINGER:  Not from the defamation.  From the

17 many, many other things that have occurred in her life

18 predating even her meeting Mr. Epstein and Ms. Maxwell, as she

19 has told the press, not because we told the press that.

20         Your Honor, it is difficult, if not impossible, to

21 address her claimed $30 million emotional distress from a

22 defamation statement that was a denial of her allegations

23 versus any emotional distress or emotional conditions she

24 already had before any such statement was made.

25         Similarly, your Honor, we have asked for discovery of

G4LMGIUC

1   her claimed prior sexual abuse.  She has, again, put in the

2   press a number of statements regarding that, and I can't

3   imagine that it is to the extent she claims privacy now, those

4   might be relevant in our case both on credibility and also

5   damage issues.

6        Your Honor, we have asked for a lot of other

7   interrogatories and documents that go to her damage claims, her

8   education records, her work history.  She has refused to answer

9   any questions before where she has worked.  She has refused to

10   answer any questions about where she went to school.  All of

11   these are appropriate under the local rule for interrogatories.

12        Finally, your Honor, we have asked for her contracts

13   with media.  She has refused to disclose those.  She has

14   refused to disclose her tax returns that show all of the

15   payments that she has received from various media sources.

16        THE COURT:  I take it your view of any funds from the

17   media would operate to reduce her damages.

18        MS. MENNINGER:  Your Honor, it also shows her motive

19   and bias in bringing this case.  To the extent she has been

20   paid for her stories to the media, which she has, she has

21   admitted that she has been paid hundreds of thousands of

22   dollars for giving these stories to the media.

23        But to the extent that she is now bringing this

24   defamation claim, if she is still either planning to receive

25   more money from the media, she has a motive and bias to make

G4LMGIUC

1    her story consistent with her previous stories.  She has

2    claimed $5 million in lost wages, your Honor.  This is a person

3    who has worked primarily as a waitress in the last 15 years,

4    until her media sensational story was purchased from her by

5    some British press.

6            THE COURT:  Anything else?

7            MS. MENNINGER:  Your Honor, the other issues are

8    addressed in our papers.  We have highlighted her incomplete

9    production on several fronts and her refusal to answer any

10   interrogatories.  So I would rest on my papers with respect to

11   the other arguments.  Thank you.

12           MS. McCAWLEY:  Thank you, your Honor.  I'd like to be

13   very clear here, your Honor.  Discovery production, I've tried

14   to do that in our papers.  But listening to opposing counsel

15   I'm concerned maybe she hasn't reviewed the documents we have

16   produced.  We have clearly produced all of the media

17   communications she has, including records --

18           THE COURT:  All the media.

19           MS. McCAWLEY:  All of the media communications.  She

20   has issued wildly broad requests in this case which we have

21   complied with.  We ran over 200 search terms.  Her request No.

22   5 alone seeks communications with over 100 individuals.  And we

23   have complied, your Honor.  This is coming from the defendant

24   who until Monday night, when you directed her to produce

25   privileged information, has only produced two e-mails in this

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

G4LMGIUC

1   case.

2           Your Honor, we have complied with our production.  We

3   have produced the materials that she is saying we have not

4   produced.  It's incorrect.  We have produced her school records

5   that we have.  We have produced her tax records that we have.

6   We have produced all of those items that we have.

7           With respect to her medical records I am going to

8   direct you to the case that is cited in our brief as the Evanko

9   case and it was a similar circumstance to here.  It was a Title

10  VII case where there were emotional distress damages being

11  alleged and the Court found that the other side could not have

12  carte blanche ruling over all of her medical records from the

13  time she was born to the present.  We met and conferred on two

14  hours on their discovery requests, your Honor.  We agreed to

15  produce all of her medical records that we had from 1999 to

16  2002 and anything else we had that was related to the sexual

17  abuse she endured at the hands of the defendant and

18  Mr. Epstein.  We have agreed to produce those.

19          We have already started producing those records from

20  the various doctors, from the treating physicians.  Those are

21  in their production.  Should they be entitled to things that

22  happened prior to that?  Absolutely not, your Honor.  They are

23  not entitled to a full-scale production of everything that's

24  happened in this young lady's life.  She was abused by these

25  individuals.  She shouldn't be reabused by having to disclose

G4LMGIUC

1    things that happened prior to her time with them.  Your Honor,

2    we do object to the production of that material.

3              THE COURT:  The flashback allegation.

4              MS. McCAWLEY:  I think what she may be referring to, I

5    have not heard that term used, I think what she may be

6    referring to was the fact that this is a defamation claim and

7    the person who defamed my client was also an abuser, we allege.

8    So when she is defamed by the person who abused her and that

9    abuser is calling her a liar, that caused her significant

10   emotional distress.  It's different than if some other

11   individual that she had not had contact with called her a liar.

12   When she is talking about a flashback, maybe that's what she is

13   referring to, but we don't have the word flashback anywhere in

14   our complaint.

15             THE COURT:  No.  I made that up.

16             There will be no claim by the plaintiff that the

17   defamation caused her distress by making her aware or as a

18   result of the prior sexual abuse.

19             MS. McCAWLEY:  The sexual abuse by the defendants?

20             THE COURT:  No.

21             MS. McCAWLEY:  Sexual abuse by others.

22             THE COURT:  Yes.

23             MS. McCAWLEY:  No.  Sexual abuse that relates to the

24   Epstein period, yes.

25             THE COURT:  That I understand.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

18

G4LMGIUC

1          MS. McCAWLEY:  I think we are on the same page.

2          THE COURT:  I think talking about the earlier period.

3          MS. McCAWLEY:  Prior to Epstein, no, no, she doesn't

4    have a claim with respect to that.

5          THE COURT:  Anything else?

6          MS. McCAWLEY:  Your Honor, I just want to point out

7    again that our production -- you asked us to complete that.  We

8    have gone through and run over 200 search terms.  We have

9    produced all of those communications she has had with all of

10   those individuals.  The things that we have not produced are

11   the criminal investigation records.  I know your Honor is going

12   to address that.  I would like to be very clear there.

13         The point there is that she has said in the motion to

14   stay papers that she filed Tuesday that she needs to have that

15   information so she can decide whether she is going to be

16   asserting her Fifth Amendment privilege.  Truthful testimony

17   shouldn't have to be crafted, your Honor.  She shouldn't need

18   to know what agency is investigating her in order to decide

19   whether or not she is going to be asserting her Fifth Amendment

20   privilege.

21         We do have with us, your Honor, for an in camera

22   submission, if you would like it.  That is the way that courts

23   have dealt with this issue in the past.  When there is a claim

24   from an agency that the disclosure of that investigation could

25   harm the investigation, we can submit that to you for in camera

G4LMGIUC

1    review so you are aware of the ongoing investigation.  But it

2    is my view that that needs to be protected.

3            As you probably know, the history of these cases with

4    Mr. Epstein, there were a variety of things that went on in

5    that investigation, so there is reason to keep an investigation

6    in this situation protected so that they can properly

7    investigate and move forward with that without being inhibited

8    by other individuals.  Your Honor, I would ask that that remain

9    protected.  It's covered by her very, very broad requests,

10   which is why we had to lodge those objections.  I would

11   appreciate your Honor considering our arguments with respect to

12   that issue.

13           The other things, your Honor, that she has raised is,

14   for example, she had asked for the Epstein settlement agreement

15   and that was one of the things that she asked for.  We agreed

16   to produce that if we got the waiver from Mr. Epstein because

17   we can't produce it without that waiver.

18           I believe that covers it, your Honor.  If you have any

19   questions, I would be happy to answer them.

20           THE COURT:  Thanks very much.

21           Thank you all for all the clarification that you've

22   given me.  I much appreciate it.

23           With respect to the retainers and the dates of

24   representation, that information will be provided for any

25   attorney that's listed on the privilege log.

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

G4LMGIUC

1          The plaintiff has told me that they have now supplied

2     all the education and employment records that they have.  I

3     think if there is any question about that, if the defense is

4     skeptical, I would ask the counsel for the plaintiffs to make

5     that statement on the record, not necessarily here, but by way

6     of a statement to the Court and principally to the defendant.

7          On the question of residences, that's, in my view, not

8     a contention interrogatory because of the nature of this case.

9     I think it's more like listing witnesses.  So I would say that

10    the plaintiff should supply all residences.

11         The Dershowitz deposition will be produced under the

12    confidentiality provision.  As I read what I've been given,

13    it's to be held in confidence and it will remain in confidence,

14    but it will be produced.

15         Yes, the tax returns should be produced.  15 years

16    seems like -- I see.  Ok.  15 years.

17         The medical records of the period '99 to 2002 will be

18    produced and the plaintiff will indicate whether that

19    production is complete or, if it isn't complete, when it will

20    be complete.

21         As for the pre-'99 medical records, based on where we

22    are at the moment, I do not believe that those are relevant.

23    Because the damage issue relates, in my view, solely to the

24    defamation.  If that changes in any way, I will revisit that

25    issue.

G4LMGIUC

1          The criminal investigation.  Any materials that the

2   plaintiff has with respect to any criminal investigations will

3   be turned over except for any statements made by the plaintiff

4   to law enforcement authority and those statements, if there are

5   such, will be submitted in camera, and I will review them.

6          I hope that clears up our problems.  Tell me if I have

7   failed in my effort to do so.  Yes, ma'am.

8          MS. MENNINGER:  Your Honor, two quick things, I think.

9   With respect to medical records, we also certainly believe that

10  the period from the time the statement was made in January 2015

11  until the present, because she has claimed emotional distress

12  from that defamation --

13         THE COURT:  Sure, yes.

14         MS. MENNINGER:  The problem is, we have asked through

15  interrogatory what were the names of the medical providers

16  because they have not disclosed who her medical providers were.

17  So there is no way for us to tell whether the records in fact

18  have been sought from and produced with respect to each of

19  those medical providers.  I will say that other records in the

20  possession of plaintiff lists other doctors who they have not

21  asked for records from or releases.

22         THE COURT:  Let's see if we can clear that up.

23         MS. McCAWLEY:  We have disclosed the names.  She has

24  those names.  We have also disclosed records, the more recent

25  records.  We have not contested that.

G4LMGIUC

```
 1              With respect to the interrogatories, your Honor ruled

 2   on this previously, but there is a local Rule 33.3, which is

 3   why we didn't serve interrogatories in this case at this point.

 4   She is deposing the plaintiff in two weeks, next week, whenever

 5   it is, and can certainly ask those questions as well.  But we

 6   have disclosed the names of the providers.

 7              MS. MENNINGER:  They have not, your Honor.

 8              THE COURT:  Look.  Wait just a moment.  You two are

 9   lawyers.  Now, that is not an issue about which you should

10   differ.  Go over in the corner right now, both of you, and

11   let's make it clear who is telling me the right story.  Now.

12              I take it that I misunderstood the colloquy and that

13   this matter has been resolved.

14              MS. McCAWLEY:  Your Honor, I think there was a

15   misunderstanding with respect --

16              THE COURT:  I was sure.

17              MS. McCAWLEY:  Dr. Olsen has been noticed for

18   deposition in Colorado already.  In my view, we have disclosed

19   the doctors.  Ms. Menninger says that there is other doctors

20   that have been disclosed in documents that we have not yet

21   listed to her.  I think in discovery we are finding

22   additional --

23              THE COURT:  You think you may not have discovered that

24   your client has had some doctors --

25              MS. McCAWLEY:  In the past.  We are talking about
```

G4LMGIUC

1    years and years ago.  The recent doctors we have disclosed they

2    have noticed for deposition.

3            THE COURT:  What else?

4            MS. MENNINGER:  Your Honor, with respect to the

5    employment and education records, as you heard plaintiff say,

6    she has disclosed, quote/unquote, what she has.  Under local

7    rule 33.3, we are allowed to ask for the names of witnesses

8    with knowledge at the outset of the case, and they might be

9    custodians of records.  We asked her who have been your

10   employers.  She won't tell us who her employers have been.  She

11   has just gone through her computer and say if I have an

12   employment record I'll give it to you, but I am not going to

13   tell you who her employers were.

14           THE COURT:  She will.

15           MS. MENNINGER:  Same thing with the education records.

16   We asked her to list where she had gone to school and tell us

17   where it is.  She won't do it.  Those are the things where my

18   skepticism arises from.

19           Largely, to the extent your Honor has ordered the

20   production of whatever materials, criminal investigation

21   materials that were not to be submitted in camera, those were

22   the ones that involved plaintiff's statements, we would like

23   the other materials that they have brought with them today to

24   give to your Honor that do not encompass their client's

25   statements to law enforcement.

G4LMGIUC

1          THE COURT:  I don't know whether there are such.  Is

2     it possible that nothing in this lawsuit is clear?  Well, I

3     tried to make it clear what should be produced and what

4     shouldn't.  Anything that has been submitted to any law

5     enforcement officer by the plaintiff I will take in camera.

6     Anything other than that with respect to any law enforcement

7     should be produced.

8          MS. MENNINGER:  Thank you, your Honor.

9          THE COURT:  Thank you, all.  I think we have the

10    pleasure of your company -- do we need you next week?  We are

11    up to date, aren't we?

12         MS. McCAWLEY:  Your Honor, we have a motion with

13    respect to our discovery that's set for next Thursday.

14         THE COURT:  That's fine.

15         MS. McCAWLEY:  Just before we adjourn, because

16    Mr. Cassell had a question, and I just want to make sure that I

17    understand, with respect to tomorrow's deposition, they are

18    entitled to attend but have to leave the room if confidential

19    information is disclosed?

20         THE COURT:  That's where we are at the moment, unless

21    it changes.

22         MR. PAGLIUCA:  Your Honor, with regard to next

23    Thursday, both Ms. Menninger and I have other matters that are

24    previously scheduled and it would be impossible for us to take

25    care of those matters and be here at the same time.  I'm

25

G4LMGIUC

1    wondering what the Court would like to do about that.

2              THE COURT:  First of all, you know how we play this

3    game.  You don't ask me first.  You ask your opponent first.

4    Have you done that?

5              MR. PAGLIUCA:  I have not, your Honor.

6              THE COURT:  Will you?

7              MR. PAGLIUCA:  I certainly will, your Honor.

8              THE COURT:  Now.

9              MR. PAGLIUCA:  Absolutely.

10             THE COURT:  You can go over to the corner, too.

11             MR. PAGLIUCA:  I think we need a corner bar on this,

12   your Honor.

13             Ms. McCawley, I'm wondering if we can get a mutually

14   convenient date to hear that matter as opposed to next

15   Thursday.

16             MS. McCAWLEY:  Of course.

17             MR. PAGLIUCA:  That was simple enough, your Honor.

18             MS. McCAWLEY:  Your Honor, one more thing.  I didn't

19   realize that my counsel can submit that stipulation to you

20   because that case has been settled --

21             THE COURT:  If I get something that closes that case

22   and I get the affidavit that there are no other matters in

23   which they have any claims or defenses relating to any of these

24   statements, that will do it.

25             MS. McCAWLEY:  Your Honor, so I know, if we can submit

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

G4LMGIUC

1   that by fax this afternoon, will they be able to attend the

2   deposition tomorrow?

3           THE COURT:  I would think so, if I think those are

4   adequate representations and so on.  The statement from a

5   mediator doesn't mean anything to me.  Something that has a

6   court sign to it.  That I understand.  But the mediator saying

7   that it's settled doesn't work for me.

8           MR. CASSELL:  Your Honor, maybe Mr. Edwards could

9   briefly explain Florida procedure.  The case has been

10  dismissed, but it does not require a Court's signature.

11  Mr. Edwards can elaborate more fully on that.

12          MR. EDWARDS:  Sure.  If I may.  There are two ways in

13  which a case can be dismissed in Florida.  One is by way of a

14  court order.  The other is by way of a stipulation.  That is

15  what was done.  There was a stipulation of dismissal signed by

16  both parties, that being the plaintiff and the defendants and

17  counsel, that has been done and that was dismissed.

18          THE COURT:  That's filed in the case.

19          MR. EDWARDS:  That's filed in the case and filed in

20  the court.

21          THE COURT:  Do you have a copy of that?

22          MR. EDWARDS:  I can get a copy of it immediately.

23          THE COURT:  Give it to the defense.  If they have any

24  problems, they will let me know.  That sounds all right to me.

25  What do I know about Florida except that it's flat and hot.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

G4LMGIUC

1   Your representation sounds right.

2          MR. EDWARDS:  Additionally, just with respect to the

3   affidavit, there needs to be an affirmation that we have no

4   other claims that relate to the statements in this case.  Is

5   that what we are saying?

6          THE COURT:  I think it should be broader than that.  I

7   think it should be -- look.  I don't think it would be

8   appropriate if there is any possibility for either of you to

9   being a party.  That's what I'm after.  And having any

10  proceedings against you arising out of the situation with the

11  plaintiff.  I think it would be inappropriate for you to be

12  counsel if you have the potentiality of being a party, either

13  plaintiff or defendant, in any proceedings.  If I get an

14  affidavit saying that you're unaware of any claims against you

15  or any intention to make a claim arising out of the

16  circumstances surrounding this lawsuit, that should be broad.

17  I think that would satisfy me.

18         MR. EDWARDS:  Ok.

19         MR. CASSELL:  I'll be filing those materials this

20  afternoon, your Honor.  My plan is to attend --

21         THE COURT:  The defense has a thought on this.

22         MR. PAGLIUCA:  Your Honor, I am looking at documents

23  from Florida.  One is a docket sheet captioned:  Epstein v.

24  Brad Edwards and Paul G. Cassell, Lower Tribune Cases 15 000072

25  which shows that that matter is still pending.  There is

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

G4LMGIUC

1    another case, as I understand it, Edwards v. Epstein and

2    Rothstein, which is also pending.  I can confer about this,

3    your Honor.

4              THE COURT:  Let's do this.  When do you plan to return

5    to the snow fields?

6              MR. PAGLIUCA:  There is still snow on the ground, your

7    Honor.  Well, Friday night or Saturday morning is my current

8    plan.

9              THE COURT:  That's great.  Whatever the applicants

10   have on this subject, please turn it over.  You all can work

11   out how you are going to do that.  Turn it over to the defense.

12   And if there is anything you want me to do, I would be prepared

13   to do it tomorrow.  But that way I hope we can get it cleared

14   up.

15             MS. McCAWLEY:  Your Honor, we do have the deposition

16   of the defendant scheduled for tomorrow.

17             THE COURT:  Then everybody will be having a nice time

18   together.  Maybe you can all go out and have lunch, have a

19   drink, and exchange these documents and go away happy.  Not

20   likely, but perhaps, depending on where you have lunch.

21             MS. McCAWLEY:  Thank you, your Honor.

22             THE COURT:  Anything else?

23             MS. MENNINGER:  Nothing.

24             THE COURT:  Thank you, all.

25             One thing.  I would appreciate it if counsel would get

29

G4LMGIUC

1   together on my request for additional coverage in the

2   confidentiality agreement.

3           MS. McCAWLEY:  Sure.

4           THE COURT:  Thanks a lot.

5                       o0o

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
                                                              1
       G6ndqium


   1   UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
   2   ------------------------------x

   3   VIRGINIA L. GIUFFRE,

   4                  Plaintiff,              New York, N.Y.

   5           v.                            15 Civ. 7433(RWS)

   6   GHISLAINE MAXWELL,

   7                  Defendant.

   8   ------------------------------x

   9                                         June 23, 2016
                                             12:19 p.m.
  10
       Before:
  11
                           HON. ROBERT W. SWEET,
  12
                                             District Judge
  13
                           APPEARANCES
  14
       BOIES, SCHILLER & FLEXNER LLP
  15        Attorneys for Plaintiff
       BY:  SIGRID S. McCAWLEY
  16        MEREDITH L. SCHULTZ

  17   HADDON MORGAN AND FOREMAN, P.C.
            Attorneys for Defendant
  18   BY:  JEFFREY PAGLIUCA
            LAURA A. MENNINGER
  19
       DAVIS WRIGHT TREMAINE LLP
  20        Attorneys for Respondent Sharon Churcher
       BY:  ERIC J. FEDER
  21
       LAW OFFICES OF GREGORY L. POE PLLC
  22        Attorneys for Respondent Jeffrey Epstein
       BY:  GREGORY L. POE
  23        RACHEL S. LI WAI SUEN

  24

  25


                   SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

A-160

G6ndgium

1          (Case called)

2          THE COURT:  Extending discovery.

3          MS. McCAWLEY:  Yes, your Honor.  This is Sigrid

4     McCawley on behalf of the plaintiff, and we had filed a motion

5     for additional time to complete six depositions.  Your Honor

6     may recall that we received an order on Monday that allowed for

7     alternative services to three of the witnesses that we were

8     seeking to depose.  Our discovery cutoff right now is set for

9     June 30th, which is I believe next Friday, if I'm correct.  So

10    at present we have six witnesses that we still need to depose,

11    the three that we had alternative service for, and then we have

12    Mr. Ross GOw, who was the defendant's agent who issued the

13    defamatory statement, Mr. Brunel --

14         THE COURT:  How much time do you want?

15         MS. McCAWLEY:  Sorry.  We were requesting 30 days to

16    complete those depositions to coordinate with their counsel and

17    then coordinate with the defendant's counsel and get those set,

18    and I believe we can do that without altering the Court's

19    deadline for a trial, which is set presently for November --

20    I'm sorry, October 17th.

21         THE COURT:  OK.  What is wrong with that?

22         MR. PAGLIUCA:  Your Honor, in theory, initially there

23    is nothing wrong with that.  It seems to me that we're not

24    going to complete a variety of discovery issues by July 1.  The

25    problem, I think, your Honor, is the cascading effect of that

**A-161**

G6ndgium

1    extension.

2            And if I could digress for a moment and just a moment?

3    When we were here I think in March, the Court raised the issue

4    of was this enough time for discovery at that time.  I told the

5    Court I didn't think so, and I didn't think that the trial date

6    was reasonable as a result of what I perceived to be problems

7    going forward with discovery.  Counsel on the other side

8    opposed my suggestion as to extension of time at that point and

9    we proceeded.  The Court agreed with the plaintiff and not with

10   me.

11           The problem I see, your Honor, is that now we are

12   scheduled to have expert disclosures due in July, dispositive

13   motions in August, and a trial date in October.  I don't

14   believe that it is feasible, if we continue discovery out until

15   the end of July, to have expert discovery done by the end of

16   August.  I don't believe it is going to be feasible to have

17   dispositive motions completed in the time set by the Court, and

18   all of that is going to push into whether or not we have an

19   October 18th trial date.

20           I think the Court also needs to consider, your Honor,

21   and of course is now familiar with the volume of paper that

22   gets filed in this court on a regular basis at all hours of the

23   day and night, and I anticipate that there are going to be

24   significant evidentiary issues that the Court is going to need

25   to rule on in advance of trial.  The Court sees a harbinger of

G6ndgium

4

1  those issues today, I think, as a result of these subpoenas.

2  All of that tells me that the prudent course of action in my

3  view is to sort of try to sit down and rework some of these

4  discovery deadlines with an idea that we're going to actually

5  have realistic dates.

6        THE COURT:  OK.  Good.  I'll extend the deadline 30

7  days.  I'll direct counsel to meet and confer and see if they

8  can come up with a schedule that both sides will agree upon.

9        Second, the plaintiff wants to maintain certain

10  confidentiality designations.  What is the problem?

11        MS. McCAWLEY:  Yes, your Honor.

12        So, with respect to our revised Rule 26 disclosures,

13  we, in order to divulge all information relevant to the case,

14  had a list of individuals on there who are allegedly victims of

15  sexual abuse themselves as minors or witnessed things.  So we

16  designated under our protective order in this case that Rule 26

17  disclosure as confidential.  It was challenged under the

18  Protective Order.  Once it is challenged, we have a ten-day

19  window to file something with the Court.  So we filed our

20  motion for the protective order.

21        On Friday of this past week, on the 17th, they issued

22  a new -- defendants issued a new Rule 26 disclosure with 42 new

23  names on it, those of which were on our disclosures, without

24  marking it as confidential.  So I sent them an email just

25  asking them to hold that as confidential until the Court has an

G6ndqium                                                                  5

1    opportunity to rule on whether or not those names can remain

2    confidential under the protective order.  So that is the status

3    as we are right now.

4           So we are awaiting a ruling.  We believe those

5    individuals should be protected under the Court's protective

6    order and those names kept confidential during the course of

7    this, and it is my understanding that defendants oppose that

8    position.

9           THE COURT:  What is the attack?

10          MR. PAGLIUCA:  Well, your Honor, under the terms of

11   the protective order, certain categories of information is

12   likely confidential.  People's names, in my view, are not

13   confidential.  I didn't choose to list these folks in what I

14   understand is a Rule 26(a) disclosure, which is a good faith

15   disclosure of people who may have information relevant to the

16   claims or defenses in the case.  That's their listing.  All it

17   is is the names of people.

18          I have absolutely no idea or ability to understand why

19   someone's name could be considered to be confidential.  It is

20   their name.  They use it every day.  They walk around with it.

21   They have a driver's license with it.  I don't understand how

22   names in a 26A(a) disclosure could be deemed confidential.

23          And what I view this as is just simply, you know,

24   another step in the process here of preventing access and use

25   of information.

6

G6ndqium

1           THE COURT:  Well, you've got the information.

2           MR. PAGLIUCA:  I do have the information.

3           THE COURT:  Yes.

4           MR. PAGLIUCA:  Why is it confidential?

5           THE COURT:  Why?

6           MS. McCAWLEY:  May I address that, your Honor?  Did

7    you want me to address that?

8           THE COURT:  Yes.

9           MS. McCAWLEY:  Sorry.  So with respect to the reason

10   why individuals who may have been victims of sexual assault

11   would be confidential, there is case law that we cite in our

12   brief, Doby v. Evans, which deals with using, for example,

13   pseudonyms of victims --

14          THE COURT:  Let's just -- I think we can shorthand in

15   the context of the patois of this case.

16          Victims.  OK.  You want to maintain the

17   confidentiality of the identity of the victims.  OK?

18          MS. McCAWLEY:  Yes, your Honor.

19          THE COURT:  Beyond that?

20          MS. McCAWLEY:  Right.  Beyond that we are fine.

21          THE COURT:  OK.  All right.  That will be maintained.

22          MS. McCAWLEY:  Thank you.

23          THE COURT:  Apple and Microsoft.  Let me ask the

24   defense, seems to me the law bars the subpoenas.

25          MR. PAGLIUCA:  I don't understand why, your Honor.  I

7

G6ndgium

1     think it's a legitimate Rule 45 subpoena. I don't understand

2     why it would be barred under Rule 45. There is no objection by

3     the providers of the information. They have indicated to us

4     that if there is a release that's provided to them by the

5     plaintiff, they will turn over the information. And I don't

6     understand what the problem is. This is information indeed,

7     your Honor, that the plaintiffs are required to produce to us

8     under our discovery requests and have not, which resulted in

9     these Rule 45 subpoenas. After the Rule 45 --

10          THE COURT: Well, as far as Apple, my understanding

11     about Apple is that with respect to that, that material has

12     been reviewed by counsel and everything has been turned over

13     that's appropriate.

14          MS. SCHULTZ: That is correct, your Honor.

15          MR. PAGLIUCA: Well, if that's true, your Honor, then

16     the issue is moot and I agree.

17          THE COURT: If what?

18          MR. PAGLIUCA: The issue is moot if that is true.

19          THE COURT: So Apple is out.

20          Now, the problem with Microsoft, I'm not quite clear.

21          MR. PAGLIUCA: The problem for me or the problem for

22     them?

23          THE COURT: The problem for the plaintiffs.

24          MS. SCHULTZ: Thank you, your Honor. Meredith

25     Schultz, from Boies, Schiller & Flexner, on behalf of Ms.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8

G6ndqium

1    Giuffre.  My client had two email accounts with Microsoft.

2    They are personal emails accounts.  We have not been able to

3    access that.

4         THE COURT:  Why not?

5         MS. SCHULTZ:  Well, it appears for one -- there is one

6    called live.com, and it appears for that, that that has been

7    administratively deleted.  I don't have personal knowledge of

8    that, but when you put in the email address to try to recover

9    it, I get a message saying we don't recognize this one, "this

10   one" being the email address.  That is Exhibit 1 to our brief

11   on this matter.

12        We wrote a letter to opposing counsel citing some

13   governing provisions of Microsoft's email policy that indicates

14   that due to inactivity they delete accounts after a certain

15   amount of time.  It's my understanding that that has happened

16   to that account but I can't say so for sure.  So we are unable

17   to access that whatsoever.

18        The second account is a hotmail.com account.  We have

19   also been unable to access that.  It appears that it still

20   exists, but despite multiple and diligent attempts to get into

21   that account, we have been unable to.  And I have been involved

22   in those attempts myself personally.  Accordingly, we have

23   captured and produced every electronic document to which we

24   have access.

25        And I'd like to speak a minute about the legality of

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

G6ndgium

9

```
1    the Microsoft subpoena.  Even under Rule 26, it is a hopelessly
2    broad subpoena.  It is abusive civil discovery and on the face
3    of it appears to violate the Electronic Communications Privacy
4    Act and the Stored Communications Act, federal laws.  The email
5    seeks -- excuse me.  The subpoena seeks every email that has
6    ever been sent to that account or sent from that account.
7    That's every single personal email.  This is without
8    limitations, without exceptions, without a timeline.  And
9    pursuant to these subpoenas, these emails are to be turned over
10   to defense counsel.  So, plaintiff's counsel would not have an
11   opportunity to review for attorney-client privilege email,
12   review for relevance, and it wholly circumvents the protections
13   of the discovery process, which is why courts who have looked
14   at this issue have consistently rejected these broad subpoenas.
15         Defendants know that they are not entitled to every
16   single personal email plaintiff has ever sent or ever received
17   in the course of however many years these accounts were open.
18   In fact, Judge Kozinski in the Ninth Circuit allowed a civil
19   suit against those who propounded these improper subpoenas, and
20   that was with regard to a professional email account, as
21   opposed to personal email accounts, the issue in this case
22         THE COURT:  Do we know what the date of this account
23   is?
24         MS. SCHULTZ:  It's an old account.  I think, 2011 -- I
25   know that it was -- at least one of them was active in 2011.
```

G6ndqium

1    It's impossible for me to determine at this point when it was

2    opened and when it was last used because we don't have access

3    to them.

4              THE COURT:  Yes.  OK.

5              MR. PAGLIUCA:  Your Honor, this is the problem and I'm

6    going to be frank.  This is a hide-the-ball problem.  They tell

7    us -- so let me backup.

8              We were originally told these are the only email

9    accounts that the plaintiff had.  When we deposed her, we found

10   out about these accounts.  We then get into an issue with

11   counsel telling us, oh, we've done this due diligence search

12   and we can't access any of this information, these accounts are

13   closed.  Well, then we look into it a little bit further and we

14   find out, indeed, the accounts are not closed; indeed, they

15   have been active, and there are indeed emails that are relevant

16   to the issues in this case that were sent and received out of

17   these accounts.  That's a fact here.

18             Now, all they need to do, if they want to avoid

19   electronic privacy issues, is comply with their discovery

20   obligations, execute a release, and send it to Microsoft.

21   Microsoft will then give them the information.  That's what we

22   have been told in response to this subpoena.

23             So to sit here and say, oh, it's overbroad and it's a

24   problem and you can't do it, you know, you can't have it both

25   ways.  You either can't avoid discovery of something that you

G6ndqium

1  are required to give up and then say, gee, we don't have access

2  to it.  That's the conundrum here, your Honor.

3        I'm sorry we are here at this point.  I agree, if

4  there is privileged information in there, maybe somebody should

5  review it.  But when you tell opposing counsel we don't have

6  access to it and the account is closed and that's indeed not

7  true, it seems to me that you have forfeited your ability to

8  then stand up and say the subpoena is overbroad.

9        THE COURT:  Forgive me, but what's the basis upon

10  which you say it's not true?

11        MR. PAGLIUCA:  The account is not closed?

12        THE COURT:  Yes.

13        MR. PAGLIUCA:  Because we have been told that by

14  Microsoft when we issued them the subpoena.

15        MS. SCHULTZ:  Can I address that really briefly?

16        My communications regarding these accounts are in

17  letters that are attached to the briefs in this case.  I never

18  said that the Hotmail account was closed.  I said that we are

19  unable to access it.

20        With regard to the Live.com account, I said it appears

21  to be closed because the website does not recognize the email

22  address.  I never told them that the accounts were closed.

23        I am more than happy to sign a release to Microsoft

24  for any data that they might have to be delivered to

25  plaintiff's counsel, at which point we will be more than happy

G6ndqium

1    to run our search terms, review it, and produce anything that

2    is relevant.

3              THE COURT:  That is good.

4              MS. SCHULTZ:  But the subpoenas are requesting that

5    all of our data be turned over to defense counsel.

6              THE COURT:  OK.  Well, so what we'll do is at the

7    moment -- yes, OK, we'll quash the subpoena on Microsoft, with

8    the understanding that that's not on the merits and it can be

9    renewed, if necessary.  Also, on the understanding that the

10   plaintiffs will do whatever is necessary to get access to these

11   accounts, review them, and determine -- treat it as the Apple

12   accounts have been treated.

13             OK.  So that solves that problem.

14             Churcher's motion to quash.

15             MR. PAGLIUCA:  Your Honor, before we move on, I have

16   one point of clarification with regard to the earlier ruling

17   about counsel conferring about scheduling going forward.

18             THE COURT:  Yes.

19             MR. PAGLIUCA:  I understand that to mean we should

20   confer about all of the scheduling issues moving forward.

21             THE COURT:  Which you think are relevant.

22             MR. PAGLIUCA:  Including up to the trial date in this

23   case?

24             THE COURT:  Whatever you think -- if you have a

25   position that you think is now established that we are not able

13

G6ndgium

1    to try the case in October, that's fine.

2              MR. PAGLIUCA:  OK.  Thank you, your Honor.

3              THE COURT:  Whatever.

4              MR. PAGLIUCA:  I just want to make sure I am

5    understanding the Court's order.

6              THE COURT:  Yes, OK.

7              Churcher.  Yes.

8              MR. FEDER:  Eric Felder, from Davis Wright Tremaine,

9    for the movant.

10             THE COURT:  Sure.  Of course.

11             MR. FEDER:  Good afternoon.  My name is Eric Feder

12   from Davis Wright Tremaine, for the movant, Sharon Churcher.

13             My client, Sharon Churcher, is a journalist.  She is

14   currently employed by American Media, Inc., where she is a

15   reporter for Radar Online and the National Inquirer.  And prior

16   to that she worked at the British newspaper, The Mail on

17   Sunday.  She's also worked as a freelance reporter.  And she

18   has been subpoenaed as a third party here to give testimony and

19   to provide documents in this case.  We move to quash the

20   subpoena.

21             As Ms. Churcher states in her affidavit in support of

22   the motion, her entire involvement with this case, with the

23   plaintiff, with the defendant, all of the facts underlying the

24   case was as a reporter seeking to report and publish news

25   stories.  All the documents and the information described in

14

G6ndgium

1    the subpoena and the document requests, which are quite broad,

2    by the way, and which we have to assume provide the contours of

3    the information they are seeking in deposition, were created or

4    obtained by Ms. Churcher in the course of her news-gathering

5    activities, and much of the information sought was communicated

6    in confidence, as well.  So under the New York State Shield

7    Law, which is the appropriate law and which defendants

8    acknowledge is the appropriate law, not the slightly less

9    protective Federal Reporters' privilege, the defendant has a

10   heavy burden to meet to even obtain nonconfidential

11   information, and confidential information is absolutely

12   privileged.

13        We just received an opposition to our motion which was

14   filed last night after close of business and we've been

15   reviewing it, but much of the substance of it is redacted out

16   pursuant, presumably, to the protective order.  We had

17   previously offered defense counsel to sign the acknowledgment

18   of the protective order, which does provide for disclosure to

19   witnesses and witnesses' counsel.  They didn't take us up on it

20   before.  Obviously, the offer still stands.

21        But what we can say based on what we've seen is that

22   the defendant claims that Ms. Churcher, who they fully

23   acknowledge reported stories about this case -- not this

24   litigation but the underlying case and who first met the

25   plaintiff when she traveled to Australia to interview her in

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

G6ndgium

1   2011, that she at some point along the way transformed from a

2   reporter reporting news into a friend or a business adviser.

3   It's not clear again because of the redactions when this

4   transformation presumably took place.  But the reality is that

5   that is simply an incorrect characterization of the

6   relationship.

7       Since 2011, and continuing up, frankly, through the

8   present day, Ms. Churcher has continued to cover this story as

9   a reporter, has published stories, including just I think two

10  months ago, often using "Virginia" or her so-called agents as

11  sources, of course most prominently in early 2015, which is

12  what underlies this particular litigation.

13      By its terms, the Shield Law applies to any

14  information obtained or communications made, quote, in the

15  course of gathering or obtaining news for publication.  Now, of

16  course, a reporter's source relationship is complicated.  Not

17  every single interaction or every single communication is going

18  to be an interview with questions and answers that then get

19  published verbatim.  So to the extent that there are particular

20  emails where Sharon provided advice to Virginia, that doesn't

21  transform the overall relationship from reporter and source to

22  adviser and advisee or friend.

23      Reporters communicate with sources in a variety of

24  ways.  A police beat reporter may take a sergeant out for

25  drinks and talk about life in general with no intention of

16

G6ndqium

1     publishing details but with the intention of maintaining that

2     close source relationship so that when the sergeant comes into

3     possession of information, he's right there as the first

4     recipient of that information.

5             As this Court stated in the Schoolcraft case, that the

6     reporter's privilege seeks to prevent the unnecessary enmeshing

7     of the press in litigation that arises from events they cover.

8     And that's exactly what this is.

9             The Second Circuit interprets the qualified privilege

10    very broadly to apply not only to individual bits of

11    information gathered from sources but also to unpublished

12    details of the news gathering process.  That's from the Baker

13    v. Goldman Sachs case, 669 F.3d 105, from 2012.

14            But either way, what they're seeking here, as

15    described in their opposition, is quintessential news gathering

16    Shield Law material.  They list it at a couple of different

17    points in their brief.  They are asking for Sharon Churcher's

18    interview notes, recordings, memos, and other documentation

19    that are clearly, and concededly by the defendant, from the

20    news gathering process.

21            In order to overcome this Shield Law for even the

22    nonconfidential information, they have to make a clear and

23    specific showing that the information is highly material and

24    relevant, that it's critical or necessary to the maintenance of

25    the claim or defense, and that it is not obtainable from any

G6ndgium

1   alternate sources.  So as an initial point, it is quite clear

2   that they haven't exhausted all other sources up to and

3   including the proceedings here today, where they are continuing

4   to seek material from the plaintiff's email accounts, which

5   your Honor just granted an order that would facilitate that,

6   and also the pending motion to reopen plaintiff's deposition.

7   So clearly they haven't exhausted plaintiff as a source.

8           They are also asking for Ms. Churcher's communications

9   with the plaintiff's agents or attorneys or communications with

10  law enforcement about the plaintiff, but we're not aware of any

11  effort to obtain that information from those agents and

12  attorneys or from law enforcement.  Obviously, law enforcement

13  may have their own objections to a subpoena.  And while the

14  defendants may not like what the FBI would say here, but there

15  are certainly alternative sources that they are required under

16  the Shield Law to turn to before seeking this from a reporter.

17          In addition, the information -- again, we haven't seen

18  precisely what it is because it is blacked out of their

19  opposition but to the extent we understand it -- does not meet

20  the critical or necessary prong, which is, under the Second

21  Circuit law and under New York law, quite high.  As the Second

22  Circuit articulated in Krase v. Graco, 79 F.3d 346, the

23  information can be compelled, or disclosure can be compelled

24  when the claim or defense, quote, virtually rises or falls with

25  the admission or exclusion of the proffered evidence.  And they

G6ndgium

1      just -- they have not made that showing here.

2           They talk about the fact that they need this

3      information because the credibility of the plaintiff is key,

4      but the credibility of a plaintiff is key in many kinds of

5      cases and certainly very often in libel case, where truth or

6      falsity is sort of the ultimate issue being tried, and there is

7      obviously not a wholesale exception for libel or any case where

8      the plaintiff's credibility is central to the Shield Law.

9           They also focus heavily on the idea that the story

10     changed over time from what was published in 2011 and what was

11     published in 2015 and after and, in particular, the question of

12     whether Virginia had sex with Prince Andrew or not.  In 2011,

13     the article stated that there was not evidence that that

14     happened.  In 2015, after court papers stated that it had

15     happened, they then reported that it had.  But I would submit

16     that's less an issue of the story changing than what changed

17     was what the newspapers were comfortable publishing.

18          There is actually a Vanity Fair article about this

19     that was published later in 2011 that talks about how -- it

20     talks about Prince Andrew -- that's what the article is

21     about -- and it talks about the strictness of British libel

22     laws that likely are what contributed to newspapers sort of

23     hedging on that point.

24          This also is not a case where the journalist was an

25     eyewitness to events in her capacity as a citizen.  She wasn't

G6ndgium

1    there when whatever happened with Ms. Maxwell and Ms. Giuffre

2    took place, witnessing it as citizen Sharon Churcher.  All of

3    her knowledge about this comes from reporting as a reporter.

4            And, finally, because the documents all fall within

5    the Shield Law, a reporter should not be burdened with going

6    and sitting for a deposition where her counsel basically

7    objects to every question as privileged under the Shield Law.

8    And both the New York Court of Appeals and the Second Circuit

9    have emphasized that.  The New York Court of Appeals said, in

10   Holmes v. Winter, which we cite in our brief, where the entire

11   focus of a reporter's testimony would be on privileged topics,

12   quote, No legitimate purpose would be served by requiring a

13   witness to go through the formality of appearing to testify

14   only to refuse to answer questions concerning the information

15   sought.

16           And the Second Circuit, in Gonzalez, talked about the

17   dangers that if parties to a lawsuit were free to subpoena the

18   press at will, it would become standard operating procedure,

19   and the resulting wholesale exposure of press files to

20   litigants' scrutiny would burden the press with heavy costs of

21   subpoena compliance and could otherwise impair its ability to

22   perform its duties.

23           Finally, even setting aside the Shield Law, the scope

24   of the subpoena is very broad and overly burdensome even just

25   as a third party.  These communications go back at least five

                                                                    20
G6ndqium

1   years, if not more.  Ms. Churcher was employed at different

2   newspapers and is a freelancer, so we are talking about

3   multiple email accounts.  So even just gathering this broad

4   scope of communications which aren't limited by time or

5   specific subject matter would be quite burdensome, but, again,

6   because the Shield Law applies, a fortiori, as a journalist,

7   she should not be put to that burden.

8              THE COURT:  Thank you.

9              MR. PAGLIUCA:  Your Honor, I start with -- I would

10  like to read to the Court an example of Ms. Churcher's

11  involvement in this case.  I have this as an audio file and if

12  I was allowed to bring my cell phone in, I would play it, but I

13  wrote it down to read it to the Court.

14             MS. McCAWLEY:  Excuse me, your Honor.  I just want to

15  make sure that we are not -- some documents have been labeled

16  confidential, which is why there are redactions and I believe

17  there are other individuals present in the courtroom --

18             THE COURT:  Yes.  Find out what it is.

19             MS. McCAWLEY:  Thank you.

20             THE COURT:  No.  Confer with counsel.

21             MR. PAGLIUCA:  This is not a document that has been

22  produced by the plaintiffs, and it has never been labeled as

23  confidential in connection with this case.

24             MS. McCAWLEY:  Sorry.  I was concerned about that.

25             MR. PAGLIUCA:  So, this is a voice message that

G6ndqium

```
 1    Ms. Churcher left for Paul Cassell, who is a lawyer in this
 2    case who entered an appearance in this case, in February of
 3    2015.
 4            On February 5, 2015, your Honor, it starts out:  Paul,
 5    it's Sharon.  I wanted to discuss and with you on a deep
 6    background basis something that's in my file.  I, as you know,
 7    feel almost like a friend of Virginia's.  I think that the FBI
 8    affidavit was pretty close to perjury.  Give me a call when you
 9    get a chance.  On a deep background basis, if it's not going to
10    be a conflict for you, it's something that I wanted to get your
11    advice on.  Take care.  Bye-bye.
12            This voice message is troubling on a number of levels,
13    your Honor, in connection with this case.  First, it has never
14    been provided to us, and there is a lawyer who has entered an
15    appearance in this case.  We have asked for this kind of
16    discovery from the plaintiff and it has never been provided,
17    and it's germane to the issues before the Court.  But what it
18    reveals is that this is not Ms. Churcher's first interaction
19    with Mr. Cassell, lawyer for the plaintiff.  They are on a
20    first-name basis.  She is feeling free to call him and leave
21    messages for him.
22            And what she wants to discuss is apparently an
23    affidavit prepared by the FBI that's been provided to
24    Ms. Churcher by someone; I don't know whom, your Honor, but I'm
25    going to presume it was provided to Ms. Churcher by the
```

G6ndqium

1    plaintiff.  That's troubling as well because we went through

2    litigation in this case about our access to alleged

3    public-interest privileged documents that were not turned over

4    to us but were submitted in camera to the Court.  But to the

5    extent that that's part of those documents and Ms. Churcher has

6    it, that's a problem for the discovery process in this case.

7            And it's a problem for Ms. Churcher, your Honor,

8    because it's clear, as is attached to our papers, that

9    Ms. Churcher's role in this entire ordeal was not simply a

10   journalist.  Ms. Churcher is a self-described friend.  She is a

11   self-described adviser.  She's a self-described confidante.

12   She is a self-described advocate.  In many instances throughout

13   this ordeal, Ms. Churcher was acting as a source of information

14   to Mr. Edwards, who is another lawyer who has entered an

15   appearance in this case, and to law enforcement.

16           The Shield Law only applies when journalists are asked

17   to disclose information received in the course of gathering or

18   obtaining news for publication.  And Ms. Churcher's activities

19   in connection with this case are far outside of those bounds.

20   To be clear, we don't want that information from Ms. Churcher.

21   So whatever information Ms. Churcher has that was indeed

22   obtained in her job in the course of gathering or obtaining

23   news for publication, we haven't subpoenaed that information.

24           But I suggest, your Honor, that the blanket notion

25   that Ms. Churcher can't sit for a deposition in this case is

G6ndqium

1    simply wrong, and these issues need to be resolved on a

2    question-and-answer basis by Ms. Churcher, because her role in

3    connection with this case far exceeded any role as a

4    journalist.

5          Indeed, your Honor, Ms. Churcher is a fact witness in

6    this case.  The Shield Law relied on is only applicable when

7    the journalist is asked to disclose information, again,

8    received in the course of gathering or obtaining news for

9    publication.  And much of the information that we are asking --

10   if, indeed, it is not all -- from Ms. Churcher has nothing to

11   do with information she gathered or collected in the course of

12   gathering news for publication.

13         We have Ms. Churcher meeting with the plaintiff in

14   early 2011 and then conducting a week-long series of interviews

15   leading to the publications in March of 2011.  We then go

16   through another five years here where the story changes, and it

17   is reasonable, I believe, to believe that the story is changing

18   not because of the truth of the story but because of

19   information that's being given to the plaintiff and she is then

20   changing her story to make it more salacious and more sellable

21   to various people through the world.

22         There is a series of exchanges between the plaintiff

23   and Ms. Churcher that we have in email communications that have

24   been provided to the Court that demonstrate this course of

25   conduct over time.  We also have a series of communications

G6ndgium

1   between the plaintiff and law enforcement and the plaintiff's

2   lawyers that are not news-gathering activities.  These are

3   wholly outside of the process of gathering news.  And they are

4   sharing information back and forth, and Ms. Churcher is

5   providing information to Mr. Edwards, counsel in this case.

6   Ms. Churcher is advising the plaintiff on how to deal with her

7   own lawyer in connection with maximizing her return on

8   publishing details that appear to be provided to the plaintiff

9   by Ms. Churcher.  All of this is outside the bounds of any

10  Shield Law or any privilege.

11          I think the Court knows -- I'm sure the Court is

12  exhausted with all of the pleadings that have been filed in

13  this case related to discovery.  I believe we have exhausted

14  all avenues available to us to obtain this information.  There

15  is really no place else to go.  And so there is -- I think it

16  is not well founded, your Honor, that there is some notion that

17  we have not done everything that we can to get this information

18  from the plaintiff, Microsoft, other places before turning to a

19  subpoena to Ms. Churcher.

20          Ms. Churcher is likely the only source of this highly

21  relevant information, which is this 24-page fabricated diary

22  and the testimony around that, communications with law

23  enforcement and the FBI that have no legitimate investigative

24  reporter purpose.

25          So, for those reasons, Judge, I believe the Court

G6ndqium

1    should deny the motion to quash, we should be allowed to

2    proceed forward with the deposition of Ms. Churcher.  If there

3    are particularized objections to the questions because counsel

4    believe that those invade some privilege, they should be raised

5    at that time, and we go forward on a question-by-question basis

6    because most of this information will not be subject to any

7    privilege.

8            Thank you.

9            MR. FEDER:  May I be heard briefly?

10           THE COURT:  Mm-hmm.

11           MR. FEDER:  Thank you.  Just very briefly.

12           First of all, the voicemail that my colleague read is

13   totally consistent with news gathering.  She mentions that it's

14   on deep background, and in trying to cultivate the source she

15   describes herself as almost a friend.  Again, I don't think

16   that type of less formal communication is indicative of a

17   transformation from a journalist into something else.

18           But more problematically, we haven't heard that

19   voicemail.  We haven't seen any of the emails they are talking

20   about because they are redacted; the exhibits containing them

21   were filed under seal.  So we don't know exactly which pieces

22   of information they are trying to seek and which pieces of

23   information they are claiming are not subject to the privilege.

24           I think we can all agree that Ms. Churcher is in fact

25   a journalist, that she did in fact publish stories from

26

G6ndqium

1    actually going back to 2007 that Virginia wasn't named, but

2    from 2007 and certainly 2011 onward, publishing stories about

3    these matters.  So, clearly the Shield Law is floating around

4    here at a minimum somewhere.

5                And they have to make a clear and specific showing for

6    each piece of information that they claim either the Shield Law

7    doesn't apply because she wasn't acting in her capacity as a

8    journalist or that the Shield Law is overcome because it's

9    critical or necessary and they've exhausted alternative

10   sources.  And the Shield Law itself provides that the Court

11   shall order disclosure only of such portions of the news sought

12   as to which the above-described showing has been made and shall

13   support such order with clear and specific findings made after

14   a hearing.

15               So we can't go forward and just deny the motion to

16   quash entirely and just go to a deposition and start answering

17   questions when the Shield Law at a minimum applies to, we would

18   submit, all of it but at a minimum a substantial portion of the

19   information.  We need to see what they're specifically talking

20   about here.

21               THE COURT:  Thank you very much.  I will reserve

22   decision.

23               The motion to quash the Epstein --

24               MR. POE:  May I approach the podium, your Honor?

25               THE COURT:  Yes.  Of course.

G6ndqium

```
1         MR. POE:  Good afternoon, your Honor.  Gregory Poe on
2    behalf of non-party Jeffrey Epstein.  With me, your Honor, is
3    my colleague Rachel Li Wai Suen.
4         THE COURT:  Yes.
5         MR. POE:  Yes, your Honor.  Thank you.
6         We've attempted to be thorough in our briefing so I
7    won't belabor the issues.  I think the key issue is whether in
8    fact an undue burden would exist if Mr. Epstein were subjected
9    at this point to a deposition.  The plaintiff concedes, as the
10   law requires, that evidence must be relevant and admissible.
11   And here the examples the plaintiff's counsel has offered with
12   respect to a 2010 deposition in a different proceeding where
13   Mr. Epstein apparently answered some questions doesn't add
14   anything that the public record already doesn't reveal.  So, in
15   our view, that would not justify a deposition, which leaves
16   really the Fifth Amendment implications that have been
17   represented will be made, and that raises the LiButti issue.
18        And under LiButti, your Honor, really the permeating
19   factor is control.  And the typical case -- really, most of the
20   cases, to the extent courts have addressed this issue, are
21   employee invocations where the corporation for which the
22   employee works is the party, and there the invocation can be
23   imputed because it is controlled.  There is no control here,
24   and the factors that exist don't justify the deposition under
25   the LiButti analysis.  And I would point the Court, as I'm sure
```

G6ndgium

```
1    the Court has reviewed, to docket 228 -- that's the defendant's
2    pleading -- at pages 16 to 18, which lays out both in redacted
3    form, which I have not reviewed, and unredacted form, various
4    bases for why LiButti has not been met here by the plaintiff.
5            But the alternative argument the plaintiff makes,
6    which is this is not ripe for decision, while we certainly
7    concede that it would not be something that is the usual
8    practice in a typical case, this is not a typical case, we
9    would respectfully submit.  And we would ask the Court consider
10   as an alternative holding in abeyance any deposition of
11   Mr. Epstein until the record that the plaintiff refers to has
12   been developed.  That would not result in prejudice to either
13   party, and it would not subject Mr. Epstein to a burden of a
14   deposition or the cost or inconvenience, which, of course, need
15   to be considered with respect to a third party under Rule 45,
16   when, in fact, if we are correct that no litigation purpose
17   would be served, it would by definition, in our view, be an
18   unnecessary cost and inconvenience and, therefore, an undue
19   burden.
20           Finally, your Honor, if the Court -- and, ultimately,
21   if Mr. Epstein is not granted relief with respect to this
22   motion, we would ask in the alternative that the Court prohibit
23   videography for the reasons that we have outlined in our
24   briefs.  The plaintiff's opposition states that Mr. Epstein is
25   asking for preferential treatment.  We make legal arguments,
```

G6ndgium

1    your Honor.  Whether the Court agrees or disagrees with our

2    legal arguments, Mr. Epstein is not asking to be treated better

3    or worse than anybody else under the law.

4           So with that, your Honor, we -- if the Court has any

5    questions, I am prepared to answer them.

6           THE COURT:  Thank you.

7           MR. POE:  Thank you.

8           MS. McCAWLEY:  Your Honor, may I be heard on the

9    motion to quash, please?

10          So with respect to Mr. Epstein, obviously the Court

11   has heard from us previously.  He is at the center of this

12   conspiracy, we allege, with Ms. Maxwell, the defendant.  It

13   would be highly prejudicial to the plaintiff here to not be

14   able to take his deposition.

15          To accommodate his concerns, even though he was

16   sighted just even days ago by his New York mansion, we have

17   agreed to fly down to the U.S. Virgin Islands to handle that

18   deposition.

19          With respect to his concerns over videography, he said

20   he was concerned that that would be leaked to the media, we

21   have a confidentiality order in place in this case and we will

22   gladly mark that as confidential so that is not a concern.

23          It's very important that we are entitled to ask him

24   those questions.  I know his counsel has stated that he intends

25   to take the Fifth.  As the Court well knows, there are many

G6ndgium

```
 1   questions for which you have to have a basis to take the Fifth,
 2   so it can't be just a carte blanche taking of the Fifth.  So
 3   there will be questions that he can answer during that
 4   deposition.
 5           In addition, we're entitled to see his demeanor during
 6   that, to have the jury see his demeanor on video if this goes
 7   to trial.  So it's critical that we are entitled to take that
 8   deposition of Mr. Epstein, who is the co-conspirator here.
 9           With respect to the LiButti case, your Honor, that
10   case addresses, as the Court may well know -- it is a Second
11   Circuit case -- it addresses the standard by which a court can
12   allow a nonparty's invocation of the Fifth Amendment to have an
13   adverse inference against a party in a litigation.  We contend
14   that we meet all of the factors of LiButti, but at this point
15   that would not be the time for the Court to make that decision.
16   Obviously, the deposition needs to take place.  We need to have
17   a record of what he is taking the Fifth on, and then we can
18   make those arguments presumably in a motion in limine for why
19   we believe that that adverse inference should apply.
20           So, your Honor, I submit to you that this deposition
21   is critical to us.  We've done our part in trying to
22   accommodate this witness, and we believe that the deposition
23   should move forward and the motion to quash should be denied.
24           Thank you.
25           MR. PAGLIUCA:  Your Honor, may I make some comments on
```

G6ndqium

1    this motion as well?

2              THE COURT:  Yes.

3              MR. PAGLIUCA:  Thank you.

4              Your Honor, first, I think what I'd like to say to the

5    Court is that, indeed, I wish Mr. Epstein's deposition could go

6    forward.  I have every reason to expect that should Mr. Epstein

7    testify and testify truthfully, his testimony would be of

8    enormous support and corroboration of Ms. Maxwell's version of

9    events in this case.

10             It's important to note, your Honor, that Ms. Maxwell

11   was not the subject of this investigation that led to

12   Mr. Epstein's being charged and pleading guilty.  We just

13   finished the deposition of Detective Recarey, who was the lead

14   deposition -- the lead detective in the case, and he agreed

15   that throughout this investigation he never spoke to

16   Ms. Maxwell.  No one identified Ms. Maxwell as being involved

17   in any of the alleged crimes.  He did not seek any indictment

18   or prosecution against Ms. Maxwell.  And his only investigation

19   relative to Ms. Maxwell was to simply look her up on the

20   Internet.

21             There is no surveillance footage of Ms. Maxwell.  She

22   is not named in any of the affidavits that are filed with the

23   court.  So, in short, Ms. Maxwell was not implicated in any of

24   the conduct that Mr. Epstein was alleged to have committed.

25             It's important background, your Honor, for the next

G6ndqium

1  point here, because the plaintiff has not raised what I think

2  is a very important issue here with regard to the Fifth

3  Amendment, and that is does Mr. Epstein indeed have the ability

4  to assert a Fifth Amendment privilege now in the context of

5  this litigation.  And there are a number of factors that are

6  considered, the first being, and I think it is important to

7  recognize, Mr. Epstein was granted immunity by the United

8  States Attorney in the District of Florida for the conduct that

9  I believe he is going to be questioned about.  And I don't

10  believe that it is appropriate for a witness to assert a Fifth

11  Amendment privilege after they have been granted immunity by

12  the prosecuting authority under 18 United States Code 6001.

13  So, I don't think that there has been any exploration of

14  whether Mr. Epstein can indeed invoke his Fifth Amendment

15  privilege.

16         He also pled guilty to state charges which likely

17  would act as a jeopardy bar and prohibit Mr. Epstein from

18  asserting his Fifth Amendment privilege in the state system to

19  the extent that the immunity from the federal government

20  doesn't cover him, which I submit that it would.

21         There is also the statute of limitations, your Honor,

22  which seems to me has long expired with regard to any of the

23  allegations in this case.

24         Now, why do I raise that, Judge?  They don't really

25  want Mr. Epstein to testify.  That's the point here.  They want

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

G6ndgium

1    to be able to have him assert his Fifth Amendment privilege so

2    that they can then try to back-door this against Ms. Maxwell.

3    And, in effect, they are creating their own little dichotomy

4    here, which is he's taking the Fifth, we want him to take the

5    Fifth, because then we get to just do a list of questions about

6    everything that we want to have an adverse inference about as

7    it relates to Ms. Maxwell, not as to Mr. Epstein.  That is the

8    problem, because they haven't done what they should do to get

9    to that point in the first place.  I think that is a real issue

10   and a real problem for this motion before the Court now.

11         This is simply an attempt to manufacture -- and I use

12   that word deliberately, your Honor -- manufacture self-serving

13   evidence that they can then try to present to a jury through

14   this derivative adverse inference.

15         Final comment:  I have never had a court allow a

16   witness to come into court and assert a Fifth Amendment

17   privilege, whether that be in a criminal case or a civil case.

18   I've never had a court allow a jury to be shown someone's

19   deposition while they are asserting a Fifth Amendment

20   privilege.  I don't understand the point of that.  And it seems

21   to me there is no point in allowing a videotaped deposition of

22   somebody who is going to sit there and say to every question

23   "On the advice of my counsel, I assert my Fifth Amendment

24   privilege."  There is nothing to be served by the added expense

25   of that process.

G6ndgium

```
1          So, your Honor, this is Mr. Epstein's fight, it is not

2   Ms. Maxwell's fight, but it becomes Ms. Maxwell's fight to the

3   extent that we're trying to create evidence down the road that

4   is used against Ms. Maxwell in this proceeding.

5          Thank you.

6          THE COURT:  Thank you.

7          Yes.  Anything further?

8          MR. POE:  Nothing further, your Honor.  Thank you.

9          MS. McCAWLEY:  Your Honor, may I just briefly

10  address -- defendant's counsel didn't file a brief on this so I

11  just want to take a few moments to address the points he has

12  just raised very briefly.

13         First, we would love to have Mr. Epstein give complete

14  testimony in this case.  I look forward to that.  I hope that

15  he will do that for us, and that is why we want to take his

16  deposition.  Ms. Maxwell had given an indication she was going

17  to take the Fifth.  When we deposed her, she didn't.  So things

18  may change.  We need his deposition.

19         Second, with respect to the representations regarding

20  the deposition of Detective Recarey which occurred earlier this

21  week, Detective Recarey did say that he sought to interview

22  Ms. Maxwell in the course of that and did acknowledge that

23  Ms. Maxwell is in the police reports.  I just want to make sure

24  that that is corrected on the record.

25         Thank you, your Honor.
```

A-193

G6ndqium

```
1              THE COURT:  Thank you, all.

2              I will reserve decision.

3              MS. McCAWLEY:  Thank you.

4              THE COURT:  Thank you, all.

5

6                         -   -   -

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| From: | NYSD_ECF_Pool@nysd.uscourts.gov |
|---|---|
| To: | CourtMail@nysd.uscourts.gov |
| Subject: | Activity in Case 1:15-cv-07433-RWS Giuffre v. Maxwell Oral Argument |
| Date: | Monday, June 27, 2016 11:51:50 AM |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 6/27/2016 at 11:51 AM EDT and filed on 6/23/2016

**Case Name:**    Giuffre v. Maxwell
**Case Number:**   1:15-cv-07433-RWS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 6/23/2016 re: [221] MOTION to Quash Subpoena of Jeffrey Epstein or in the Alternative Modify Subpoena and for a Protective Order filed by Jeffrey Epstein, [205] MOTION for Protective Order re Subpoena to Apple, Inc. Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Relevant Data filed by Virginia L. Giuffre, [215] MOTION to Quash subpoena of Sharon Churcher filed by Sharon Churcher, [207] MOTION for Protective Order re the Subpoena to Microsoft Corporation Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Related Data filed by Virginia L. Giuffre. Motion to extend: Granted. Counsel is directed to meet and confer on a further schedule.Confidentiality designation : Motion granted, confidentiality will be maintained.Apple Subpoena: Motion to quash granted.Microsoft Subpoena: Motion to quash granted, with leave to renew.Churcher Subpoena: Decision reserved.Epstein Subpoena: Reserved on the bench (order subsequently filed denied the motion to quash). (Court Reporter Vincent Bologna) (Chan, Tsz)**

**1:15-cv-07433-RWS Notice has been electronically mailed to:**

Laura R. Handman    laurahandman@dwt.com, marnishapiro@dwt.com, wdcdocket@dwt.com, yvettebarnes@dwt.com

Jeffrey S. Pagliuca     jpagliuca@hmflaw.com

Laura A. Menninger     lmenninger@hmflaw.com, alundberg@hmflaw.com, brodriguez@hmflaw.com, nsimmons@hmflaw.com

Rachel S Li Wai Suen     rliwaisuen@poeburton.com, rliwaisuen@gpoelaw.com, wkrebs@gpoelaw.com

Eric Joel Feder     ericfeder@dwt.com

Sigrid S. McCawley     smccawley@bsfllp.com, achristie@bsfllp.com, mschultz@bsfllp.com, sperkins@bsfllp.com

Gregory L. Poe     gpoe@poeburton.com, gpoe@gpoelaw.com

Meredith L Schultz     mschultz@bsfllp.com, dknowlton@bsfllp.com

Paul G Cassell     cassellp@law.utah.edu

Bradley James Edwards     brad@pathotojustice.com, ecf@pathtojustice.com

John Pottinger     stanpottinger@aol.com

**1:15-cv-07433-RWS Notice has been delivered by other means to:**

**A-196**

Case 1:15-cv-07433-RWS   Document 348   Filed 08/09/16   Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X

VIRGINIA L. GIUFFRE,

             Plaintiff,

   - against -

                          15 Civ. 7433 (RWS)


                          STANDING ORDER

GHISLAINE MAXWELL,

             Defendant.

--------------------------------------X

**Sweet, D.J.**

    To reduce unnecessary filings and delay, it is hereby
ordered that letter motions to file submissions under seal
pursuant to the Court's Protective Order, ECF No. 62, are
granted. The Protective Order is amended accordingly such that
filing a letter motion seeking sealing for each submission is no
longer necessary. A party wishing to challenge the sealing of
any particular submission may do so by motion.


           It is so ordered.

New York, NY
August  9  , 2016
                             ROBERT W. SWEET
                                U.S.D.J.

**A-197**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VIRGINIA GIUFFRE,<br><br>     Plaintiff,<br><br> -against-<br><br>GHISLAINE MAXWELL,<br><br>     Defendant. | No. 15 Civ. 7433 (RWS) |

## NOTICE OF MOTION

   PLEASE TAKE NOTICE that upon the accompanying memorandum of law, the

Declaration of Alan M. Dershowitz, and the exhibits attached thereto, Proposed Intervenor Alan

M. Dershowitz will move this Court before the Honorable Robert W. Sweet, United States

District Judge, in the Daniel Patrick Moynihan United States Courthouse , 500 Pearl Street, New

York, NY 10007, at 12:00 noon on Thursday, September 8, 2016, or as soon thereafter as

counsel may be heard, for permission to intervene in this action pursuant to Federal Rule of Civil

Procedure 24(b), and for an Order unsealing certain documents previously filed with the Court,

or in the alternative for an Order modifying the Protective Order previously entered by the Court,

together with such other and further relief as this Court deems just and proper.

   PLEASE TAKE NOTICE that opposition papers, if any, shall be served in accordance

with Local Civil Rule 6.1.


Dated: August 11, 2016
   New York, New York


          EMERY CELLI BRINCKERHOFF
          & ABADY LLP


          _____/s/_____
          Andrew G. Celli, Jr.
          David A. Lebowitz

1

A-198

600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Proposed Intervenor
Alan M. Dershowitz*

# Exhibit C

# EXHIBIT A

Jane Doe 102 v. Jeffrey Epstein
Complaint

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

JANE DOE No. 102,

# 09-80656

Plaintiff,

Civil Action No. _____

## CIV-RYSKAMP

vs.

JEFFREY EPSTEIN,

MAGISTRATE JUDGE
VITUNAC

Defendant.

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

_____/

FILED by _____ D.C.
INTAKE

MAY - 1 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jane Doe No. 102, brings this Complaint against Defendant, Jeffrey Epstein, and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    At all times material to this cause of action, Plaintiff, Jane Doe No. 102, was a resident of Palm Beach County, Florida.

2.    This Complaint is brought under a fictitious name to protect the identity of Plaintiff, Jane Doe No. 102, because this Complaint makes sensitive allegations of sexual assault and abuse of a then minor.

3.    At all times material to this cause of action, Defendant, Jeffrey Epstein, had a residence located at 358 El Brillo Way, Palm Beach, Palm Beach County, Florida.

4.    Defendant, Jeffrey Epstein, is currently a citizen of the State of Florida, as he is currently incarcerated in the Palm Beach County Stockade.

5.    At all times material to this cause of action, Defendant, Jeffrey Epstein, was an adult male born in 1953.



Podhurst Orseck, P.A.

EXHIBIT
C

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami   Fort Lauderdale 954.463.4346   www.podhurst.com

6.     This Court has jurisdiction over this action and the claims set forth herein pursuant to 18 U.S.C. § 2255.

7.     This Court has venue of this action pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

**STATEMENT OF FACTS**

8.     At all relevant times, Defendant, Jeffrey Epstein, was an adult male, spanning the ages of 45 and 55 years old.  Epstein is known as a billionaire financier and money manager with a secret clientele limited exclusively to billionaires.  He is a man of tremendous wealth, power, and influence.  He owns a fleet of aircraft that includes a Gulfstream IV, a helicopter, and a Boeing 727, as well as a fleet of motor vehicles.  Until his incarceration, he maintained his principal place of residence in the largest home in Manhattan, a 51,000-square-foot eight-story mansion on the Upper East Side.  Upon information and belief, he also owns a $6.8 million mansion in Palm Beach, Florida, a $30 million 7,500-acre ranch in New Mexico he named "Zorro," a 70-acre private island known as Little St. James in St. Thomas, U.S. Virgin Islands, a mansion in London's Westminster neighborhood, and a home in the Avenue Foch area of Paris.  The allegations herein concern Defendant's conduct while at his lavish homes and/or numerous other locations both nationally and internationally.

9.     Upon information and belief, Defendant has a sexual preference for underage minor girls.  He engaged in a plan, scheme, or enterprise in which he gained access to countless vulnerable and relatively economically disadvantaged minor girls, and sexually assaulted, molested, and/or exploited these girls, and then gave them money.

10.     Beginning in or around 1998 through in or around September 2007, Defendant used his resources and his influence over vulnerable minor girls to engage in a systematic pattern of sexually exploitative behavior.

2

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346     www.podhurst.com

11.     Defendant's plan and scheme reflected a particular pattern and method. Defendant coerced and enticed impressionable, vulnerable, and relatively economically less fortunate minor girls to participate in various acts of sexual misconduct that he committed upon them.  Defendant's scheme involved the use of underage girls, as well as other individuals, to recruit other underage girls.  Upon information and belief, Defendant and/or an authorized agent would call and alert Defendant's assistants shortly before or after he arrived at his Palm Beach residence.  His assistants would call economically disadvantaged and underage girls from West Palm Beach and surrounding areas who would be enticed by the money being offered and who Defendant and/or his assistants perceived as less likely to complain to authorities or have credibility issues if allegations of improper conduct were made.  The then minor Plaintiff and other minor girls, some as young as 12 years old, were transported to Defendant's Palm Beach mansion by Defendant's employees, agents, and/or assistants in order to provide Defendant with "massages."

12.     Many of the instances of illegal sexual conduct committed by Defendant were perpetrated with the assistance, support, and facilitation of at least three assistants who helped him orchestrate this child exploitation enterprise.  These assistants would often arrange times for underage girls to come to Defendant's residence, transport or cause the transportation of underage girls to Defendant's residence, escort the underage girls to the massage room where Defendant would be waiting or would  enter shortly thereafter, urge the underage girls to remove their clothes, deliver cash from Defendant to the underage girls and/or their procurers at the conclusion of each "massage appointment," and, upon information and belief, take nude photographs and/or videos of the underage girls for Defendant with and/or without their knowledge.  Defendant would pay the procurer of each girl's "appointment" hundreds of dollars.

3

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  •  www.podhurst.com

Case 16-3945, Document 68, 08/24/2017, 2109776, Page218 of 232

**A-204**

Case 09-34791-RBR    Doc 1603-1    Filed 04/08/11    Page 5 of 28
Case 9:09-cv-80656-KAM    Document 1    Entered on FLSD Docket 05/04/2009    Page 4 of 27

13.     Epstein designed this scheme to secure a private place in Defendant's Palm Beach mansion where only persons employed and invited by Epstein would be present, so as to reduce the chance of detection of Defendant's sexual abuse and prostitution as well as to make it more difficult for the minor girls to flee the premises and/or to credibly report his actions to law enforcement or other authorities. The girls were usually transported by his employees, agents, and/or assistants or by a taxicab paid for by Defendant in order to make it difficult for the girls to flee his mansion.

14.     Upon arrival at Defendant's Palm Beach mansion, each underage victim would generally be introduced to one of Defendant's assistants, who would gather the girl's personal contact information. The minor girl would then be led up a flight of stairs to a room that contained a massage table and a large shower. The staircase leading to the room was plastered with nude photographs of young girls, including some photographs depicting two or more young girls engaged in lewd acts. Upon information and belief, Defendant, Jeffrey Epstein, had such photographs in each of his six homes and/or on his computers.

15.     At times, if it was the girl's first "massage" appointment, another female would be in the room to "lead the way" until Defendant would have her leave. Generally, Defendant would start his massage wearing only a small towel, which eventually would be removed. Defendant and/or the other female would direct the girl to massage him, giving the minor girl specific instructions as to where and how he wanted to be touched, and then direct her to remove her clothing. He would then perform one or more lewd, lascivious, and sexual acts, including masturbation, fondling the minor's breasts and/or sexual organs, touching the minor's vulva, vagina, and/or anus with a vibrator and/or back massager and/or his finger(s) and/or his penis, digitally penetrating her vagina, performing intercourse, oral sex, and/or anal sex, and/or coercing or attempting to coerce the girl to engage in lewd acts and/or prostitution and/or

4

Podhurst Orseck, P.A.

enticing the then minor girl to engage in sexual acts with another female in Defendant's presence. The exact degree of molestation and frequency with which the sexual exploitations took place varied and is not yet completely known; however, Defendant committed such acts regularly on a daily basis and, in most instances, several times a day. In order to facilitate the daily exchanges of money for sexual assault and abuse, Defendant kept U.S. currency readily available.

16.   Defendant, Epstein, traveled to his mansion in Palm Beach for the purpose of luring minor girls to his mansion to sexually abuse and/or batter them. He used the telephone to contact these minor girls for the purpose of coercing them into acts of prostitution and to enable himself to commit sexual battery against them and/or acts of lewdness in their presence, and he conspired with others, including assistants and/or his driver(s) and/or pilot(s), and his socialite friend/partner, Ghislaine Maxwell, to further these acts and to avoid police detection. Defendant's systematic pattern of sexually exploitative behavior referred to in paragraph 10 and described in paragraphs 11 through the present paragraph occurred in all of Defendant's domestic and international residences and/or places of lodging and/or modes of transportation.

17.   Consistent with the foregoing plan and scheme, Defendant used his money, wealth, and power to unduly and improperly manipulate and influence the then minor Plaintiff. A vulnerable young girl, Plaintiff was working as a changing room assistant at The Mar-A-Lago Club in Palm Beach making approximately $9 an hour when she was first lured into Defendant's sexually exploitative world. In or about the summer of 1998, when Plaintiff was merely fifteen years old while attending to her duties at Mar-A-Lago, Plaintiff was recruited by Ghislaine Maxwell, who lived, traveled, socialized, and worked with Defendant. Ms. Maxwell asked Plaintiff if she was interested in learning massage therapy and earning a great deal of money while learning the profession. Plaintiff's father, who was a maintenance manager at The Mar-A-

5

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  •  www.podhurst.com

**A-206**

Lago Club, was not apprehensive because he felt comforted that an older woman had approached Plaintiff with this opportunity. As a result, Plaintiff's father dropped off Plaintiff at Defendant's mansion that same day. Ms. Maxwell met Plaintiff and her father outside of Defendant's Palm Beach mansion, where Ms. Maxwell assured the minor girl's father that Ms. Maxwell would provide transportation home for his teenaged daughter. Ghislaine Maxwell led Plaintiff up a flight of stairs to a spa room with a shower and a massage table. Defendant was lying naked on the massage table. Plaintiff was shocked, but, with no experience with massages, thought this could be massage therapy protocol. Ms. Maxwell then took off her own shirt and left on her underwear and started rubbing her breasts across Defendant's body, impliedly showing Plaintiff what she was expected to do. Ms. Maxwell then told Plaintiff to take off her clothes. The minor girl was apprehensive about doing this, but, in fear, proceeded to follow Ms. Maxwell by removing everything but her underwear. She was then ordered to remove her underwear and to straddle Defendant. The encounter escalated, with Defendant and Ms. Maxwell sexually assaulting, battering, exploiting, and abusing Plaintiff in various ways and in various locations, including the steam room and shower. At the end of this sexually exploitive abuse, Defendant and Ms. Maxwell giddily told Plaintiff to return the following day and told her she had "lots of potential." Defendant paid Plaintiff hundreds of dollars, told her it was for two hours of work, and directed one of his employees to drive her home.

18.     Defendant and/or his procurers thereafter lured the then minor Plaintiff to his Palm Beach mansion every day for the next two weeks in order to engage in a similar pattern of sexual exploitation. Defendant and/or his procurers arranged at the end of each incident the transportation and scheduling for the following day's appointment. Additionally, Defendant telephoned the minor Plaintiff himself and/or had Ms. Maxwell telephone Plaintiff to make arrangements. Plaintiff was often times driven to and from Epstein's mansion by Epstein

6

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800, Fax 305.358.2382 • Fort Lauderdale 954.463.4346 • www.podhurst.com

Case 16-3945, Document 68, 08/24/2017, 2109776, Page221 of 232

A-207

Case 09-34791-RBR   Doc 1603-1   Filed 04/08/11   Page 8 of 28
Case 9:09-cv-80656-KAM   Document 1   Entered on FLSD Docket 05/04/2009   Page 7 of 27

himself or his driver. Alternatively, Defendant or Ms. Maxwell would arrange and pay for Plaintiff's transportation home by taxicab.

19.     During Plaintiff's second incident of being sexually exploited and assaulted by Defendant at Defendant's Palm Beach mansion, Defendant asked Plaintiff to quit her job at The Mar-A-Lago Club and travel with him to earn much more money while learning the massage profession. Thus, Plaintiff, an impressionable and vulnerable young girl of modest means, quit her job as a changing room assistant, was lured by Defendant, and continued to be victimized by Defendant, who immersed the minor Plaintiff into Defendant's lewd and abusive lifestyle. Under Defendant's dominion and control, Defendant continuously "groomed" the minor adolescent. Defendant's daily routine required the minor Plaintiff to perform sexually on Defendant multiple times per day and to provide Defendant massages multiple times per day. Plaintiff had absolutely no say as to when, how many times, or what was done during each sexual encounter. Often, Plaintiff was joined by Ms. Maxwell, Ms. Maxwell's assistant, and/or a countless array of young women who would be brought to one of Defendant's homes for the sexual trysts and then be sexually exploited by Defendant.

20.     The first time that Defendant transported Plaintiff to another state in order to engage in sexual acts with her occurred when she was merely fifteen years old and after only two weeks of daily sexually abusive encounters with Defendant. Defendant used his private jet to transport the minor Plaintiff to Manhattan, where he provided her with spending money and accommodations with him at his mansion. From the time that Plaintiff was 15 years old, Defendant abused her to serve his every sexual whim, obtaining and purchasing passports and whatever was needed for her to travel with him and/or for him. Defendant transported Plaintiff in his private jet to locations that included Palm Beach, New York City, Santa Fe, Los Angeles, San Francisco, St. Louis, and numerous other domestic destinations, as well as international

7

destinations, including Europe, the Caribbean, and Africa. He provided accommodations with him in order to have her available to him at all times wherever he went, including while transporting the minor Plaintiff on his private jet. Each time they would travel to one of these destinations, the same pattern of sexual abuse would occur, often with a vast array of aspiring models, actresses, celebrities, and/or other females, including minors, from all over the world. Upon information and belief, Defendant transported minor girls from Turkey, the Czech Republic, Asia, and numerous other countries, many of whom spoke no English. To Plaintiff's knowledge, the only females specifically excluded from Defendant's sexual escapades were African-Americans.

21.    In addition to being continually exploited to satisfy Defendant's every sexual whim, Plaintiff was also required to be sexually exploited by Defendant's adult male peers, including royalty, politicians, academicians, businessmen, and/or other professional and personal acquaintances. Whenever Defendant transported Plaintiff with him in his private jet to any destination, Defendant would pay Plaintiff a flat rate per day while he and/or his above-mentioned associates would sexually exploit and abuse minor Plaintiff.

22.    Most of these acts of abuse occurred during a time when Defendant knew that Plaintiff was approximately 15, 16, and 17 years old, and, after years of daily sexual exploitation, continued into her adulthood. Despite Defendant's stating shortly before Plaintiff's sixteenth birthday that he soon would have to trade her in because she was getting too old, Defendant continued to sexually exploit Plaintiff until she fled at age 19. Defendant's predilection for young girls was well known to those who regularly procured them for him and to his circle of friends. On one of Defendant's birthdays, a friend of Defendant sent him three 12-year-old girls from France who spoke no English for Defendant to sexually exploit and abuse. After doing so, they were sent back to France the next day.

8

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  •  www.podhurst.com

Case 16-3945, Document 68, 08/24/2017, 2109776, Page223 of 232

**A-209**

Case 09-34791-RBR   Doc 1603-1   Filed 04/08/11   Page 10 of 28
Case 9:09-cv-80656-KAM   Document 1   Entered on FLSD Docket 05/04/2009   Page 9 of 27

23.     Any assertions by Defendant that he was unaware of the age of the then minor Plaintiff are belied by his own actions, and are rendered irrelevant by the provision of applicable federal statutes concerning the sexual exploitation and abuse of a minor child.  Defendant, Jeffrey Epstein, at all times material to this cause of action, knew and should have known of Plaintiff's age of minority.  Defendant and Ms. Maxwell acknowledged and celebrated Plaintiff's 16th birthday.  Defendant's preference for underage girls was well-known to those who regularly procured them for him.

24.     As previously stated in paragraph 14, Defendant displayed nude photographs of underage girls throughout his homes in New York City, Palm Beach, Santa Fe, and the U.S. Virgin Islands.  Plaintiff, Jane Doe No. 102, saw photographs of naked young girls in each of Defendant's homes, including a photograph of herself naked at Defendant's home in Palm Beach. When she asked Defendant about it, he stated dismissively that he had naked photographs of her in all of his homes.

25.     Upon information and belief, some of the photographs in Defendant's possession were taken with hidden cameras set up in his home in Palm Beach.  On the day of his arrest, police found two hidden cameras and photographs of underage girls on a computer in Defendant's home.  Upon information and belief, Defendant may have taken lewd photographs of Plaintiff, Jane Doe No. 102, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate and/or foreign commerce.  In addition, while Plaintiff was a minor teenager and upon Ms. Maxwell's insistence after Ms. Maxwell rejected as inappropriate photographs that Plaintiff presented of herself fully clothed, Ms. Maxwell photographed Plaintiff naked in different sexually explicit positions.   Ms. Maxwell then presented these nude photographs of Plaintiff to Defendant as a birthday present for Defendant from Ms. Maxwell.

9

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346     www.podhurst.com

Case 16-3945, Document 68, 08/24/2017, 2109776, Page224 of 232

A-210

Case 09-34791-RBR   Doc 1603-1   Filed 04/08/11   Page 11 of 28
Case 9:09-cv-80656-KAM   Document 1   Entered on FLSD Docket 05/04/2009   Page 10 of 27

Upon information and belief, one or more nude photographs of Plaintiff that were taken when she was a minor were confiscated by the Palm Beach Sheriff's Office during its execution of a search warrant of Defendant's Palm Beach mansion on October 20, 2005. Upon information and belief, those photographs are still in the custody of law enforcement.

26.     It is virtually impossible to calculate the exact number of times that Defendant sexually exploited and abused Plaintiff. From the age of 15, Plaintiff was sexually exploited and abused by Defendant on a daily basis and, most often, multiple times each day. While some of the precise dates these acts occurred are unknown to Plaintiff, these dates are known to Defendant, as he is reported to have kept a written log of each instance in which he engaged in these lewd acts with then minor Plaintiff and others. Upon information and belief, these logs are also in the custody of law enforcement.

27.     In or around September 2002, Defendant purchased a commercial round-trip airline ticket, and provided a passport, U.S. currency, and accommodations for Plaintiff to fly to Thailand. While thousands of miles away from Defendant on this extended trip alone for the first time in more than four years, Plaintiff met, fell in love, and married a young man. She escaped from Defendant's abuse with the help and insistence of her new husband and, instead of returning to Defendant, boarded a plane to Australia with one suitcase.

28.     Since November 2002, Plaintiff has lived a modest life in Australia, while maintaining lines of communication with her family and without contact with Defendant or any of the people in his entourage. However, suddenly, in 2008, Plaintiff received numerous phone calls from one of Defendant's agents. During these phone calls to Plaintiff, he repeatedly asked whether she knew anything about the civil cases against Defendant, whether she knew any of the females who were proceeding with the civil suits, whether she was planning on filing suit, whether she was communicating and/or cooperating with anyone against Defendant, and whether

10

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800, Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

Case 16-3945, Document 68, 08/24/2017, 2109776, Page225 of 232

**A-211**

Case 09-34791-RBR    Doc 1603-1    Filed 04/08/11    Page 12 of 28
Case 9:09-cv-80656-KAM    Document 1    Entered on FLSD Docket 05/04/2009    Page 11 of 27

she would return to the United States to testify. Terrified by Defendant's demonstrated ability to track her down on her changed cell phone number halfway across the world, Plaintiff attempted to reassure Defendant's agent that she would remain quiet. During the course of one of these phone calls from Defendant's agents, Defendant himself spoke on the phone, continued to question her intentions, and, upon being reassured by Plaintiff, thanked her for not getting involved.

29.    Around January 2009, Plaintiff received a letter from the United States Attorney's Office for the Southern District of Florida, informing her of her potential civil claims against Defendant under 18 U.S.C. § 2255. Plaintiff contacted undersigned counsel within days and diligently and repeatedly pursued a good faith viable settlement of her claims against Defendant. Unable to reach a settlement, this lawsuit followed.

30.    As a result of these encounters with Defendant, Plaintiff, Jane Doe No. 102, has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's controlling and manipulating her on a daily basis for years into a perverse and unhealthy way of life.

31.    Defendant, Jeffrey Epstein, committed the above-referenced acts upon Plaintiff in violation of federal statutes condemning the coercion and enticement of a minor to engage in prostitution or sexual activity, travel with intent to engage in illicit sexual conduct, sex trafficking of children, sexual exploitation of minor children, transport of visual depictions of a minor engaging in sexually explicit conduct, transport of child pornography, child exploitation enterprises, and other crimes, specifically including, but not limited to, those crimes designated

11

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    |    www.podhurst.com

Case 16-3945, Document 68, 08/24/2017, 2109776, Page226 of 232

**A-212**

Case 09-34791-RBR   Doc 1603-1   Filed 04/08/11   Page 13 of 28
Case 9:09-cv-80656-KAM   Document 1   Entered on FLSD Docket 05/04/2009   Page 12 of 27

in 18 U.S.C. § 2421, § 2422(a), § 2422(b), § 2423(a), § 2423(b), § 2423(e), § 2251, § 2252, § 2252A(a)(1), and § 2252A(g)(1).

32.    In June 2008, after investigations by the Palm Beach Police Department, the Palm Beach State Attorney's Office, the Federal Bureau of Investigation, and the United States Attorney's Office for the Southern District of Florida, Defendant, Jeffrey Epstein, entered pleas of "guilty" to various Florida state crimes involving the solicitation of minors for prostitution and the procurement of minors for the purposes of prostitution in the Fifteenth Judicial Circuit in Palm Beach County, Florida.  Defendant, Jeffrey Epstein, is in the same position as if he had been tried and convicted of the sexual offenses committed against Plaintiff and, as such, must admit liability unto Plaintiff, Jane Doe No. 102.  Plaintiff hereby exclusively seeks civil remedies pursuant to 18 U.S.C. § 2255.

**COUNT ONE**
**(Cause of Action for Coercion and Enticement of Minor to Engage in Prostitution or**
**Sexual Activity pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2422(b))**

33.    Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

34.    Defendant, Jeffrey Epstein, used a facility or means of interstate and/or foreign commerce to knowingly persuade, induce, entice, or coerce Jane Doe No. 102, when she was under the age of 18 years, to engage in prostitution and/or sexual activity for which any person can be charged with a criminal offense, or attempted to do so, pursuant to 18 U.S.C. § 2255 in violation of 18 U.S.C. § 2422(b).

35.    Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

12

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346    |    www.podhurst.com

Case 16-3945, Document 68, 08/24/2017, 2109776, Page227 of 232

A-213

Case 09-34791-RBR   Doc 1603-1   Filed 04/08/11   Page 14 of 28
Case 9:09-cv-80656-KAM   Document 1   Entered on FLSD Docket 05/04/2009   Page 13 of 27

36.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

### COUNT TWO
**(Cause of Action for Transportation of Minor with Intent to Engage in Criminal Sexual Activity pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2423(a))**

37.     Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

38.     Defendant, Jeffrey Epstein, knowingly transported then minor Plaintiff, Jane Doe No. 102, in interstate and/or foreign commerce, with the intent that Plaintiff engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, in violation 18 U.S.C. § 2423(a). As previously stated in paragraphs 20, 21, and 27,

13

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  |  www.podhurst.com

**A-214**

Defendant transported Plaintiff, Jane Doe No. 102, across state lines and across international borders numerous times from the time that Plaintiff was merely 15 years old through adulthood with the primary intent of sexually exploiting her.

      39.    Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

      40.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

      WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

14

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

**COUNT THREE**
<u>(Cause of Action for Travel with Intent to Engage in Illicit Sexual Conduct pursuant to 18
U.S.C. § 2255 in Violation of 18 U.S.C. § 2423(b))</u>

41.    Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

42.    Upon information and belief, Defendant, Jeffrey Epstein, traveled in interstate and/or foreign commerce with the intent to engage in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with minor females, including the then minor Plaintiff, in violation of 18 U.S.C. § 2423(b).

43.    Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

44.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation,

15

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

Case 16-3945, Document 68, 08/24/2017, 2109776, Page230 of 232

**A-216**

Case 09-34791-RBR    Doc 1603-1    Filed 04/08/11    Page 17 of 28
Case 9:09-cv-80656-KAM    Document 1    Entered on FLSD Docket 05/04/2009    Page 16 of 27

actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as

this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right

by a jury.

**COUNT FOUR**
**(Cause of Action for Coercion and Enticement to Engage in Prostitution or Sexual Activity**
**pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2422(a))**

45.    Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by

reference the allegations contained in paragraphs 1 through 32 above.

46.    Defendant, Jeffrey Epstein, knowingly persuaded, induced, enticed, and/or

coerced Jane Doe No. 102 to travel in interstate and/or foreign commerce to engage in

prostitution and/or sexual activity for which any person can be charged with a criminal offense,

or attempted to do so, pursuant to 18 U.S.C. § 2255 in violation of 18 U.S.C. § 2422(a).

47.    Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in

18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein,

pursuant to this Section of the United States Code.

48.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255

being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered,

and will in the future continue to suffer, physical injury, pain and suffering, emotional distress,

psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment,

loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy,

separation from her family, and other damages associated with Defendant's manipulating and

leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical

and psychological expenses, and Plaintiff will in the future suffer additional medical and

psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn

16

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  |  www.podhurst.com

Case 16-3945, Document 68, 08/24/2017, 2109776, Page231 of 232

**A-217**

Case 09-34791-RBR  Doc 1603-1  Filed 04/08/11  Page 18 of 28
Case 9:09-cv-80656-KAM  Document 1  Entered on FLSD Docket 05/04/2009  Page 17 of 27

income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

**COUNT FIVE**
**(Cause of Action for Transportation with Intent to Engage in Criminal Sexual Activity pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2421)**

49.	Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

50.	Defendant, Jeffrey Epstein, knowingly transported, or attempted to transport, Plaintiff, Jane Doe No. 102, in interstate and/or foreign commerce, with the intent that Plaintiff engage in prostitution and/or in any sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2421. As previously stated in paragraphs 20, 21, and 27, Defendant transported Plaintiff, Jane Doe No. 102, across state lines and across international borders numerous times from the time that Plaintiff was merely 15 years old through adulthood with the primary intent of sexually exploiting her.

51.	Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

52.	As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress,

17

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 • www.podhurst.com

Case 16-3945, Document 68, 08/24/2017, 2109776, Page232 of 232

**A-218**

Case 09-34791-RBR    Doc 1603-1    Filed 04/08/11    Page 19 of 28
Case 9:09-cv-80656-KAM    Document 1    Entered on FLSD Docket 05/04/2009    Page 18 of 27

psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

**COUNT SIX**
**(Cause of Action for Sexual Exploitation of Children pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2251)**

53.    Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

54.    Defendant, Jeffrey Epstein, knowingly persuaded, induced, enticed, or coerced the then minor Plaintiff to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251. As previously stated in paragraphs 14, 24, and 25, Defendant kept and displayed a myriad of nude photographs of underage girls throughout his homes, including his homes in New York City, Palm Beach, Santa Fe, and the U.S. Virgin Islands. Plaintiff, Jane Doe No. 102, saw photographs of naked young girls in each of Defendant's homes, including a photograph of herself naked at Defendant's home in Palm

18

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com