# 16-3945-cv(L),
## 17-1625 (CON), 17-1722 (CON)

# United States Court of Appeals
## for the
## Second Circuit

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

– v. –

GHISLAINE MAXWELL,

*Defendant,*

– v. –

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

ALAN M. DERSHOWITZ, MICHAEL CERNOVICH, dba CERNOVICH MEDIA,

*Intervenors-Appellants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## JOINT APPENDIX
### Volume II of VI (Pages A-219 to A-436)

PAUL CASSELL, ESQ., PROFESSOR
UNIVERSITY OF UTAH
S.J. QUINNEY COLLEGE OF LAW
332 South 1400 East, Room 101
Salt Lake City, Utah 84124
(801) 585-5202

– and –

BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
(954) 356-0011

*Attorneys for Plaintiff-Appellee*

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Intervenor-Appellant
Alan M. Dershowitz*

i

# Table of Contents

**Page**

District Court Docket Entries ...................................................... A-1

Complaint, Dated September 21, 2015 ..................................... A-112

Protective Order of the Honorable Robert W. Sweet,
    Dated March 17, 2016 ............................................................. A-124

Transcript of Proceedings before the Honorable
    Robert W. Sweet, Dated April 21, 2016 ................................. A-130

Transcript of Proceedings before the Honorable
    Robert W. Sweet, Dated June 23, 2016................................... A-159

Minute Entry of Oral Argument before the Honorable
    Robert W. Sweet, Entered on June 27, 2016.......................... A-194

Standing Order of the Honorable Robert W. Sweet,
    Dated August 9, 2016.............................................................. A-196

Notice of Motion by Proposed Intervenor Alan M. Dershowitz
    to Intervene and to Unseal Certain Documents Previously
    Filed with the District Court, Dated August 11, 2016 ........... A-197

Declaration of Proposed Intervenor Alan M. Dershowitz
    in Support of his Motion to Intervene and Unseal,
    Dated August 11, 2016
    (Reproduced in confidential appendix at pp.
    A-654 to A-671)

    Exhibit A to Dershowitz Declaration -

        (i) E-mail Exchange between Sharon Churcher
        and Virginia Giuffre, Dated from May 10, 2011
        to May 12, 2011
        (Reproduced in confidential appendix at pp.
        A-672 to A-674)

        (ii) E-mail Exchange between Sharon Churcher
        and Virginia Giuffre, Dated June 8, 2011
        (Reproduced in confidential appendix at pp.
        A-675 to A-677)

ii

Page

Exhibit B to Dershowitz Declaration -
Excerpts of "The Billionaire's Playboy Club",
by Virginia Roberts
(Reproduced in confidential appendix at pp.
A-678 to A-819)

Exhibit C to Dershowitz Declaration -
Complaint and Demand for Jury Trial, in *Jane Doe No. 102
v. Epstein* (U.S. District Court, Southern District of Florida
Case No. 09-cv-80656), Dated May 1, 2009.......................... A-199

Exhibit D to Dershowitz Declaration -
Order of the Honorable Kenneth A. Mara Denying
Petitioners' Motion to Join Under Rule 21 and Motion
to Amend Under Rule 15, in *Jane Doe 1 et ano. v. USA*
(U.S. District Court, Southern District of Florida Case
No. 08-cv-80736), Dated April 6, 2015 ................................. A-228

Exhibit E to Dershowitz Declaration -
Subpoena to Attend and Produce ........................................... A-239

Exhibit F to Dershowitz Declaration -
Motion to Quash for Protective Order Regarding Subpoena
Served on Non-Party Jane Doe No. 3, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated April 9, 2015 ............................................................... A-245

Exhibit 1 to Motion to Quash -
"Florida judge tosses 'sex slave' claims involving
Prince Andrew, Alan Dershowitz", by Oren Yaniv and
Dareh Gregorian (*NY Daily News*, April 7, 2015) ............. A-260

Exhibit 2 to Motion to Quash -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) ................................................................. A-265

Exhibit 3 to Motion to Quash -
Transcript of CNN News Segment,
Dated January 6, 2015 ......................................................... A-269

Exhibit 4 to Motion to Quash -
Transcript of Australian Broadcasting System News
Segment, Dated January 6, 2015 ........................................ A-278

iii

**Page**

Exhibit 5 to Motion to Quash -
"After Vindication, Alan Dershowitz Vows to Sue
Sex Accuser in Court", by Ilan Shavit
(www.jewishbusinessnews.com, April 8, 2015) ................ A-282

Exhibit 6 to Motion to Quash -
Subpoena to Attend and Produce, Dated March 30, 2015 .... A-286

Exhibit 7 to Motion to Quash -
"Alan Dershowitz Wants Attorney Behind 'Totally False'
Underage Sex Claims to Be Disbarred", by Hilary Lewis
(*The Hollywood Reporter*, January 5, 2015) ...................... A-300

Exhibit 8 to Motion to Quash -
Affidavit of Jane Doe No. 3 in Support of Motion to
Quash or for Protective Order, Sworn to April 9, 2015 ..... A-304

Exhibit 9 to Motion to Quash -
Non-Party Jane Doe No. 3's Objections to Defendant
Alan Dershowitz's Subpoena *duces tecum*,
Dated April 9, 2015 .......................................................... A-307

    Exhibit 1 to Objections to Subpoena *duces tecum* -
    Transcript of Australian Broadcasting System News
    Segment, Dated January 6, 2015
    (Reproduced in non-confidential appendix at
    pp. A-278 to A-281)

    Exhibit 2 to Objections to Subpoena *duces tecum* -
    "Florida judge tosses 'sex slave' claims involving
    Prince Andrew, Alan Dershowitz", by Oren Yaniv and
    Dareh Gregorian (NY Daily News, April 7, 2015)
    (Reproduced in non-confidential appendix at
    pp. A-260 to A-264)

Exhibit G to Dershowitz Declaration -
Deposition Transcript of Virginia Roberts Giuffre, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated January 16, 2016
(Reproduced in confidential appendix at pp.
A-820 to A-1042)

iv

**Page**

Exhibit H to Dershowitz Declaration -
"Lawyers Acknowledge Mistake in Filing Sexual
Misconduct Charges Against Professor Dershowitz"
(Press Release, April 8, 2016)................................ A-330

Exhibit I to Dershowitz Declaration -
"Investigation by Former FBI Director Louis Freeh
Concludes that the Totality of the Evidence Refutes
Allegations Made Against Professor Dershowitz"
(Press Release, April 8, 2016)................................ A-333

Exhibit J to Dershowitz Declaration -
Notice of Withdrawal of Motion for Partial Summary
Judgment, in *Edwards v. Dershowitz* (Circuit Court of the
17th Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated April 8, 2016 .......................... A-338

Exhibit K to Dershowitz Declaration -

(i) "Settlement Reached In Litigation Between Alan
Dershowitz, Paul Cassell, And Bradley Edwards", by
David Lat (www.abovethelaw.com, April 8, 2016) ........... A-342

(ii) "Dershowitz Settles Sex Case, But Is He Vindicated?",
by Vivia Chen (www.law.com, April 10, 2016) ................ A-351

(iii) "Alan Dershowitz Extends Truce Offer to
David Boies Amid Bitter Feud", by John Lamparski
(Bloomberg Law, April 11, 2016)...................................... A-357

(iv) "Did Dershowitz Pay Big Bucks to Settle Sex Case?",
by Vivia Chen (*The American Lawyer*, April 11, 2016).... A-364

(v) "Epstein victim's attorneys clarify statement",
by Michele Dargan (*Palm Beach Daily News*,
April 11, 2016) ................................................................ A-366

(vi) "Defamation case settled over sex-misconduct
accusations against lawyer Alan Dershowitz",
by Jay Weaver (*Miami Herald*, April 11, 2016) ................ A-367

(vii) "Alan Dershowitz and 2 Other Lawyers Settle Suite
and Counter Claim", by Barry Meier (*The New York
Times*, April 12, 2016)...................................................... A-375

(viii) "What's Everyone Hiding in the Dershowitz Case?",
by Vivia Chen (*The American Lawyer*, April 14, 2016).... A-378

v

**Page**

(ix) "Dershowitz, Croghan, DeRosa: Busy season in Palm
Beach court cases", by Michele Dargan (*Palm Beach
Daily News*, May 1, 2016).................................................. A-380

Exhibit L to *Dershowitz* Declaration -
Protective Order of the Honorable Robert W. Sweet,
Dated March 17, 2016
(Reproduced in non-confidential appendix at pp.
A-124 to A-129)

Exhibit M to Dershowitz Declaration -
Reply Memorandum of Law in Further Support of
Non-Party Sharon Churcher's Motion to Quash
Subpoena, Dated July 5, 2016
(Reproduced in confidential appendix at pp.
A-1043 to A-1057)

Exhibit N to Dershowitz Declaration -
E-mail from Susan Moss to Thomas E. Scott,
Steven R. Safra, Richard Simpson and Others,
Dated November 4, 2015 ....................................................... A-382

Supplemental Declaration of Proposed Intervenor Alan M.
Dershowitz in Support of his Motion to Intervene
and Unseal, Dated August 19, 2016....................................... A-384

Declaration of Sigrid S. McCawley, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion
to Intervene and Unseal, with Exhibits 1 through 23,
Dated August 29, 2016
(Reproduced in confidential appendix at pp.
A-1058 to A-1254)

Declaration of Paul G. Cassell, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion
to Intervene and Unseal, with Exhibits 1 through 4,
Dated August 29, 2016
(Reproduced in confidential appendix at pp.
A-1255 to A-1333)

Reply Declaration of Proposed Intervenor Alan M. Dershowitz
in Further Support of his Motion to Intervene and Unseal,
Dated September 14, 2016
(Reproduced in confidential appendix at pp.
A-1334 to A-1360)

vi

Exhibit O to Dershowitz Reply Declaration -
Excerpts of Deposition Transcripts of Paul G. Cassell, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated October 16, 2015, and October 17, 2015 ..................... A-388

Exhibit P to Dershowitz Reply Declaration -
Excerpts of Deposition Transcript of Alan M. Dershowitz,
in *Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated October 16, 2015 ....................................................... A-396

Exhibit Q to Dershowitz Reply Declaration -
Affidavit of Juan P. Alessi, in *Jane Doe No. 2 v. Epstein*
(U.S. District Court, Southern District of Florida Case
No. 08-cv-80119), Sworn to January 13, 2016 ..................... A-400

Exhibit R to Dershowitz Reply Declaration -
Excerpts of Deposition Transcript of Sarah Kellen, in *Jane
Doe 2 v. Epstein* (U.S. District Court, Southern District of
Florida Case No. 08-cv-80119), Dated March 24, 2010 ........ A-406

Exhibit S to Dershowitz Reply Declaration -

    (i) Letter from Alan M. Dershowitz to Jack Scarola,
    Dated August 15, 2011 ....................................................... A-410

    (ii) Letter from Jack Scarola to Alan M. Dershowitz,
    Dated August 23, 2011 ....................................................... A-412

    (iii) E-mail from Alan M. Dershowitz to Mary E. Pirrotta,
    Dated September 7, 2011 .................................................... A-413

Exhibit T to Dershowitz Reply Declaration -
"Teenage girl recruited by paedophile Jeffrey Epstein
reveals how she twice met Bill Clinton", by Sharon
Churcher (*Daily Mail*, March 5, 2011) .................................. A-414

Exhibit U to Dershowitz Reply Declaration -
Excerpts of Deposition Transcripts of Alfredo Rodriguez,
in *Jane Doe No. 2 v. Epstein* (U.S. District Court,
Southern District of Florida Case No. 08-cv-80119),
Dated July 29, 2009, and August 7, 2009 ............................. A-423

Exhibit V to Dershowitz Reply Declaration -
Transcript of Telephone Interview with Virginia Roberts,
Dated April 7, 2011 .............................................................. A-430

Exhibit W to Dershowitz Reply Declaration -
Redacted Affidavit of Virginia Roberts,
Sworn to January 19, 2015 ................................................. A-454

    Exhibit 1 to Roberts Redacted Affidavit -
    Letter from A. Marie Villafana to Virginia Roberts,
    Dated September 3, 2008 ................................................. A-469

    Exhibit X to Dershowitz Reply Declaration -
    Transcript of Non-Party Virginia Roberts' Emergency
    Motion to Seal, in *Edwards v. Dershowitz* (Circuit Court
    of the 17th Judicial Circuit, Broward County, Florida Case
    No. 15-000072), Dated December 18, 2015 ......................... A-474

Notice of Appeal by Proposed Intervenor Alan M. Dershowitz,
    Dated November 21, 2016 ................................................. A-508

Notice of Motion by Proposed Intervenor Cernovich Media
    to Intervene and to Unseal Certain Documents Previously
    Filed with the District Court, Dated January 19, 2017 ........... A-509

Declaration of Michael Cernovich, for Proposed Intervenor
    Cernovich Media, in Support of its Motion to Intervene
    and Unseal, Dated January 19, 2017 ..................................... A-512

Declaration of Sigrid S. McCawley, for Plaintiff, in Opposition
    to Proposed Intervenor Cernovich Media's Motion to
    Intervene and Unseal, Dated February 2, 2017 ..................... A-514

    Exhibit 1 to McCawley Declaration -
    Transcript of Australian Broadcasting System News
    Segment, Dated January 6, 2015
    (Reproduced in non-confidential appendix at pp.
    A-278 to A-281)

    Exhibit 2 to McCawley Declaration -
    "Alan Dershowitz: 'Sex slave' accuser is serial liar,
    prostitute", by Bob Norman (www.local10.com,
    January 22, 2015)
    (Reproduced in non-confidential appendix at pp.
    A-265 to A-268)

Declaration of Jay M. Wolman, for Proposed Intervenor
    Cernovich Media, in Further Support of its Motion to
    Intervene and Unseal, Dated February 9, 2017 ..................... A-528

viii

**Page**

Exhibit 1 to Wolman Declaration -
"Pedophile Jeffrey Epstein is accused of luring an underage
girl into his elaborate sex trafficking enterprise under the
guise of using his wealth and connections to get her into
a prestige NYC college", by Martin Gould (*Daily Mail*,
January 27, 2017) ................................................ A-530

Exhibit 2 to Wolman Declaration -
"High-profile cases: Crimes that shook Palm Beach through
the decades", by Palm Beach Daily News Staff (*Palm Beach
Daily News*, February 2, 2017) ............................... A-563

Exhibit 3 to Wolman Declaration -
Cast and Crew of "Silenced: Our War on Free Speech"
(www.silencedmovie.com).................................... A-572

Memorandum of Law by Proposed Intervenor Alan M.
Dershowitz in Support of Proposed Intervenor Cernovich
Media's Motion to Intervene and Unseal,
Dated February 10, 207 ........................................ A-579

Transcript of Proceedings before the Honorable
Robert W. Sweet, Dated February 16, 2017 ............... A-582

Plaintiff's Motion to Exclude Proposed Intervenor Cernovich
Media's Opposition to Notice of Intent to Request Redaction
of February 16, 20107 Hearing Transcript,
Dated March 21, 2017.......................................... A-645

Sealed Opinion of the Honorable Robert W. Sweet,
Dated March 22, 2017
(Reproduced in confidential appendix at pp.
A-1361 to A-1436)

Letter from Eric J. Feder to the Honorable Robert W. Sweet,
Dated May 4, 2017.............................................. A-648

Notice of Appeal by Proposed Intervenor Cernovich Media,
Dated May 31, 2017............................................ A-652

## **Confidential Material**

Declaration of Proposed Intervenor Alan M. Dershowitz
in Support of his Motion to Intervene and Unseal,
Dated August 11, 2016........................................ A-654

ix

**Page**

Exhibit A to Dershowitz Declaration -

(i) E-mail Exchange between Sharon Churcher
and Virginia Giuffre, Dated from May 10, 2011
to May 12, 2011................................................................ A-672

(ii) E-mail Exchange between Sharon Churcher
and Virginia Giuffre, Dated June 8, 2011 ......................... A-675

Exhibit B to Dershowitz Declaration -
Excerpts of "The Billionaire's Playboy Club",
by Virginia Roberts ................................................................ A-678

Exhibit G to Dershowitz Declaration -
Deposition Transcript of Virginia Roberts Giuffre, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated January 16, 2016........................................................ A-820

Exhibit M to Dershowitz Declaration -
Reply Memorandum of Law in Further Support of
Non-Party Sharon Churcher's Motion to Quash Subpoena,
Dated July 5, 2016................................................................ A-1043

Declaration of Sigrid S. McCawley, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion to
Intervene and Unseal, Dated August 29, 2016.................... A-1058

Exhibit 1 to McCawley Declaration -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) ................................................................ A-1063

Exhibit 2 to McCawley Declaration -
Flight Logs .......................................................................... A-1067

Exhibit 3 to McCawley Declaration -
"Criticism Prompts 'GMA' to Flip Fuhrman's Title, Ax
Pay", by Gail Shister (*Miami Herald*, March 18, 2000) ...... A-1077

Exhibit 4 to McCawley Declaration -
Excerpts of Deposition Transcript of Virginia Roberts
Giuffre, in *Edwards v. Dershowitz* (Circuit Court of the 17th
Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated January 16, 2016 .................................. A-1081

x

**Page**

Exhibit 5 to McCawley Declaration -
"Kiddie Porn, Sex Toys & Worse: Clinton Pal Jeffrey
Epstein's Pedophile Palace Revealed", by Radar Staff
(www.radaronline.com, July 7, 2016)................................. A-1087

Exhibit 6 to McCawley Declaration -
Excerpts of Deposition Transcript of Juan P. Alessi, in
*Jane Doe No. 2 v. Epstein* (U.S. District Court, Southern
District of Florida Case No. 08-cv-80119),
Dated September 8, 2009 .................................................... A-1090

Exhibit 7 to McCawley Declaration -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) ................................................................ A-1095

Exhibit 8 to McCawley Declaration -
Excerpts of Deposition Transcripts of Alfredo Rodriguez,
in *Jane Doe No. 2 v. Epstein* (U.S. District Court,
Southern District of Florida Case No. 08-cv-80119),
Dated July 29, 2009 and August 7, 2009 ............................ A-1099

Exhibit 9 to McCawley Declaration -

(i) Excerpts of Deposition Transcript of Nadia
Marcinkova, in *Jane Doe v. Epstein* (U.S. District Court,
Southern District of Florida Case No. 08-cv-80893),
Dated April 13, 2010 ........................................................ A-1107

(ii) Excerpts of Deposition Transcript of Sarah Kellen,
in *Jane Doe 2 v. Epstein* (U.S. District Court, Southern
District of Florida Case No. 08-cv-80119),
Dated March 24, 2010 ...................................................... A-1111

(iii) Excerpts of Deposition Transcript of Adriana Ross,
in *Jane Doe v. Epstein* (U.S. District Court, Southern
District of Florida Case No. 08-cv-80893),
Dated March 15, 2010 ...................................................... A-1117

Exhibit 10 to McCawley Declaration -

(i) Excerpts of Deposition Transcript of Joseph Recarey,
Dated June 21, 2016 ......................................................... A-1121

(ii) "How Alan Dershowitz bullied rape victims to protect
a serial child molester", by Rania Khalek (*The Electronic
Intifada*, January 10, 2015)............................................... A-1126

**Page**

Exhibit 11 to McCawley Declaration -
Notice of Appeal, in *Edwards v. Dershowitz* (Circuit Court
of the 17th Judicial Circuit, Broward County, Florida Case
No. 15-000072), Dated May 27, 2016 ................................ A-1131

Exhibit 12 to McCawley Declaration -
Order of the Honorable Thomas M. Lynch, IV on Boies,
Schiller & Flexner LLP and Jane Doe No. 3's Motions to
Quash Subpoenas or for Protective Order, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated November 12, 2015 .................................................. A-1136

Exhibit 13 to McCawley Declaration -
Excerpts of Deposition Transcript of Virginia Giuffre,
Dated May 3, 2016 .............................................................. A-1139

Exhibit 14 to McCawley Declaration -
Excerpts of Transcript of Non-Party Virginia Roberts'
Emergency Motion to Seal, in *Edwards v. Dershowitz*
(Circuit Court of the 17th Judicial Circuit, Broward County,
Florida Case No. 15-000072), Dated December 18, 2015 ... A-1142

Exhibit 15 to McCawley Declaration -
Order of the Honorable Thomas M. Lynch, IV on Boies,
Schiller & Flexner LLP's Motion to Seal, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated December 18, 2015 .................................................... A-1149

Exhibit 16 to McCawley Declaration -
Motion to Strike and for Sanctions, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated December 16, 2015 .................................................... A-1151

Exhibit 17 to McCawley Declaration -
Sealed, Unredacted Supplemental Motion to Strike and for
Sanctions, in *Edwards v. Dershowitz* (Circuit Court of the
17th Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated January 28, 2016 .................................. A-1160

Exhibit 18 to McCawley Declaration -
Transcript of Proceedings before the Honorable
Robert W. Sweet, Dated March 17, 2016 ........................... A-1168

xii

**Page**

Exhibit 19 to McCawley Declaration -
Transcript of Proceedings before the Honorable
Robert W. Sweet, Dated April 21, 2016 ............................ A-1204

Exhibit 20 to McCawley Declaration -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) ............................................................. A-1234

Exhibit 21 to McCawley Declaration -
Transcript of CNN News Segment, Dated January 6, 2015. A-1238

Exhibit 22 to McCawley Declaration -
Transcript of Australian Broadcasting System News
Segment, Dated January 6, 2015......................................... A-1247

Exhibit 23 to McCawley Declaration -
"After Vindication, Alan Dershowitz Vows to Sue
Sex Accuser in Court", by Ilan Shavit
(www.jewishbusinessnews.com, April 8, 2015).................. A-1251

Declaration of Paul G. Cassell, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion
to Intervene and Unseal, Dated August 29, 2016................. A-1255

Exhibit 1 to Cassell Declaration -
Excerpts of Deposition Transcript of Paul G. Cassell, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated October 16, 2015 ...................................................... A-1268

Exhibit 2 to Cassell Declaration -
Order of the Honorable Thomas M. Lynch, IV on Boies,
Schiller & Flexner LLP and Jane Doe No. 3's Motions to
Quash Subpoenas or for Protective Order, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated November 12, 2015
(Reproduced in confidential appendix at pp.
A-1136 to A-1138)

xiii

**Page**

Exhibit 3 to Cassell Declaration -
Order of the Honorable Thomas M. Lynch, IV Granting
Unopposed Motion for Order of Non-Waiver of Privilege,
in *Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated June 16, 2015 ........................................................... A-1328

Exhibit 4 to Cassell Declaration -
Notice of Withdrawal of Motion for Partial Summary
Judgment, in *Edwards v. Dershowitz* (Circuit Court of the
17th Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated April 8, 2016 ....................................... A-1330

Reply Declaration of Proposed Intervenor Alan M. Dershowitz
in Further Support of his Motion to Intervene and Unseal,
Dated September 14, 2016 .................................................. A-1334

Sealed Opinion of the Honorable Robert W. Sweet,
Dated March 22, 2017 ........................................................ A-1361

Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page15 of 130

A-219

Case 09-34791-RBR    Doc 1603-1    Filed 04/08/11    Page 20 of 28
Case 9:09-cv-80656-KAM    Document 1    Entered on FLSD Docket 05/04/2009    Page 19 of 27

Beach.  Upon information and belief, many of the photographs in the possession of Defendant were taken with hidden cameras set up in his home in Palm Beach.  On the day of his arrest, police found two hidden cameras and photographs of underage girls on a computer in Defendant's home.  Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd photographs of Plaintiff, Jane Doe No. 102, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate and/or foreign commerce.  Upon information and belief, one or more nude photographs of Plaintiff that were taken when she was a minor were confiscated by the Palm Beach Sheriff's Office during its execution of a search warrant of Defendant's Palm Beach mansion on October 20, 2005.  Upon information and belief, those photographs are still in the custody of law enforcement.

55.    Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

56.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life.  The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn

19

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800, Fax 305.358.2382  •  Fort Lauderdale 954.463.4346  |  www.podhurst.com

Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page16 of 130

A-220

Case 09-34791-RBR   Doc 1603-1   Filed 04/08/11   Page 21 of 28
Case 9:09-cv-80656-KAM   Document 1   Entered on FLSD Docket 05/04/2009   Page 20 of 27

income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT SEVEN
### (Cause of Action for Transport of Visual Depiction of Minor Engaging in Sexually Explicit Conduct pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252(a)(1))

57. Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

58. Defendant, Jeffrey Epstein, knowingly mailed, transported, shipped, or sent via computer and/or facsimile in or affecting interstate and/or foreign commerce at least one visual depiction of the minor Plaintiff engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). As previously stated in paragraphs 14, 24, and 25, Defendant displayed a myriad of nude photographs of underage girls throughout his homes, including his homes in New York City, Palm Beach, Santa Fe, and the U.S. Virgin Islands. Plaintiff, Jane Doe No. 102, saw photographs of naked young girls in each of Defendant's homes, including a photograph of herself naked as a minor at Defendant's home in Palm Beach. As previously stated in paragraph 24, Defendant told Plaintiff that he had photographs of her naked in all of his homes. Upon information and belief, many of the photographs in the possession of Defendant were taken with hidden cameras set up throughout his home in Palm Beach. On the day of his arrest, police found two hidden cameras and nude photographs of underage girls on a computer in Defendant's home. Upon information and belief, Defendant, Jeffrey Epstein, may have taken lewd

20

Podhurst Orseck, P.A.

Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page17 of 130

A-221

Case 09-34791-RBR   Doc 1603-1   Filed 04/08/11   Page 22 of 28
Case 9:09-cv-80656-KAM   Document 1   Entered on FLSD Docket 05/04/2009   Page 21 of 27

photographs of Plaintiff, Jane Doe No. 102, with his hidden cameras and may have transported lewd photographs of Plaintiff (among many other victims) to his other residences and elsewhere using a facility or means of interstate and/or foreign commerce. Upon information and belief, one or more nude photographs of Plaintiff that were taken when she was a minor were confiscated by the Palm Beach Sheriff's Office during its execution of a search warrant of Defendant's Palm Beach mansion on October 20, 2005. Upon information and belief, those photographs are still in the custody of law enforcement.

59.     As previously stated in paragraph 23, any assertions by Defendant that he was unaware of the age of the then minor Plaintiff are belied by his actions and rendered irrelevant by the provision of applicable federal and state statutes concerning the sexual exploitation and abuse of a minor child. Defendant, Jeffrey Epstein, at all times material to this cause of action, knew and should have known of Plaintiff's age of minority. Defendant's preference for underage girls was well-known to those who regularly procured them for him.

60.     Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

61.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and

21

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page18 of 130

A-222

Case 09-34791-RBR   Doc 1603-1   Filed 04/08/11   Page 23 of 28
Case 9:09-cv-80656-KAM   Document 1   Entered on FLSD Docket 05/04/2009   Page 22 of 27

psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT EIGHT
### (Cause of Action for Transport of Child Pornography pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252A(a)(1))

62.     Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above.

63.     Defendant, Jeffrey Epstein, knowingly mailed, transported, shipped, or sent via computer and/or facsimile in or affecting interstate and/or foreign commerce child pornography in violation of 18 U.S.C. § 2252A(a)(1).

64.     Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

65.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and

22

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346   |   www.podhurst.com

Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page19 of 130

A-223

Case 09-34791-RBR   Doc 1603-1   Filed 04/08/11   Page 24 of 28
Case 9:09-cv-80656-KAM   Document 1   Entered on FLSD Docket 05/04/2009   Page 23 of 27

leading her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT NINE
### (Cause of Action for Engaging in a Child Exploitation Enterprise pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252A(g))

66.     Plaintiff, Jane Doe No. 102, hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 32 above and Counts One through Eight above.

67.     Defendant, Jeffrey Epstein, knowingly engaged in a child exploitation enterprise, as defined in 18 U.S.C. § 2252A(g)(2), in violation of 18 U.S.C. § 2252A(g)(1). As more fully set forth above, Defendant engaged in actions that constitute countless violations of 18 U.S.C. § 1591 (sex trafficking of children), Chapter 110 (sexual exploitation of children in violation of 18 U.S.C. §§ 2251, 2252(a)(1), and 2252(A)(a)(1)), and Chapter 117 (transportation for illegal sexual activity in violation of 18 U.S.C. §§ 2421, 2422, and 2423). As more fully set forth above in paragraphs 9 through 32, Defendant's actions involved countless victims and countless separate incidents of sexual abuse, which he committed against minors, including Plaintiff, in concert with at least three other persons.

23

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

68.     Plaintiff, Jane Doe No. 102, was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code.

69.     As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and leading her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future suffer additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe No. 102, demands judgment against Defendant, Jeffrey Epstein, for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

Date:   May 1, 2009

Robert C. Josefsberg by KWE
Robert C. Josefsberg, Bar No. 040856
Katherine W. Ezell, Bar No. 114771
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800
(305) 358-2382 (fax)
rjosefsberg@podhurst.com

24

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

kezell@podhurst.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands to have her case tried before a jury.

Robert C. Josefsberg *by kwe*
Robert C. Josefsberg, Bar No. 040856
Katherine W. Ezell, Bar No. 114771
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800
(305) 358-2382 (fax)
rjosefsberg@podhurst.com
kezell@podhurst.com

*Attorneys for Plaintiff*

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jane Doe No. 102 | Jeffrey Epstein |

| (b) County of Residence of First Listed Plaintiff    West Palm Beach | County of Residence of First Listed Defendant    West Palm Beach |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |

(c) Attorney's (Firm Name, Address, and Telephone Number)

Robert C. Josefsberg, Esq./Katherine W. Ezell, Esq.
Podhurst Orseck, P.A.
25 W. Flagler St., Suite 800
Miami, FL 33130    09-CV- 80656-Ryskamp

(d) Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE    Vitunac
HIGHLANDS

Attorneys (If Known)
Jack A. Goldberger, Esq., Atterbury Goldberger, et al., 250 S.
Australian Ave., #1400, West Palm Beach, FL 33401 and Robert D.

FILED
MAY 1 2009
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☑ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | Security Act | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | | Under Equal Access |
| | Employment | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**PERSONAL INJURY**
☐ 362 Personal Injury -
Med. Malpractice
☐ 365 Personal Injury -
Product Liability
☐ 368 Asbestos Personal
Injury Product
Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal
Property Damage
☐ 385 Property Damage
Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate
Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Re-filed-
(see VI below)

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions
second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☑ YES ☐ NO

JUDGE Kenneth A. Marra    DOCKET NUMBER  See Attached

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

18 U.S.C. 2255 (Predicate Statutes 18 U.S.C. 2422(b), 2423(b), 2423(e), 2251, 2252, 2252A(a)(1), 2252A(g)(1)

LENGTH OF TRIAL via  4  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD    Katherine W. Ezell    DATE  5/1/09

FOR OFFICE USE ONLY

AMOUNT  350.00    RECEIPT #  9100080

05/01/09

Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page23 of 130

A-227

Case 09-34791-RBR    Doc 1603-1    Filed 04/08/11    Page 28 of 28
Case 9:09-cv-80656-KAM    Document 1    Entered on FLSD Docket 05/04/2009    Page 27 of 27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**ATTACHMENT TO CIVIL COVER SHEET**
**FOR: Jane Doe 101 v. Jeffrey Epstein**

VI:      RELATED/RE-FIELD CASE(S):

08-80069
08-80119
08-80232
08-80380
08-80381
08-08804
08-80811
08-80893
08-80993
08-80994
08-80469
09-80591

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:08-CV-80736-KAM

JANE DOE 1 and JANE DOE 2,

      Petitioners,

vs.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER DENYING PETITIONERS' MOTION TO JOIN UNDER RULE 21 AND MOTION TO AMEND UNDER RULE 15

      This cause is before the Court on Jane Doe 3 and Jane Doe 4's Corrected Motion Pursuant to Rule 21 for Joinder in Action ("Rule 21 Motion") (DE 280), and Jane Doe 1 and Jane Doe 2's Protective Motion Pursuant to Rule 15 to Amend Their Pleadings to Conform to Existing Evidence and to Add Jane Doe 3 and Jane Doe 4 as Petitioners ("Rule 15 Motion") (DE 311). Both motions are ripe for review. For the following reasons, the Court concludes that they should be denied.

## I. Background

      This is an action by two unnamed petitioners, Jane Doe 1 and Jane Doe 2, seeking to prosecute a claim under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771. (DE 1). Generally, they allege that the respondent Government violated their rights under the CVRA by failing to consult with them before negotiating a non-prosecution agreement with Jeffrey Epstein, who subjected them to various sexual crimes while they were minors. (Id.). Petitioners initiated this action in July 2008. (Id.).

On December 30, 2014, two other unnamed victims, Jane Doe 3 and Jane Doe 4, moved to join as petitioners in this action pursuant to Federal Rule of Civil Procedure 21. (DE 280). Petitioners (Jane Doe 1 and Jane Doe 2) support the Rule 21 Motion. (Id. at 11). Jane Doe 3 and Jane Doe 4 argue that they "have suffered the same violations of their rights under the [CVRA] as the" Petitioners, and they "desire to join in this action to vindicate their rights as well." (Id. at 1). The Government vehemently opposes joinder under Rule 21. (DE 290). The Government argues that Rule 15 is the proper procedural device for adding parties to an action, not Rule 21. (Id. at 1).

"[O]ut of an abundance of caution," Petitioners filed a motion to amend their petition under Rule 15, conforming the petition to the evidence and adding Jane Doe 3 and Jane Doe 4 as petitioners. (DE 311 at 2). The Government opposes the Rule 15 Motion as well. (DE 314). Among other things, the Government argues that amending the petition to include Jane Doe 3 and Jane Doe 4 should be denied because of their undue delay in seeking to join the proceedings, and the undue prejudice that amendment will cause. (Id.).

After considering the parties' submissions and the proposed amended petition, the Court finds that justice does not require amendment in this instance and exercises its discretion to deny the amendment.

## II. Discussion

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Laurie v. Ala. Ct. Crim. Apps., 256 F.3d 1266, 1274 (11th Cir. 2001). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice does not require amendment in several instances, "includ[ing] undue delay, bad faith, dilatory motive

Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page27 of 130

A-231

Case 9:08-cv-80736-KAM Document 361-4 Filed 06/14/16 Page 3 of 10   Case 9:08-cr-80736-RWS Document 304 Entered on FLSD Docket 06/11/2015 Page 3 of 1

on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Laurie, 256 F.3d at 1274 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). In addition to considering the effect of amendment on the parties, the court must consider "the importance of the amendment on the proper determination of the merits of a dispute." 6 Wright & Miller, Fed. Prac. & Fed. P. § 1488, p. 814 (3d ed. 2010). Justice does not require amendment where the addition of parties with duplicative claims will not materially advance the resolution of the litigation on the merits. See Herring v. Delta Air Lines, Inc., 894 F.2d 1020, 1024 (9th Cir. 1989).

### A.     Rule 21 Motion

Jane Doe 3 and Jane Doe 4's first attempt to join in this proceeding was brought under Rule 21. (DE 280). "If parties seek to add a party under Rule 21, courts generally use the standard of Rule 15, governing amendments to pleadings, to determine whether to allow the addition." 12 Wright & Miller, Fed. Prac. & Fed. P., p. 432 (3d ed. 2013); see also Galustian v. Peter, 591 F.3d 724, 729-30 (4th Cir. 2010) (collecting cases and noting that Rule 15(a) applies to amendments seeking to add parties); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) ("A motion to add a party is governed by Fed. R. Civ. P. 15(a) . . . .").

Rule 21, "Misjoinder and Non-joinder of Parties," provides the court with a tool for correcting the "misjoinder" of parties that would otherwise result in dismissal. Fed. R. Civ. P. 21. Insofar as Rule 21 "relates to the addition of parties, it is intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." United States v. Com. Bank of N. Am., 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotation marks omitted).

In their Rule 21 Motion, Jane Doe 3 and Jane Doe 4 do not claim that they were omitted from this proceeding due to any "inadvertence" or "mistake" by Petitioners; rather, they seek to join this proceeding as parties that could have been permissively joined in the original petition under Rule 20 ("Permissive Joinder of Parties"). As courts generally use the standards of Rule 15 to evaluate such circumstances, the Court will consider the joinder issue as presented in the Rule 15 Motion.[1] The Court will consider the arguments presented in the Rule 21 Motion as if they are set forth in the Rule 15 Motion as well. Because the arguments are presented in the Rule 15 Motion (and because the Court is denying the Rule 15 Motion on its merits, as discussed below), the Rule 21 Motion will be denied.

The Court also concludes that portions of the Rule 21 Motion—and related filings—should be stricken from the record. Pending for this Court's consideration is a Motion for Limited Intervention filed by Alan M. Dershowitz, who seeks to intervene to "strike the outrageous and impertinent allegations made against him and [to] request[] a show cause order to the attorneys that have made them." (DE 282 at 1). The Court has considered Mr. Dershowitz's arguments, but it finds that his intervention is unnecessary as Federal Rule of Civil Procedure 12(f) empowers the Court "on its own" to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Petitioners' Rule 21 Motion consists of relatively little argumentation regarding why the Court should permit them to join in this action: they argue that (1) they were sexually abused by

---

[1] The Court notes that, regardless of which motion it considers, the same standard governs the addition of parties under Rule 21 and Rule 15. See Goston v. Potter, No. 08-cv-478 FJS ATB, 2010 WL 4774238, at *5 (N.D.N.Y. 2010) (citing Bridgeport Music, Inc. v. Universal Music Grp., Inc., 248 F.R.D. 408, 412 (S.D.N.Y. 2008)).

4

Jeffrey Epstein, and (2) the Government violated their CVRA rights by concealing the non-prosecution agreement with them.  (DE 280 at 3; <u>see</u> <u>id.</u> at 7-8).  However, the bulk of the Rule 21 Motion consists of copious factual details that Jane Doe 3 and Jane Doe 4 "would prove" "[i]f allowed to join this action."  (<u>Id.</u> at 3, 7).  Specifically, Jane Doe 3 proffers that she could prove the circumstances under which a non-party introduced her to Mr. Epstein, and how Mr. Epstein sexually trafficked her to several high-profile non-party individuals, "including numerous prominent American politicians, powerful business executives, foreign presidents, a well-known Prime Minister, and other world leaders."  (<u>Id.</u> at 3-6).  She names several individuals, and she offers details about the type of sex acts performed and where they took place.  (See <u>id.</u> at 5).[2]

At this juncture in the proceedings, these lurid details are unnecessary to the determination of whether Jane Doe 3 and Jane Doe 4 should be permitted to join Petitioners' claim that <u>the Government</u> violated their rights under the CVRA.  The factual details regarding with whom and where the Jane Does engaged in sexual activities are immaterial and impertinent to this central claim (i.e., that they were known victims of Mr. Epstein and the Government owed them CVRA duties), especially considering that these details involve non-parties who are not related to the respondent Government.  These unnecessary details shall be stricken.

The original Rule 21 Motion (DE 279) shall be stricken in its entirety, as it is wholly superseded by the "corrected" version of the Rule 21 Motion (DE 280).  From the corrected Rule 21 Motion, the Court shall strike all factual details regarding Jane Doe 3 between the following sentences: "The Government then concealed from Jane Doe #3 the existence of its NPA from

---

[2]  Jane Doe 4's proffer is limited to sexual acts between Mr. Epstein and herself.  (<u>See</u> DE 280 at 7-8).

Jane Doe #3, in violation of her rights under the CVRA" (id. at 3); and "The Government was well aware of Jane Doe #3 when it was negotiating the NPA, as it listed her as a victim in the attachment to the NPA" (id. at 6). As none of Jane Doe 4's factual details relate to non-parties, the Court finds it unnecessary to strike the portion of the Rule 21 Motion related to her circumstances. Regarding the Declaration in support of Petitioners' response to Mr. Dershowitz's motion to intervene (DE 291-1), the Court shall strike paragraphs 4, 5, 7, 11, 13, 15, 19 through 53, and 59, as they contain impertinent details regarding non-parties. Regarding the Declaration of Jane Doe 3 in support of the Rule 21 Motion (DE 310-1), the Court shall strike paragraphs 7 through 12, 16, 39, and 49, as they contain impertinent details regarding non-parties. Jane Doe 3 is free to reassert these factual details through proper evidentiary proof, should Petitioners demonstrate a good faith basis for believing that such details are pertinent to a matter presented for the Court's consideration.

As mentioned, Mr. Dershowitz moves to intervene "for the limited purposes of moving to strike the outrageous and impertinent allegations made against him and requesting a show cause order to the attorneys that have made them." (DE 282 at 1). As the Court has taken it upon itself to strike the impertinent factual details from the Rule 21 Motion and related filings, the Court concludes that Mr. Derschowitz's intervention in this case is unnecessary. Accordingly, his motion to intervene will be denied as moot.[3] Regarding whether a show cause order should

─────────────────

[3] This also moots Mr. Dershowitz's Motion for Leave to File Supplemental Reply in Support of Motion for Limited Intervention. (DE 317). Denying Mr. Dershowitz's motion to intervene also renders moot Petitioners' motion (DE 292) to file a sealed document supporting its response to Mr. Dershowitz's motion. It will accordingly be denied as moot, and DE 293 (the sealed response) will be stricken from the record.

issue, the Court finds that its action of striking the lurid details from Petitioners' submissions is

sanction enough.  However, the Court cautions that all counsel are subject to Rule 11's mandate

that all submissions be presented for a proper purpose and factual contentions have evidentiary

support, Fed. R. Civ. P. 11(b)(1) and (3), and that the Court may, on its own, strike from any

pleading "any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f).

**B.     Rule 15 Motion**

Between their two motions (the Rule 21 Motion and Rule 15 Motion), Jane Doe 3 and

Jane Doe 4 assert that "they desire to join in this action to vindicate their rights [under the

CVRA] as well."  (DE 280 at 1).  Although Petitioners already seek the invalidation of Mr.

Epstein's non-prosecution agreement on behalf of all "other similarly-situated victims" (DE 189

at 1; DE 311 at 2, 12, 15, 18-19), Jane Doe 3 and Jane Doe 4 argue that they should be fellow

travelers in this pursuit, lest they "be forced to file a separate suit raising their claims" resulting

in "duplicative litigation" (DE 280 at 11).  The Court finds that justice does not require adding

new parties this late in the proceedings who will raise claims that are admittedly "duplicative" of

the claims already presented by Petitioners.

The Does' submissions demonstrate that it is entirely unnecessary for Jane Doe 3 and

Jane Doe 4 to proceed as parties in this action, rather than as fact witnesses available to offer

relevant, admissible, and non-cumulative testimony.  (See, e.g., DE 280 at 2 (Jane Doe 3 and

Jane Doe 4 "are in many respects similarly situated to the current victims"), 9 ("The new victims

will establish at trial that the Government violated their CVRA rights in the same way as it

violated the rights of the other victims."), 10 (Jane Doe 3 and Jane Doe 4 "will simply join in

motions that the current victims were going to file in any event."), 11 (litigating Jane Doe 3 and

7

Jane Doe 4's claims would be "duplicative"); DE 298 at 1 n.1 ("As promised . . . Jane Doe No. 3

and Jane Doe No. 4 do not seek to expand the number of pleadings filed in this case. If allowed

to join this action, they would simply support the pleadings already being filed by Jane Doe No. 1

and Jane Doe No. 2."); DE 311 at 5 n.3 ("[A]ll four victims (represented by the same legal

counsel) intend to coordinate efforts and avoid duplicative pleadings."), 15 (Jane Doe 3 and Jane

Doe 4 "challenge the same secret agreement—i.e., the NPA that the Government executed with

Epstein and then concealed from the victims. This is made clear by the proposed amendment

itself, in which all four victims simply allege the same general facts.")). As the Does argue at

length in their Rule 15 Motion, Jane Doe 1's original petition "specifically allege[s] that the

Government was violating not only her rights but the rights of other similarly-situated victims."

(DE 311 at 2). The Court fails to see why the addition of "other similarly-situated victims" is

now necessary to "vindicate their rights as well." (DE 280 at 1).

Of course, Jane Doe 3 and Jane Doe 4 <u>can</u> participate in this litigated effort to vindicate

the rights of similarly situated victims—there is no requirement that the evidentiary proof

submitted in this case come only from the named parties. Petitioners point out as much, noting

that, regardless of whether this Court grants the Rule 15 Motion, "they will call Jane Doe No. 3

as a witness at any trial." (DE 311 at 17 n.7). The necessary "participation" of Jane Doe 3 and

Jane Doe 4 in this case can be satisfied by offering their properly supported—and <u>relevant</u>,

<u>admissible</u>, and <u>non-cumulative</u>—testimony as needed, whether through testimony at trial

(<u>see</u> DE 280 at 9) or affidavits submitted to support the relevancy of discovery requests[4] (<u>see</u>

---

[4] The non-party Jane Does clearly understand how to submit affidavits. (<u>See</u> DEs 291-1, 310-1).

id. at 10).  Petitioners do not contend that Jane Doe 3 and Jane Doe 4's "participation in this

case" can only be achieved by listing them as parties.

      As it stands under the original petition, the merits of this case will be decided based on a

determination of whether the Government violated the rights of Jane Doe 1, Jane Doe 2, and all

"other similarly situated victims" under the CVRA.  Jane Doe 3 and Jane Doe 4 may offer

relevant, admissible, and non-cumulative evidence that advances that determination, but their

participation as listed parties is not necessary in that regard.  See Herring, 894 F.2d at 1024

(District court did not abuse its discretion by denying amendment where "addition of more

plaintiffs . . . would not have affected the issues underlying the grant of summary judgment."); cf.

Arthur v. Stern, 2008 WL 2620116, at *7 (S.D. Tex. 2008) (Under Rule 15, "courts have held

that leave to amend to assert a claim already at issue in [another lawsuit] should not be granted if

the same parties are involved, the same substantive claim is raised, and the same relief is

sought.").[5]  And, as to Jane Doe 4 at least, adding her as a party raises unnecessary questions

about whether she is a proper party to this action.[6]

      Petitioners also admit that amending the petition to conform to the evidence—by

including references to the non-prosecution agreement itself—is "unnecessary" as the "existing

petition is broad enough to cover the developing evidence in this case."  (DE 311).  The Court

---

    [5]  The Court expresses no opinion at this time whether any of the attestations made by
Jane Doe 3 and Jane Doe 4 in support of their motion will be relevant, admissible, and non-
cumulative.

    [6]  The Government contends that Jane Doe 4 is not a true "victim" in this case because
she was not known at the time the Government negotiated the non-prosecution agreement, and
accordingly she was not entitled to notification rights under the CVRA.  (See DE 290 at 10).
Any "duplicative" litigation filed by Jane Doe 4 would necessarily raise the issue of whether she
has standing under the CVRA under these circumstances.

agrees, and it concludes that justice does not require amending the petition this late in the proceedings.

### III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows: the Rule 21 Motion (DE 280) is **DENIED**; the Rule 15 Motion (DE 311) is **DENIED**;  Intervenor Dershowitz's Motion for Limited Intervention (DE 282) and Motion for Leave to File Supplemental Reply in Support of Motion for Limited Intervention (DE 317) are **DENIED AS MOOT**; Petitioners' Motion to Seal (DE 292) is **DENIED AS MOOT**; the following materials are hereby **STRICKEN** from the record:

- DE 279, in its entirety.

- DE 280, all sentences <u>between</u> the following sentences: "The Government then concealed from Jane Doe #3 the existence of its NPA from Jane Doe #3, in violation of her rights under the CVRA" (DE 280 at 3); <u>and</u> "The Government was well aware of Jane Doe #3 when it was negotiating the NPA, as it listed her as a victim in the attachment to the NPA" (DE 280 at 6).

- DE 291-1, paragraphs 4, 5, 7, 11, 13, 15, 19 through 53, and 59.

- DE 310-1, paragraphs 7 through 12, 16, 39, and 49.

- DE 293, in its entirety.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of April, 2015.

_____
KENNETH A. MARRA
United States District Judge

10

A-239

# Exhibit E

**A-240**

| District Court Fremont County, Colorado<br>Court Address:<br>136 Justice Center Rd<br>Canon City, CO 81212<br><br><br>Plaintiff(s)/Petitioner(s): Edwards, et al.<br><br>v.<br><br>Defendant(s)/Respondent(s): Dershowitz | |
|---|---|
| | **COURT USE ONLY** |
| | Case Number: |
| | Division:          Courtroom: |

## SUBPOENA TO ☐ ATTEND ☒ ATTEND AND PRODUCE

To:   Jane Doe #3  (address redacted for purpose of court filing)

You are ordered to attend and give testimony at the District Court of Fremont County, located at: 136 Justice Center Road, Canon City, CO 81212, Room # ___, on Tuesday, May 12, 2015, at 9:30 a.m. as a witness for the ☐ Plaintiff(s)/Petitioner(s) ☒ Defendant(s)/Respondent(s) in this action.

At that time and place, you also shall produce the following items now in your custody or control:

See attached Schedule A

Names, addresses and telephone numbers of all counsel of record in this action and of any party represented by counsel are as follows:

| Name | Address | Telephone Number |
|---|---|---|
| For Plaintiffs Bradley J. Edwards and Paul G. Cassell<br>Jack Scarola, FL Bar No. 169440<br>Searcy Denney Scarola Barnhart & Shipley, PA | 2139 Palm Beach Lakes Blvd.<br>West Palm Beach, FL 33409 | (561) 686-6300 |
| For Defendant Alan M. Dershowitz<br>Thomas E. Scott, Florida Bar No. 149100<br>Steven R. Safra, Florida Bar No. 057028<br>Cole, Scott & Kissane, PA | 9150 South Dadeland Blvd., #1400<br>Miami, FL 33156 | (305) 350-5381 |

Date: _____      _____

                                                            Clerk/Deputy Clerk or Attorney

JDF 80.2  COUNTY COURT SUBPOENA TO ATTEND OR ATTEND  AND PRODUCE  1/13
© 2012 Colorado Judicial Department for use in the Courts of Colorado

A-241

# AFFIDAVIT OF SERVICE

I declare under oath that, I am 18 years or older and not a party to the action and that I served this Subpoena to

❑ Attend ❑ Attend and Produce to the Witness in _____(County)_____(State)

on _____(date)at the following location: _____

Check one:

❑   By handing it to a person identified to me as the Witness or by leaving it with the Witness who refused service.

❑   I attempted to serve the Witness on _____ occasions but have not been able to locate the Witness.

❑   Private process server

❑   Sheriff,_____County
    Fee $ _____ Mileage $ _____

_____
Signature of Process Server


_____
Name (Print or type)

My Commission Expires: _____

_____
Notary Public /Deputy Clerk          Date

A-242

## SCHEDULE "A"

1.    All documents that reference by name, Alan M. Dershowitz,[1] which support and/or confirm the allegations set forth in Paragraphs 24-31 of your Declaration dated January 19, 2015 and/or Paragraph 49 of your Declaration dated February 5, 2015, which were filed with the United States District Court for the Southern District of Florida, in <u>Jane Doe #1 and Jane Doe #2 v. United States of America</u>, Case No. 08-80736-CIV-MARRA/JOHNSON, **[ECF No. 291-1]** (the "Federal Action").

2.    All photographs and video in the original, native format in which they were taken (not a paper copy) of you with Alan M. Dershowitz.

3.    All photographs and video in the original, native format in which they were taken (not a paper copy) not produced in response to Request No. 2, above, of Alan M. Dershowitz at (i) Jeffrey Epstein's Manhattan home in New York City, New York; (ii) Mr. Epstein's home in Palm Beach, Florida; (iii) Mr. Epstein's Zorro Ranch in Santa Fe, New Mexico; (iv) Little Saint James island in the U.S. Virgin Islands; and (v) Mr. Epstein's airplane, on the same date and time that you were also present at such location.

4.    All photographs and video in the original, native format in which they were taken (not a paper copy) of you not produced in response to Request No. 3, above, that evidence and/or show you were present at the same location as Alan M. Dershowitz on that same date and time.

5.    Any documents and information that support and/or confirm your presence at the various locations named in Paragraphs 24-31 of your Declaration on the particular dates and times when Alan M. Dershowitz was also present.

6.    Any documents and information that show Alan M. Dershowitz was present at the various locations named in Paragraphs 24-31 of your Declaration on the particular dates and times when you allege to have been present in your response to Request No. 5, above.

7.    All statements, written or recorded, which you have provided to anyone that reference by name, Alan M. Dershowitz.

8.    All notes of, or notes prepared for, any statements or interviews in which you referenced by name or other description, Alan M. Dershowitz.

9.    All documents concerning any communications by you or on your behalf with any media outlet concerning Alan M. Dershowitz or the Federal Action, whether or not such communications were "on the record" or "off the record."

---

1 For purposes of this Schedule "A", reference to "Alan M. Dershowitz" herein shall mean and refer to any reference to the Defendant in this action, including but not limited to, as "Alan", "Alan M. Dershowitz", "Professor Dershowitz", or "Dershowitz", and the like.

10.     All notes, writings, photographs, and/or audio or video recordings made or recorded by or of you on the dates on which you allege you were present with Alan M. Dershowitz, including but not limited to your calendar, diary or journal entries on those dates, regardless whether the notes, writings, photographs, and/or audio or video recordings refer to Mr. Dershowitz. To the extent that any responsive materials are photographs or video recordings, please provide them in the original, native format in which they were taken (not a paper copy).

12.     All documents relating to your travel to or from locations for those occasions when you allege you were present with Alan M. Dershowitz.

13.     To the extent not produced in response to the above list of requested documents, all notes, writings, photographs, and/or audio or video recordings made at any time that refer or relate in any way to Alan M. Dershowitz.

14.     All drafts of declarations or affidavits by you that relate in any way to Alan M. Dershowitz and/or Jeffrey Epstein.

15.     All documents relating to any telephone, including any cellular telephone, used by you between January 1, 1999 and December 31, 2002.

16.     Any diary, journal or calendar concerning your activities between January 1, 1999 and December 31, 2002.

17.     All documents concerning any actual or potential book, television or movie deals concerning your allegations about being a sex slave.

18.     All documents concerning any monetary payments or other consideration received by you from any media outlet in exchange for your statements (whether "on the record" or "off the record") regarding Jeffrey Epstein, Alan M. Dershowitz, Prince Andrew, Duke of York, and/or being a sex slave.

19.     All documents showing, concerning, relating or referring to when you were at or on (i) Jeffrey Epstein's Manhattan home in New York City, New York; (ii) Mr. Epstein's home in Palm Beach, Florida; (iii) Mr. Epstein's Zorro Ranch in Santa Fe, New Mexico; (iv) Little Saint James island in the U.S. Virgin Islands; and (v) Mr. Epstein's airplane from January 1, 1999 through December 31, 2002.

20.     All documents showing any payments or remuneration of any kind made by Jeffrey Epstein or any of his agents or associates to you from January 1, 1999 through December 31, 2002.

21.     All travel records of any kind, including but not limited to tickets, hotel room receipts or other documents concerning, relating or referring to any travel undertaken by you between January 1, 1999 and December 31, 2002.

A-244

22.     All records of any interviews given by you to any party concerning, relating or referring to Jeffrey Epstein or any of his agents or associates.

23.     All manuscripts and/or other writings, whether published or unpublished, created in whole or in part by you, concerning, relating or referring to Jeffrey Epstein and any of his agents or associates.

24.     All documents concerning, relating or referring to your assertions that you met former President Bill Clinton, former Vice President Al Gore and/or Mary Elizabeth "Tipper" Gore on Little Saint James island in the U.S. Virgin Islands.

25.     All documents concerning your retention of the law firm Boies, Schiller & Flexner LLP, including but not limited to: signed letter of retainer, retention agreement, explanation of fees, and/or any documents describing the scope of retention.

# Exhibit F

A-246

Filing # 25919336 E-Filed 04/09/2015 05:23:25 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

BRADLEY J. EDWARDS, and
PAUL G. CASSELL,

CASE NO. CACE 15-000072

      Plaintiffs,

v.

ALAN DERSHOWITZ,

      Defendant.

_____/

## MOTION TO QUASH OR FOR PROTECTIVE ORDER REGARDING SUBPOENA SERVED ON NON-PARTY JANE DOE NO. 3

      Non-party Jane Doe 3, by and through undersigned counsel and pursuant to Florida Rules

of Civil Procedure 1.410(c)(1)[1], hereby moves for an order quashing the subpoena duces tecum

served on her by Defendant, or alternatively, pursuant to Florida Rules of Civil Procedure 1.280(c)

for issuance of a protective order sharply limiting the scope of the subpoena.

## INTRODUCTION

      This Court should quash the subpoena issued to non-party Jane Doe No. 3 as it is

unreasonable and oppressive.  The Defendant is abusing the subpoena power in an effort to

intimidate, harass and cause undue burden to a non-party.  Indeed, Defendant - just days ago -

publicly admitted that his goal of deposing Jane Doe No. 3 has nothing to do with this Florida

Defamation Action; rather, he is trying to find a way to send this victim of sexual trafficking to

"jail."  "She was hiding in Colorado…but we found her and she will have to be deposed.  The end

_____

[1] For the limited purpose of the Motion to Quash or for Protective Order and resolving the scope of the subpoena and any enforcement issues, Jane Doe No. 3 voluntarily submits herself to this Court's jurisdiction.

*result is that she'll go to jail because she will repeat her lies and we'll be able to prove it* and she

will end up in prison for perjury." (emphasis added). See Exhibit 1, New York Daily News, April

7, 2015. Defendant has subjected Jane Doe No. 3 to horrific public attacks including publicly

calling her a "prostitute" and a "bad mother" to her three minor children. See Exhibit 2, Local 10

News, January 22, 2015.

Defendant has gone on a media blitz campaign against this non-party for statements she

made under oath in a federal action: "The end result of this case should be she [Jane Doe No. 3]

should go to jail, the lawyers should be disbarred and everybody should understand that I am

completely and totally innocent." (emphasis added). See Exhibit 3, CNN International, New Day,

January 6, 2015. "**My goal is to bring charges against the client and require her to speak in

court.**" (emphasis added). See Exhibit 4, Australian Broadcasting System (ABC), January 6,

2015. Defendant also stated, in an interview in Newsmax, that he is "considering" bringing a

lawsuit against Jane Doe No. 3. "*And we're considering suing her for defamation* as well, but

right now she was trying to hide in Colorado and avoid service, but we found her and we served

her and now *she'll be subjected to a deposition*." (emphasis added). See Exhibit 5, Newsmax,

April 8, 2015.

Defendant's own words demonstrate that he is abusing the subpoena power of this Court to

try to get discovery that is irrelevant to this case, in the hopes of being able to intimidate Jane Doe

No. 3 with the press and generate a claim against her. Considering the extensive abuse that Jane

Doe No. 3 suffered as a minor child, and Defendant's threats and intimidation, it would be both

unreasonable and oppressive to require this non-party to comply with this subpoena duces tecum.

Accordingly, Defendant's subpoena should be quashed. See Exhibit 6, Defendant's Subpoena to

Jane Doe No. 3.

## BACKGROUND

The underlying action before this Court is a defamation case filed by a former federal judge, Paul Cassell, and his colleague Brad Edwards, who represent various sexual trafficking victims in a case pending in the Southern District of Florida, specifically case no. 08-cv-80736-KAM, hereinafter ("CVRA case").  As a result of an affidavit filed in the CVRA case, Defendant went on a national media defamation campaign calling, among other things, former federal judge Paul Cassell and attorney Brad Edwards, "unethical lawyers" who should be "disbarred".  See Exhibit 7, Today Show, January 5, 2015.  In response to this national slander campaign by the Defendant, Paul Cassell and Brad Edwards filed a defamation case against Defendant in the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Case No. CACE 15-000072, hereinafter "Florida Defamation Action").

Defendant's statements against Paul Cassell and Brad Edwards are statements about their character as lawyers and do not directly involve non-party Jane Doe No. 3.  Despite this fact, Defendant is abusing the subpoena power in this case by seeking documents from a non-party that are irrelevant to the defamation issue before this Court.  Defendant is determined to find a way to harm non-party Jane Doe No. 3 and anyone who braves to represent her.  Jane Doe No. 3 has good cause to be fearful of the Defendant in this matter based on Defendant's repetitive threats.  See Exhibit 8, Affidavit of Jane Doe No. 3.  This Court should not allow Defendant to abuse the subpoena power to further abuse this non-party.  Florida Rules of Civil Procedure provide a vehicle for this Court to protect a non-party from a harassing, burdensome and unnecessary subpoena.  As explained below, non-party Jane Doe No. 3 should be protected from having to be deposed in this matter or produce documents.  Defendant's campaign of threats and intimidation should not be condoned by this Court and Defendant's subpoena should be quashed in its entirety.

## ARGUMENT

1. **This Court Should Quash Defendant's Abusive Subpoena In Its Entirety.**

Florida Rule of Civil Procedure 1.410(c)(1) provides that the Court may "quash or modify the subpoena if it is unreasonable and oppressive." Id. The Court has discretion to evaluate the circumstances in determining whether the subpoena is "unreasonable and oppressive." Matthews v. Kant, 427 So. 2d 369, 370 (Fla. 2d DCA 1983). "The sufficiency thereof is a factual determination for the trial judge who is vested with broad judicial discretion in the matter, and whose order will not be overturned absent a clear showing of abuse of discretion." Id.; see also Sunrise Shopping Center, Inc. v. Allied Stores Corp., 270 So. 2d 32 (Fla. 4th DCA 1972) (Fourth DCA quashing lengthy subpoena served on non-party who was not in control of documents as being "oppressive and unreasonable."). It is undisputed that Jane Doe No. 3 was sexually trafficked as a minor child by Jeffrey Epstein and he was sentenced for his crimes. Allowing the Defendant in this case to force this non-party to provide discovery on this highly sensitive topic would be both oppressive and unreasonable and serves no purpose other than to foster Defendant's publicly admitted and utterly baseless campaign to try to send Jane Doe No. 3 to "jail."

The documents requested in Defendant's subpoena demonstrate the oppressive and unreasonable nature of the requests. Defendant, for example, seeks highly personal and sensitive information from this victim of sexual trafficking, including requesting her personal diary during the time when she was being sexually abused as a minor child. See Exhibit 6, Request no. 16. Defendant also demands that this non-party produce photographs and videos of her as a minor child while she was being sexually trafficked by convicted sex offender Jeffrey Epstein. See Exhibit 6, Request nos. 2, 3, 4 and 10. Defendant's unreasonable subpoena even includes a demand for this non-party's personal cell phone records for more than a three (3) year period during the time when she was a minor child being sexually trafficked. See Exhibit 6, Request no.

4

15.  Defendant also demands items like personal financial documents from this non-party including payments she received from convicted sex offender Jeffrey Epstein and the men he "lent" this minor child out to from 1999 – 2002.  See Exhibit 6, Request no. 20.  It is without question that Defendant is abusing the subpoena power in this case to conduct a fishing expedition in an effort to intimidate and harass this victim and to try to dig up information he can use in his openly stated "goal" to send this non-party to "jail."

Jane Doe No. 3 is rightfully fearful of Defendant as he is an incredibly powerful individual and the legal counselor to convicted Jeffrey Epstein who sexually trafficked Jane Doe No. 3 for years when she was a minor child.  See Exhibit 8, Affidavit of Jane Doe No. 3.  Jane Doe No. 3 believes Defendant's goal is to abuse the subpoena power to get her into a deposition so he can harass and intimidate her by forcing her to discuss the abuse she had to withstand as a minor child.  See Exhibit 8, Affidavit of Jane Doe No. 3.  None of that childhood abuse is relevant to this case which involves the narrow issue of whether Defendant defamed two lawyers.  Defendant's subpoena is both unreasonable and oppressive and should be quashed. See Matthews v. Kant, 427 So. 2d 369, 370 (Fla. 2d DCA 1983).

## 2.  The Court Should Quash The Subpoena In Its Entirety, But At A Minimum, It Should Severely Limit The Production Requirements.

In addition to its power to quash the subpoena, Florida Rule of Civil Procedure 1.280(c) also allows the Court to protect a non-party from discovery that would result in "annoyance, embarrassment, oppression or undue burden or expense…"  Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 2003) (Florida Supreme Court overturning denial of protective order and holding that "[d]iscovery of certain kinds of information 'may reasonably cause material injury of an irreparable nature.'") (internal quotations omitted).  Matthews v. City of Maitland, 923 So. 2d 591, 595 (Fla. 5th DCA 2006) (quashing discovery order where "[t]he compelled disclosure… would create a chilling effect on [petitioners] rights…").  The Court may determine that "the discovery

not be had" or that "the discovery may be had only on specified terms and conditions…". Fla. R. Civ. P. 1.280(c).

Defendant issued a vastly overbroad subpoena to this non-party which included 25 separate document requests, many with subparts. In addition to placing an undue burden on this non-party to have to search for the broad scope of materials requested, the document requests seek information that is irrelevant to the Florida Defamation Action and clearly intended to "embarrass and oppress" this non-party. Fla. R. Civ. P. 1.280(c). Defendant's overly broad subpoena to non-party, Jane Doe No. 3, goes so far as to seek documents relating to former President, Bill Clinton and former Vice President, Al Gore, which, even if such documents existed, would be absolutely irrelevant to the Florida Defamation Action. See Toledo v. Publix Super Markets, Inc., 30 So. 3d 712 (Fla. 4th DCA 2010).

Defendant's requests can be grouped into four key categories: (1) documents that contain highly personal and sensitive information sought only to harass, embarrass and intimidate the non-party; (2) documents unrelated to this action and, instead, intended to gain discovery relating to Defendant's admitted "goal" of putting this non-party in "jail," bringing a new case against Jane Doe No. 3, or related to the federal action; (3) documents that contain personal financial or other confidential information; and (4) privileged communications between the non-party and her lawyers. Non-party, Jane Doe No. 3, has filed specific objections as to each request sought in Defendant's subpoena as set forth in Exhibit 9. Here, Jane Doe No. 3 provides the Court with a sampling of the oppressive nature of the subpoena that is the subject of her detailed objections.

    a. <u>Category 1 – Overly Broad Subpoena Requests Intended Solely to Harass, Embarrass and Intimidate the Non-Party by Seeking Highly Personal and Sensitive Information</u>

It is clear from the Defendant's requests that his intent is to intimidate and harass this non-party by seeking highly sensitive personal information that is irrelevant to this action. For example, Request no. 16 seeks "Any diary, journal or calendar concerning your activities between

January 1, 1999 and December 31, 2002." Defendant is seeking personal diary information during the time this non-party was a minor child and a victim of sexual trafficking. There is no reason this non-party should be forced to produce her diary from when she was a child. See Peisach v. Antuna, 539 So. 2d 544 (Fla. 3rd DCA 1989) (court of appeal holding that trial court departed from the essential requirements of law by granting deposition of party's gynecologist which was only meant to invade privacy and intimidate and harass the party).

Defendant also has a number of requests (Request nos. 2, 3, 4, 10 and 19) that seek "photographs" and "videos" of this non-party when she was a minor child and during the time she was the subject of sexual abuse. Photographs of Jane Doe 3 when she was a minor child are completely irrelevant to the matter before this Court. Defendant served this subpoena demand solely to intimidate, harass and embarrass this non-party and the Court should preclude this type of discovery set forth in Request Nos. 2, 3, 4, 10, 15, 16, 19 and 21. See Citimortgage, Inc. v. Davis, No. 50 2009 CA 030523, 2011 WL 3360318 (Fla. 15th Cir. Ct. April 4, 2011) (trial court granting protective order precluding a deposition noting "this deposition request is mere harassment" and had no relevance to the underlying dispute where the party was wrongfully using the discovery process for personal gain).

   b.   Category 2 – Clear Abuse of the Subpoena Power By Seeking Documents Unrelated to this Action and Intended Instead to Provide Discovery for Other Actions

Defendant is abusing the subpoena power of this Court by issuing subpoena requests that are intended to obtain discovery for the development of other actions against this non-party and are unrelated to the instant case. See Exhibit 5, Newsmax Interview ("And we're considering suing her for defamation as well, but right now she was trying to hide in Colorado and avoid service, but we found her and we served her and now she'll be subjected to a deposition."). Defendant has admitted that his "goal" is to put Jane Doe No. 3 in "jail" and he is using this Court's subpoena power to go on a fishing expedition in the hopes of fulfilling his ultimate stated

7

"goal." See Toledo v. Publix Super Markets, Inc., 30 So. 3d 712 (Fla. 4th DCA 2010) (court of appeal quashing discovery order where party sought law firm client file relating to a different matter holding that "curiosity" about a law firm's records does not satisfy the relevance requirement and explaining that the contents of the "subpoena is a classic 'fishing expedition' and the trial court's order departs from the essential requirements of the law."); Calvo v. Calvo, 489 So. 2d 833, 834 (Fla. 3d DCA 1986) (quashing subpoena served on wife's bank for financial records finding them irrelevant: "indeed, the husband has failed to demonstrate what possible relevance the records might have in the proceeding below other than to harass the wife."). (emphasis added).

Defendant's incredibly broad and unrelated demands include, for example, Request no. 24: "All documents concerning, relating or referring to your assertions that you met former President Bill Clinton, Former Vice President Al Gore and/or Mary Elizabeth "Tipper" Gore on Little Saint James Island in the U.S. Virgin Islands." See Exhibit 6, Request no. 24. Whether or not Jane Doe No. 3 met any of these individuals has absolutely nothing to do with the action before this Court. See Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 2003) (Florida Supreme Court holding that "we do not believe a litigant is entitled carte blanch to irrelevant discovery" and '"It is axiomatic that information sought in discovery must relate to the issues involved in the litigation, as framed in the pleadings.'") (internal citations omitted). Defendant's Request demonstrates a blatant example of abuse of the subpoena power.

Indeed, the face of many of Defendant's subpoena demands demonstrate that he is using the subpoena power of this Court to obtain discovery for the federal action. Request nos. 1, 5, 6 and 9 all reference the "federal action" or specifically cite the declaration and case number "OS-SO736-CIV-MARRA/JOHNSON. Request no. 1, for example, demands: "All documents that reference by name, Alan M. Dershowitz, which support and/or confirm the allegations set forth in Paragraphs 24-31 of your Declaration dated January 19, 2015 and/or Paragraph 49 of your

8

Declaration dated February 5, 2015, which were filed with the United States District Court for the

Southern District of Florida, in Jane Doe #1 and Jane Doe #2 v. United States of America, Case

No. OS-S0736-CIV-MARRA/JOHNSON, [ECF No. 291-1] (the "Federal Action")." Defendant

should not be using the subpoena power of this Court to issue a non-party subpoena for documents

sought for a federal action.[2]

c. Category 3 – Documents that Contain Personal Financial Information Completely Irrelevant to this Action

Defendant also wrongfully abuses the subpoena power to seek personal financial

information from this non-party. See Woodward v. Berkery, 714 So. 2d 1027, 1034-38 (Fla. 4th

DCA 1998) (quashing lower court's discovery order and finding irreparable harm to husband in

disclosure of private financial information when wife's clear purpose was to wrongfully disclose

the financial information to the press) (emphasis added); see also Granville v. Granville, 445 So.

2d 362 (Fla. 1st DCA 1984) (court of appeal overturning denial of protective order and finding that

private financial information should have been protected from disclosure).

The requests are clearly meant to intimidate and harass her by, for example, seeking

information during the time she was the subject of sexual trafficking by Jeffrey Epstein. Request

no. 20 seeks "All documents showing any payments or remuneration of any kind made by Jeffery

Epstein or any of his agents or associates to you from January 1, 1999 through December 31,

2002." Whether Jeffrey Epstein paid minor children that he sexually trafficked has absolutely

nothing to do with the action before this Court and there is no basis to force a non-party who was

subject to this abuse to comply with a production demand on this topic. The subpoena also

includes request for financial information relating to the media. Apparently, Defendant believes

Jane Doe No. 3 has a book "deal" in the works. For example, Request no. 18 seeks: "All

documents concerning any monetary payments or other consideration received by you from any

---

[2] The requests relevant to this category are nos.: 1, 5, 6,7, 8, 9, 12, 13, 14, 22, and 24.

9

media outlet in exchange for your statements (whether "on the record" or "off the record")

regarding Jeffrey Epstein, Alan M. Dershowitz, Prince Andrew, Duke of York, and/or being a sex

slave."  Whether Jane Doe No. 3 has interacted with the media has nothing to do with the Florida

Defamation Action.  As explained above, a non-party's personal financial information and other

confidential information is subject to protection by this Court.  See Woodward v. Berkery, 714 So.

2d 1027, 1034-38 (Fla. 4th DCA 1998).  Accordingly, the requests relating to financial

information from this non-party should be quashed[3].

     d.   <u>Category 4 – Plainly Privileged Communications</u>

     Defendant's subpoena requests seek documents that are plainly privileged.  Florida courts

are unequivocal in stating that an opposing party can never obtain attorney-client privileged

materials.  See Quarles & Brady LLP v. Birdsall, 802 So. 2d 1205, 1206 (Fla. 2d DCA 2002)

(quashing discovery order and noting "undue hardship is not an exception (to disclosure of

privileged material), nor is disclosure permitted because the opposing party claims that the

privileged information is necessary to prove their case.") (internal citations omitted).  Non-party,

Jane Doe No. 3, objects to all of Defendant's subpoena requests to the extent that they seek

documents protected by the attorney client privilege, work product doctrine, joint defense and

common interest privileges and any other relevant privilege.  Indeed, Jane Doe No. 3 should be

protected from responding to Request no. 25 in its entirety because on its face it seeks solely

privileged and confidential information relating to her retention of BSF.[4]  See Westco Inc. v. Scott

Lewis' Gardening & Trimming, Inc., 26 So. 3d 620, 622 (Fla. 4th DCA 2010) (court explaining

that "[w]hen confidential information is sought from a non-party, the trial court must determine

whether the requesting party establishes a need for the information that outweighs the privacy

---

[3]  These Requests include nos. 9, 17, 18, 20 and 23.

[4]  Specifically, Request no. 25 seeks:  "All documents concerning your retention of the law firm Boies,
Schiller & Flexner LLP, including but not limited to: signed letter of retainer, retention agreement,
explanation of fees, and/or any documents describing the scope of retention."

10

rights of the non-party."). Defendant has not established any basis for these privileged and confidential documents that outweighs this non-party's privacy rights.

**3. The Subpoena Should Be Quashed In Its Entirety. If the Court Will Not Take That Action, at a Minimum, It Should Grant a Protective Order Severely Limiting The Areas Of Inquiry At Deposition And Grant Protections For This Victim Who Is Fearful Of The Defendant.**

This Court has the power to preclude and/or limit the deposition of non-party Jane Doe No. 3. Specifically, Florida Rule of Civil Procedure 1.280(c) allows the Court to prevent a deposition from going forward "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense that justice requires," and courts routinely enter protective orders to reduce the burden on subpoenaed non-parties to a case, as well as in cases where the discovery sough is irrelevant. See, e.g., Peisach v. Antuna, 539 So. 2d 544 (Fla. 3d DCA 1989) (holding that the trial judge erred in allowing the deposition of certain non-parties where evidence sought was irrelevant); see also Citimortgage, Inc. v. Davis, No. 50 2009 CA 030523, 2011 WL 3360318 (Fla. 15th Cir. Ct. April 4, 2011) (trial court granting protective order precluding a deposition noting "this deposition request is mere harassment" and had no relevance to the underlying dispute where the party was wrongfully using the discovery process for personal gain). Section 4 of Rule 1.280 provides that the Court can also limit the areas of inquiry of a deposition providing "that certain matters not be inquired into, or that the scope be limited to certain matters."

Jane Doe No. 3 contends that the subpoena for her deposition should be quashed. If the Court, however, is inclined to allow a deposition of Jane Doe No. 3, then she respectfully requests the issuance of a Protective Order modifying the subpoena as set forth below.

a. Testimony Limitations

Non-party Jane Doe No. 3 respectfully requests that this Court limit the deposition to questions directly related to Defendant's defamatory statements about Brad Edwards and Paul Cassell. The Court should limit Defendant's ability to engage in a "fishing expedition" of this

11

victim to foster his goal of putting her into "jail" or of bringing a new action against Jane Doe No. 3. See Peisach v. Antuna, 539 So. 2d 544 (Fla. 3d DCA 1989); see also Citimortgage, Inc. v. Davis, No. 50 2009 CA 030523, 2011 WL 3360318 (Fla. 15th Cir. Ct. Apr. 4, 2011). Defendant should be precluded from asking any questions about Jane Doe No. 3's experiences as a sexually trafficked minor. Defendant should be precluded from questioning Jane Doe No. 3 about individuals that she was sexually trafficked to or about other victims or individuals involved in the sexual trafficking orchestrated by Jeffrey Epstein. Defendant should be precluded from questioning Jane Doe No. 3 about any rapes that occurred when she was a minor child. Defendant should be precluded from questioning Jane Doe No. 3 about anything related to her sexual activity either as a minor or thereafter as these questions would only be intended to embarrass and harass this non-party witness.

> b. Language and Harassment Limitations

In addition, Jane Doe No. 3 requests that the Court provide counsel with a cautionary notice, that counsel for Defendant may not harass the non-party victim in any way during the deposition. With respect to the language used at the deposition, the Defendant's counsel should be directed by the Court to not use any of the derogatory terms the Defendant has used in the press including calling Jane Doe No. 3 a "prostitute," a "liar," or a "bad mother" or any other similar derogatory and harassing language.

> c. Physical Location Limitations

Non-party Jane Doe No. 3 has a valid and real basis to fear being in physical proximity of the Defendant. See Exhibit 8, Affidavit of Jane Doe No. 3. Accordingly, to the extent a deposition is to go forward, we would request that the Court direct that the Defendant not be present in the same room as non-party Jane Doe No. 3 and, instead, follow the testimony electronically from a separate location. In addition, non-party Jane Doe No. 3 respectfully requests that the Court hold that the physical location of the deposition should be the offices of

Jane Doe No. 3's attorney's Boies, Schiller & Flexner LLP.

## CONCLUSION

WHEREFORE, non-party Jane Doe No. 3 respectfully requests that this Court grant her

Motion to Quash, or alternatively, that the Court enter an order limiting the scope of her document

production and deposition as set forth above.

Dated:  April 9, 2015

Respectfully submitted,

**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida  33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022


By: /s/Sigrid S. McCawley
Sigrid S. McCawley, Esq.
Florida Bar No. 129305

Attorney for Non-Party Jane Doe No. 3

13

A-259

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 9, 2015, a true and correct copy of the foregoing was served by Electronic Mail to the individuals identified below.

By: /s/Sigrid S. McCawley
Sigrid S. McCawley

| | |
|---|---|
| Thomas E. Scott<br>Thomas.scott@csklegal.com<br>Steven R. Safra<br>Steven.safra@csklegal.com<br>COLE, SCOTT & KISSANE, P.A.<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, Florida 33156<br>Renee.nail@csklegal.com<br>Shelly.zambo@csklegal.com<br><br><br>Richard A. Simpson<br>rsimpson@wileyrein.com<br>Mary E. Borja<br>mborja@wileyrein.com<br>Ashley E. Eiler<br>aeiler@wileyrein.com<br>WILEY REIN, LLP<br>1776 K Street NW<br>Washington, D.C. 20006<br><br>Counsel for Defendant Alan Dershowitz | Jack Scarola<br>SEARCY DENNEY SCAROLA BARNHART &<br>SHIPLEY, P.A.<br>JSX@searcylaw.com<br>2139 Palm Beach Lakes Blvd.<br>West Palm Beach, FL 33409-6601<br><br>Attorney for Plaintiffs |

EXHIBIT 1









## Florida judge tosses 'sex slave' claims involving Prince Andrew, Alan Dershowitz

BY OREN YANIV, DAREH GREGORIAN  /  NEW YORK DAILY NEWS  /  Published: Tuesday, April 7, 2015, 12:49 PM
/ Updated: Tuesday, April 7, 2015, 3:11 PM                                                    A A A

72          69                    6
                                        SHARE THIS URL
                                        nydn.us/1GI3aW9

GARAGE
SAL
954 9



Prince Andrew with Virginia Roberts, who claims Jeffrey Epstein made her a "sex slave."

Remains fo
stove durin
for Food Ne
The discovery
Jason Owens'
he admitted to

Miami broth
accused of
slavery kidr
Two men are s
abducting a te
extorting her i

Ohio mom :
aiding boyf
rape of her
A little girl's br
her neighbors'
in the arrest of

Kendra Sur
slapped wit
for Oregon
Oregon's infar
girl has a new
scheduled for

NJ teacher
after relatio
with studen
A New Jersey
allegedly got i
some students

PROMOTED STC

**RELATED STORIES**

Prince Andrew's ex
defends him in 'sex
slave' scandal

FBI might have
Jeffrey Epstein's sex
tapes: report

Andrew got 'daily
massages' at Epstein
Fla. home: testimony

Alleged 'sex slave': I
didn't have sex with
Bill Clinton

Alan Dershowitz's wife
defends against sex
claims with girl

A Florida judge has tossed out explosive claims from a woman who said she
was forced into having sex with England's Prince Andrew when she was a
teenager.

In a ruling Tuesday, Judge Kenneth Marra denied a bid by "Jane Doe No. 3 and
Jane Doe No. 4" to intervene in a long-running court case alleging the feds gave
preferential treatment to billionaire perv Jeffrey Epstein.

Jane Doe No. 3 — whose identity has been revealed as Virginia Roberts, 31 —
said in a bombshell court filing that Epstein turned her into a "sex slave" for him
and his rich and famous pals when she was just 15.

Among those she said she was pushed into having relations were Prince
Andrew — known in the British press as "Randy Andy" — and famed defense
lawyer Alan Dershowitz.





Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page58 of 130

A-262







Prince Andrew is seen leaving Verbier ski resort in Switzerland in January amid the brewing sex scandal.

Dershowitz called the claims a libelous smear, and asked Marra to throw out the "outrageous and impertinent allegations."

In his ruling, the judge said the court "has considered Mr. Dershowitz's arguments, but it finds that his intervention is unnecessary" — as were Jane Doe No. 3's "lurid details."



In an affidavit, Roberts detailed her alleged trysts with Dershowitz and others, including a wild orgy with Andrew, Epstein, and other apparently underaged girls.

"The factual details regarding with whom and where the Jane Does engaged in sexual activities are immaterial and impertinent to this central claim . . . especially considering that these details involve non-parties who are not related to the respondent Government. These unnecessary details shall be stricken," the judge wrote.

He also found there was no reason for the new Does to intervene in the case at all, since the original two plaintiffs had filed suit on behalf of all of Epstein's victims six years ago.

"The Court finds that justice does not require adding new parties this late in the proceedings," the judge wrote, and "it is entirely unnecessary for Jane Doe 3 and Jane Doe 4 to proceed as parties in this action."

The "sex slave" claims made in the Jeffrey Epstein case against the feds have been tossed by a Florida judge.

The judge did say the women could be called as witnesses when the case goes to trial.

"The necessary 'participation' of Jane Doe 3 and Jane Doe 4 in this case can be satisfied by offering their properly supported — and relevant, admissible, and non-cumulative — testimony as needed," Marra wrote.




**Texas wom** arrested aft blowtorch a beau
Armed with a b her face smea lipstick, a Tex

**South Caro** member die alcohol poi report
A University of Carolina stude dead after a S

**S.C. cop Mi** Slager char murder of V Scott
A white cop in Carolina was c murder on Tu

**Homeless r** found in sto with meth p
Melba Lois Ap was found in a Angeles Coun

**4 charged a** running ove in dine and
The four friend of running ove mother of two

**Baltimore g** member Ta gets reduce sentence
He commands gang, ran a dr prison cell.

**Detroit mor** shoving 2 c in freezer: r
A Detroit moth two kids becau molesting a yc

**Video show** Minn. soror fall off bridg

Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page59 of 130

A-263



ANDREW INNERARITY/REUTERS

Alan Dershowitz was pleased to hear the judge throw out the "sex slave" allegations and says he will be vindicated.

Dershowitz told the Daily News he's pleased with the decision — but he still plans on going after Roberts and her lawyers for defamation.

"She was hiding in Colorado ... but we found her and she will have to be deposed," he said. "The end result is that she'll go to jail because she will repeat her lies and we'll be able to prove it and she will end up in prison for perjury."

As for his own reputation: "I'm confident that at the end I'll be vindicated' and everybody will understand this is a completely made-up story."

Buckingham Palace has denied the allegations against Prince Andrew, which had been bolstered by a picture of the prince with his arm wrapped around Roberts' waist.

A palace spokesman declined to comment on the judge's ruling to The Associated Press.

A lawyer for the four Does, Brad Edwards, vowed to press on with the fight for Epstein's victims, who the feds have acknowledged number in the dozens.

"We are pleased by the Court's ruling recognizing that Jane Doe 3 and 4 have a right to participate without the need for formal intervention," he said.

In a statement, "Doe 3" said, "I'm happy to get to participate in this important case."

TAGS: prince andrew , alan dershowitz

## PROMOTED STORIES



**Lane Bryant Goes After Victoria's Secret With #ImNoAngel Campaign**
Racked



**Forget Googling them, this site reveals all. Simply enter a name and state of anyone you know; what will you learn today?**
Instant Check-mate



**Israel Elections May Have Tipped in Benjamin Netanyahu's Favor**
Good Morning America



**28 Photobombs That Will Make You Laugh Out Loud!**
BuzzLamp



**Caring for The Greatest, Muhammad Ali**
AARP



**Tom Hanks Reveals Startling Health News**
Lifescript

Recommended by

A University o
woman missin
is presumed d

**SEE IT: Fla.
snatches s
ocean**
A South Florid
snapped a ph
snatching a st

**Drug, sex c
filed agains
female Cali**
Two female C
teachers pled
with cocaine,





GARAGE
SAL



9:54

**MOST REA**

1   Dzho
     bomb

2   Do p
     my st

3   Accu
     remai

4   Form
     with 2

5   Man
     Scott

6   Micha
     Walte

7   Apple
     Sri la

8   Teror
     bullyi

9   S.C.
     murdi

10  Scien
     spy o



MORE FROM NYDAILYNEWS

Michael Slager: The S.C. cop who killed Walter Scott

Kennedy Airport passengers left $42,550 at TSA checkpoints

Recommended by

WE RECOMMEND

More videos:

Best Waterproof Mascaras

New Convertible Cars

Online Accounting Courses

Top Roth IRA

Haier 32' H

Samsung 6 H

COMMENTS (6) [ Discussion Guidelines ]

POST A COMMENT

Write a comment

SORT

JOHNNIE DONTGIVEADAMN 5
2 days ago

I wonder how much they had to grease the judge to get this tossed?

Like REPLY SHARE

MARK 1
2 days ago

Sure, because it's not entirely possible that the judge saw that she had a shady story and could have been lying? No, not possible at all, let's go with a tinfoil hat theory that the judge was bought off instead shall we.

Like REPLY SHARE

TIM O'MALLEY 2
2 days ago

Why would she out of the blue accuse Dershowitz? Of all people?
Something stinks here.

Like REPLY SHARE

SHOW MORE COMMENTS

XELJANZ
XELJANZ is used to treat adults with moderately to severely active rheumatoid arthritis in which methotrexate did not work.
XELJANZ is available by prescription only.
IMPORTANT SAFETY INFORMATION
XELJANZ may cause serious side effe
Serious infections. XELJANZ can lower your immune system to fight infections.

Media Kit Home Delivery Newsletters Businesses Place an Ad About our Ads Contact Us Careers F

Use of this website signifies your agreement to the Terms of Service and Privacy Policy
© Copyright 2015 NYDailyNews.com. All rights reserved.

# EXHIBIT 2



# Alan Dershowitz: 'Sex slave' accuser is serial liar, prostitute

## Famed attorney slams woman who claims he had underaged sex with her

**Author: Bob Norman, Reporter, bnorman@Local10.com**
Published On: Jan 22 2015 06:03:14 PM EST   Updated On: Jan 22 2015 06:20:00 PM EST



**PEMBROKE PARK, Fla. -**

Well-known attorney and Miami Beach resident Alan Dershowitz emphatically **denied allegations made in newly-filed court papers that he had sex six times with an underage girl** who at the time was serving as a "sex slave" for wealthy financier -- and convicted sex offender -- Jeffrey Epstein.

**Related: Billionaire's 'sex slave' details allegations against Prince Andrew, Dershowitz**

"This is a woman who is a serial liar," Dershowitz told Local 10 News reporter **Bob Norman**. "She's lied, lied, lied, lied."

"But she wasn't lying about being sexually abused by Jeffrey Epstein," said Norman.

"That is a different issue," said Dershowitz. "That is between her and Jeffrey Epstein."

Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page63 of 130

A-267

The woman is **Virginia Roberts**, one of as many as 40 women who allege that Epstein recruited them while they were minors into a sex ring based at Epstein's Palm Beach mansion.

Roberts alleges in a 14-page affidavit -- which included newly-released photos she said were taken by Epstein when she was 15 -- that Epstein groomed her as "sex slave" to gratify not only him but his powerful friends.

She wrote that she was introduced to Epstein at the mansion by heiress Ghislaine Maxwell, the daughter of the late British publisher Robert Maxwell, on the pretext that she would be paid to give him a "massage," which she wrote was Epstein's "code word for sexual encounters."

"From the first time I was taken to Epstein's mansion that day, his motivations and actions were sexual, as were Maxwell's," Roberts writes in the affidavit. "My father was not allowed inside. I was brought up some stairs. There was a naked guy, Epstein, on the table in the room. Epstein and Maxwell forced me into sexual activity with Epstein ... I was paid $200."

She wrote that she then began working for Epstein, and traveling around the country and world with him.

"Jeffrey Epstein and Ghislaine Maxwell trained me to do what they wanted, including sexual activities and the use of sexual toys," she wrote. "The training was in New York and Florida at Epstein's mansions. It was basically every day and was like going to school ... I was trained to be 'Everything a man wanted me to be.' It wasn't just sexual training -- they wanted me to be able to cater to all the needs of the men they were going to send to me."

In the affidavit, she alleges that Dershowitz was one of those men and that she had sex with him six times beginning when she was 16 at Epstein's residences, as well as on his jet and private island. She also added details about her allegations that Epstein -- who served 13 months in jail after being convicted of soliciting a minor for sex in 2008 -- ordered her to have sex on three occasions with Prince Andrew in London at the age of 17, paying her $15,000 after the first instance.

**Read the entire 14-page affidavit here.**

Dershowitz said Roberts was a prostitute and questioned whether she is now, at the age of 31, a fit mother for her three children.

"She's now an admitted prostitute," said Dershowitz. "I can tell you she is still a prostitute: she is selling these false stories now for money about me. That is a form of prostitution."

"Do you have any concern calling her a prostitute when she was victimized at such an early age by a wealthy man?" Norman asked.

"She was not victimized ... she made her own decisions in life," said Dershowitz.

"But at the age of 15 some would say ... she was taken advantage of," said Norman.

"I'm talking about the age of 19," said Dershowitz.

"But it started when she was 15," said Norman.

"I am not involved in that," he said. "I have no knowledge of that. That's between her, and the federal government and the people who victimized her. All I know is she has victimized me. At the age of 31 she has made up false allegations against me. She is a mother of three children, and she is now living a lie to her three children and the question is whether she is an adequate mother of her three children going around selling her false stories of prostitution."

Dershowitz is an admitted long-time friend of Epstein's who frequented his homes at the time Roberts and other young girls were in Epstein's employ. But he insisted he never saw an underage girl in Epstein's company. A former Epstein employee, the late Alfredo Rodriguez, testified under oath that Dershowitz was at the Palm Beach mansion at the same time underage girls were at the home.

Case 16-3945, Document 69-1, 08/24/2017, 2109778, Page64 of 130

**A-268**

"That's not true," said Dershowitz. "I was never in Jeffrey Epstein's house or any of the houses in the presence of any young woman. Now were there other young women in other parts of the house giving massages when I wasn't around? I have no idea of that. I can only say I never saw a young underage woman. If I had I would have left the house and never come back, period."

He told Norman that he had one massage at Epstein's home and it was with an adult woman.

"I kept my underwear on during the massage," he said. "I don't like massages particularly."

One of the more salacious allegations made by Roberts is that Dershowitz "was so comfortable with the sex that was going on that he would even come and chat with Epstein while I was giving oral sex to Epstein." Dershowitz called that allegation absurd.

"Alan Dershowitz was standing there and talking about what? The weather, the stock market? It's the most preposterous thing imaginable," said Dershowitz.

Dershowitz, who has issued a denial to Roberts' basic claims in a sworn affidavit of his own, said he would willingly be deposed on the matter. Roberts' attorneys have claimed that Dershowitz has refused to submit to deposition.

When questioned about it, Dershowitz said he would be deposed in the case, but only after Roberts and her two lawyers are deposed. The lawyers have sued Dershowitz for defamation after he alleged they should be disbarred for initially putting Roberts' allegations in court papers.

"I am happy today to express my willingness to be deposed after the three of them are deposed," he said. "That's the order it should occur because they are the accusers. I am the one who is defending myself against their accusations."

**Follow Local 10 News on Twitter @WPLGLocal10**



*Copyright 2015 by Local10.com. All rights reserved. This material may not be published, broadcast, rewritten or redistributed.*

© 2015 © 2015

# EXHIBIT 3

CNN

**SHOW:** New Day 8:30 AM EST

January 6, 2015 Tuesday

**TRANSCRIPT:** 010606CN.V42

**SECTION:** NEWS; International

**LENGTH:** 3114 words

**HEADLINE:** Plan Crash Survivor's Steps; Celebrities Fight Sex Scandals; Remembering Mario Cuomo

**BYLINE:** Alisyn Camerota, Martin Savidge, John Berman, Michaela Pereira, Paul Callan, Chris Cuomo, Ana Cabrera

**GUESTS:** Wendy Murphy

**HIGHLIGHT:**

Friday night, seven-year-old Sailor Gutzler freed herself from the upside down wreckage of her family's plane, moving past the bodies of her mother, father, sister and cousin, and walked nearly a mile to Larry Wilkins' home in remote western Kentucky to get help. There are new developments in the sex scandal involving Prince Andrew and famed attorney **Alan Dershowitz,** including the fact that Dershowitz has counter sued Virginia Roberts. Chris Cuomo, the son of the former governor of New York Mario Cuomo, reflects on his father's legacy as a politician and family man.

**BODY:**

JOHN BERMAN: All right, 32 minutes after the hour.

Buckingham Palace took the rare step to speak out about the sex abuse accusations against Prince Andrew, but is talking about it really the best strategy? How to handle ugly accusations, next.

CAMEROTA: New developments in the sex scandal involving Prince Andrew and famed attorney **Alan Dershowitz**. Moments ago we learned that **Alan Dershowitz** has counter sued Virginia Roberts, that's the woman who says that the lawyer sexually abused her when she was a teenager. Dershowitz is demanding his name be removed from her lawsuit and is asking for damages. Roberts says that a wealthy investor forced her into sex slavery when she was a teenager to please his powerful friends, including Dershowitz and Prince Andrew. The accuser now says she is being re-victimized. All of this raising big questions of how public figures should fight back against ugly accusations.

Let's bring in Paul Callan. He's a CNN legal analyst, criminal defense attorney and former prosecutor to talk about all this, also former prosecutor Wendy Murphy will join. She's an adjunct professor of sexual violence at New England Law in Boston.

A-271

Great to see both of you.

OK, let's start with the news this morning. Paul, **Alan Dershowitz**, hours ago, has filed this countersuit in Florida because he feels he's being defamed by this lawsuit by this woman, Virginia Roberts. CNN is naming her because she has gone public with her name. So is that the best way for celebrities and high-profile people to handle allegations like this?

PAUL CALLAN, CNN LEGAL ANALYST: Well, **Alan Dershowitz** has done something you never see done in these cases. He's gone nuclear. I mean, he's going apoplectic. He's threatening to sue Roberts and he's starting his own lawsuit. Usually you try to make the whole thing go away so it's forgotten.

There's a complexity to this lawsuit because the allegations against Dershowitz, that he slept with this 15-year-old, and, incidentally, Prince Andrew as well, were included in court documents related to another lawsuit. And normally, anything you say in a court document relating to a pending lawsuit is, there's immunity. You can't sue somebody for saying that. So Dershowitz was baiting Roberts saying, why don't you say it publicly and I'm going to sue you because it's a lie. But apparently he must have stumbled on some theory that would give him grounds to sue around this court immunity doctrine. So it will be interesting to see it today.

CAMEROTA: Yes. Wendy, we have an example of **Alan Dershowitz** being so angry and so vociferous in denying these charges yesterday on NEW DAY. Watch this.

(BEGIN VIDEO CLIP)

**ALAN DERSHOWITZ**, ATTORNEY: I will take action. I am filing today a sworn affidavit denying categorically the truth. I'm seeking to intervene in the case. I am challenging her to file rape charges against me. I waive any statute of limitations, any immunity, because if she files a false rape charge against me, she goes to jail. The end result of this case should be she should go to jail, the lawyers should be disbarred and everybody should understand that I am completely and totally innocent.

(END VIDEO CLIP)

CAMEROTA: Wendy, what do you think about his strategy? Because there's one school of thought that says you never even dignify the allegations with a response.

WENDY MURPHY, FORMER PROSECUTOR: Yes, I mean the problem is he is almost in a protest too much state of mind for me. You know, I think the way the prince is handling it is, in a sense, more credible because it's more restrained in that exact way, Alisyn, we don't dignify these kinds of things. Of course it's silly. Of course it's not true.

You know, the problem with **Alan Dershowitz's** position is, he doesn't really know all of the evidence that they have. I mean what if this woman has, you know, intimate knowledge of things about his body parts, for example, that will be unassailable proof that, in fact, she did have access to his body. The kind of thing that no matter how much he yells and screams, he won't be able to rebut. That could be some pretty explosive proof against him.

A-272

CAMEROTA: It could be but --

MURPHY: I'm glad he did it.

CAMEROTA: Yes, I mean, you have to - MURPHY: Go ahead.

CAMEROTA: You have to assume that because he's make so vocal and so public a response that he believes that there's nothing like that out there.

Wendy, let me just stop you for a second -

MURPHY: Yes.

CAMEROTA: Because I want to tell you the victim in - the alleged victim in this case, Virginia Roberts, has now responded to CNN and **Alan Dershowitz** for calling her a liar. Let me tell you what she says. "It appears I am now being unjustly victimized again. These types of aggressive attacks on me are exactly the reason why sexual abuse victims typically remain silent and the reason why I did for a long time. That trend should change. I'm not going to be bullied into silence."

Wendy, your thoughts on her response?

MURPHY: Yes, I -- you know, it is a reason, in my work, you know, in decades of this work, it is something victims talk about a lot. I'm not going to speak out, especially against a wealthy, powerful, and influential person because they will have the ability to sue me falsely. That's the fear that a lot of real victims have.

Look, if **Alan Dershowitz** wants to use the legal system to demonstrate his innocence, he has the right to do that. The problem is, now that he's filed a public claim, the airing of all the details will come out, and what's he going to do if there is some kind of unassailable evidence against him? I mean he said, for example, he's only been at Jeffrey Epstein's house once and it was with his wife and children. What if it comes out that he was actually there, and there are photographs of him there on another occasion?

CALLAN: Well, you have to - you know, but, Wendy, I think you have to assume, Dershowitz can't be that stupid. I mean he taught at Harvard for long enough that I assume that basic facts like that he's going to be certain on. And if Dershowitz is in fact innocent of this charge, then he's not worried about body parts or locations where sex took place if no sex did take place.

CAMEROTA: Dershowitz also called for Virginia Roberts' attorneys to be disbarred. He believes they should never have taken this case. Let me quickly read to you their statement in response to **Alan Dershowitz**. "Out of respect for the courts desire to keep this case from being litigated in the press, we are not going to respond at this time to specific claims of indignation by anyone. Nevertheless, we would be pleased to consider any sworn testimony and documentary evidence Mr. Dershowitz would like to provide which he contends would refute any of our allegations."

Paul Callan, Wendy Murphy -

MURPHY: Yes. CAMEROTA: We have to leave it there. We're running out of time. But,

obviously, this case is not going away with **Alan Dershowitz's** new legal action this morning. We'll take it up again. Thanks so much for being here.

We'd love to know what you think about all this. You can tweet us @newday on the best way to handle allegations like this.

Let's go over to John.

BERMAN: All right, thanks, Alisyn.

An American giant is gone, but his legacy lives on. Our friend and colleague, Chris Cuomo, remembers his father, former New York Governor Mario Cuomo. A touching tribute that you do not want to miss, it's coming up next.

PEREIRA: So, the funeral for former New York governor Mario Cuomo gets under way in just over two hours right here in New York City. Dignitaries including Bill and Hillary Clinton, Attorney General Eric Holder are expected to pay their respects. You know, Chris mentioned to us, our NEW DAY family, that his father's life has served as a lesson for him since he was a very little boy, but that even now his pop is, as he called him, is still teaching him a lesson about what endures.

(BEGIN VIDEOTAPE)

MARIO CUOMO, FORMER GOVERNOR OF NEW YORK: When it's over, I want people to say, now, there was an honest person.

CHRIS CUOMO, CNN ANCHOR (voice-over): Pop's body is gone. I know because I counted out his pulse until his heart fell silent, 5:15 p.m. His two favorite numbers, 5 and 15. So now his baggy, brown eyes, solid grip of soft, thick fingers, oaken body, they're all gone. But what was most important about my father and to him has passed on.

Passed on as in still exists, just in a different way. His spirit passed on to his creator, the spirit of his message endures in us. Timeless and timely, a call to remember that if all do not share in America's success, there is no real success.

M. CUOMO: We can make it all the way with the whole family intact, and we have more than once, wagon train after wagon train, to new frontiers of education, housing, peace, the whole family aboard, constantly reaching out to extend and enlarge that family, all those struggling to claim some small share of America.

C. CUOMO: Our interconnectedness, our diversity as America's true strength. The value found in immigrants like our family desperate to work, to be part of the dream.

M. CUOMO: Thank you very much.

C. CUOMO: Two speeches in eight weeks would define his political life for many of you, the keynote in 1984.

UNIDENTIFIED MALE: Ronald Reagan rode into the '80s on a political white horse.

C.CUOMO: When he took on Ronald Reagan's shining city.

M. CUOMO: There are people who sleep in the city's streets, in the gutter, where the glitter doesn't show.

C. CUOMO: And his talk at Notre Dame, where he took on his church's notion of a Catholic politician.

M. CUOMO: We know that the price of seeking to force our belief on others is that they might someday force their belief on us. I protect my right to be a Catholic by preserving your right to be anything else you choose.

C. CUOMO: The man liked a challenge. Both relied on his core belief, we are here to help as many as we can in the best way we can, and that means protecting freedom, especially freedom from oppression. You will hear him called Hamlet on the Hudson. Question it. It's a media phrase more than a matter of fact. Pop did not think he should run for president.

M. CUOMO: Has nothing to do with my chances. It has everything to do with my job as governor, and I don't see that I can do both. Therefore, I will not pursue the presidency.

C. CUOMO: Many could not, or would not, accept that and tried publicly and privately to push him to do otherwise. For better or worse, that's what separated my father from other politicians. He, in fact, did not vacillate, and until the day he died, I never heard him regret the decision, period. But that is merely politics, which can't be forgotten quickly enough. What really matters has certainly been passed on to me, and my siblings, and our kids and that was pop's love, like a big bear hug on your heart kind of love. His unique sense of humor could be a weapon and a salve.

M. CUOMO: Christopher, you have - -

(LAUGHTER)

M. CUOMO: Let me tell you, Christopher. You have found so many unusual ways to heap new expenses on this family. You really have. I mean, and you've done it not after, you know, a sweating effort, he's done it naturally.

C. CUOMO: Who to be, how to be, from the simple, a handshake is firm, a tie is tied in a Windsor knot, a man shines his own shoes and does so often. He carries a hanky, one for others, one for himself. He wears a hat, not a cap, unless it's a cheese cutter. He always has cash and does not go Dutch. Pass first, shoot second. Play hard, and then play harder. From that to the sublime, all that matters in life is devotion to something bigger than yourself, family, the less fortunate, take up for them always. His passion for purpose, love recklessly, fight the good fight fiercely, outwork everyone. M. CUOMO: One of the simple things I wanted to achieve is I want to be governor, I want to be the hardest working there ever was.

C. CUOMO: Compete hard or not at all.

M. CUOMO: So far, you know, we haven't lost all year.

C. CUOMO: And never as a function of the chance of success.

M. CUOMO: This is our first game.

C. CUOMO: And for all the requirements on an individual, the most important was a command for the collective. Collaborate in making this world a better place.

M. CUOMO: What is our mission in this place? Your job is to make it as good as you can make it. That's all there is. There is no other significance.

C. CUOMO: None of that could ever be buried. Living on in the hearts, and minds, and actions of those who bear his name, who heeded his call to action then and now, that all will pass on. The man himself is gone. The father I went to in times of distress is not there. The truth hurts, pop would say, and this truth hurts worse than I imagined. But I also know what pop would tell me to do. Wipe my face, let my kids see that I love them, be there for my family, and do the right thing. And I will, pop, just like you.

M. CUOMO: Just keep going forward believing ever more deeply that it's right to give to people and to the world.

(END VIDEOTAPE)

PEREIRA: What a powerful tribute to his dad.

BERMAN: Like a big bear hug, I think, on all of our hearts as Chris would say so nicely in that piece.

CAMEROTA: And we got to know Mario Cuomo so much better through Chris' eyes. That was a real gift.

BERMAN: And we got to see, you know, take the stuffing out of Chris, too, sitting there as a young boy. It was amazing.

PEREIRA: But, you know, he loves in the very same way that his dad did. Have you noticed that?

CAMEROTA: Yes.

BERMAN: Big, big.

CAMEROTA: Beautiful. We'll be right back.

CAMEROTA: As you all know, Chris Cuomo loves telling the stories of people who are making an impact. So here's on such story. Former NFL player Ricardo Silva went from studying playbooks to textbooks. Today he's a high school math teacher motivating his students to impact your world. Here's Chris Cuomo.

(BEGIN VIDEOTAPE)

RICARDO SILVA, FORMER NFL PLAYER: You have four minutes, four minutes until competition.

C. CUOMO: Ricardo Silva is using his competitive edge to make math count for these high school students in Washington, D.C.

SILVA: Number three is what? My hope is to bring awareness to the students. Not just geometry, but total life outcomes. You can do whatever you want through education.

C. CUOMO: Silva's first job wasn't in a classroom, it was on a football field playing for the Detroit Lions.

SILVA: My mission was to get to college and start in the NFL. Now that's moved on to something more meaningful to me, which is providing opportunities to kids that do not necessarily know how to get where they need to be.

C. CUOMO: Helping Silva do just that is Teach for America. The program offers free classroom training to college graduates and professionals from various backgrounds. In exchange they teach in an underserved school for two years.

SILVA: Kids that have low socioeconomic status are, you know, not achieving as well as their more affluent counterparts, and we're trying to close the educational achievement gap. This is why I'm here.

C. CUOMO: It's certainly not for the paycheck or the ease of the job.

SILVA: Football, all you have to do is wake up every day, work out and do what the coaches tell you to do. In school you have to motivate young teenagers who are more interested in their social media outlets than math.

C. CUOMO: A seemingly impossible task, but Silva is up for the challenge.

SILVA: What's the first thing that we must do?

All I had was one person believing in me my entire life, which was my mom, and I feel like I can bring that to the kids.

Way to go, (INAUDIBLE).

All they need was one person telling them that they can do it and they can be successful.

(END VIDEOTAPE)

PEREIRA: And he's that one person.

BERMAN: Man, motivating kids tougher than any NFL linebacker, that's for sure.

CAMEROTA: Yes, right. So, for more on how you can help, go to CNN.com/impact.

BERMAN: All right, it is time now for "NEWSROOM" with Ana Cabrera who is in today for Carol Costello.

Ana, take it away.

ANA CABRERA, CNN ANCHOR: Good morning guys, and I haven't even said happy new year to you yet, so happy new year.

CAMEROTA: You, too.

EXHIBIT 4

**SHOW: AUSTRALIAN BROADCASTING SYSTEM (ABC)** 7.30 8:05 PM AEST ABC

January 6, 2015 Tuesday

**LENGTH:** 942 words

**HEADLINE:** Prince Andrew under pressure as Palace disputes teen sex scandal claims

**REPORTERS:** Philip Williams

**BODY:**

LEIGH SALES, PRESENTER: It's been a few years since Britain's Royal Family has been embroiled in a serious scandal, but once again, Prince Andrew has stepped forward.

He's accused of having sex with an underage girl in sensational details aired in an American court case.

The young woman says she was forced to entertain the Duke at the behest of his friend, billionaire and convicted paedophile Jeffrey Epstein.

Prince Andrew's ex-wife, Sarah Ferguson, has leapt to his defence and Buckingham Palace is also strenuously denying the allegations.

But, as Europe correspondent Philip Williams reports, the claims have blown apart the always uneasy calm between the Palace and the British press.

PHILIP WILLIAMS, REPORTER: As fifth in line to the throne, whatever Prince Andrew does or says will never go unnoticed.

So when media reports about a lawsuit in the US emerged linking his name with underage sex, the long period of relative Royal calm was abruptly shattered.

This woman, Virginia Roberts, is believed to be the person named in court papers as "Jane Doe 3". In a newspaper interview she claims she was used for underage sex by American billionaire Jeffrey Epstein and says she was lent out to his rich and powerful friends, including Prince Andrew. It's claimed she had sex with him three times when she was 17 at Jeffrey Epstein's luxury Caribbean Island home and in New York and London, all denied by Prince Andrew.

VICTORIA MURPHY, UK MIRROR ROYAL CORRESPONDENT: If this doesn't go away quickly, if these allegations continue to be made, if more allegations are added, this could be incredibly damaging, not just for Andrew, but for the monarchy as a whole.

PHILIP WILLIAMS: It all seems a world away from the golden glow of recent Royal events - a wedding that cemented the popularity of Prince William and his bride. Followed of course by the arrival of baby Prince George. And for the Queen, a diamond jubilee, a celebration of 60 years on the throne, reason for her to smile as the nation and beyond said thanks for her never-ending job.

A-280

Over the weekend, that run of feel-good luck expired.

Normally with a story like this, Buckingham Palace would be more inclined to stay quiet, not to give any oxygen whatsoever to the sort of claims that have been made. But this time, it's very, very different. Not one, but two statements saying Prince Andrew is completely innocent of all the accusations.

VICTORIA MURPHY: They issued one statement initially in response to the allegations that Prince Andrew had had sex with an underage minor and that was what they were responding to and they were categorically denying that that had been the case. However, in doing that they had left the door open that perhaps he was only denying the fact that she was a minor and questions were being asked about that. So when more of her allegations surfaced, they decided that they needed to release an even stronger denial, categorically denying any sexual contact whatsoever.

PHILIP WILLIAMS: What isn't in dispute is that Prince Andrew and Jeffrey Epstein were good friends over a number of years.

In 2008, Mr Epstein was sentenced to 18 months' jail for soliciting an underage girl for the purposes of prostitution. That, after a controversial plea bargain. He remains a registered sex offender.

Yet in 2011, after his release, Prince Andrew was seen with his old friend in New York Central Park. That cost Prince Andrew an unpaid job he was said to have loved as the UK's Trade and Industry special representative, opening doors for British business overseas.

CHRIS BRYANT, LABOUR MP (March, 2011): But I'm afraid he's now just become a national embarrassment. And my worry is that sometimes when he goes on these trips, I'm not sure whether he's helping us out or he's just helping himself.

PHILIP WILLIAMS: For him, that door closed as a direct result of his association with Jeffrey Epstein.

VICTORIA MURPHY: People who know Prince Andrew have said that he is very loyal to his friends and that that is one of his strong points. However, I think that those closest to him now accept that that particular friendship and the loyalty to Jeffrey Epstein that continued until after he was convicted of paedophilia, I think people are now saying, you know, he accepts that that was a mistake. However, what is being said is that Andrew is only guilty of choosing his friends badly. He's not guilty of anything else.

PHILIP WILLIAMS: Prince Andrew isn't the only one named in the court documents, and while he isn't publicly defending himself, another of those accused certainly is.

Harvard Law Professor **Alan Dershowitz** has been doing the media rounds of the US and beyond. He denies even knowing his accuser, let alone having sex with her.

**ALAN DERSHOWITZ**, HARVARD LAW SCHOOL: My goal is to bring charges against the client and require her to speak in court. She - if she believes she has been hurt by me and by Prince Andrew, she should be suing us for damages. I welcome that lawsuit. I welcome any opportunity which would put her under oath and require her to state under oath these false allegations.

A-281

PHILIP WILLIAMS: Under the plea bargain struck with prosecutors by Jeffrey Epstein, it appears that other potential allegations may not end up tested in court and that could apply to possible co-conspirators, an arrangement alleged victims were not involved with.

Through Palace statements, the Duke of York has unequivocally denied any wrongdoing. He's not charged with anything, nor has he been questioned by police.

But the Queen's second son is in a spotlight he cannot wish away. His annus horribilis may have just begun.

LEIGH SALES: Philip Williams reporting from London.

**LOAD-DATE:** January 7, 2015

A-282



# EXHIBIT 5

○ Go to DASHBOARD > Appearance > Menus to set up the menu.

Thursday 09 April, 2015
**Published On:** Wed, Apr 8th, 2015
Court / US / Canada ] By **Ilan Shavit**

# After Vindication, Alan Dershowitz Vows to Sue Sex Accuser in Court

Dershowitz he also planning to sue his accuser's attorneys for defamation.



Professor Alan Dershowitz told Newsmax he plans to sue the woman who accused him of sexual misconduct.

Dershowitz spoke after a federal judge on Tuesday U.S. District Court Judge Kenneth Marra had ordered said woman's allegations be removed from the record of an ongoing lawsuit against convicted billionaire pedophile Jeffrey Epstein.

Judge Marra denied a motion by "Jane Doe 3 and Jane Doe 4" to join the lawsuit. He also wrote that the "lurid details" ... "regarding with whom and where the Jane Does engaged in sexual activities are immaterial and impertinent to this central claim ... especially considering that these details involve non-parties who are not related to the respondent Government. These unnecessary details shall be stricken."

The two "non-parties" have been Prince Andrew and Alan Dershowitz.

After Vindication, Alan Dershowitz Vows to Sue Sex Accuser in Court – Jewish Business... Page 2 of 3

"We've been legally vindicated but my reputation has still been, unfortunately, tarnished in the minds of at least some people by a woman who just lied and made up a story out of whole cloth," Dershowitz told Newsmax's Steve Malzberg.

"It was like a drive-by shooting or like somebody scribbling graffiti on a bathroom door," Dershowitz said.

Read Latest Breaking News from Newsmax.com http://www.newsmax.com/Newsfront/Alan-Dershowitz-Steve-Malzberg-sexual-misconduct-suing/2015/04/07/id/637044/#ixzz3WhkDlzTe
Urgent: Rate Obama on His Job Performance. Vote Here Now!

Dershowitz, who originally represented Epstein in his plea deal, said he will now seek to depose "Jane Doe 3."

"We will persuade the world that she made up the whole story out of whole cloth," he said.

Dershowitz he also planning to sue his accuser's attorneys for defamation.

"And we're considering suing her for defamation as well, but right now she was trying to hide in Colorado and avoid service, but we found her and we served her and now she'll be subjected to a deposition," he said.

"And if she repeats what she said previously under oath, she will go to jail because what she said is a complete, total, made-up lie. Not only about me but about many other people."



**Read more about:** Alan Dershowitz, Jane Doe 3, Jeffrey Epstein, Kenneth Marra



EXHIBIT 6

**A-287**

District Court Fremont County, Colorado
Court Address:
136 Justice Center Rd
Canon City, CO 81212

| | |
|---|---|
| Plaintiff(s)/Petitioner(s): Edwards, et al. | ▲ COURT USE ONLY ▲ |
| v. | Case Number: 2015CV30051 |
| Defendant(s)/Respondent(s): Dershowitz | Division: Courtroom: |

## SUBPOENA TO ☐ATTEND ☒☒ATTEND AND PRODUCE

To: **VIRGINIA ROBERTS a/k/a Virginia Lee Giuffrey, 1207 J Street, Penrose, Colorado 81240**

You are ordered to attend and give testimony at the District Court of Fremont County, located at: 136 Justice Center Road, Canon City, CO 81212, Room #105, on Tuesday, May 12, 2015, at 9:30 a.m. as a witness for the ☐ Plaintiff(s)/Petitioner(s) ☒Defendant(s)/Respondent(s) in this action.

At that time and place, you also shall produce the following items now in your custody or control:

See attached Schedule A

Names, addresses and telephone numbers of all counsel of record in this action and of any party represented by counsel are as follows:

| Name | Address | Telephone Number |
|---|---|---|
| For Plaintiffs Bradley J. Edwards and Paul G. Cassell Jack Scarola, FL Bar No. 169440 Searcy Denney Scarola Barnhart & Shipley, PA | 2139 Palm Beach Lakes Blvd. West Palm Beach, FL 33409 | (561) 686-6300 |
| For Defendant Alan M. Dershowitz Thomas E. Scott, Florida Bar No. 149100 Steven R. Safra, Florida Bar No. 057026 Cole, Scott & Kissane, PA | 9150 South Dadeland Blvd., #1400 Miami, FL 33156 | (305) 350-5381 |

Date: March 30, 2015

_____
Clerk/Deputy Clerk or Attorney

## AFFIDAVIT OF SERVICE

and not a party to the action and that I served the Subpoena to

_____ County _____ (State)

as the Witness or by leaving it with the _____ who refused service.

_____ occasions but have not been able to locate the Witness.

_____ County

Signature of Process Server

Name (Print or type)

Notary Public / Deputy Clerk          Date

**A-289**

## SCHEDULE "A"

1. All documents that reference by name, Alan M. Dershowitz,[1] which support and/or confirm the allegations set forth in Paragraphs 24-31 of your Declaration dated January 19, 2015 and/or Paragraph 49 of your Declaration dated February 5, 2015, which were filed with the United States District Court for the Southern District of Florida, in Jane Doe #1 and Jane Doe #2 v. United States of America, Case No. 08-80736-CIV-MARRA/JOHNSON, **[ECF No. 291-1]** (the "Federal Action").

2. All photographs and video in the original, native format in which they were taken (not a paper copy) of you with Alan M. Dershowitz.

3. All photographs and video in the original, native format in which they were taken (not a paper copy) not produced in response to Request No. 2, above, of Alan M. Dershowitz at (i) Jeffrey Epstein's Manhattan home in New York City, New York; (ii) Mr. Epstein's home in Palm Beach, Florida; (iii) Mr. Epstein's Zorro Ranch in Santa Fe, New Mexico; (iv) Little Saint James island in the U.S. Virgin Islands; and (v) Mr. Epstein's airplane, on the same date and time that you were also present at such location.

4. All photographs and video in the original, native format in which they were taken (not a paper copy) of you not produced in response to Request No. 3, above, that evidence and/or show you were present at the same location as Alan M. Dershowitz on that same date and time.

5. Any documents and information that support and/or confirm your presence at the various locations named in Paragraphs 24-31 of your Declaration on the particular dates and times when Alan M. Dershowitz was also present.

6. Any documents and information that show Alan M. Dershowitz was present at the various locations named in Paragraphs 24-31 of your Declaration on the particular dates and times when you allege to have been present in your response to Request No. 5, above.

7. All statements, written or recorded, which you have provided to anyone that reference by name, Alan M. Dershowitz.

8. All notes of, or notes prepared for, any statements or interviews in which you referenced by name or other description, Alan M. Dershowitz.

9. All documents concerning any communications by you or on your behalf with any media outlet concerning Alan M. Dershowitz or the Federal Action, whether or not such communications were "on the record" or "off the record."

10. All notes, writings, photographs, and/or audio or video recordings made or recorded by or of you on the dates on which you allege you were present with Alan M. Dershowitz, including but not limited to your calendar, diary or journal entries on those dates, regardless whether the notes, writings, photographs, and/or audio or video recordings refer to Mr. Dershowitz. To the extent

---

1 For purposes of this Schedule "A", reference to "Alan M. Dershowitz" herein shall mean and refer to any reference to the Defendant in this action, including but not limited to, as "Alan", "Alan M. Dershowitz", "Professor Dershowitz", or "Dershowitz", and the like.

that any responsive materials are photographs or video recordings, please provide them in the original, native format in which they were taken (not a paper copy).

12. All documents relating to your travel to or from locations for those occasions when you allege you were present with Alan M. Dershowitz.

13. To the extent not produced in response to the above list of requested documents, all notes, writings, photographs, and/or audio or video recordings made at any time that refer or relate in any way to Alan M. Dershowitz.

14. All drafts of declarations or affidavits by you that relate in any way to Alan M. Dershowitz and/or Jeffrey Epstein.

15. All documents relating to any telephone, including any cellular telephone, used by you between January 1, 1999 and December 31, 2002.

16. Any diary, journal or calendar concerning your activities between January 1, 1999 and December 31, 2002.

17. All documents concerning any actual or potential book, television or movie deals concerning your allegations about being a sex slave.

18. All documents concerning any monetary payments or other consideration received by you from any media outlet in exchange for your statements (whether "on the record" or "off the record") regarding Jeffrey Epstein, Alan M. Dershowitz, Prince Andrew, Duke of York, and/or being a sex slave.

19. All documents showing, concerning, relating or referring to when you were at or on (i) Jeffrey Epstein's Manhattan home in New York City, New York; (ii) Mr. Epstein's home in Palm Beach, Florida; (iii) Mr. Epstein's Zorro Ranch in Santa Fe, New Mexico; (iv) Little Saint James island in the U.S. Virgin Islands; and (v) Mr. Epstein's airplane from January 1, 1999 through December 31, 2002.

20. All documents showing any payments or remuneration of any kind made by Jeffrey Epstein or any of his agents or associates to you from January 1, 1999 through December 31, 2002.

21. All travel records of any kind, including but not limited to tickets, hotel room receipts or other documents concerning, relating or referring to any travel undertaken by you between January 1, 1999 and December 31, 2002.

22. All records of any interviews given by you to any party concerning, relating or referring to Jeffrey Epstein or any of his agents or associates.

23. All manuscripts and/or other writings, whether published or unpublished, created in whole or in part by you, concerning, relating or referring to Jeffrey Epstein and any of his agents or associates.

24. All documents concerning, relating or referring to your assertions that you met former President Bill Clinton, former Vice President Al Gore and/or Mary Elizabeth "Tipper" Gore on Little Saint James island in the U.S. Virgin Islands.

A-291

25. All documents concerning your retention of the law firm Boies, Schiller & Flexner LLP, including but not limited to: signed letter of retainer, retention agreement, explanation of fees, and/or any documents describing the scope of retention.

A-292

District Court Fremont County, Colorado
Court Address:
136 Justice Center Rd
Canon City, CO 81212

DATE FILED: March 26, 2015
CASE NUMBER: 2015CV80051
DATE FILED: March 26, 2015 3:20 PM

Plaintiff(s)/Petitioner(s): Edwards, et al.

v.

Defendant(s)/Respondent(s): Dershowitz

**COURT USE ONLY**

Case Number:
15CV30051

Division: 01    Courtroom: 102

## SUBPOENA TO ☐ ATTEND ☒ ATTEND AND PRODUCE

To: __Jane Doe #3__ (address redacted for purpose of court filing)

You are ordered to attend and give testimony at the District Court of Fremont County, located at: 136 Justice Center Road, Canon City, CO 81212, Room # 105, on Tuesday, May 12, 2015, at 9:30 a.m. as a witness for the ☐ Plaintiff(s)/Petitioner(s) ☒ Defendant(s)/Respondent(s) in this action.

At that time and place, you also shall produce the following items now in your custody or control:

See attached Schedule A

Names, addresses and telephone numbers of all counsel of record in this action and of any party represented by counsel are as follows:

| Name | Address | Telephone Number |
|---|---|---|
| For Plaintiffs Bradley J. Edwards and Paul G. Cassell Jack Scarola, FL Bar No. 169440 Searcy Denney Scarola Barnhart & Shipley, PA | 2139 Palm Beach Lakes Blvd. West Palm Beach, FL 33409 | (561) 686-6300 |
| For Defendant Alan M. Dershowitz Thomas E. Scott, Florida Bar No. 149100 Steven R. Safra, Florida Bar No. 057028 Cole, Scott & Kissane, PA | 9150 South Dadeland Blvd. #1400 Miami, FL 33156 | (305) 350-5381 |

DEBORAH SATHER STRINGARI
CLERK OF THE COMBINED COURTS

Date: March 26, 2015

Deborah Sather Stringari
Clerk/Deputy Clerk or Attorney



**A-293**

## AFFIDAVIT OF SERVICE

I declare under oath that, I am 18 years or older and not a party to the action and that I served this Subpoena to

☐ Attend ☐ Attend and Produce to the Witness in _____ (County) _____ (State)

on _____ (date) at the following location: _____

Check one:

☐ By handing it to a person identified to me as the Witness or by leaving it with the Witness who refused service.

☐ I attempted to serve the Witness on _____ occasions but have not been able to locate the Witness.

☐ Private process server

☐ Sheriff, _____ County
Fee $ _____ Mileage $ _____

_____
Signature of Process Server

_____
Name (Print or type)

My Commission Expires: _____

_____
Notary Public /Deputy Clerk        Date

JDF 80.2 COUNTY COURT SUBPOENA TO ATTEND OR ATTEND AND PRODUCE 1/13
© 2012 Colorado Judicial Department for use in the Courts of Colorado

## SCHEDULE "A"

1.  All documents that reference by name, Alan M. Dershowitz,[1] which support and/or confirm the allegations set forth in Paragraphs 24-31 of your Declaration dated January 19, 2015 and/or Paragraph 49 of your Declaration dated February 5, 2015, which were filed with the United States District Court for the Southern District of Florida, in Jane Doe #1 and Jane Doe #2 v. United States of America, Case No. 08-80736-CIV-MARRA/JOHNSON, [ECF No. 291-1] (the "Federal Action").

2.  All photographs and video in the original, native format in which they were taken (not a paper copy) of you with Alan M. Dershowitz.

3.  All photographs and video in the original, native format in which they were taken (not a paper copy) not produced in response to Request No. 2, above, of Alan M. Dershowitz at (i) Jeffrey Epstein's Manhattan home in New York City, New York; (ii) Mr. Epstein's home in Palm Beach, Florida; (iii) Mr. Epstein's Zorro Ranch in Santa Fe, New Mexico; (iv) Little Saint James island in the U.S. Virgin Islands; and (v) Mr. Epstein's airplane, on the same date and time that you were also present at such location.

4.  All photographs and video in the original, native format in which they were taken (not a paper copy) of you not produced in response to Request No. 3, above, that evidence and/or show you were present at the same location as Alan M. Dershowitz on that same date and time.

5.  Any documents and information that support and/or confirm your presence at the various locations named in Paragraphs 24-31 of your Declaration on the particular dates and times when Alan M. Dershowitz was also present.

6.  Any documents and information that show Alan M. Dershowitz was present at the various locations named in Paragraphs 24-31 of your Declaration on the particular dates and times when you allege to have been present in your response to Request No. 5, above.

7.  All statements, written or recorded, which you have provided to anyone that reference by name, Alan M. Dershowitz.

8.  All notes of, or notes prepared for, any statements or interviews in which you referenced by name or other description, Alan M. Dershowitz.

9.  All documents concerning any communications by you or on your behalf with any media outlet concerning Alan M. Dershowitz or the Federal Action, whether or not such communications were "on the record" or "off the record."

---

[1] For purposes of this Schedule "A", reference to "Alan M. Dershowitz" herein shall mean and refer to any reference to the Defendant in this action, including but not limited to, as "Alan", "Alan M. Dershowitz", "Professor Dershowitz", or "Dershowitz", and the like.

10. All notes, writings, photographs, and/or audio or video recordings made or recorded by or of you on the dates on which you allege you were present with Alan M. Dershowitz, including, but not limited to your calendar, diary or journal entries on those dates, regardless whether the notes, writings, photographs, and/or audio or video recordings refer to Mr. Dershowitz. To the extent that any responsive materials are photographs or video recordings, please provide them in the original, native format in which they were taken (not a paper copy).

12. All documents relating to your travel to or from locations for those occasions when you allege you were present with Alan M. Dershowitz.

13. To the extent not produced in response to the above list of requested documents, all notes, writings, photographs, and/or audio or video recordings made at any time that refer or relate in any way to Alan M. Dershowitz.

14. All drafts of declarations or affidavits by you that relate in any way to Alan M. Dershowitz and/or Jeffrey Epstein.

15. All documents relating to any telephone, including any cellular telephone, used by you between January 1, 1999 and December 31, 2002.

16. Any diary, journal or calendar concerning your activities between January 1, 1999 and December 31, 2002.

17. All documents concerning any actual or potential book, television or movie deals concerning your allegations about being a sex slave.

18. All documents concerning any monetary payments or other consideration received by you from any media outlet in exchange for your statements (whether "on the record" or "off the record") regarding Jeffrey Epstein, Alan M. Dershowitz, Prince Andrew, Duke of York, and/or being a sex slave.

19. All documents showing, concerning, relating or referring to when you were at or on (i) Jeffrey Epstein's Manhattan home in New York City, New York; (ii) Mr. Epstein's home in Palm Beach, Florida; (iii) Mr. Epstein's Zorro Ranch in Santa Fe, New Mexico; (iv) Little Saint James island in the U.S. Virgin Islands; and (v) Mr. Epstein's airplane from January 1, 1999 through December 31, 2002.

20. All documents showing any payments or remuneration of any kind made by Jeffrey Epstein or any of his agents or associates to you from January 1, 1999 through December 31, 2002.

21. All travel records of any kind, including but not limited to tickets, hotel room receipts or other documents concerning, relating or referring to any travel undertaken by you between January 1, 1999 and December 31, 2002.

**A-296**

22. All records of any interviews given by you to any party concerning, relating or referring to Jeffrey Epstein or any of his agents or associates.

23. All manuscripts and/or other writings, whether published or unpublished, created in whole or in part by you, concerning, relating or referring to Jeffrey Epstein and any of his agents or associates.

24. All documents concerning, relating or referring to your assertions that you met former President Bill Clinton, former Vice President Al Gore and/or Mary Elizabeth "Tipper" Gore on Little Saint James island in the U.S. Virgin Islands.

25. All documents concerning your retention of the law firm Boies, Schiller & Flexner LLP, including but not limited to: signed letter of retainer, retention agreement, explanation of fees, and/or any documents describing the scope of retention.

**ATTACHMENT A**

C.R.C.P. 45 requires the party issuing a subpoena for the production of records or a tangible thing to provide the following information:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction, which may include lost earnings and reasonable attorney's fees, on a party or attorney who fails to comply.

(2) Command to Produce Records or Tangible Things.

(A) Attendance not required. A person commanded to produce records or tangible things need not attend in person at the place of production unless also commanded to attend for a deposition, hearing, or trial.

(B) For production of privileged records.

(I) If a subpoena commands production of records from a person who provides services subject to one of the privileges established by C.R.S. § 13-90-107, or from the records custodian for that person, which records pertain to services performed by or at the direction of that person ("privileged records"), such a subpoena must be accompanied by an authorization signed by the privilege holder or holders or by a court order authorizing production of such records.

(II) Prior to the entry of an order for a subpoena to obtain the privileged records, the court shall consider the rights of the privilege holder or holders in such privileged records, including an appropriate means of notice to the privilege holder or holders or whether any objection to production may be resolved by redaction.

(III) If a subpoena for privileged records does not include a signed authorization or court order permitting the privileged records to be produced by means of subpoena, the subpoenaed person shall not appear to testify and shall not disclose any of the privileged records to the party who issued the subpoena.

(C) Objections. Any party or the person subpoenaed to produce records or tangible things may submit to the party issuing the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials. The objection must be submitted before the earlier of the time specified for compliance or 14 days after the subpoena is served. If objection is made, the party issuing the subpoena shall promptly serve a copy of the objection on all other parties. If an objection is made, the party issuing the subpoena is not entitled to inspect, copy, test or sample the materials except pursuant to an order of the court from which the subpoena was issued. If an objection is made, at any time on notice to the subpoenaed person and the other parties, the party issuing the subpoena may move the issuing court for an order compelling production.

(3) Quashing or Modifying a Subpoena.

(A) When required. On motion made promptly and in any event at or before the time specified in the subpoena for compliance, the issuing court must quash or modify a subpoena that:

(I) Fails to allow a reasonable time to comply;

(II) Requires a person who is neither a party nor a party's officer to attend a deposition in any county other than where the person resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court;

(III) Requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(IV) Subjects a person to undue burden.

(B) When permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion made promptly and in any event at or before the time specified in the subpoena for compliance, quash or modify the subpoena if it requires:

(I) Disclosing a trade secret or other confidential, research, development, or commercial information; or

(II) Disclosing an unretained expert's opinion or information that does not describe specific matters in dispute and results from the expert's study that was not requested by a party.

(C) Specifying conditions as an alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order attendance or production under specified conditions if the issuing party:

(I) Shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(II) Ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to Subpoena.**

(1) Producing Records or Tangible Things.

(A) Unless agreed in writing by all parties, the privilege holder or holders and the person subpoenaed, production shall not be made until at least 14 days after service of the subpoena, except that, in the case of an expedited hearing pursuant to these rules or any statute, in the absence of such agreement, production shall be made only at the place, date and time for compliance set forth in the subpoena; and

(B) If not objected to, a person responding to a subpoena to produce records or tangible things must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand and must permit inspection, copying, testing, or sampling of the materials.

(2) Claiming Privilege or Protection.

(A) Information withheld. Unless the subpoena is subject to subsection (c)(2)(B) of this rule relating to production of privileged records, a person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(I) Make the claim expressly; and

(II) Describe the nature of the withheld records or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

A-300

# EXHIBIT 7

# Alan Dershowitz Wants Attorneys Behind "Totally False" Underage Sex Claims to Be Disbarred



**The Hollywood Reporter**
| January 05, 2015

Former Harvard Law school professor and prominent lawyer Alan Dershowitz is firing back at claims that he had sex with an underage woman, part of a civil lawsuit centered around financier and convicted sex offender Jeffrey Epstein.

A woman identified simply as "Jane Doe Number 3" alleges that Epstein forced her to have sex with Dershowitz and Britain's Prince Andrew while she was underage.

Read more Alan Dershowitz Sends 'Curb Your Enthusiasm' Palestinian Chicken Episode to Benjamin Netanyahu

In a video interview with Matt Lauer on Monday's Today, Dershowitz strongly denied the allegations, deeming them "totally and made up" and calling for the attorneys who filed the motion, Bradley J. Edwards and former federal judge Paul G. Cassell, to be disbarred.

Site Exposes Why 'Googling' Yourself Isn't Enough!                                      
InstantCheckmate Sponsored

Dershowitz refuted the woman's allegations, repeatedly insisting that he wasn't with her when she claims the two of them had sex, adding

that he only visited Epstein's island and his ranch, the site of two
alleged sexual encounters, once, with his wife and children.

"I've never seen her. I've never met her. I don't know who she is,"
Dershowitz said.

As for the lawyers, Dershowitz objected to their filing the motion
without doing any investigation that would show the woman's claims to
be he argued.

COACH OVERSTOCK CLEARANCE: Coach Bags $99 &Falling
TumbleDeal Sponsored

Read more Hollywood's Top 10 Legal Disputes of 2014

"These lawyers engaged in unethical behavior and should be
disbarred," he said. "It's the legal equivalent of scribbling something
on a toilet stall and then running away. They didn't think there would
be any response, and they will rue the day that they filed this unethical
complaint, because they, I believe, will be disbarred."

He went on to say that he challenged the woman to repeat her
allegations to the press so he can sue for defamation and to file
criminal charges against him.

"They will not get away with this," Dershowitz said in closing. "The
truth will come out, and it will show these two unethical lawyers should
be disbarred. I am completely, absolutely innocent of any and all
charges."

8 Famous Men Who Married Older Women
Answers Celebs Sponsored

Alan Dershowitz Wants Attorneys Behind "Totally False" Underage Sex Claims to Be Di...    Page 3 of 3

Buckingham Palace has also denied the allegations against Prince
Andrew.

Watch Dershowitz's full interview below.

>>>>

Visit NBCNews.com for breaking news, world news, and news about
the economy

A-304

# EXHIBIT 8

A-305

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION

BRADLEY J. EDWARDS, and                    CASE NO. CACE 15-000072
PAUL G. CASSELL,

      Plaintiffs,

v.

ALAN DERSHOWITZ,

      Defendant.

_____/

## AFFIDAVIT OF JANE DOE NO. 3 IN SUPPORT OF
## MOTION TO QUASH OR FOR PROTECTIVE ORDER

    1.     My name is [JANE DOE NO. 3].

    2.     I am currently over the age of 18.

    3.     On April 1, 2015, I was served with a Subpoena for Deposition *Duces Tecum* in the

above-styled case, a copy of which is attached hereto as Exhibit 1.

    4.     I was a victim of sexual trafficking when I was a minor child.

    5.     I am not a party to this action and I believe the broad requests in the subpoena

violate my privacy and are intended only to harass and intimidate me. I am aware of the

Defendant's numerous public attacks on me, including his statement about his desire to put me in

"jail". I am fearful of the Defendant.

    I declare under penalty of perjury that the foregoing are true and correct to the best of my

knowledge.

    Executed this _____ day of April, 2015.

                               _____
                               [JANE DOE NO. 3]

A-306

STATE OF Colorado )
) ss.:
COUNTY OF Florida )

BEFORE ME, the undersigned authority, duly licensed to administer oaths and take acknowledgements, personally appeared [Jane Doe No. 3]  the _____ of _____, who produced _____ as identification, who being by me first duly sown, deposes and says that he/she has read the foregoing answers to interrogatories, and that they are true and correct.

SWORN TO AND SUBSCRIBED before me this ___ day of _____, 2015.

_____
Notary Public, State of Colorado
My Commission Expires:

[NOTARY SEAL]

RUTH A BOLKEMA
Notary Public
State of Colorado

EXHIBIT 9

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO: CACE 15-000072

BRADLEY J. EDWARDS and
PAUL G. CASSELL,

      Plaintiffs/Counterclaim Defendants

v.

ALAN DERSHOWITZ,

      Defendant/Counterclaim Plaintiff
_____/

## NON-PARTY JANE DOE NO. 3's OBJECTIONS TO DEFENDANT ALAN DERSHOWITZ'S SUBPOENA DUCES TECUM

Jane Doe No. 3, a non-party to this action, pursuant to Fla. R. Civ. P. 1.410(e)(1), by and through undersigned counsel, hereby objects to the Subpoena *Duces Tecum* noticed by Defendant Alan Dershowitz in its entirety and submits these responses and objections ("Responses") to the document requests ("Requests") contained therein.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Defendant has noticed Non-Party Jane Doe No. 3 with a subpoena *duces tecum* seeking an array of documents that are both irrelevant to this matter and entirely meant to harass and place an undue burden on this non-party. Defendant has made very public his disdain for Jane Doe No. 3, and has served this subpoena on her in an effort to intimidate and harass this non-party. Notably, the face of the subpoena demonstrates that Dershowitz is not even seeking documents relevant to the matter before this Court and is, instead, attempting to obtain backdoor discovery for other actions he wants to bring in an effort to promote his stated goal of finding a

1

way to send this non-party to "jail." Defendant has stated, for example, "My goal is to bring charges against the client and require her to speak in court." *See* Exhibit 1, Australian Broadcasting System (ABC), January 6, 2015; "She was hiding in Colorado…but we found her and she will have to be deposed. The end result is that she'll go to jail because she will repeat her lies and we'll be able to prove it and she will end up in prison for perjury." S*ee also* Exhibit 2, New York Daily News, April 7, 2015. Defendant's subpoena is unreasonable and abusive and should be quashed in its entirety for the reasons set forth in Jane Doe No. 3's Motion to Quash.

Jane Doe No. 3's Responses are subject to the following qualifications, explanations and objections which apply to each Request and are incorporated in full by this reference into each and every Response below as if fully set forth therein:

1.     Non-Party Jane Doe No. 3 responds to the Requests as Jane Doe No. 3 reasonably interprets and understands the Requests. Should Defendant subsequently assert an interpretation of any individual Request that differs from Jane Doe No. 3's understanding, Jane Doe No. 3 reserves the right to supplement the Responses.

2.     To the extent a Request seeks documents protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection, no such documents shall be produced even if no specific objection is asserted in response to each individual request. Inadvertent identification or production of privileged documents or information is not a waiver of any applicable privilege.

3.     Non-Party Jane Doe No. 3 objects to the Definitions and Instructions and to each Request to the extent they seek to alter or expand upon the obligations imposed by the Florida Rules of Civil Procedure or the Local Rules. For example, Jane Doe No. 3 objects to Instruction

2

no. 3 in that it seeks to impose an obligation for the production of a privilege log on a non-party in response to a subpoena duces tecum when no such log is required under Florida law. *See West Co., Inc. v. Scott Lewis' Gardening & Trimming, Inc.*, 26 So. 3d. 620, 623 (Fla. 4th DCA 2009) (a privilege log is not required from a non-party).

    4.    Non-Party Jane Doe No. 3 objects to the Definitions and Instructions and to each Request to the extent that each calls for the production of documents that are not in the custody, possession, or control of Jane Doe No. 3.

    5.    A statement in response to a specific Request that Jane Doe No. 3 will produce documents is not a statement that any such documents exist but, rather, means only that such documents that do exist and are responsive to a specific Request will be produced.

    6.    To the extent that Jane Doe No. 3 produces documents in response to specific Requests to which Jane Doe No. 3 has objected, Jane Doe No. 3 reserves the right to maintain such objections with respect to any additional information and such objections are not waived by the production of responsive documents.

    7.    Non-Party Jane Doe No. 3 objects to the Requests to the extent they seek private and confidential financial information, or confidential information of any kind.

    8.    Non-Party Jane Doe No. 3 objects to the Requests to the extent they seek personal and confidential financial information related to third-parties.

    9.    Non-Party Jane Doe No. 3 objects to the Requests to the extent that they seek documents already in Defendant's possession or to the extent they are publicly available.

    10.    Non-Party Jane Doe No. 3 objects to the Requests as overbroad as no time limit has been specified for any of the Requests. To the extent the Court directs discovery from this

3

non-party, it should be limited to the date of the filing of this action, January 6, 2015 to the

present.

11.    Non-Party Jane Doe No. 3 objects to the Requests as they seek to place an undue

burden on a non-party to the pending litigation.

## RESPONSES AND OBJECTIONS

1. All documents that reference by name, Alan M. Dershowitz[1], which support and/or
confirm the allegations set forth in Paragraphs 24-31 of your Declaration dated January 19, 2015
and/or Paragraph 49 of your Declaration dated February 5, 2015, which were filed with the
United States District Court for the Southern District of Florida, in Jane Doe #1 and Jane Doe #2
v. United States of America, Case No. OS-S0736-CIV-MARRA/JOHNSON, **[ECF No. 291-1]**
(the "Federal Action").

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request in that Defendant is wrongfully attempting to use the

subpoena power in the Florida Defamation Action to obtain backdoor discovery relating to a

different matter as he admits in his subpoena Request set forth above referencing – Case No. OS-

SO736-CIV-MARRA/JOHNSON.  Non-Party Jane Doe No. 3 objects to this Request in that it

seeks information protected by the attorney-client privilege, work product doctrine, joint defense

doctrine, common interest privilege and other related protections.  Non-Party Jane Doe No. 3

objects to this Request to the extent it seeks confidential information from a non-party.  Non-

Party Jane Doe No. 3 objects to this Request as harassing, oppressive and not intended to lead to

discoverable evidence relevant to the Florida Defamation Action.  Non-Party Jane Doe No. 3

objects to this Request in that it seeks to place an undue burden on this non-party to have to

search and collect documents that are unrelated to the underlying Florida Defamation Action.

Non-Party Jane Doe No. 3 objects to this Request to the extent it seeks information that is

[1] "For purposes of this Schedule "A", reference to "Alan M. Dershowitz" herein shall mean and
refer to any reference to the Defendant in this action, including but not limited to, as "Alan",
"Alan M. Dershowitz", "Professor Dershowitz", or "Dershowitz", and the like."

4

publicly available. Non-Party Jane Doe No. 3 objects to this Request in that it seeks information

in the possession, custody and control of the Defendant or it seeks information that has been

previously produced.

2. All photographs and video in the original, native format in which they were taken (not a paper copy) of you with Alan M. Dershowitz.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request in that it is solely intended to harass and embarrass Jane

Doe No. 3 by seeking photographs and videos of Jane Doe No. 3 when she was a minor child

and is not intended to lead to discoverable evidence relevant to the Florida Defamation Action.

Non-Party Jane Doe No. 3 objects to this Request in that it seeks documents, upon information

and belief, in the custody and control of the state or federal government. Non-Party Jane Doe

No. 3 objects to this Request in that it seeks information in the possession, custody and control of

the Defendant, or in the possession of the Defendant's client, Jeffrey Epstein. Non-Party Jane

Doe No. 3 objects to this Request to the extent the requested photos and/or videos are publicly

available. Non-Party Jane Doe No. 3 objects to this Request to the extent it seeks information

protected by a privilege including attorney-client privilege, work product doctrine, joint defense

doctrine, common interest privilege and other related protections. Non-Party Jane Doe No. 3

objects to this Request to the extent it seeks confidential material from a non-party.

3. All photographs and video in the original, native format in which they were taken (not a paper copy) not produced in response to Request No. 2, above, of Alan M. Dershowitz at (i) Jeffrey Epstein's Manhattan home in New York City, New York; (ii) Mr. Epstein's home in Palm Beach, Florida; (iii) Mr. Epstein's Zorro Ranch in Santa Fe, New Mexico; (iv) Little Saint James island in the U.S. Virgin Islands; and (v) Mr. Epstein's airplane, on the same date and time that you were also present at such location.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request in that it is solely intended to harass Jane Doe No. 3 by

5

seeking photographs and videos of Jane Doe No. 3 when she was a minor child and is not

intended to lead to discoverable evidence relevant to the Florida Defamation Action. Non-Party

Jane Doe No. 3 objects to this Request in that it seeks documents, upon information and belief, in

the custody and control of the state or federal government. Non-Party Jane Doe No. 3 objects to

this Request in that it seeks information in the possession, custody and control of the Defendant,

or in the possession of the Defendant's client, Jeffrey Epstein. Non-Party Jane Doe No. 3 objects

to this Request to the extent the requested photos and/or videos are publicly available. Non-

Party Jane Doe No. 3 objects to this Request to the extent it seeks information protected by a

privilege including attorney-client privilege, work product doctrine, joint defense doctrine,

common interest privilege and other related protections. Non-Party Jane Doe No. 3 objects to

this Request to the extent it seeks confidential material from a non-party. Finally, Non-Party

Jane Doe No. 3 objects to this Request in that defendant is wrongfully attempting to use the

subpoena power in the Florida Defamation Action to obtain backdoor discovery relating to

different matters including, the Federal Action, Case No. OS-S0736-CIV-MARRA/JOHNSON,

which is irrelevant to the matter involved with this subpoena.

    4. All photographs and video in the original, native format in which they were taken (not
a paper copy) of you not produced in response to Request No.3, above, that evidence and/or
show you were present at the same location as Alan M. Dershowitz on that same date and time.

    **Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request in that it is solely intended to harass and embarrass Jane

Doe No. 3 by seeking photographs and videos of Jane Doe No. 3 when she was a minor child

and is not intended to lead to discoverable evidence relevant to the Florida Defamation Action.

Non-Party Jane Doe No. 3 objects to this Request in that it seeks documents, upon information

and belief, in the custody and control of the state or federal government. Non-Party Jane Doe

6

No. 3 objects to this Request in that it seeks information in the possession, custody and control of

the Defendant, or in the possession of the Defendant's client, Jeffrey Epstein. Non-Party Jane

Doe No. 3 objects to this Request to the extent the requested photos and/or videos are publicly

available. Non-Party Jane Doe No. 3 objects to this Request to the extent it seeks information

protected by a privilege including attorney-client privilege, work product doctrine, joint defense

doctrine, common interest privilege and other related protections. Non-Party Jane Doe No. 3

objects to this Request to the extent it seeks confidential material from a non-party. Finally,

Non-Party Jane Doe No. 3 objects to this Request in that Defendant is wrongfully attempting to

use the subpoena power in the Florida Defamation Action to obtain backdoor discovery relating

to different matters including, the Federal Action, Case No. OS-S0736-CIV-

MARRA/JOHNSON, which is irrelevant to the matter involved with this subpoena.

5. Any documents and information that support and/or confirm your presence at the
various locations named in Paragraphs 24-31 of your Declaration on the particular dates and
times when Alan M. Dershowitz was also present.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request in that Defendant is wrongfully attempting to use the

subpoena power in the Florida Defamation Action to obtain backdoor discovery relating to

different matters including, the Federal Action, Case No. OS-S0736-CIV-MARRA/JOHNSON.

This Request specifically references a declaration filed in the Federal Action, not in the Florida

Defamation Action, which is the case governing this subpoena. Non-Party Jane Doe No. 3

objects to this Request in that it seeks information protected by the attorney-client privilege,

work product doctrine, joint defense doctrine, common interest privilege and other related

protections. Non-Party Jane Doe No. 3 objects to this Request to the extent it seeks confidential

information from this non-party. Non-Party Jane Doe No. 3 objects to this Request as harassing

7

and not intended to lead to discoverable evidence relevant to the Florida Defamation Action.
Non-Party Jane Doe No. 3 objects to this Request in that it seeks to place an undue burden on
this non-party to have to search and collect documents that are unrelated to the underlying
Florida Defamation Action. Non-Party Jane Doe No. 3 objects to this Request to the extent it
seeks information that is publicly available. Non-Party Jane Doe No. 3 objects to this Request in
that it seeks information in the possession, custody and control of the Defendant, the Defendant's
client, Jeffrey Epstein, or it seeks information that has been previously produced.

6. Any documents and information that show Alan M. Dershowitz was present at the
various locations named in Paragraphs 24-31 of your Declaration on the particular dates and
times when you allege to have been present in your response to Request No.5, above.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party
Jane Doe No. 3 objects to this Request in that Defendant is wrongfully attempting to use the
subpoena power in the Florida Defamation Action to obtain backdoor discovery relating to
different matters including, the Federal Action, Case No. OS-S0736-CIV-MARRA/JOHNSON.
This Request specifically references a declaration filed in the Federal Action, not in the Florida
Defamation Action, which is the case governing this subpoena. Non-Party Jane Doe No. 3
objects to this Request in that it seeks information protected by the attorney-client privilege,
work product doctrine, joint defense doctrine, common interest privilege and other related
protections. Non-Party Jane Doe No. 3 objects to this Request to the extent that it seeks
confidential information from a non-party. Non-Party Jane Doe No. 3 objects to this Request as
harassing and not intended to lead to discoverable evidence relevant to the Florida Defamation
Action. Non-Party Jane Doe No. 3 objects to this Request in that it seeks to place an undue
burden on this non-party to have to search and collect documents that are unrelated to the
underlying Florida Defamation Action. Non-Party Jane Doe No. 3 objects to this Request to the

8

extent it seeks information that is publicly available. Non-Party Jane Doe No. 3 objects to this

Request in that it seeks information in the possession, custody and control of the Defendant, the

Defendant's client, Jeffrey Epstein, or it seeks information that has been previously produced.

     7. All statements, written or recorded, which you have provided to anyone that reference
by name, Alan M. Dershowitz.

     **Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request in that it seeks information protected by the attorney-

client privilege, work product doctrine, joint defense doctrine, common interest privilege and

other related protections. Non-Party Jane Doe No. 3 objects to this Request to the extent it seeks

confidential information from a non-party. Non-Party Jane Doe No. 3 objects to this Request as

harassing and not intended to lead to discoverable evidence relevant to the Florida Defamation

Action. Non-Party Jane Doe No. 3 objects to this Request in that it seeks to place an undue

burden on this non-party to have to search and collect documents that are unrelated to the

underlying Florida Defamation Action. Non-Party Jane Doe No. 3 objects to this Request to the

extent it seeks information that is publicly available. Non-Party Jane Doe No. 3 objects to this

Request in that it seeks information in the possession, custody and control of the Defendant or it

seeks information that has been previously produced. Non-Party Jane Doe No. 3 objects to this

Request in that it is overly broad seeking "all statements" to "anyone" and unduly burdensome.

     8. All notes of, or notes prepared for, any statements or interviews in which you
referenced by name or other description, Alan M. Dershowitz.

     **Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request in that it is overly broad and unduly burdensome and

requests this non-party to produce "all statements" "provided to anyone". Jane Doe No. 3

objects to this Request to the extent that it seeks documents protected by the attorney-client

privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Non-Party Jane Doe No. 3 objects to this Request to the extent it seeks confidential information from a non-party. Non-Party Jane Doe No. 3 further objects to this Request to the extent it seeks documents already in Defendant's possession, custody or control or which have been previously produced. Jane Doe No. 3 further objects to this Request as overbroad, harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation Action.

9. All documents concerning any communications by you or on your behalf with any media outlet concerning Alan M. Dershowitz or the Federal Action, whether or not such communications were "on the record" or "off the record."

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party Jane Doe No. 3 objects to this Request because it is seeking backdoor discovery for the "Federal Action" which is not the underlying action from which the subpoena was generated. Non-Party Jane Doe No. 3 objects to this Request in that it seeks information protected by the attorney-client privilege, work product doctrine, joint defense doctrine, common interest privilege and other related protections. Non-Party Jane Doe No. 3 objects to this Request to the extent it seeks confidential information from a non-party. Non-Party Jane Doe No. 3 objects to this Request as harassing and not intended to lead to discoverable evidence relevant to the Florida Defamation Action. Non-Party Jane Doe No. 3 objects to this Request in that it seeks to place an undue burden on this non-party with the overly broad request of "all" documents. Non-Party Jane Doe No. 3 objects to this Request to the extent it seeks information that is publicly available. Non-Party Jane Doe No. 3 objects to this Request in that it seeks information in the possession, custody and control of the Defendant or it seeks information that has been previously produced.

10. All notes, writings, photographs, and/or audio or video recordings made or recorded by or of you on the dates on which you allege you were present with Alan M. Dershowitz,

10

including but not limited to your calendar, diary or journal entries on those dates, regardless whether the notes, writings, photographs, and/or audio or video recordings refer to Mr. Dershowitz. To the extent that any responsive materials are photographs or video recordings, please provide them in the original, native format in which they were taken (not a paper copy).

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party Jane Doe No. 3 objects to this Request in that it seeks highly sensitive, confidential, and personal information from a non-party including personal "diaries" or "journals." Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Jane Doe No. 3 further objects to this Request to the extent it seeks documents already in Defendant's possession, custody or control, or upon information and belief, in the possession, custody and control of the federal or state government. Jane Doe No. 3 further objects to this Request as overbroad, harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation Action.

12[2]. All documents relating to your travel to or from locations for those occasions when you allege you were present with Alan M. Dershowitz.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request to the extent it seeks confidential information from a non-party. Jane Doe No. 3 further objects to this Request to the extent it seeks documents already in Defendant's possession, custody or control, or upon information and belief, in the possession, custody and control of the federal or state government. Jane Doe No. 3 objects to this Request to the extent the information is already

[2] The requests are mis-numbered and there is no Request No. 11 in the original Subpoena *Duces Tecum*.

11

publicly available or previously produced. Jane Doe No. 3 further objects to this Request as overbroad, harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation Action. Jane Doe No. 3 objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for "documents", which has been defined by Defendant to include a broad definition of electronically stored data, including a requirement to search "archives" and "back-up systems."

13. To the extent not produced in response to the above list of requested documents, all notes, writings, photographs, and/or audio or video recordings made at any time that refer or relate in any way to Alan M. Dershowitz.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party Jane Doe No. 3 objects to this Request in that is overly broad and unduly burdensome in that it seeks "all writings" "made at any time" that "refer or relate in any way to Dershowitz". Jane Doe No. 3 also objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Non-Party Jane Doe No. 3 objects to this Request to the extent it seeks confidential information from a non-party. Jane Doe No. 3 further objects to this Request to the extent it seeks documents already in Defendant's possession, custody or control, or upon information and belief, in the possession, custody and control of the federal or state government. Jane Doe No. 3 objects to this Request to the extent the information is already publicly available or previously produced. Jane Doe No. 3 further objects to this Request as overbroad, harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation Action. Jane Doe No. 3 objects to this Request in that it places an undue burden on this non-party.

14. All drafts of declarations or affidavits by you that relate in any way to Alan M. Dershowitz and/or Jeffrey Epstein.

12

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Non-Party Jane Doe No. 3 objects to this Request to the extent it seeks confidential information from a non-party. Jane Doe No. 3 further objects to this Request in that the face of the Request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter but, instead, allegedly relevant to a "Federal Action" which involves "Epstein" who is not a party to the Florida Defamation Action. Jane Doe No. 3 further objects to this Request as overbroad, harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation Action. Jane Doe No. 3 objects to this Request in that it places an undue burden on this non-party.

15. All documents relating to any telephone, including any cellular telephone, used by you between January 1, 1999 and December 31, 2002.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request to the extent it seeks confidential information from a non-party. Jane Doe No. 3 objects to this Request as overbroad in that it seeks "all documents" for a three year period. Jane Doe No. 3 objects to this Request to the extent it seeks documents in the possession, custody, and control of Defendant or Defendant's client, Mr. Epstein.

16. Any diary, journal or calendar concerning your activities between January 1, 1999 and December 31, 2002.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party

13

Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request to the extent it seeks confidential and highly sensitive personal information in the form of a "diary" sought only to harass this non-party. Jane Doe No. 3 objects to this Request as overbroad, harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation Action.

17. All documents concerning any actual or potential book, television or movie deals concerning your allegations about being a sex slave.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request to the extent it seeks confidential information from a non-party. Jane Doe No. 3 further objects to this Request in that it is vague and ambiguous with respect to its reference to "deals". Jane Doe No. 3 further objects to this Request as overbroad, harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation Action. Jane Doe No. 3 objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for "documents", which has been defined by Defendant to include a broad definition of electronically stored data, including a requiring a search of "archives" and "back-up systems."

18. All documents concerning any monetary payments or other consideration received by you from any media outlet in exchange for your statements (whether "on the record" or "off the record") regarding Jeffrey Epstein, Alan M. Dershowitz, Prince Andrew, Duke of York, and/or being a sex slave.

14

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request in that it seeks confidential financial information from a non-party. Jane Doe No. 3 further objects to this Request to the extent it seeks documents already in Defendant's possession, custody or control or which have been previously produced. Jane Doe No. 3 further objects to this Request as overbroad, harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation Action. Jane Doe No. 3 objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for "documents", which has been defined by Defendant to include a broad definition of electronically stored data, including requiring a search of "archives" and "back-up systems."

19. All documents showing, concerning, relating or referring to when you were at or on (i) Jeffrey Epstein's Manhattan home in New York City, New York; (ii) Mr. Epstein's home in Palm Beach, Florida; (iii) Mr. Epstein's Zorro Ranch in Santa Fe, New Mexico; (iv) Little Saint James island in the U.S. Virgin Islands; and (v) Mr. Epstein's airplane from January 1, 1999 through December 31, 2002.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request to the extent it seeks confidential information from a non-party. Jane Doe No. 3 further objects to this Request in that the face of the Request demonstrates that the Defendant is abusing the subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the underlying matter but, instead, allegedly relevant to a "Federal Action." The "Federal Action" involves "Epstein" who is not a party to the Florida Defamation Action. Jane Doe No. 3 objects

15

to this Request to the extent the documents are in the possession, custody and control of the

Defendant and the Defendant's client, Mr. Epstein. Jane Doe No. 3 objects to this Request to the

extent the documents are, upon information and belief, in the possession, custody and control of

the federal and state government. Jane Doe No. 3 further objects to this Request as overbroad,

harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation

Action. Jane Doe No. 3 objects to this Request in that it places an undue burden on this non-party

including, for example, requiring the non-party to search for "documents", which has been

defined by Defendant to include a broad definition of electronically stored data, including

requiring a search of "archives" and "back-up systems."

    20. All documents showing any payments or remuneration of any kind made by Jeffrey
Epstein or any of his agents or associates to you from January 1, 1999 through December 31,
2002.

    **Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the

attorney-client privilege, the work product doctrine, the joint defense doctrine, the common

interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request in

that it seeks confidential financial information from a non-party. Jane Doe No. 3 further objects

to this Request to the extent it seeks documents already in Defendant's possession, custody or

control or which have been previously produced. Jane Doe No. 3 further objects to this Request

as overbroad, harassing and not calculated to lead to discoverable evidence relevant to the

Florida Defamation Action. Jane Doe No. 3 objects to this Request in that it places an undue

burden on this non-party including, for example, requiring the non-party to search for

"documents", which has been defined by Defendant to include a broad definition of

electronically stored data, including searching "archives" and "back-up systems."

    21. All travel records of any kind, including but not limited to tickets, hotel room

16

receipts or other documents concerning, relating or referring to any travel undertaken by you
between January 1, 1999 and December 31, 2002.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the

attorney-client privilege, the work product doctrine, the joint defense doctrine, the common

interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request to

the extent it seeks confidential information from a non-party. Jane Doe No. 3 objects to this

Request to the extent the documents are in the possession, custody and control of the Defendant

or the Defendant's client, Mr. Epstein or have already been produced. Jane Doe No. 3 objects to

this Request to the extent the documents are, upon information and belief, in the possession,

custody and control of the federal and state government. Jane Doe No. 3 further objects to this

Request as overbroad, harassing and not calculated to lead to discoverable evidence relevant to

the Florida Defamation Action.

22. All records of any interviews given by you to any party concerning, relating or
referring to Jeffrey Epstein or any of his agents or associates.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the

attorney-client privilege, the work product doctrine, the joint defense doctrine, the common

interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request to

the extent it seeks confidential information from a non-party. Jane Doe No. 3 further objects to

this Request in that the face of the Request demonstrates that the Defendant is abusing the

subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the

underlying matter but, instead, allegedly relevant to a "Federal Action." The "Federal Action"

involves "Epstein" who is not a party to the Florida Defamation Action. Jane Doe No. 3 objects

to this Request in that it is overly broad and vague in its failure to identify the "agents or

17

associates" rendering it impossible for Jane Doe No. 3 to interpret the Request. Jane Doe No. 3

objects to this Request to the extent the documents are in the possession, custody and control of

the Defendant and the Defendant's client, Mr. Epstein. Jane Doe No. 3 objects to this Request to

the extent the documents are, upon information and belief, in the possession, custody and control

of the federal and state government. Jane Doe No. 3 further objects to this Request as overbroad,

harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation

Action. Jane Doe No. 3 objects to this Request in that it places an undue burden on this non-

party including, for example, requiring the non-party to search for "documents", which has been

defined by Defendant to include a broad definition of electronically stored data, including

requiring a search of "archives" and "back-up systems."

   23. All manuscripts and/or other writings, whether published or unpublished, created in
whole or in part by you, concerning, relating or referring to Jeffrey Epstein and any of his agents
or associates.

   **Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the

attorney-client privilege, the work product doctrine, the joint defense doctrine, the common

interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request to

the extent it seeks confidential information from a non-party. Jane Doe No. 3 further objects to

this Request in that the face of the Request demonstrates that the Defendant is abusing the

subpoena power by serving a subpoena on a non-party that seeks discovery unrelated to the

underlying matter but, instead, allegedly relevant to a "Federal Action." The "Federal Action"

involves "Epstein" who is not a party to the Florida Defamation Action. Indeed, this Request

does not even reference the Defendant in this matter. Jane Doe No. 3 objects to this Request in

that it is overly broad and vague in its failure to identify the "agents or associates" rendering it

impossible for Jane Doe No. 3 to interpret the Request. Jane Doe No. 3 objects to this Request to

18

the extent the documents are, upon information and belief, in the possession, custody and control of the federal and state government. Jane Doe No. 3 further objects to this Request as overbroad, harassing and not calculated to lead to discoverable evidence relevant to the Florida Defamation Action. Jane Doe No. 3 objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for "documents", which has been defined by Defendant to include a broad definition of electronically stored data, including requiring a search of "archives" and "back-up systems."

24. All documents concerning, relating or referring to your assertions that you met former President Bill Clinton, former Vice President Al Gore and/or Mary Elizabeth "Tipper" Gore on Little Saint James island in the U.S. Virgin Islands.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party Jane Doe No. 3 objects to this Request in that, on its face, it has absolutely nothing to do with the Florida Defamation Action. Former President Bill Clinton and the Gores are not, in any way, relevant to the Florida Defamation Action. Instead, this is a clear example of Defendant's attempt to abuse the subpoena power and rules of discovery by seeking information from a non-party that is wholly unrelated to the case from which the subpoena has been issued. Defendant has gone on a very deep fishing expedition here and Jane Doe No. 3 objects to the overbroad and abusive nature of this Request. Jane Doe No. 3 objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or any other privilege or protection. Jane Doe No. 3 objects to this Request to the extent it seeks confidential information from a non-party. Jane Doe No. 3 objects to this Request to the extent the documents are, upon information and belief, in the possession, custody and control of the federal and state government or the Defendant and his client, Mr. Epstein. Jane Doe No. 3 objects to this Request in that it places an undue burden on this non-party including, for example, requiring the non-party to search for "documents", which

19

has been defined by Defendant to include a broad definition of electronically stored data,

including requiring a search of "archives" and "back-up systems."

25. All documents concerning your retention of the law firm Boies, Schiller & Flexner LLP, including but not limited to: signed letter of retainer, retention agreement, explanation of fees, and/or any documents describing the scope of retention.

**Response**: In addition to the Preliminary Statement and General Objections, Non-Party

Jane Doe No. 3 objects to this Request in that it seeks documents protected by the attorney-client

privilege, the work product doctrine, the joint defense doctrine, the common interest privilege, or

any other privilege or protection. Jane Doe No. 3 also objects in that this Request seeks

confidential information from a non-party that violates her privacy rights. Jane Doe No. 3

further objects to this Request as overbroad, harassing and not calculated to lead to discoverable

evidence relevant to the Florida Defamation Action.

Dated: April 9, 2015

Respectfully submitted,

**BOIES, SCHILLER & FLEXNER LLP**
Sigrid S. McCawley, Esq.
smccawley@bsfllp.com
Florida Bar No. 129305
Attorney's for Jane Doe No. 3
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
ftleserve@bsfllp.com

By: /s/ Sigrid S. McCawley
Sigrid S. McCawley, Esq.

20

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by

Electronic Mail on April 9, 2015 to the individuals identified on the attached Service List.

By: /s/ Sigrid S. McCawley
Sigrid S. McCawley

21

## SERVICE LIST

| | |
|---|---|
| Thomas E. Scott<br>Thomas.scott@csklegal.com<br>Steven R. Safra<br>Steven.safra@csklegal.com<br>COLE, SCOTT & KISSANE, P.A.<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, Florida 33156<br>Renee.nail@csklegal.com<br>Shelly.zambo@csklegal.com<br><br><br>Richard A. Simpson<br>rsimpson@wileyrein.com<br>Mary E. Borja<br>mborja@wileyrein.com<br>Ashley E. Eiler<br>aeiler@wileyrein.com<br>WILEY REIN, LLP<br>1776 K Street NW<br>Washington, D.C. 20006<br><br>*Counsel for Defendant Alan Dershowitz* | Jack Scarola<br>SEARCY DENNEY SCAROLA BARNHART &<br>SHIPLEY, P.A.<br>JSX@searcylaw.com<br>2139 Palm Beach Lakes Blvd.<br>West Palm Beach, FL 33409-6601<br><br>*Attorney for Plaintiffs* |

22

# Exhibit H

A-331

**FOR IMMEDIATE RELEASE**                    **Contact:** Richard A. Simpson, RSimpson@wileyrein.com
April 8, 2016

### Lawyers Acknowledge Mistake In Filing Sexual Misconduct Charges Against Professor Dershowitz

Professor Alan M. Dershowitz released the following statement regarding resolution of the case styled *Bradley Edwards, et al. v. Alan M. Dershowitz*, Case No. CACE 15-000072 (Cir. Ct., Broward Cnty., Fla.).

### STATEMENT OF ALAN M. DERSHOWITZ

I am pleased that the litigation has concluded and I am gratified by the Joint Statement issued today by Jeffrey E. Streitfeld on behalf of the parties, in which "Edwards and Cassell acknowledge that it was a mistake to have filed sexual misconduct accusations against Dershowitz and the sexual misconduct accusations made in all public filings (including all exhibits) are hereby withdrawn."  Mr. Streitfeld's announcement and the Joint Statement are copied below.

### ANNOUNCEMENT BY JEFFREY E. STREITFELD, FLORIDA SUPREME COURT CERTIFIED CIRCUIT CIVIL MEDIATOR (Streitfeldlaw.com)

It is my pleasure to report that Bradley J. Edwards, Paul G. Cassell, and Alan M. Dershowitz have resolved their disputes and have agreed to settle the claims raised in an action pending in the Broward County, Florida Circuit Court. Since being appointed by Circuit Court Judge Thomas Lynch IV last fall, it has been a privilege to act as the mediator and assist the parties and their counsel toward this agreed resolution. I want to extend my appreciation for the professionalism exhibited by the parties and their counsel with whom I worked directly: Jack Scarola, Rick Simpson, Tom Scott, and Ken Sweder. As part of their agreement, the parties have issued the attached Joint Statement.

### JOINT STATEMENT OF BRAD EDWARDS, PAUL CASSELL AND ALAN DERSHOWITZ REGARDING SETTLEMENT

Brad Edwards, Paul Cassell and Alan Dershowitz have today settled their pending defamation claims in which Edwards and Cassell sued Dershowitz and Dershowitz counterclaimed against Edwards and Cassell. The case was about Dershowitz's public claims that Edwards and Cassell, as the attorneys for Virginia Roberts, had failed to perform the necessary due diligence before filing the allegations of their client, not whether the acts of alleged misconduct in fact occurred. Edwards and Cassell vigorously denied the contention that they had acted improperly and asserted that it defamed them. Dershowitz countersued Edwards and Cassell, alleging they had falsely accused him of sexual contact with Roberts—a claim he vigorously denied and that Dershowitz asserted defamed him. Edwards and Cassell maintain that they filed their client's allegations in good faith and performed the necessary due diligence to do so, and have produced documents detailing those efforts. Dershowitz completely denies any such misconduct, while not disputing Roberts's statements that the underlying alleged misconduct may have occurred with someone else. Dershowitz has produced travel and other records for the relevant times which he relies on to establish that he could not have been present when the alleged

A-332

misconduct occurred. He has also produced other evidence that he relies upon to refute the credibility of the allegations against him.

The parties believe it is time to take advantage of the new information that has come to light on both sides during the litigation and put these matters behind them.

Given the events that have transpired since the filing of the documents in the federal court and in this action in which Dershowitz was accused of sexual misconduct, including the court order striking the allegations in the federal court filings, and the records and other documents produced by the parties, Edwards and Cassell acknowledge that it was a mistake to have filed sexual misconduct accusations against Dershowitz; and the sexual misconduct accusations made in all public filings (including all exhibits) are hereby withdrawn. Dershowitz also withdraws his accusations that Edwards and Cassell acted unethically.

Neither Edwards, Cassell, nor Dershowitz have any intention of repeating the allegations against one another.

# # # #

*Editor's note: Wiley Rein LLP represents Alan M. Dershowitz in this matter.*

A-333

# Exhibit I

A-334

**FOR IMMEDIATE RELEASE**          **Contact: Richard A. Simpson,** RSimpson@wileyrein.com
April 8, 2016

### INVESTIGATION BY FORMER FBI DIRECTOR LOUIS FREEH CONCLUDES THAT THE TOTALITY OF THE EVIDENCE REFUTES ALLEGATIONS MADE AGAINST PROFESSOR DERSHOWITZ

Professor Alan M. Dershowitz today issued the following statement regarding the results of the independent investigation conducted by former FBI Director Louis Freeh of sexual misconduct allegations made against Prof. Dershowitz.

**STATEMENT OF PROFESSOR ALAN M. DERSHOWITZ**

I am gratified by the statement by former federal judge and former FBI Director Louis Freeh set forth below. Following his independent investigation of the sexual misconduct accusations made against me, it concludes that in Judge Freeh's professional opinion, "The totality of the evidence found during the investigation refutes the allegations made against Professor Dershowitz."

**STATEMENT OF LOUIS J. FREEH**

Over the past several months, an independent investigation was conducted, under my supervision, by former senior federal law enforcement officials. We interviewed many witnesses and reviewed thousands of pages of documentary evidence. Our investigation found no evidence to support the accusations of sexual misconduct against Professor Dershowitz. In fact, in several instances, the evidence directly contradicted the accusations made against him.

In my opinion, the totality of the evidence found during the investigation refutes the allegations made against Professor Dershowitz.

# # # #

*Editor's note:  Wiley Rein LLP represents Alan M. Dershowitz.*