# 16-3945-cv(L),
## 17-1625 (CON), 17-1722 (CON)

# United States Court of Appeals
## for the
## Second Circuit

———◆❙◆———

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

– v. –

GHISLAINE MAXWELL,

*Defendant,*

– v. –

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

ALAN M. DERSHOWITZ, MICHAEL CERNOVICH, dba CERNOVICH MEDIA,

*Intervenors-Appellants.*

—————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## JOINT APPENDIX
## Volume V of VI (Pages A-915 to A-1176) [REDACTED]

PAUL CASSELL, ESQ., PROFESSOR
UNIVERSITY OF UTAH
S.J. QUINNEY COLLEGE OF LAW
332 South 1400 East, Room 101
Salt Lake City, Utah 84124
(801) 585-5202

– and –

BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
(954) 356-0011

*Attorneys for Plaintiff-Appellee*

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Intervenor-Appellant*
*Alan M. Dershowitz*

i

# Table of Contents

**Page**

District Court Docket Entries ....................................................... A-1

Complaint, Dated September 21, 2015 ..................................... A-112

Protective Order of the Honorable Robert W. Sweet,
    Dated March 17, 2016 ............................................................ A-124

Transcript of Proceedings before the Honorable
    Robert W. Sweet, Dated April 21, 2016 ................................ A-130

Transcript of Proceedings before the Honorable
    Robert W. Sweet, Dated June 23, 2016 .................................. A-159

Minute Entry of Oral Argument before the Honorable
    Robert W. Sweet, Entered on June 27, 2016 .......................... A-194

Standing Order of the Honorable Robert W. Sweet,
    Dated August 9, 2016 ............................................................. A-196

Notice of Motion by Proposed Intervenor Alan M. Dershowitz
    to Intervene and to Unseal Certain Documents Previously
    Filed with the District Court, Dated August 11, 2016 ........... A-197

Declaration of Proposed Intervenor Alan M. Dershowitz
    in Support of his Motion to Intervene and Unseal,
    Dated August 11, 2016
    (Reproduced in confidential appendix at pp.
    A-654 to A-671)

    Exhibit A to Dershowitz Declaration -

        (i) E-mail Exchange between Sharon Churcher
        and Virginia Giuffre, Dated from May 10, 2011
        to May 12, 2011
        (Reproduced in confidential appendix at pp.
        A-672 to A-674)

        (ii) E-mail Exchange between Sharon Churcher
        and Virginia Giuffre, Dated June 8, 2011
        (Reproduced in confidential appendix at pp.
        A-675 to A-677)

ii

Exhibit B to Dershowitz Declaration -
Excerpts of "The Billionaire's Playboy Club",
by Virginia Roberts
(Reproduced in confidential appendix at pp.
A-678 to A-819)

Exhibit C to Dershowitz Declaration -
Complaint and Demand for Jury Trial, in *Jane Doe No. 102
v. Epstein* (U.S. District Court, Southern District of Florida
Case No. 09-cv-80656), Dated May 1, 2009.......................... A-199

Exhibit D to Dershowitz Declaration -
Order of the Honorable Kenneth A. Mara Denying
Petitioners' Motion to Join Under Rule 21 and Motion
to Amend Under Rule 15, in *Jane Doe 1 et ano. v. USA*
(U.S. District Court, Southern District of Florida Case
No. 08-cv-80736), Dated April 6, 2015 ................................. A-228

Exhibit E to Dershowitz Declaration -
Subpoena to Attend and Produce ........................................... A-239

Exhibit F to Dershowitz Declaration -
Motion to Quash for Protective Order Regarding Subpoena
Served on Non-Party Jane Doe No. 3, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated April 9, 2015................................................................. A-245

Exhibit 1 to Motion to Quash -
"Florida judge tosses 'sex slave' claims involving
Prince Andrew, Alan Dershowitz", by Oren Yaniv and
Dareh Gregorian (*NY Daily News*, April 7, 2015) ............. A-260

Exhibit 2 to Motion to Quash -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) ................................................................. A-265

Exhibit 3 to Motion to Quash -
Transcript of CNN News Segment,
Dated January 6, 2015 .......................................................... A-269

Exhibit 4 to Motion to Quash -
Transcript of Australian Broadcasting System News
Segment, Dated January 6, 2015 ......................................... A-278

iii

**Page**

Exhibit 5 to Motion to Quash -
"After Vindication, Alan Dershowitz Vows to Sue
Sex Accuser in Court", by Ilan Shavit
(www.jewishbusinessnews.com, April 8, 2015) ................ A-282

Exhibit 6 to Motion to Quash -
Subpoena to Attend and Produce, Dated March 30, 2015 .... A-286

Exhibit 7 to Motion to Quash -
"Alan Dershowitz Wants Attorney Behind 'Totally False'
Underage Sex Claims to Be Disbarred", by Hilary Lewis
(*The Hollywood Reporter*, January 5, 2015) ...................... A-300

Exhibit 8 to Motion to Quash -
Affidavit of Jane Doe No. 3 in Support of Motion to
Quash or for Protective Order, Sworn to April 9, 2015 ..... A-304

Exhibit 9 to Motion to Quash -
Non-Party Jane Doe No. 3's Objections to Defendant
Alan Dershowitz's Subpoena *duces tecum*,
Dated April 9, 2015 .......................................................... A-307

Exhibit 1 to Objections to Subpoena *duces tecum* -
Transcript of Australian Broadcasting System News
Segment, Dated January 6, 2015
(Reproduced in non-confidential appendix at
pp. A-278 to A-281)

Exhibit 2 to Objections to Subpoena *duces tecum* -
"Florida judge tosses 'sex slave' claims involving
Prince Andrew, Alan Dershowitz", by Oren Yaniv and
Dareh Gregorian (NY Daily News, April 7, 2015)
(Reproduced in non-confidential appendix at
pp. A-260 to A-264)

Exhibit G to Dershowitz Declaration -
Deposition Transcript of Virginia Roberts Giuffre, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated January 16, 2016
(Reproduced in confidential appendix at pp.
A-820 to A-1042)

iv

**Page**

Exhibit H to Dershowitz Declaration -
"Lawyers Acknowledge Mistake in Filing Sexual
Misconduct Charges Against Professor Dershowitz"
(Press Release, April 8, 2016)................................................. A-330

Exhibit I to Dershowitz Declaration -
"Investigation by Former FBI Director Louis Freeh
Concludes that the Totality of the Evidence Refutes
Allegations Made Against Professor Dershowitz"
(Press Release, April 8, 2016)................................................. A-333

Exhibit J to Dershowitz Declaration -
Notice of Withdrawal of Motion for Partial Summary
Judgment, in *Edwards v. Dershowitz* (Circuit Court of the
17th Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated April 8, 2016 ........................................... A-338

Exhibit K to Dershowitz Declaration -

(i) "Settlement Reached In Litigation Between Alan
Dershowitz, Paul Cassell, And Bradley Edwards", by
David Lat (www.abovethelaw.com, April 8, 2016) ........... A-342

(ii) "Dershowitz Settles Sex Case, But Is He Vindicated?",
by Vivia Chen (www.law.com, April 10, 2016) ................. A-351

(iii) "Alan Dershowitz Extends Truce Offer to
David Boies Amid Bitter Feud", by John Lamparski
(Bloomberg Law, April 11, 2016)...................................... A-357

(iv) "Did Dershowitz Pay Big Bucks to Settle Sex Case?",
by Vivia Chen (*The American Lawyer*, April 11, 2016).... A-364

(v) "Epstein victim's attorneys clarify statement",
by Michele Dargan (*Palm Beach Daily News*,
April 11, 2016) ................................................................... A-366

(vi) "Defamation case settled over sex-misconduct
accusations against lawyer Alan Dershowitz",
by Jay Weaver (*Miami Herald*, April 11, 2016) ................ A-367

(vii) "Alan Dershowitz and 2 Other Lawyers Settle Suite
and Counter Claim", by Barry Meier (*The New York
Times*, April 12, 2016)........................................................ A-375

(viii) "What's Everyone Hiding in the Dershowitz Case?",
by Vivia Chen (*The American Lawyer*, April 14, 2016).... A-378

v

**Page**

(ix) "Dershowitz, Croghan, DeRosa: Busy season in Palm
Beach court cases", by Michele Dargan (*Palm Beach
Daily News*, May 1, 2016)................................................. A-380

Exhibit L to *Dershowitz* Declaration -
Protective Order of the Honorable Robert W. Sweet,
Dated March 17, 2016
(Reproduced in non-confidential appendix at pp.
A-124 to A-129)

Exhibit M to Dershowitz Declaration -
Reply Memorandum of Law in Further Support of
Non-Party Sharon Churcher's Motion to Quash
Subpoena, Dated July 5, 2016
(Reproduced in confidential appendix at pp.
A-1043 to A-1057)

Exhibit N to Dershowitz Declaration -
E-mail from Susan Moss to Thomas E. Scott,
Steven R. Safra, Richard Simpson and Others,
Dated November 4, 2015 ....................................................... A-382

Supplemental Declaration of Proposed Intervenor Alan M.
Dershowitz in Support of his Motion to Intervene
and Unseal, Dated August 19, 2016....................................... A-384

Declaration of Sigrid S. McCawley, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion
to Intervene and Unseal, with Exhibits 1 through 23,
Dated August 29, 2016
(Reproduced in confidential appendix at pp.
A-1058 to A-1254)

Declaration of Paul G. Cassell, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion
to Intervene and Unseal, with Exhibits 1 through 4,
Dated August 29, 2016
(Reproduced in confidential appendix at pp.
A-1255 to A-1333)

Reply Declaration of Proposed Intervenor Alan M. Dershowitz
in Further Support of his Motion to Intervene and Unseal,
Dated September 14, 2016
(Reproduced in confidential appendix at pp.
A-1334 to A-1360)

vi

Exhibit O to Dershowitz Reply Declaration -
Excerpts of Deposition Transcripts of Paul G. Cassell, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated October 16, 2015, and October 17, 2015 ..................... A-388

Exhibit P to Dershowitz Reply Declaration -
Excerpts of Deposition Transcript of Alan M. Dershowitz,
in *Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated October 16, 2015 ...................................................... A-396

Exhibit Q to Dershowitz Reply Declaration -
Affidavit of Juan P. Alessi, in *Jane Doe No. 2 v. Epstein*
(U.S. District Court, Southern District of Florida Case
No. 08-cv-80119), Sworn to January 13, 2016 ..................... A-400

Exhibit R to Dershowitz Reply Declaration -
Excerpts of Deposition Transcript of Sarah Kellen, in *Jane
Doe 2 v. Epstein* (U.S. District Court, Southern District of
Florida Case No. 08-cv-80119), Dated March 24, 2010 ........ A-406

Exhibit S to Dershowitz Reply Declaration -

    (i) Letter from Alan M. Dershowitz to Jack Scarola,
    Dated August 15, 2011 ...................................................... A-410

    (ii) Letter from Jack Scarola to Alan M. Dershowitz,
    Dated August 23, 2011 ...................................................... A-412

    (iii) E-mail from Alan M. Dershowitz to Mary E. Pirrotta,
    Dated September 7, 2011 ................................................... A-413

Exhibit T to Dershowitz Reply Declaration -
"Teenage girl recruited by paedophile Jeffrey Epstein
reveals how she twice met Bill Clinton", by Sharon
Churcher (*Daily Mail*, March 5, 2011) ................................. A-414

Exhibit U to Dershowitz Reply Declaration -
Excerpts of Deposition Transcripts of Alfredo Rodriguez,
in *Jane Doe No. 2 v. Epstein* (U.S. District Court,
Southern District of Florida Case No. 08-cv-80119),
Dated July 29, 2009, and August 7, 2009 ............................. A-423

Exhibit V to Dershowitz Reply Declaration -
Transcript of Telephone Interview with Virginia Roberts,
Dated April 7, 2011 ............................................................ A-430

vii

**Page**

Exhibit W to Dershowitz Reply Declaration -
Redacted Affidavit of Virginia Roberts,
Sworn to January 19, 2015 ................................................... A-454

    Exhibit 1 to Roberts Redacted Affidavit -
    Letter from A. Marie Villafana to Virginia Roberts,
    Dated September 3, 2008 ................................................... A-469

Exhibit X to Dershowitz Reply Declaration -
Transcript of Non-Party Virginia Roberts' Emergency
Motion to Seal, in *Edwards v. Dershowitz* (Circuit Court
of the 17th Judicial Circuit, Broward County, Florida Case
No. 15-000072), Dated December 18, 2015 ......................... A-474

Notice of Appeal by Proposed Intervenor Alan M. Dershowitz,
    Dated November 21, 2016 .................................................... A-508

Notice of Motion by Proposed Intervenor Cernovich Media
    to Intervene and to Unseal Certain Documents Previously
    Filed with the District Court, Dated January 19, 2017 .......... A-509

Declaration of Michael Cernovich, for Proposed Intervenor
    Cernovich Media, in Support of its Motion to Intervene
    and Unseal, Dated January 19, 2017 ..................................... A-512

Declaration of Sigrid S. McCawley, for Plaintiff, in Opposition
    to Proposed Intervenor Cernovich Media's Motion to
    Intervene and Unseal, Dated February 2, 2017 ..................... A-514

    Exhibit 1 to McCawley Declaration -
    Transcript of Australian Broadcasting System News
    Segment, Dated January 6, 2015
    (Reproduced in non-confidential appendix at pp.
    A-278 to A-281)

    Exhibit 2 to McCawley Declaration -
    "Alan Dershowitz: 'Sex slave' accuser is serial liar,
    prostitute", by Bob Norman (www.local10.com,
    January 22, 2015)
    (Reproduced in non-confidential appendix at pp.
    A-265 to A-268)

Declaration of Jay M. Wolman, for Proposed Intervenor
    Cernovich Media, in Further Support of its Motion to
    Intervene and Unseal, Dated February 9, 2017 ..................... A-528

viii

**Page**

Exhibit 1 to Wolman Declaration -
"Pedophile Jeffrey Epstein is accused of luring an underage
girl into his elaborate sex trafficking enterprise under the
guise of using his wealth and connections to get her into
a prestige NYC college", by Martin Gould (*Daily Mail*,
January 27, 2017) .................................................. A-530

Exhibit 2 to Wolman Declaration -
"High-profile cases: Crimes that shook Palm Beach through
the decades", by Palm Beach Daily News Staff (*Palm Beach
Daily News*, February 2, 2017) .............................. A-563

Exhibit 3 to Wolman Declaration -
Cast and Crew of "Silenced: Our War on Free Speech"
(www.silencedmovie.com)...................................... A-572

Memorandum of Law by Proposed Intervenor Alan M.
Dershowitz in Support of Proposed Intervenor Cernovich
Media's Motion to Intervene and Unseal,
Dated February 10, 207 ......................................... A-579

Transcript of Proceedings before the Honorable
Robert W. Sweet, Dated February 16, 2017 .......................... A-582

Plaintiff's Motion to Exclude Proposed Intervenor Cernovich
Media's Opposition to Notice of Intent to Request Redaction
of February 16, 20107 Hearing Transcript,
Dated March 21, 2017.......................................... A-645

Sealed Opinion of the Honorable Robert W. Sweet,
Dated March 22, 2017
(Reproduced in confidential appendix at pp.
A-1361 to A-1436)

Letter from Eric J. Feder to the Honorable Robert W. Sweet,
Dated May 4, 2017.............................................. A-648

Notice of Appeal by Proposed Intervenor Cernovich Media,
Dated May 31, 2017............................................. A-652

### Confidential Material

Declaration of Proposed Intervenor Alan M. Dershowitz
in Support of his Motion to Intervene and Unseal,
Dated August 11, 2016......................................... A-654

ix

Page

Exhibit A to Dershowitz Declaration -

(i) E-mail Exchange between Sharon Churcher
and Virginia Giuffre, Dated from May 10, 2011
to May 12, 2011.................................................................. A-672

(ii) E-mail Exchange between Sharon Churcher
and Virginia Giuffre, Dated June 8, 2011 ......................... A-675

Exhibit B to Dershowitz Declaration -
Excerpts of "The Billionaire's Playboy Club",
by Virginia Roberts ................................................................ A-678

Exhibit G to Dershowitz Declaration -
Deposition Transcript of Virginia Roberts Giuffre, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated January 16, 2016........................................................ A-820

Exhibit M to Dershowitz Declaration -
Reply Memorandum of Law in Further Support of
Non-Party Sharon Churcher's Motion to Quash Subpoena,
Dated July 5, 2016................................................................ A-1043

Declaration of Sigrid S. McCawley, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion to
Intervene and Unseal, Dated August 29, 2016..................... A-1058

Exhibit 1 to McCawley Declaration -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) ................................................................ A-1063

Exhibit 2 to McCawley Declaration -
Flight Logs ........................................................................ A-1067

Exhibit 3 to McCawley Declaration -
"Criticism Prompts 'GMA' to Flip Fuhrman's Title, Ax
Pay", by Gail Shister (*Miami Herald*, March 18, 2000) ...... A-1077

Exhibit 4 to McCawley Declaration -
Excerpts of Deposition Transcript of Virginia Roberts
Giuffre, in *Edwards v. Dershowitz* (Circuit Court of the 17th
Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated January 16, 2016 ................................... A-1081

x

Page

Exhibit 5 to McCawley Declaration -
"Kiddie Porn, Sex Toys & Worse: Clinton Pal Jeffrey
Epstein's Pedophile Palace Revealed", by Radar Staff
(www.radaronline.com, July 7, 2016)................................. A-1087

Exhibit 6 to McCawley Declaration -
Excerpts of Deposition Transcript of Juan P. Alessi, in
*Jane Doe No. 2 v. Epstein* (U.S. District Court, Southern
District of Florida Case No. 08-cv-80119),
Dated September 8, 2009 .................................................... A-1090

Exhibit 7 to McCawley Declaration -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) .............................................................. A-1095

Exhibit 8 to McCawley Declaration -
Excerpts of Deposition Transcripts of Alfredo Rodriguez,
in *Jane Doe No. 2 v. Epstein* (U.S. District Court,
Southern District of Florida Case No. 08-cv-80119),
Dated July 29, 2009 and August 7, 2009 ............................ A-1099

Exhibit 9 to McCawley Declaration -

(i) Excerpts of Deposition Transcript of Nadia
Marcinkova, in *Jane Doe v. Epstein* (U.S. District Court,
Southern District of Florida Case No. 08-cv-80893),
Dated April 13, 2010 ........................................................ A-1107

(ii) Excerpts of Deposition Transcript of Sarah Kellen,
in *Jane Doe 2 v. Epstein* (U.S. District Court, Southern
District of Florida Case No. 08-cv-80119),
Dated March 24, 2010 ...................................................... A-1111

(iii) Excerpts of Deposition Transcript of Adriana Ross,
in *Jane Doe v. Epstein* (U.S. District Court, Southern
District of Florida Case No. 08-cv-80893),
Dated March 15, 2010 ...................................................... A-1117

Exhibit 10 to McCawley Declaration -

(i) Excerpts of Deposition Transcript of Joseph Recarey,
Dated June 21, 2016 ........................................................ A-1121

(ii) "How Alan Dershowitz bullied rape victims to protect
a serial child molester", by Rania Khalek (*The Electronic
Intifada*, January 10, 2015).............................................. A-1126

Exhibit 11 to McCawley Declaration -
Notice of Appeal, in *Edwards v. Dershowitz* (Circuit Court
of the 17th Judicial Circuit, Broward County, Florida Case
No. 15-000072), Dated May 27, 2016 ................................ A-1131

Exhibit 12 to McCawley Declaration -
Order of the Honorable Thomas M. Lynch, IV on Boies,
Schiller & Flexner LLP and Jane Doe No. 3's Motions to
Quash Subpoenas or for Protective Order, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated November 12, 2015 .................................................. A-1136

Exhibit 13 to McCawley Declaration -
Excerpts of Deposition Transcript of Virginia Giuffre,
Dated May 3, 2016 .............................................................. A-1139

Exhibit 14 to McCawley Declaration -
Excerpts of Transcript of Non-Party Virginia Roberts'
Emergency Motion to Seal, in *Edwards v. Dershowitz*
(Circuit Court of the 17th Judicial Circuit, Broward County,
Florida Case No. 15-000072), Dated December 18, 2015 ... A-1142

Exhibit 15 to McCawley Declaration -
Order of the Honorable Thomas M. Lynch, IV on Boies,
Schiller & Flexner LLP's Motion to Seal, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated December 18, 2015 .................................................. A-1149

Exhibit 16 to McCawley Declaration -
Motion to Strike and for Sanctions, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated December 16, 2015 .................................................. A-1151

Exhibit 17 to McCawley Declaration -
Sealed, Unredacted Supplemental Motion to Strike and for
Sanctions, in *Edwards v. Dershowitz* (Circuit Court of the
17th Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated January 28, 2016 .................................. A-1160

Exhibit 18 to McCawley Declaration -
Transcript of Proceedings before the Honorable
Robert W. Sweet, Dated March 17, 2016 ........................... A-1168

xii

**Page**

Exhibit 19 to McCawley Declaration -
Transcript of Proceedings before the Honorable
Robert W. Sweet, Dated April 21, 2016 ............................. A-1204

Exhibit 20 to McCawley Declaration -
"Alan Dershowitz: 'Sex slave' accuser is serial liar,
prostitute", by Bob Norman (www.local10.com,
January 22, 2015) ................................................................. A-1234

Exhibit 21 to McCawley Declaration -
Transcript of CNN News Segment, Dated January 6, 2015. A-1238

Exhibit 22 to McCawley Declaration -
Transcript of Australian Broadcasting System News
Segment, Dated January 6, 2015 ........................................ A-1247

Exhibit 23 to McCawley Declaration -
"After Vindication, Alan Dershowitz Vows to Sue
Sex Accuser in Court", by Ilan Shavit
(www.jewishbusinessnews.com, April 8, 2015).................. A-1251

Declaration of Paul G. Cassell, for Plaintiff, in Opposition
to Proposed Intervenor Alan M. Dershowitz's Motion
to Intervene and Unseal, Dated August 29, 2016................ A-1255

Exhibit 1 to Cassell Declaration -
Excerpts of Deposition Transcript of Paul G. Cassell, in
*Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated October 16, 2015 ...................................................... A-1268

Exhibit 2 to Cassell Declaration -
Order of the Honorable Thomas M. Lynch, IV on Boies,
Schiller & Flexner LLP and Jane Doe No. 3's Motions to
Quash Subpoenas or for Protective Order, in *Edwards v.
Dershowitz* (Circuit Court of the 17th Judicial Circuit,
Broward County, Florida Case No. 15-000072),
Dated November 12, 2015
(Reproduced in confidential appendix at pp.
A-1136 to A-1138)

xiii

**Page**

Exhibit 3 to Cassell Declaration -
Order of the Honorable Thomas M. Lynch, IV Granting
Unopposed Motion for Order of Non-Waiver of Privilege,
in *Edwards v. Dershowitz* (Circuit Court of the 17th Judicial
Circuit, Broward County, Florida Case No. 15-000072),
Dated June 16, 2015 ............................................................ A-1328

Exhibit 4 to Cassell Declaration -
Notice of Withdrawal of Motion for Partial Summary
Judgment, in *Edwards v. Dershowitz* (Circuit Court of the
17th Judicial Circuit, Broward County, Florida Case No.
15-000072), Dated April 8, 2016 ........................................ A-1330

Reply Declaration of Proposed Intervenor Alan M. Dershowitz
in Further Support of his Motion to Intervene and Unseal,
Dated September 14, 2016 .................................................. A-1334

Sealed Opinion of the Honorable Robert W. Sweet,
Dated March 22, 2017 ........................................................ A-1361

A-915 - A-1042

THE DOCUMENTS REPRODUCED HEREIN WERE REDACTED IN THEIR ENTIRETY
ON THE DISTRICT COURT DOCKET.

THEREFORE, THESE PAGES ARE OMITTED IN THIS REDACTED VOLUME FOR THE SAKE
OF BREVITY BUT THE COMPLETE UNREDACTED VERSIONS CAN BE FOUND IN THE
CORRESPONDING PAGES OF THE CONFIDENTIAL VOLUME.

# Exhibit M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

----------------------------------------------------------------- x

VIRGINIA GIUFFRE,                                  :
                                                   :
                   Plaintiff,                      :
                                                   :
          - against -                              :   Index No. 15 Civ. 7433-RWS
                                                   :
GHISLAINE MAXWELL,                                 :   **ECF CASE**
                                                   :
                   Defendant.                      :
                                                   :
----------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF NON-PARTY
<u>SHARON CHURCHER'S MOTION TO QUASH SUBPOENA</u>**

DAVIS WRIGHT TREMAINE LLP
Laura R. Handman
Eric J. Feder
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Telephone:  (212) 489-8230
Facsimile:  (212) 489-8340
laurahandman@dwt.com
ericfeder@dwt.com

*Attorneys for Non-Party Sharon Churcher*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ......................................................................... 1

ARGUMENT ................................................................................................... 2

    I.      MAXWELL HAS FAILED TO SHOW THAT CHURCHER WAS NOT
           ENGAGED IN PROTECTED NEWSGATHERING ACTIVITY ...................... 3

          A.    The "Primary Relationship" Between Churcher and Plaintiff Was
              Reporter and Source............................................................................ 3

          B.    The Record Does Not Support Maxwell's Contention that Churcher Is
              a "Fact Witness," and Not a Journalist ...................................................... 6

    II.     MAXWELL HAS NOT MADE A CLEAR SHOWING TO OVERCOME
           THE PROTECTIONS OF THE SHIELD LAW ................................................ 9

CONCLUSION ..................................................................................................... 10

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*In re ABC*,
189 Misc. 2d 805, 735 N.Y.S.2d 919 (Sup. Ct. N.Y. Cnty. 2001) .........................................10

*Application of CBS Inc.*, 232 A.D.2d 291, 648 N.Y.S.2d 443 (1996) ............................................7

*In re Application to Quash Subpoena to NBC*,
79 F.3d 346 (2d Cir. 1996)............................................................................................2

*Baker v. Goldman Sachs & Co.*,
669 F.3d 105 (2d Cir. 2012)..........................................................................................5

*Beach v. Shanley*,
62 N.Y.2d 241, 465 N.E.2d 304 (1984)........................................................................7

*Brown & Williamson Tobacco Corp. v. Wigand*,
No. 101678/96, 1996 WL 350827 (N.Y. Sup. Ct. Feb. 28, 1996)...............................9

*Flynn v. NYP Holdings, Inc.*,
235 A.D.2d 907, 652 N.Y.S.2d 833 (3d Dep't 1997) ..................................................2

*Gonzales v. NBC*,
194 F.3d 29 (2d Cir. 1998)..........................................................................................10

*Guice-Mills v. Forbes*,
12 Misc. 3d 852, 819 N.Y.S.2d 432 (Sup. Ct. N.Y. Cnty. 2006) ...............................9

*In re McCray, Richardson, Santana, Wise, Salaam Litig.*,
991 F. Supp. 2d 464 (S.D.N.Y. 2013)..........................................................................4

*People v. Iannaccone*,
112 Misc.2d 1057, 1059, 447 N.Y.S.2d 996, 997 (Sup. Ct. N.Y. Cty. 1982) ...........2

*United States v. Marcos*,
No. 87 CR. 598 JFK, 1990 WL 74521 (S.D.N.Y. June 1, 1990)..................................5

*von Bulow v. von Bulow*,
811 F.2d 136, 145 (2d Cir. 1987)..........................................................................3, 4, 5

**Other Authorities**

Fed. R. Civ. P. 45 ....................................................................................................................1

ii

Non-party Sharon Churcher ("Churcher"), through her counsel, respectfully submits this Reply Memorandum of Law in Further Support of her motion under Fed. R. Civ. P. 45 to quash the Supoena served by Defendant Ghislaine Maxwell (the "Motion").[1]

## PRELIMINARY STATEMENT

Nothing in Maxwell's filings rebuts the core, sworn statement from Sharon Churcher that, "at all times," when she was in communication with Plaintiff Virginia Giuffre (referred to as "Virginia Roberts") or her agents, Churcher "was acting in [her] capacity as a journalist with Ms. Roberts (or her agents) as [her] source[s], always with the ultimate goal of gathering information to disseminate to the public as news." Churcher Decl. ¶ 10. Maxwell attaches a series of email communications between Churcher and Plaintiff to her response to the Motion (the "Response") in an effort to show that Churcher was not gathering news, but was instead serving as a "friend and advisor to Plaintiff," in part to aid Plaintiff in her efforts to publish a book about her experiences with Jeffrey Epstein. Response at 1. But the fact that not every exchange between the two was an on-the-record interview does not transform the fundamental nature of the relationship from what it plainly is: a reporter and a source. Nor can the fact that Churcher may have at times conveyed "advice" on certain issues (which were directly related to newsgathering in any event) obscure the reality that Churcher, indisputably a professional journalist, published articles in numerous mass media publications based on information provided to her by Plaintiff throughout the period in which those communications took place.

In her Response, Maxwell pulls individual fragments of the communications out of context to try to show that Churcher was acting as a "fact witness," and not a journalist. But the inferences she draws are not reasonable—and certainly not sufficient to overcome the indisputable fact that Churcher was a reporter engaged in gathering news to publish.

Because the Shield Law applies, confidential information is absolutely protected and Maxwell must make a "clear showing" of all of the elements to overcome the protection for non-

---

[1] Defined, capitalized terms bear the same meanings as in Churcher's Memorandum of Law in Support of the Motion (Dkt. No. 218).

1

confidential information.  Section 79-h.  As set forth in Churcher's opening brief and at oral

argument, Maxwell has not made this showing.  Even Maxwell's far-fetched accusations of

Churcher's involvement in Plaintiff's alleged "fabrication and expansion of claims" (Response at

14) cannot establish that Maxwell's defense "virtually rises or falls" with the information sought,

particularly when the degree to which Plaintiff's story did or did not "change" over time is

evident already from the public record.  *In re Application to Quash Subpoena to NBC* ["*Graco*"],

79 F.3d 346, 351, 353 (2d Cir. 1996).  And as recent developments in the motion practice for the

case have made clear, Maxwell has far from exhausted all available sources for the information

she seeks from Churcher, a professional journalist.  Maxwell also continues to understate the

scope of protection for confidential information.  That protection is not limited to the identities of

confidential sources, but any information conveyed in confidence—even if that source is not

anonymous or also conveyed non-confidential information.  *See* Section 79-h(b).

In sum, Maxwell has not demonstrated that this Subpoena is anything more than a fishing

expedition based on a vague hope that information that Churcher gathered in the course of

reporting news stories will somehow cast doubt on Plaintiff's claims.  The Shield Law protects

such information and the Subpoena should be quashed.

## ARGUMENT

Notwithstanding the assertions of Maxwell's counsel that she is not seeking

newsgathering materials protected by the Shield Law, the Response makes unambiguously clear

that that is precisely what Maxwell is seeking.  Maxwell's Response states several times that

what she primarily seeks are "interview notes, recordings, memos and other documentation in

Churcher's possession regarding Plaintiff."  Response at 14.  These are quintessential

newsgathering materials that fall squarely within the Shield Law's protection.  *See, e.g., Flynn v.*

*NYP Holdings, Inc.*, 235 A.D.2d 907, 652 N.Y.S.2d 833 (3d Dep't 1997) (affirming quashing of

subpoena for reporter's "research files" and "reporter's notes"); *People v. Iannaccone*, 112

Misc.2d 1057, 1059, 447 N.Y.S.2d 996, 997 (Sup. Ct. N.Y. Cty. 1982) (discussing application of

Shield Law to "unpublished notes").

2

In her Response, Maxwell raises two arguments why the information she seeks is not protected from disclosure: (1) that the Shield Law does not apply at all because, at some point, Churcher ceased to be a reporter with respect to the Plaintiff; and (2) to the extent the Shield Law applies, Maxwell has met the three elements to overcome the qualified privilege for non-confidential materials.  Neither argument holds up to scrutiny.

I.   **MAXWELL HAS FAILED TO SHOW THAT CHURCHER WAS NOT ENGAGED IN PROTECTED NEWSGATHERING ACTIVITY**

   A.   **The "Primary Relationship" Between Churcher and Plaintiff Was Reporter and Source**

   The Second Circuit instructs that, in determining whether the reporter's privilege applies, the Court should look to the nature of the "primary relationship between" the respective parties to determine whether it "ha[s] as its basis the intent to disseminate the information to the public garnered from that relationship."  *von Bulow v. von Bulow*, 811 F.2d 136, 145 (2d Cir. 1987). That intent must "exist[] at the inception of the newsgathering process."  *Id.* at 144.  Here, there can be no dispute that the "primary relationship" between Churcher and Plaintiff was that of a professional reporter gathering information from a source for news articles that were, in fact, subsequently published under Churcher's byline over the next several years.

   In *von Bulow*, the court held that the reporter's privilege did not apply to notes that a woman, Andrea Reynolds, took while watching the criminal trial of Claus von Bulow nor to investigative reports she had commissioned about von Bulow's wife's children.  Although Reynolds had been in negotiations at various points to publish articles and was tentatively putting together a manuscript of a book about the trial based on the information she had gathered, the court rejected her reporter's privilege argument because she did not have "the intent to disseminate information to the public" at the time that the information was gathered.  *Id.* at 145.  On the contrary, Reynolds, an "intimate friend" of von Bulow's, had stated that her "primary concern" in commissioning the reports was "vindicating Claus von Bulow" and "[her]

own peace of mind." *Id.* Even if she later decided to collect the information and publish it in a book, her intent at the time she gathered the information was not to publish it.

Subsequent decisions in this district have clarified that "the relevant time frame is not when *any* fact gathering for the subject of the subpoena began, but *when the information sought by the subpoena at issue was gathered.*"  *In re McCray, Richardson, Santana, Wise, Salaam Litig.* ["*McCray*"], 991 F. Supp. 2d 464, 467 (S.D.N.Y. 2013).  In *McCray*, the City of New York sought outtakes from the making of a documentary on the "Central Park Five" case in connection with the civil lawsuit by the individuals who were wrongfully convicted in that case. The City argued that the privilege did not apply because the filmmakers first conducted interviews with one of the plaintiffs for a college thesis, and had gathered other information when she was briefly employed as a paralegal for the plaintiffs' counsel's former law firm.  *Id.*

The district court affirmed the magistrate's quashing the subpoena.  The court explained that, whereas in *von Bulow* all of the information at issue had been gathered by Reynolds "before she formed any intent to distribute information to the public," the "subpoenaed information in [*McCray*], namely the content of the interviews, was collected *after* [the filmmakers] decided to make a film that [they] would distribute to the public."  *Id.* (emphasis added here).  The court therefore rejected the City's attempt to use the fact that one of the filmmakers had *previously* gathered information unconnected to newsgathering as a backdoor to obtain material that clearly was obtained in the course of classic newsgathering.[2]

This is an even less close case.  Maxwell cannot dispute that Churcher is, first and foremost, a professional journalist; that her intent from the very beginning of her relationship with the Plaintiff was to gather information to publish news stories; and that she did, in fact,

---

[2] The court further distinguished *von Bulow* because "[a]n interest in investigating and reporting on a matter, which stems from a previously established but attenuated professional relationship, is not comparable to a personal project motivated by the vindication of intimate friends."  *McCray*, 991 F. Supp. 2d at 468.  The court also explained that "many investigative journalists may have previous familiarity with a subject before beginning their work on a project," but that "[c]ourts would undermine the purpose of the reporter's privilege and severely curtail its applicability if the standard hinged on whether the reporter had previously researched the subject of the subpoena for a high school or college paper, and whether she intended to disseminate information to the public at that early stage."  *Id.*

publish many news stories based on the information she learned from Plaintiff and other sources over the next several years.  In other words, the "*primary relationship*" between them has always "ha[d] at its basis the intent to disseminate the information to the public garnered from that relationship."  *von Bulow*, 811 F.2d at 145 (emphasis added).

The fact not every isolated exchange within that relationship took the form of the source conveying specific news to the reporter does not alter the fundamental nature of the relationship—and certainly does not permit Maxwell to access pure newsgathering materials such as "interview notes."  Successful journalists must cultivate extensive networks of sources, and communicate with them regularly on a variety of topics.  *See, e.g., United States v. Marcos*, No. 87 CR. 598 JFK, 1990 WL 74521, at *2 (S.D.N.Y. June 1, 1990) ("The underpinning of [the reporter's privilege] lies in the recognition that effective gathering of newsworthy information in great measure relies upon the reporter's ability to secure the trust of news sources.").  Indeed, frequent, often informal communication with sources, even if not for the immediate purpose of gathering information for a specific article, is an integral part of the overall newsgathering process.[3]  Accordingly, the Shield Law does not narrowly apply only to the specific exchanges where the source conveys "news."  Instead, as the Second Circuit has held, the Shield law protects journalists from "inquiries into the newsgathering process," as a whole.  *Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 109 (2d Cir. 2012) (holding that Shield Law applied to "unpublished details of the newsgathering process," such as who made calls and interviewed particular sources, techniques for the reporters' investigation, and the backgrounds of the co-authors and editorial staff).

---

[3] *See generally* Beth Winegarner, *5 tips for journalists who want to do a better job of cultivating sources*, Poynter (June 8, 2012), http://www.poynter.org/2012/5-tips-for-journalists-who-want-to-do-a-better-job-of-cultivating-sources/176219/ ("Sources are one of a reporter's biggest assets. If you cover a regular beat, you'll find yourself talking to some of the same people pretty often. Over time, if you forge relationships with the right sources, you'll find that they can become the gateway to career-making scoops. … If you find someone you think will be a goldmine of information, check in with them regularly, even if you don't need to interview them. This is another good time for small talk, and to ask if there have been any developments on a topic you've discussed before."). (Churcher does not cite this article for the truth of what is stated, but rather as an example reflecting this common sense conventional wisdom.)

In any event, the e-mails that Maxwell submits to demonstrate that Churcher was not acting as a journalist, in fact, show that even as she was consulting with the Plaintiff on seemingly separate topics, her overarching intent remained newsgathering.

Because Churcher was (and is) a journalist using Plaintiff as a source, Maxwell should not be permitted to exploit her access to Plaintiff's communications—that show, unsurprisingly, that not every exchange with Churcher involved immediate provision of publishable information—to make an end-run around the clear protections of the Shield Law.

**B.**      **The Record Does Not Support Maxwell's Contention that Churcher Is a "Fact Witness," and Not a Journalist**

As an initial matter, Maxwell cites older decisions standing for the principle that the reporter's privilege "does not exist if the newsman is called on to testify what he personally observed." Response at 2-3. But those decisions predate the amendment of the Shield Law to apply to non-confidential information. And more recent New York appellate decisions make

6

clear that the Shield Law does not even "except situations where the reporter observes a *criminal*

act." *Beach v. Shanley*, 62 N.Y.2d 241, 251-52, 465 N.E.2d 304 (1984) (emphasis added); *see*

*also Application of CBS Inc.*, 232 A.D.2d 291, 292, 648 N.Y.S.2d 443, 444 (1996).  Thus, the

notion that Churcher may be compelled to testify simply because she "observed" firsthand some

of the events about which Maxwell is inquiring in this *civil* case is not well founded.

In any event, the various accusations of Churcher being "personally involved in changing

… stories" and Plaintiff's alleged "fabrication and expansion of claims" are not supported by the

record.  Response at 1, 14.

---

[4]

[5] *See generally* Edward Klein, *The Trouble with Andrew*, Vanity Fair (August 2011), *available at* http://www.vanityfair.com/news/2011/08/prince-andrew-201108 ("British libel laws are among the most stringent in the world, so when *The Mail on Sunday* and other newspapers ran the story about Andrew's rendezvous with Virginia Roberts in Ghislaine Maxwell's London home, they carried strong disclaimers saying there was no suggestion of any sexual contact between Prince Andrew and Roberts.").

[6]                                    *See* Churcher Decl. Ex. 5 ("The Palace has emphatically denied that the Prince has had relations with underage girls.  Now, thanks to the court documents Miss Roberts lodged in Florida last week, The Mail on Sunday can publish the most complete story yet of how this young woman was exploited by Epstein's shuttered world of seedy sex and influence. … While fragments of her testimony to us were reproduced last week, only now can we present her comprehensive account with previously unpublished material.").



Finally, Maxwell's conclusory assertion that "[n]one of the communications" between Churcher and Plaintiff's attorneys/agents or law enforcement "are in a newsgathering capacity," Response at 8, is belied by Churcher's clear statements to the contrary and by the fact that individuals in those categories are quoted in the articles themselves (both by name and anonymously) as sources. *See* Churcher Decl. ¶¶ 8-10, and Exs. 2, 3, & 8.[7]

---

[7] Maxwell suggests that Churcher providing information to law enforcement results in "waiver of any protection of the Shield Law."  But the case she cites also states that, "[w]ere this an issue of whether or not a journalist waives

In sum, Maxwell utterly fails to support her contention that "Churcher was not engaged in the news-gathering process," and the very fact that Churcher did, in fact, gather and publish news alone rebuts this claim. Because Churcher indisputably *was* engaged in the news-gathering process, the Shield Law applies.

## II.   MAXWELL HAS NOT MADE A CLEAR SHOWING TO OVERCOME THE PROTECTIONS OF THE SHIELD LAW

As set forth in Churcher's opening brief, Maxwell cannot make the "clear showing" necessary to overcome the Shield Law protections for non-confidential newsgathering material. The unredacted Response does not alter this conclusion. Maxwell argues that "[t]he information sought from Churcher is highly material in proving that each time [Plaintiff's] story is told, new salacious detail are added." Response at 11; *see also id.* at 15 (arguing that the information is "critical to establishing" that fact). But Churcher's newsgathering materials (and testimony) are not needed to "prove" an assertion about the allegedly changing nature of a *public* "story." Similarly, to the extent that the Joinder Motion is inconsistent with published articles by Churcher, that would be apparent from the face of the articles themselves, and would not justify invading the Shield Law-protected newsgathering process.[8] And Maxwell's argument that Churcher's testimony is "critical or necessary" because it is "relevant to Plaintiff's credibility," which is "the central issue in the case" simply proves too much. In almost any civil lawsuit, the

---

the Shield Law by fact checking sources to ascertain the veracity of information used in news reports prior to publication, this court would not find waiver, as a journalist has an obligation to check their sources prior to publishing an article. Anything less would likely render them liable in a court of law." *Guice-Mills v. Forbes*, 12 Misc. 3d 852, 857, 819 N.Y.S.2d 432 (Sup. Ct. N.Y. Cnty. 2006). And to the extent that waiver occurs as to any particular piece of information, it is only as to "the specific information" that was disclosed. Shield Law 79-h(g); *Brown & Williamson Tobacco Corp. v. Wigand*, No. 101678/96, 1996 WL 350827, at *6 (N.Y. Sup. Ct. Feb. 28, 1996). Maxwell does not articulate <u>any</u> specific information for which protection was waived, and certainly has not established that all of Churcher's newsgathering activities were disclosed and are therefore unprotected.

[8]



credibility of a party or witness will be a "central issue"—all the more so in a libel case, where truth or falsity of the underlying statements is at issue.  Yet Maxwell cannot point to any authority for a wholesale "libel exception"—let alone a "plaintiff's credibility exception" to the Shield Law.  *Cf. In re ABC,* 189 Misc. 2d 805, 808, 735 N.Y.S.2d 919 (Sup. Ct. N.Y. Cnty. 2001) ("[T]he privilege may yield only when the party seeking the material can define the specific issue, other than general credibility, as to which the sought-after interview provides truly necessary proof."  (citing *U.S. v. Burke,* 700 F.2d 70 (2d Cir. 1983)).

Finally, even if the information sought were as "critical" as Maxwell contends, she has not yet established that she has turned to Churcher "only as a *last resort*."  *Id.*  For example, as subsequent motion practice shows, Maxwell is pressing to reopen Plaintiff's deposition and to obtain her emails directly from the internet service providers, and is still awaiting further document production from Plaintiff.  *See* Dkt. Nos. 205, 207, 230; Minute Entry, June 23, 2016. There are also outstanding subpoenas to Plaintiff's counsel with motions to quash pending (*see* 2:16-mc-00602 (D. Utah)), and the Court already denied Jeffrey Epstein's motion to quash (Dkt. No. 252).  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  There thus remain numerous "alternative sources" (Section 79-h(c)) for the information Maxwell seeks.  She may not conscript Churcher as her "investigative arm" in the meantime.  *Gonzales v. NBC,* 194 F.3d 29, 35 (2d Cir. 1998).

## CONCLUSION

For the foregoing reasons, Ms. Churcher respectfully requests that her motion to quash Ms. Maxwell's Subpoena be granted.

Dated: New York, New York
       July 5, 2016

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/  Eric J. Feder

10

Laura R. Handman
Eric J. Feder

1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel:    (212) 489-8230
Fax:    (212) 489-8340
laurahandman@dwt.com
ericfeder@dwt.com

*Attorneys for Non-Party Sharon Churcher*

11

**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

               Plaintiff,             Case No.: 15-cv-07433-RWS

v .

Ghislaine Maxwell,

               Defendant.

_____/

**DECLARATION OF SIGRID MCCAWLEY  IN SUPPORT OF**
**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE (DE 362)**

      I, Sigrid McCawley, declare that the below is true and correct to the best of my knowledge as follows:

      1.      I am a partner with the law firm of Boies, Schiller & Flexner LLP and duly licensed to practice in Florida and before this Court pursuant to this Court's September 29, 2015 Order granting my Application to Appear Pro Hac Vice.

      2.      I respectfully submit this Declaration in Support of Plaintiff's Response in Opposition to Motion to Intervene (DE 362).

      3.      Attached hereto as Exhibit 1 is a true and correct copy of ███████████
██████████████

      4.      Attached hereto as Sealed Exhibit 2 is a true and correct copy of ████████

      5.      Attached hereto as Exhibit 3 is a true and correct copy of ███████████
████████████

      6.      Attached hereto as Sealed Exhibit 4 is a true and correct copy of ████████
██████████████████

      7.      Attached hereto as Exhibit 5 are a true and correct copies of █████████

████████████

8. ░░░░░░ Attached hereto as Sealed Exhibit 6 is a true and correct copy of ████████████

████████████████████████████

9. ░░░░░ Attached hereto as Exhibit 7 is a true and correct copy of ████████████████

████████████████

10.  Attached hereto as Sealed Composite ████████████████████

████████████████

11.  Attached hereto as Composite Sealed Exhibit 9 is a true and correct copy of

████████████████████████████████████

12. ░░░░░ Attached hereto as Sealed Composite Exhibit 10 is a true and correct copy of

██████████████████████████████████████

████████████████████████████

13.  Attached hereto as Exhibit 11 is a true and correct copy of ████████████

████████████████

14.  Attached hereto as Exhibit 12 is a true and correct copy of November 12, 2015

████████████████

15.  Attached hereto as Exhibit 13 is a true and correct copy of ████████████████

████████████████████

16. ░░░░░ Attached hereto as Exhibit 14 is a true and correct copy of ████████████████

████████████████████

17. ░░░░░ Attached hereto as Exhibit 15 is a true and correct copy of ████████████████

████████████

18.  Attached hereto as Exhibit 16 is a true and correct copy of ████████████

████████

19.     Attached hereto as Exhibit 17 is a true and correct copy of ███████████ ███████████

20.     Attached hereto as Exhibit 18 is a true and correct copy of ███████████ ██████████████████

21.     Attached hereto as Exhibit 19 is a true and correct copy of ███████████ █████████████

22.     Attached hereto as Exhibit 20 is a true and correct copy of ███████████ ██████████

23.     Attached hereto as Exhibit 21 is a true and correct copy of █████████████ █████████████

24.     Attached hereto as Exhibit 22 is a true and correct copy of ████████████ ███████████████████

25.     Attached hereto as Exhibit 23 is a true and correct copy of ███████████ ███████████

I declare under penalty of perjury that the foregoing is true and correct.


                              /s/ Sigrid S. McCawley_____
                              Sigrid S. McCawley, Esq.

Dated: August 29, 2016.

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sigrid McCawley
    Sigrid McCawley (Pro Hac Vice)
    Meredith Schultz (Pro Hac Vice)
    Boies Schiller & Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 29th day of August, 2016, I electronically filed the

foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the

foregoing document is being served to all parties of record via transmission of the Electronic

Court Filing System generated by CM/ECF.

> Laura A. Menninger, Esq.
> Jeffrey Pagliuca, Esq.
> HADDON, MORGAN & FOREMAN, P.C.
> 150 East 10th Avenue
> Denver, Colorado 80203
> Tel: (303) 831-7364
> Fax: (303) 832-2628
> Email: lmenninger@hmflaw.com
>         jpagliuca@hmflaw.com


> /s/ Meredith L. Schultz
> Meredith L. Schultz

5

A-1063 - A-1176

**THE DOCUMENTS REPRODUCED HEREIN WERE REDACTED IN THEIR ENTIRETY
ON THE DISTRICT COURT DOCKET.**

**THEREFORE, THESE PAGES ARE OMITTED IN THIS REDACTED VOLUME FOR THE SAKE
OF BREVITY BUT THE COMPLETE UNREDACTED VERSIONS CAN BE FOUND IN THE
CORRESPONDING PAGES OF THE CONFIDENTIAL VOLUME.**