# 16-3945-cv(L),
## 17-1625 (CON), 17-1722 (CON)

# United States Court of Appeals
### for the
# Second Circuit

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

– v. –

GHISLAINE MAXWELL,

*Defendant,*

– v. –

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

ALAN M. DERSHOWITZ, MICHAEL CERNOVICH, dba CERNOVICH MEDIA,

*Intervenors-Appellants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## SPECIAL APPENDIX
## [REDACTED]

PAUL CASSELL, ESQ., PROFESSOR
UNIVERSITY OF UTAH
S.J. QUINNEY COLLEGE OF LAW
332 South 1400 East, Room 101
Salt Lake City, Utah 84124
(801) 585-5202

– and –

BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
(954) 356-0011

*Attorneys for Plaintiff-Appellee*

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Intervenor-Appellant
 Alan M. Dershowitz*

i

# Table of Contents

                                                                                                                 **Page**

Sealed Opinion of the Honorable Robert W. Sweet,
    Dated November 2, 2016, Appealed From ............................. SPA-1

Opinion of the Honorable Robert W. Sweet,
    Dated May 2, 2017, Appealed From .................................... SPA-27

**THE DOCUMENT REPRODUCED HEREIN WAS REDACTED IN ITS ENTIRETY ON THE DISTRICT COURT DOCKET.**

**THEREFORE, THESE PAGES ARE OMITTED IN THIS REDACTED VOLUME FOR THE SAKE OF BREVITY BUT THE COMPLETE UNREDACTED VERSION CAN BE FOUND IN THE CORRESPONDING PAGES OF THE CONFIDENTIAL VOLUME.**

Case 1:15-cv-07433-RWS   Document 892   Filed 05/03/17   Page 1 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

VIRGINIA GIUFFRE,

              Plaintiff,              15 Civ. 7433

   -against-

                                      OPINION

GHISLAINE MAXWELL,

              Defendant.

------------------------------------------X

A P P E A R A N C E S:

    Counsel for Virginia Giuffre

    BOIES, SCHILLER & FLEXNER LLP
    401 East Las Olas Boulevard, Suite 1200
    Fort Lauderdale, FL 33301
    By:   Sigrid S. McCawley, Esq.
         Meredith L. Schultz, Esq.

    Counsel for Ghislaine Maxwell

    HADDON, MORGAN AND FOREMAN, P.C.
    150 East Tenth Avenue
    Denver, CO 80203
    By:   Laura A. Menninger, Esq.
         Jeffrey S. Pagliuca, Esq.

    Counsel for Michael Cernovich

    RANDAZZA LEGAL GROUP PLLC
    100 Pearl Street, 14th Floor
    Hartford, CT 06103
    By:   Jay M. Wolman, Esq.

**Sweet, D.J.**

Michael Cernovich ("Cernovich" or the "Intervenor") has moved under Rule 24(b) to intervene in this action and to modify the protective order entered in this action in order to unseal particular documents submitted in connection with the motion of defendant Ghislaine Maxwell ("Maxwell" or the "Defendant") for summary judgment to dismiss the complaint of plaintiff Virginia L. Giuffre ("Giuffre" or the "Plaintiff"). Based upon the conclusions set forth below, the motion to intervene is granted, and the motion to modify the protective order is denied.

**I.   Prior Proceedings**

This defamation action was commenced on September 21, 2015 and has been intensely litigated as reflected by over 880 docket entries as of this date. Familiarity with the prior opinions is assumed. *See Giuffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 831949 (S.D.N.Y. Feb. 29, 2016); *Giuffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016); *Giuffre v. Maxwell*, No. 15 Civ. 7433 (RWS) (S.D.N.Y. May 2, 2016); *see also* March 22, 2017 Redacted Opinion on Defendant's Motion for Summary Judgment, ECF No. 872.

At issue is the truth or falsity of statements made by the Plaintiff which have been characterized as lies by the Defendant, giving rise to this defamation action. Among the statements at issue are allegations of sexual abuse of minors. Discovery has proceeded involving these issues and those persons allegedly involved.

**II.   The Protective Order**

The Protective Order was entered on March 17, 2016 and provided confidentiality for documents, materials and/or information so designated by the parties, together with procedures relating to the designations and any challenges to the designations among other provisions. It also provided that the Protective Order would not affect the use of confidential information at trial.

**III.   The Motion to Intervene is Granted**

Based upon the conclusions reached in the November 2, 2016 order granting intervention to Alan Dershowitz, the motion

of Cernovich to intervene to modify the Protective Order is granted.[1]

**IV.  The Motion to Modify the Protective Order is Denied**

The Protective Order provided confidentiality for information the parties determine would "improperly annoy, embarrass or oppress any party, witness or person providing discovery in this case." Protective Order, ECF No. 62, p. 1. Intensive discovery has proceeded without challenge to a significant number of designations, principally by the Plaintiff. The Intervenor seeks to unseal the materials submitted in connection with the Defendant's motion for summary judgment. The opinion denying that motion for summary judgment has been filed under seal, and includes a direction, in accordance with the agreed-upon procedure, that the parties submit an opinion that redacts any information that is subject to the Protective Order. That opinion, containing uncontested redactions, has been filed, ECF No. 872. The redactions to the

---

[1] The Plaintiff had moved to strike Cernovich's opposition to her notice of intent to request certain redactions on the basis that Cernovich had not been granted standing as an Intervenor. That motion, ECF No. 763, is now denied as moot.

opinion omit only the confidential fact contentions of the parties resulting from the discovery.[2]

In the Second Circuit, there is a "strong presumption against the modification of a protective order, and orders should not be modified absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011) (affirming denial of motion to lift confidentiality provisions of the protective order). Indeed, "once a discovery protective order is in place, the applicable standard required plaintiff seeking to modify the order to show improvidence in the grant of the protective order or some extraordinary circumstance or compelling need." *In re September 11 Litigation*, 262 F.R.D. 274 (S.D.N.Y. 2009). This Court has, three times, found the issues presented in the action warrant a Protective Order, and has specifically expressed concern for its ongoing efficacy.

The Second Circuit has been hesitant to permit modifications that might "unfairly disturb the legitimate

---

[2] The argument with respect to the summary judgment was held in open court without objection, *see* Transcript of February 16, 2017 Hearing, ECF No. 702, at p. 16. The Plaintiff's request for redaction, ECF No. 721 and 793, is denied.

expectations of the parties or deponents." *Dorsett v. County of Nassau*, 289 F.R.D. 54, 65 (E.D.N.Y. 2012) (internal citations and quotations omitted) (denying motion to lift confidentiality of report of policing failures surrounding the murder of a young mother). "It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Id.* (internal citations and quotations omitted). Consequently, "the Second Circuit determined that 'absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need . . . a witness should be entitled to rely upon the enforceability of a protective order against any third parties.'" *Id.* (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979) (denying governmental access for criminal investigative purposes civil deposition transcripts taken under a protective order).

In this case, the parties and multiple deponents have reasonably relied on the Protective Order in giving testimony and producing documents including evidence of assault, medical records, and emails. *See Med. Diagnostic Imaging, PLLC v. Carecore Nat., LLC*, 2009 WL 2135294, at *4 (S.D.N.Y. 2009) (denying motion to modify protective order because parties and

third parties reasonably relied upon the terms of the protective order). Third-party witnesses have done the same.

Cernovich cites no civil case in which a court modified a protective order to give an intervenor access to discovery information about the sexual assault of a minor, except for a case when the intervenor was the handicapped victim's mother. Instead, Cernovich cites authority that is inapposite and self-evidently distinguishable.

In *In re Pineapple Antitrust Litig.*, No. 04 MD. 1628 RMB MHD, 2015 WL 5439090 (S.D.N.Y. Aug. 10, 2015), cited by Cernovich, the motion was granted because it was a "long-closed civil lawsuit," not an ongoing litigation, as is the case here. Similarly, in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016), the Court only allowed intervention "[after parties settled the action" – not one month prior to the commencement of trial. This action is currently scheduled for trial in mid-May and a release of contested confidential discovery materials could conceivably taint the jury pool.

Further, there was "no viable basis to deny the motion" offered in *In re Pineapple*, 2015 WL 5439090, at *1,

7

whereas here, the Plaintiff has provided in opposition sufficient basis to deny the motion, including the case's status as ongoing and near trial, and the nature of the documents requested as sensitive, regarding sexual assault of a minor at issue. In *N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*, 685 F.3d 286, 298 (2d Cir. 2011), the Court stated: "Accordingly, we have recognized that 'a person's physical safety' as well as 'the privacy interests of individuals' such as witnesses, third parties, and those investigated in connection with a legal violation, may 'warrant closure.'" Here, privacy interests of both parties and third parties warrant closure with respect to discovery materials. In *Schiller v. City of N.Y.*, No. 04 CIV. 7921(KMK), 2006 WL 2788256 (S.D.N.Y. Sept. 27, 2006), the motion was brought by the New York Times and the Court granted the motion while noting that the intervention "for the limited purpose of challenging strictures on the dissemination of information should not impede the progress of the litigation." *Id.* at \*3. There is no such limited purpose here.

Another case cited by Cernovich, *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004), is inapposite because it involved the right of access to docket sheets which Cernovich already has.

8

The Court recognizes that there is generally a presumption of public access to judicial documents. The Second Circuit has noted that where, as here, "a district court 'denied the summary judgment motion, essentially postponing a final determination of substantive legal rights,' the public interest in access 'is not as pressing.'" *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (quoting *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1342 n. 3 (D.C. Cir. 1985) (Wright, J., concurring in part and dissenting in part)). Because of the sensitive nature of the materials designated as confidential, involving allegations of sexual abuse and trafficking of minors, and because we are mere weeks from assembling a jury for trial, the importance of leaving these materials protected by the Protective Order outweighs any public interest in their publication at this time.

The Intervenor seeks to modify the Protective Order with respect to documents produced in discovery and referred to in the parties' factual statements. Protection of confidential discovery in this case is appropriate. *See, e.g., Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *5 (S.D. Cal. May 14, 2014) (denying in part a request to unseal where the court found the information to be of the kind that would "gratify private spite, promote public scandal, circulate

libelous statements, or release trade secrets") (internal quotation marks and citation omitted). To the extent that the summary judgment decision of March 22, 2017 relied upon the confidential fact submissions, that reliance was set forth.

The Intervenor has not established a compelling need for the documents obtained in discovery which undergird the summary judgment decision.

The motion of the Intervenor to modify the Protective Order to obtain discovery materials deemed confidential by the parties is denied.

## V. Conclusion

This opinion resolves ECF Nos. 550, 763, and 793.

The motion of the Intervenor to intervene is granted. The motion to modify the Protective Order is denied.

It is so ordered.

New York, NY
May 2/, 2017

                                       ROBERT W. SWEET
                                             U.S.D.J.