# 16-3945-cv(L)
## 17-1625 (CON), 17-1722 (CON)

## United States Court of Appeals
### for the
## Second Circuit

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

– v. –

GHISLAINE MAXWELL,

*Defendant,*

– v. –

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

ALAN M. DERSHOWITZ, and
MICHAEL CERNOVICH, d/b/a CERNOVICH MEDIA,

*Intervenors-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR INTERVENOR-APPELLANT
## MICHAEL CERNOVICH D/B/A CERNOVICH MEDIA

RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001

*Attorneys for Intervenor-Appellant,
Michael Cernovich dba Cernovich Media*

# **CORPORATE DISCLOSURE STATEMENT**

Intervenor-Appellant Michael Cernovich d/b/a Cernovich Media ("Appellant" or "Mr. Cernovich") hereby states that he is a natural person and, therefore, no corporate disclosure statement pursuant to Fed. R. App. P. 26.1 is required.

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ..................................................... I

TABLE OF CONTENTS ................................................................................... II

TABLE OF AUTHORITIES ............................................................................. IV

JURISDICTIONAL STATEMENT ..................................................................... 1

    A. THE DISTRICT COURT'S SUBJECT-MATTER JURISDICTION ................................ 1

    B. THE COURT OF APPEALS' JURISDICTION .......................................................... 1

    C. TIMELINESS OF THE APPEAL ............................................................................ 2

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ........................... 3

CONCISE STATEMENT OF THE CASE ........................................................... 4

    A. NATURE OF THE CASE ..................................................................................... 4

    B. RELEVANT PROCEDURAL HISTORY .................................................................. 5

    C. IDENTIFICATION OF THE JUDGE WHO RENDERED THE DECISION BEING APPEALED ........................................................................................................ 7

    D. DISPOSITION BELOW ....................................................................................... 7

    E. CITATION OF THE DECISION OR SUPPORTING OPINION ..................................... 7

SUMMARY OF THE ARGUMENT .................................................................... 8

ARGUMENT ........................................................................................................ 9

    A. STANDARD OF REVIEW ................................................................................... 9

B. THE DISTRICT COURT DECIDED THE MOTION TO UNSEAL UNDER THE INCORRECT RUBRIC .................................................................................. 9

C. THE DISTRICT COURT IMPROPERLY SEALED JUDICIAL DOCUMENTS .............. 10

CONCLUSION ................................................................................................. 13

iii

# TABLE OF AUTHORITIES

**CASES**

*Cox Broad. Corp. v. Cohn*,
  420 U.S. 469 (1975) .................................................................................. 12

*Giuffre v. Maxwell*,
  2017 U.S. Dist. LEXIS 67584 (S.D.N.Y. May 2, 2017) ....................... 7

*Globe Newspaper Co. v. Superior Court*,
  457 U.S. 596 (1982) .................................................................................. 12

*Krechmer v. Tantaros*, No. 16-cv-7820 (KBF),
  2017 U.S. Dist. LEXIS 128000 (S.D.N.Y. July 27, 2017) ................. 11

*Martindell v. Int'l Tel. & Tel. Corp.*,
  594 F.2d 291 (2d Cir. 1979) ...................................................................... 1

*N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*,
  684 F.3d 286 (2d Cir. 2011) .................................................................... 12

*Newsday LLC v. Cty. of Nassau*,
  730 F.3d 156 (2d Cir. 2013) .................................................................... 10

*Richmond Newspapers v. Virginia*,
  448 U.S. 555 (1980) .................................................................................. 12

*SEC v. TheStreet.com*,
  273 F.3d 222 (2d Cir. 2001) ...................................................................... 2

*United States v. Doe*,
  356 F. App'x 488 (2d Cir. 2009) ............................................................... 9

*United States v. HSBC Bank USA, N.A.*,
  863 F.3d 125 (2d Cir. 2017) ...................................................................... 1

**STATUTES**

28 U.S.C. § 1291 ............................................................................................... 1

28 U.S.C. § 1332 ............................................................................................... 1

**RULES**

Fed. R. Civ. P. 26 ............................................................................... 3, 8, 9, 10

Fed. R. Civ. P. 5.2 .............................................................................. 3, 8, 9, 10

# JURISDICTIONAL STATEMENT

A.  **The District Court's Subject-Matter Jurisdiction**

In the underlying litigation, Plaintiff-Appellee Virginia Giuffre ("Appellee" or "Ms. Giuffre") pleaded that the District Court had subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* JA-112.[1] Plaintiff-Appellee asserted that she and the Defendant were citizens of different states and the amount in controversy exceeded seventy-five thousand dollars. Appellant is aware of no facts that controvert the jurisdictional basis.

B.  **The Court of Appeals' Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. § 1291, as the order denying the motion to unseal is final as to Mr. Cernovich. *See Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 293-94 (2d Cir. 1979).

Alternately, this Court has appellate jurisdiction over Mr. Cernovich's appeal under the collateral order doctrine. *See United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 133-34 (2d Cir. 2017). It is an appeal of an order denying a motion to unseal. That order conclusively determined the question. The issue is an important

---

[1] To avoid unnecessarily compounding the record, Appellant hereby adopts the appendices filed by Prof. Alan Dershowitz on August 24, 2017, which was cross-filed in this consolidated appeal. All appendix references of "JA-#" will be to Prof. Dershowitz's appendices. Additional documents appearing in the Appendix of Intervenor-Appellant Michael Cernovich d/b/a Cernovich Media will be referred to as "CMA-#".

one completely separate from the merits. And, it is unreviewable on appeal from the final judgment, which was a judgment of dismissal with prejudice by stipulation of the Appellee and the Defendant. *See SEC v. TheStreet.com*, 273 F.3d 222, 228 (2d Cir. 2001).

Therefore, Appellant asserts that the appeal is from a final order disposing of all claims or, alternately, that the Court otherwise has jurisdiction under the collateral order doctrine.

C. **Timeliness of the Appeal**

On May 3, 2017, the District Court issued an Opinion (CMA-181) denying Mr. Cernovich's motion to unseal summary judgment materials. On May 24, 2017, Ms. Giuffre and the Defendant Ghislaine Maxwell filed a Stipulation of Voluntary Dismissal (CMA-193). Pursuant thereto, the District Court dismissed the matter with prejudice on May 25, 2017. (CMA-195). Appellant filed his Notice of Appeal on May 31, 2017 (CMA-197). Such notice was within 30 days of both the order being appealed and the judgment of dismissal. Thus, the appeal is timely.

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether the District Court committed error when it construed Appellant's motion to unseal under Fed. R. Civ. P. 5.2 as a motion to modify a protective order under Fed. R. Civ. P. 26?

2. Whether the District Court committed error when it sealed material deemed confidential by the parties, rather than making a particularized finding to justify the seal?

3. Whether the District Court violated Intervenor-Appellant's First Amendment right of access to judicial documents?

4. Whether the District Court violated Intervenor-Appellant's Common Law right of access to judicial access?

# CONCISE STATEMENT OF THE CASE

**A.  Nature of the Case**

To avoid unnecessary repetition, Mr. Cernovich refers this Court to pages 9 & 13 of the Brief for Intervenor-Appellant Alan M. Dershowitz filed on August 24, 2017, in *Giuffre v. Maxwell,* Case No. 16-3945-cv(l),[2] cross-filed with this consolidated matter (hereinafter "Dershowitz Brief"), incorporated herein by reference.[3]  Briefly, this matter primarily involves claims of defamation by Ms. Giuffre against Ms. Maxwell for the latter's denial of allegations by Ms. Giuffre that she was a victim of sex-trafficking.

Ms. Giuffre's allegations received considerable media attention, including claims of encounters with former President William Clinton and former Vice-President Al Gore.  *See* Dershowitz Brief at pp. 2 n. 1, 10 & 12-13.  The allegedly defamatory statements at issue were themselves published in the media.  JA-117-18 at ¶¶ 28-37.

Intervenor-Appellant Michael Cernovich d/b/a Cernovich Media is a popular political journalist who reported on this case, contributing to informing the public

---

[2]  The Court consolidated Mr. Cernovich's appeal, Case No. 17-1722, with Prof. Dershowitz's two appeals, Case Nos. 16-3945 & 17-1625, by order of June 18, 2017.
[3]  Page number references to the Dershowitz Brief are to the internal numbers at the page footers, rather than the ECF pagination.

about the issues at state in this case, including the involvement of public figures and government officials. JA-512.

**B.     Relevant Procedural History**

To avoid unnecessary repetition, Mr. Cernovich refers this Court to pages 13-15 & 22-23 of the Dershowitz Brief.  Briefly, on March 18, 2016, the District Court issued a protective order permitting the parties to designate material as confidential, but nonetheless required them to seek leave to file such materials under seal. JA-124.  Subsequently, after the District Court repeatedly granted leave to file materials under seal, it issued an order on August 8, 2016 permitting the *parties* to decide, at their discretion, what may be filed under seal and to make such filings at will. JA-196.

On January 9, 2017, Defendant Maxwell filed a motion for summary judgment and related documents. CMA-81.  The overwhelming bulk of the motion and documents were redacted from the public docket and filed under seal as permitted by the August 8, 2016 order.  *Id.*  Thus, on January 19, 2017, Mr. Cernovich filed a motion to intervene and to unseal the summary judgment filings, including Ms. Maxwell's motion and any oppositions, replies, or other

5

materials that would subsequently be filed.[4]  JA-509; JA-512; CMA-91.  Appellee Giuffre opposed Mr. Cernovich's motion and Appellant filed his reply thereto. JA-514; JA-528; CMA-112; CMA-136.  Prof. Dershowitz subsequently joined Mr. Cernovich's motion.  JA-579.  An open-court hearing on Appellant's motion was held on February 16, 2017 along with the hearing on summary judgment. JA-582.

Following the hearing, Appellee Giuffre filed a notice of intent to redact portions of the transcript, which portions were unknown.  CMA-155.  Appellant opposed the request for redaction.  CMA-159.  Thereupon, Appellee moved to strike the opposition, which was opposed by Appellant.  JA-645; CMA-164.  Appellee Giuffre also filed a letter-motion to seal the transcript, which Appellant and Defendant opposed.  CMA-162; CMA-167; CMA-173.

Apparently, the District Court initially privately distributed its order denying summary judgment, permitting the parties to request redaction; whereupon, unknown redactions were proposed by Appellee.  CMA-169.  Mr. Cernovich opposed such redaction for the same reasons set forth in his motion to unseal. CMA-177.  Thereupon, the District Court issued an order denying the motion for

---

[4]  Subsequently, the opposition to the summary judgment motion (CMA-108) and the reply (CMA-147) contained materials sealed at will by the parties. Material shown to the District Court was not made part of the public record. JA-613, 622, 624, 625, & 632 (referring to a "binder" and a "hand-out").

summary judgment, redacting pp. 3-52 of the 76-page decision from the public record. JA-1361.[5]

**C.     Identification of the Judge who Rendered the Decision being Appealed**

Hon. Robert W. Sweet, U.S.D.J.

**D.     Disposition Below**

On May 3, 2017, the District Court issued an order permitting Mr. Cernovich to intervene, but denying his motion to unseal.[6] CMA-181. The order also implicitly denied Mr. Cernovich's objection to the redaction of the summary judgment decision. Appellant appeals from the denial of his motion to unseal and the overruling of his objection to the redaction of the summary judgment decision.

**E.     Citation of the Decision or Supporting Opinion**

The decision below, from which this appeal is taken, may be cited as: *Giuffre v. Maxwell*, 2017 U.S. Dist. LEXIS 67584 (S.D.N.Y. May 2, 2017).[7]

---

[5] Subsequent to the Order denying the motion to unseal, the New York Post and the Daily News filed letters expressing concern regarding the overbreadth of the order and the risks to media access to the trial. JA-648. Mr. Cernovich joined in those publications' request for sufficient notice to address those concerns. CMA-192. However, trial was averted by a stipulation of dismissal.

[6] The same order resolved the request to redact the transcript, the motion to strike Mr. Cernovich's opposition to the proposed transcript redaction, and the letter-motion to seal the transcript, denying all three. Those portions of that order are not appealed-from. The order also implicitly denied Mr. Cernovich's objection to the redaction of the summary judgment decision, which is appealed-from.

[7] The order is dated May 2, 2017, but it was not published until May 3, 2017, hence the discrepancy between the date in the citation and the date set forth above.

7

## **SUMMARY OF THE ARGUMENT**

Appellant generally refers this Court to pages 23-25 of the Dershowitz Brief. The District Court made a fundamental error in denying the motion to unseal: it treated the motion as one to modify a protective order under Fed. R. Civ. P. 26 rather than as a motion to unseal under Fed. R. Civ. P. 5.2. Moreover, rather than making particularized findings as to each item the parties deemed confidential and worthy of sealing, the District Court simply permitted the parties to select what should be sealed. In doing so, the District Court violated Mr. Cernovich's, and the public's First Amendment and common law right of access to judicial document; there is no compelling rebuttal to the presumption of access. The order denying the motion to unseal should be reversed and the previously sealed and redacted materials related to the motion for summary judgment should be published.

# ARGUMENT

A. **Standard of Review**

The standard of review for the issues in this appeal is set forth in *United States v. Doe*, 356 F. App'x 488, 489 (2d Cir. 2009) as follows:

> In reviewing a district court's decision on a motion to seal judicial proceedings or records, we examine findings of fact for clear error, legal determinations *de novo*, and the decision to grant or deny sealing for abuse of discretion. *See United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995). Where First Amendment rights are implicated, our abuse-of-discretion review of a decision granting sealing is "more rigorous" than usual. *Id*.

Thus, the consideration of the motion under Rule 26 rather than Rule 5.2, a legal determination, is reviewed *de novo,* as is the determination of who should determine what should be sealed. The deprivation of common law right of access is reviewed for abuse of discretion, while deprivation of First Amendment right of access is reviewed through the "more rigorous" abuse of discretion prism.

B. **The District Court Decided the Motion to Unseal Under the Incorrect Rubric**

Nowhere in the District Court order (CMA-181) is there any discussion of unsealing under Fed. R. Civ. P. 5.2(d). Rather, the entirety of the discussion beyond the issue of whether Mr. Cernovich might intervene is addressed to a question of modifying a protective order. Although Rule 5.2(e) addresses limiting nonparty access to documents filed with the district court, the District Court in its underlying

9

orders never issued a Rule 5.2(e) protective order—the only protective order ever issued was under Fed. R. Civ. P. 26(c).

The District Court's entire discussion of Appellant's request fell within the caselaw regarding modification of Rule 26(c) protective orders, not ones under Rule 5.2(e). Because it utilized the wrong standard, it failed to give proper consideration to the First Amendment and common law right of access under Rule 5.2(d) motions. Appellant otherwise refers the Court to pages 31-32 of the Dershowitz Brief. The District Court committed a fundamental legal error and the order should be reversed.

## C. The District Court Improperly Sealed Judicial Documents

The District Court committed errors both in sealing the documents initially and then refusing to unseal them. As this Court has observed:

> Finding that a document is a "judicial document" triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access. It is not, and should not be, an easy matter to deny the public access to documents that are utilized in judicial proceedings and form part of the basis of judicial decision-making, since the public is ordinarily entitled to review such material in order to understand and evaluate the actions of the courts.

*Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013). The District Court never made any findings before sealing the summary judgment documents – it gave the parties *carte blanche* to file any and all materials under seal. This alone warrants reversal.

10

Having improperly sealed the documents in the first place, the District Court abused its discretion, generally and under a more rigorous view, in refusing to unseal. Appellant refers the Court to pages 26-29 of the Dershowitz Brief for a discussion of the legal standard for sealing and pages 30-32, 32-33, and 42-49 thereof for the reasons why the summary judgment documents should be unsealed.

In addition to the compelling argument of Prof. Dershowitz, a different District Judge in the Southern District of New York who recently unsealed judicial documents demonstrated why the summary judgment documents here should be unsealed. *See Krechmer v. Tantaros*, No. 16-cv-7820 (KBF), 2017 U.S. Dist. LEXIS 128000 (S.D.N.Y. July 27, 2017). In that case, Judge Forrest undertook a thorough analysis of both the common-law and First Amendment right of access to the Complaint, as well as the docket as a whole, which essentially consisted of dispositive motion practice, preliminary injunction motion practice, and argument over the seal itself, and found the presumption of access unrebutted. *Id.* This was despite a confidentiality agreement between the parties and the fear of irreparable harm, including a claim of significant embarrassment. *Id.* Thus, that case was unsealed and the filings were posted to the public docket. *Id.* In contrast, the District Court below did not undertake a thorough examination of the common law or First Amendment right of access or apply them appropriately to the facts.

Appellant recognizes that the sealed documents have been represented to contain material regarding then-minor victims of sex crimes. But such does not result in automatic sealing; a case-by-case analysis is required. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982); accord *N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 303-06 (2d Cir. 2011). Here, Ms. Giuffre's allegations of her victimization are already a matter of public record and the allegations generally involve persons of significant public stature and interest, including a former President and Vice President. The media's right of access, to facilitate the Fourth Estate's role of facilitating public oversight of the courts and public officials outweigh any basis to conceal the unidentified and unspecified evidence and argument. *See Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 490-91 (1975) ("[I]n a society in which each individual has but limited time and resources with which to observe at first hand the operations of his government, he relies necessarily upon the press to bring to him in convenient form the facts of those operations."); *see also Richmond Newspapers v. Virginia*, 448 U.S. 555, 573 (1980) (observing that the media functions as "surrogates for the public").

Appellant otherwise notes that the District Court found that unsealing was inappropriate as the court was "mere weeks from assembling a jury for trial". CMA-189. The case has since been dismissed with prejudice by the District Court; the very basis the District Court utilized to restrict public access no longer exists. Thus,

12

the decision should be reversed and the previously sealed, unredacted summary judgment documents filed on the public docket.

## **CONCLUSION**

In light of the foregoing, Appellant respectfully requests this Court reverse the order of the District Court denying the motion to unseal (CMA-181) and direct the District Court to publish the previously sealed, un-redacted summary judgment documents on the public docket.

Dated:     September 13, 2017          RANDAZZA LEGAL GROUP, PLLC

/s/ Jay M. Wolman

Jay M. Wolman
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

(702) 420-2001

*Attorneys for Intervenor-Appellant,*
*Michael Cernovich dba Cernovich Media*

13

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). It contains 2,565 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word in 14-Point Times New Roman.

Dated: September 13, 2017

RANDAZZA LEGAL GROUP, PLLC

/s/ Jay M. Wolman
Jay M. Wolman
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

(702) 420-2001

*Attorneys for Intervenor-Appellant,*
*Michael Cernovich dba Cernovich Media*

14