# 16-3945-cv(L)

## 17-1625 (CON), 17-1722 (CON)

# United States Court of Appeals
## for the
# Second Circuit

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

– v. –

GHISLAINE MAXWELL,

*Defendant,*

– v. –

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

ALAN M. DERSHOWITZ, and
MICHAEL CERNOVICH, dba CERNOVICH MEDIA,

*Intervenors-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPENDIX OF INTERVENOR-APPELLANT
## MICHAEL CERNOVICH D/B/A CERNOVICH MEDIA

RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001

*Attorneys for Intervenor-Appellant,*
*Michael Cernovich dba Cernovich Media*

i

## Table of Contents

**Page**

District Court Docket Entries.........................................................................CMA-1

Memorandum of Law in Support of Defendant's Motion for

    Summary Judgment, Dated January 9, 2017 ...........................................CMA-81

Memorandum of Law in Support of Proposed Intervenor

    Michael Cernovich d/b/a Cernovich Media's Motion to Intervene

    and Unseal, Dated January 19, 2017 ......................................................CMA-91

Plaintiff's Response to Defendant's Motion for Summary

    Judgment (Redacted), Dated January 31, 2017 ....................................CMA-108

    Southern District of New York Local Rule 56.1 Plaintiff's

        Statement of Contested Facts and Plaintiff's Undisputed

        Facts (Redacted) ...............................................................................CMA-109

    Declaration of Sigrid McCawley In Support of Plaintiff's

        Response to Defendant's Motion for Summary Judgment

        and Undisputed Facts (Redacted) .....................................................CMA-110

    Exhibits 1-50 (Redacted) ....................................................................CMA-111

Response in Opposition to Motion to Intervene,

    Dated February 2, 2017 .........................................................................CMA-112

**ii**

**Page**

Reply to Plaintiff's Opposition to Motion to Intervene
and Unseal, Dated February 9, 2017 ....................................................CMA-136

Reply Brief in Support of Defendant's Motion for
Summary Judgment, Dated February 10, 2017 ....................................CMA-147

Defendant's Reply to Plaintiff's Statement of Contested
Facts and Plaintiff's "Undisputed Facts" Pursuant to
Local Civil Rule 56.1........................................................................CMA-151

Notice of Intent to Request Redaction of February 16, 2017
Hearing Transcript, Dated March 15, 2017 .........................................CMA-155

Exhibit 1 (Redacted) ........................................................................CMA-158

Proposed Intervenor Michael Cernovich d/b/a Cernovich Media's
Opposition to Notice of Intent to Request Redaction
of February 16, 2017 Hearing Transcript, Dated March 17, 2017 ........CMA-159

Letter from Meredith Shultz to Hon. Robert W. Sweet
Dated March 27, 2017 ........................................................................CMA-162

Proposed Intervenor Michael Cernovich d/b/a Cernovich Media's
Opposition to Motion to Strike, dated March 29, 2017 ........................CMA-164

Letter from Jay M. Wolman to Hon. Robert W. Sweet
Dated March 29, 2017 ........................................................................CMA-167

**iii**

Notice of Plaintiff's Proposed Redactions to this Court's Order

   Denying Motion for Summary Judgment, Dated March 29, 2017 ........CMA-169

   Exhibit 1 (Redacted) .............................................................CMA-172

Letter from Ty Gee to Hon. Robert W. Sweet, Dated April 3, 2017..........CMA-173

Proposed Intervenor Michael Cernovich d/b/a Cernovich Media's

   Opposition to Notice of Plaintiff's Proposed Redactions to this

   Court's Order Denying Motion for Summary Judgment,

   Dated April 5, 2017 ................................................................CMA-177

Opinion, Dated May 2, 2017.......................................................CMA-181

Letter from Jay M. Wolman to Hon. Robert W. Sweet,

   Dated May 4, 2017 .................................................................CMA-192

Joint Stipulation for Dismissal, Dated May 24, 2017................................CMA-193

So Ordered Joint Stipulation for Dismissal, Dated May 25, 2017.............CMA-195

Notice of Appeal, Dated May 31, 2017 ......................................................CMA-197

CLOSED,APPEAL,ECF

**U.S. District Court**
**Southern District of New York (Foley Square)**
**CIVIL DOCKET FOR CASE #: 1:15–cv–07433–RWS**

Giuffre v. Maxwell
Assigned to: Judge Robert W. Sweet
Related Case:  1:17–mc–00025–RWS
Case in other court:   U.S. Court of Appeals, Second Circuit,
          17–01625
Cause: 28:1332ct Diversity–(Citizenship)

Date Filed: 09/21/2015
Date Terminated: 05/25/2017
Jury Demand: Both
Nature of Suit: 320 Assault Libel &
Slander
Jurisdiction: Diversity

**Plaintiff**

**Virginia L. Giuffre**                  represented by   **Bradley James Edwards**
Farmer, Jaffe, Weissing. Edwards, Fistos,
Lehrman, P.L.
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
(954)–524–2820
Fax: (954)–524–2822
Email: brad@pathtojustice.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Pottinger**
J. Stanley Pottinger PLLC
49 Twin Lakes Road
South Salem, NY 10590
(917)–446–4641
Email: stanpottinger@aol.com
*ATTORNEY TO BE NOTICED*

**Meredith L Schultz**
Boies, Schiller & Flexner LLP (FL)
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
(954)–356–0011
Fax: (954)–356–0022
Email: mschultz@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Paul G Cassell**
S.J. Quinney College of Law At The
University of Utah
383 S. University Street
Salt Lake City, UT 84112–0730
(801)–585–5202
Fax: (801)–585–2750
Email: cassellp@law.utah.edu
*ATTORNEY TO BE NOTICED*

**Sigrid S. McCawley**
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
954–356–0011
Fax: 954–356–0022
Email: smccawley@bsfllp.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ghislaine Maxwell**
*TERMINATED: 05/25/2017*

represented by   **Jeffrey S. Pagliuca**
Haddon Morgan and Foreman
150 East 10th Avenue
Denver, CO 80203
(303)–831–7364
Fax: (303)–832–2628
Email: jpagliuca@hmflaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Laura A. Menninger**
Haddon, Morgan and Foreman, P.C.
150 East Tenth Avenue
Denver, CO 80203
(303)–831–7364
Fax: (303)–832–2628
Email: lmenninger@hmflaw.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Sharon Churcher**

represented by   **Eric Joel Feder**
Davis Wright Tremaine LLP (NYC)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
(212) 489–8230
Fax: (212) 489–8340
Email: ericfeder@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura R. Handman**
Davis, Wright, Tremaine, LLP(DC)
1919 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006–3402
202 508–6600 x6624
Fax: 202 508–6699
Email: laurahandman@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Jeffrey Epstein**

represented by   **Gregory L. Poe**
Poe & Burton PLLC
1030 15th Steet., NW Suite 580 West
Washington, DC 20005
(202) 583–2500
Fax: (202) 583–0565
Email: gpoe@poeburton.com
*TERMINATED: 08/17/2016*
*LEAD ATTORNEY*

**Jack Alan Goldberger**
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue South, #1400
West Palm Beach, FL 33401
(561)–659–8305
Fax: (561)–835–8691
Email: jgoldberger@agwpa.com

**CMA-003**

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Martin Gary Weinberg**
Martin G. Weinberg, PC
20 Park Plaza, Suite 1000
Boston, MA 02116
617–227–3700
Fax: 617–338–9538
Email: owlmgw@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel S Li Wai Suen**
Poe & Burton PLLC
1030 15th St. N.W., Suite 580 West
Washington, DC 20005
(202)–583–2500
Fax: (202)–583–0565
Email: rliwaisuen@poeburton.com
*TERMINATED: 08/17/2016*

**Applicant**

**John Stanley Pottinger**

**Miscellaneous**

**Nadia Marcinko**                    represented by   **Erica Tamar Dubno**
Fahringer & Dubno
767 Third Avenue, Suite 3600
New York, NY 10017
212–319–5351
Fax: 212–319–6657
Email: erica.dubno@fahringerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Sarah Vickers**                    represented by   **Alexander Seton Lorenzo**
Alston & Bird, LLP(NYC)
90 Park Avenue
New York, NY 10016
(212) 210–9400
Fax: (212) 210–9444
Email: alexander.lorenzo@alston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John E. Stephenson , Jr.**
Alston & Bird LLP (GA)
One Atlantic Center, 1201 West Peachtree
Street
Atlanta, GA 30309
(404)–881–7697
Email: john.stephenson@alston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**NYP Holdings, Inc.,**

**Interested Party**

**CMA-004**

**Daily News, L.P.**

V.

**Material Witness**

| | | |
|---|---|---|
| **Sarah Ransome** | represented by | **Paul G Cassell** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **John Pottinger** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Intervenor**

| | | |
|---|---|---|
| **Alan M. Dershowitz** | represented by | **Andrew G. Celli** |
| | | Emery Celli Brinckerhoff & Abady, LLP |
| | | 600 Fifth Avenue 10th Floor |
| | | New York, NY 10020 |
| | | 212–763–5000 |
| | | Fax: 212–763–5001 |
| | | Email: acelli@ecbalaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **David A Lebowitz** |
| | | Emery Celli Brinckerhoff & Abady, LLP |
| | | 600 Fifth Avenue 10th Floor |
| | | New York, NY 10020 |
| | | (212) 763–5000 |
| | | Fax: (212) 763–5001 |
| | | Email: dlebowitz@ecbalaw.com |
| | | *ATTORNEY TO BE NOTICED* |

**Intervenor**

| | | |
|---|---|---|
| **Michael Cernovich d/b/a Cernovich Media** | represented by | **Jay Marshall Wolman** |
| | | Randazza Legal Group PLLC |
| | | 100 Pearl Street, 14th Floor |
| | | Hartford, CT 06103 |
| | | 702–420–2001 |
| | | Fax: 305–437–7662 |
| | | Email: jmw@randazza.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 09/21/2015 | 1 | COMPLAINT against MAXWELL GHISLAINE. (Filing Fee $ 400.00, Receipt Number 0208–11409928)Document filed by VIRGINIA L. GIUFFRE.(McCawley, Sigrid) (Entered: 09/21/2015) |
| 09/21/2015 | 2 | **FILING ERROR – DEFICIENT PLEADING – SIGNATURE ERROR –** CIVIL COVER SHEET filed. (McCawley, Sigrid) Modified on 9/22/2015 (dgo). (Entered: 09/21/2015) |
| 09/21/2015 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Ghislaine Maxwell, re: 1 Complaint. Document filed by VIRGINIA L. GIUFFRE. (McCawley, Sigrid) (Entered: 09/21/2015) |

**CMA-005**

| | | |
|---|---|---|
| 09/21/2015 | 4 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Sigrid S. McCawley to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11410210. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by VIRGINIA L. GIUFFRE. (Attachments: # 1 Text of Proposed Order)(McCawley, Sigrid) Modified on 9/21/2015 (sdi). (Entered: 09/21/2015) |
| 09/21/2015 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 4 MOTION for Sigrid S. McCawley to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11410210. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Florida; Missing case number on the Motion and Proposed Order;. Re–file the motion as a Corrected Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (sdi)** (Entered: 09/21/2015) |
| 09/22/2015 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Sigrid S. McCawley. The party information for the following party/parties has been modified: VIRGINIA L. GIUFFRE, MAXWELL GHISLAINE. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; party name was entered in all caps;. (dgo)** (Entered: 09/22/2015) |
| 09/22/2015 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above–entitled action is assigned to Judge Robert W. Sweet. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (dgo) (Entered: 09/22/2015) |
| 09/22/2015 | | Magistrate Judge Ronald L. Ellis is so designated. (dgo) (Entered: 09/22/2015) |
| 09/22/2015 | | Case Designated ECF. (dgo) (Entered: 09/22/2015) |
| 09/22/2015 | 5 | ELECTRONIC SUMMONS ISSUED as to Ghislaine Maxwell. (dgo) (Entered: 09/22/2015) |
| 09/25/2015 | 6 | MOTION to Amend/Correct Notice Regarding Deficient Motion to Appear Pro Hac vice,,, *Corrected Pro Hac Vice Motion (S. McCawley)*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order Proposed Order for Corrected Pro Hac Vice Motion (S. McCawley))(McCawley, Sigrid) (Entered: 09/25/2015) |
| 09/25/2015 | 7 | CIVIL COVER SHEET filed. (McCawley, Sigrid) (Entered: 09/25/2015) |
| 09/25/2015 | 8 | SUMMONS RETURNED EXECUTED Summons and Complaint served. Ghislaine Maxwell served on 9/22/2015, answer due 10/13/2015. Service was accepted by Ghislaine Maxwell, Defendant. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 09/25/2015) |
| 09/29/2015 | 9 | ORDER FOR ADMISSION PRO HAC VICE granting 6 Motion to Amend/Correct. The motion of Sigrid S. McCawley for admission to practice Pro Hac Vice in the above captioned action is granted. (Signed by Judge Robert W. Sweet on 9/28/2015) (ajs) (Entered: 09/29/2015) |
| 10/08/2015 | 10 | PRETRIAL ORDER: Pretrial Conference set for 10/28/2015 at 04:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (See Order.) (Signed by Judge Robert W. Sweet on 10/8/2015) (ajs) (Entered: 10/08/2015) |
| 10/13/2015 | 11 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 10/9/2015 re: I write pursuant to Section 1.E. of Your Honor's Individual Practice Rules to request an extension of Defendant's time to answer, move or otherwise respond to Plaintiff's Complaint from October 13, 2015 up to and including November 30. 2015. ENDORSEMENT: So ordered. Ghislaine Maxwell answer due 11/30/2015. (Signed by Judge Robert W. Sweet on 10/12/2015) (rjm) (Entered: |

**CMA-006**

| | | 10/13/2015) |
|---|---|---|
| 10/13/2015 | 12 | NOTICE OF APPEARANCE by Laura A. Menninger on behalf of Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/13/2015) |
| 10/28/2015 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Initial Pretrial Conference held on 10/28/2015. (Chan, Tsz) (Entered: 10/30/2015) |
| 10/30/2015 | 13 | ORDER: IT IS HEREBY ORDERED that: 1. All motions are to be made returnable at 12:00 noon on Wednesday and in compliance with the rules of this Court. Fact Discovery due by 7/1/2016. Expert Discovery due by 8/3/2016. Motions due by 9/7/2016. Final Pretrial Conference set for 9/7/2016 at 04:30 PM before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 10/28/2015) (spo) (Entered: 10/30/2015) |
| 12/01/2015 | 14 | MOTION to Dismiss . Document filed by Ghislaine Maxwell. Responses due by 12/17/2015 Return Date set for 1/7/2016 at 12:00 PM.(Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 15 | MEMORANDUM OF LAW in Support re: 14 MOTION to Dismiss . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 16 | DECLARATION of Laura A. Menninger in Support re: 14 MOTION to Dismiss .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit)(Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 17 | MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. Document filed by Ghislaine Maxwell. Return Date set for 1/7/2016 at 12:00 PM. (Attachments: # 1 Exhibit)(Menninger, Laura) (Entered: 12/01/2015) |
| 12/01/2015 | 18 | MEMORANDUM OF LAW in Support re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/01/2015) |
| 12/02/2015 | 19 | ORDER: Defendant's motions to dismiss and for a stay of discovery shall be heard at noon on January 14, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Set Deadlines/Hearing as to 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. 14 MOTION to Dismiss.: Motion Hearing set for 1/14/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 12/2/2015) (spo) (Entered: 12/02/2015) |
| 12/10/2015 | 20 | RESPONSE in Opposition to Motion re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/10/2015) |
| 12/10/2015 | 21 | DECLARATION of Sigrid S. McCawley in Opposition re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Composite Exhibit 2 Part 1, # 3 Exhibit Composite Exhibit 2 Part 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Composite Exhibit 5 Part 1, # 7 Exhibit Composite Exhibit 5 Part 2, # 8 Exhibit Exhibit 6, # 9 Exhibit Exhibit 7, # 10 Exhibit Exhibit 8, # 11 Exhibit Exhibit 9)(McCawley, Sigrid) (Entered: 12/10/2015) |
| 12/15/2015 | 22 | REPLY MEMORANDUM OF LAW in Support re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/15/2015) |
| 12/17/2015 | 23 | MEMORANDUM OF LAW in Opposition re: 14 MOTION to Dismiss . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/17/2015) |
| 12/17/2015 | 24 | DECLARATION of Sigrid McCawley in Opposition re: 14 MOTION to Dismiss .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 12/17/2015) |
| 12/28/2015 | 25 | REPLY MEMORANDUM OF LAW in Support re: 14 MOTION to Dismiss . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/28/2015) |

| | | |
|---|---|---|
| 01/08/2016 | 26 | NOTICE of Supplemental Authority. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit)(McCawley, Sigrid) (Entered: 01/08/2016) |
| 01/11/2016 | 27 | MOTION for Leave to Bring Personal Electronic Device and General Purpose Computing Device . Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit)(McCawley, Sigrid) (Entered: 01/11/2016) |
| 01/14/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 1/14/2016 re: 19 Order, Set Motion and R&R Deadlines/Hearings. Motion to dismiss and for stay held.Decision is reserved. (Court Reporter Michael McDaniel) (Chan, Tsz) (Entered: 01/21/2016) |
| 01/20/2016 | 28 | OPINION #106149 re: 17 MOTION to Stay *Discovery Pending Decision on Defendant's Motion to Dismiss*, filed by Ghislaine Maxwell. Defendant is directed to respond or object to Plaintiff's First Request for Production within fourteen days of the date of this opinion. For the foregoing reasons and as set forth above, Defendant's motion to stay is denied, the motion to extend is granted, and discovery shall proceed as set forth in this Order.) (As further set forth in this Order.) (Signed by Judge Robert W. Sweet on 1/19/2016) (spo) Modified on 1/21/2016 (ca). (Entered: 01/20/2016) |
| 01/22/2016 | 29 | NOTICE of Supplemental Authority re: 15 Memorandum of Law in Support of Motion. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 01/22/2016) |
| 01/25/2016 | 30 | NOTICE of Response to Defendant's Notice of Supplemental Authority re: 29 Notice (Other). Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/25/2016) |
| 01/28/2016 | 31 | TRANSCRIPT of Proceedings re: ARGUMENT held on 1/14/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Michael McDaniel, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/22/2016. Redacted Transcript Deadline set for 3/3/2016. Release of Transcript Restriction set for 5/2/2016.(McGuirk, Kelly) (Entered: 01/28/2016) |
| 01/28/2016 | 32 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 1/14/16 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 01/28/2016) |
| 02/26/2016 | 33 | MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/26/2016 | 34 | DECLARATION of Sigrid McCawley in Support re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit)(McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/26/2016 | 35 | MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections . Document filed by Virginia L. Giuffre. (Attachments: # 1 Appendix)(McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/26/2016 | 36 | DECLARATION of Sigrid McCawley in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4 Part 1, # 5 Exhibit Exhibit 4 Part 2, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 7, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9, # 11 Exhibit Exhibit 10 Part 1, # 12 Exhibit Exhibit 10 Part 2, # 13 Exhibit Exhibit 11)(McCawley, Sigrid) (Entered: 02/26/2016) |
| 02/29/2016 | 37 | OPINION #106248 re: 14 MOTION to Dismiss, filed by Ghislaine Maxwell. For the foregoing reasons and as set forth above, Defendant's motion to dismiss is denied. (As further set forth in this Order.) (Signed by Judge Robert W. Sweet on 2/26/2016) (spo) |

| | | |
|---|---|---|
| | | Modified on 3/2/2016 (ca). (Entered: 02/29/2016) |
| 03/02/2016 | 38 | MOTION for Protective Order . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/02/2016) |
| 03/02/2016 | 39 | DECLARATION of Laura A. Menninger in Support re: 38 MOTION for Protective Order .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/02/2016) |
| 03/04/2016 | 40 | RESPONSE to Motion re: 38 MOTION for Protective Order . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/04/2016) |
| 03/04/2016 | 41 | DECLARATION of Sigrid McCawley in Opposition re: 38 MOTION for Protective Order .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(McCawley, Sigrid) (Entered: 03/04/2016) |
| 03/04/2016 | 42 | MEMORANDUM OF LAW in Opposition re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections ., 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/04/2016) |
| 03/07/2016 | 43 | REPLY MEMORANDUM OF LAW in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections ., 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/07/2016) |
| 03/07/2016 | 44 | DECLARATION of Sigrid McCawley in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections ., 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(McCawley, Sigrid) (Entered: 03/07/2016) |
| 03/07/2016 | 45 | SUPPLEMENTAL MEMORANDUM OF LAW in Opposition re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/07/2016) |
| 03/07/2016 | 46 | SUPPLEMENTAL MEMORANDUM OF LAW in Opposition re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/07/2016) |
| 03/07/2016 | 47 | DECLARATION of Laura A. Menninger in Opposition re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Menninger, Laura) (Entered: 03/07/2016) |
| 03/08/2016 | 48 | ORDER: Plaintiff's motions to compel, filed February 26, and Defendant's motion for a protective order, filed March 2, 2016, shall be heard at noon on March 17, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 3/17/2016 at 12:00 PM before Judge Robert W. Sweet in Courtroom 18C, United States Courthouse, 500 Pearl Street.) (Signed by Judge Robert W. Sweet on 3/6/2016) (spo) Modified on 3/10/2016 (spo). (Entered: 03/09/2016) |
| 03/09/2016 | 49 | REPLY to Response to Motion re: 38 MOTION for Protective Order . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/09/2016) |
| 03/10/2016 | 50 | INTERNET CITATION NOTE: Material from decision with Internet citation re: 37 Memorandum & Opinion. (Attachments: # 1 Internet Citation, # 2 Internet Citation) (vf) (Entered: 03/10/2016) |
| 03/14/2016 | 51 | ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO BRING PERSONAL ELECTRONIC DEVICES AND GENERAL PURPOSE COMPUTING DEVICES INTO THE COURTHOUSE FOR JANUARY 14, 2016 HEARING granting 27 Motion for Leave to Bring Personal Electronic Devices. It is ORDERED AND |

| | | |
|---|---|---|
| | | ADJUDGED that the motion is hereby GRANTED. Plaintiffs counsel Sigrid S. Mccawley shall be permitted, to bring and to use Personal Electronic Device(s) and/or the General Purpose Computing Device(s) (collectively, "Devices") listed below into the Courthouse for use in this action. Attorney: Sigrid McCawley. Device(s): Personal Electronic Device; and General Purpose Computing Device. (Signed by Judge Robert W. Sweet on 1/13/2016) Copies Sent By Chambers. (spo) Modified on 3/14/2016 (spo). (Entered: 03/14/2016) |
| 03/14/2016 | 52 | MOTION for Jeffrey S. Pagliuca to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12065065. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ghislaine Maxwell. (Attachments: # 1 Proposed Order, # 2 Certificate of Good Standing)(Pagliuca, Jeffrey) (Entered: 03/14/2016) |
| 03/14/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 52 MOTION for Jeffrey S. Pagliuca to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12065065. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 03/14/2016) |
| 03/14/2016 | 53 | REPLY to Response to Motion re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/14/2016 | 54 | ANSWER to 1 Complaint with JURY DEMAND. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/14/2016) |
| 03/14/2016 | 55 | DECLARATION of Sigrid McCawley in Support re: 35 MOTION to Compel Ghislaine Maxwell to Produce Documents Subject To Improper Objections .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1 Part 1, # 2 Exhibit Exhibit 1 Part 2, # 3 Exhibit Exhibit 2 Part 1, # 4 Exhibit Exhibit 2 Part 2, # 5 Exhibit Exhibit 3 Part 1, # 6 Exhibit Exhibit 3 Part 2, # 7 Exhibit Exhibit 3 Part 3, # 8 Exhibit Exhibit 3 Part 4, # 9 Exhibit Exhibit 4, # 10 Exhibit Exhibit 5, # 11 Exhibit Exhibit 6, # 12 Exhibit Exhibit 7 Part 1, # 13 Exhibit Exhibit 7 Part 2, # 14 Exhibit Exhibit 7 Part 3, # 15 Exhibit Exhibit 8, # 16 Exhibit Exhibit 9, # 17 Exhibit Exhibit 10, # 18 Exhibit Exhibit 11 Part 1, # 19 Exhibit Exhibit 11 Part 2, # 20 Exhibit Exhibit 12, # 21 Exhibit Exhibit 13 Part 1, # 22 Exhibit Exhibit 13 Part 2, # 23 Exhibit Exhibit 13 Part 3)(McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/14/2016 | 56 | REPLY to Response to Motion re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/14/2016 | 57 | DECLARATION of Sigrid McCawley in Support re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(McCawley, Sigrid) (Entered: 03/14/2016) |
| 03/15/2016 | 58 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** NOTICE of Motion for Leave to Serve Rolling Production and Privilege Log. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 3/17/2016 (ldi). (Entered: 03/15/2016) |
| 03/15/2016 | 59 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION for Leave to Serve Rolling Production and Privilege Log re: 58 Notice (Other) *And Incorporated Memorandum of Law*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) Modified on 3/17/2016 (ldi). (Entered: 03/15/2016) |
| 03/16/2016 | 60 | ORDER FOR ADMISSION PRO HAC VICE granting 52 Motion for Jeffrey S. Pagliuca to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 3/15/2016) (rjm) (Entered: 03/16/2016) |
| 03/16/2016 | 61 | ORDER: Plaintiff's motions for leave to serve rolling production and privilege log, filed March 16, 2016, shall be heard at noon on March 17, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Motion Hearing set for 3/17/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 3/16/2016) (cf) (Entered: |

| | | 03/16/2016) |
|---|---|---|
| 03/17/2016 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE–FILE Document 58 Notice (Other). Use the event type Miscellaneous Relief found under the event list Motions. (ldi) (Entered: 03/17/2016) |
| 03/17/2016 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE–FILE Document 59 MOTION for Leave to Serve Rolling Production and Privilege Log re: 58 Notice (Other) *And Incorporated Memorandum of Law*. Use the event type Memorandum of Law in Support of Motion found under the event list Replies, Opposition and Supporting Documents. (ldi) (Entered: 03/17/2016) |
| 03/17/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/17/2016 re: 58 Notice (Other) filed by Virginia L. Giuffre. Motion Pending. (Court Reporter Vincent Bologna) (Chan, Tsz) (Entered: 03/21/2016) |
| 03/18/2016 | 62 | PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Robert W. Sweet on 3/17/2016) (mro) (Entered: 03/18/2016) |
| 03/22/2016 | 63 | MOTION for Protective Order *Regarding Deposition of Defendant*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/22/2016) |
| 03/22/2016 | 64 | MOTION to Compel *Plaintiff to Disclose Pursuant to Fed. R. Civ. P. Rule 26*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/22/2016) |
| 03/22/2016 | 65 | DECLARATION of Laura A. Menninger in Support re: 63 MOTION for Protective Order *Regarding Deposition of Defendant*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 03/22/2016) |
| 03/23/2016 | 66 | TRANSCRIPT of Proceedings re: MOTION held on 3/17/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/18/2016. Redacted Transcript Deadline set for 4/28/2016. Release of Transcript Restriction set for 6/24/2016.(McGuirk, Kelly) (Entered: 03/23/2016) |
| 03/23/2016 | 67 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a MOTION proceeding held on 3/17/16 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/23/2016) |
| 03/23/2016 | 68 | RESPONSE in Opposition to Motion re: 64 MOTION to Compel *Plaintiff to Disclose Pursuant to Fed. R. Civ. P. Rule 26*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/23/2016 | 69 | DECLARATION of Sigrid S. McCawley in Opposition re: 64 MOTION to Compel *Plaintiff to Disclose Pursuant to Fed. R. Civ. P. Rule 26*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/23/2016 | 70 | RESPONSE in Opposition to Motion re: 63 MOTION for Protective Order *Regarding Deposition of Defendant*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/23/2016) |
| 03/23/2016 | 71 | DECLARATION of Sigrid S. McCawley in Opposition re: 63 MOTION for Protective Order *Regarding Deposition of Defendant*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6)(McCawley, Sigrid) (Entered: 03/23/2016) |

**CMA-011**

| | | |
|---|---|---|
| 03/24/2016 | 72 | MOTION for Meredith L. Schultz to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12103899. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order Proposed Order)(Schultz, Meredith) (Entered: 03/24/2016) |
| 03/24/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 72 MOTION for Meredith L. Schultz to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12103899. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 03/24/2016) |
| 03/24/2016 | | Minute Entry The motion to compel on March 24, 2016 is agreed upon by counsel and the Court that it will be heard telephonically in Chambers at 4:00 p.m. (Chan, Tsz) (Entered: 03/24/2016) |
| 03/24/2016 | 73 | ORDER: Plaintiff's motion to compel Defendant to produce documents subject to improper objections, docket no. 35, is resolved as set forth in the official transcript of proceedings held March 17, 2016, docket no. 66. With respect to Plaintiff's motion to compel Defendant to produce documents subject to improper objections, docket no. 33, the parties are directed to submit further briefing as set forth in the transcript. Defendant's motion for a protective order, docket no. 63, and motion to compel, docket no. 64, shall be heard at noon on Thursday, March 24, 2016 as stipulated, in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 3/24/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 3/23/2016) (spo) (Entered: 03/24/2016) |
| 03/28/2016 | 74 | ORDER FOR ADMISSION PRO HAC VICE granting 72 Motion for Meredith L. Schultz to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 3/24/2016) (spo) (Entered: 03/28/2016) |
| 03/31/2016 | 75 | MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/31/2016) |
| 03/31/2016 | 76 | DECLARATION of Laura A. Menninger in Support re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 03/31/2016) |
| 03/31/2016 | 77 | NOTICE of Submission of Declaration in Support of Defendant's In Camera Submission in Opposition to Plaintiff's Motion to Compel the Production of Documents Subject to Improper Claim of Privilege. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/31/2016) |
| 04/04/2016 | 78 | RESPONSE in Opposition to Motion re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/04/2016) |
| 04/04/2016 | 79 | DECLARATION of Sigrid S. McCawley in Opposition re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6)(McCawley, Sigrid) (Entered: 04/04/2016) |
| 04/05/2016 | 80 | MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12149795. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(Cassell, Paul) (Entered: 04/05/2016) |
| 04/05/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12149795. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 04/05/2016) |

**CMA-012**

Case: 1:15-cv-07433-RWS   As of: 09/12/2017 04:57 PM EDT   12 of 80

| 04/06/2016 | 81 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 4/5/2016 re: Request for temporary seal of docket no. 79. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 4/6/2016) (spo) (Entered: 04/06/2016) |
|---|---|---|
| 04/07/2016 | 82 | TRANSCRIPT of Proceedings re: Argument held on 3/24/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/2/2016. Redacted Transcript Deadline set for 5/12/2016. Release of Transcript Restriction set for 7/11/2016.(Grant, Patricia) (Entered: 04/07/2016) |
| 04/07/2016 | 83 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 03/24/2016 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Grant, Patricia) (Entered: 04/07/2016) |
| 04/07/2016 | 84 | ORDER: Defendant's letter objection to pro hac vice admission of Paul G. Cassell, submitted April 6, 2015, will be treated as a motion and heard at 10:00am on Wednesday April 13, 2016. Plaintiff's reply to Defendant's letter, if any, shall be submitted on or before Monday, April 11, 2016. (Motion Hearing set for 4/13/2016 at 10:00 AM before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 4/6/2016) (spo) (Entered: 04/07/2016) |
| 04/07/2016 | 85 | ORDER: Defendant's motion to compel, filed March 31, 2016, shall be heard at noon on April 21, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Motion Hearing set for 4/21/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 4/7/2016) (cf) (Entered: 04/07/2016) |
| 04/07/2016 | 86 | MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Certificate Good Standing_Edwards, # 2 Text of Proposed Order)(Edwards, Bradley) (Entered: 04/07/2016) |
| 04/07/2016 |  | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12160815. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 04/07/2016) |
| 04/07/2016 | 87 | MOTION for Adjournment of Hearing on April 13, 2016 . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/07/2016) |
| 04/08/2016 | 88 | RESPONSE in Opposition to Motion re: 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/08/2016) |
| 04/08/2016 | 90 | ORDER granting in part and denying in part 87 Motion for Adjournment of Conference. Defendant's motion to adjourn, filed April 7, 2016, is granted in part and denied in part. Any objection to the pro hac vice admission of Paul G. Cassell and Bradley James Edwards will be treated as motions and heard at 11:00am on Thursday April 21, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Defendant's motion to compel is similarly adjourned to 11:00am on Thursday April 21, 2016. Plaintiff's reply to Defendant's letter with respect to Mr. Cassell, if any, remains returnable on or before Monday, April 11, 2016. Defendant's objection to the admission of Mr. Edwards, if any, shall be submitted on or before April 13, 2016. Plaintiff's reply to Defendant's objection with respect to Mr. Edwards shall be submitted on or before April 19, 2016. (Signed by Judge Robert W. Sweet on 4/8/2016) (mro) (Entered: 04/11/2016) |

| 04/08/2016 | | Set/Reset Deadlines Responses due by 4/13/2016 Replies due by 4/19/2016. Motion Hearing set for 4/21/2016 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (mro) (Entered: 04/11/2016) |
| --- | --- | --- |
| 04/10/2016 | 89 | REPLY to Response to Motion re: 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12149795. **Motion and supporting papers to be reviewed by Clerk's Office staff.,** 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 04/10/2016) |
| 04/11/2016 | 91 | MOTION for Leave to File Excess Pages *For Reply In Support Of Defendants Motion To Compel*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/11/2016) |
| 04/11/2016 | 92 | REPLY to Response to Motion re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/11/2016) |
| 04/11/2016 | 93 | **FILING ERROR – DEFICIENT DOCKET ENTRY (SEE 94 Declaration) –** AFFIDAVIT of Laura A. Menninger in Support re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D)(Menninger, Laura) Modified on 4/12/2016 (db). (Entered: 04/11/2016) |
| 04/11/2016 | 94 | DECLARATION of Laura A. Menninger in Support re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D)(Menninger, Laura) (Entered: 04/11/2016) |
| 04/12/2016 | 95 | MEMO ENDORSEMENT on 91 granting Motion for Leave to File Excess Pages. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 4/12/2016) (spo) (Entered: 04/12/2016) |
| 04/13/2016 | 96 | MOTION for Clarification of Court's Order and For Forensic Examination . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) Modified on 4/21/2016 (spo). (Entered: 04/13/2016) |
| 04/13/2016 | 97 | DECLARATION of Sigrid McCawley in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(McCawley, Sigrid) (Entered: 04/13/2016) |
| 04/15/2016 | 98 | ORDER denying in part 96 Motion for Clarification of the Court's order and Forensic examination. Plaintiff's motion for clarification of the Court's March 17, 2016 ruling is denied on the grounds that the following matters were resolved by the Court at the March 17, 2016 hearing as further set forth in this Order. Plaintiff's motion for a forensic examination shall be heard on Thursday, April 28, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Opposition, if any, shall be served on or before April 21, 2016. Plaintiff's reply, if any, shall be served on or before April 25, 2016. (Signed by Judge Robert W. Sweet on 4/15/2016) (spo) (Entered: 04/15/2016) |
| 04/15/2016 | 99 | REPLY to Response to Motion re: 75 MOTION to Compel *Responses to Defendant's First Set of Discovery Requests to Plaintiff*. *Resubmitted*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/15/2016) |
| 04/15/2016 | 100 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 4/15/2016 re: Defendants' requesting that the Reply be placed under seal and that we substitute for public filing a Reply which omits words from page 9 about which Plaintiff complains. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 4/15/2016) (cf) (Entered: 04/15/2016) |
| 04/15/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 100 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (cf) (Entered: 04/15/2016) |

**CMA-014**

| 04/18/2016 | 101 | MOTION to Compel *Plaintiff to Disclose Alleged "On−going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/18/2016) |
| --- | --- | --- |
| 04/19/2016 | 102 | RESPONSE in Opposition to Motion re: 101 MOTION to Compel *Plaintiff to Disclose Alleged "On−going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/19/2016) |
| 04/19/2016 | 103 | DECLARATION of Sigrid McCawley in Opposition re: 101 MOTION to Compel *Plaintiff to Disclose Alleged "On−going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 04/19/2016) |
| 04/19/2016 | 104 | **FILING ERROR − WRONG EVENT TYPE SELECTED FROM MENU −** SUPPLEMENTAL MOTION *to Defendant Ghislaine Maxwell's Objection to Motions for Admission Pro Hac Vice by Paul G. Cassell, and Bradley J Edwards*. Document filed by Ghislaine Maxwell.(Menninger, Laura) Modified on 4/20/2016 (db). (Entered: 04/19/2016) |
| 04/19/2016 | 105 | **FILING ERROR − WRONG EVENT TYPE SELECTED FROM MENU −** DECLARATION of Jeffrey S. Pagliuca in Support re: 104 SUPPLEMENTAL MOTION *to Defendant Ghislaine Maxwell's Objection to Motions for Admission Pro Hac Vice by Paul G. Cassell, and Bradley J Edwards*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) Modified on 4/20/2016 (db). (Entered: 04/19/2016) |
| 04/19/2016 | 106 | ORDER granting in part and denying in part 35 Motion to Compel; granting in part and denying in part 63 Motion for Protective Order; denying 64 Motion to Compel. Plaintiff's motion to compel Defendant to Produce Documents Subject to Improper Objections, filed February 26, 2016, ECF No. 35, was granted in part and denied in part as set forth in open court on March 17, 2016. See ECF Nos. 66, 98. Defendant's motion for a protective order regarding deposition of Defendant, filed March 22, 2016, ECF No. 63, was granted in part and denied in part as set forth in open court on March 24, 2016. Tr. 4:7−7:16, ECF No. 82. Defendant's motion to compel Plaintiff to disclose pursuant to Federal Rule of Civil Procedure 26, filed March 22, 2016, ECF No. 64, was denied with leave granted to refile as set forth in open court on March 24, 2016. Tr. 3:19 4:6. (Signed by Judge Robert W. Sweet on 4/19/2016) (mro) (Entered: 04/20/2016) |
| 04/20/2016 | | **\*\*\*NOTICE TO ATTORNEY TO RE−FILE DOCUMENT − EVENT TYPE ERROR. Notice to Attorney Laura A. Menninger to RE−FILE Document 105 Declaration in Support of Motion. Use the event type Declaration in Support (non−motion) found under the event list Other Answers. (db)** (Entered: 04/20/2016) |
| 04/20/2016 | | **\*\*\*NOTICE TO ATTORNEY TO RE−FILE DOCUMENT − EVENT TYPE ERROR. Notice to Attorney Laura A. Menninger to RE−FILE Document 104 SUPPLEMENTAL MOTION *to Defendant Ghislaine Maxwell's Objection to Motions for Admission Pro Hac Vice by Paul G. Cassell, and Bradley J Edwards*.. Use the event type Response to Motion found under the event list Replies, Opposition and Supporting Documents, then link to 80 and 86 Motions. (db)** (Entered: 04/20/2016) |
| 04/20/2016 | 107 | Objection re: 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12149795. **Motion and supporting papers to be reviewed by Clerk's Office staff.**, 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/20/2016) |
| 04/20/2016 | 108 | DECLARATION of Jeffrey S. Pagliuca in Support re: 107 Objection (non−motion),.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 04/20/2016) |

**CMA-015**

| | | |
|---|---|---|
| 04/20/2016 | 109 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/20/2016) |
| 04/21/2016 | 110 | RESPONSE in Opposition to Motion re: 96 MOTION for Clarification of Court's Order and For Forensic Examination . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/21/2016) |
| 04/21/2016 | 111 | DECLARATION of Laura A. Menninger in Opposition re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 04/21/2016) |
| 04/21/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 4/21/2016 re: [10 MOTION to Compel Plaintiff to Disclose Alleged "On–going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings. filed by Ghislaine Maxwell, 80 MOTION for Paul G. Cassell to Appear Pro Hac Vic Filing fee $ 200.00, receipt number 0208–12149795.Motion and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice Filing fee $ 200.00, receipt number 0208–12160815. Motion and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 75 MOTION to Compel Responses to Defendant's First Set of Discovery Requests to Plaintiff filed by Ghislaine Maxwell. (Court Reporter Steven Greenblum)As set forth in open court, Defendant's motin to compel ECF No. 75 is granted in part and denied in part, the pro hace vice motions of Paul G. Cassell ECF No. 80 and Bradley James Edward ECF No. 86 are denied with leave to renew, and Defndant's motion to compel ECF No. 101 is granted in part and denied in part.(Chan, Tsz) (Entered: 04/21/2016) |
| 04/21/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Motion(s) terminated: 80 MOTION for Paul G. Cassell to Appear Pro Hac Vice Filing fee $ 200.00, receipt number 0208–12149795 Motion and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 75 MOTION to Compel Responses to Defendant's First Set of Discovery Requests to Plaintiff filed by Ghislaine Maxwell, 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice Filing fee $ 200.00, receipt number 0208–12160815 and supporting papers to be reviewed by Clerk's Office staff filed by Virginia L. Giuffre, 101 MOTION to Compel Plaintiff to Disclose Alleged "On–going Criminal Investigations by Law Enforcement [sic]" or, In the Alternative, to Stay Proceedings filed by Ghislaine Maxwell. (Court Reporter Steven Greenblum) (Chan, Tsz) (Entered: 04/21/2016) |
| 04/21/2016 | 112 | MOTION for Paul G. Cassell to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(McCawley, Sigrid) Modified on 4/22/2016 (sdi). Modified on 4/22/2016 (bcu). (Entered: 04/21/2016) |
| 04/21/2016 | 113 | LETTER RESPONSE to Motion addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 21, 2016 re: 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/21/2016) |
| 04/21/2016 | 114 | DECLARATION of Bradley Edwards in Support re: 86 MOTION for Bradley James Edwards to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12160815. **Motion and supporting papers to be reviewed by Clerk's Office staff.**. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 04/21/2016) |
| 04/21/2016 | 115 | MOTION for Bradley J. Edwards to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(McCawley, Sigrid) (Entered: 04/21/2016) |
| 04/21/2016 | 116 | MEMORANDUM OF LAW in Opposition re: 112 MOTION for Paul G. Cassell to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.**, 115 MOTION for Bradley J. Edwards to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/21/2016) |

| 04/21/2016 | 117 | DECLARATION of Menninger in Opposition re: 112 MOTION for Paul G. Cassell to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.**, 115 MOTION for Bradley J. Edwards to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.**. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 04/21/2016) |
|---|---|---|
| 04/22/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 115 MOTION for Bradley J. Edwards to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 04/22/2016) |
| 04/22/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 112 MOTION for Paul G. Cassell to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 04/22/2016) |
| 04/22/2016 | 118 | ORDER FOR ADMISSION PRO HAC VICE granting 115 Motion for Bradley J. Edwards to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 4/22/2016) (mro) (Entered: 04/22/2016) |
| 04/22/2016 | 119 | ORDER FOR ADMISSION PRO HAC VICE: The motion of Paul G. Cassell, for admission to practice Pro Hac Vice in the above captioned action is granted. (Signed by Judge Robert W. Sweet on 4/22/2016)(mro) (Entered: 04/22/2016) |
| 04/25/2016 | 120 | LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 25, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/25/2016) |
| 04/25/2016 | 121 | REPLY MEMORANDUM OF LAW in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination . *REDACTED*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/25/2016) |
| 04/25/2016 | 122 | DECLARATION of Sigrid McCawley in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit REDACTED, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED)(McCawley, Sigrid) (Entered: 04/25/2016) |
| 04/26/2016 | 123 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** AFFIDAVIT of Erika Perez in Support re: 96 MOTION for Clarification of Court's Order and For Forensic Examination .. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 4/27/2016 (ldi). (Entered: 04/26/2016) |
| 04/27/2016 | 124 | MOTION *Unopposed for Adjournment of Hearing on Plaintiff's Motion for Forensic Examination*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/27/2016) |
| 04/27/2016 | 125 | ORDER granting 120 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 4/26/2016) (spo) (Entered: 04/27/2016) |
| 04/27/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 125 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (spo) (Entered: 04/27/2016) |
| 04/27/2016 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE–FILE Document 123 Affidavit in Support of Motion. Use the event type Affidavit of Service Other found under the event list Service of Process. (ldi)** (Entered: 04/27/2016) |
| 04/28/2016 | 126 | AFFIDAVIT OF SERVICE of Plaintiff's Non–Redacted Reply in Support of Motion for Forensic Examination Filed Under Seal served on Laura Menninger and Jeffrey Pagliuca on April 26, 2016. Service was made by E–MAIL. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/28/2016) |
| 04/28/2016 | 127 | ORDER granting 124 Motion to adjourn conference. With respect to Defendant's motion for an adjournment of the April 28, 2016 hearing, filed April 27, 2016, Plaintiff's motion for a forensic examination is adjourned and shall instead be heard at noon on May 12, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. |

| | | |
|---|---|---|
| | | In the event the matter is resolved prior to the hearing, Plaintiff may accordingly withdraw her motion with leave granted to refile, and the parties are directed to jointly notify the Court by letter. This Order resolves ECF No. 124. (Signed by Judge Robert W. Sweet on 4/28/2016) (spo) (Entered: 04/28/2016) |
| 04/28/2016 | | Set/Reset Deadlines as to Motion Hearing set for 5/12/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (spo) (Entered: 04/28/2016) |
| 04/28/2016 | 128 | NOTICE of Submission of Law Enforcement Materials for In Camera Review. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/28/2016) |
| 04/29/2016 | 129 | NOTICE of Filing Under Seal Joint Proposed Redacted Order Regarding Privilege. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/29/2016) |
| 04/29/2016 | 130 | Objection re: 128 Notice (Other) *to Submission of Law Enforcement Materials for In Camera Review*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/29/2016) |
| 05/01/2016 | 131 | RESPONSE re: 130 Objection (non–motion) . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/01/2016) |
| 05/01/2016 | 132 | DECLARATION of Sigrid McCawley in Opposition re: 130 Objection (non–motion). Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit)(McCawley, Sigrid) (Entered: 05/01/2016) |
| 05/02/2016 | 133 | SEALED DOCUMENT placed in vault.(mps) (Entered: 05/02/2016) |
| 05/02/2016 | 134 | ORDER: With respect to Plaintiff's April 28, 2016 in camera submissions, the Plaintiff is directed to submit a log in camera on or before April 4, 2016, identifying the documents at issue, the applicable page range and category of grouped documents (that is, documents spanning more than one page in their original form), the dates of any submission, the law enforcement agency to which provided, any individuals, agencies, or organizations to whom it has been released or made available, and a statement identifying the privilege claimed and any authorities relied upon. The statement concerning privilege and authorities will be provided to the Defendant. (Signed by Judge Robert W. Sweet on 5/2/2016) (spo) (Entered: 05/02/2016) |
| 05/02/2016 | 135 | OPINION #106433 re: 33 MOTION to Compel Defendant Ghislaine Maxwell to Produce Documents Subject to Improper Claim of Privilege, filed by Virginia L. Giuffre. For the foregoing reasons and as set forth above, Plaintiff's motion to compel is granted in part and denied in part. Defendant is directed to produce documents as set forth above on or before April 18, 2016. This matter being subject to a Protective Order dated March 17, 2016, the parties are directed to meet and confer regarding redactions to this Opini6n consistent with that Order. The parties are further directed to jointly file a proposed redacted version of this Opinion or notify the Court that none are necessary within two weeks of the date of receipt of this Opinion. (As further set forth in this Order.) (Signed by Judge Robert W. Sweet on 4/15/2016) (spo) Modified on 5/4/2016 (ca). (Entered: 05/02/2016) |
| 05/03/2016 | 136 | TRANSCRIPT of Proceedings re: conference held on 4/21/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Steven Greenblum, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/27/2016. Redacted Transcript Deadline set for 6/6/2016. Release of Transcript Restriction set for 8/4/2016.(McGuirk, Kelly) (Entered: 05/03/2016) |
| 05/03/2016 | 137 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 4/21/16 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/03/2016) |
| 05/04/2016 | 138 | LETTER MOTION to Seal Document *Brief in Support of the Privilege Claimed for In Camera Submission* addressed to Judge Robert W. Sweet from Sigrid McCawley dated |

| | | |
|---|---|---|
| | | May 4, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/04/2016 | 139 | RESPONSE re: 134 Order,, *Redacted*. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/04/2016 | 140 | DECLARATION of Sigrid McCawley re: 139 Response ., DECLARATION of Sigrid McCawley in Support. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit, # 3 Exhibit)(McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/04/2016 | 141 | NOTICE of In Camera Submission re: 134 Order,,. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/04/2016) |
| 05/05/2016 | 142 | LETTER MOTION to Seal Document *Plaintiff's Motion to Compel Defendant to Answer Deposition Questions* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 5, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/05/2016) |
| 05/05/2016 | 143 | MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/05/2016) |
| 05/05/2016 | 144 | DECLARATION of Sigrid McCawley in Support re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit Redacted, # 3 Exhibit, # 4 Exhibit Redacted, # 5 Exhibit Redacted, # 6 Exhibit Redacted, # 7 Exhibit Redacted)(McCawley, Sigrid) (Entered: 05/05/2016) |
| 05/06/2016 | 145 | ORDER granting 142 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/6/2016) (spo) (Entered: 05/06/2016) |
| 05/06/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 145 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (spo) (Entered: 05/06/2016) |
| 05/06/2016 | 146 | ORDER granting 138 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/6/2016) (spo) (Entered: 05/06/2016) |
| 05/06/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 146 Order on Motion to Seal Document 145 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (spo) (Entered: 05/06/2016) |
| 05/06/2016 | 147 | ORDER: Plaintiff's motion to compel, filed May 5, 2016, shall be heard at noon on Thursday May 12, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 5/12/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/6/2016) (spo) (Entered: 05/06/2016) |
| 05/09/2016 | 148 | REPLY *In Opposition to In Camera Submission*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 05/09/2016) |
| 05/10/2016 | 149 | RESPONSE to Motion re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 05/10/2016) |
| 05/10/2016 | 150 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 05/10/2016) |
| 05/11/2016 | 151 | LETTER MOTION to Seal Document *Plaintiff's Reply In Support of her Motion to Compel* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 11, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/11/2016) |
| 05/11/2016 | 152 | REPLY MEMORANDUM OF LAW in Support re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/11/2016) |

**CMA-019**

| | | |
|---|---|---|
| 05/11/2016 | 153 | DECLARATION of Sigrid McCawley in Support re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1 Redacted, # 2 Exhibit Exhibit 2 Part 1, # 3 Exhibit Exhibit 2 Part 2, # 4 Exhibit Exhibit 2 Part 3, # 5 Exhibit Exhibit 3 Part 1, # 6 Exhibit Exhibit 3 Part 2, # 7 Exhibit Exhibit 4, # 8 Exhibit Exhibit 5, # 9 Exhibit Exhibit 6, # 10 Exhibit Exhibit 7)(McCawley, Sigrid) (Entered: 05/11/2016) |
| 05/12/2016 | 154 | SEALED DOCUMENT placed in vault.(rz) (Entered: 05/12/2016) |
| 05/12/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 5/12/2016 re: 143 MOTION to Compel Defendant Ghislaine Maxwell to Answer Deposition Questions filed by Virginia L. Giuffre. Decision Reserved.The proceeding was filed under seal.The transcript are seal by the Court. (Court Reporter Tom Murray) (Chan, Tsz) (Entered: 05/13/2016) |
| 05/20/2016 | 155 | MOTION to Compel *Non−Privileged Documents*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 05/20/2016) |
| 05/20/2016 | 156 | DECLARATION of Laura A. Menninger in Support re: 155 MOTION to Compel *Non−Privileged Documents*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Menninger, Laura) (Entered: 05/20/2016) |
| 05/23/2016 | 157 | ORDER: Defendant's motion to compel, filed May 20, 2016, shall be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 6/2/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 5/23/2016) (cf) (Entered: 05/23/2016) |
| 05/23/2016 | 158 | ENDORSED LETTER addressed to Judge Robert W. Sweet from LAura A. Menninger dated 5/20/2016 re: Request to file Confidential information Under Seal. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/23/2016) (spo) Modified on 6/13/2016 (tro). (Entered: 05/23/2016) |
| 05/25/2016 | 159 | LETTER MOTION to Seal Document *Plaintiff's Motion for Leave to Serve Three Deposition Subpoenas by Means Other than Personal Service* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 25, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/25/2016) |
| 05/25/2016 | 160 | MOTION for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service *Redacted*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/25/2016) |
| 05/25/2016 | 161 | DECLARATION of Sigrid McCawley in Support re: 160 MOTION for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1, # 2 Exhibit Exhibit 2 Redacted, # 3 Exhibit Composite Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Composite Exhibit 9)(McCawley, Sigrid) (Entered: 05/25/2016) |
| 05/25/2016 | 162 | MOTION for John Stanley Pottinger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12345610. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Virginia L. Giuffre. (Attachments: # 1 Appendix Certificate of Good Standing, # 2 Appendix Proposed Order)(Pottinger, John) (Entered: 05/25/2016) |
| 05/26/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 162 MOTION for John Stanley Pottinger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12345610. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 05/26/2016) |
| 05/26/2016 | 163 | ORDER granting 151 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/26/2016) (spo) (Entered: 05/26/2016) |

**CMA-020**

| | | |
|---|---|---|
| 05/26/2016 | 164 | MOTION to Compel *all Attorney−Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 05/26/2016) |
| 05/26/2016 | 165 | DECLARATION of Laura A. Menninger in Support re: 164 MOTION to Compel *all Attorney−Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q)(Menninger, Laura) (Entered: 05/26/2016) |
| 05/27/2016 | 166 | ORDER: Plaintiff's motion for leave to serve, filed May 25, 2016, shall be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Motion Hearing set for 6/2/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/26/2016) (spo) Modified on 6/13/2016 (tro). (Entered: 05/27/2016) |
| 05/27/2016 | 167 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 5/26/2016 re: Request to file under seal. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/27/2016) (spo) (Entered: 05/27/2016) |
| 05/27/2016 | 168 | ORDER granting 159 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/27/2016) (spo) (Entered: 05/27/2016) |
| 05/27/2016 | 169 | ORDER. Defendant's motion to compel, filed May 26, 2016, shall be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. It is so ordered. (Oral Argument set for 6/2/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/27/2016) (rjm) (Entered: 05/27/2016) |
| 05/27/2016 | 170 | ORDER FOR ADMISSION PRO HAC VICE granting 162 Motion for J. Stanley Pottinger to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 5/26/2016) (kgo) (Entered: 05/27/2016) |
| 05/27/2016 | 171 | LETTER MOTION to Seal Document *Plaintiff's Motion to Exceed Presumptive Ten Deposition Limit* addressed to Judge Robert W. Sweet from Sigrid McCawley dated May 27, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/27/2016) |
| 05/27/2016 | 172 | MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/27/2016) |
| 05/27/2016 | 173 | DECLARATION of Sigrid McCawley in Support re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5 Redacted, # 6 Exhibit Exhibit 6 Redacted, # 7 Exhibit Exhibit 7 Part 1, # 8 Exhibit Exhibit 7 Part 2, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9)(McCawley, Sigrid) (Entered: 05/27/2016) |
| 05/27/2016 | 174 | ORDER: All pending motions scheduled to be heard at noon on Thursday June 2, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street are advanced to 10:00 am. Motion Hearing set for 6/2/2016 at 10:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 5/27/2016) (kgo) (Entered: 05/27/2016) |
| 05/27/2016 | 175 | NOTICE of of Acceptance of Service re: 160 MOTION for Leave to Serve Three Deposition Subpoenas by Means Other Than Personal Service *Redacted*.. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 05/27/2016) |
| 05/27/2016 | 176 | MOTION for Extension of Time *to Respond to 24−Page Motion on Attorney−Client Waiver Issues*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 05/27/2016) |
| 05/31/2016 | 177 | LETTER MOTION to Seal Document *Response in Opposition to Defendant's Motion to Compel Non−Privileged Documents* addressed to Judge Robert W. Sweet from Meredith Schultz dated May 31, 2016. Document filed by Virginia L. Giuffre.(Schultz, |

| | | |
|---|---|---|
| | | Meredith) (Entered: 05/31/2016) |
| 05/31/2016 | 178 | ORDER granting 171 Motion to Seal Document Plaintiff's Motion to Exceed Presumptive Ten Deposition Limit. So ordered. (Signed by Judge Robert W. Sweet on 5/31/2016) (kko) (Entered: 05/31/2016) |
| 05/31/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 178 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (kko) (Entered: 05/31/2016) |
| 05/31/2016 | 179 | RESPONSE in Opposition to Motion re: 155 MOTION to Compel *Non−Privileged Documents.*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 05/31/2016) |
| 05/31/2016 | 180 | DECLARATION of Meredith L. Schultz in Opposition re: 155 MOTION to Compel *Non−Privileged Documents.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit Redacted, # 3 Exhibit Redacted, # 4 Exhibit, # 5 Redacted, # 6 Redacted, # 7 Exhibit)(Schultz, Meredith) (Entered: 05/31/2016) |
| 06/01/2016 | 181 | LETTER MOTION to Seal Document 164 MOTION to Compel *all Attorney−Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys.* addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/01/16. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/01/2016 | 182 | FIRST MOTION for Leave to File Excess Pages . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/01/2016 | 183 | ORDER granting 177 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 5/31/2016) (cf) (Entered: 06/01/2016) |
| 06/01/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 183 Order to the Sealed Records Clerk for the sealing or unsealing of document or case. (cf) (Entered: 06/01/2016) |
| 06/01/2016 | 184 | RESPONSE in Opposition to Motion re: 164 MOTION to Compel *all Attorney−Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/01/2016 | 185 | DECLARATION of Sigrid S. McCawley in Opposition re: 181 LETTER MOTION to Seal Document 164 MOTION to Compel *all Attorney−Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys.* addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/01/16.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 Sealed, # 3 Exhibit 3 Sealed, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11 Sealed, # 12 Exhibit 12, # 13 Exhibit 13 Sealed, # 14 Exhibit 14 Sealed, # 15 Exhibit 15 Sealed, # 16 Exhibit 16 Sealed)(McCawley, Sigrid) (Entered: 06/01/2016) |
| 06/02/2016 | | Minute Entry The motions on June 2, 2016 was taken on submission. (Chan, Tsz) (Entered: 06/07/2016) |
| 06/03/2016 | 186 | ORDER granting 181 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 6/3/2016) (kl) (Entered: 06/03/2016) |
| 06/03/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 186 Order on Motion to Seal Document, to the Sealed Records Clerk for the sealing or unsealing of document or case. (kl) (Entered: 06/03/2016) |
| 06/06/2016 | 187 | ORDER: Plaintiff's motion to exceed the ten deposition limit shall be returnable on submission on June 16, 2016. All papers shall be served in accordance with Local Civil Rule 6.1. (Signed by Judge Robert W. Sweet on 6/6/2016) (cf) (Entered: 06/06/2016) |
| 06/06/2016 | 188 | MEMO ENDORSEMENT granting 176 Motion for Extension of Time to respond to motion. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/31/2016) (spo) (Entered: 06/06/2016) |
| 06/06/2016 | 189 | RESPONSE in Opposition to Motion re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. . Document filed by Ghislaine Maxwell. (Menninger, |

**CMA-022**

| | | |
|---|---|---|
| | | Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 190 | DECLARATION of Laura A. Menninger in Opposition re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 191 | REPLY to Response to Motion re: 155 MOTION to Compel *Non−Privileged Documents*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 192 | DECLARATION of Laura A. Menninger in Support re: 155 MOTION to Compel *Non−Privileged Documents*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit K, # 2 Exhibit L, # 3 Exhibit M)(Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 193 | REPLY to Response to Motion re: 164 MOTION to Compel *all Attorney−Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/06/2016) |
| 06/06/2016 | 194 | DECLARATION of Laura A. Menninger in Support re: 164 MOTION to Compel *all Attorney−Client Communications and Work Product Put At Issue by Plaintiff and Her Attorneys*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit Q, # 2 Exhibit R, # 3 Exhibit S)(Menninger, Laura) (Entered: 06/06/2016) |
| 06/07/2016 | 195 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/6/2016 re: Letter motion for file exhibits. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/7/2016) (spo) (Entered: 06/07/2016) |
| 06/07/2016 | 196 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/6/2016 re: Request to file exhibit S. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/7/2016) (spo) (Entered: 06/07/2016) |
| 06/07/2016 | 197 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/6/2016 re: Request to file exhibit A. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/7/2016) (spo) (Entered: 06/07/2016) |
| 06/08/2016 | 198 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/08/2016) |
| 06/10/2016 | 199 | MOTION for Extension of Time *to Complete Depositions*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/10/2016) |
| 06/10/2016 | 200 | DECLARATION of Sigrid S. McCawley in Support re: 199 MOTION for Extension of Time *to Complete Depositions*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit)(Schultz, Meredith) (Entered: 06/10/2016) |
| 06/13/2016 | 201 | MOTION to Maintain Confidentiality Designation . Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 202 | LETTER MOTION to Seal Document *re Reply* addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 203 | RESPONSE in Support of Motion re: 202 LETTER MOTION to Seal Document *re Reply* addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016., 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 204 | DECLARATION of Sigrid S. McCawley in Support re: 202 LETTER MOTION to Seal Document *re Reply* addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016., 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Sealed), # 2 Exhibit 2 (Sealed), # 3 Exhibit 3 (Sealed))(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 205 | MOTION for Protective Order *re Subpoena to Apple, Inc*. Seeking Production of All of *Ms. Giuffre's Sent and Received Emails and Relevant Data*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 206 | DECLARATION of Meredith L. Schultz in Support re: 205 MOTION for Protective Order *re Subpoena to Apple, Inc*. Seeking Production of All of *Ms. Giuffre's Sent and |

| | | |
|---|---|---|
| | | *Received Emails and Relevant Data.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit)(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 207 | MOTION for Protective Order *re the Subpoena to Microsoft Corporation Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Related Data.* Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/13/2016 | 208 | DECLARATION of Meredith L Schultz in Support re: 207 MOTION for Protective Order *re the Subpoena to Microsoft Corporation Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Related Data.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit)(Schultz, Meredith) (Entered: 06/13/2016) |
| 06/14/2016 | 209 | ORDER granting 202 LETTER MOTION to Seal Document re Reply addressed to Judge Robert W. Sweet from Meredith Schultz dated 06/13/2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 6/14/2016) (rjm) (Entered: 06/14/2016) |
| 06/14/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 209 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/14/2016) |
| 06/14/2016 | 210 | ORDER. Plaintiff's motions for a protective order, to maintain the confidentiality designations, and for an extension of time shall be heard at noon on Thursday June 23, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. It is so ordered. (Oral Argument set for 6/23/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 6/14/2016) (rjm) (Entered: 06/14/2016) |
| 06/14/2016 | 211 | REPLY to Response to Motion re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted. CORRECTED.* Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/14/2016) |
| 06/14/2016 | 212 | DECLARATION of Meredith L Schultz in Support re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit SEALED, # 2 Exhibit SEALED, # 3 Exhibit SEALED)(Schultz, Meredith) (Entered: 06/14/2016) |
| 06/15/2016 | 213 | NOTICE OF APPEARANCE by Eric Joel Feder on behalf of Sharon Churcher. (Feder, Eric) (Entered: 06/15/2016) |
| 06/15/2016 | 214 | NOTICE OF APPEARANCE by Laura R. Handman on behalf of Sharon Churcher. (Handman, Laura) (Entered: 06/15/2016) |
| 06/15/2016 | 215 | MOTION to Quash subpoena of Sharon Churcher . Document filed by Sharon Churcher.(Handman, Laura) (Entered: 06/15/2016) |
| 06/15/2016 | 216 | DECLARATION of Sharon Churcher in Support re: 215 MOTION to Quash subpoena of Sharon Churcher .. Document filed by Sharon Churcher. (Attachments: # 1 Exhibit 1 to Churcher Decl., # 2 Exhibit 2 to Churcher Decl., # 3 Exhibit 3 to Churcher Decl., # 4 Exhibit 4 to Churcher Decl., # 5 Exhibit 5 to Churcher Decl., # 6 Exhibit 6 to Churcher Decl., # 7 Exhibit 7 to Churcher Decl., # 8 Exhibit 8 to Churcher Decl.)(Feder, Eric) (Entered: 06/15/2016) |
| 06/15/2016 | 217 | DECLARATION of Laura R. Handman in Support re: 215 MOTION to Quash subpoena of Sharon Churcher .. Document filed by Sharon Churcher. (Attachments: # 1 Exhibit A to Handman Decl.)(Feder, Eric) (Entered: 06/15/2016) |
| 06/15/2016 | 218 | MEMORANDUM OF LAW in Support re: 215 MOTION to Quash subpoena of Sharon Churcher . . Document filed by Sharon Churcher. (Feder, Eric) (Entered: 06/15/2016) |
| 06/16/2016 | 219 | MOTION for Gregory Lawrence Poe to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12430113. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jeffrey Epstein. (Attachments: # 1 Appendix Certificate of Good Standing, # 2 Text of Proposed Order Proposed Order)(Poe, Gregory) (Entered: 06/16/2016) |

| 06/16/2016 | 220 | NOTICE OF APPEARANCE by Rachel S Li Wai Suen on behalf of Jeffrey Epstein. (Li Wai Suen, Rachel) (Entered: 06/16/2016) |
|---|---|---|
| 06/16/2016 | 221 | MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. Document filed by Jeffrey Epstein.(Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | 222 | MEMORANDUM OF LAW in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. . Document filed by Jeffrey Epstein. (Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | 223 | DECLARATION of Gregory L. Poe in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. . Document filed by Jeffrey Epstein. (Attachments: # 1 Exhibit 1 to Poe Decl., # 2 Exhibit 2 to Poe Decl., # 3 Exhibit 3 to Poe Decl., # 4 Exhibit 4 to Poe Decl., # 5 Exhibit 5 to Poe Decl., # 6 Exhibit 6 to Poe Decl., # 7 Exhibit 7 to Poe Decl.)(Li Wai Suen, Rachel) (Entered: 06/16/2016) |
| 06/16/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 219 MOTION for Gregory Lawrence Poe to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12430113. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 06/16/2016) |
| 06/17/2016 | | **\*\*\*DELETED DOCUMENT. Deleted document number 224 Reply. The document was incorrectly filed in this case. (rj)** (Entered: 06/17/2016) |
| 06/17/2016 | 224 | REPLY to Response to Motion re: 172 MOTION To Exceed Presumptive Ten Deposition Limit *Redacted*. *AMENDED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/17/2016) |
| 06/20/2016 | 225 | ORDER FOR ADMISSION PRO HAC VICE: granting 219 Motion for Gregory Lawrence Poe to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 6/20/2016) (ama) (Entered: 06/20/2016) |
| 06/20/2016 | 226 | ORDER: Jeffrey Epstein's motion to quash shall be heard at noon on Thursday June 23, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. IT IS SO ORDERED., Set Deadlines/Hearing as to ( Motion Hearing set for 6/23/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 6/20/2016) (ama) (Entered: 06/20/2016) |
| 06/20/2016 | 227 | ORDER: Sharon Churcher' s motion to quash shall be heard at noon on Thursday June 23, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. IT IS SO ORDERED., Set Deadlines/Hearing as to ( Motion Hearing set for 6/23/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 6/20/2016) (ama) (Entered: 06/20/2016) |
| 06/20/2016 | 228 | RESPONSE in Opposition to Motion re: 199 MOTION for Extension of Time *to Complete Depositions*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 229 | DECLARATION of Laura A. Menninger in Opposition re: 199 MOTION for Extension of Time *to Complete Depositions*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 230 | MOTION to Reopen Deposition of Plaintiff Virginia Giuffre . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 06/20/2016) |
| 06/20/2016 | 231 | MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 06/20/2016) |

| 06/20/2016 | 232 | DECLARATION of Laura A. Menninger in Support re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Menninger, Laura) (Entered: 06/20/2016) |
| --- | --- | --- |
| 06/20/2016 | 233 | RESPONSE in Opposition to Motion re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 06/20/2016) |
| 06/20/2016 | 234 | DECLARATION of Sigrid S. McCawley in Opposition re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5 Part 1 of 3, # 6 Exhibit Exhibit 5 Part 2 of 3, # 7 Exhibit Exhibit 5 Part 3 of 3)(McCawley, Sigrid) (Entered: 06/20/2016) |
| 06/21/2016 | 235 | DECLARATION of Laura A. Menninger in Support re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N)(Menninger, Laura) (Entered: 06/21/2016) |
| 06/21/2016 | 236 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/20/2016 re: This is a letter motion to file under seal the following Motions, as well as Declarations and certain exhibits thereto, under seal pursuant to this Court's Protective Order (Doc. #62), the documents as further specified and listed in this letter. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/20/2016) (rjm) (Entered: 06/21/2016) |
| 06/21/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 236 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/21/2016) |
| 06/21/2016 | 237 | ORDER with respect to 230 Motion to Reopen Plaintiff's deposition; with respect to 231 Motion for Sanctions: Defendant's motion to reopen Plaintiff's deposition and motion for sanctions shall be taken on submission returnable Thursday, June 30, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Signed by Judge Robert W. Sweet on 6/21/2016) (tn) (Entered: 06/21/2016) |
| 06/21/2016 | 238 | REPLY MEMORANDUM OF LAW in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*. . Document filed by Jeffrey Epstein. (Li Wai Suen, Rachel) (Entered: 06/21/2016) |
| 06/21/2016 | 239 | DECLARATION of Gregory L. Poe (Supplemental Declaration) in Support re: 221 MOTION to Quash Subpoena of Jeffrey Epstein *or in the Alternative Modify Subpoena and for a Protective Order*.. Document filed by Jeffrey Epstein. (Attachments: # 1 Exhibit 1)(Li Wai Suen, Rachel) (Entered: 06/21/2016) |
| 06/22/2016 | 240 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/22/2016) |
| 06/22/2016 | 241 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/22/2016) |
| 06/22/2016 | 242 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/22/2016) |
| 06/22/2016 | 243 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/22/2016) |
| 06/22/2016 | 244 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/22/2016) |
| 06/22/2016 | 245 | LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated June 22, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 06/22/2016) |
| 06/22/2016 | 246 | RESPONSE in Opposition to Motion re: 215 MOTION to Quash subpoena of Sharon Churcher . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 06/22/2016) |

**CMA-026**

| | | |
|---|---|---|
| 06/22/2016 | 247 | DECLARATION of Laura A. Menninger in Opposition re: 215 MOTION to Quash subpoena of Sharon Churcher .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 06/22/2016) |
| 06/22/2016 | 248 | REPLY MEMORANDUM OF LAW in Support re: 199 MOTION for Extension of Time *to Complete Depositions*. *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/22/2016) |
| 06/22/2016 | 249 | DECLARATION of Sigrid McCawley in Support re: 199 MOTION for Extension of Time *to Complete Depositions*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit REDACTED, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit REDACTED, # 14 Exhibit REDACTED, # 15 Exhibit REDACTED)(Schultz, Meredith) (Entered: 06/22/2016) |
| 06/23/2016 | 251 | ORDER: The Clerk of Court is directed to place the above entitled docket under seal. (Signed by Judge Robert W. Sweet on 6/23/2016) (tro) (Entered: 06/24/2016) |
| 06/23/2016 | 254 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/22/2016 re: This is a letter motion to file under seal the Defendant's Response to Nonparty Sharon Churcher's Motion tn Quash Subpoena, as well as Declaration and certain exhibits thereto, under seal pursuant to this Court's Protective Order (Doc. #62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 6/23/2016) (rjm) (Entered: 06/24/2016) |
| 06/23/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 254 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/24/2016) |
| 06/23/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 6/23/2016 re: 221 MOTION to Quash Subpoena of Jeffrey Epstein or in the Alternative Modify Subpoena and for a Protective Order filed by Jeffrey Epstein, 205 MOTION for Protective Order re Subpoena to Apple, Inc. Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Relevant Data filed by Virginia L. Giuffre, 215 MOTION to Quash subpoena of Sharon Churcher filed by Sharon Churcher, 207 MOTION for Protective Order re the Subpoena to Microsoft Corporation Seeking Production of All of Ms. Giuffre's Sent and Received Emails and Related Data filed by Virginia L. Giuffre. Motion to extend: Granted. Counsel is directed to meet and confer on a further schedule.Confidentiality designation : Motion granted, confidentiality will be maintained.Apple Subpoena: Motion to quash granted.Microsoft Subpoena: Motion to quash granted, with leave to renew.Churcher Subpoena: Decision reserved.Epstein Subpoena: Reserved on the bench (order subsequently filed denied the motion to quash). (Court Reporter Vincent Bologna) (Chan, Tsz) (Entered: 06/27/2016) |
| 06/24/2016 | 250 | ORDER, The Court directs the Clerk of Court and Records Department to unseal the docket and seal ECF No. 246. It is so ordered. (Signed by Judge Robert W. Sweet on 06/24/2016) (mps) (Entered: 06/24/2016) |
| 06/24/2016 | 252 | MEMO ENDORSEMENT on NOTICE OF MOTION TO QUASH (OR IN THE ALTERNATIVE MODIFY) SUBPOENA AND FOR A PROTECTIVE ORDER. ENDORSEMENT: The motion to quash is denied. So ordered. Denying 221 Motion to Quash. (Signed by Judge Robert W. Sweet on 6/23/2016) (rjm) (Entered: 06/24/2016) |
| 06/24/2016 | 253 | ORDER granting 245 LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated June 22, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 6/23/2016) (rjm) (Entered: 06/24/2016) |
| 06/24/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 253 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 06/24/2016) |
| 06/28/2016 | 255 | LETTER MOTION to Seal Document *Plaintiff's Response in Opposition to Defendant's Motion for Rule 37 Sanctions* addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/28/2016) |

**CMA-027**

| | | |
|---|---|---|
| 06/28/2016 | 256 | LETTER MOTION to Seal Document *Plaintiff's Response in Opposition to Defendant's Motion to Reopen Plaintiff's Deposition* addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 257 | RESPONSE in Opposition to Motion re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*. *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 258 | DECLARATION of Sigrid McCawley in Opposition re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED, # 10 Errata REDACTED)(Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 259 | RESPONSE in Opposition to Motion re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre . *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 06/28/2016) |
| 06/28/2016 | 260 | DECLARATION of Sigrid McCawley in Opposition re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED)(Schultz, Meredith) (Entered: 06/28/2016) |
| 07/01/2016 | 261 | RESPONSE in Opposition to Motion re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*. *REDACTED–CORRECTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 07/01/2016) |
| 07/05/2016 | 262 | LETTER MOTION for Leave to File *Reply Brief in Further Support of Motion to Quash* addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016., LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016. Document filed by Sharon Churcher.(Feder, Eric) (Entered: 07/05/2016) |
| 07/05/2016 | 263 | REPLY MEMORANDUM OF LAW in Support re: 215 MOTION to Quash subpoena of Sharon Churcher . . Document filed by Sharon Churcher. (Feder, Eric) (Entered: 07/05/2016) |
| 07/05/2016 | 264 | NOTICE of of FILING REDACTED OPINION. Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order Proposed Redacted Opinion)(Schultz, Meredith) (Entered: 07/05/2016) |
| 07/07/2016 | 265 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 6/30/2016 re: I write to request a brief 3–day extension of time to file Ms. Maxwell's Reply in Support of her Motions to Re–open Plaintiff's Deposition and for Rule 37(b) and (c) Sanctions until July 8, 2016. ENDORSEMENT: So ordered. (Replies due by 7/8/2016.) (Signed by Judge Robert W. Sweet on 7/5/2016) (rjm) (Entered: 07/07/2016) |
| 07/07/2016 | 266 | ORDER granting 255 LETTER MOTION to Seal Document Plaintiff's Response in Opposition to Defendant's Motion for Rule 37 Sanctions addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 7/5/2016) (rjm) (Entered: 07/07/2016) |
| 07/07/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 266 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/07/2016) |
| 07/08/2016 | 267 | REPLY to Response to Motion re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 07/08/2016) |

| | | |
|---|---|---|
| 07/08/2016 | 268 | DECLARATION of Laura A. Menninger in Support re: 230 MOTION to Reopen Deposition of Plaintiff Virginia Giuffre .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit O, # 2 Exhibit P)(Menninger, Laura) (Entered: 07/08/2016) |
| 07/08/2016 | 269 | REPLY to Response to Motion re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a).* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 07/08/2016) |
| 07/08/2016 | 270 | DECLARATION of Laura A. Menninger in Support re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit O, # 2 Exhibit P, # 3 Exhibit Q, # 4 Exhibit R, # 5 Exhibit S, # 6 Exhibit T)(Menninger, Laura) (Entered: 07/08/2016) |
| 07/12/2016 | 271 | LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Meredith Schultz dated July 12, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/12/2016) |
| 07/12/2016 | 272 | LETTER MOTION for Leave to File Sur–Reply addressed to Judge Robert W. Sweet from Sigrid McCawley dated July 12, 2016. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED Sur–Reply, # 2 Exhibit REDACTED Declaration, # 3 Exhibit REDACTED Exhibit 1, # 4 Exhibit REDACTED Exhibit 2, # 5 Exhibit REDACTED Exhibit 3, # 6 Exhibit REDACTED Exhibit 4, # 7 Exhibit REDACTED Exhibit 5, # 8 Exhibit REDACTED Exhibit 6, # 9 Exhibit REDACTED Exhibit 7, # 10 Exhibit REDACTED Exhibit 8)(Schultz, Meredith) (Entered: 07/12/2016) |
| 07/13/2016 | 273 | ORDER granting 256 LETTER MOTION to Seal Document Plaintiff's Response in Opposition to Defendant's Motion to Reopen Plaintiff's Deposition addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 7/11/2016) (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 273 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | 274 | MEMO ENDORSEMENT on THE PARTIES' AGREED NOTICE OF FILING REDACTED OPINION. ENDORSEMENT: So ordered. re: 264 NOTICE of of FILING REDACTED OPINION. Document filed by Virginia L. Giuffre. (Signed by Judge Robert W. Sweet on 7/11/2016) (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 274 Memo Endorsement to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | 275 | ORDER granting 262 LETTER MOTION for Leave to File Reply Brief in Further Support of Motion to Quash addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016. LETTER MOTION to Seal Document addressed to Judge Robert W. Sweet from Eric J. Feder dated July 5, 2016. Document filed by Sharon Churcher. So ordered. (Signed by Judge Robert W. Sweet on 7/11/2016) (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 275 Order on Motion for Leave to File Document, Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 07/13/2016) |
| 07/13/2016 | 276 | TRANSCRIPT of Proceedings re: motion held on 6/23/2016 before Judge Robert W. Sweet. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/8/2016. Redacted Transcript Deadline set for 8/18/2016. Release of Transcript Restriction set for 10/14/2016.(McGuirk, Kelly) (Entered: 07/13/2016) |
| 07/13/2016 | 277 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a MOTION proceeding held on 6/23/16 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) |

## CMA-029

| | | |
|---|---|---|
| | | calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 07/13/2016) |
| 07/13/2016 | 278 | LETTER MOTION to Seal Document *Plaintiff's Motion for an Adverse Inference Instruction* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 13, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/13/2016) |
| 07/13/2016 | 279 | MOTION for Sanctions *Motion for Adverse Inference Instruction REDACTED*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/13/2016) |
| 07/13/2016 | 280 | DECLARATION of Meredith Schultz in Support re: 279 MOTION for Sanctions *Motion for Adverse Inference Instruction REDACTED*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit)(Schultz, Meredith) (Entered: 07/13/2016) |
| 07/15/2016 | 281 | ORDER granting 271 Motion to Seal Document: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 282 | ORDER granting 278 Motion to Seal Document. SO ORDERED.(Signed by Judge Robert W. Sweet on 7/15/2016) (ama) (Entered: 07/15/2016) |
| 07/15/2016 | 283 | ORDER: Cassell's motion to quash shall be taken on submission returnable Thursday, August 4, 2016. All papers shall be served in accordance with Local Civil Rule 6.1. (Signed by Judge Robert W. Sweet on 7/11/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 284 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/8/2016 re: that the Court permit the filing of Ms. Maxwell's Reply In Support Of Motion for Rule 37(b) & (c) Sanctions For Failure To Comply With Court Order And Failure To Comply With Rule 26(a) in excess of the 10 pages permitted pursuant to this Court's Practice Standard 2D. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 285 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/8/2016 re: Ms. Maxwell therefore requests permission to file the Confidential information under seal. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 286 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/13/2016 re: letter motion to file Ms. Maxwell's Letter Motion requesting the Court to strike and disregard Plaintiff's Sur–Reply in Response to Defendant's Reply in Support of Motion for Sanctions. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) Modified on 7/15/2016 (tn). (Entered: 07/15/2016) |
| 07/15/2016 | 287 | ORDER with respect to 279 Motion for Sanctions: Plaintiff's motion for an adverse inference instruction shall be taken in submission returnable August 11, 2016. All papers shall be served in accordance with Local Civil Rule 6.1 and pursuant to this Court's previous orders. (Signed by Judge Robert W. Sweet on 7/15/2016) (tn) (Entered: 07/15/2016) |
| 07/15/2016 | 288 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 2016. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Menninger, Laura) Modified on 7/22/2016 (db). (Entered: 07/15/2016) |
| 07/18/2016 | 289 | LETTER MOTION to Seal Document *Response in Opposition to Defendant's Letter Motion to Strike* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 18, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/18/2016) |
| 07/18/2016 | 290 | LETTER RESPONSE in Opposition to Motion addressed to Judge Robert W. Sweet from Meredith Schultz dated July 18, 2016 re: 288 LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction* |

| | | |
|---|---|---|
| | | *Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 201 *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 07/18/2016) |
| 07/18/2016 | 291 | DECLARATION of Meredith Schultz in Opposition re: 288 LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 201. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED)(Schultz, Meredith) (Entered: 07/18/2016) |
| 07/19/2016 | 292 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/19/2016) |
| 07/19/2016 | 293 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/19/2016) |
| 07/19/2016 | 294 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/19/2016) |
| 07/19/2016 | 295 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/19/2016) |
| 07/19/2016 | 296 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/13/2016 re: Defendant Maxwell requests the Court strike and disregard Plaintiff's Sur–Reply in Response to Defendant's Reply in Support of Motion for Sanctions, or in the alternative, permit Ms. Maxwell to file a Sur Sur–Reply responding to both the matters raised therein and new documents disclosed contemporaneously with the Sur–Reply. ENDORSEMENT: Sur sur reply permitted. So ordered. (Signed by Judge Robert W. Sweet on 7/18/2016) (kko) (Entered: 07/19/2016) |
| 07/20/2016 | 297 | ORDER granting 289 Motion to Seal Document: So ordered. (Signed by Judge Robert W. Sweet on 7/19/2016) (tn) (Entered: 07/20/2016) |
| 07/20/2016 | 298 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/20/2016) |
| 07/21/2016 | 299 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/21/2016) |
| 07/22/2016 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Laura A. Menninger to RE–FILE Document 288 LETTER MOTION for Discovery *to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P* addressed to Judge Robert W. Sweet from Laura A. Menninger dated June 15, 201. Use the event type Letter found under the event list Other Documents. (db)** (Entered: 07/22/2016) |
| 07/22/2016 | 300 | LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated July 15, 2016 re: Motion to Strike Plaintiff Virginia Giuffre's Motion for an Adverse Inference Instruction Pursuant to Rule 37(b), (e), and (f), Fed.R.Civ.P. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Menninger, Laura) (Entered: 07/22/2016) |
| 07/22/2016 | 301 | ORDER: Defendant's motion to strike Plaintiff's motion for an Adverse Inference Instruction, ECF No. 288 is denied. The parties are directed to submit proposed search terms and any briefs in support for court determination within ten days of the date of filing of this order. The briefing schedule and submission date for Plaintiff's motion for an Adverse Inference Instruction, ECF No. 279, set forth in the Court's July 15, 2016 Order, ECF No. 287, is adjourned. A briefing schedule and submission date will be set after search terms are determined. (Signed by Judge Robert W. Sweet on 7/20/2016) (cf) (Entered: 07/22/2016) |
| 07/25/2016 | 302 | JOINT MOTION Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order re: 13 Scheduling Order, . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 07/25/2016) |
| 07/25/2016 | 303 | REPLY to Response to Motion re: 272 LETTER MOTION for Leave to File Sur–Reply addressed to Judge Robert W. Sweet from Sigrid McCawley dated July 12, 2016. *Defendant's Sur Sur–Reply In Support of Motion for Rule 37(b) & (c) Sanctions*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 07/25/2016) |

**CMA-031**

| | | |
|---|---|---|
| 07/25/2016 | 304 | DECLARATION of Laura A. Menninger in Support re: 231 MOTION for Sanctions *37(b) & (c) for Failure to Comply with Court Order and Failure to Comply with Rule 26(a)..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit U, # 2 Exhibit V, # 3 Exhibit W, # 4 Exhibit X)(Menninger, Laura) (Entered: 07/25/2016) |
| 07/25/2016 | 305 | LETTER MOTION to Seal Document *Plaintiff's Motion for an Extension of Time to Serve Process Upon and Depose Ross Gow* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 25, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 306 | MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow.* Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 307 | DECLARATION of Meredith Schultz in Support re: 306 MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit)(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 308 | MOTION for Sanctions *and finding Civil Contempt against Sarah Kellen for Ignoring Subpoena.* Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 309 | DECLARATION of Meredith Schultz in Support re: 308 MOTION for Sanctions *and finding Civil Contempt against Sarah Kellen for Ignoring Subpoena..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 310 | MOTION for Sanctions *and for Finding of Civil Contempt Against Nadia Marcinkova for Ignoring Subpoena.* Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/25/2016 | 311 | DECLARATION of Meredith Schultz in Support re: 310 MOTION for Sanctions *and for Finding of Civil Contempt Against Nadia Marcinkova for Ignoring Subpoena..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Schultz, Meredith) (Entered: 07/25/2016) |
| 07/29/2016 | 312 | LETTER MOTION to Seal Document *Notice of Supplemental Authority* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 29, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/29/2016) |
| 07/29/2016 | 313 | NOTICE of Supplemental Authority re: 257 Response in Opposition to Motion. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED)(Schultz, Meredith) (Entered: 07/29/2016) |
| 07/29/2016 | 314 | LETTER MOTION to Seal Document *Motion to Enforce the Court's Order* addressed to Judge Robert W. Sweet from Meredith Schultz dated July 29, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 07/29/2016) |
| 07/29/2016 | 315 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions.* Document filed by Virginia L. Giuffre.(Schultz, Meredith) Modified on 8/10/2016 (db). (Entered: 07/29/2016) |
| 07/29/2016 | 316 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** DECLARATION of Meredith Schultz in Support re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED)(Schultz, Meredith) Modified on 8/10/2016 (db). (Entered: 07/29/2016) |
| 08/01/2016 | 317 | MEMO ENDORSEMENT on PROPOSED DISCOVERY AND CASE MANAGEMENT DEADLINES AND REQUEST TO MODIFY PRETRIAL SCHEDULING ORDER. ENDORSEMENT: So ordered. Granting 302 JOINT MOTION Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order re: 13 Scheduling Order. Document filed by |

**CMA-032**

| | | |
|---|---|---|
| | | Ghislaine Maxwell. (Signed by Judge Robert W. Sweet on 7/30/2016) (rjm). (Entered: 08/01/2016) |
| 08/01/2016 | | Set/Reset Deadlines: Deposition due by 10/14/2016. Motions in Limine due by 11/21/2016. Pretrial Order due by 11/21/2016. (rjm) (Entered: 08/01/2016) |
| 08/01/2016 | 318 | ORDER: Plaintiff's motions for a finding of civil contempt against Sarah Kellen and Nadia Marcinkova shall be taken on submission returnable August 25, 2016. All papers shall be served in accordance with Local Civil Rule 6.1 and pursuant to this Court's previous orders. (Signed by Judge Robert W. Sweet on 7/30/2016) (cf) (Entered: 08/01/2016) |
| 08/01/2016 | 319 | ORDER granting 305 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 7/30/2016) (cf) (Entered: 08/01/2016) |
| 08/01/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 319 Order to the Sealed Records Clerk for the sealing or unsealing of document or case. (cf) (Entered: 08/01/2016) |
| 08/01/2016 | 320 | MOTION *Defendant's Submission Regarding "Search Terms" And Notice Of Compliance With Court Order Concerning Forensic Examination Of Devices*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 08/01/2016) |
| 08/01/2016 | 321 | DECLARATION of Laura A. Menninger in Support re: 320 MOTION *Defendant's Submission Regarding "Search Terms" And Notice Of Compliance With Court Order Concerning Forensic Examination Of Devices*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 08/01/2016) |
| 08/01/2016 | 322 | LETTER MOTION to Seal Document *Plaintiff's Proposed Search Terms* addressed to Judge Robert W. Sweet from Meredith Schutlz dated August 1, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/01/2016) |
| 08/01/2016 | 323 | NOTICE of of Sumbission of Proposed Search Terms re: 301 Order,,. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/01/2016) |
| 08/02/2016 | 324 | SEALED DOCUMENT placed in vault.(rz) (Entered: 08/02/2016) |
| 08/02/2016 | 325 | ORDER granting 314 Motion to Seal Document. So ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 325 Order on Motion to Seal Document, to the Sealed Records Clerk for the sealing or unsealing of document or case. (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 326 | ORDER: Plaintiff's second motion to compel defendant to answer deposition questions shall be taken on submission returnable August 18, 2016. All papers shall be served in accordance with Local Civil Rule 6.1 and pursuant to this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 327 | ORDER: Plaintiff's motion for an extension of time to serve process upon and depose Ross Gow shall be taken on submission returnable August 11, 2016. All papers shall be served pursuant to this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 328 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 7/25/2016 re: This is a letter motion to file Ms. Maxwell's Sur Sur–Reply In Support of Motion for Rule 37(b) & (c) Sanctions exhibits under seal pursuant to this Court's Protective Order (Doc. # 62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |
| 08/02/2016 | 329 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/1/2016 re: This is a letter motion to file Ms. Maxwell's Submission Regarding "Search Terms" and Notice of Compliance with Court Order Concerning Forensic Examination of Computer Device and supporting exhibits under seal pursuant to this Court's Protective Order (Doc. # 62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/2/2016) (kl) (Entered: 08/02/2016) |

**CMA-033**

| | | |
|---|---|---|
| 08/03/2016 | 330 | APPLICATION FOR LETTERS ROGATORY by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/03/2016) |
| 08/03/2016 | 331 | APPLICATION FOR LETTERS ROGATORY by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Composite), # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Schultz, Meredith) (Entered: 08/03/2016) |
| 08/04/2016 | 332 | ORDER granting 312 LETTER MOTION to Seal Document Notice of Supplemental Authority addressed to Judge Robert W. Sweet from Meredith Schultz dated July 29, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 8/3/2016) (rjm) (Entered: 08/04/2016) |
| 08/04/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 332 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/04/2016) |
| 08/04/2016 | 333 | RESPONSE in Opposition to Motion re: 306 MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/04/2016) |
| 08/08/2016 | 334 | LETTER MOTION to Seal Document *Motion for Protective Order* addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 8, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 335 | MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 336 | DECLARATION of Sigrid McCawley in Support re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 337 | LETTER MOTION to Seal Document *Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information* addressed to Judge Robert W. Sweet from Meredith Schultz dated August 8, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 338 | MEMORANDUM OF LAW in Support re: 279 MOTION for Sanctions *Motion for Adverse Inference Instruction REDACTED. Supplement Based on New Information*. Document filed by Virginia L. Giuffre. (Attachments: # 1 REDACTED DECLARATION, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED, # 10 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/08/2016) |
| 08/08/2016 | 339 | RESPONSE in Opposition to Motion re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/08/2016) |
| 08/08/2016 | 340 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 08/08/2016) |
| 08/09/2016 | 341 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/09/2016) |
| 08/09/2016 | 342 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/09/2016) |
| 08/09/2016 | 343 | REPLY MEMORANDUM OF LAW in Support re: 306 MOTION for Extension of Time to Complete Discovery *to Serve and Depose Ross Gow.* . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/09/2016) |
| 08/09/2016 | 344 | LETTER MOTION to Seal Document *Plaintiff's Motion to Compel* addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 9, 2016. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/09/2016) |

| 08/09/2016 | 345 | MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/09/2016) |
|---|---|---|
| 08/09/2016 | 346 | DECLARATION of Meredith Schultz in Support re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/09/2016) |
| 08/09/2016 | 347 | ORDER. Plaintiff's motion for a protective order shall be taken on submission returnable Thursday, September 1, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 348 | STANDING ORDER. To reduce unnecessary filings and delay, it is hereby ordered that letter motions to file submissions under seal pursuant to the Court's Protective Order, ECF No. 62, are granted. The Protective Order is amended accordingly such that filing a letter motion seeking sealing for each submission is no longer necessary. A party wishing to challenge the sealing of any particular submission may do so by motion. It is so ordered. Granting 322 LETTER MOTION to Seal Document Plaintiff's Proposed Search Terms addressed to Judge Robert W. Sweet from Meredith Schutlz dated August 1, 2016. Document filed by Virginia L. Giuffre; Granting 334 LETTER MOTION to Seal Document Motion for Protective Order addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 8, 2016. Document filed by Virginia L. Giuffre; Granting 337 LETTER MOTION to Seal Document Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information addressed to Judge Robert W. Sweet from Meredith Schultz dated August 8, 2016. Document filed by Virginia L. Giuffre; Granting 344 LETTER MOTION to Seal Document Plaintiff's Motion to Compel addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 9, 2016. Document filed by Virginia L. Giuffre. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 348 Order on Motion to Seal Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 349 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 8/8/2016 re: This is a letter motion to file Ms. Maxwell's Response in Opposition to Plaintiff's Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions Filed Under Seal and Supporting exhibits under seal pursuant to this Court's Protective Order (Doc. #62). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 349 Endorsed Letter to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 350 | MEMO ENDORSEMENT on re: 337 LETTER MOTION to Seal Document Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information addressed to Judge Robert W. Sweet from Meredith Schultz dated August 8, 2016. Document filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 350 Memo Endorsement to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | 351 | MEMO ENDORSEMENT on re: 334 LETTER MOTION to Seal Document Motion for Protective Order addressed to Judge Robert W. Sweet from Sigrid McCawley dated August 8, 2016. Document filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/09/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 351 Memo Endorsement to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 08/10/2016) |

| | | |
|---|---|---|
| 08/09/2016 | 352 | ORDER. Defendant will run Plaintiff's Proposed Search Terms as set forth in Plaintiff's August 1, 2016 submission. Defendant will search all text and associated metadata set forth below, and as further specified and set forth in this Order. Terminating 320 MOTION Defendant's Submission Regarding "Search Terms" And Notice Of Compliance With Court Order Concerning Forensic Examination Of Devices. Document filed by Ghislaine Maxwell. (Signed by Judge Robert W. Sweet on 8/9/2016) (rjm) (Entered: 08/10/2016) |
| 08/10/2016 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Meredith L Schultz to RE–FILE Document 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*. Use the event type Direct found under the event list Motions. (db)** (Entered: 08/10/2016) |
| 08/10/2016 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Meredith L Schultz to RE–FILE Document 316 Declaration in Support of Motion. ERROR(S): Document(s) linked to filing error(s). (db)** (Entered: 08/10/2016) |
| 08/10/2016 | 353 | MOTION to Strike Document No. [338, and all supporting documents] *to Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 08/10/2016) |
| 08/10/2016 | 354 | MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 08/10/2016) |
| 08/10/2016 | 355 | DECLARATION of Laura A. Menninger in Support re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 08/10/2016) |
| 08/11/2016 | 356 | MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS FILED UNDER SEAL*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/11/2016) |
| 08/11/2016 | 357 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION]*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 (Sealed), # 3 Exhibit 3 (Sealed), # 4 Exhibit 4 (Sealed), # 5 Exhibit 5 (Sealed), # 6 Exhibit 6 (Sealed), # 7 Exhibit 7 (Sealed), # 8 Exhibit 8 (Sealed))(Schultz, Meredith) Modified on 8/12/2016 (db). (Entered: 08/11/2016) |
| 08/11/2016 | 358 | REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY). THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, presents its compliments to the Foreign and Commonwealth Office, London SW1A 2AL, United Kingdom or other appropriate judicial authority and, pursuant to the Evidence (Proceedings in other Jurisdictions) Act 1975 and Part 34 of the English Civil Procedure Rules, requests international judicial assistance to issue orders of subpoena duces tecum to require a witness to appear for questioning and to produce documents so that evidence may be obtained for a civil proceeding in the above–captioned action which is pending before this Court, and as further specified and set forth in this Request for International Judicial Assistance (Letter Rogatory). (Signed by Judge Robert W. Sweet on 8/11/2016) (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | | Transmission to Judgments and Orders Clerk. Transmitted re: 358 Order to the Judgments and Orders Clerk. (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | 359 | ORDER. Defendant's motion to strike, motion to compel, and motion for sanctions shall be taken on submission returnable Thursday, September 8, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/11/2016) (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | 360 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/10/2016 re: This is a letter motion requesting that the Court permit the filing of Ms. Maxwell's Motion to Compel Responses to Defendant's Second Set of Discovery |

| | | |
|---|---|---|
| | | Requests to Plaintiff, and for Sanctions in excess of the 25 pages permitted pursuant to this Court's Practice Standard 2D. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/11/2016) (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | 361 | ORDER. Plaintiff's motion to compel shall be taken on submission returnable Thursday, September 1, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. It is so ordered. (Signed by Judge Robert W. Sweet on 8/11/20916) (rjm) (Entered: 08/11/2016) |
| 08/11/2016 | 362 | MOTION to Intervene ., MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.( Return Date set for 9/8/2016 at 12:00 PM.) Document filed by Alan M. Dershowitz.(Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 363 | DECLARATION of Alan M. Dershowitz in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit J, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 364 | MEMORANDUM OF LAW in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. . Document filed by Alan M. Dershowitz. (Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 365 | NOTICE OF APPEARANCE by Andrew G. Celli on behalf of Alan M. Dershowitz. (Celli, Andrew) (Entered: 08/11/2016) |
| 08/11/2016 | 366 | NOTICE OF APPEARANCE by David A Lebowitz on behalf of Alan M. Dershowitz. (Lebowitz, David) (Entered: 08/11/2016) |
| 08/12/2016 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Meredith L Schultz to RE–FILE Document 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION]*. Use the event type Declaration in Support of Motion found under the event list Replies, Opposition and Supporting Documents. (db)** (Entered: 08/12/2016) |
| 08/12/2016 | 367 | DECLARATION of Meredith Schultz in Support re: 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION]*., 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*., 356 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS FILED UNDER SEAL*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Sealed), # 2 Exhibit 2 (Sealed), # 3 Exhibit 3 (Sealed), # 4 Exhibit 4 (Sealed), # 5 Exhibit 5 (Sealed), # 6 Exhibit 6 (Sealed), # 7 Exhibit 7 (Sealed), # 8 Exhibit 8 (Sealed))(Schultz, Meredith) (Entered: 08/12/2016) |
| 08/12/2016 | 368 | REPLY MEMORANDUM OF LAW in Support re: 315 MOTION to Compel *and Motion to Enforce the Court's Order and Direct Defendant to Answer Deposition Questions*., 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION]*., 356 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS FILED UNDER SEAL*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/12/2016) |
| 08/12/2016 | 369 | DECLARATION of Sigrid McCawley in Support re: 357 MOTION to Direct *DEFENDANT TO ANSWER DEPOSITION QUESTIONS [SCHULTZ DECLARATION ISO_DE 356_MOTION]*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED, # 10 Exhibit REDACTED, # 11 Exhibit REDACTED, # 12 Exhibit REDACTED, # 13 Exhibit REDACTED, # 14 Exhibit REDACTED, # 15 Exhibit REDACTED, # 16 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/12/2016) |
| 08/12/2016 | 370 | MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 |

| | | |
|---|---|---|
| | | Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/12/2016) |
| 08/12/2016 | 371 | DECLARATION of Laura A. Menninger in Support re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/12/2016) |
| 08/15/2016 | 372 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/15/2016) |
| 08/15/2016 | 373 | ORDER: Defendant's motion for a protective order shall be taken on submission returnable Thursday, September 8, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. (Signed by Judge Robert W. Sweet on 8/15/2016) (cf) (Entered: 08/15/2016) |
| 08/15/2016 | 374 | ORDER: Proposed Intervenor Alan Dershowitz's motion for permissive intervention and unsealing shall be taken on submission returnable Thursday, September 8, 2016. All papers shall be served pursuant to Local Civil Rule 6.1 and this Court's previous orders. (Signed by Judge Robert W. Sweet on 8/15/2016) (cf) (Entered: 08/15/2016) |
| 08/17/2016 | 375 | RESPONSE in Opposition to Motion re: 353 MOTION to Strike Document No. [338, and all supporting documents] *to Plaintiff's Supplement to Motion for Adverse Inference Instruction Based on New Information*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/17/2016 | 376 | NOTICE OF WITHDRAWAL AND SUBSTITUTION OF COUNSEL FOR NON–PARTY JEFFREY EPSTEIN: Undersigned counsel and non–party Jeffrey Epstein, through counsel, respectfully submit this notice of withdrawal and substitution of counsel Upon approval of this Court, the Law Offices of Gregory L. Poe PLLC (including Gregory L. Poe and Rachel S. Li Wai Suen) shall withdraw from the representation of Mr. Epstein in connection with this action and Jack Goldberger, Atterbury, Goldberger & Weiss, P.A., 250 N. Australian Avenue #1400, West Palm Beach, Florida 33401, (561) 207–8305, shall enter an appearance on behalf of Mr. Epstein as a non–party in this action. So ordered. Attorney Jack Alan Goldberger for Jeffrey Epstein added. Attorney Rachel S. Li Wai Suen and Gregory L. Poe terminated. (Signed by Judge Robert W. Sweet on 8/17/2016) (rjm) (Entered: 08/17/2016) |
| 08/17/2016 | 377 | MOTION for Leave to File Excess Pages *for Plaintiff's Response In Opposition to Defendant's Motion to Compel and for Sanctions*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/17/2016 | 378 | RESPONSE in Opposition to Motion re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/17/2016 | 379 | DECLARATION of Sigrid McCawley in Opposition re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted, # 2 Exhibit, # 3 Exhibit Redacted, # 4 Exhibit Redacted, # 5 Exhibit Redacted, # 6 Exhibit Redacted)(McCawley, Sigrid) (Entered: 08/17/2016) |
| 08/18/2016 | 380 | RESPONSE in Opposition to Motion re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/18/2016) |
| 08/18/2016 | 381 | DECLARATION of Laura A. Menninger in Opposition re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Menninger, Laura) (Entered: 08/18/2016) |
| 08/19/2016 | 382 | DECLARATION of Alan M. Dershowitz in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Alan M. Dershowitz. (Lebowitz, David) (Entered: 08/19/2016) |

**CMA-038**

| | | |
|---|---|---|
| 08/19/2016 | 383 | RESPONSE in Opposition to Motion re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 384 | DECLARATION of Laura A. Menninger in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 385 | DECLARATION of REDACTED in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*.. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 386 | DECLARATION of REDACTED in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*.. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/19/2016 | 387 | DECLARATION of REDACTED in Opposition re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege*.. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/19/2016) |
| 08/22/2016 | 388 | RESPONSE in Opposition to Motion re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/22/2016) |
| 08/22/2016 | 389 | DECLARATION of Sigrid McCawley in Opposition re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED, # 5 Exhibit REDACTED, # 6 Exhibit REDACTED, # 7 Exhibit REDACTED, # 8 Exhibit REDACTED, # 9 Exhibit REDACTED)(Schultz, Meredith) (Entered: 08/22/2016) |
| 08/22/2016 | 390 | MOTION to Compel Defendant to Produce Financial Information to Plaintiff . Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 08/22/2016) |
| 08/23/2016 | 391 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/23/2016) |
| 08/23/2016 | 392 | REPLY MEMORANDUM OF LAW in Support re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/23/2016) |
| 08/23/2016 | 393 | DECLARATION of Sigrid McCawley in Support re: 335 MOTION for Protective Order *and Motion for the Court to Direct Defendant to Disclose All Individuals to whom Defendant has Disseminated Confidential Information*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 08/23/2016) |
| 08/23/2016 | 394 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/22/2016 re: request that Ms. Maxwell be permitted to submit her reply by close of business on August 25. ENDORSEMENT: So ordered. Set Deadlines/Hearing as to 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*: Replies due by 8/25/2016. (Signed by Judge Robert W. Sweet on 8/23/2016) (tn) (Entered: 08/23/2016) |
| 08/23/2016 | 395 | MEMO ENDORSEMENT granting 377 Letter Motion for Leave to File Excess Pages. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/23/2016) (tn) (Entered: 08/23/2016) |
| 08/23/2016 | 396 | ORDER with respect to 390 Motion to Compel: Plaintiff's motion to compel defendant to produce financial information, seeking relief oppositional to Defendant's motion for a protective order regarding financial information, shall be taken on submission the same date returnable Thursday, September 8, 2016. (Signed by Judge Robert W. Sweet on 8/23/2016) (tn) (Entered: 08/23/2016) |

| 08/24/2016 | 397 | REPLY MEMORANDUM OF LAW in Support re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 08/24/2016) |
|---|---|---|
| 08/24/2016 | 398 | DECLARATION of Sigrid McCawley in Support re: 345 MOTION to Compel Defendant to Produce Documents *Subject to Improper Objection and Improper Claim of Privilege.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Exhibit 1, # 2 Exhibit Sealed Exhibit 2, # 3 Exhibit Sealed Exhibit 3, # 4 Exhibit Sealed Exhibit 4, # 5 Exhibit Sealed Exhibit 5)(McCawley, Sigrid) (Entered: 08/24/2016) |
| 08/25/2016 | 399 | SEALED DOCUMENT placed in vault.(rz) (Entered: 08/25/2016) |
| 08/25/2016 | 400 | MOTION for Leave to File A Sur–Reply or, Alternatively, to Strike Plaintiff's Misrepresentations of Fact to the Court . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 08/25/2016) |
| 08/25/2016 | 401 | DECLARATION of Laura A. Menninger in Support re: 400 MOTION for Leave to File A Sur–Reply or, Alternatively, to Strike Plaintiff's Misrepresentations of Fact to the Court .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 08/25/2016) |
| 08/25/2016 | 402 | REPLY MEMORANDUM OF LAW in Support re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/25/2016) |
| 08/25/2016 | 403 | DECLARATION of Laura A. Menninger in Support re: 354 MOTION to Compel *Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 08/25/2016) |
| 08/26/2016 | | LETTERS ROGATORY ISSUED on August 26, 2016, and picked up by Boies, Schiller & Flexner LLP and to be served in London, Senior Courts of England and Wales Foreign Process Section. (km) (Entered: 08/26/2016) |
| 08/29/2016 | 404 | REPLY to Response to Motion re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/29/2016) |
| 08/29/2016 | 405 | DECLARATION of Laura A. Menninger in Support re: 370 MOTION for Protective Order *(REDACTED) Regarding Personal Financial Information*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D)(Menninger, Laura) (Entered: 08/29/2016) |
| 08/29/2016 | 406 | RESPONSE in Opposition to Motion re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 08/29/2016) |
| 08/29/2016 | 407 | DECLARATION of Sigrid McCawley in Opposition re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit)(Schultz, Meredith) (Entered: 08/29/2016) |
| 08/29/2016 | 408 | DECLARATION of Paul Cassell in Opposition re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Schultz, Meredith) (Entered: 08/29/2016) |
| 08/30/2016 | 409 | MOTION for Jack A. Goldberger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12703881. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jeffrey Epstein. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Goldberger, Jack) (Entered: 08/30/2016) |

**CMA-040**

| 08/30/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 409 MOTION for Jack A. Goldberger to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12703881. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 08/30/2016) |
|---|---|---|
| 08/30/2016 | 410 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/29/2016 re: Request that the Court permit the filing of Ms. Maxwell's Reply in Support of Motion for Protective Order Regarding Personal Financial Information in excess of the 10 pages permitted pursuant to this Court's Practice Standard 2D. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/30/2016) (kko) (Entered: 08/30/2016) |
| 08/30/2016 | 411 | ORDER granting 400 Motion for Leave to File Document. Leave granted to file a sur reply. (Signed by Judge Robert W. Sweet on 8/30/2016) (cf) (Entered: 08/30/2016) |
| 08/30/2016 | 412 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 8/25/2016 re: This is a letter motion concerns Ms. Maxwell's Reply In Support of her Motion to Compel Responses to Defendant's Second Set of Discovery Requests to Plaintiff, and for Sanctions. We request that the defense be permitted to exceed the 10−page limit. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 8/30/2016) (kko) (Entered: 08/30/2016) |
| 08/31/2016 | 413 | MOTION Modify Scheduling Order re: 317 Order on Motion for Miscellaneous Relief, . Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Entered: 08/31/2016) |
| 09/01/2016 | 414 | RESPONSE to Motion re: 390 MOTION to Compel Defendant to Produce Financial Information to Plaintiff . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 09/01/2016) |
| 09/01/2016 | 415 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/01/2016) |
| 09/01/2016 | 416 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/01/2016) |
| 09/06/2016 | 417 | LETTER for Leave to File Excess Pages *(Reply Brief)* addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 09/06/16. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 09/06/2016) |
| 09/06/2016 | 418 | REPLY to Response to Motion re: 390 MOTION to Compel Defendant to Produce Financial Information to Plaintiff . . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 09/06/2016) |
| 09/06/2016 | 419 | ORDER FOR ADMISSION PRO HAC VICE granting 409 Motion for Jack A. Goldberger to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 9/1/2016) (rjm) (Entered: 09/06/2016) |
| 09/06/2016 | 420 | MEMO ENDORSEMENT granting 413 MOTION Modify Scheduling Order re: 317 Order on Motion for Miscellaneous Relief. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/6/2016) (kl) (Entered: 09/06/2016) |
| 09/06/2016 | 421 | MEMO ENDORSEMENT on re: 256 LETTER MOTION to Seal Document *Plaintiff's Response in Opposition to Defendant's Motion to Reopen Plaintiff's Deposition* addressed to Judge Robert W. Sweet from Meredith Schultz dated June 28, 2016, filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/6/2016) (kl) (Entered: 09/06/2016) |
| 09/06/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 421 Memo Endorsement, to the Sealed Records Clerk for the sealing or unsealing of document or case. (kl) (Entered: 09/06/2016) |
| 09/06/2016 | 422 | MOTION to Compel *Settlement Agreement (Renewed)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/06/2016) |
| 09/06/2016 | 423 | DECLARATION of Laura A. Menninger in Support re: 422 MOTION to Compel *Settlement Agreement (Renewed)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 09/06/2016) |

**CMA-041**

| | | |
|---|---|---|
| 09/07/2016 | 424 | ORDER. Defendant's renewed motion to compel production of the settlement agreement shall be heard at noon on Thursday, September 22, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. It is so ordered. (Oral Argument set for 9/22/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 9/7/2016) (rjm) (Entered: 09/07/2016) |
| 09/07/2016 | 425 | ORDER granting 417 LETTER MOTION for Leave to File Excess Pages (Reply Brief) addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 09/06/16. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 9/7/2016) (rjm) (Entered: 09/07/2016) |
| 09/07/2016 | 426 | LETTER MOTION for Extension of Time to File Response/Reply as to 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. addressed to Judge Robert W. Sweet from Andrew G. Celli, Jr. and David A. Lebowitz dated September 7, 2016. Document filed by Alan M. Dershowitz.(Lebowitz, David) (Entered: 09/07/2016) |
| 09/08/2016 | 427 | MOTION for Extension of Time *to File Expert Reports (Unopposed)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/08/2016) |
| 09/09/2016 | 428 | SEALED DOCUMENT placed in vault.(rz) (Entered: 09/09/2016) |
| 09/09/2016 | 429 | ORDER granting 426 Letter Motion for Extension of Time to File Response/Reply. So ordered. Replies due by 9/15/2016. (Signed by Judge Robert W. Sweet on 9/8/2016) (kl) (Main Document 429 replaced on 9/13/2016) (kgo). (Main Document 429 replaced on 9/13/2016) (kgo). (Entered: 09/09/2016) |
| 09/12/2016 | 430 | MEMO ENDORSEMENT granting 427 Letter Motion for Extension of Time. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/12/2016) (kgo) (Main Document 430 replaced on 9/13/2016) (kgo). (Entered: 09/12/2016) |
| 09/13/2016 | 431 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/13/2016) |
| 09/13/2016 | 432 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/13/2016) |
| 09/15/2016 | 433 | **Vacated as to Nadia Marcinkova as per Judge's Order dated 3/20/2017, Doc. # 757** ENDORSED LETTER addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 9/13/2016 re: Ms. Giuffre would respectfully request that the Court Order that (1) that Nadia Marcinkova and Sarah Kellen be directed to appear for deposition (2) that Nadia Marcinkova and Sarah Kellen pay Giuffre's costs and reasonable attorney's fees associated with bringing the motion, and that (3) Nadia Marcinkova and Sarah Kellen be ordered to pay a civil penalty of $200 per day for each day after which they fail to appear at the rescheduled deposition and any other sanction the court believes is just and proper. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/15/2016) (rjm) Modified on 3/20/2017 (jwh). (Entered: 09/15/2016) |
| 09/15/2016 | 434 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Paul G. Cassell dated 9/13/2016 re: Undersigned counsel sends this letter advising that Cassell believes no redactions are required to the Court's opinion. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 9/15/2016) (rjm) (Entered: 09/15/2016) |
| 09/15/2016 | 435 | DECLARATION of Alan M. Dershowitz in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*.. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit O, # 2 Exhibit P, # 3 Exhibit Q, # 4 Exhibit R, # 5 Exhibit S, # 6 Exhibit T, # 7 Exhibit U, # 8 Exhibit V, # 9 Exhibit W, # 10 Exhibit X)(Celli, Andrew) (Entered: 09/15/2016) |
| 09/15/2016 | 436 | REPLY MEMORANDUM OF LAW in Support re: 362 MOTION to Intervene . MOTION to Unseal Document *or in the Alternative to Modify Protective Order*. . Document filed by Alan M. Dershowitz. (Celli, Andrew) (Entered: 09/15/2016) |
| 09/16/2016 | 437 | NOTICE of Parties' Joint Stipulation regarding Discovery Motion re: 422 MOTION to Compel *Settlement Agreement (Renewed)*.. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 09/16/2016) |

| 09/19/2016 | 438 | MEMO ENDORSEMENT on re: 437 NOTICE of Parties' Joint Stipulation regarding Discovery Motion re: 422 MOTION to Compel Settlement Agreement (Renewed). Document filed by Virginia L. Giuffre. ENDORSEMENT: So ordered. The following hearing(s) was terminated: Oral Argument. (Signed by Judge Robert W. Sweet on 9/19/2016) (rjm) (Entered: 09/19/2016) |
|---|---|---|
| 09/20/2016 | 439 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/20/2016) |
| 09/20/2016 | 440 | NOTICE of Filing Proposed Redacted Opinion. Document filed by Sharon Churcher. (Attachments: # 1 Exhibit Proposed Redacted Opinion)(Feder, Eric) (Entered: 09/20/2016) |
| 09/21/2016 | 441 | MOTION for Discovery *for Court Approval of Plaintiff's Certification of Production*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 09/21/2016) |
| 09/21/2016 | 442 | DECLARATION of Sigrid McCawley in Support re: 441 MOTION for Discovery *for Court Approval of Plaintiff's Certification of Production*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 Sealed, # 3 Exhibit 3 Sealed, # 4 Exhibit 4 Sealed, # 5 Exhibit 5 Sealed)(McCawley, Sigrid) (Entered: 09/21/2016) |
| 09/22/2016 | 443 | NOTICE of Plaintiff Notice of Related Action in the United Kingdom to Obtain the Deposition of Defendant's Press Agent, Ross Gow. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(McCawley, Sigrid) (Entered: 09/22/2016) |
| 09/26/2016 | 444 | LETTER MOTION for Leave to File a less–redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. Document filed by Alan M. Dershowitz.(Celli, Andrew) (Entered: 09/26/2016) |
| 09/26/2016 | 445 | ORDER: Plaintiff's Motion for Court Approval of Plaintiff's Certification of Production shall be heard at noon on Thursday, October 13, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1 Motion Hearing set for 10/13/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 9/23/2016) (cf) (Entered: 09/26/2016) |
| 09/27/2016 | 446 | MEMO ENDORSEMENT: on PLAINTIFF VIRGINIA GIUFFRE'S MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS UPON AND DEPOSE ROSS GOW. ENDORSEMENT: Motion granted. Time extended 60 days. So ordered. Granting 306 Motion for Extension of Time to Complete Discovery. The following deadline(s) was terminated: Deposition Deadline. (Signed by Judge Robert W. Sweet on 9/27/2016) (rjm) (Entered: 09/27/2016) |
| 09/28/2016 | 447 | LETTER RESPONSE to Motion addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated September 28, 2016 re: 444 LETTER MOTION for Leave to File a less–redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. . Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 09/28/2016) |
| 09/29/2016 | 448 | NOTICE of Plaintiff's Notice of English Court's Issuance of Order Commanding Ross Gow to Sit for Deposition. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1)(McCawley, Sigrid) (Entered: 09/29/2016) |
| 09/30/2016 | 449 | MOTION to Compel *Testimony of Jeffrey Epstein*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/30/2016) |
| 09/30/2016 | 450 | DECLARATION of Jeffrey S. Pagliuca in Support re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 09/30/2016) |
| 09/30/2016 | 451 | JOINT MOTION re: 13 Scheduling Order, *Amended Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 09/30/2016) |
| 10/03/2016 | 452 | ORDER re: 444 LETTER MOTION for Leave to File a less–redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. Proposed Intervenor Alan M. Dershowitz's |

**CMA-043**

| | | |
|---|---|---|
| | | September 26, 2016 letter motion for leave to publicly file a less–redacted version of Dershowitz's Reply Declaration shall be heard at noon on Thursday, October 13, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 10/13/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 9/30/2016) (cf) (Entered: 10/03/2016) |
| 10/03/2016 | 453 | ORDER terminating 441 Letter Motion for Discovery. Hearing vacated as moot. So ordered. (Signed by Judge Robert W. Sweet on 10/3/2016) (cf) (Entered: 10/03/2016) |
| 10/03/2016 | 454 | NOTICE of Withdrawal of Opposition to DE 444 re: 444 LETTER MOTION for Leave to File a less–redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016., 452 Order Setting Hearing on Motion,. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 10/03/2016) |
| 10/03/2016 | 455 | ORDER granting 451 Motion. So ordered. (Signed by Judge Robert W. Sweet on 10/3/2016) (cf) (Entered: 10/03/2016) |
| 10/03/2016 | | Set/Reset Deadlines: Deposition due by 11/30/2016. Motions due by 2/24/2017. Pretrial Order due by 2/10/2017. Responses due by 1/31/2017 Replies due by 2/10/2017. (cf) (Entered: 10/03/2016) |
| 10/03/2016 | 456 | ORDER: Defendant's motion to compel the testimony of Jeffrey Epstein shall be heard at noon on Thursday, October 20, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 10/20/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 10/3/2016) (cf) (Entered: 10/03/2016) |
| 10/06/2016 | 457 | LETTER addressed to Judge Robert W. Sweet from David A. Lebowitz dated October 6, 2016 re: Plaintiff's Proposed Order Granting Leave to File Less Redacted Declaration. Document filed by Alan M. Dershowitz.(Lebowitz, David) (Entered: 10/06/2016) |
| 10/07/2016 | 458 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/07/2016) |
| 10/11/2016 | 459 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Jack Goldberger dated October 5, 2016. Document filed by Jeffrey Epstein.(Goldberger, Jack) (Entered: 10/11/2016) |
| 10/11/2016 | 460 | JOINT LETTER MOTION to Continue addressed to Judge Robert W. Sweet from Jack Goldberger dated October 11, 2016. Document filed by Jeffrey Epstein.(Goldberger, Jack) (Entered: 10/11/2016) |
| 10/11/2016 | 461 | ORDER GRANTING DERSHOWITZ'S SEPTEMBER 26, 2016, LETTER MOTION TO PUBLICALLY FILE A LESS REDACTED VERSION OF DERSHOWITZ'S REPLY DECLARATION. Proposed Intervenor Alan M. Dershowitz's Motion to re–file Dershowitz's Reply Declaration with all references to paragraphs 20 and 21 of Mr. Cassell's declaration unredacted and not under seal is GRANTED: Proposed Intervenor Alan M. Dershowitz is directed to re–file Dershowitz' s Reply Declaration with all references to paragraphs 20 and 21 of Mr. Cassell' s declaration unredacted and not under seal. The hearing scheduled for Thursday, October 13, 2016, is hereby vacated. It is so ordered. Granting 444 LETTER MOTION for Leave to File a less–redacted version of Professor Dershowitzs Reply Declaration addressed to Judge Robert W. Sweet from Andrew G. Celli dated 9/26/2016. Document filed by Alan M. Dershowitz. (Signed by Judge Robert W. Sweet on 10/6/2016) (rjm) (Entered: 10/11/2016) |
| 10/11/2016 | | Transmission to Sealed Records Clerk. Transmitted re: 461 Order on Motion for Leave to File Document to the Sealed Records Clerk for the sealing or unsealing of document or case. (rjm) (Entered: 10/11/2016) |
| 10/11/2016 | 462 | LETTER MOTION for Extension of Time to File Response/Reply as to 449 MOTION to Compel *Testimony of Jeffrey Epstein*., 459 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Jack Goldberger dated October 5, 2016. addressed to Judge Robert W. Sweet from Sigrid |

|  |  | McCawley dated October 11, 2016. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 10/11/2016) |
|---|---|---|
| 10/11/2016 | 463 | ORDER granting 459 Letter Motion for Extension of Time to File Response/Reply re 449 MOTION to Compel *Testimony of Jeffrey Epstein*: So ordered. Responses due by 10/17/2016. (Signed by Judge Robert W. Sweet on 10/7/2016) (tn) (Entered: 10/11/2016) |
| 10/12/2016 | 464 | ORDER: Defendant's motion to compel the testimony of Jeffrey Epstein previously scheduled for October 20 shall instead be heard at noon on Thursday, November 3, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Set Deadlines/Hearing as to 449 MOTION to Compel *Testimony of Jeffrey Epstein*. : Motion Hearing set for 11/3/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/12/2016) (cla) (Entered: 10/12/2016) |
| 10/13/2016 | 465 | ORDER granting 462 LETTER MOTION for Extension of Time to File Response/Reply as to 449 MOTION to Compel Testimony of Jeffrey Epstein., 459 LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Jack Goldberger dated October 5, 2016. addressed to Judge Robert W. Sweet from Sigrid McCawley dated October 11, 2016. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 10/12/2016) (rjm) (Entered: 10/13/2016) |
| 10/14/2016 | 466 | MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/14/2016 | 467 | DECLARATION of Sigrid McCawley in Support re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Composite, # 2 Exhibit Sealed Composite, # 3 Exhibit Sealed)(McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/14/2016 | 468 | MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/14/2016 | 469 | DECLARATION of Sigrid McCawley in Support re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Exhibit 1, # 2 Exhibit Sealed Composite Exhibit 2, # 3 Exhibit Sealed Exhibit 3)(McCawley, Sigrid) (Entered: 10/14/2016) |
| 10/17/2016 | 470 | RESPONSE to Motion re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 10/17/2016) |
| 10/17/2016 | 471 | DECLARATION of Sigrid McCawley in Support re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Composite)(McCawley, Sigrid) (Entered: 10/17/2016) |
| 10/17/2016 | 472 | ORDER: Plaintiff's motion to reopen Defendant's deposition and motion to compel shall be heard at noon on Thursday, November 3, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Set Deadlines/Hearing as to 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*., 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*. : Motion Hearing set for 11/3/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/17/2016) (cla) (Entered: 10/17/2016) |
| 10/17/2016 | 473 | RESPONSE in Opposition to Motion re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*. . Document filed by Jeffrey Epstein. (Goldberger, Jack) (Entered: 10/17/2016) |
| 10/17/2016 | 474 | DECLARATION of Jack Goldberger in Opposition re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*.. Document filed by Jeffrey Epstein. (Goldberger, Jack) |

**CMA-045**

| | | |
|---|---|---|
| | | (Entered: 10/17/2016) |
| 10/20/2016 | 475 | MOTION for Martin G. Weinberg to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12896050. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Jeffrey Epstein. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)(Weinberg, Martin) (Entered: 10/20/2016) |
| 10/20/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 475 MOTION for Martin G. Weinberg to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12896050. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 10/20/2016) |
| 10/20/2016 | 476 | LETTER addressed to Judge Robert W. Sweet from Eric J. Feder dated 10/20/2016 re: Request to Publish Redacted Opinion (See Dkt 440). Document filed by Sharon Churcher.(Feder, Eric) (Entered: 10/20/2016) |
| 10/21/2016 | 477 | ORDER FOR ADMISSION PRO HAC VICE granting 475 Motion for Martin G. Weinberg to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 10/21/2016) (rjm) (Entered: 10/21/2016) |
| 10/24/2016 | 478 | NOTICE of Plaintiff's Notice of Nadia Marcinkova's Failure to Appear at Her Deposition. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(McCawley, Sigrid) (Entered: 10/24/2016) |
| 10/24/2016 | 479 | RESPONSE in Opposition to Motion re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 480 | DECLARATION of Laura A. Menninger in Opposition re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 481 | RESPONSE in Opposition to Motion re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 482 | DECLARATION of Laura A. Menninger in Opposition re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Menninger, Laura) (Entered: 10/24/2016) |
| 10/24/2016 | 483 | REPLY to Response to Motion re: 449 MOTION to Compel *Testimony of Jeffrey Epstein*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 10/24/2016) |
| 10/26/2016 | 484 | ORDER. Non−party Sharon Churcher's request for issuance of the redacted version of the Court's opinion shall be treated as a motion and heard on Thursday, November 3, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. It is so ordered. (Oral Argument set for 11/3/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/25/2016) (rjm) (Entered: 10/26/2016) |
| 10/27/2016 | 485 | ORDER: Defendant's letter dated October 26, 2016 shall be designated as confidential pursuant to the Protective Order. It is so ordered. (Signed by Judge Robert W. Sweet on 10/27/2016) (kl) (Entered: 10/27/2016) |
| 10/27/2016 | 486 | ORDER: Non−party Sharon Churcher's request for issuance of the redacted version of the Court's opinion, previously scheduled to be heard on November 3, shall instead heard at noon on Thursday, November 10, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. It is so ordered. (Oral Argument set for 11/10/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 10/27/2016) (kl) (Entered: |

| | | 10/27/2016) |
|---|---|---|
| 10/27/2016 | 487 | NOTICE OF APPEARANCE by Erica Tamar Dubno on behalf of Nadia Marcinko. (Dubno, Erica) (Entered: 10/27/2016) |
| 10/27/2016 | 488 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 10/26/2016 re: writing to request the Court continue the hearing currently scheduled on November 3, 2016 to November 10, 2016 because counsel for Ms. Maxwell are unavailable on November 3, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 10/27/2016) (kl) (Entered: 10/27/2016) |
| 10/28/2016 | 489 | SEALED DOCUMENT placed in vault.(rz) (Entered: 10/28/2016) |
| 10/28/2016 | 490 | REPLY to Response to Motion re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*. *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 10/28/2016) |
| 10/28/2016 | 491 | DECLARATION of Meredith Schultz in Support re: 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Account *and for an Adverse Inference Instruction*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit REDACTED, # 3 Exhibit REDACTED, # 4 Exhibit REDACTED)(Schultz, Meredith) (Entered: 10/28/2016) |
| 10/28/2016 | 492 | REPLY to Response to Motion re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*. *REDACTED*. Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 10/28/2016) |
| 10/28/2016 | 493 | DECLARATION of Meredith Schultz in Support re: 466 MOTION to Reopen *Defendant's Deposition Based on Defendant's Late Production of New, Key Documents*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit REDACTED)(Schultz, Meredith) (Entered: 10/28/2016) |
| 10/31/2016 | 494 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/31/2016) |
| 10/31/2016 | 495 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 10/28/2016 re: I am writing to request the Court continue the deadline to submit one of the defense rebuttal expert opinions by one business day from October 28, 2016 to October 31, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 10/31/2016) (rjm) (Entered: 10/31/2016) |
| 11/03/2016 | 496 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/03/2016) |
| 11/07/2016 | 497 | ORDER: The portions of the November 2, 2016 Opinion pertaining to ECF No. 354 were issued in error and are hereby withdrawn. It is so ordered. (Signed by Judge Robert W. Sweet on 11/7/2016) (kl) (Entered: 11/07/2016) |
| 11/10/2016 | 498 | SEALED DOCUMENT placed in vault.(rz) (Entered: 11/10/2016) |
| 11/10/2016 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 11/10/2016 re: 451 JOINT MOTION re: 13 Scheduling Order, Amended Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order filed by Ghislaine Maxwell, 468 MOTION to Compel Ghislaine Maxwell to Produce Data from Undisclosed Email Accountand for an Adverse Inference Instruction filed by Virginia L. Giuffre, 449 MOTION to CompelTestimony of Jeffrey Epstein. filed by Ghislaine Maxwell, 466 MOTION to Reopen Defendant's Deposition Based on Defendant's Late Production of New, Key Documents filed by Virginia L. Giuffre. (Court Reporter Martha Martin) Motion to compel discovery pending. (Chan, Tsz) (Entered: 11/15/2016) |
| 11/15/2016 | 499 | SEALED DOCUMENT placed in vault.(mps) (Entered: 11/15/2016) |
| 11/16/2016 | 500 | **FILING ERROR – NO ORDER SELECTED FOR APPEAL –** NOTICE OF INTERLOCUTORY APPEAL. Document filed by Alan M. Dershowitz. Filing fee $ 505.00, receipt number 0208–12994142. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Celli, Andrew) Modified on 11/17/2016 (tp). (Entered: 11/16/2016) |

**CMA-047**

| | | |
|---|---|---|
| 11/17/2016 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Celli, Andrew to RE−FILE Document No. 500 Notice of Interlocutory Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re−file the appeal using the event type Corrected Notice of Appeal found under the event list Appeal Documents − attach the correct signed PDF − select the correct named filer/filers − select the correct order/judgment being appealed. (tp) (Entered: 11/17/2016) |
| 11/17/2016 | 501 | ORDER: Defendant's motion for reconsideration of portions of the Court's November 2, 2016 opinion shall be heard at noon on Thursday, December 8, 2016 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. IT IS SO ORDERED., ( Oral Argument set for 12/8/2016 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 11/17/2016) (ama) (Entered: 11/17/2016) |
| 11/21/2016 | 502 | NOTICE of Filing Under Seal Defendant's Motion for Reconsideration or Clarification of Portions of Court's November 2, 2016 Order. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 11/21/2016) |
| 11/21/2016 | 503 | [REDACTED] SEALED OPINION # 106882 re: 215 MOTION to Quash subpoena of Sharon Churcher , filed by Sharon Churcher. Upon the conclusions set forth above, the motion of Churcher is granted and the Subpoena is quashed. The parties are directed to jointly file a proposed redacted version of this Opinion consistent with the Protective Order or notify the Court that none are necessary within two weeks of the date of receipt of this Opinion. (Signed by Judge Robert W. Sweet on 9/1/16) (cla) (Entered: 11/21/2016) |
| 11/23/2016 | 504 | NOTICE OF APPEAL from 496 Sealed Order. Document filed by Alan M. Dershowitz. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (tp) (Entered: 11/23/2016) |
| 11/23/2016 | | Appeal Fee Paid electronically via Pay.gov: for 504 Notice of Appeal. Filing fee $ 505.00. Pay.gov receipt number 0208−12994142, paid on 11/16/2016. (tp) (Entered: 11/23/2016) |
| 11/23/2016 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 504 Notice of Appeal. (tp) (Entered: 11/23/2016) |
| 11/23/2016 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 504 Notice of Appeal filed by Alan M. Dershowitz were transmitted to the U.S. Court of Appeals. (tp) (Entered: 11/23/2016) |
| 11/30/2016 | 505 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Meredith L. Schultz dated 11/28/2016 re: This is an agreed letter motion to extend the time to file the Plaintiff's Response in Opposition to Defendant's Motion for Reconsideration to Monday, December 5, 2016. ENDORSEMENT: So ordered. (Responses due by 12/5/2016) (Signed by Judge Robert W. Sweet on 11/29/2016) (rjm) (Entered: 11/30/2016) |
| 11/30/2016 | 506 | ORDER. Defendant's motion for reconsideration previously scheduled to be heard on December 8, 2016 shall instead be taken on submission. It is so ordered. The following hearing(s) was terminated: Oral Argument. (Signed by Judge Robert W. Sweet on 11/30/2016) (rjm) (Entered: 11/30/2016) |
| 12/05/2016 | 507 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 11/30/2016 re: We request permission to conclude the Defendant's expert depositions on Friday December 2, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 12/1/2016) (kgo) (Entered: 12/05/2016) |
| 12/08/2016 | 508 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 12/7/2016 re: agreed letter motion to extend the time to file the Defendant's Reply in Support of her Motion for Reconsideration or Clarification of Portion of Court's November 2, 2016 Order to December 14, 2016. ENDORSEMENT: So ordered. (Replies due by 12/14/2016.) (Signed by Judge Robert W. Sweet on 12/8/2016) (cf) (Entered: 12/08/2016) |

**CMA-048**

| | | |
|---|---|---|
| 12/09/2016 | 509 | MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 12/09/2016) |
| 12/09/2016 | 510 | DECLARATION of Laura A. Menninger in Support re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 12/09/2016) |
| 12/13/2016 | 511 | SEALED DOCUMENT placed in vault.(mps) (Entered: 12/13/2016) |
| 12/13/2016 | 512 | ORDER: Defendant's motion for sanctions shall be heard at noon on Thursday, January 19, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1., Set Deadlines/Hearing as to 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. :( Motion Hearing set for 1/19/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 12/13/2016) (lmb) (Entered: 12/13/2016) |
| 12/16/2016 | 513 | RESPONSE in Opposition to Motion re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 12/16/2016) |
| 12/16/2016 | 514 | DECLARATION of Meredith Schultz in Opposition re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed Composite 6)(McCawley, Sigrid) (Entered: 12/16/2016) |
| 12/20/2016 | 515 | REPLY to Response to Motion re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 12/20/2016) |
| 12/20/2016 | 516 | DECLARATION of Laura A. Menninger in Support re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G)(Menninger, Laura) (Entered: 12/20/2016) |
| 12/21/2016 | 517 | SEALED DOCUMENT placed in vault.(mps) (Entered: 12/21/2016) |
| 01/03/2017 | 518 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 12/19/2016 re: Letter Motion to file the Reply in Support of Defendant's Motion for Sanctions to and including December 20, 2016. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 12/24/2016) (cla) (Entered: 01/03/2017) |
| 01/05/2017 | 519 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 12/29/2016 re: I am writing to request the Court to extend the deposition deadline of Plaintiff's designated expert Dianne Flores from December 29, 2016 to January 5, 2017. ENDORSEMENT: So ordered. (Deposition due by 1/5/2017.) (Signed by Judge Robert W. Sweet on 1/4/2016) (rjm) (Entered: 01/05/2017) |
| 01/05/2017 | 520 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 521 | DECLARATION of Jeffrey S. Pagliuca in Support re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 522 | MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 523 | DECLARATION of Jeffrey S. Pagliuca in Support re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 01/05/2017) |

| | | |
|---|---|---|
| 01/05/2017 | 524 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D*.. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 525 | DECLARATION of Jeffrey S. Pagliuca in Support re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D*... Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 526 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 527 | DECLARATION of Jeffrey S. Pagliuca in Support re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 528 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 529 | DECLARATION of Jeffrey S. Pagliuca in Support re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 530 | MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/05/2017) |
| 01/05/2017 | 531 | DECLARATION of Jeffrey S. Pagliuca in Support re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 01/05/2017) |
| 01/06/2017 | 532 | ORDER. The motion to quash filed by Bradley J. Edwards in the Southern District of Florida under case number 16–mc–61292–JG has been transferred to this Court. Therefore, the motion, which was originally filed June 13, 2016, shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. It is so ordered. (Oral Argument set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/6/2017) (rjm) (Entered: 01/06/2017) |
| 01/06/2017 | 533 | MOTION in Limine *and Incorporated Memorandum of Law*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 01/06/2017) |
| 01/06/2017 | 534 | DECLARATION of Sigrid McCawley in Support re: 533 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 01/06/2017) |
| 01/06/2017 | 535 | MOTION in Limine *and Incorporated Memorandum of Law*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 01/06/2017) |
| 01/06/2017 | 536 | DECLARATION of Sigrid McCawley in Support re: 535 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Redacted 1, # 2 Exhibit Redacted 2, # 3 Exhibit Redacted 3, # 4 Exhibit Redacted 4, # 5 Exhibit Redacted 5)(McCawley, Sigrid) (Entered: 01/06/2017) |
| 01/06/2017 | 537 | NOTICE of Motion for Summary Judgment. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/06/2017) |
| 01/06/2017 | 538 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION for Summary Judgment . Document filed by Ghislaine Maxwell.(Menninger, Laura) Modified on 1/9/2017 (db). (Entered: 01/06/2017) |

**CMA-050**

| | | |
|---|---|---|
| 01/06/2017 | 539 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** DECLARATION of Laura A. Menninger in Support re: 538 MOTION for Summary Judgment .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G–KK, # 8 Exhibit LL, # 9 Exhibit MM)(Menninger, Laura) Modified on 1/9/2017 (db). (Entered: 01/06/2017) |
| 01/09/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Laura A. Menninger to RE–FILE Document 538 MOTION for Summary Judgment . Use the event type Memorandum in Support of Motion found under the event list Replies, Opposition and Supporting Documents. \*\*\*REMINDER\*\*\* – Refile the 537 Notice AS THE MOTION for Summary Judgment, then file and link any supporting documents. (db)** (Entered: 01/09/2017) |
| 01/09/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Laura A. Menninger to RE–FILE Document 539 Declaration in Support of Motion. ERROR(S): Document(s) linked to filing error. (db)** (Entered: 01/09/2017) |
| 01/09/2017 | 540 | MOTION for Summary Judgment . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/09/2017) |
| 01/09/2017 | 541 | MEMORANDUM OF LAW in Support re: 540 MOTION for Summary Judgment . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/09/2017) |
| 01/09/2017 | 542 | DECLARATION of Laura A. Menninger in Support re: 540 MOTION for Summary Judgment .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G–KK, # 8 Exhibit LL, # 9 Exhibit MM)(Menninger, Laura) (Entered: 01/09/2017) |
| 01/12/2017 | 543 | SEALED DOCUMENT placed in vault.(rz) (Entered: 01/12/2017) |
| 01/12/2017 | 544 | ORDER: Defendant's motion for summary judgment shall be heard at noon on Thursday, February 9, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/9/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/11/2017) (cla) (Entered: 01/12/2017) |
| 01/12/2017 | 545 | ORDER: Plaintiff's motions in limine shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/11/2017) (cla) (Entered: 01/12/2017) |
| 01/13/2017 | 546 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/13/2017) |
| 01/17/2017 | 547 | NOTICE OF APPEARANCE by Alexander Seton Lorenzo on behalf of Sarah Vickers. (Lorenzo, Alexander) (Entered: 01/17/2017) |
| 01/18/2017 | 548 | ORDER: Defendant's motions in limine shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/18/2017) (cla) (Entered: 01/18/2017) |
| 01/19/2017 | 549 | NOTICE OF APPEARANCE by Jay Marshall Wolman on behalf of Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 01/19/2017) |
| 01/19/2017 | 550 | MOTION to Intervene *and Unseal*. Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 01/19/2017) |
| 01/19/2017 | 551 | MEMORANDUM OF LAW in Support re: 550 MOTION to Intervene *and Unseal*. . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 01/19/2017) |

| 01/19/2017 | 552 | DECLARATION of Michael Cernovich in Support re: 550 MOTION to Intervene *and Unseal.*. Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 01/19/2017) |
|---|---|---|
| 01/19/2017 | 553 | ORDER: The letters regarding page limits shall be treated as a motion and heard at noon on Thursday, January 26, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 1/26/2017 at 12:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 1/18/2017) (kgo) (Entered: 01/19/2017) |
| 01/19/2017 | 555 | MEMO ENDORSEMENT denying 509 Motion for Sanctions. ENDORSEMENT: Spoliation has not been established at the time of the Plaintiff's acts and the motion is denied. (Signed by Judge Robert W. Sweet on 1/19/2017) (kgo) Modified on 1/20/2017 (kgo). (Entered: 01/20/2017) |
| 01/19/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Motion Hearing held on 1/19/2017 re: 509 MOTION for Sanctions *Based on Plaintiff's Intentional Destruction of Evidence filed by Ghislaine Maxwell. (Court Reporter Jennifer Thun) (Chan, Tsz) (Entered: 01/23/2017)* |
| 01/20/2017 | 554 | MOTION for John E. Stephenson, Jr. to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–13222415. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Sarah Vickers. (Attachments: # 1 Affidavit of John E. Stephenson, Jr., # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Stephenson, John) (Entered: 01/20/2017) |
| 01/20/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 554 MOTION for John E. Stephenson, Jr. to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–13222415. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (ma)** (Entered: 01/20/2017) |
| 01/20/2017 | 556 | ORDER: The arguments for the motion to quash filed by Bradley J. Edwards, Defendant's motions in limine, and Plaintiff's motions in limine, previously scheduled for February 2, and the argument for Defendant's motion for summary judgment, previously scheduled for February 9, shall instead be heard at noon on Thursday, February 16, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. Motion Hearing set for 2/16/2017 at 12:00 PM in Courtroom 18B, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. (Signed by Judge Robert W. Sweet on 1/20/2017) (kgo) (Entered: 01/20/2017) |
| 01/23/2017 | 557 | ORDER FOR ADMISSION PRO HAC VICE granting 554 Motion for John E. Stephenson, Jr. to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 1/23/2017) (anc) (Entered: 01/23/2017) |
| 01/23/2017 | 558 | ORDER: The sealed letter motion submitted by Plaintiff on January 20, 2017 shall be heard at noon on Thursday, February 2, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. The motion to intervene filed January 19, 2017 shall be heard at noon on Thursday, February 16, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/2/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet. Motion Hearing set for 2/16/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/23/2017) (cla) (Entered: 01/23/2017) |
| 01/24/2017 | 559 | ORDER. Per the Agreed Letter Motion filed by the parties, the hearing scheduled to take place on Thursday, January 26, 2017 is hereby vacated. The Plaintiff is granted leave to file a response in opposition to the Defendant's motion for summary judgment that is the same page length as the Defendant's motion on the same. It is so ordered. (Signed by Judge Robert W. Sweet on 1/24/2017) (rjm) (Entered: 01/24/2017) |
| 01/25/2017 | 560 | NOTICE of of Withdrawal. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/25/2017) |

| 01/27/2017 | 561 | MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 01/27/2017) |
|---|---|---|
| 01/27/2017 | 562 | DECLARATION of Sigrid McCawley in Support re: 561 MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | 563 | MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | 564 | DECLARATION of Sigrid McCawley in Support re: 563 MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | 565 | NOTICE of Filing Plaintiff's Objections to Defendant's Deposition Designations and Plaintiff's Cross Designations. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/27/2017) |
| 01/27/2017 | 566 | Objection *to Plaintiff's Deposition Designations*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/27/2017) |
| 01/27/2017 | 567 | MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 01/27/2017) |
| 01/27/2017 | 568 | DECLARATION of Laura A. Menninger in Support re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial..* Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Menninger, Laura) (Entered: 01/27/2017) |
| 01/30/2017 | 569 | RESPONSE in Opposition to Motion re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 570 | DECLARATION of Sigrid McCawley in Opposition re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 571 | ORDER: Plaintiff's and Defendant's motions in limine filed January 27, 2017, and all issues related to deposition designations, shall be heard at noon on Thursday, February 23, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Motion Hearing set for 2/23/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 1/30/2017) (cla) (Entered: 01/30/2017) |
| 01/30/2017 | 572 | RESPONSE in Opposition to Motion re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D..* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 573 | DECLARATION of Sigrid McCawley in Opposition re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D...* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 574 | RESPONSE in Opposition to Motion re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 575 | DECLARATION of Sigrid McCawley in Opposition re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler..* Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 |

## CMA-053

| | | |
|---|---|---|
| | | Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/30/2017 | 576 | NOTICE of Letter Reply in Support of Plaintiff's Letter Motion to Add New Witness re: 558 Order Setting Hearing on Motion,,. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/30/2017) |
| 01/31/2017 | 577 | RESPONSE in Opposition to Motion re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 578 | DECLARATION of Sigrid McCawley in Opposition re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 579 | RESPONSE in Opposition to Motion re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 580 | DECLARATION of Sigrid McCawley in Opposition re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 581 | RESPONSE in Opposition to Motion re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 582 | DECLARATION of Sigrid McCawley in Opposition re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 01/31/2017) |
| 01/31/2017 | 583 | RESPONSE in Opposition to Motion re: 535 MOTION in Limine *and Incorporated Memorandum of Law. Regarding Gregory B. Taylor and Kyle D. Jacobson*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/31/2017) |
| 01/31/2017 | 584 | RESPONSE in Opposition to Motion re: 533 MOTION in Limine *and Incorporated Memorandum of Law. Regarding Dr. Phillip Esplin*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 01/31/2017) |
| 01/31/2017 | 585 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 533 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 01/31/2017) |
| 01/31/2017 | 586 | RESPONSE in Opposition to Motion re: 540 MOTION for Summary Judgment . . Document filed by Virginia L. Giuffre. (Attachments: # 1 Appendix Rule 56.1 Statement of Facts, # 2 Exhibit Declaration, # 3 Exhibit Redacted 1–50)(McCawley, Sigrid) (Entered: 01/31/2017) |
| 02/02/2017 | 587 | TRANSCRIPT of Proceedings re: ARGUMENT held on 1/19/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Jennifer Thun, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/23/2017. Redacted Transcript Deadline set for 3/6/2017. Release of Transcript Restriction set for 5/3/2017.(McGuirk, Kelly) (Entered: 02/02/2017) |
| 02/02/2017 | 588 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 1/19/17 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 02/02/2017) |

## CMA-054

Case: 1:15-cv-07433-RWS    As of: 09/12/2017 04:57 PM EDT    54 of 80

| | | |
|---|---|---|
| 02/02/2017 | 589 | RESPONSE in Opposition to Motion re: 550 MOTION to Intervene *and Unseal*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/02/2017) |
| 02/02/2017 | 590 | DECLARATION of Sigrid McCawley in Opposition re: 550 MOTION to Intervene *and Unseal*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(McCawley, Sigrid) (Entered: 02/02/2017) |
| 02/02/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 2/2/2017 re: 591 LETTER MOTION to Reopen re: 576 Notice (Other), 558 Order Setting Hearing on Motion,, Discovery re New Witness (original filed 1/19/17) addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 01/19/17. filed by Virginia L. Giuffre. (Court Reporter Khris Sellin)The Court resolved the motion and granted limited discovery as to depose the third person witness. (Chan, Tsz) (Entered: 02/03/2017) |
| 02/03/2017 | 591 | LETTER MOTION to Reopen re: 576 Notice (Other), 558 Order Setting Hearing on Motion,, *Discovery re New Witness (original filed 1/19/17)* addressed to Judge Robert W. Sweet from Sigrid S. McCawley dated 01/19/17. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 02/03/2017) |
| 02/03/2017 | 592 | NOTICE of Filing Defendant's Counter–Designations to Plaintiff's Deposition Designations. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/03/2017) |
| 02/06/2017 | 593 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/06/2017) |
| 02/07/2017 | 594 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/07/2017) |
| 02/07/2017 | 595 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Ty Gee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–13289811. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ghislaine Maxwell. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit Certificate of Good Standing)(Menninger, Laura) Modified on 2/8/2017 (wb). (Entered: 02/07/2017) |
| 02/07/2017 | 596 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** DECLARATION of Ty Gee in Support re: 595 MOTION for Ty Gee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–13289811. **Motion and supporting papers to be reviewed by Clerk's Office staff..** Document filed by Ghislaine Maxwell. (Menninger, Laura) Modified on 2/8/2017 (wb). (Entered: 02/07/2017) |
| 02/08/2017 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 595 MOTION for Ty Gee to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–13289811. Motion and supporting papers to be reviewed by Clerk's Office staff., 596 Declaration in Support of Motion,.. The filing is deficient for the following reason(s): Pursuant to rule 1.3. please attach and affadavit or Declaration of the Attorney;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (wb)** (Entered: 02/08/2017) |
| 02/08/2017 | 597 | MOTION for Ty Gee to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ghislaine Maxwell. (Attachments: # 1 Affidavit Declaration, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order)(Menninger, Laura) (Entered: 02/08/2017) |
| 02/08/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 597 MOTION for Ty Gee to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 02/08/2017) |
| 02/08/2017 | 598 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/08/2017) |
| 02/09/2017 | 599 | REPLY MEMORANDUM OF LAW in Support re: 535 MOTION in Limine *and Incorporated Memorandum of Law* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/09/2017) |

| | | |
|---|---|---|
| 02/09/2017 | 600 | DECLARATION of Sigrid McCawley in Support re: 535 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 601 | NOTICE of of Intent to Offer Statements Under, If Necessary, The Residual Hearsay Rule. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 602 | REPLY MEMORANDUM OF LAW in Support re: 533 MOTION in Limine *and Incorporated Memorandum of Law*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 603 | DECLARATION of Sigrid McCawley in Support re: 533 MOTION in Limine *and Incorporated Memorandum of Law*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 02/09/2017) |
| 02/09/2017 | 604 | REPLY to Response to Motion re: 550 MOTION to Intervene *and Unseal*. . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 02/09/2017) |
| 02/09/2017 | 605 | DECLARATION of Jay M. Wolman in Support re: 550 MOTION to Intervene *and Unseal*.. Document filed by Michael Cernovich d/b/a Cernovich Media. (Attachments: # 1 Exhibit 1 – Daily Mail Article, # 2 Exhibit 2 – Palm Beach Daily News Article, # 3 Exhibit 3 – Silenced Cast)(Wolman, Jay) (Entered: 02/09/2017) |
| 02/10/2017 | 606 | RESPONSE in Opposition to Motion re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 607 | DECLARATION of Sigrid McCawley in Opposition re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 608 | MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 609 | DECLARATION of Sigrid McCawley in Support re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 02/10/2017) |
| 02/10/2017 | 610 | MEMORANDUM OF LAW in Support re: 550 MOTION to Intervene *and Unseal*. . Document filed by Alan M. Dershowitz. (Lebowitz, David) (Entered: 02/10/2017) |
| 02/10/2017 | 611 | REPLY to Response to Motion re: 520 MOTION in Limine *To Exclude Expert Testimony and Opinion of Chris Anderson*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 612 | REPLY to Response to Motion re: 522 MOTION in Limine *To Exclude Expert Testimony and Opinions of William F. Chandler*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 613 | REPLY to Response to Motion re: 528 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 614 | REPLY to Response to Motion re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D.*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 615 | DECLARATION of Jeffrey S. Pagliuca in Support re: 524 MOTION in Limine *To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D.*... Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit C, # 2 Exhibit D, # 3 Exhibit E)(Menninger, Laura) (Entered: 02/10/2017) |

**CMA-056**

| | | |
|---|---|---|
| 02/10/2017 | 616 | REPLY to Response to Motion re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores* . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 617 | DECLARATION of Jeffrey S. Pagliuca in Support re: 526 MOTION in Limine *To Exclude Expert Testimony and Opinion of Dianne C. Flores*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit B)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 618 | REPLY to Response to Motion re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 619 | DECLARATION of Jeffrey S. Pagliuca in Support re: 530 MOTION in Limine *To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D, # 2 Exhibit E)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 620 | REPLY to Response to Motion re: 540 MOTION for Summary Judgment . . Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix Rule 56.1 Statement of Facts)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 621 | DECLARATION of Laura A. Menninger in Support re: 540 MOTION for Summary Judgment .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit NN, # 2 Exhibit OO, # 3 Exhibit PP, # 4 Exhibit QQ, # 5 Exhibit RR)(Menninger, Laura) (Entered: 02/10/2017) |
| 02/10/2017 | 622 | JOINT PRETRIAL STATEMENT . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 02/10/2017) |
| 02/13/2017 | 623 | ORDER FOR ADMISSION PRO HAC VICE granting 597 Motion for Ty Gee to Appear Pro Hac Vice. (Signed by Judge Robert W. Sweet on 2/10/2017) (jwh) (Entered: 02/13/2017) |
| 02/14/2017 | 624 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 2/10/17 re: Counsel writes to request a five day, unopposed, extension of time to respond to Plaintiff's Motions. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 2/13/2017) (mro) (Entered: 02/14/2017) |
| 02/14/2017 | 625 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 2/10/2017 re: extension of the page limit for Ms. Maxwell's Reply in Support of Summary Judgment. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 2/13/2017) (jwh) (Entered: 02/14/2017) |
| 02/14/2017 | 626 | ORDER: Plaintiff's motion in limine filed February 10, 2017 shall be heard at noon on Thursday, February 23, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Any opposition shall be filed by February 16, 2017; any reply shall be filed by February 20 2017. ( Oral Argument set for 2/23/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 2/13/2017) (mro) (Entered: 02/14/2017) |
| 02/14/2017 | | Set/Reset Deadlines: Responses due by 2/16/2017 Replies due by 2/20/2017. (mro) (Entered: 02/14/2017) |
| 02/15/2017 | 627 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/15/2017) |
| 02/15/2017 | 628 | RESPONSE in Opposition to Motion re: 561 MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/15/2017) |
| 02/15/2017 | 629 | RESPONSE in Opposition to Motion re: 563 MOTION in Limine *to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/15/2017) |
| 02/16/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 2/16/2017 re: 524 MOTION in Limine To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D. filed by Ghislaine Maxwell, 540 MOTION for Summary Judgment filed by Ghislaine Maxwell, 533 MOTION in Limine and |

| | | |
|---|---|---|
| | | Incorporated Memorandum of Law filed by Virginia L. Giuffre, 526 MOTION in Limine To Exclude Expert Testimony and Opinion of Dianne C. Flores filed by Ghislaine Maxwell, 522 MOTION in Limine To Exclude Expert Testimony and Opinions of William F. Chandler filed by Ghislaine Maxwell, 550 MOTION to Intervene and Unseal filed by Michael Cernovich d/b/a Cernovich Media, 528 MOTION in Limine To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen filed by Ghislaine Maxwell, 535 MOTION in Limine and Incorporated Memorandum of Law filed by Virginia L. Giuffre. (Court Reporter Eve Giniger)Decision reserve on the motion for Summary Judgment and Intervene + Unseal. (Chan, Tsz) (Entered: 02/16/2017) |
| 02/17/2017 | 630 | NOTICE of Plaintiff's Objections to Defendant's Counter Designations. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 02/17/2017) |
| 02/17/2017 | 631 | REPLY to Response to Motion re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/17/2017) |
| 02/17/2017 | 632 | DECLARATION of Laura A. Menninger in Support re: 567 MOTION in Limine *to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit F)(Menninger, Laura) (Entered: 02/17/2017) |
| 02/17/2017 | 633 | Objection *to Plaintiff's Cross Designation of Deposition Testimony*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/17/2017) |
| 02/17/2017 | 634 | TRANSCRIPT of Proceedings re: ARGUMENT held on 2/2/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Khristine Sellin, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/10/2017. Redacted Transcript Deadline set for 3/20/2017. Release of Transcript Restriction set for 5/18/2017.(McGuirk, Kelly) (Entered: 02/17/2017) |
| 02/17/2017 | 635 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 2/2/17 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 02/17/2017) |
| 02/21/2017 | 636 | ORDER: Plaintiff's motion in limine filed February 10, 2017 and previously scheduled to be heard February 23, 2017 shall instead be heard at noon on Thursday, March 9, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Opposition papers shall be due February 24, 2017 and reply papers shall be due by March 2, 2017. (Oral Argument set for 3/9/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) Set Deadlines/Hearing as to 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*. (Responses due by 2/24/2017, Replies due by 3/2/2017.) (Signed by Judge Robert W. Sweet on 2/21/2017) (jwh) (Entered: 02/21/2017) |
| 02/22/2017 | 637 | MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 02/22/2017) |
| 02/22/2017 | 638 | DECLARATION of Meredith Schultz in Support re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5)(McCawley, Sigrid) (Entered: 02/22/2017) |
| 02/22/2017 | 639 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 2/21/2017 re: requesting that the Court vacate the hearing to rule on deposition objections currently scheduled for Thursday, February 23, 2017. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 2/22/2017) (jwh) Modified on |

**CMA-058**

| | | |
|---|---|---|
| | | 2/28/2017 (jwh). (Entered: 02/22/2017) |
| 02/22/2017 | 640 | MOTION for Protective Order *for Non–Party Witness*. Document filed by John Stanley Pottinger, Sarah Ransome.(Pottinger, John) (Entered: 02/22/2017) |
| 02/22/2017 | 641 | DECLARATION of John Stanley Pottinger in Support re: 640 MOTION for Protective Order *for Non–Party Witness*.. Document filed by Sarah Ransome. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(Pottinger, John) (Entered: 02/22/2017) |
| 02/23/2017 | 642 | ORDER: Plaintiff's motion to compel and the non–party witness's motion for a protective order, both filed February 22, 2017, shall be heard at noon on Thursday, March 9, 2017 in Courtroom 18C, United States Courthouse, 500 Pearl Street. Opposition papers shall be due March 2, 2017, and reply papers shall be due March 7, 2017. (Motion Hearing set for 3/9/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.), (Responses due by 3/2/2017, Replies due by 3/7/2017.) (Signed by Judge Robert W. Sweet on 2/23/2017) (cf) (Entered: 02/23/2017) |
| 02/23/2017 | 643 | JOINT MOTION re: 455 Order on Motion for Miscellaneous Relief, 13 Scheduling Order, *Amended Second Proposed Discovery and Case Management Deadlines and Request to Modify Pretrial Scheduling Order*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 02/23/2017) |
| 02/24/2017 | 644 | RESPONSE in Opposition to Motion re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/24/2017) |
| 02/24/2017 | 645 | DECLARATION of Laura A. Menninger in Opposition re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Menninger, Laura) (Entered: 02/24/2017) |
| 02/24/2017 | 646 | RESPONSE re: 601 Notice (Other) *Response to Plaintiffs Notice Of Intent To Offer Statements Under, If Necessary, The Residual Hearsay Rule*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 02/24/2017) |
| 02/27/2017 | 647 | SEALED DOCUMENT placed in vault.(rz) (Entered: 02/27/2017) |
| 02/27/2017 | 648 | AMENDED SECOND DISCOVERY AND CASE MANAGEMENT DEADLINES AND REQUEST TO MODIFY PRETRIAL SCHEDULING ORDER granting 643 Motion: The jury trial scheduled for March 13, 2017 is rescheduled to begin on May 15, 2017 and is anticipated to last four weeks; Motions in Limine/other motions shall be filed by March 3, 2017; March 9, 2017, hearing on Plaintiff Giuffre's Motion to Present Testimony from Jeffrey Epstein for Purposes of Obtaining an Adverse Inference, ECF #608, hearing on Plaintiff's Motion to Compel all Work Product and Attorney Client Communications with Philip Barden, ECF #637, hearing on outstanding motions including Motion to Quash Edwards Subpoena, filed in the Southern District of Florida on June 13, 2016 under case number 16–mc–61262, and March 23, 2017, hearing on 702 Motions ECF #520, 522, 524, 526, 528, 530, 533, 535 and motions in limine. April 6, 2017, hearing on objections to deposition designations. May 4, 2107, Pre–trial Conference to address any outstanding issues including confidentiality. So ordered. (Signed by Judge Robert W. Sweet on 2/24/2017) (jwh) (Entered: 02/27/2017) |
| 02/27/2017 | | Set/Reset Deadlines: Motions due by 3/3/2017. (jwh) (Entered: 02/27/2017) |
| 02/27/2017 | | Set/Reset Deadlines: Revised Joint Pretrial Order due by 4/15/2017. (jwh) (Entered: 03/03/2017) |
| 03/02/2017 | 649 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 2, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/02/2017) |
| 03/02/2017 | 650 | REPLY MEMORANDUM OF LAW in Support re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/02/2017) |

| 03/02/2017 | 651 | DECLARATION of Sigrid McCawley in Support re: 608 MOTION in Limine *to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/02/2017) |
|---|---|---|
| 03/02/2017 | 652 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/02/2017) |
| 03/02/2017 | 653 | RESPONSE in Opposition to Motion re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/02/2017) |
| 03/02/2017 | 654 | DECLARATION of Laura A. Menninger in Opposition re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/02/2017) |
| 03/02/2017 | 655 | MOTION to Compel *Non−Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/02/2017) |
| 03/02/2017 | 656 | DECLARATION of Laura A. Menninger in Support re: 655 MOTION to Compel *Non−Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 03/02/2017) |
| 03/03/2017 | 657 | MOTION to Quash . Document filed by Jeffrey Epstein.(Weinberg, Martin) (Entered: 03/03/2017) |
| 03/03/2017 | 658 | ORDER granting 649 Letter Motion for Leave to File Excess Pages: So ordered. (Signed by Judge Robert W. Sweet on 3/3/2017) (jwh) (Entered: 03/03/2017) |
| 03/03/2017 | 659 | SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 660 | DECLARATION of Meredith Schultz in Support re: 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 661 | ORDER: Motions shall be heard on the following dates: Thursday, March 9: Motions corresponding to ECF Nos. 608, 637, 640, and the motion to quash in Bradley v. Maxwell, 17−mc−00025. Thursday, March 23: Motions corresponding to ECF Nos. 520, 522, 524, 526, 528, 530, 533, 535, 561, 563, and 567. Thursday, March 30: Defendant's motion to compel filed March 2, 2017 and all motions filed March 3, 2017. Wednesday, April 5: Objections to deposition designations. (Signed by Judge Robert W. Sweet on 3/3/2017) (jwh) (Entered: 03/03/2017) |
| 03/03/2017 | 662 | MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 663 | MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 664 | MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 665 | MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 666 | MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*. Document filed by Ghislaine Maxwell.(Menninger, Laura) |

| | | (Entered: 03/03/2017) |
|---|---|---|
| 03/03/2017 | 667 | MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 668 | DECLARATION of Laura A. Menninger in Support re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 669 | MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 670 | DECLARATION of Laura A. Menninger in Support re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 671 | MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non−Prosecution Agreement and Sex Offender Registration*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 672 | DECLARATION of Laura A. Menninger in Support re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non−Prosecution Agreement and Sex Offender Registration*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 673 | MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 674 | DECLARATION of Laura A. Menninger in Support re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 675 | MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 676 | DECLARATION of Laura A. Menninger in Support re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 677 | MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 678 | DECLARATION of Jeffrey S. Pagliuca in Support re: 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 679 | MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 680 | DECLARATION of Jeffrey S. Pagliuca in Support re: 679 MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 681 | MOTION in Limine *to Exclude Victim Notification Letter*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 682 | DECLARATION of Laura A. Menninger in Support re: 681 MOTION in Limine *to Exclude Victim Notification Letter*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Menninger, Laura) (Entered: 03/03/2017) |

| 03/03/2017 | 683 | MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/03/2017) |
|---|---|---|
| 03/03/2017 | 684 | DECLARATION of Sigrid S. McCawley in Support re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Filed Under Seal), # 2 Exhibit 2 (Filed Under Seal))(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 685 | MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 686 | MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING*. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 687 | DECLARATION of Sigrid S. McCawley in Support re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Filed Under Seal))(Schultz, Meredith) (Entered: 03/03/2017) |
| 03/03/2017 | 688 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 3, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 689 | MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 690 | DECLARATION of Sigrid McCawley in Support re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Exhibit 1)(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 691 | MOTION in Limine *Omnibus*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 692 | DECLARATION of Sigrid McCawley in Support re: 691 MOTION in Limine *Omnibus.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed 6)(McCawley, Sigrid) (Entered: 03/03/2017) |
| 03/03/2017 | 693 | MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/03/2017) |
| 03/03/2017 | 694 | DECLARATION of Laura A. Menninger in Support re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b).*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Menninger, Laura) (Entered: 03/03/2017) |
| 03/06/2017 | 695 | ORDER granting 688 LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 3, 2017. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 3/6/2017) (rjm) (Entered: 03/06/2017) |
| 03/06/2017 | 696 | ORDER: An evidentiary hearing to determine the admissibility of the documents relied upon by proposed expert witness Dianne Flores, and to discuss the handling of Protective Order material at trial, shall be held on Thursday, March 16, 2017 at 1:00 PM in Courtroom 18C, United States Courthouse, 500 Pearl Street. (Evidentiary Hearing set for 3/16/2017 at 01:00 PM in Courtroom 18C, 500 Pearl Street, New York, |

**CMA-062**

| | | |
|---|---|---|
| | | NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 3/6/2017) (jwh) (Entered: 03/06/2017) |
| 03/07/2017 | 697 | REPLY MEMORANDUM OF LAW in Support re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/07/2017) |
| 03/07/2017 | 698 | DECLARATION of Meredith Schultz in Support re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2)(McCawley, Sigrid) (Entered: 03/07/2017) |
| 03/07/2017 | 699 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Meredith Schultz dated March 7, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/07/2017) |
| 03/07/2017 | 700 | ***STRICKEN DOCUMENT. Deleted document number 700 from the case record. The document was stricken from this case pursuant to 718 Order on Motion to Seal Document, . (jwh) REPLY MEMORANDUM OF LAW in Support re: 640 MOTION for Protective Order *for Non−Party Witness. and Opposition to [DE 655] MOTION to Compel Non−Party Witness to Produce Documents, and Respond to Deposition Questions*. Document filed by John Stanley Pottinger. (Pottinger, John) Modified on 3/15/2017 (jwh). (Entered: 03/07/2017) |
| 03/07/2017 | 701 | DECLARATION of J. Stanley Pottinger in Support re: 640 MOTION for Protective Order *for Non−Party Witness.*. Document filed by John Stanley Pottinger. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(Pottinger, John) (Entered: 03/07/2017) |
| 03/08/2017 | 702 | TRANSCRIPT of Proceedings re: CONFERENCE held on 2/16/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Eve Giniger, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/29/2017. Redacted Transcript Deadline set for 4/10/2017. Release of Transcript Restriction set for 6/6/2017.(McGuirk, Kelly) (Entered: 03/08/2017) |
| 03/08/2017 | 703 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 2/16/17 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/08/2017) |
| 03/08/2017 | 704 | ORDER granting 699 LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Meredith Schultz dated March 7, 2017. Document filed by Virginia L. Giuffre. So ordered. (Signed by Judge Robert W. Sweet on 3/8/2017) (rjm) (Entered: 03/08/2017) |
| 03/09/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/9/2017 re: 640 MOTION for Protective Order for Non−Party Witness filed by John Stanley Pottinger, Sarah Ransome, 655 MOTION to Compel Non−Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order filed by Ghislaine Maxwell, 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications filed by Virginia L. Giuffre, 608 MOTION in Limine to Present Testimony From Jeffrey Epstein for Purposes of Obtaining an Adverse Inference filed by Virginia L. Giuffre. (Court Reporter Kelly Surina).Doc #608 Motion Reserved.Doc #637 Motion Reserved.Doc #655 Motion was on for 3−30−17 is now set for 3−16−17 at 12:00 p.m.Motion to quash 17 Mc−00025 will be heard on 3−16−17 (Part).Doc #640 Motion resolved. (Chan, Tsz) (Entered: 03/10/2017) |
| 03/10/2017 | 705 | NOTICE of Reply Notice of Intent to Offer Statements Under, If Necessary, the Residual Hearsay Rule re: 601 Notice (Other). Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/10/2017) |

**CMA-063**

| | | |
|---|---|---|
| 03/10/2017 | 706 | NOTICE of Sigrid McCawley Declaration in Support of Reply Notice of Intent to Offer Statements Under, If Necessary, the Residual Hearsay Rule re: 705 Notice (Other). Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/10/2017) |
| 03/13/2017 | 707 | REPLY MEMORANDUM OF LAW in Support re: 640 MOTION for Protective Order *for Non−Party Witness.*, 655 MOTION to Compel *Non−Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*. *[RE−FILED W/ ADD'L REDACTION/REPLACE DE 700.* Document filed by Virginia L. Giuffre. (Schultz, Meredith) (Entered: 03/13/2017) |
| 03/13/2017 | 708 | LETTER MOTION to Seal Document 700 Reply Memorandum of Law in Support of Motion, *[Replace DE 700 w/ Redacted DE 707]* addressed to Judge Robert W. Sweet from Meredith Schultz dated 03/13/17. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/13/2017) |
| 03/13/2017 | 709 | REPLY MEMORANDUM OF LAW in Support re: 640 MOTION for Protective Order *for Non−Party Witness.*, 655 MOTION to Compel *Non−Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*. *[RE−FILED W/ADD'L REDACTION/REPLACE DE 700].* Document filed by John Stanley Pottinger. (Pottinger, John) (Entered: 03/13/2017) |
| 03/13/2017 | 710 | LETTER MOTION to Seal Document 707 Reply Memorandum of Law in Support of Motion, 708 LETTER MOTION to Seal Document 700 Reply Memorandum of Law in Support of Motion, *[Replace DE 700 w/ Redacted DE 707]* addressed to Judge Robert W. Sweet from Meredith Schultz dated 03/13/17., 709 Reply Memorandum of Law in Support of Motion, 700 Reply Memorandum of Law in Support of Motion, addressed to Judge Robert W. Sweet from J. Stanley Pottinger dated 3/13/17. Document filed by Sarah Ransome.(Pottinger, John) (Entered: 03/13/2017) |
| 03/14/2017 | 711 | ***STRICKEN DOCUMENT. Deleted document number 711 from the case record. The document was stricken from this case pursuant to 765 Order on Motion to Strike . (jwh)** NOTICE of Supplemental Authority. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) Modified on 3/22/2017 (jwh). (Entered: 03/14/2017) |
| 03/14/2017 | 712 | RESPONSE in Opposition to Motion re: 657 MOTION to Quash . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/14/2017) |
| 03/14/2017 | 713 | DECLARATION of Sigrid McCawley in Opposition re: 657 MOTION to Quash .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/14/2017) |
| 03/14/2017 | 714 | REPLY to Response to Motion re: 655 MOTION to Compel *Non−Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/14/2017) |
| 03/14/2017 | 715 | DECLARATION of Laura A. Menninger in Support re: 655 MOTION to Compel *Non−Party Witness to Produce Documents, Respond to Deposition Questions, and Response to Motion for Protective Order*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit J, # 2 Exhibit K)(Menninger, Laura) (Entered: 03/14/2017) |
| 03/15/2017 | 716 | RESPONSE in Opposition to Motion re: 679 MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/15/2017) |
| 03/15/2017 | 717 | DECLARATION of Sigrid McCawley in Opposition re: 679 MOTION in Limine *to Exclude Unauthenticated Hearsay Document from a Suspect Source*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/15/2017) |
| 03/15/2017 | 718 | ORDER withdrawing 708 Motion to Seal Document ; granting 710 Motion to Seal Document: So ordered. (Signed by Judge Robert W. Sweet on 3/15/2017) (jwh) (Entered: 03/15/2017) |
| 03/15/2017 | 719 | ENDORSED LETTER addressed to Judge Robert W. Sweet from J. Stanley Pottinger dated 3/13/2017 re: request a one−week continuance of the hearing on Defendant's |

**CMA-064**

| | | |
|---|---|---|
| | | Motion to Compel Non–Party Witness to Produce Documents and Respond to Depositions Questions (Doc. 655 ) and Motion for Protective Order for Non–Party Witness (Doc. 640 ). ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 3/15/2017) (jwh) (Entered: 03/15/2017) |
| 03/15/2017 | 720 | ENDORSED LETTER re: 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction , addressed to Judge Robert W. Sweet from Laura A. Menninger dated 3/10/2017 re: a one–week extension of time in which to file a Response to Plaintiff's Renewed Motion to Compel. ENDORSEMENT: So ordered. (Set Deadlines/Hearing as to 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction : Responses due by 3/17/2017) (Signed by Judge Robert W. Sweet on 3/13/2017) (jwh) (Entered: 03/15/2017) |
| 03/15/2017 | 721 | NOTICE of Notice of Intent to Redact Transcript of Proceedings re: 702 Transcript,.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Transcript (Filed Under Seal))(Schultz, Meredith) (Entered: 03/15/2017) |
| 03/16/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Evidentiary Hearing held on 3/16/2017. (Court Reporter Martha Martin)Decision on hearing pending. (Chan, Tsz) (Entered: 03/17/2017) |
| 03/17/2017 | 722 | RESPONSE in Opposition to Motion re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 723 | DECLARATION of Sigrid McCawley in Opposition re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 724 | RESPONSE in Opposition to Motion re: 663 MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 725 | OPPOSITION BRIEF re: 721 Notice (Other) *of Intent to Redact Transcript of Proceedings*. Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 03/17/2017) |
| 03/17/2017 | 726 | RESPONSE in Opposition to Motion re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 727 | DECLARATION of Sigrid McCawley in Opposition re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 728 | RESPONSE in Opposition to Motion re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*. . Document filed by Virginia L. Giuffre. (Edwards, Bradley) (Entered: 03/17/2017) |
| 03/17/2017 | 729 | DECLARATION of Bradley Edwards in Opposition re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Edwards, Bradley) (Entered: 03/17/2017) |
| 03/17/2017 | 730 | RESPONSE in Opposition to Motion re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff*. . Document filed by Virginia L. Giuffre. (Edwards, Bradley) (Entered: 03/17/2017) |
| 03/17/2017 | 731 | DECLARATION of Bradley Edwards in Opposition re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit)(Edwards, Bradley) (Entered: 03/17/2017) |

| 03/17/2017 | 732 | RESPONSE in Opposition to Motion re: 681 MOTION in Limine *to Exclude Victim Notification Letter*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
|---|---|---|
| 03/17/2017 | 733 | DECLARATION of Sigrid McCawley in Opposition re: 681 MOTION in Limine *to Exclude Victim Notification Letter*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 734 | **FILING ERROR – ELECTRONIC FILING OF NON–ECF DOCUMENT –** CONSENT MOTION to Vacate 433 Endorsed Letter,, *STIPULATION AND [PROPOSED] ORDER VACATING CIVIL CONTEMPT FINDING AND ORDER AS TO NON–PARTY NADIA MARCINKOVA*. Document filed by Nadia Marcinko.(Dubno, Erica) Modified on 3/21/2017 (db). (Entered: 03/17/2017) |
| 03/17/2017 | 735 | RESPONSE in Opposition to Motion re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 736 | DECLARATION of Sigrid McCawley in Opposition re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 737 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 17, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 738 | RESPONSE in Opposition to Motion re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 739 | DECLARATION of Meredith Schultz in Opposition re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 740 | RESPONSE in Opposition to Motion re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non–Prosecution Agreement and Sex Offender Registration*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 741 | DECLARATION of Sigrid McCawley in Opposition re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non–Prosecution Agreement and Sex Offender Registration*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 742 | RESPONSE in Opposition to Motion re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 743 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 744 | RESPONSE in Opposition to Motion re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 745 | DECLARATION of Laura A. Menninger in Opposition re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Menninger, Laura) (Entered: 03/17/2017) |

**CMA-066**

| | | |
|---|---|---|
| 03/17/2017 | 746 | RESPONSE in Opposition to Motion re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 747 | RESPONSE in Opposition to Motion re: 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 748 | DECLARATION of Laura A. Menninger in Opposition re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 749 | RESPONSE in Opposition to Motion re: 691 MOTION in Limine *Omnibus*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 750 | DECLARATION of Meredith Schultz in Opposition re: 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Composite Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed 6, # 7 Exhibit Sealed 7, # 8 Exhibit Composite Sealed 8, # 9 Exhibit Sealed 9)(McCawley, Sigrid) (Entered: 03/17/2017) |
| 03/17/2017 | 751 | DECLARATION of Laura A. Menninger in Opposition re: 691 MOTION in Limine *Omnibus*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 752 | MOTION to Strike Document No. 711 *Plaintiff's Supplemental Authority*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 753 | DECLARATION of Laura A. Menninger in Support re: 752 MOTION to Strike Document No. 711 *Plaintiff's Supplemental Authority*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/17/2017) |
| 03/17/2017 | 754 | REPLY MEMORANDUM OF LAW in Opposition re: 637 MOTION to Compel Philip Barden to To Produce All Work Product and Attorney Client Communications . *Defendant's Surreply*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/17/2017) |
| 03/20/2017 | 755 | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/9/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Kelly Surina, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/10/2017. Redacted Transcript Deadline set for 4/20/2017. Release of Transcript Restriction set for 6/19/2017.(McGuirk, Kelly) (Entered: 03/20/2017) |
| 03/20/2017 | 756 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/9/17 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/20/2017) |
| 03/20/2017 | 757 | STIPULATION AND ORDER VACATING CIVIL CONTEMPT FINDING AND ORDER AS TO NADIA MARCINKOVA: THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties through their undersigned counsel, that the Plaintiff's Motion for a Finding of Civil Contempt against Nadia Marcinkova shall be withdrawn without costs to any party; and IT IS FURTHER STIPULATED AND AGREED, by and among the parties, subject to the Order of the Court, that the Order dated September 15, 2016 [Docket No. 433], as to Nadia Marcinkova shall be vacated in its entirety. (Signed by Judge Robert W. Sweet on 3/20/2017) (jwh) (Entered: 03/20/2017) |

| | | |
|---|---|---|
| 03/20/2017 | 758 | ENDORSED LETTER: addressed to Judge Robert W. Sweet from Laura A. Menninger dated March 17, 2017 re: To exceed page limit. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 3/20/2017) (ap) (Entered: 03/20/2017) |
| 03/20/2017 | 759 | ENDORSED LETTER re: 659 SECOND MOTION to Compel, 685 MOTION in Limine; addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 3/17/2017 re: a one week extension to file responses to Docket Entry # 659 and Docket Entry # 685 . ENDORSEMENT: So ordered. (Set Deadlines/Hearing as to 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data , 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL* : Responses due by 3/23/2017) (Signed by Judge Robert W. Sweet on 3/20/2017) (jwh) (Entered: 03/20/2017) |
| 03/20/2017 | 760 | ORDER granting 737 Letter Motion for Extension of Time to File Response/Reply re 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*, 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*, 662 MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. So ordered. Responses due by 3/22/2017. (Signed by Judge Robert W. Sweet on 3/20/2017) (jwh) (Entered: 03/20/2017) |
| 03/21/2017 | 761 | REPLY to Response to Motion re: 657 MOTION to Quash . . Document filed by Jeffrey Epstein. (Weinberg, Martin) (Entered: 03/21/2017) |
| 03/21/2017 | 762 | LETTER MOTION for Extension of Time addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 21, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/21/2017) |
| 03/21/2017 | 763 | MOTION to Strike Document No. 725 . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/21/2017) |
| 03/21/2017 | 764 | RESPONSE in Opposition to Motion re: 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/21/2017) |
| 03/22/2017 | 765 | ORDER granting 752 Motion to Strike Document No. 711 : The Defendant's motion to strike the Plaintiff's Notice of Supplemental Authority, ECF No. 711, is granted. The cited authority is inadmissible, and has been submitted previously in connection with Plaintiff's motion seeking financial information from the Defendant. (Signed by Judge Robert W. Sweet on 3/22/2017) (jwh) (Entered: 03/22/2017) |
| 03/22/2017 | 766 | RESPONSE in Opposition to Motion re: 662 MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/22/2017) |
| 03/22/2017 | 767 | ORDER granting 762 Letter Motion for Extension of Time. SO ORDERED. (Signed by Judge Robert W. Sweet on 3/22/2017) (ras) (Entered: 03/22/2017) |
| 03/22/2017 | 768 | RESPONSE in Opposition to Motion re: 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/22/2017) |
| 03/22/2017 | 769 | DECLARATION of Sigrid McCawley in Opposition re: 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2)(McCawley, Sigrid) (Entered: 03/22/2017) |
| 03/23/2017 | 770 | REPLY to Response to Motion re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction*. *[Re Kellen/Marcinkova]*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Comp 1 (Sealed), # 2 Exhibit 2 (Sealed))(Schultz, Meredith) (Entered: 03/23/2017) |
| 03/23/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/23/2017 re: 524 MOTION in Limine To Exclude Expert Testimony and Opinion of Professor Terry Coonan, J.D. filed by Ghislaine Maxwell, 561 MOTION in Limine to Exclude Defendant's Designations of Deposition Excerpts of Alan Dershowitz filed by Virginia L. Giuffre, 533 MOTION in Limine and Incorporated Memorandum of |

**CMA-068**

| | | |
|---|---|---|
| | | Law filed by Virginia L. Giuffre, 520 MOTION in Limine To Exclude Expert Testimony and Opinion of Chris Anderson filed by Ghislaine Maxwell, 526 MOTION in Limine To Exclude Expert Testimony and Opinion of Dianne C. Flores filed by Ghislaine Maxwell, 567 MOTION in Limine to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial filed by Ghislaine Maxwell, 522 MOTION in Limine To Exclude Expert Testimony and Opinions of William F. Chandler filed by Ghislaine Maxwell, 563 MOTION in Limine to Exclude Defendant's Designations of Deposition Excerpts of Virginia Giuffre in an Unrelated Case filed by Virginia L. Giuffre, 528 MOTION in Limine To Exclude Expert Testimony and Opinion of Dr. Bernard Jansen filed by Ghislaine Maxwell, 530 MOTION in Limine To Exclude Expert Testimony and Opinion of Doctor Gilbert Kliman filed by Ghislaine Maxwell, 535 MOTION in Limine and Incorporated Memorandum of Law filed by Virginia L. Giuffre. (Court Reporter Lisa Fellis) Documents #520,522,524,526,528,530,533,and 535 are taken on submission. Document #563 The Court will deal with this on trial. Document #567 Will be heard on April 5, 2017 at 12:00 p.m. Document #640, 655 Resolved in open court, partially granted and partially denied.(Chan, Tsz) (Entered: 03/23/2017) |
| 03/23/2017 | 771 | DECLARATION of Sigrid S. McCawley in Support re: 689 MOTION in Limine *to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite 1 (Sealed), # 2 Exhibit 2 (Sealed))(Schultz, Meredith) (Entered: 03/23/2017) |
| 03/23/2017 | 772 | RESPONSE in Opposition to Motion re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL.* . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/23/2017) |
| 03/23/2017 | 773 | DECLARATION of Jeffrey S. Pagliuca in Opposition re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL.*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Menninger, Laura) (Entered: 03/23/2017) |
| 03/24/2017 | 774 | REPLY MEMORANDUM OF LAW in Support re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 775 | DECLARATION of Sigrid McCawley in Support re: 683 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO ADMIT THE BLACK BOOK AS EVIDENCE AT TRIAL.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Sealed 1)(McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 776 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 3/22/17 re: Ms. Maxwell respectfully requests that she be permitted to submit her reply by March 31, 2017. ENDORSEMENT: Extension to 3/30 is granted. So ordered. ( Replies due by 3/30/2017.) (Signed by Judge Robert W. Sweet on 3/24/2017) (mro) (Entered: 03/24/2017) |
| 03/24/2017 | 777 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 3/23/17 re: This Court issued a sealed opinion today, March 23, 2017, that ordered additional briefing and a hearing on the issues related to the search of any email accounts, on dates to be decided by the parties. In light of this Court's Order, defendant requests that any response be combined in the upcoming briefing schedule. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 3/24/2017) (mro) (Entered: 03/24/2017) |
| 03/24/2017 | 778 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/24/2017) |
| 03/24/2017 | 779 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/24/2017) |
| 03/24/2017 | 780 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley dated March 24, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/24/2017) |

| 03/24/2017 | 781 | REPLY MEMORANDUM OF LAW in Support re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/24/2017) |
|---|---|---|
| 03/24/2017 | 782 | DECLARATION of Sigrid McCawley in Support re: 686 MOTION in Limine *PLAINTIFF MS. GIUFFRES MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE TO PRESENT ALL EVIDENCE OF DEFENDANTS INVOLVEMENT IN EPSTEIN SEXUAL ABUSE AND SEX TRAFFICKING.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4)(McCawley, Sigrid) (Entered: 03/24/2017) |
| 03/24/2017 | 783 | REPLY to Response to Motion re: 667 MOTION in Limine *to Exclude FBI 302 Statement of Plaintiff*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 784 | REPLY to Response to Motion re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*. . Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix A, # 2 Appendix B)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 785 | DECLARATION of Laura A. Menninger in Support re: 669 MOTION in Limine *to Exclude References to Crime Victims Rights Act Litigation*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit B, # 2 Exhibit C)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 786 | REPLY to Response to Motion re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 787 | DECLARATION of Laura A. Menninger in Support re: 664 MOTION in Limine *to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 788 | REPLY to Response to Motion re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non−Prosecution Agreement and Sex Offender Registration*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 789 | DECLARATION of Laura A. Menninger in Support re: 671 MOTION in Limine *to Exclude Jeffrey Epstein Plea and Non−Prosecution Agreement and Sex Offender Registration*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit C, # 2 Exhibit D)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 790 | REPLY to Response to Motion re: 675 MOTION in Limine *to Permit Questioning Regarding Plaintiffs Sexual History and Reputation*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 791 | REPLY to Response to Motion re: 681 MOTION in Limine *to Exclude Victim Notification Letter*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/24/2017) |
| 03/24/2017 | 792 | DECLARATION of Laura A. Menninger in Support re: 681 MOTION in Limine *to Exclude Victim Notification Letter*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D)(Menninger, Laura) (Entered: 03/24/2017) |
| 03/27/2017 | 793 | LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/27/2017) |
| 03/27/2017 | 794 | MOTION Plaintiffs Motion for Leave to Bring Personal Electronic Device and General Purpose Computing Devices to the Courthouse . Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order Plaintiffs Motion for Leave to Bring Personal Electronic Device and General Purpose Computing Devices to the |

| | | Courthouse)(McCawley, Sigrid) (Entered: 03/27/2017) |
|---|---|---|
| 03/27/2017 | 795 | LETTER MOTION for Oral Argument *for March 31st Hearing to Start at 10:00am* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. Document filed by Virginia L. Giuffre.(Schultz, Meredith) (Entered: 03/27/2017) |
| 03/27/2017 | 796 | NOTICE of Notice of Intent to Redact 03/09/17 Transcript of Proceedings [DE 756] re: 756 Notice of Filing Transcript,.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit 1 (Filed Under Seal))(Schultz, Meredith) (Entered: 03/27/2017) |
| 03/27/2017 | 797 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Sigrid McCawley. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 03/27/2017) |
| 03/27/2017 | 798 | REPLY MEMORANDUM OF LAW in Support re: 691 MOTION in Limine *Omnibus*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/27/2017) |
| 03/27/2017 | 799 | DECLARATION of Sigrid McCawley in Support re: 691 MOTION in Limine *Omnibus*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Composite Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 03/27/2017) |
| 03/28/2017 | 800 | AMENDED MOTION Motion leave to bring Personal Electronic Devices and General Purpose Computing Device into the Courthouse re: 794 MOTION Plaintiffs Motion for Leave to Bring Personal Electronic Device and General Purpose Computing Devices to the Courthouse . . Document filed by Virginia L. Giuffre. (Attachments: # 1 Text of Proposed Order STANDING ORDER M10–468, AS REVISED)(McCawley, Sigrid) (Entered: 03/28/2017) |
| 03/28/2017 | 801 | ORDER granting 780 Letter Motion for Leave to File Excess Pages: So ordered. (Signed by Judge Robert W. Sweet on 3/28/2017) (jwh) (Entered: 03/28/2017) |
| 03/28/2017 | 802 | NOTICE of Filing Plaintiff's Responses to Defendant's Objections to Plaintiff's Deposition Designations. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/28/2017) |
| 03/28/2017 | 803 | NOTICE of of Filing Typographical Errors Relating to Plaintiff's Deposition Designations for Use at Trial. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 03/28/2017) |
| 03/28/2017 | 804 | MOTION *Requesting Rulings on Her Outstanding Motions*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 03/28/2017) |
| 03/28/2017 | 805 | MOTION *for Leave to Bring Personal Electronic Devices and General Purpose Computing Devices Into the Courthouse*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 03/28/2017) |
| 03/28/2017 | 806 | Objection *to Production of (Blank) Submitted for in Camera Review*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/28/2017) |
| 03/28/2017 | 807 | REPLY to Response to Motion re: 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/28/2017) |
| 03/29/2017 | 808 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/29/2017) |
| 03/29/2017 | 809 | ENDORSED LETTER re: 673 MOTION in Limine, 663 MOTION in Limine, 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*, 677 MOTION in Limine, addressed to Judge Robert W. Sweet from Jeffrey S. Pagliuca dated 3/24/2017 re: an extension to file replies to Motions at Dockets 663 , 673 , 677 , and 693 . ENDORSEMENT: So ordered. (Set Deadlines/Hearing as to 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*, 663 MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*, 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*, 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*: Replies due by 3/30/2017.) (Signed by Judge Robert W. Sweet on 3/28/2017) (jwh) (Entered: |

| | | 03/29/2017) |
|---|---|---|
| 03/29/2017 | 810 | MEMORANDUM OF LAW in Opposition re: 763 MOTION to Strike Document No. 725 . . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 03/29/2017) |
| 03/29/2017 | 811 | LETTER RESPONSE in Opposition to Motion addressed to Judge Robert W. Sweet from Movant–Intervenor Michael Cernovich d/b/a Cernovich Media dated March 29, 2017 re: 793 LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. . Document filed by Michael Cernovich d/b/a Cernovich Media. (Wolman, Jay) (Entered: 03/29/2017) |
| 03/29/2017 | 812 | REPLY to Response to Motion re: 665 MOTION in Limine *to Prohibit Questioning Regarding Defendants Adult Consensual Sexual Activities*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/29/2017) |
| 03/29/2017 | 813 | NOTICE of of Plaintiff's Proposed Redactions to This Court's Order Denying Summary Judgment. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 03/29/2017) |
| 03/30/2017 | 814 | LETTER MOTION to Continue addressed to Judge Robert W. Sweet from Martin G. Weinberg dated 3/30/17. Document filed by Jeffrey Epstein.(Weinberg, Martin) (Entered: 03/30/2017) |
| 03/30/2017 | 815 | REPLY to Response to Motion re: 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 816 | DECLARATION of Jeffrey S. Pagliuca in Support re: 677 MOTION in Limine *to Exclude Police Reports and Other Inadmissible Hearsay*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit G)(Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 817 | REPLY to Response to Motion re: 673 MOTION in Limine *Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 818 | REPLY to Response to Motion re: 663 MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 819 | DECLARATION of Laura A. Menninger in Support re: 663 MOTION in Limine *to Exclude Complaint and Settlement Agreement in Jane Doe 102 v. Jeffrey Epstein*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 820 | REPLY to Response to Motion re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 821 | DECLARATION of Laura A. Menninger in Support re: 693 MOTION *to Exclude Evidence Pursuant to Fed. R. Evid. 404(b)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit J, # 2 Exhibit K, # 3 Exhibit L)(Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 822 | REPLY to Response to Motion re: 662 MOTION to Bifurcate *Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 03/30/2017) |
| 03/30/2017 | 823 | NOTICE of of Intent to Request Redaction of Sealed Opinion. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 03/30/2017) |
| 03/30/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/30/2017 re: 671 MOTION in Limine to Exclude Jeffrey Epstein Plea and Non–Prosecution Agreement and Sex Offender Registration filed by Ghislaine |

| | | |
|---|---|---|
| | | Maxwell, [667 MOTION in Limine to Exclude FBI 302 Statement of Plaintiff filed by Ghislaine Maxwell, 675 MOTION in Limine to Permit Questioning Regarding Plaintiffs Sexual History and Reputation filed by Ghislaine Maxwell, 681 MOTION in Limine to Exclude Victim Notification Letter filed by Ghislaine Maxwell, 664 MOTION in Limine to Exclude Late Disclosed Supplemental Report of Dr. James Jansen and Video Trial Exhibit of Dr. Gilbert Kliman filed by Ghislaine Maxwell, 669 MOTION in Limine to Exclude References to Crime Victims Rights Act Litigation filed by Ghislaine Maxwell. (Court Reporter Khris Sellin)Motion pending. (Chan, Tsz) (Entered: 04/03/2017) |
| 03/31/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 3/31/2017 re: 677 MOTION in Limine to Exclude Police Reports and Other Inadmissible Hearsay filed by Ghislaine Maxwell, 673 MOTION in Limine Exclude Deposition Testimony of Sarah Kellen and Nadia Marcinkova or Any Witness Invoking Their Fifth Amendment Privilege filed by Ghislaine Maxwell, 662 MOTION to Bifurcate Trial Relating to Punitive Damages and Exclusion of any Reference to Defendants Financial Information in the Liability Phase filed by Ghislaine Maxwell, 691 MOTION in Limine Omnibus filed by Virginia L. Giuffre, 689 MOTION in Limine to Present Testimony for Purpose of Obtaining an Adverse Inference Instruction filed by Virginia L. Giuffre, 666 MOTION in Limine *to Exclude Evidence Barred as a Result of Plaintiffs Summary Judgment Concessions filed by Ghislaine Maxwell. (Court Reporter Ellen Simone and Khris Sellin)Motion pending. (Chan, Tsz) (Entered: 04/03/2017)* |
| 04/03/2017 | 824 | TRANSCRIPT of Proceedings re: Conference held on 3/16/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Martha Martin, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/24/2017. Redacted Transcript Deadline set for 5/4/2017. Release of Transcript Restriction set for 7/3/2017.(Siwik, Christine) (Entered: 04/03/2017) |
| 04/03/2017 | 825 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference held on 3/16/17 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/03/2017) |
| 04/03/2017 | 826 | Objection *to Plaintiff's Deposition Designations (AMENDED)*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/03/2017) |
| 04/03/2017 | 827 | REPLY MEMORANDUM OF LAW in Support re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL.* . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/03/2017) |
| 04/03/2017 | 828 | DECLARATION of Sigrid McCawley in Support re: 685 MOTION in Limine *PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL.*. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed Exhibit 1, # 2 Exhibit Sealed Exhibit 2, # 3 Exhibit Sealed Exhibit 3)(McCawley, Sigrid) (Entered: 04/03/2017) |
| 04/03/2017 | 829 | LETTER RESPONSE to Motion addressed to Judge Robert W. Sweet from Ty Gee dated April 3, 2017 re: 793 LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/03/2017) |
| 04/04/2017 | 830 | OPPOSITION BRIEF re: 806 Objection (non–motion) *and Second Motion to Compel Defendant to Produce Documents*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/04/2017) |
| 04/05/2017 | 831 | TRANSCRIPT of Proceedings re: Conference held on 3/23/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Lisa Picciano Fellis, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/26/2017. Redacted Transcript Deadline set for 5/8/2017. Release of Transcript Restriction set for 7/5/2017.(Siwik, Christine) (Entered: 04/05/2017) |
| 04/05/2017 | 832 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 3/23/17 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/05/2017) |
| 04/05/2017 | 833 | OPPOSITION BRIEF re: 813 Notice (Other) . Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 04/05/2017) |
| 04/05/2017 | 834 | ORDER: A hearing on ECF No. 806 shall be held on Thursday, April 13, 2017 at noon in Courtroom 18C, United States Courthouse, 500 Pearl Street. Defendant's reply papers shall be due April 11, 2017. ( Status Conference set for 4/13/2017 at 12:00 PM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 4/5/2017) (mro) (Entered: 04/05/2017) |
| 04/05/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 4/5/2017 re: 685 MOTION in Limine PLAINTIFFS MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM CALLING PLAINTIFFS ATTORNEYS AS WITNESSES AT TRIAL filed by Virginia L. Giuffre, 567 MOTION in Limine to Exclude In Toto Certain Depositions Designated By Plaintiff for Use at Trial filed by Ghislaine Maxwell, 657 MOTION to Quash filed by Jeffrey Epstein. (Court Reporter Paula Speer and Sonia Ketter)Deposition designations take on submission.ECF No. 567 Partially resolved.ECF No. 657 Granted.ECF No. 685 Decision Reserved. (Chan, Tsz) (Entered: 04/07/2017) |
| 04/05/2017 | | Set/Reset Deadlines: Replies due by 4/11/2017. (mro) (Entered: 04/11/2017) |
| 04/06/2017 | 835 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/06/2017) |
| 04/06/2017 | 836 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/06/2017) |
| 04/07/2017 | 837 | ORDER denying as moot 804 Motion for request for the Court to Rule on outstanding motions: The Defendant's motion for the Court to rule on outstanding motions, ECF No. 804, is denied as moot. ECF No. 231 was resolved by sealed opinion dated August 30, 2016, and ECF No. 354 was resolved by sealed opinion sent to the parties April 4, 2017. (Signed by Judge Robert W. Sweet on 4/7/2017) (jwh) (Entered: 04/07/2017) |
| 04/07/2017 | 838 | NOTICE of Plaintiff's Briefing on an Adverse Inference Instruction Regarding Defendant's Failure to Comply with This Court's Order to Produce Her Electronic Documents and Communications. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/07/2017) |
| 04/07/2017 | 839 | NOTICE of Declaration in Support of Plaintiff's Briefing on an Adverse Inference Instruction Regarding Defendant's Failure to Comply with This Courts Orders to Produce Her Electronic Documents and Communications re: 838 Notice (Other),. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed Composite 6)(McCawley, Sigrid) (Entered: 04/07/2017) |
| 04/10/2017 | 840 | NOTICE of of Intent to Request Redactions to the March 16, 2017 Transcript. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 04/10/2017) |
| 04/11/2017 | 841 | REPLY re: 806 Objection (non–motion) *to Production of (Blank) Submitted for in Camera Review*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 842 | DECLARATION of Jeffrey S. Pagliuca in Support re: 806 Objection (non–motion). Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 04/11/2017) |

**CMA-074**

| | | |
|---|---|---|
| 04/11/2017 | 843 | NOTICE of Plaintiff's Proposed Redactions to This Court's April 4, 2017 Order Denying Defendant's Motion to Compel and Motion for Sanctions. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 04/11/2017) |
| 04/11/2017 | 844 | MOTION for Reconsideration re; 837 Order on Motion for Miscellaneous Relief, *Defendant's Motion Requesting Ruling on Her Outstanding Motions*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix A, # 2 Appendix B)(Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 845 | MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/11/2017) |
| 04/11/2017 | 846 | DECLARATION of Laura A. Menninger in Support re: 845 MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Menninger, Laura) (Entered: 04/11/2017) |
| 04/12/2017 | 847 | TRANSCRIPT of Proceedings re: argument held on 3/31/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Khristine Sellin, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2017. Redacted Transcript Deadline set for 5/15/2017. Release of Transcript Restriction set for 7/11/2017.(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 848 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a argument proceeding held on 3/31/17 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 849 | TRANSCRIPT of Proceedings re: argument held on 3/30/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Khristine Sellin, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2017. Redacted Transcript Deadline set for 5/15/2017. Release of Transcript Restriction set for 7/11/2017.(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 850 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a argument proceeding held on 3/30/17 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 851 | TRANSCRIPT of Proceedings re: motion held on 3/31/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Ellen Simone, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/3/2017. Redacted Transcript Deadline set for 5/15/2017. Release of Transcript Restriction set for 7/11/2017.(Siwik, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | 852 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a motion proceeding held on 3/31/17 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 04/12/2017) |

**CMA-075**

| | | |
|---|---|---|
| 04/12/2017 | 853 | ORDER denying 844 Motion for Reconsideration; terminating 230 Motion for Reopen Deposition of Plaintiff Virginia Giuffre: The Defendant's motion for reconsideration, ECF No. 844, is denied. The sealed opinion dated August 30, 2016 resolving ECF No. 230 also resolved ECF No. 231. ECF No. 231, the Defendant's motion for sanctions, was denied. (Signed by Judge Robert W. Sweet on 4/12/2017) (jwh) Modified on 4/27/2017 (jwh). (Entered: 04/12/2017) |
| 04/13/2017 | | Minute Entry for proceedings held before Judge Robert W. Sweet: Oral Argument held on 4/13/2017 re: 659 SECOND MOTION to Compel Ghislaine Maxwell to Disclose Data from Defendant's Undisclosed Email Account and for An Adverse Inference Instruction filed by Virginia L. Giuffre, 806 Objection (non−motion) filed by Ghislaine Maxwell. (Court Reporter Karen Gorlaski and Steve Griffing)Decision Reserved. (Chan, Tsz) (Entered: 04/14/2017) |
| 04/14/2017 | 854 | NOTICE of Filing Under Seal The Declaration of Experts K.Gus Dimitrelos and Steven A. Williams re: 838 Notice (Other),. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/14/2017) |
| 04/17/2017 | 855 | LETTER MOTION for Extension of Time *to Exchange Exhibit List and Submit the Revised Joint Pre−Trial Order* addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 17, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/17/2017) |
| 04/18/2017 | 856 | RESPONSE in Opposition to Motion re: 845 MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*. . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 857 | ORDER granting 855 Letter Motion for Extension of Time: So ordered. (Pretrial Order due by 4/18/2017.) (Signed by Judge Robert W. Sweet on 4/18/2017) (jwh) (Entered: 04/18/2017) |
| 04/18/2017 | 858 | NOTICE of Filing Response to Proposed Intervenor Michael Cernovich Opposition to Notice of Plaintiff's Proposed Redactions to This Court's Order Denying Summary Judgment re: 833 Opposition Brief. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 859 | JOINT PRETRIAL STATEMENT . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 860 | NOTICE of Plaintiff's Proposed Redactions to This Court's April 4, 2017 Order Denying Bradley edwards Motion to Quash. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 04/18/2017) |
| 04/18/2017 | 861 | ORDER of USCA (Certified Copy) as to 504 Notice of Appeal filed by Alan M. Dershowitz. USCA Case Number 16−3945. The parties in the above−referenced case have filed a stipulation withdrawing this appeal pursuant to Local Rule 42.1. The stipulation is hereby "So Ordered". Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 04/18/2017. (nd) (Entered: 04/19/2017) |
| 04/19/2017 | 862 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/19/2017) |
| 04/20/2017 | 863 | REPLY to Response to Motion re: 845 MOTION to Appoint Special Master *to Preside Over Third Deposition of Defendant*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/20/2017) |
| 04/20/2017 | 864 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** MOTION to Compel Non−Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Declaration of Laura Menninger, # 2 Exhibits A–F)(Menninger, Laura) Modified on 5/2/2017 (db). (Entered: 04/20/2017) |
| 04/24/2017 | 865 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/24/2017) |
| 04/24/2017 | 866 | JOINT LETTER MOTION for Extension of Time addressed to Judge Robert W. Sweet from Sigrid McCawley dated April 24, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 04/24/2017) |
| 04/25/2017 | 867 | ORDER: granting 866 Letter Motion for Extension of Time. So ordered. (Signed by Judge Robert W. Sweet on 4/25/2017) (ap) (Entered: 04/25/2017) |

**CMA-076**

| | | |
|---|---|---|
| 04/25/2017 | 868 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/26/2017) |
| 04/26/2017 | 869 | ORDER denying 845 Motion to Appoint Special Master to Preside Over Third Deposition of Defendant. The defendant Ghislaine Maxwell ("Maxwell" or the "Defendant") has moved for the appointment of a special master to preside over her final deposition. The motion is denied. The final deposition of Maxwell will be limited to three (3) hours and will be held in Courtroom 18C at 500 Pearl Street, on a date and time on which the parties and the Court agree. The deposition will be supervised by the Court. (Signed by Judge Robert W. Sweet on 4/24/2017) (mro) (Entered: 04/26/2017) |
| 04/26/2017 | 870 | ORDER: The motion to compel filed April 20, 2017 shall be heard on Wednesday, May 3, 2017 at 11:00 AM in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. ( Oral Argument set for 5/3/2017 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 4/24/2017) (mro) (Entered: 04/26/2017) |
| 04/26/2017 | 871 | RESPONSE in Opposition to Motion re: 864 MOTION to Compel Non–Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI*. . Document filed by John Stanley Pottinger. (Pottinger, John) (Entered: 04/26/2017) |
| 04/27/2017 | 872 | OPINION: Because of the existence of triable issues of material fact rather than opinion and because the pre–litigation privilege is inapplicable, the motion for summary judgment is denied. For the reasons set forth above, the motion for summary judgment is denied. The parties are directed to jointly file a proposed redacted version of this Opinion consistent with the Protective Order or notify the Court that none are necessary within one week of the date of receipt of this Opinion. Motions terminated: denying 540 MOTION for Summary Judgment, filed by Ghislaine Maxwell. (Signed by Judge Robert W. Sweet on 4/27/2017) (ap) Modified on 4/28/2017 (ap). (Entered: 04/27/2017) |
| 04/28/2017 | 873 | NOTICE of Errata. Document filed by Jeffrey Epstein. (Goldberger, Jack) (Entered: 04/28/2017) |
| 04/28/2017 | 874 | REDACTION *Declaration* by Jeffrey Epstein(Goldberger, Jack) (Entered: 04/28/2017) |
| 04/28/2017 | 875 | NOTICE of Pursuant to Rule 415 Of Similiar Acts Evidence. Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 04/28/2017) |
| 04/28/2017 | 876 | REPLY to Response to Motion re: 864 MOTION to Compel Non–Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI*. . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 877 | DECLARATION of Laura A. Menninger in Support re: 864 MOTION to Compel Non–Party Witness to Produce *Documents and Respond to Deposition Questions and to Complete Search of ESI*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit F)(Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 878 | MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) . Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 879 | DECLARATION of Laura A. Menninger in Support re: 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) .. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Menninger, Laura) (Entered: 04/28/2017) |
| 04/28/2017 | 880 | PROPOSED JURY INSTRUCTIONS. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 04/28/2017) |
| 05/01/2017 | 881 | PROPOSED VOIR DIRE QUESTIONS. Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Entered: 05/01/2017) |

**CMA-077**

| | | |
|---|---|---|
| 05/01/2017 | 882 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION in Limine *to Exclude Philip Barden*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) Modified on 5/2/2017 (db). (Entered: 05/01/2017) |
| 05/01/2017 | 883 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** DECLARATION of Sigrid McCawley in Support re: 882 MOTION in Limine *to Exclude Philip Barden*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed Composite 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) Modified on 5/2/2017 (db). (Entered: 05/01/2017) |
| 05/01/2017 | 884 | PROPOSED VOIR DIRE QUESTIONS. Document filed by Ghislaine Maxwell. (Attachments: # 1 Appendix Defendant's Proposed Jury Questionnaire)(Menninger, Laura) (Entered: 05/01/2017) |
| 05/02/2017 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Sigrid S. McCawley to RE–FILE Document 882 MOTION in Limine *to Exclude Philip Barden*. Use the event type Miscellaneous Relief found under the event list Motion(s). (db)** (Entered: 05/02/2017) |
| 05/02/2017 | | ***NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Sigrid S. McCawley to RE–FILE Document 883 Declaration in Support of Motion. ERROR(S): Document(s) linked to filing error. (db)** (Entered: 05/02/2017) |
| 05/02/2017 | 885 | MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction . Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/02/2017) |
| 05/02/2017 | 886 | DECLARATION of Sigrid McCawley in Support re: 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Composite Sealed 2, # 3 Exhibit Sealed 3)(McCawley, Sigrid) (Entered: 05/02/2017) |
| 05/02/2017 | 887 | NOTICE OF APPEARANCE by Paul G Cassell on behalf of Sarah Ransome. (Cassell, Paul) (Entered: 05/02/2017) |
| 05/02/2017 | 888 | REDACTION *Declaration of Jack Goldberger* by Jeffrey Epstein(Goldberger, Jack) (Entered: 05/02/2017) |
| 05/02/2017 | 889 | ORDER: The Defendant's motion filed April 28, 2017 shall be heard on Wednesday, May 10, 2017 at 11:00 AM in Courtroom 18C, united States Courthouse, 500 Pearl Street, All papers shall be served in accordance with Local Civil Rule 6.1. (Oral Argument set for 5/10/2017 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/2/2017) (ap) (Entered: 05/02/2017) |
| 05/02/2017 | 890 | ENDORSED LETTER addressed to Judge Robert W. Sweet from Laura A. Menninger dated 5/1/2017 re: request for a one–day extension of time to submit Ms. Maxwell's financial affidavit. ENDORSEMENT: So ordered. (Signed by Judge Robert W. Sweet on 5/2/2017) (jwh) (Entered: 05/02/2017) |
| 05/02/2017 | 891 | ORDER: The Plaintiff's motion in limine filed May 1, 2017 shall be heard on Wednesday, May 10, 2017 at 11:00 AM in Courtroom 18C, United States Courthouse, 500 Pearl Street. All papers shall be served in accordance with Local Civil Rule 6.1. (Set Deadlines/Hearing as to 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction : Motion Hearing set for 5/10/2017 at 11:00 AM in Courtroom 18C, 500 Pearl Street, New York, NY 10007 before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/2/2017) (jwh) (Entered: 05/02/2017) |
| 05/03/2017 | 892 | OPINION re: 793 LETTER MOTION to Seal Document *Portions of February 16, 2017 Hearing Transcript* addressed to Judge Robert W. Sweet from Meredith Schultz dated March 27, 2017 filed by Virginia L. Giuffre, 763 MOTION to Strike Document No. 725 filed by Virginia L. Giuffre, 550 MOTION to Intervene *and Unseal* filed by Michael Cernovich d/b/a Cernovich Media: This opinion resolves ECF Nos. 550, 763, and 793. The motion of the Intervenor to intervene is granted. The motion to modify the Protective Order is denied. (Signed by Judge Robert W. Sweet on 5/2/2017) (jwh) |

| | | |
|---|---|---|
| | | (Entered: 05/03/2017) |
| 05/03/2017 | 893 | RESPONSE re: 875 Notice (Other) *in Opposition to Plaintiffs Notice Pursuant to Rule 415 of Similar Acts Evidence*. Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 05/03/2017) |
| 05/03/2017 | 894 | NOTICE of of Intent to Request Redactions to March 30 & 31, 2017 Hearing Transcripts. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 05/03/2017) |
| 05/03/2017 | 895 | DECLARATION of Laura A. Menninger in Support re: 893 Response. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Menninger, Laura) (Entered: 05/03/2017) |
| 05/04/2017 | | Set/Reset Hearings: Oral Argument set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet. Pretrial Conference set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet.(As per chambers the hearings have been rescheduled) (lb) (Entered: 05/04/2017) |
| 05/04/2017 | | Set/Reset Deadlines as to 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction . Motion Hearing set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet. (lb) (Entered: 05/04/2017) |
| 05/04/2017 | | Set/Reset Deadlines as to 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) .. Motion Hearing set for 5/10/2017 at 12:00 PM before Judge Robert W. Sweet. (lb) (Entered: 05/04/2017) |
| 05/04/2017 | 896 | MOTION to Compel *Non−Party Witness to Produce Documents and Respond to Deposition Questions and to Complete Search of ESI (Refiled)*. Document filed by Ghislaine Maxwell.(Menninger, Laura) (Entered: 05/04/2017) |
| 05/04/2017 | 897 | DECLARATION of Laura A. Menninger in Support re: 896 MOTION to Compel *Non−Party Witness to Produce Documents and Respond to Deposition Questions and to Complete Search of ESI (Refiled)*.. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A–F)(Menninger, Laura) (Entered: 05/04/2017) |
| 05/04/2017 | 898 | LETTER addressed to Judge Robert W. Sweet from Eric J. Feder dated 5/4/2017 re: Public Access to Judicial Proceedings. Document filed by NYP Holdings, Inc.,, Daily News, L.P..(Feder, Eric) (Entered: 05/04/2017) |
| 05/04/2017 | 899 | LETTER addressed to Judge Robert W. Sweet from Jay M. Wolman dated 5/4/17 re: Joinder to Request of NYP Holdings, Inc., and Daily News, L.P. 898 . Document filed by Michael Cernovich d/b/a Cernovich Media.(Wolman, Jay) (Entered: 05/04/2017) |
| 05/05/2017 | 900 | MOTION for Order to Show Cause *and to Enforce Court's March 22, 2017 Order*. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 901 | DECLARATION of Meredith Schultz in Support re: 900 MOTION for Order to Show Cause *and to Enforce Court's March 22, 2017 Order*.. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1)(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 902 | MOTION Plaintiff's Motion for LEave to Permit Magna Legal Services to Bring Personal Electronic Devices and Video Equipment to Courthouse . Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Exhibit 1)(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 903 | TRANSCRIPT of Proceedings re: CONFERENCE held on 4/5/2017 before Judge Robert W. Sweet. Court Reporter/Transcriber: Sonya Ketter Huggins, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/26/2017. Redacted Transcript Deadline set for 6/5/2017. Release of Transcript Restriction set for 8/3/2017.(McGuirk, Kelly) (Entered: 05/05/2017) |
| 05/05/2017 | 904 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 4/5/17 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) |

| | | |
|---|---|---|
| | | calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 05/05/2017) |
| 05/05/2017 | 905 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Robert W. Sweet from Meredith Schultz dated May 5, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 906 | RESPONSE in Opposition to Motion re: 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) . . Document filed by Virginia L. Giuffre. (McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 907 | DECLARATION of Sigrid McCawley in Opposition re: 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c) .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed 1, # 2 Exhibit Sealed 2, # 3 Exhibit Sealed 3, # 4 Exhibit Sealed 4, # 5 Exhibit Sealed 5, # 6 Exhibit Sealed 6, # 7 Exhibit Sealed 7, # 8 Exhibit Sealed 8, # 9 Exhibit Sealed 9, # 10 Exhibit Sealed 10, # 11 Exhibit Sealed 11)(McCawley, Sigrid) (Entered: 05/05/2017) |
| 05/05/2017 | 908 | MOTION for Order Directing the FBI to Produce Photographs to the Court . Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Entered: 05/05/2017) |
| 05/05/2017 | 909 | DECLARATION of Bradley Edwards in Support re: 908 MOTION for Order Directing the FBI to Produce Photographs to the Court .. Document filed by Virginia L. Giuffre. (Attachments: # 1 Exhibit Sealed A, # 2 Exhibit Sealed B)(Edwards, Bradley) (Entered: 05/05/2017) |
| 05/08/2017 | 910 | JOINT LETTER MOTION to Adjourn Conference addressed to Judge Robert W. Sweet from Sigrid McCawley and Jeff Pagliuca dated May 8, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/08/2017) |
| 05/08/2017 | 911 | ORDER granting 905 Letter Motion for Leave to File Excess Pages: So ordered. (Signed by Judge Robert W. Sweet on 5/8/2017) (jwh) (Entered: 05/08/2017) |
| 05/09/2017 | 912 | ORDER granting 910 Letter Motion to Adjourn Conference: So ordered. (Oral Argument set for 5/25/2017 at 12:00 PM before Judge Robert W. Sweet. Pretrial Conference set for 5/25/2017 at 12:00 PM before Judge Robert W. Sweet.) (Signed by Judge Robert W. Sweet on 5/9/2017) (jwh) (Entered: 05/09/2017) |
| 05/09/2017 | | Set/Reset Deadlines as to 885 MOTION to Exclude Philip Barden from Testifying at Trial, to Exclude Defenses Based Upon Certain Documents and for Adverse Inference Jury Instruction ; 878 MOTION to Exclude Undisclosed Witnesses and Exhibits Pursuant to Fed. R. Civ. P. 37(c): Motion Hearing set for 5/25/2017 at 12:00 PM before Judge Robert W. Sweet. (jwh) (Entered: 05/09/2017) |
| 05/10/2017 | 913 | JOINT LETTER MOTION to Adjourn Conference addressed to Judge Robert W. Sweet from Sigrid McCawley and Jeff Pagliuca dated May 10, 2017. Document filed by Virginia L. Giuffre.(McCawley, Sigrid) (Entered: 05/10/2017) |
| 05/11/2017 | 914 | ORDER granting 913 Letter Motion to Adjourn Conference: So ordered. (Signed by Judge Robert W. Sweet on 5/11/2017) (jwh) (Entered: 05/11/2017) |
| 05/19/2017 | 915 | NOTICE OF INTERLOCUTORY APPEAL from 892 Memorandum & Opinion,,. Document filed by Alan M. Dershowitz. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Lebowitz, David) (Entered: 05/19/2017) |
| 05/19/2017 | | Appeal Fee Due: for 915 Notice of Interlocutory Appeal. $505.00 Appeal fee due by 6/2/2017. (nd) (Entered: 05/19/2017) |
| 05/19/2017 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 915 Notice of Interlocutory Appeal. (nd) (Entered: 05/19/2017) |
| 05/19/2017 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 915 Notice of Interlocutory Appeal filed by Alan M. Dershowitz were transmitted to the U.S. Court of Appeals. (nd) (Entered: 05/19/2017) |
| 05/24/2017 | 916 | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above–captioned |

**CMA-080**

| | | |
|---|---|---|
| | | action is voluntarily dismissed, with prejudice against the defendant(s) Ghislaine Maxwell and without costs to either party pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Virginia L. Giuffre.(Edwards, Bradley) (Main Document 916 replaced on 5/25/2017) (ama). (Main Document 916 replaced on 5/26/2017) (tn). (Main Document 916 replaced on 5/30/2017) (tn). (Entered: 05/24/2017) |
| 05/25/2017 | | USCA Case Number 17−1625 from the U.S. Court of Appeals, Second Circuit assigned to 915 Notice of Interlocutory Appeal filed by Alan M. Dershowitz. (nd) (Entered: 05/25/2017) |
| 05/25/2017 | | Terminate Transcript Deadlines (jwh) (Entered: 05/25/2017) |
| 05/25/2017 | 918 | LETTER addressed to Judge Robert W. Sweet from Andrew G. Celli, Jr. dated May 25, 2017 re: Request for Leave to File a Letter Under Seal. Document filed by Alan M. Dershowitz.(Celli, Andrew) (Entered: 05/25/2017) |
| 05/25/2017 | | ***DELETED DOCUMENT. Deleted document number 917 Joint Stipulation for Voluntary Dismissal. The document was incorrectly filed in this case. (tn) (Entered: 05/26/2017) |
| 05/25/2017 | 919 | JOINT STIPULATION FOR DISMISSAL: that this action shall be DISMISSED WITH PREJUDICE, with each party to bear its own attorneys' fees and costs. Ghislaine Maxwell terminated. (Signed by Judge Robert W. Sweet on 5/25/2017) (tn) (tn). Modified on 5/30/2017 (tn). (Entered: 05/30/2017) |
| 05/31/2017 | 920 | NOTICE OF APPEAL from 892 Memorandum & Opinion,,. Document filed by Michael Cernovich d/b/a Cernovich Media. Filing fee $ 505.00, receipt number 0208−13725473. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Wolman, Jay) (Entered: 05/31/2017) |
| 05/31/2017 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 920 Notice of Appeal. (tp) (Entered: 05/31/2017) |
| 05/31/2017 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 920 Notice of Appeal, filed by Michael Cernovich d/b/a Cernovich Media were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/31/2017) |
| 06/06/2017 | | Appeal Fee Paid electronically via Pay.gov: for 915 Notice of Interlocutory Appeal. Filing fee $ 505.00. Pay.gov receipt number 0208−13685185, paid on 05/19/2017. **[USCA Case Number 17−1625].** (nd) (Entered: 06/06/2017) |
| 06/14/2017 | 921 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/14/2017) |
| 06/21/2017 | 922 | LETTER addressed to Judge Robert W. Sweet from Andrew G. Celli. Jr. dated June 21, 2017 re: Confidentiality Designations. Document filed by Alan M. Dershowitz. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Celli, Andrew) (Entered: 06/21/2017) |
| 06/22/2017 | 923 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/22/2017) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------X

VIRGINIA L. GIUFFRE,

       Plaintiff,

v.

GHISLAINE MAXWELL,

       Defendant.

15-cv-07433-RWS

--------------------------------------------------X


**Memorandum of Law in Support of Defendant's**
**<u>Motion for Summary Judgment</u>**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

**CMA-082**

# TABLE OF CONENTS

PRELIMINARY STATEMENT ................................................................. 1

FACTS ................................................................................................. 1

SUMMARY JUDGMENT STANDARD ................................................ 10

ARGUMENT ...................................................................................... 12

I.  Ms. Maxwell is not liable for republications of her January 2015 statement that she did not authorize or request and by entities she did not control. ....................................................... 12

    A.    Summary judgment is warranted to the extent plaintiff seeks to impose liability on any media's republication of all or a portion of the January 2015 statement. ........ 12

    B.    Because plaintiff is a limited public figure, imposing liability upon Ms. Maxwell for republication of the January 2015 statement would violate the First Amendment. ...................................................................... 16

    C.    Plaintiff should be barred from introducing into evidence any republication of an excerpt from the January 2015 statement. ............................................................ 17

II.  Summary judgment is warranted under the New York Constitution. ................................... 18

    A.    The January 2015 statement constitutes nonactionable opinion. ........................... 18

    B.    In this Rule 56 proceeding, this Court's Rule 12(b)(6) opinion does not control the question of law whether the January 2015 statement constitutes nonactionable opinion. ................................................................ 31

III.  The pre-litigation privilege bars this action. .......................................................... 33

IV.  Ms. Maxwell's January 4, 2015, statement is nonactionable. ................................................. 38

V.  The defamation claim should be dismissed because the publication is substantially true. ... 39

VI.  Plaintiff cannot establish actual malice by clear and convincing evidence. .......................... 40

    A.    Facts. ................................................................................ 40

    B.    Plaintiff carries the burden of proving actual malice by clear and convincing evidence. ...................................................................... 48

    C.    Plaintiff is a public figure who must prove actual malice. ...................................... 49

        1.    Plaintiff successfully invited public attention to influence others. ........... 51

i

2.      Plaintiff voluntarily injected herself into public controversies related to the subject of this litigation............................................................................ 53

3.      Plaintiff assumed a position of prominence in the public controversies. . 53

4.      Plaintiff has maintained regular and continuing access to the media. ...... 54

D.      Plaintiff must also prove actual malice to overcome the defenses of reply and pre-litigation privilege. ................................................................................. 54

E.      The January 2015 statement was substantially true, and plaintiff cannot produce clear and convincing evidence of its falsity. ........................................................ 56

1.      The January 2015 statement accurately denied that Ms. Maxwell met Plaintiff when Plaintiff was 15 years old in 1999................................... 56

2.      The January 2015 statement accurately denied that Ms. Maxwell "regularly participate[d] in Epstein's sexual exploitation of minors" and that "the Government knows" such fact. ................................................. 58

3.      The January 2015 statement accurately denied that "with [Ms. Maxwell's] assistance, [Epstein] converted [Plaintiff] into what is commonly referred to as a 'sex slave.'" ................................................................................. 59

4.      The January 2015 statement accurately reported that Plaintiff alleged "sexual relations" with Professor Dershowitz which he denied. .............. 60

5.      The January 2015 statement accurately denied that Ms. Maxwell created and distributed child pornography and that the Government knows of and possesses such child pornography. ........................................................ 62

6.      January 2015 statement accurately denied Maxwell acted as "madame" for Epstein to traffic Plaintiff to the rich and famous.................................... 63

CONCLUSION............................................................................................................ 68

CERTIFICATE OF SERVICE ................................................................................... 70

## TABLE OF AUTHORITIES

**Cases**

*Adelson v. Harris*, 973 F. Supp. 2d 467, 490 (S.D.N.Y. 2013)..........................................29

*Air Wisconsin Airlines Corp. v. Hoeper*, 134 S. Ct. 852, 861 (2014) ...............................48

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). .......................................11

*Aronson v. Wiersma*, 483 N.E.2d 1138, 1139 (1985) ...................................................22,24

*Bartnicki v. Vopper*, 532 U.S. 514, 535 (2001)..................................................................48

*Biro v. Condé Nast*, 883 F. Supp. 2d 441, 458 (S.D.N.Y. 2012) .......................................39

*Biro v. Condé Naste*, 963 F. Supp. 2d 255, 269 (S.D.N.Y. 2013)......................................49

*Black v. Green Harbour Homeowners' Ass'n*, 798 N.Y.S.2d 753 (App. Div. 2005), ......34

*Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176-77 (2d Cir. 2000)................51

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)..........................................................12

*Chambers v. Wells Fargo Bank, N.A.*, No. 2016 WL 3533998, at *8 (D.N.J. June 28, 2016) ...................................................................................................................................33

*Chau v. Lewis*, 935 F. Supp. 2d 644, 665 (S.D.N.Y. 2013) ..............................................23

*Collier v. Postum Cereal Co.*, 134 N.Y.S. 847, 853 (1st Dep't 1912) ..............................55

*Contemporary Mission, Inc. v. N.Y. Times Co.*, 842 F.2d 612, 617 (2d Cir. 1988)..........50

*Curtis Publ'g Co. v. Butts*, 388 U.S. 130 (1967) ..............................................................49

*Davis v. Boeheim*, 22 N.E.3d 999, 1006 (N.Y. 2014) ...................................................22,31

*Davis v. Costa-Gavras*, 580 F. Supp. 1082, 1096 (S.D.N.Y. 1984) .................................12

*Dibella v. Hopkins*, No. 01 CIV. 11779 (DC), 2002 WL 31427362, at *2 (S.D.N.Y. Oct. 30, 2002)...........................................................................................................................23

*Don King Prods., Inc. v. Douglas*, 742 F. Supp. 778, 780 (S.D.N.Y. 1990) ...................11

*Elias v. Rolling Stone LLC*, No. 15-CV-5953 (PKC), 2016 WL 3583080, at *6 (S.D.N.Y. June 28, 2016).....................................................................................................22

*Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*, No. 16 CIV. 57 (PAE), 2016 WL 3773394, at *11 (S.D.N.Y. July 8, 2016)..........................................19

*Faigin v. Kelly*, 978 F. Supp. 420, 426 (D. N.H. 1997......................................50

*Firestone v. Time, Inc.*, 271 So. 2d 745, 752 (Fla. 1972)..................................13

*Fleckenstein v. Friedman*, 193 N.E. 537, 538 (N.Y. 1934) ..............................40

*Flomenhaft v. Finkelstein*, 8 N.Y.S.3d 161, 164 n.2 (1st Dep't 2015) ..............33

*Folwell v. Miller*, 145 F. 495, 497 (2d Cir. 1906) ............................................13

*Franklin v. Daily Holdings, Inc.*, 21 N.Y.S.3d 6, 12 (App. Div. 2015) ...........39

*Frechtman v. Gutterrnan*, 979 N.Y.S. 2d 58 (App. Div. 2014) ........................34

*Front, Inc. v. Khalil*, 28 N.E.3d 15, 16 (N.Y. 2015) ........................................33

*Geraci v. Probst*, 938 N.E.2d 917, 921 (N.Y. 2010).....................................13,18

*Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 534 (S.D.N.Y. 2015)...................19

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974 .............................. 16, 48, 49

*Goforth v. Avemco Life Ins. Co.*, 368 F.2d 25, 28 n.7 (4th Cir.1966). .............39

*Goldstein v. Cogswell*, No. 85 CIV. 9256 (KMW), 1992 WL 131723, at *27 n.32 (S.D.N.Y. June 1, 1992) ...................................................................................33

*Gross v. New York Times*, 623 N.E.2d 1163, 1169 (N.Y. 1993)........................28

*Harte-Hanks Communic'ns, Inc. v. Connaughton*, 491 U.S. 657, 666 n.7 (1989) ..........48

*Hawkins v. Harris*, 661 A.2d 284, 289-91 (N.J. 1995) ....................................33

*Horne v. Matthews*, No. 97 Civ. 3605(JSM), 1997 WL 598452 (S.D.N.Y. Sept. 25, 1997) .....................................................................................................23

*Huggins v. Moore*, 726 N.E.2d 456, 460 (N.Y. 1999) .....................................48

iv

*Immuno AG v. Moor-Jankowski*, 567 N.E.2d 1270, 1282 (N.Y. 1991) ..................... 11, 19

*Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*, 981 F. Supp. 124, 128 (E.D.N.Y. 1997)....... 28

*International Publishing Concepts, LLC v. Locatelli* ........................................................ 37

*James v. Gannett Co.*, 353 N.E.2d 834, 838 (N.Y. 1976) ..................................... 14, 23, 49

*Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 366 (S.D.N.Y.1998)........................ 40

*Kane v. Orange Cnty. Publ'ns*, 649 N.Y.S.2d 23, 26 (App. Div. 1996) ........................ 56

*Karaduman v. Newsday, Inc.*, 416 N.E.2d 557, 560 (1980)............................................ 18

*Kirk v. Heppt*, 532 F. Supp. 2d 586, 593 (S.D.N.Y. 2008). ............................................ 33

*Klein v. McGauley*, 29. A.D.2d 418, 420 (2nd Dep't 1968) ........................................... 34

*Lehman Bros. Commercial Corp. v. Minmetals Int'l Non-Ferrous Metals Trading Co.*,
    No. 94 CIV. 8301(JFK), 1995 WL 380119, at *6 n.2 (S.D.N.Y. June 26, 1995)........ 21

*Lerman v. Flynt Dist. Co., Inc.*, 745 F.3d 123, 136 (2d Cir. 1984)................................. 49

*Mann v. Abel*, 885 N.E.2d 884, 885-86 (N.Y. 2008) ..................................................... 29

*Martin v. City of Oceanside*, 205 F. Supp. 2d 1142, 1147 (S.D. Cal. 2002), *aff'd*, 360
    F.3d 1078 (9th Cir. 2004). ....................................................................................... 22

*Martirano v. Frost*, 255 N.E.2d 693 (1969) ................................................................... 34

*Mashburn v. Collin*, 355 So. 2d 879, 885 (La. 1977).................................................... 30

*Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510 (1991) ................................ 54

*Maule v. Philadelphia Media Holdings, LLC*, No. CIV.A. 08-3357, 2010 WL 914926, at
    *10 (E.D. Pa. Mar. 15, 2010) ................................................................................... 22

*McGill v. Parker*, 582 N.Y.S.2d 91, 97 (App. Div. 1992) ............................................ 48

*Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985)……………………………………11

*Mencher v. Chesley*, 75 N.E.2d 257, 259 (N.Y. 1947)................................................... 14

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990) ..................................................... 19

*New York Times Co*. *v*. *Sullivan*, 376 U.S. 254 (1964) ......................................... 16,48,49

*People v*. *Kocsis*, 28 N.Y.S.3d 466, 471 (App. Div. 2016) ................................................. 21

*Petrus v*. *Smith*, 91 A.D.2d 1190, 1191 (N.Y. App. App. Div. 1983).............................. 34

*Philadelphia Newspapers, Inc*. *v*. *Hepps*, 475 U.S. 767, 776-77 (1986)......................... 48

*In Re Philadelphia Newspapers*, LLC, 690 F.3d 161, 175 (3d Cir. 2012), *as corrected* (Oct. 25, 2012) ................................................................................................................ 39

*Rand v*. *New York Times Co*., 430 N.Y.S.2d 271, 275 (App. Div. 1980). ....................... 14

*Ratajack v*. *Brewster Fire Dep't, Inc. of the Brewster-SE Joint Fire Dist*., 178 F. Supp. 3d 118, 158 (S.D.N.Y. 2016)................................................................................................ 29

*Rinaldi v*. *Viking Penguin, Inc*., 420 N.E.2d 377, 382 (N.Y. 1981).................................. 13

*Salyer v*. *S*. *Poverty Law Ctr*., *Inc*., 701 F. Supp. 2d 912, 916 (W.D. Ky. 2009) ............ 39

*Sexter v*. *Warmflash, P.C*. *v*. *Margrabe*, 828 N.Y.S. 2d 315 (App. Div. 2007)).............. 34

*Shenkman v. O'Malley*, 157 N.Y.S.2d 290, 294, 297 (App. Div. 1956)......................... 54

*Soley v*. *Wasserman*, No. 8 CIV. 9262 KMW FM, 2013 WL 3185555, at *8 (S.D.N.Y. June 21, 2013)................................................................................................................. 18

*Steinhilber v*. *Alphonse*, 501 N.E.2d 550, 550 (N.Y. 1986) ............................................ 19

*Time, Inc*. *v*. *Firestone*, 424 U.S. 448, 488 n.1 (1976) ..................................................... 13

*Waldbaum v*. *Fairchild Publ'ns, Inc*., 626 F.2d 1287, 1298 (D.C. Cir. 1980 .................. 51

**Rules**

Fed. R. Civ. P. 56.................................................................................................... 11, 12

**CMA-088**

# PAGES 1-68 REDACTED

**CMA-089**

January 6, 2017.

Respectfully submitted,


/s/ *Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Defendant Ghislaine Maxwell*

69

**CERTIFICATE OF SERVICE**

I certify that on January 6, 2017, I electronically served this *Memorandum in Support of Defendant's Motion for Summary Judgment* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
Farmer, Jaffe, Weissing, Edwards, Fistos &
Lehrman, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu


J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com


*/s/ Nicole Simmons*
Nicole Simmons

70

**CMA-091**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                             :

VIRGINIA L. GUIFFRE,                :
                                            :

              Plaintiff,        :       Case No.: 15-cv-7433 (RWS)
                                              :

     -against-                   :
                                            :

GHISLAINE MAXWELL,            :
                                            :

             Defendant.      :
                                            :
---------------------------------------------------------x


### MEMORANDUM OF LAW IN SUPPORT OF PROPOSED

### INTERVENOR MICHAEL CERNOVICH D/B/A CERNOVICH MEDIA'S

### MOTION TO INTERVENE AND UNSEAL

**CMA-092**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... III

MEMORANDUM OF LAW ...................................................................................... 1

   1.0   CERNOVICH MEDIA MAY PROPERLY INTERVENE ........................................... 2

   2.0   ANALYSIS ......................................................................................... 3

      2.1   Historical and Constitutional Presumptions........................................ 3

         2.1.1  Common Law Right to Access ................................................ 4

         2.1.2  The First Amendment Compels Access.................................... 5

      2.2   Standard for Sealing a Court Record ................................................ 6

         2.2.1  The Compelling Reason Standard Applies to the Documents at Issue.................. 7

         2.2.2  The Parties Have Provided Neither a "Compelling Reason" nor "Good Cause" to Seal the Summary Judgment Documents ......................... 8

         2.2.3  Movant's Motion is Distinct from Prof. Dershowitz's ........................... 9

   3.0   CONCLUSION................................................................................. 10

## TABLE OF AUTHORITIES

**CASES**

*AT & T Corp. v. Sprint Corp.*,
   407 F.3d 560 (2d Cir. 2005)................................................................................. 2

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
   814 F.3d 132 (2d Cir. 2016)....................................................................... *passim*

*Craig v. Harney*,
   331 U.S. 367 (1947)........................................................................................... 1

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*,
   146 F.3d 1042 (D.C. Cir. 1998) ......................................................................... 2

*E\*Trade Fin. Corp. v. Deutsche Bank AG*,
   582 F. Supp. 2d 528 (S.D.N.Y. 2008) ............................................................... 4

*Globe Newspaper Co. v. Superior Court*,
   457 U.S. 596 (1982)........................................................................................... 6

*Hartford Courant Co. v. Pellegrino*,
   380 F.3d 83 (2d Cir. 2004).............................................................................. 5, 6

*In re Continental Ill. Secs. Litig.*,
   732 F.2d 1302 (7th Cir. 1984) ........................................................................... 5

*In re Iowa Freedom of Info. Council*,
   724 F.2d 658 (8th Cir. 1983) ............................................................................. 5

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
   164 F.R.D. 346 (S.D.N.Y. 1996) ...................................................................... 3

*In re Orion Pictures Corp.*,
   21 F.3d 24 (2d Cir. 1994).................................................................................. 6

*In re Pineapple Antitrust Litig.*,
   2015 U.S. Dist. LEXIS 122438 (S.D.N.Y. Aug. 7, 2015) ................................ 3

*Katzman v. Victoria's Secret Catalogue*,
   923 F. Supp. 580 (S.D.N.Y. 1996) ................................................................... 6

*Kelly v. City of New York*,
   2003 U.S. Dist. LEXIS 2553, 2003 WL 548400 (S.D.N.Y. Feb. 24, 2003)............. 3

*Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*,
   156 F.Supp.3d 425 (S.D.N.Y. 2016) .............................................................. 10

iii

*Lugosch v. Pyramid Co.,*
    435 F.3d 110 (2d Cir. 2006)..................................................................... 7

*Maryland v. Baltimore Radio Show, Inc.,*
    338 U.S. 912 (1950)................................................................................ 4

*N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.,*
    684 F.3d 286 (2d Cir. 2011).................................................................... 5

*Newman v. Graddick,*
    696 F.2d 796 (11th Cir. 1983) ................................................................ 5

*Newsday LLC v. Cty. of Nassau,*
    730 F.3d 156 (2d Cir. 2013).................................................................... 7

*Nixon v. Warner Communications,*
    435 U.S. 589 (1978)................................................................................ 4

*NML Capital, Ltd. v. Republic of Arg.,*
    2014 U.S. Dist. LEXIS 173780 (D. Nev. Dec. 12, 2014)....................... 3

*Press-Enter. Co. v. Superior Court,*
    478 U.S. 1 (1986).................................................................................... 5

*Publicker Indus., Inc. v. Cohen,*
    733 F.2d 1059 (3d Cir. 1984).................................................................. 5

*Richmond Newspapers v. Virginia,*
    448 U.S. 555 (1980)......................................................................... 4, 5, 6

*Rushford v. New Yorker Magazine, Inc.,*
    846 F.2d 249 (4th Cir. 1988) .................................................................. 5

*Schiller v. City of N.Y.,*
    2006 U.S. Dist. LEXIS 70479 (S.D.N.Y. Sep. 27, 2006)....................... 3

*SEC v. TheStreet.com,*
    273 F.3d 222 (2d Cir. 2001).................................................................... 6

*Suen v. Las Vegas Sands, Inc.,*
    District Court, Clark County, Nevada, Case No. A493744-C (Apr. 16, 2013) .......................... 4

*United States v. Amodeo II,*
    71 F.3d 1044 (2d Cir. 1995)........................................................ 5, 7, 9, 10

*United States v. Burr,*
    25 F. Cas. 1 (No. 14,692) (CC Va. 1807) .............................................. 5

*United States v. Erie Cty.*,
    763 F.3d 235 (2d Cir. 2014)................................................................................ 6, 7

*United States v. Myers (In re in re Nat'l Broad. Co.)*,
    635 F.2d 945 (2d Cir. 1980)................................................................................. 6

*Westmoreland v. Columbia Broad.* Sys., *Inc.*,
    752 F.2d 16 (2d Cir. 1984)............................................................................... 5, 6

**RULES**

Federal Rule of Civil Procedure 24 ............................................................................ 2

**CMA-096**

## MEMORANDUM OF LAW

Michael Cernovich ("Cernovich") d/b/a Cernovich Media ("Movant" or "Intervenor") is a lawyer, author, documentary filmmaker, author, and host of the Mike Cernovich Podcast. *See* Declaration of Michael Cernovich ("Declaration") at ¶ 3.  His broadcasts on Periscope have over 63,000 subscribers and 13 million "likes", and are watched by tens-of-thousands of people per episode.[1]  *See id.* at ¶ 4.  His Twitter account, in which he reports on news and provides opinion, has nearly 200,000 followers and reaches millions monthly.  *See id.* at ¶ 8.

Part of Cernovich Media's mission is conducting investigative journalism in pursuit of an open government.  Maxwell's currently sealed pleadings, and anticipated future related documents, prevents the public from learning about wrongdoing by high level government officials, media moguls and high profile business people.  Cernovich Media is an organization whose mission is to use and promote investigative journalism as a tool to expose corruption and abuse of public power by promoting transparency, accountability, and public awareness, by involving private citizens in the discussion of these problems.  Cernovich Media cannot conduct its Forth Estate function if this Court allows the Parties to conduct their dispute outside of the normal sunlight of transparency and accessibility.  The public has a right to see Maxwell's Motion for Summary Judgment and the press is here to show it to them.

Movant takes no position with respect to the relative merits of the Parties' arguments in this litigation.  However, Movant takes the absolute position that all Parties to this litigation have committed a transgression in that they have sought to shield from scrutiny that which rightfully should be exposed to sunlight.  The courts do not belong to the parties – they belong to the people. *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("what transpires in the court room is public property").  Although the Court originally ordered that the Parties had to seek leave to file under seal (ECF No. 62), it subsequently amended that Order to permit the Parties to substitute their judgment for the Court's and seal any document they chose.  *See* Order of August 8, 2016, ECF No. 348.

---

[1]  His Periscope coverage of the Republican National Convention and Democrat National Convention was featured on Periscope's main page and served as one of the only real-time sources of information from those conventions.  *See* Cernovich Declaration at ¶ 4.

1

The Parties have abused this rare privilege and the August 8 Order should be vacated.  If the Parties wished to litigate in private, then they should have chosen to arbitrate this matter privately.  Now that the Parties have used the public's courts, the Parties must have their dispute in full view.  As such, Movant is entitled to access and publish judicial documents currently sealed and those that would improperly be sealed in the future.

**1.0      Cernovich Media May Properly Intervene**

Under Rule 24(b)(2), "[o]n timely motion, the court may permit anyone to intervene who is given a conditional right to intervene by a federal statute or has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(2) (colons and alphanumerals omitted).  Permissive intervention is permitted where, as here, a member of the public seeks intervention to modify a protective order and inspect court documents.  *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order."); *see also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting cases and stated that "despite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.").  Here, Movant is seeking access to this Court's records, specifically Ghislaine Maxwell's (hereinafter "Maxwell") currently sealed Memorandum of Law in Support of Defendant's Motion for Summary Judgment (ECF No. 541), Declaration of Laura A. Menninger in Support of Defendant's Motion for Summary Judgment (ECF No. 542) and all exhibits annexed thereto, and any and all other notices, pleadings, memoranda, declarations, exhibits, orders, and other documents filed or to be filed under seal in relation to Defendant's Notice of Motion for Summary Judgment (ECF No. 540).

The motion is timely.  "When a member of the public moves to intervene to unseal judicial records, the motion to intervene is timely as long as the documents remain under seal because sealing places the public's interest in open access in controversy."  *NML Capital, Ltd. v. Republic of Arg.*, No. 2:14-cv-492-RFB-VCF, 2014 U.S. Dist. LEXIS 173780, at *11 (D. Nev. Dec. 12,

2014). Here, Maxwell filed her Motion for Summary Judgment and related documents on January 9, 2017. (ECF No. 541). Movant has a significantly protectable interest in this case, as members of Cernovich Media, particularly Cernovich, have been following and reporting on the issues in this case, and have contributed to providing the public with information regarding this case. *See* Declaration at ¶¶ 9-10. "[I]ntervention by the press – a step preliminary to determining whether any sealed documents should be disclosed – should be granted absent some compelling justification for a contrary result." *In re Pineapple Antitrust Litig.*, 2015 U.S. Dist. LEXIS 122438, at 5 (S.D.N.Y. Aug. 7, 2015); *see also Schiller v. City of N.Y.*, 2006 U.S. Dist. LEXIS 70479, at 5 (S.D.N.Y. Sep. 27, 2006) (noting that: "The Times may well have an absolute right of intervention in the circumstances of this case"); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 351 (S.D.N.Y. 1996) (granting intervention as of right to newspaper to seek modification of protective order and access to documents in judicial proceeding); *and see Kelly v. City of New York*, 2003 U.S. Dist. LEXIS 2553, 2003 WL 548400, *3 (S.D.N.Y. Feb. 24, 2003) (newspaper intervention granted so that it may "articulate the public interest in access to the records at issue"). Movant's intervention is appropriate to protect not only its own interest in covering this case, but also to protect the interests of the public at large.

## 2.0    Analysis

As discussed herein, there is no proper basis to deny Movant access to the Summary Judgment documents at issue. There are both common law and First Amendment rights of access. The Parties have not provided any compelling reason why those rights should be abridged.

### 2.1    Historical and Constitutional Presumptions

There is both a First Amendment and common law right of access to court records. Both remind us that there is a strong presumption of openness in the judicial branch. That presumption should not be laid aside lightly.

3

### 2.1.1   Common Law Right to Access

The common law right to access is long-established.   *See Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978).   In *Nixon*, the Supreme Court recognized the federal common law right "to inspect and copy public records and documents."   *Id*.   This right extends to motions filed in civil cases.   "[H]istorically both civil and criminal trials have been presumptively open."   *E*Trade Fin. Corp. v. Deutsche Bank AG*, 582 F. Supp. 2d 528, 531 (S.D.N.Y. 2008) (citing *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 n.17 (1980)); *see also id*. at 599 (Stewart, J., concurring); *and see Maryland v. Baltimore Radio Show, Inc*., 338 U.S. 912, 920 (1950) ("one of the demands of a democratic society is that the public should know what goes on in courts").

Courts have consistently noted that access to courts and court records is important for public education, public trust, and the integrity of the court system.   "[A] trial courtroom also is a public place where the people generally and representatives of the media have a right to be present, and where their presence historically has been through to enhance the integrity and quality of what takes place."   *Richmond Newspapers*, 448 U.S. at 587 (1980).   The press play a vital role in ensuring that the public can view the workings of the judicial process.   "What better way to demonstrate to the public that its courts are fair and just than to say to the public, 'come and view the proceedings yourself and judge for yourself?"   *Suen v. Las Vegas Sands, Inc.*, District Court, Clark County, Nevada, Case No. A493744-C at 8 (Apr. 16, 2013).   Here, access to the court records, especially Maxwell's Motion for Summary Judgment, are particularly important because this case involves claims of public concern.   Adjudicating this case in secret would cast doubt on the system and the people will be left wondering if another politician, celebrity, or business person has been tied to any of the already public, and quite disturbing, allegations.

The Second Circuit reinforced the common law presumption in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("The courts have long recognized the "general right to inspect and copy public records and documents, including judicial records and documents.") (citing *Nixon*, 435 U.S. at 597, 598 & n.7).   "This right is said to predate

the Constitution." *Bernstein* 814 F.3d at 142 (citing *United States v. Amodeo II*, 71 F.3d 1044, 1048 (2d Cir. 1995)) (internal quotation marks omitted).

### 2.1.2    The First Amendment Compels Access

The First Amendment requires public access to court proceedings.  *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 10 (1986);[2] *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) (the public and the press have a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.").  This is long unquestioned in the criminal context, but the Supreme Court has made it clear that this extends to civil cases.  *Richmond Newspapers*, 448 U.S. at 580 n.7.  "[T]he First and Fourteenth Amendments clearly give the press and the public a right of access to trials themselves, civil as well as criminal." *Id*. at 599 (Stewart, J. concurring).  "[T]he First Amendment guarantees a qualified right of access not only to criminal but also to civil trials and to their related proceedings and records.  *N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2011) (citing *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 22 (2d Cir. 1984)); *see also Hartford Courant*, 380 F.3d at 93 (2d Cir. 2004) (finding a right to civil and criminal docket sheets).

Notably, every circuit that has considered whether the First Amendment requires public access in civil cases has concluded it does.  *See, e.g., Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988); *In re Continental Ill. Secs. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir. 1983); *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983).  "The First Amendment requires that court proceedings be open to the public, and by extension the news media, absent the most clearly articulated and compelling reason for closing them in a particular circumstance." *Katzman v. Victoria's Secret Catalogue*, 923 F. Supp. 580,

---

[2]    Historically, the Supreme Court noted: "Long ago in the celebrated trial of Aaron Burr for treason, for example, with Chief Justice Marshall sitting as trial judge, the probable-cause hearing was held in the Hall of the House of Delegates in Virginia, the courtroom being too small to accommodate the crush of interested citizens." *Id*. citing to *United States v. Burr*, 25 F. Cas. 1 (No. 14,692) (CC Va. 1807).

588 (S.D.N.Y. 1996). The First Amendment, "protects the public's right to have access to judicial documents [and] has been understood to be stronger than its common law ancestor and counterpart." *United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014). No compelling reason for secrecy exists here. The Parties are trying to have this Court to themselves, without allowing the public and the media to observe how they use it. This defies the constitutional mandate that legal proceedings are inherently public affairs. *Richmond Newspapers*, 448 U.S. at 580; *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 605 (1982).

### 2.2    Standard for Sealing a Court Record

The Court should begin from a strong presumption in favor of access and, "[i]n most cases, a judge must carefully and *skeptically* review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis added); *see also SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91(2d Cir. 2004) ("The Supreme Court [has] recognized that the First Amendment grants both the public and the press a qualified right of access" to judicial proceedings.); *Westmoreland v. CBS*, Inc., 752 F.2d 16, 22 (2d Cir. 1984) ("There is, to be sure, an abundance of support in the cases for a constitutionally grounded public right of access to the courtroom."); *United States v. Myers (In re in re Nat'l Broad. Co.)*, 635 F.2d 945 (2d Cir. 1980) (finding that there is an especially strong presumption requiring extraordinary circumstances to justify restrictions). "Once a First Amendment right of access to judicial documents is found, the documents may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. And, broad and general findings by the trial court are not sufficient to justify closure." *United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014).

The starting point is to determine whether the documents at issue are "judicial documents" for which a presumption of access applies. *See SEC v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001) ("[A] subspecies of sealed documents in civil cases—so-called 'judicial documents'—

deserve a presumption in favor of access."  When evidence is used in a dispositive motion or its opposition, there must be a compelling reason to shield it from public view.  Generally, a "[f]inding that a document is a "judicial document" triggers a presumption of public access."  *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013).   Documents that directly affect adjudication or are used, "to determine litigants' substantive legal rights, the presumption of access is at its zenith…and thus can be overcome only by extraordinary circumstances."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006) and *United States v. Amodeo II*, 71 F.3d 1044 (2d Cir. 1995)) (internal quotation marks omitted).   The locus of the inquiry is whether the document "is presented to the court to invoke its powers or affect its decisions."  *Bernstein*, 814 F.3d at 142.

### 2.2.1   The Compelling Reason Standard Applies to the Documents at Issue

As dispositive judicial documents, there must be compelling reasons to seal the documents at issue.  "Since such a document is the basis for the adjudication, only the most compelling reasons can justify sealing."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 136 (2d Cir. 2016).   Here, Maxwell's Motion for Summary Judgment and related filings, including responsive and related documents to be filed, asks for a final adjudication of the case. The *Bernstein* Court noted, the Second Circuit has specifically held that not only are motions for summary judgment dispositive, but even, "report[s] submitted in connection with a summary judgment motion [are] entitled to a strong presumption of access."  *Bernstein,* 814 F.3d at 142 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

A dispositive motion is one that relates to the settlement of an issue in a case and in this case a motion for summary judgment is dispositive as it seeks to settle the entire case.  The claimed compelling reasons must be supported by specific factual findings.  *United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014).   The compelling reason and facts must show more than mere conjecture, and more than embarrassment, incrimination, or wider exposure of the facts to the

public.  *Bernstein*, 814 F.3d at 144 (finding that information that was embarrassing or suggested the party was complicit in a kickback scheme fell, "woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal") (internal citation omitted). Maxwell's Summary Judgment pleadings have been improperly sealed, as "privacy concerns" alone cannot be a compelling reason to hide a final adjudication from the public.  Anything in the Motion for Summary Judgment that Maxwell considers embarrassing or raises a concern of incrimination cannot be held back from the public for those reasons, as the press has the right to report on the happenings of the judiciary.  For a party to prevail on a showing of a compelling reason to seal a court record, that party must present specific factual findings sufficient to overcome the presumption that court records will be open to the public.  The Parties have failed to provide a compelling reason to seal the record.

### 2.2.2   The Parties Have Provided Neither a "Compelling Reason" nor "Good Cause" to Seal the Summary Judgment Documents

The Court must apply the stringent compelling reason standard because Maxwell has filed a motion for summary judgment which could lead to the adjudication of this case.  Due to all the redactions in the record, even the reasons for the Protective Order are hidden from the public. (ECF No. 39-1).  Movant recognizes that this Court entered an order stating that "[a]llegations implicating absent third parties… implicate and potentially irreparably intrude on the privacy of individuals not present before this Court.) (ECF No. 250).  Preliminary, the Parties do not have standing to raise absent third party privacy concerns.  More importantly, even if they did, the concerns raised are insufficient when contrasted with the rights of the people to have open courts, an issue that it appears the Parties did not raise with the Court.  If the "absent third parties" are public figures, then this would be a matter of great public interest.  Here, Movant has no way of knowing.  Ultimately, mere privacy concerns are insufficient to warrant sealing of records. The Parties have presented neither a compelling reason nor good cause as to why Maxwell's Motion for Summary Judgment should be sealed.  Moreover, ECF No. 250 only address "the names and identifying information of individuals", yet the Summary Judgment documents

redact well in excess of that limited matter.  No matter what standard the Court applies, Maxwell's Motion for Summary Judgment must be unsealed because Maxwell has not put forth any compelling reason or any particularized showing of good cause as to why the Motion for Summary Judgment has been sealed, other than that the Parties desire privacy.[3]

### 2.2.3   Movant's Motion is Distinct from Prof. Dershowitz's

Movant is aware that Prof. Alan M. Dershowitz filed a Motion to Intervene (ECF No. 362), which appears to have been denied (ECF No. 496).  The denial is for unknown reasons, as the Order denying the Motion is itself sealed.  Such is only identifiable on the docket by virtue of Prof. Dershowitz's notice of appeal (ECF No. 504).

The only opposition to Prof. Dershowitz's Motion was filed by Defendant.  *See* ECF No. 406.  Plaintiff challenged the motion on three primary bases: (1) documents relating to discovery were sought; (2) Prof. Dershowitz was pursuing only his personal interest; and (3) Prof. Dershowitz had agreed to be bound by the protective order.  *See id.*  None of those bases are present here.  Movant recognizes that "documents such as those passed between the parties in discovery often play no role in the performance of U.S. Const. Art. III functions [ ]".  *Bernstein,* 814 F.3d at 136.  Movant is not presently seeking access to such documents, but rather to those specifically playing a role in the adjudication of the merits of the action.  Although Prof. Dershowitz may have

---

[3]   Although the Second Circuit demands a strong presumption for judicial documents, the Parties could not, hypothetically even meet a lower "good cause" standard, as none has been articulated. *See, e.g.*, *United States v. Amodeo II*, 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Bernstein*, 814 F.3d at 142 ("By contrast, documents 'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low.") (citing *Amodeo II*, 71 F.3d at 1050). Defendant must articulate specific reasons as to why the Court must seal the Motion for Summary Judgment.  Here, there is a Protective Order that states that there are privacy interests at stake (ECF No. 39-1), but Maxwell has not articulated any reasons as to why the specific sealed matters relating to the Motion for Summary Judgment, which asks for final adjudication of this case, should be hidden from public view. Thus, the press, including Movant, has the right to intervene to unseal the documents.

had private interests motivating his motion, Movant's motivation is grounded solely in the public interest.[4]  Finally, Movant has never agreed to be bound by the Protective Order.

Plaintiff's sole articulation of a reason to deny access appeared redacted in one sentence of her opposition, and citing to *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F.Supp.3d 425, 445 n.7 (S.D.N.Y. 2016).  *See* ECF No. 406 at p. 17.  There is nothing in the public record that would allow Movant to evaluate (a) the specific privacy interest at issue; or even (b) whether that issue relates to Summary Judgment, as opposed to just the discovery exhibits sought by Prof. Dershowitz.  Movant has not even been given an inkling as to what the privacy interests are, especially as much of Plaintiff's claims of a sexual nature are already matters of public record. Moreover, in *Louis Vuitton Malletier,* the court did not rely upon the sealed matters; in contrast, Maxwell's entire argument, pages 1-68 of ECF No. 541, the memorandum in support of summary judgment, was redacted.  The Court must necessarily rely upon such matters to adjudicate the case. Plaintiff's single sentence is unlikely to constitute all 68 pages of Defendant's argument. Therefore, the Order as to Prof. Dershowitz does not adjudicate the instant motion.

**3.0    Conclusion**

Both parties are public figures and the case has been covered by multiple state and national media outlets.  The media has a vested interest in these and all court proceedings, and the public in the United States and beyond have a strong interest in how these courts are being used in this dispute. If Cernovich Media is not permitted to intervene and view court records, it will suffer great impairment, as it cannot perform their Fourth Estate function without access to public documents.  By extension, the public will be harmed because it will be deprived of its right to know.

. . .

. . .

. . .

---

[4]    Movant assumes *arguendo* that this public/private is relevant.  *But see Amodeo II,* 71 F.3d at 1050.

**CMA-106**

Based on the foregoing, Cernovich Media respectfully requests that this Court unseal Maxwell's summary judgment pleadings and preclude automatic sealing of future related documents, allowing the public and media access to these necessary and important judicial documents.

Dated: January 19, 2017.                    Respectfully Submitted,

*/s/ Jay M. Wolman*

Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tele:   702-420-2001
Fax:    305-437-7662
Email: ecf@randazza.com

*Attorneys for Movant/Putative Intervenor,*
*Cernovich Media*

11

**CMA-107**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on January 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman

**CMA-108**

# United States District Court
# Southern District of New York

Virginia L. Giuffre,

       Plaintiff,            Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

       Defendant.

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

[REDACTED]

i

**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

        Plaintiff,               Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/


### SOUTHERN DISTRICT OF NEW YORK LOCAL RULE 56.1 PLAINTIFF'S STATEMENT OF CONTESTED FACTS AND PLAINTIFF'S UNDISPUTED FACTS


**[REDACTED]**

1

**CMA-110**

**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

                Plaintiff,               Case No.: 15-cv-07433-RWS

v .

Ghislaine Maxwell,

                Defendant.

_____/


**DECLARATION OF SIGRID MCCAWLEY IN SUPPORT OF**
**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT AND UNDISPUTED FACTS**


**[REDACTED]**

**CMA-111**

# EXHIBITS 1-50

# FILE UNDER SEAL

**CMA-112**

**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

     Plaintiff,     Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

     Defendant.

_____/

**<u>RESPONSE IN OPPOSITION TO MOTION TO INTERVENE (DE 550)</u>**

Sigrid McCawley (Pro Hac Vice)
Meredith Schultz (Pro Hac Vice)
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

**CMA-113**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.    PRELIMINARY STATEMENT .................................................................... 1

II.   BACKGROUND ............................................................................................ 6

III.  LEGAL ARGUMENT .................................................................................... 7

    A.    This Court Can Deny the Motion Before Reaching the Merits ............................. 7

    B.    Cernovich's Attempt to Distinguish his Motion from Dershowitz's Fails: Cernovich Acts as Dershowitz's Proxy and Dershowitz's Illegitimate Purpose is Imputed to Cernovich (and Cernovich has an Illegitimate Purpose of His Own) ................................................................................................. 7

    C.    The (One-Sided) Materials Cernovich Seeks to Publish are Exactly the Type of Materials that are Appropriate for a Protective Order ........................................ 9

    D.    Cernovich's Attempt to Make a Distinction About Summary Judgment Materials Also Fails ................................................................................ 10

    E.    The Second Circuit Has a Presumption Against Modifying Protective Orders Upon Which Parties Reasonably Relied ................................................................. 11

        1.    The Record in This Case Shows That the Protective Order Was Not Improvidently Granted ................................................................. 12

        2.    Both the Parties and Deponents in This Case Have Reasonably Relied Upon the Protective Order ................................................................. 13

        3.    Cernovich Fails to Overcome the Presumption to Maintain the Protective Order ................................................................................ 14

CONCLUSION ............................................................................................................ 17

CERTIFICATE OF SERVICE ...................................................................................... 19

i

**TABLE OF AUTHORITIES**

Page

**Cases**

*AT & T Corp. v. Sprint Corp.,*
   407 F.3d 560 (2d Cir. 2005)........................................................................ 15

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,*
   814 F.3d 132 (2d Cir. 2016)........................................................................ 16

*Dorsett v. County of Nassau,*
   289 F.R.D. 54 (E.D.N.Y. 2012)........................................................... 7, 13, 14

*E*Trade Fin. Corp. v. Deutsche Bank AG,*
   582 F. Supp. 2d 528 (S.D.N.Y. 2008)......................................................... 17

*E.E.O.C. v. Nat'l Children's Ctr., Inc.,*
   146 F.3d 1042 (D.C. Cir. 1998).................................................................. 15

*Globe Newspaper Co. v. Superior Court,*
   457 U.S. 596 (1982).................................................................................. 16

*Hartford Courant Co. v. Pellegrino,*
   380 F.3d 83 (2d Cir. 2004).......................................................................... 16

*In re Continental Ill. Secs. Litig.,*
   732 F.2d 1302 (7th Cir. 1984) .................................................................... 16

*In re Iowa Freedom of Info. Council,*
   724 F.2d 658 (8th Cir. 1983) ...................................................................... 15

*In re Orion Pictures Corp.,*
   21 F.3d 24 (2d Cir. 1994)...................................................................... 15, 17

*In re Pineapple Antitrust Litig.,*
   2015 U.S. Dist. LEXIS 122438 (S.D.N.Y. Aug. 7, 2015) ............................ 17

*In re September 11 Litigation,*
   262 F.R.D. 274 (S.D. N.Y. 2009) .......................................................... 12, 13

*In re Teligent, Inc.,*
   640 F.3d 53 (2d Cir. 2011).......................................................................... 12

*Katzman v. Victoria's Secret Catalogue,*
   923 F. Supp. 580 (S.D.N.Y. 1996) .............................................................. 17

**CMA-115**

*Levin v. U.S.*,
    633 Fed. Appx. 69 (2nd Cir. 2016) ........................................................................ 7

*Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*,
    1996 WL 346352 (S.D.N.Y. June 26, 1996) ......................................................... 7

*Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*,
    156 F. Supp. 3d 425 ............................................................................................. 11

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006) ................................................................................ 10

*Martindell v. International Telephone & Telegraph Corp.*,
    594 F.2d 291 (2d Cir.1979) .................................................................................. 14

*Medical Diagnostic Imaging, PLLC v. Carecore Nat., LLC*,
    2009 WL 2135294 (S.D.N.Y. 2009) .................................................................... 14

*N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*,
    684 F.3d 286 (2d Cir. 2011) ................................................................................ 16

*Newman v. Graddick*,
    696 F.2d 796 (11th Cir. 1983) ............................................................................. 17

*Newsday LLC v. Cty. of Nassau*,
    730 F.3d 156 (2d Cir. 2013) ................................................................................ 17

*Nixon v. Warner Communications, Inc.*,
    98 S.Ct. 1306, 435 U.S. 589 (1978) .................................................................. 8, 9

*Press-Enter. Co. v. Superior Court*,
    478 U.S. 1 (1986) ................................................................................................. 16

*Publicker Indus., Inc. v. Cohen*,
    733 F.2d 1059 (3d Cir. 1984) .............................................................................. 17

*Richmond Newspapers v. Virginia*,
    448 U.S. 555 (1980) ............................................................................................. 16

*Rushford v. New Yorker Magazine, Inc.*,
    846 F.2d 249 (4th Cir. 1988) .............................................................................. 16

*Schiller v. City of N.Y.*,
    2006 U.S. Dist. LEXIS 70479 (S.D.N.Y. Sep. 27, 2006) .................................. 15

*Suen v. Las Vegas Sands, Inc.*,
    No. A493744-C at 8 (Apr. 16, 2013) .................................................................. 16

*U.S. v. Amodeo ("Amodeo II")*
   71 F.3d at 1044 (1995)................................................................................ 9, 11, 12

*United States v. Myers (In re Nat'l Broad. Co.)*
   635 F.2d 945 (2d Cir. 1980)................................................................................ 17

*United States v. Erie Cty.,*
   763 F.3d 235 (2d Cir. 2014)................................................................................ 16, 17

*Westmoreland v. CBS, Inc.,*
   752 F.2d 16 (2d Cir. 1984)................................................................................ 17

## **Rules**

Fed. R. Civ. P. 24(b)(3)................................................................................ 7

**CMA-117**

I.    **PRELIMINARY STATEMENT**

On the heels of this Court denying Alan Dershowitz's request to publish selections of Defendant's filed documents in his motion to intervene, Dershowitz's close associate has filed another motion to intervene, seeking substantially the same relief.

Proposed Intervenor and purported "journalist" Michael Cernovich requests that this Court grant him intervenor status for the purpose of unsealing and publishing a single filing from the above-captioned case: Defendant's Motion for Summary Judgment, along with its nearly 700 pages of exhibits. He claims that "[t]he public has a right to see Maxwell's Motion for Summary Judgment and the press is here to show it to them." Mot. at 1. Curiously, Mr. Cernovich does not request to see any other sealed portion of the extensive record in this case (now spanning 586 docket entries). Nor does he seek access to Ms. Giuffre's Response in Opposition to Defendant's Motion for Summary Judgment. Indeed, his cherry-picking of just one filing by Defendant to publicize belies his stated position that "all Parties to this litigation have committed a transgression" by filing documents under seal purusant to this Court's Orders.

Cernovich also claims that his motion for unsealing is somehow "distinct from Professor Dershowitz's" motion . Mot. at 9. Yet, Cernovich's motion clearly echoes the motion to intervene brought by Alan Dershowitz.[1] Indeed, one of the documents Dershowitz sought to publicize is attached, in full, to Defendant's motion for summary judgment, and the other documents Dershowitz sought to publicize are described in detail by deposition testimony attached to Defendant's motion for summary judgment. In truth, both motions seek the same relief – to selectively publish certain documents supporting  Defendant's position in this litigation.

---

[1] Dershowitz has since appealed this Court's ruling on his motion to intervene to publish select documents filed by Defendant, which is currently pending in the Second Circuit. It is our understanding that Dershowitz will shortly be moving to dismiss his appeal.

1

**CMA-118**

This seeming "concidence" is less remarkable given the strong ties shared by Dershowitz and Cernovich. Cernovich, pictured below, is the executive producer of a film starring[2] none other than Alan Dershowitz[3]:



Online film promotions claim the following:

Written, Directed, Filmed and Edited – Loren Feldman
Executive Producer – Mike Cernovich

Starring:
Scott Adams – James Altucher – Andrew Auernheimer – Father John Bakas
Scott Barrows – Allum Bokhari – Paul Boutin – Rurik Bradbury
Adonis Bravo – Mike Cernovich – Melisa Chen – Anthony Cumia
Vox Day – Alan Dershowitz – Pax Dickinson – Scooter Downey

Indeed, a clip of Dershowitz's starring role in the film is featured by its promotional website:[4]



---

[2] *See* http://www.silencedmovie.com/ (highlighting added).
[3] http://www.imdb.com/title/tt6282878/.
[4] *Id.*

2

Cernovich has not be shy about broadcasting his relationship with, and influence by, Alan

Dershowitz, and last summer tweeted:



Cernovich also attributes his inspiration to attend law school to Dershowitz:[5]

> **Alan Dershowitz** is a left-wing lawyer who has fought for the free speech rights of neo-Nazis. Dershowitz has also been barred from speaking at many college campuses because his pro-Israel speeches have been falsely labelled as "hate speech." Meeting Dershowitz was a personal joy of mine, as his book "The Best Defense: The Courtroom Confrontations of America's Most Outspoken Lawyer of Last Resort" inspired me to go to law school.

    As the Court is aware, (and as, no doubt, Cernovich is aware from reviewing the

Complaint), this is a case that involves the Defendant's sexual abuse  and trafficking of Ms.

---

[5] https://www.dangerandplay.com/2016/12/01/who-is-in-silenced-the-best-documentary-on-free-speech-ever/ (highlighting added).

3

**CMA-120**

Giuffre while she was a minor child. As the Court is also aware, evidence relating to the sexual

abuse and trafficking of minors and other young women is contained in many of the documents

in this case. This Court's Protective Order (DE 62) protects both the identities and the

cirucmstances surrounding victims of sexual abuse. The Court has already ruled that the

Protective Order should not be disturbed by an intervenor seeking to publish self-selected parts

of the record, and nothing in the instant motion should lead to a different conclusion.

    Additionally, Cernovich's previous statements regarding sexual assault belie his

professed purpose of promoting "openness in the judicial branch," (Mot. at 3), and instead point

to an illegitimate and improper purpose for seeking to publish these documents-a personal

vendetta,  that is wholly divorced from anything related to the public right of access to the

Courts.

    Cernovich appears to have a personal interest (to use his words) in "slut sham[ing]"

women. Multiple websites, including Wikipedia.com, captured various tweets issued by

Cernovich.[6] Cernovich's tweets show that his interest in sexual assault is not simply journalistic,

as he claims, but instead betrays a purient interest to fetishize rape:

> The hotter the sex, the more closely it resembles rape.
>
> — Mike Cernovich (@Cernovich) October 15, 2011

    Another tweet he issued expressed an opinion that "[d]ate rape does not exist," indicating

that he does not believe someone can be raped by an acquaintance:

---

[6] http://www.mediaite.com/online/fox-news-under-fire-after-inviting-rape-apologist-on-as-guest/
http://www.thedailybeast.com/articles/2016/08/09/why-did-fox-news-welcome-date-rape-
apologist-mike-Cernovich.html.

4

> Have you guys ever tried "raping" a girl without using
> force? Try it. It's basically impossible. Date rape does not
> exist.
>
> — Mike Cernovich (@Cernovich) August 12, 2012

Needless to say, the girls and young women who have provided testimony or other information for this case discussed sexual abuse. Based on Cernovich's published comments, it is likely that he will not only expose details relating to sexual assault of Ms. Giuffre, but to improperly expose identities of other victims merely to satisfy his personal interest in such matters. Indeed, it appears that Cernovich harbors a special antipathy for victims of sexual assault, saying "why should I care when women are raped?"

> A whore will let her friend ruin your life with a false
> rape case. So why should I care when women are raped?
> http://t.co/eUsQtLiv
>
> — Mike Cernovich (@Cernovich) January 30, 2012

According to *The New Yorker*, Cernovich "was accused of raping a woman he knew; the charge was later dropped, but a judge ordered him to do community service for midemeanor battery."[7]

Cernovich also published his ideas on the importance of "slut sham[ing]" women, particularly in relation to women of a certain race:

> Not being a slut is the only proven way to avoid AIDS. If
> you love black women, slut shame them.
> https://t.co/e3NUaTUZvD
>
> — Mike Cernovich (@Cernovich) February 5, 2016

---

[7] http://www.newyorker.com/magazine/2016/10/31/trolls-for-trump.

5

AIDS is not the only deadly disease he has used to attack women in relation to sexual activity and rape. He has also tweeted, "Who cares about breast cancer and rape? Not me."[8]

Far from being a legitimate  "journalist" reporting on news, Cernovich simply uses electronic media to engage in his own personal vendetta:

> Fat/ugly women seek out dominant men to abuse them. Then they seek sympathy from others. "He's so mean.". Hence why women troll Twitter.
>
> — Mike Cernovich (@Cernovich) July 2, 2014

Due to the sensitive nature of the subject matter of this litigation – including but not limited to the sexual assault of numerous minors – this Court entered a Protected Order as stipulated by the Parties (DE 62). It is wholly inappropriate for an individual with the personal vendettas discussed above, not to mention close ties with the previous proposed intervenor, to be able to intervene in this case to obtain access to sensitive materials relating to child sexual assault and sex trafficking.


## II.    BACKGROUND

This is a case concerning sex abuse of minors, brought by a woman who was herself a minor victim of sex abuse. Accordingly, this Court has recognized from the outset the paramount importance of a protective order in this case, announcing at one of the first hearings in the case that "of course there should be a protective order in this case." Thereafter, on March 18, 2016, "[u]pon a showing of good cause," the Protective Order was entered (DE 62 at p.1). In reliance

---

[8] *Id.*

on these rulings, both parties have now designated hundreds of pages of materials confidential under the Court's Order.

### III.     LEGAL ARGUMENT

####      A.     This Court Can Deny the Motion Before Reaching the Merits

The Court may deny Cernovich's motion without reaching the merits based on its discretion. Fed. R. Civ. P. 24(b)(3); *See, e.g., Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 1996 WL 346352, at *4 (S.D.N.Y. June 26, 1996) (Sweet, J.) (denying leave to intervene); *Levin v. U.S.*, 633 Fed. Appx. 69, 70 (2nd Cir. 2016) (affirming district court's denial of motion to intervene, explaining "[b]ecause of the fact-intensive nature of an intervention decision, we review for 'abuse of discretion' a district court's order denying intervention . . . by permission."). As the documents Cernovich seeks to publish are substantively the same as those Dershowitz sought to publish, this Court can deny Cernovich's motion on the grounds that publishing the documents he seeks would prejudice Ms. Giuffre. Indeed, (as explained in her previous briefing) it would be extremely prejudicial to Ms. Giuffre should the Court allow Cernovich to publish– out of the hundreds of documents filed under seal in this case –Defendant's motion for summary judgment and exhibits alone, not simply because such a publication wouuld be grossly one-sided, but also because Defendant's Motion for Summary Judgment and Rule 56.1 Statement of Fact is rife with misstatements and falsehoods.

####      B.     Cernovich's Attempt to Distinguish his Motion from Dershowitz's Fails: Cernovich Acts as Dershowitz's Proxy and Dershowitz's Illegitimate Purpose is Imputed to Cernovich (and Cernovich has an Illegitimate Purpose of His Own)

"A litigant's purpose in seeking modification of an existing protective order is also relevant for determining whether to grant a modification." *Dorsett v. County of Nassau*, 289 F.R.D. 54, 65 (E.D.N.Y. 2012). Dershowitz's failed attempt to publicize the same documents

**CMA-124**

admitted his illegitimate purpose behind his motion: "My goal is to bring charges against the client and require her to speak in court." *See* McCawley Dec. at Exhibit 1, Australian Broadcasting System (ABC), January 6, 2015.

Indeed, in over fifty statements to the press, he has explained to the world (if not this Court) his reasons for maintaining his attacks on Ms. Giuffre in the media, in which he has publicly called her a "prostitute" and a "bad mother" to her three minor children. *See* McCawley Dec. at Exhibit 2, Local 10 News, January 22, 2015. By his own words, Dershowitz wanted to intimidate and harass Ms. Giuffre with the specter of his sending her "to jail."

Aligned in purpose, Cernovich and Dershowitz's motivations are equally illegitimate. Here Cernovich is someone who is a "rape apologist"[9] and advocates "slut shaming"[10]. The Court should not provide him access to sensitive materials describing the sexual assault of minors and women identifying those victims.

*Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978), explained that "[i]It is uncontested that the right to . . . copy judicial records is not absolute . . . access has been denied where court files might have become a vehicle for improper purposes." *Nixon* instructed that lower courts should "exercise an informed discretion as to the release" of materials, because, "[o]therwise, there would exhibit a danger that the court could become a partner in the use of the subpoenaed material to gratify private spite or promote public scandal, with no corresponding assurance of public benefit." *Nixon v. Warner Communications, Inc.*, 435 U.S. at 603 (internal citations and quotations omitted).

---

[9] http://www.thedailybeast.com/article/2016/08/09/why-did-fox-news-welcome-date-rape-apologist-micke-Cernovich.html

[10] http://www.mediaite.com/online/fox-news-under-fire-after-inviting-rape-apologist-on-as-guest/ http://www.thedailybeast.com/articles/2016/08/09/why-did-fox-news-welcome-date-rape-apologist-mike-Cernovich.html.

Under *Nixon*, this Court should not allow itself to be Cernovich's partner in gratifying his "private spite" for victims of sexual by giving him depictions of sexual assault to read and publish. Nor should the Court gratify Dershowitz's private spite for Ms. Giuffre by allowing Cernovich to act as his proxy. This Court's refusal to allow Dershowitz to publish materials due to his illegitimate purpose also should bar Cernovich's motion to publish the same and similar materials for his own personal illegitimate purposes.

Moreover, Cernovich's public statements already generally besmirch rape victims. The Second Circuit does not allow a court to unseal private and otherwise protected material to enable a non-party to conduct a public smear campaign. *U.S. v. Amodeo ("Amodeo II")*, 71 F.3d at 1044, 1051 ("The nature and degree of injury must also be weighed. This will entail consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information…***personal vendettas…need not be aided***.") (Emphasis added).

Cernovich's apparent personal vendetta against victims of sexual assault and Cernovich's personal relationship with Dershowitz (who has a personal vendetta against Ms. Giuffre) constitute *prima facie* evidence that he seeks the revelation of these materials for an improper personal vendetta. Therefore in accordance with governing law, this Court should hold that the privacy interests in the materials Cernovich (and Dershowitz) seek outweigh any weak presumption of access.

**C.   The (One-Sided) Materials Cernovich Seeks to Publish are Exactly the Type of Materials that are Appropriate for a Protective Order**

Cernovich's motion also fails because the common law presumption of access is easily overcome here by countervailing factors, namely that the materials at issue contain sensitive information regarding the sexual assault of minors. *Lugosch v. Pyramid Co. of Onondaga*, 435

F.3d 110, 119–20 (2d Cir. 2006) (noting that if a court finds documents to be judicial, it must

then assess the weight of the presumed access and determine if countervailing factors override

the presumption). And in this case, where so much of the evidence relates to sexual assault, and

sexual assault of minors, there are great countervailing factors to maintain this Court's Protective

Order. Cernovich's brief is entirely silent on the fact that the sealed documents in this case relate

to the sexual assault of minors (a fact he is no doubt aware of by his admitted reading Plaintiff's

response in opposition to Dershowitz's motion to intervene).[11] His brief fails to make a showing

to the Court (or, indeed, offer any explanation at all) as to why some unspecified interested in

publicly revealing documents concerning the sexual assault of minors should take precedence

over the well-reasoned Protective Order this Court not only entered but repeatedly reaffirmed.

    **D.**    **Cernovich's Attempt to Make a Distinction About Summary Judgment Materials Also Fails**

    Courts routinely maintain the seal over materials for which confidentiality is important,

including summary judgment materials. *See Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*,

156 F. Supp. 3d 425, 445 N7 (S.D.N.Y. 2016) ("As for competing considerations that counsel in

favor of allowing the parties to file their briefs under seal, the privacy interests of the parties in

preventing the public disclosure of private business figures and communications are not

insignificant. The Court therefore concludes that the balance of interests is in favor of allowing

the parties' [summary judgment] briefs to be filed under seal."). This ruling is in-line with the

Second Circuit's directive regarding how to assess the weight of the presumption of access. "The

presumption of access must be governed by the role of the material at issue in the exercise of

Article III judicial power and the resultant value of such information to those monitoring the

---

[11] "This is a case concerning sex abuse of minors, brought by a woman who was herself a minor victim of sex abuse." Ms. Giuffre Response in Opposition to Dershowitz's Motion to Intervene at 9.

**CMA-127**

federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo II*, 71 F.3d at 1049.

Cernovich fails to make a showing that the documents he seeks – including the nearly 700 pages of exhibits - directly affect adjudication of this case. Briefing on summary judgment has not yet closed. Indeed, Ms. Giuffre only filed her Response in Opposition to Defendant's Motion for Summary Judgment two days ago. It is unclear whether the Court will rely upon Defendant's voluminous exhibits to her Motion for Summary Judgment, as Defendant's Motion for Summary Judgment is wholly without merit, and should be summarily denied.   If the motion is denied, then there will be no "adjudication" as a result of the motion- the jury will make the adjudication at trial- a trial that will be open to the public.

"Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo II*, 71 F.3d at 1050. The pages and pages of exhibits (for example) attached to Defendant's summary judgment will play, at best, a neglible role in resolving this lawsuit.  Accordingly, the documents sought by Cernovich (and Deshowitz) are not unlikely to play any significant role in this case and access should be denied.

  E.  **The Second Circuit Has a Presumption Against Modifying Protective Orders Upon Which Parties Reasonably Relied**

The Second Circuit has expressly acknowledged that its protective order modification test has, as a general matter, a "strong presumption against the modification of a protective order, and orders should not be modified absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011) (affirming denial of motion to lift confidentiality provisions of the protective order).

**CMA-128**

Indeed, "once a discovery protective order is in place, the applicable standard requires party seeking to modify the order to show improvidence in the grant of the protective order or some extraordinary circumstance or compelling need." *In re September 11 Litigation*, 262 F.R.D. 274 (S.D. N.Y. 2009). Cernovich does not come close to making that demanding showing.

Cernovich's failure to make that showing stands out in sharp relief when he argues that the "privacy concerns" of third-parties who are protected by the Court's Protective Order – third parties who only agreed to testify under auspices of the Protective Order, and who testified about highly sensitive information concerning their own sexual assault – are "insufficient when contrasted with the rights of the people to have open courts." Mot. at 8. Unsurprisingly, Cernovich cites no case in any jurisdiction to support such a fantastical claim. Cernovich's comes to this Court to argue that it should not protect testimony and evidence about sexual assault and the sexual assault of minors with absolutely no authority supporting his position. For that reason alone, this Court should deny this baseless motion.

    1.    <u>The Record in This Case Shows That the Protective Order Was Not Improvidently Granted.</u>

Despite Cernovich's argument, the Protective Order, entered "[u]pon a showing of good cause," was not improvidently granted. (DE 62 at p. 1). "I want to be sure that we can enforce the confidential aspect of that agreement, and I think that could be critical down the line." Indeed, it is well-settled that "once a discovery protective order is in place" modification is only justified where the party seeking access can "show improvidence in the grant of the protective order or some extraordinary circumstance or compelling need." *In re September 11 Litigation*, 262 F.R.D. 274 (S.D. N.Y. 2009). Cernovich's attempts to claim improvidence, carelessness, or shortsightedness of this Court in granting the Protective Order are unavailing. To the contrary, this Court has, twice, found the case warrants a stringent Protective Order, and has specifically

12

expressed concern for its ongoing efficacy. Indeed, with jury selection in this case right around the corner, releasing these materials now could taint the jury pool.  Cernovich offers no sound reason for modifying the order.

> 2.  Both the Parties and Deponents in This Case Have Reasonably Relied Upon the Protective Order

The Second Circuit has been hesitant to permit modifications that might "unfairly disturb the legitimate expectations of the parties or deponents." *Dorsett v. County of Nassau*, 289 F.R.D. 54, 64 (E.D.N.Y. 2012). Indeed, "[i]t is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." 289 F.R.D. at 64 (E.D.N.Y. 2012) (internal citations and quotations omitted) (denying motion to lift confidentiality of report of policing failures surrounding the murder of a young mother). "Consequently, in a major decision in this field, *Martindell v. International Telephone & Telegraph Corp.,* 594 F.2d 291 (2d Cir.1979), the Second Circuit determined that 'absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary y circumstance or compelling need ... a witness should be entitled to rely upon the enforceability of a protective order against any third parties.'" *Id.,* quoting *Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d at 296 (denying governmental access for criminal investigative purposes civil deposition transcripts taken under a protective order).

In this case, Ms. Giuffre - and multiple other deponents - reasonably relied on this Court's Protective Order in giving testimony and producing documents. Indeed, Ms. Giuffre has given testimony about being sexually assaulted furnished personal medical records, and produced personal emails with close family members in reasonable reliance upon of the Protective Order. *Medical Diagnostic Imaging, PLLC v. Carecore Nat., LLC*, 2009 WL 2135294, at *4 (S.D.N.Y. 2009) (denying motion to modify protective order because parties and

13

third parties have reasonably relied upon the terms of the protective order). Third-party witnesses

have done the same. Under *Martindell*, this Court cannot take away those protections after the

fact.

> 3.   Cernovich Fails to Overcome the Presumption to Maintain the Protective
>       Order

Tellingly, Cernovich cites no civil case in which a court modified a protective order to

give an intervener access to information about the sexual assault of a minor (when the intervener

was not the handicapped victim's mother). Instead, Cernovich cites authority that is inapposite

and self-evidently distinguishable.

For example, in many of the cases Cernovich cited the court ***denied*** the motion. *See AT &*

*T Corp.v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (the court ***denied*** the motion for

intervention for failure to show "the Protective Order was improvidently granted or that either

extraordinary circumstances or a compelling need exist"); *In re Iowa Freedom of Info. Council*,

724 F.2d 658, 661 (8th Cir. 1983); *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

In *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998), where

the motion was granted, the intervener was ***mother of a handicapped sexual assault victim*** –

someone with a completely legitimate interest in the case, unlike the instant filer. In *In re*

*Pineapple Antitrust Litig.*, 2015 U.S. Dist. LEXIS 122438, at 5 (S.D.N.Y. Aug. 7, 2015), the

motion was granted because it as a "long-closed civil lawsuit…," not an ongoing litigation as is

the case here. *Schiller v. City of N.Y.*, 2006 U.S. Dist. LEXIS 70479, at 5 (S.D.N.Y. Sep. 27,

2006) is also readily distinguishable. When the motion was brought by a legitimate news media

company – the New York Times – the Court found that intervention "for the limited purpose of

challenging strictures on the dissemination of information s***hould not impede the progress of the***

***litigation.***" (Emphasis added). There is no such limited purpose here, and any release of

14

confidential material prior to the trial would most certainly impede the progress of the litigation,

as it would likely be used as a tool to intimidate witnesses expected to be called at trial and to

taint the jury pool.

Further, Cernovich cites a Nevada case involving Dershowitz, and quotes from what

appears to be a statement made by one of the attorneys in the case. *See Suen v. Las Vegas Sands,*

*Inc.*, District Court, Clark County, Nevada, Case No. A493744-C at 8 (Apr. 16, 2013).

Additionally, in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142

(2d Cir. 2016) the Court only allowed intervention ***"[a]fter parties settled the action"*** – not one

month prior to the commencement of trial.

To continue, *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 10 (1986); *Richmond*

*Newspapers v. Virginia*, 448 U.S. 555, 580 n.17 (1980); *Globe Newspaper Co. v. Superior*

*Court,* 457 U.S. 596, 605 (1982); and *United States v. Myers (In re in re Nat'l Broad. Co.)*, 635

F.2d 945 (2d Cir. 1980) are inapposite because they involved criminal proceedings. *Hartford*

*Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) in inapposite because it involved the

right of access to docket sheets (something Cernovich already has).*United States v. Erie Cty.*,

763 F.3d 235, 236 (2d Cir. 2014) is inapposite because the intervention took place after the

settlement agreement.

*N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2011) cuts

against Cernovich's argument as the Court stated: "Accordingly, we have recognized that "a

person's physical safety" as well as "the privacy interests of individuals" such as witnesses, third

parties, and those investigated in connection with a legal violation, may "warrant closure.""

Here, privacy interests of both parties and third parties warrant closure, which also makes

15

**CMA-132**

inapposite the holding in *United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014) (Sealing did not invoke "privacy concerns.").

Cernovich then cites to a series of cases, many of which are out-of-circuit, that are also inapposite:

- o *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988)

  - ▪ "In the absence **of some overriding interest in favor of keeping discovery documents under seal**, once documents are submitted in support of motion for summary judgment, they should be unsealed…"

  - ▪ "It appears from the record that the Order was entered to facilitate **pre-trial discovery**." Here there is an overriding interest in favor of keeping the Protective Order, as explained above.

- o *In re Continental Ill. Secs. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984)

  - ▪ Only reasons given for maintaining confidentiality: attorney-client privilege, work product immunity and effective functioning of special litigation committees. By contrast, protecting minor victims of sexual assault is at stake with this case.

- o *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984) - Factually different – it involved the transcript of hearing ruling on confidential information, but also involved another other motion.

- o *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983) - District court gave no reason for limiting press access.

- o *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) - Bankruptcy, confidentiality upheld

- o *Westmoreland v. CBS, Inc.*, 752 F.2d 16, 22 (2d Cir. 1984) - Televised coverage **not** allowed

In addition, Cernovich cites cases concerning cameras in the courtroom – cases which have absolutely no bearing on the issue at hand. *See Katzman v. Victoria's Secret Catalogue*, 923 F. Supp. 580, 588 (S.D.N.Y. 1996); *E*Trade Fin. Corp. v. Deutsche Bank AG*, 582 F. Supp. 2d 528, 531 (S.D.N.Y. 2008).

16

**CMA-133**

Finally, it is worth noting that this case is set for trial March 13. Accordingly, the public's interest in learning about many other matters in this case will be fully satisfied in the very near future. Cernovich offers no reason why the court cannot delay exposure of the materials in question for another few weeks.

Cernovich has wholly failed to make any showing to justify disturbing this Court's Protective Order, entered for good cause. To the contrary, his comes to the Court with strong indicia of truly improper purposes of unsealing such sensitive material.

<u>**CONCLUSION**</u>

Based on the foregoing, the Court should deny Cernovich's motion in its entirety.

Dated: February 2, 2017

      Respectfully Submitted,

      BOIES, SCHILLER & FLEXNER LLP

    By: <u>/s/ Meredith Schultz</u>
      Sigrid McCawley (Pro Hac Vice)
      Meredith Schultz (Pro Hac Vice)
      Boies Schiller & Flexner LLP
      401 E. Las Olas Blvd., Suite 1200
      Ft. Lauderdale, FL 33301
      (954) 356-0011

      David Boies
      Boies Schiller & Flexner LLP
      333 Main Street
      Armonk, NY 10504

      Bradley J. Edwards (Pro Hac Vice)
      FARMER, JAFFE, WEISSING,
      EDWARDS, FISTOS & LEHRMAN, P.L.
      425 North Andrews Avenue, Suite 2
      Fort Lauderdale, Florida 33301
      (954) 524-2820

**CMA-134**

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[12]

---

[12] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on February 2, 2017, I electronically filed the foregoing

document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing

document is being served to all parties of record via transmission of the Electronic Court Filing

System generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: <u>lmenninger@hmflaw.com</u>
        <u>jpagliuca@hmflaw.com</u>

<u>/s/ Meredith Schultz</u>
    Meredith Schultz

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
VIRGINIA L. GUIFFRE,                               :
                                                   :
                          Plaintiff,               :
                                                   :         Case No.: 15-cv-7433 (RWS)
            -against-                              :
                                                   :
GHISLAINE MAXWELL,                                :         **REPLY TO PLAINTIFF'S**
                                                   :         **OPPOSITION TO MOTION TO**
                          Defendant.              :         **INTERVENE AND UNSEAL**
                                                   :
--------------------------------------------------------x

Movant Mike Cernovich hereby files his reply to Plaintiff's Response in Opposition to

Motion to Intervene (Docket No. 589) (hereinafter the "Opposition").

Plaintiff Virginia L. Giuffre ("Plaintiff" or "Giuffre") responds to Mr. Cernovich's

Motion to Intervene and Unseal with invective and wild accusations, but presents no legal reason

for the Court to set aside the First Amendment's mandate that court proceedings, at this stage, be

open to the public.  In fact, Giuffre has not even provided a basis to overcome the common law

presumption of openness in judicial proceedings.  Giuffre, instead of making a convincing

argument about the law or the facts, has unfortunately chosen to concoct a wild tale of

conspiracy theories, ulterior motives, and personal vendettas.  Plaintiff's arguments are

unsupported by law or fact.

One week after Cernovich sought to intervene and unseal the summary judgment

pleadings, counsel for Plaintiff filed yet another action in this District against Defendant

Ghislaine Maxwell ("Maxwell"), as well as Jeffrey Epstein, based on allegations similar to those

in this case.  *See Jane Doe 43 v. Jeffrey Epstein, et al.*, Case No. 1:17-cv-00616-JGK (S.D.N.Y.

Jan. 26, 2017) (complaint).  Maxwell has now been accused of running or being involved in a

child sex trafficking ring in multiple lawsuits.  Maxwell's involvement in sex trafficking is

newsworthy on its face.  Indeed, the Daily Mail published an article about the most-recent

lawsuit.  *See* Gould, Martin, "EXCLUSIVE: Pedophile Jeffrey Epstein is accused of luring an

1

underage girl into his elaborate sex trafficking enterprise under the guise of using his wealth and connections to get her into a prestige NYC college", Daily Mail (Jan. 27, 2017).[1]  If it was not newsworthy, it would not have been leaked to the press.

Mr. Cernovich understands the sensitivity of these issues; he has no personal interest in learning about or exposing what happened to Giuffre or publishing any of the intimate facts involving her victimization (in fact, he would not ordinarily oppose her redacting the details of her abuse – however, he is not in a position to stipulate to this Court suspending the First Amendment right of access).  Mr. Cernovich's journalistic focus is on Maxwell and in reporting on Jeffrey Epstein's accusations.[2]  In fact, in the 2016 presidential election, Epstein's activities were the focus of political attacks on Democrats and Republicans alike.  There can be little more newsworthy than the story here – being played out in the people's courtroom.

## 1.0    Half-Baked Conspiracy Theories

It is unfortunate that Giuffre has opposed Mr. Cernovich's efforts report on Maxwell and, by extension, Epstein.[3]  It appears that Plaintiff's Opposition is rooted in fabricated tales about Mr. Cernovich's relationship with Prof. Alan Dershowitz.  Giuffre correctly identifies Prof. Dershowitz as but one of at least fifty people interviewed for the movie *Silenced: Our War on Free Speech* (Danger & Play Prods. 2016).[4]  *Silenced* included interviews with rabbis, Imams, priests, social media personalities, comedians, computer hackers, lawyers, college students, musicians, and even so-called "online trolls."  *Silenced* was a look at what free speech meant in

---

[1]    Available at <http://www.dailymail.co.uk/news/article-4164082/Pedophile-Jeffrey-Epstein-accused-new-sex-traffick-case.html> and attached the Declaration of Jay M. Wolman, filed herewith, as Exhibit 1 (last accessed February 9, 2017).

[2]    Epstein pleaded guilty to prostituting a minor under Fla. Stat. § 796.03, a crime punishable by up to fifteen years' imprisonment.  *See* Fla. Stat. § 775.082(3)(c); *State of Fla. v. Jeffrey E. Epstein,* Case No. 0809381 (Palm Beach, Fla. Jun. 30, 2008).  In what appears to have been a sweetheart deal, Epstein was only given an 18-month sentence and served but 13 months.  *See* "High-profile cases:  Crimes that shook Palm Beach through the decades", Palm Beach Daily News (Feb. 2, 2017), available at <http://www.palmbeachdailynews.com/news/local/high-profile-cases-crimes-that-shook-palm-beach-through-the-decades/9B1wc5GHCMqHHUOeFotwBI/> and attached to the Declaration of Jay M. Wolman, filed herewith, as Exhibit 2 (last accessed February 9, 2017).

[3]    Maxwell did not oppose the relief sought by Mr. Cernovich.

[4]    The full cast list is available at <http://www.silencedmovie.com>, and attached to the Declaration of Jay M. Wolman, filed herewith, as Exhibit 3.  Plaintiff's Opposition truncates the list.

America in 2016, and documented such issues as cyber-bullying, online shaming, and self-censorship.  Ironically, Giuffre now seeks to hold a documentary about the First Amendment against the journalist who produced the documentary, now that he also seeks to speak up for his, and truly everyone's, First Amendment rights.  Giuffre correctly observes that in promoting the film on Twitter, Cernovich promoted the fact that Prof. Dershowitz's appeared in it.[5]  The fact that Cernovich's previous journalistic endeavors like *Silenced* focused on a player in this case only strengthens his journalistic interest in the case, it does not diminish his credibility.

Finally, Giuffre accurately quoted Cernovich's inspiration by Prof. Dershowitz's legal writing.  He is a best-selling author who was involved in numerous high-profile cases.  The Court would be hard pressed to find a lawyer who was not affected by Prof. Dershowitz.  More important, the Court would be hard pressed to see how these allegations mean anything close to what Plaintiff asserts or bar the First Amendment right of access.

To suggest that Mr. Cernovich is somehow acting for Prof. Dershowitz is simply false, and the allegations and suppositions in the Opposition are meritless.  Mr. Dershowitz is one of the greatest litigators in history.  He hardly needs to enlist the assistance of a proxy to litigate his interests.  Mr. Cernovich is not a shadowy co-conspirator of Prof. Dershowitz simply because he interviewed Prof. Dershowitz in a movie about the First Amendment.  Otherwise, Plaintiff's counsel should be considered a double agent – after all, Prof. Dershowitz's wrote of "Supreme Injustice:  How the High Court Highjacked Election 2000" (Oxford Univ. Press 2001).[6]  Plaintiff provides nothing more than shameful and unprofessional table-pounding for their argument that Mr. Cernovich and Prof. Dershowitz are in cahoots, and the Court should not give this theory any credence.  Whatever interests Prof. Dershowitz may have, they are separate and apart from Mr. Cernovich's First Amendment oriented goals.

---

[5]   The still image of the video clip on page 7 of the Opposition shows Prof. Dershowitz in the same outfit as the one in the Twitter image on page 8.  This is because, as the tweet itself indicates, it was from that very day.

[6]   Mr. Boies argued for Vice President Gore in *Bush v. Gore,* 531 U.S. 98 (2000).

Mr. Cernovich does not seek to "besmirch" Plaintiff and there is no "illegitimate purpose" behind his Motion.  Plaintiff attempts to throw mud at Mr. Cernovich to support this argument, but none of the "evidence" she provides establishes anything of relevance.  None of the quotes attributed to Mr. Cernovich in any way suggest he supports sex trafficking or the abuse of minors, and her suggestion that Mr. Cernovich will expose the identities of other victims is, to put it generously, ethereal.  But even if her arguments were supportable, the First Amendment is not governed by a journalist's biases; otherwise the Daily News could not publish positive stories about the Mets.  As the Second Circuit explained, "consideration of the [journalist's] ultimate interest in the case should not affect the weight of the presumption [of access]."  *Lugosch v. Pyramid Co.*, 435 F.3d 110, 123 (2d Cir. 2006).  There is no legitimate dispute that Mr. Cernovich is a member of the media and there is no question that this case is a matter of public interest.  Plaintiff appears to think that only members of the media who seek to promote her personal agenda have a valid interest in reporting on this case.  Fortunately for the public, this is not law.[7]

**2.0    The Public's First Amendment Rights Must Not be Denied**

In misunderstanding Mr. Cernovich's motives and conflating him with Prof. Dershowitz, Plaintiff mischaracterizes the substance of the motion.  Mr. Cernovich is *not* seeking to modify the Protective Order (Docket No. 62).  He seeks to restore it.

2.1    <u>The Protective Order Contemplates Confidential Materials Not Being Sealed</u>

The Court originally entered a protective order that permitted review of requests to seal under the requirements of the Second Circuit.  In the interest of judicial economy, however, that order was modified without either party briefing the governing law.  The discovery Protective Order, as originally entered, states:

> Whenever a party seeks to file any document or material containing CONFIDENTIAL INFORMATION with the Court in this matter, it shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.

---

[7]    Ironically, if Cernovich has a bias, it would be in *favor* of Giuffre's positions.

*See* Protective Order (Docket No. 62), March 17, 2016, at p. 4.  Mr. Cernovich's motion addresses the Order of June 24, 2016 (Docket No. 250) setting forth how the parties are to file unredacted documents under seal, and the Standing Order of August 9, 2016 (Docket No. 348).  These orders abrogated the requirements of Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.  The August 9, 2016, Standing Order notably stated that "[a] party wishing to challenge the sealing of any particular submission may do so by motion."  (Docket No. 348).  Thus, Mr. Cernovich is doing precisely what this Court requires.  His challenge would not modify any order, rendering irrelevant Plaintiff's arguments related to the standard for modifying a Rule 26(c) protective order.  To the extent the motion is construed as one seeking to modify the June 24 and August 9, 2016 order, there is good cause to do so.

    2.2    <u>The Summary Judgment Pleadings Must Be Unsealed</u>

Although it is more efficient to permit the parties to freely file matters under seal, that efficiency must give way to First Amendment and common law rights of access.  Under established Second Circuit precedent:

> Proceedings may be closed and, by analogy, documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.  Such findings may be entered under seal, if appropriate. Broad and general findings by the trial court, however, are not sufficient to justify closure.

*In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (internal citations and quotation marks omitted).  The record does not reflect any such specific, on the record findings; there are only broad and general findings.

The parties have well exceeded any basis for sealing.  In reaffirming *In re N.Y. Times Co.*, the Second Circuit recently observed that "[t]o overcome the First Amendment right of access, the proponent of sealing must 'demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) quoting *In re N.Y. Times Co., supra.*

5

Here, neither Maxwell nor Giuffre have put forth any reason for the broad redactions and sealing appearing first in Maxwell's summary judgment filings and subsequently in Giuffre's Opposition thereto.  Specifically, no reasons were put forth to seal or redact (a) all 68 pages of the Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Docket No. 541); (b) Exhibits D, G-Z, AA-CC, EE-KK & MM (32 of 38 exhibits) (Docket No. 542);[8] (c) a Rule 56.1 Statement of Fact referenced by Plaintiff at p. 12 of her Opposition, but not even identifiable on the docket; (d) all of the pages (total unknown) of "Plaintiffs' [sic] Response to Defendant's Motion for Summary Judgment" (Docket No. 586); (e) all of the pages (total unknown) of Plaintiff's Statement of Contested Facts and Plaintiff's Undisputed Facts (Docket No. 586-1); (f) all of the Declaration of Sigrid McCawley (total pages unknown) (Docket No. 586-2); and (g) all of Plaintiff's Exhibits 1-50 (Docket No. 586-3).[9]  Rather, Giuffre thinks that Mr. Cernovich must show why it was inappropriate to file these documents under seal.  That is not how this works.

Plaintiff cites to *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979) for the proposition that a protective order should not be set aside absent improvidence or a compelling need, but it is inapposite here.  *See* Opposition at p. 18.  In *Martindell*, the issue was direct access to deposition transcripts unrelated to adjudication of the merits of the case.  *See* 594 F.2d at 292. Here, in contrast, the parties procured discovery under a protective order that "by its very terms was applicable solely to the pretrial stages of the litigation," such that sealing was not automatic under Docket Entry No. 62, even as modified.  *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 147 (2d Cir. 1987) (distinguishing *Martindell*), *certiorari denied* 484 U.S. 953 (1987). Thus, any "reliance on such a sweeping, temporary protective order simply was misplaced." *Id.*; *see also SEC v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001) (observing the presumption against access to documents produced pursuant to a protective order where there was reasonable

---

[8]    Plaintiff appears to have tallied these as "nearly 700 pages of exhibits".  Opposition at p. 16.

[9]    Mr. Cernovich presumes Defendant will file her reply brief under seal as well, similarly without making the requisite demonstration.

reliance, per *Martindell*, does not withstand the presumption in favor of access to judicial documents). Giuffre's only argument for maintaining the seal on these records is reliance on an order that did not automatically seal the documents in question, where no one has attempted to justify the seal. This does not trump Mr. Cernovich's First Amendment rights or the rights of the general public.

   2.2.1  <u>Summary judgment pleadings are judicial documents which are presumptively accessible to the public</u>

  Contrary to Plaintiff's false assertion, Mr. Cernovich is not seeking a "one-sided" unsealing (Opposition at p. 12). He expressly sought to unseal all documents "filed or *to be filed* under seal in relation to" the summary judgment motion. *See* Notice of Motion (Docket No. 550) (emphasis added). At the time the motion was filed, Giuffre had not yet filed her opposition, but, by its terms, that opposition and all other filings are encompassed in the relief requested. Mr. Cernovich may or may not seek to unseal the documents that "are substantially the same as those Dershowitz sought to publish" (Opposition at p. 12); he has no way of knowing what Prof. Dershowitz sought, nor is it of any event to him. Nonetheless, Prof. Dershowitz sought to unseal documents during the course of discovery, and appears to have a personal interest in it (which is not to delegitimize his right to access either). This is entirely different from Mr. Cernovich only seeking to unseal the documents made part of the summary judgment pleadings.

  Plaintiff argues that the sealed documents do not "directly affect adjudication of this case" (Opposition at p. 16) based on her assertion that she will defeat summary judgment. This is internally inconsistent. If she defeats summary judgment, that most certainly directly affects adjudication of the case. The summary judgment documents will, in whole or in part, contribute to the Court's disposition of the summary judgment motion. Moreover, materials submitted in connection with motions for summary judgment, regardless of their merit or the ultimate disposition, are precisely those documents to which the right of public access attaches. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 122-23 (2d Cir. 2006) ("As a matter of law, then, we

hold that the contested documents – by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment – are unquestionably judicial documents under the common law.")[10]

### 2.2.2   Plaintiff has not met her burden of showing a seal is appropriate

Although Plaintiff suggests that Mr. Cernovich has the burden of making a showing to unseal (Opposition at pp. 17-20), the burden actually lies with the party seeking to deny public access.  *See In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222-23 (S.D.N.Y. 2006) ("a party seeking a protective order sealing trial, other court hearings, or motions and accompanying exhibits filed with the court must satisfy a more demanding standard of good cause").  Plaintiff has failed to demonstrate good cause.

In this Circuit, a party wishing to foreclose the First Amendment right of access must:

> [1] "advance an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect that interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, and [4] it must make findings adequate to support the closure."

*N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 304 (2d Cir. 2011).  Plaintiff has not met these factors.

As to the first factor, Plaintiff seems to proffer the following reasons the documents should be sealed:  the protection of minor victims of sex crimes from further trauma and embarrassment; and the encouragement of such victims to come forward and testify in a truthful and credible manner.  Even these noble reasons were found insufficient by the Supreme Court to deny journalists' First Amendment right of access.  *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607, 102 S. Ct. 2613, 2620 (1982); accord *N.Y. Civ. Liberties Union*, 684 F.3d at 303-06 (observing that *Globe Newspaper* barred automatic closure whenever minors testified,

---

[10]   Curiously, Plaintiff implies that she will not seek to seal the courtroom for trial should she successfully oppose summary judgment.  Opposition at p. 22.  Presumably, the parties would submit the same evidence and testimony at trial as they do for summary judgment, as a jury would need to weigh the disputed evidence and the credibility of the witnesses.  This is precisely what makes summary judgment pleadings judicial documents, for the very same evidence and testimony may be what the Court uses to award judgment to Defendant when there is no genuine issue of material fact in dispute.  If Plaintiff would have the trial open, she undermines her entire opposition to Mr. Cernovich's motion, as she evidently has no problem with this information being a matter of public record.

but rather required a case-by-case determination).    Furthermore, Plaintiff provides no explanation as to how this interest would actually be implicated by unsealing the documents.

With respect to the second factor, as stated above, Mr. Cernovich does not wish to expose Plaintiff to further trauma or embarrassment.  Upon review of the documents, Mr. Cernovich may well decide not to publish some of the materials.[11]  The First Amendment right of access, however, is paramount.  The existing sealing order, which permitted the parties to file all of the material under seal at their own, not the Court's, discretion, is overbroad.

With respect to the third factor, previous alternatives were in place, where the parties could propose narrowly tailored redactions.  The parties have since disregarded this approach and decided to seal entire pleadings without explanation or justification.  And, as noted, there have been no specific findings by the Court, susceptible to appellate review, as to particular sealed material, as required by the fourth factor.

**3.0    Conclusion**

Mr. Cernovich is sympathetic to Plaintiff's plight.  However, when the Article III power of the Court is invoked, "access to testimony and documents" makes monitoring necessary to instill in the public "confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings."  *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).  Mr. Cernovich is certainly supportive of gaining this access without causing further trauma to Plaintiff.  Regardless of Plaintiff's purported interest in confidentiality, however, the public is entitled to know what the Court is adjudicating especially where, as here, the allegations are part of a matter of great public concern.

---

[11]    In fact, he considers the sordid details of Ms. Giuffre's abuse to be the least newsworthy elements in this story.

Dated: February 9, 2017.                    Respectfully submitted,

                                                     */s/ Jay M. Wolman*
                                                     Jay M. Wolman (JW0600)
                                                     RANDAZZA LEGAL GROUP, PLLC
                                                     100 Pearl Street, 14th Floor
                                                     Hartford, CT 06103
                                                     Tele:   702-420-2001
                                                     Fax:    305-437-7662
                                                     Email: ecf@randazza.com

                                                     *Attorneys for Proposed Intervenor,*
                                                     *Michael Cernovich d/b/a Cernovich Media*

CASE NO. 15-cv-7433 (RWS)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

GHISLAINE MAXWELL,

      Defendant.

-------------------------------------------------X

15-cv-07433-RWS

## Reply Brief in Support of Defendant's
## Motion for Summary Judgment

Laura A. Menninger
Jeffrey S. Pagliuca
Ty Gee
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

**CMA-148**

# TABLE OF CONTENTS

# TABLE OF AUTHORITIES

# and

# PAGES 1-30

# REDACTED

**CMA-149**

Respectfully submitted,


*s/ Laura A. Menninger*

Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
Ty Gee (*pro hac vice pending*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:        303.832.2628
lmenninger@hmflaw.com

*Attorneys for Defendant Ghislaine Maxwell*

31

**CMA-150**

**CERTIFICATE OF SERVICE**

I certify that on February 10, 2017, I electronically served this *Reply Brief in Support of Defendant's Motion for Summary Judgment* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*s/ Nicole Simmons*
Nicole Simmons

32

**CMA-151**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------X

VIRGINIA L. GIUFFRE,

      Plaintiff,

v.

GHISLAINE MAXWELL,

      Defendant.

-------------------------------------------------

**15-cv-07433-RWS**

**Defendant's Reply to Plaintiff's Statement of**
**Contested Facts and Plaintiff's "Undisputed Facts"**
**Pursuant to Local Civil Rule 56.1**

Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

**CMA-152**

# PAGES 1-35

# REDACTED

**CMA-153**

Dated: February 10, 2017

Respectfully submitted,

/s/ *Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:        303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

**CMA-154**

**CERTIFICATE OF SERVICE**

I certify that on February 10, 2017, I electronically served this *Defendant's Reply to Plaintiff's Statement of Contested Facts and Plaintiff's "Undisputed Facts" Pursuant to Local Civil Rule 56.1* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
Boies, Schiller & Flexner, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
Farmer, Jaffe, Weissing, Edwards, Fistos &
Lehrman, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons

37

**CMA-155**

## United States District Court
## Southern District of New York

Virginia L. Giuffre,

                Plaintiff,             Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

                Defendant.

_____/

### NOTICE OF INTENT TO REQUEST REDACTION OF
### FEBRUARY 16, 2017 HEARING TRANSCRIPT

       Petitioner, Virginia Giuffre, hereby files this Notice of Intent to Request Redaction of the

February 16, 2017 transcript of proceedings pursuant to this Court's Protective Order.  *See*

Plaintiff's redactions attached hereto as Sealed Exhibit 1.

Dated:  March 15, 2017

                        Respectfully Submitted,

                        /s Meredith Schultz
              By: _____
                    Sigrid McCawley (Pro Hac Vice)
                    Meredith Schultz (Pro Hac Vice)
                    Boies Schiller Flexner LLP
                    401 E. Las Olas Blvd., Suite 1200
                    Ft. Lauderdale, FL 33301
                    (954) 356-0011

                    David Boies
                    Boies Schiller Flexner LLP
                    333 Main Street
                    Armonk, NY 10504

1

**CMA-156**

Bradley J. Edwards (Pro Hac Vice)
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

2

**CMA-157**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on the 15th day of March, 2017, I served the attached document via CM/ECF and e-mail to the following counsel of record.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
Ty Gee, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: <u>lmenninger@hmflaw.com</u>
      <u>jpagliuca@hmflaw.com</u>
      <u>tgee@hmflaw.com</u>

/s Meredith Schultz

By: _____
Meredith Schultz (Pro Hac Vice)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

3

# EXHIBIT 1
# (FILE UNDER SEAL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
VIRGINIA L. GUIFFRE,                                        :        Case No.: 15-cv-7433 (RWS)
                                                            :
                            Plaintiff,                      :
                                                            :        **PROPOSED INTERVENOR MICHAEL**
             -against-                                      :        **CERNOVICH D/B/A CERNOVICH**
                                                            :        **MEDIA'S OPPOSITION TO NOTICE**
                                                            :        **OF INTENT TO REQUEST**
GHISLAINE MAXWELL,                                          :        **REDACTION OF FEBRUARY 16, 2017**
                                                            :        **HEARING TRANSCRIPT**
                            Defendant.                      :
                                                            :
------------------------------------------------------------x

        Michael Cernovich ("Cernovich") d/b/a Cernovich Media ("Movant" or "Intervenor")

moved to intervene in this action to unseal the pending summary judgment motion (Doc. No. 540)

and all related proceedings, including the then-anticipated opposition, reply, and hearing.  Doc.

No. 550.  Argument on that motion was heard on February 16, 2017, along with argument on the

summary judgment motion itself.  Such argument occurred in open court, with counsel for Movant

present throughout the entirety of the arguments, as well as the subsequent conference regarding

case logistics.  Notably, immediately prior to the beginning of his argument on summary judgment,

counsel for Defendant intimated that the courtroom might need to be sealed, but the Court deemed

it unnecessary.  Plaintiff lodged no contemporaneous objection to the open courtroom or to the

presence of counsel for Movant.

        Now, Plaintiff has filed a Notice of Intent to Request Redaction of the February 16, 2017

transcript.  Doc. No. 721.  Movant does not know what is sought to be redacted or why, as such

was itself sealed.  *Id.*  As set forth in his motion, reply, and at argument, summary judgment

proceedings involve judicial documents to which a First Amendment right of access attaches,

whether or not the summary judgment motion is allowed.  The transcript is one of those documents.

Moreover, because the courtroom was not sealed, and the Court indicated that closing the

courtroom was not appropriate, despite the presence of counsel for Movant, redaction of the

transcript is impermissible.  See *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013)

1

("The transcript of a proceeding is so closely related to the ability to attend the proceeding itself that maintaining secrecy is appropriate only if closing the courtroom was appropriate.")

As this Court has observed, "[t]he First Amendment requires that court proceedings be open to the public, and by extension the news media, absent the most clearly articulated and compelling reasons for closing them in a particular circumstance." *Katzman v. Victoria's Secret Catalogue (In re Courtroom TV Network)*, 923 F. Supp. 580, 588 (S.D.N.Y. 1996) (Sweet, U.S.D.J.). There are no such compelling reasons. Movant cannot guess what Plaintiff seeks to redact, but none of the bits of information revealed during the hearing raised any significant confidentiality concerns that warranted sealing the courtroom or transcript. See *Newsday* at 165-166. The First Amendment right of access is paramount. See *id.* at 166.

WHEREFORE Intervenor respectfully requests this Honorable Court deny Plaintiff's request to redact the February 16, 2017 transcript.

Dated: March 17, 2017.                          Respectfully Submitted,

                                                */s/ Jay M. Wolman*
                                                Jay M. Wolman (JW0600)
                                                RANDAZZA LEGAL GROUP, PLLC
                                                100 Pearl Street, 14th Floor
                                                Hartford, CT 06103
                                                Tele:   702-420-2001
                                                Fax:    305-437-7662
                                                Email:  ecf@randazza.com

                                                *Attorneys for Movant/Putative Intervenor,*
                                                *Cernovich Media*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman

3

**CMA-162**



Meredith Schultz, Esq.
E-mail: mschultz@bsfllp.com

March 27, 2017

<u>VIA ECF</u>

Honorable Judge Robert W. Sweet
District Court Judge
United States District Court
500 Pearl Street
New York, NY 10007

      Re:   ***Giuffre v. Maxwell,***
           <u>**Case No.: 15-cv-07433-RWS**</u>

Dear Judge Sweet,

On March 15, 2017, Plaintiff's submitted proposed redactions to Defendant of this Court's February 16, 2017 hearing transcript. In response Defendant's counsel has made a blanket unsupported challenge to all proposed redactions.

At the summary judgment hearing, this Court heard argument on Defendant's motion for summary judgment. Defendant's counsel submitted his entire summary judgment motion and reply brief under seal, as did Ms. Giuffre's counsel with her response. The summary judgment argument discussed the same issues that Defendant and Plaintiff previously filed under seal. Accordingly, that portion of the transcript should be kept under seal.

Despite Defendant's counsel filing his entire motion for summary judgment and reply under seal, Defendant takes a different view about the oral argument based upon those briefs. On March 21, 2017, counsel for Defendant, Ty Gee, sent a letter (attached) to counsel for Ms. Giuffre stating:

> We object under Paragraph 11 of the Protective Order (Doc.62) to plaintiff's "confidential" designation (see Docs.721 & 721-1) of the transcript of the February 16 hearing. No portions of the transcript plaintiff has [sic] designated are confidential under the Protective Order.

This is the second time Defendant has challenged a confidentiality designation made by Ms. Giuffre. As the Court will recall, Defendant's first (and failed) attempt sought to make public certain materials that are not only protected from public view by various statutes, but also by a common sense of decency.

While Defendant's counsel gives no reason in his letter why he wants the hearing transcript revealed, it is somewhat perplexing given that he wants to keep his briefs sealed. Indeed, his

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



Honorable Judge Robert W. Sweet
District Court Judge
March 27, 2017
Page-2-

hour-long oral argument hewed so closely to the content of the sealed briefs that much of the hearing transcript consists of him simply reading portions of those briefs aloud.

At any rate, because Defendant has already agreed to (and designated) this material confidential (in brief-form), there is no cause reveal this material simply because he read it into a hearing transcript, particularly when Defendant is not moving to unseal her briefs on the same topic.

Finally, should this inconsistent position not be spurred by a desire to entangle Ms. Giuffre's counsel in unnecessary motion practice, but, instead, represents a genuine change of Defendant's counsel's position since filing her briefs under seal, the confidentiality designations should still remain. The content of Ms. Giuffre's response in opposition contains confidential information, and counsel for both parties discussed that confidential information at oral argument. And, to be sure, Ms. Giuffre's counsel is not wavering from their confidentiality designations. Accordingly, the Court should maintain Ms. Giuffre's confidentiality designations.

Sincerely,

Meredith Schultz

MS/


cc: Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                              :
VIRGINIA L. GUIFFRE,                          :        Case No.: 15-cv-7433 (RWS)
                                              :
                    Plaintiff,                :
                                              :
                                              :    **PROPOSED INTERVENOR MICHAEL**
       -against-                              :      **CERNOVICH D/B/A CERNOVICH**
                                              :     **MEDIA'S OPPOSITION TO MOTION**
GHISLAINE MAXWELL,                            :                **TO STRIKE**
                                              :
                    Defendant.                :
                                              :
                                              :
---------------------------------------------------------x

       Michael Cernovich ("Cernovich") d/b/a Cernovich Media ("Movant" or "Intervenor")

hereby opposes Plaintiff's Motion to Exclude his Opposition [DE 763] to Plaintiff's ongoing

efforts to shield judicial documents from media and public scrutiny.[1] Her latest argument is that

Intervenor lacks standing to object to the redaction of a transcript of open-court proceedings in

which his counsel participated, even sitting at counsels' table the entire time without objection.[2]

       Plaintiff's citation to *Esther Sadowsky Testamentary Tr. v. Fed. Hous. Fin. Agency*, 412 F.

App'x 361 (2d Cir. 2011) is inapposite.  In that matter, the motion to intervene had been denied,

so the putative intervenor had no standing to contest collateral orders.  Here, Intervenor's motion

---

[1] It must also be noted that there is no basis in the Federal Rules of Civil Procedure to "exclude" a
filing.  The motion was, however, docketed as a "motion to strike", though internally named a
motion to "exclude".  The closest applicable rule, Fed. R. Civ. P. 12(f), only applies to striking
pleadings, not other filings, and it does not include lack of standing as a basis to strike.  See *Colony
Ins. Co. v. Jack A. Halprin, Inc*., No. 3:10 - CV - 1059 (CSH), 2012 U.S. Dist. LEXIS 95982, at
*10-12 (D. Conn. July 11, 2012).  Neither is Intervenor's objection an evidentiary document to
which exclusion under the Federal Rules of Evidence might apply.

[2] Plaintiff has not otherwise suggested that Intervenor is incorrect on the merits of his objection.
As a result, it appears Plaintiff is seeking to redact matters beyond the personal identifiers listed in
Fed. R. Civ. P. 5.2(a).  Further, per Fed. R. Civ. P. 5.2(e), additional redactions are only to be made
upon order of the Court.  All requests for a court order must be made by motion.  See Fed. R. Civ.
P. 7(b)(1); accord Notice to the Bar, Electronic Availability of Civil Transcripts of Proceedings
Before U.S. District and Magistrate Judges ("If a party wants to redact information in
addition…the party must make the appropriate application to the assigned judicial officer").  Thus,
as there is no motion for further redaction pending, there is no proper request for such redaction
before this Court.

has neither been denied nor is Plaintiff's redaction request collateral to his involvement in the case.

Although Plaintiff's citation only actually addresses standing to appeal, the law of standing also shows that non-party standing to appeal has been "long allowed…when the nonparty has an interest that is affected by the trial court's judgment." *Rothstein v. Am. Int'l Grp., Inc.*, 837 F.3d 195, 204 (2d Cir. 2016)(internal citation and quotations marks omitted). Thus, by the same token, Intervenor has a demonstrable interest in the non-redaction a transcript of open-court proceedings in which his counsel participated, which interest would be adversely affected were the Court to allow whatever the undisclosed redaction request entails.

Dated: March 29, 2017.                          Respectfully Submitted,

                                                */s/ Jay M. Wolman*
                                                Jay M. Wolman (JW0600)
                                                RANDAZZA LEGAL GROUP, PLLC
                                                100 Pearl Street, 14th Floor
                                                Hartford, CT 06103
                                                Tele:   702-420-2001
                                                Fax:    305-437-7662
                                                Email: ecf@randazza.com

                                                *Attorneys for Movant/Putative Intervenor,*
                                                *Cernovich Media*

2

**CMA-166**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on March 29, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman

3

**CMA-167**



**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**29 March 2017**

<u>Via ECF</u>

Honorable Judge Robert W. Sweet
District Court Judge
United States District Court
500 Pearl Street
New York, NY 10007

   *Re:     Giuffre v. Maxwell | Case No.: 15-cv-07433-RWS*

Dear Judge Sweet:

Movant-Intervenor Michael Cernovich d/b/a Cernovich Media was previously unable to divine from the publicly available portions of Plaintiff's Notice of Intent to Request Redaction (Doc No. 721) what redactions were sought, thus limiting his ability to file his opposition thereto (Doc. No. 725).  Plaintiff's March 27, 2017 letter (Doc. No. 793) has finally revealed what portion of the February 16, 2017, transcript she is seeking to redact: the entire portion that is the summary judgment argument.  Movant hereby responds to Plaintiff's letter.

It appears now that Defendant, at least, recognizes the fundamental problem under the common law right of access and the First Amendment in sealing any portion of the summary judgment argument.  And, Plaintiff has now revealed in her letter that the oral argument "hewed so closely to the content of the sealed brief that much of the hearing transcript consists of him simply reading portions of those briefs aloud".  If this is the case, then it is even more apparent there is no basis for sealing the summary judgment pleadings, let alone the transcript.

Undersigned counsel was present at the proceedings.  Defendant's counsel invited the Court to seal the courtroom in advance of his argument, but the Court indicated such would be unnecessary.  The Court was correct and, though at any time Plaintiff could have asked for a seal mid-argument, none was sought.  Now, Plaintiff is trying to close the proverbial barn door after the horses have escaped.

Not only is redaction frivolous, as it would only limit public access to verbatim arguments, rather than the substance of the arguments themselves, but there are no other good grounds.  The law of republication and how it applies in this case has nothing to do with Plaintiff's or anyone else's alleged abuse, but rather Defendant's and her alleged agents' dealings with the media.  Neither do the issues involving the pre-litigation privilege.  Or whether the alleged defamatory publication is an assertion of opinion or fact, where truthfulness of the alleged factual statements is not necessary to determine the question or otherwise involve reference to third-party, publicly available publications.

Opposition to Dkt. No. 793
Page 2 of 2



Although Plaintiff's counsel, in her arguments, made reference to allegedly confidential evidence of sexual trafficking, she knowingly did so in the presence of undersigned counsel.   Moreover, her arguments were sufficiently vague in detail as to merely referencing flight logs, house staff witnesses, pictures, hospital records, time & travel records, victim notification letters, and a black book.   This reference to evidence is otherwise discussed in publicly available articles and even the public docket entries in this case.

Similarly, her arguments over the press release language itself, to whom it was directed, and the meaning of "malice" are issues of law, not of fact.  As stated by Defendant's counsel, this is not a sexual abuse case, it is about defamation; he even noted that were abuse conceded, summary judgment in favor of Defendant would be appropriate as a matter of law.   Though Movant takes no position on whether Defendant is entitled to judgment as a matter of law, he agrees that the issues at summary judgment, in the transcript and, apparently, in the briefing, do not raise any basis for the wholesale sealing of legal argument.

Whether or not the Court previously denied Defendant's ability to publicize protected materials, the case is now in a different posture.  Summary judgment proceedings are undeniably judicial documents to which there is a strong presumption of access. Nothing in Plaintiff's letter suggests any reason for the particularized findings the Court would be required to make why the press and the public at large should be denied the freedom to exercise their First Amendment and common law rights.  Movant, therefore, reiterates his position that the summary judgment briefs should be unsealed and the transcript should not be redacted.

Sincerely,

Jay Marshall Wolman

**CMA-169**

# United States District Court
# Southern District of New York

Virginia L. Giuffre,

               Plaintiff,                    Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

               Defendant.

_____/

## NOTICE OF PLAINTIFF'S PROPOSED REDACTIONS TO THIS COURT'S ORDER DENYING SUMMARY JUDGMENT

        Plaintiff, Virginia Giuffre, hereby files this proposed redactions of the Order Denying Defendant's Motion for Summary Judgment.  *See* Plaintiff's proposed redactions attached hereto as Sealed Exhibit 1.

Dated:  March 29, 2017

                              Respectfully Submitted,

                    By:  /s Sigrid McCawley
                       Boies Schiller Flexner LLP
                       401 E. Las Olas Blvd., Suite 1200
                       Ft. Lauderdale, FL 33301
                       (954) 356-0011

By:  /s Sigrid McCawley
Sigrid McCawley (*Admitted Pro Hac Vice*)
Meredith Schultz (*Admitted Pro Hac Vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

David Boies
Boies Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Bradley J. Edwards (*Admitted Pro Hac Vice*)

FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Paul G. Cassell (*Admitted Pro Hac Vice*)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

2

**CMA-171**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on the 29th day of March, 2017, I served the attached document via CM/ECF and e-mail to the following counsel of record.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: <u>lmenninger@hmflaw.com</u>
      <u>jpagliuca@hmflaw.com</u>
      <u>tgee@hmflaw.com</u>

By: <u>/s Sigrid McCawley</u>
    Sigrid McCawley (*Admitted Pro Hac Vice*)
    Boies Schiller Flexner LLP
    401 E. Las Olas Blvd., Suite 1200
    Ft. Lauderdale, FL 33301
    (954) 356-0011

3

CMA-172

# EXHIBIT 1
# (FILE UNDER SEAL)

**CMA-173**



**Haddon, Morgan and Foreman, P.C.**
**Ty Gee**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
tgee@hmflaw.com

April 3, 2017

The Honorable Robert W. Sweet
District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007
*Via* ECF

Re: Plaintiff's Letter Motion to Redact the Transcript of the Summary-
     Judgment Hearing on February 16, 2017
     *Giuffre v. Maxwell*, No. 15-cv-07433-RWS (S.D.N.Y.)

Dear Judge Sweet:

The Court should deny plaintiff's request filed indiscriminately and without
good cause to redact parts of the summary-judgment arguments of the parties
held in open court on February 16, 2017.

The Protective Order (Doc.062) provides a mechanism by which the parties
may designate as "confidential" documents that would warrant protection
under Federal Rule of Civil Procedure 26(c). The designation is important,
since it confers upon the document the Court's imprimatur that, in fact, the
document meets the criteria for a protective order, e.g., confidentiality is
needed to protect a party or person "from annoyance, embarrassment,
oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1).

Because it carries the Court's imprimatur, the Protective Order provides that
the lawyer making the designation certifies (a) she has "reviewed" the
document, (b) "there is a valid and good faith basis for such designation," and
(c) disclosure of the information in the document to non-parties "would cause a
privacy harm to the designating party." Doc.062 ¶ 8. If a non-designating party
disagrees with a "confidential" designation, it is entitled under the Protective
Order to object, giving notice identifying the information subject to the
objection. *Id*. ¶ 11.

CMA-174

Judge Sweet
April 3, 2017
Page 2

In her letter motion Ms. Schultz complains we "g[ave] no reason" for objecting to her "confidentiality" designation and "[t]his is the second time" we have objected. That is incorrect. Our objection said, "No portions of the transcript plaintiff has designated are confidential under the Protective Order." If no portion of the transcript is confidential, *a fortiori* Ms. Schultz's designation of the vast majority of it as confidential is objectionable under Paragraph 11 of the Protective Order.

Two things are missing from the letter motion. Ms. Schultz fails to explain how her designation—her certification—was based on a "valid and good faith basis," Prot. Ord. ¶ 8. The second thing missing is a discussion acknowledging, let alone establishing, she has "good cause," Fed. R. Civ. P. 26(c)(1), for an order to be entered protecting the transcript of the summary-judgment arguments of counsel. She cannot obtain a protective order by ignoring these two things. And she cannot carry her burden by complaining we have "entangle[d]" her in "unnecessary motion practice."

We suggest the letter motion's red herrings are intended to distract from the obvious problem with Ms. Schultz's "confidentiality" designation: there was no legal basis for it. She says the transcript should be subject to a protective order because the briefs were. That is an unserious argument. One, the briefs referenced "confidential"-designated materials and the parties' summary-judgment oral argument on February 16 did not. Two, as proposed Intervenor Cernovich Media pointed out (Docs.810 at 1), the Court did not close the courtroom on February 16. Indeed, it explicitly denied a request to close the courtroom. *Media representatives*, if not also members of the general public, were present in the courtroom and heard every word of the argument. Ms. Schultz certainly knew this. She was opposite Cernovich Media's counsel Jay Wolman, who argued Cernovich Media's motion to intervene in this action to object to "confidentiality" designations. As Mr. Wolman pointedly notes, during the *Giuffre v. Maxwell* summary-judgment oral argument he was "sitting at counsels' table the entire time without objection." Doc.810 at 1. At least one print reporter was seated in the gallery. As this Court has made clear, when a reporter is present during a public hearing, there is no "confidentiality" accorded to what is said at the hearing. *See* 3/9/17 Tr. 7 (agreeing that names of individuals identified in open court are "already a matter of public record" and "I do think what's done is done").

Ms. Schultz conspicuously fails to make any effort to show why any sentence, let alone the entire transcript, of the summary-judgment argument should be

CMA-175

Judge Sweet
April 3, 2017
Page 3

designated "confidential." That is a failure at liftoff. *See Vazquez v. City of N.Y.*, 2014 WL 11510954, at *1 (S.D.N.Y. May 2, 2014) (denying motion to designate as confidential all videotaped depositions and other recordings, and noting that Rule 26(c) standard of good cause "ordinarily requires a party to show that disclosure will result in a clearly defined, specific and serious injury. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle."); *see id.* (denying protective order as to specific videotape because it "is already in the hands of the media—which is to say, the proverbial cat is already out of the bag").

The motion for protective order should be denied.

Very truly yours,


*s/  Ty Gee*

Ty Gee

Judge Sweet
April 3, 2017
Page 4

**CERTIFICATE OF SERVICE**

     I certify that on April 3, 2017, I electronically served this *Letter Motion Regarding Plaintiff's Letter Motion to Redact the Transcript of the Summary-Judgment Hearing on February 16, 2017* via ECF on the following:

Sigrid S. McCawley
Meredith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

J. Stanley Pottinger
49 Twin Lakes Rd.
South Salem, NY 10590
StanPottinger@aol.com

*/s/ Nicole Simmons*
Nicole Simmons

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
VIRGINIA L. GUIFFRE,                                 :
                                                     :        Case No.: 15-cv-7433 (RWS)
                            Plaintiff,               :
                                                     :   **PROPOSED INTERVENOR MICHAEL**
            -against-                                :   **CERNOVICH D/B/A CERNOVICH**
                                                     :   **MEDIA'S OPPOSITION TO NOTICE**
                                                     :   **OF PLAINTIFF'S PROPOSED**
GHISLAINE MAXWELL,                                   :   **REDACTIONS TO THIS COURT'|S**
                                                     :   **ORDER DENYING SUMMARY**
                            Defendant.               :   **JUDGMENT**
                                                     :
--------------------------------------------------------x

        Michael Cernovich ("Cernovich") d/b/a Cernovich Media ("Movant" or "Intervenor")
moved to intervene in this action to unseal the pending summary judgment motion (Doc. No.
540) and all related proceedings, including the then-anticipated opposition, reply, hearing, and
disposition thereof.  Doc. No. 550.  Argument on that motion was heard on February 16, 2017,
along with argument on the summary judgment motion itself.  Such argument occurred in open
court, with counsel for Movant present throughout the entirety of the arguments, as well as the
subsequent conference regarding case logistics.  Notably, immediately prior to the beginning of
his argument on summary judgment, counsel for Defendant intimated that the courtroom might
need to be sealed, but the Court deemed it unnecessary.  Plaintiff lodged no contemporaneous
objection to the open courtroom or to the presence of counsel for Movant.

        Now, Plaintiff has filed a Notice of Proposed Redactions to This Court's Order Denying
Summary Judgment.  Doc. No. 813.  Movant does not know what is sought to be redacted or
why, as such was itself sealed.[1]  *Id.*  As set forth in his motion, reply, and at argument, summary
judgment proceedings involve judicial documents to which a First Amendment right of access
attaches, whether or not the summary judgment motion is allowed.  The Order Denying
Summary Judgment is necessarily one of those judicial documents as it is the disposition itself.

_____

[1] On March 30, 2017, Plaintiff also filed a Notice of Intent to Request Redaction of March 23, 2017 Sealed Opinion.
Doc. No. 823.  To the extent the unidentified Sealed Opinion relates to summary judgment proceedings, Movant
similarly opposes redaction as otherwise set forth herein.

**CMA-178**

It is unclear if the Court has already issued a sealed order denying summary judgment or whether this is wishful thinking on the part of Plaintiff, as the docket is silent as to any adjudication of the summary judgment motion.

As this Court has observed, "[t]he First Amendment requires that court proceedings be open to the public, and by extension the news media, absent the most clearly articulated and compelling reasons for closing them in a particular circumstance." *Katzman v. Victoria's Secret Catalogue (In re Courtroom TV Network)*, 923 F. Supp. 580, 588 (S.D.N.Y. 1996) (Sweet, U.S.D.J.). There are no such compelling reasons. Movant cannot guess what Plaintiff seeks to redact, but none of the bits of information revealed during the hearing raised any significant confidentiality concerns that warranted sealing the courtroom or the order. See *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 165-166 (2d Cir. 2013). The First Amendment right of access is paramount. See *id.* at 166.

To the extent oral argument revealed the issues decided, there is no basis for redaction or another form of seal. The law of republication and how it applies in this case has nothing to do with Plaintiff's or anyone else's alleged abuse, but rather Defendant's and her alleged agents' dealings with the media. Neither do the issues involving the pre-litigation privilege. Or whether the alleged defamatory publication is an assertion of opinion or fact, where truthfulness of the alleged factual statements is not necessary to determine the question or otherwise involve reference to third-party, publicly available publications.

Although Plaintiff's counsel, in her arguments, made reference to allegedly confidential evidence of sexual trafficking, she knowingly did so in the presence of undersigned counsel. Moreover, her arguments were sufficiently vague in detail as to merely referencing flight logs, house staff witnesses, pictures, hospital records, time & travel records, victim notification letters, and a black book. This reference to evidence is otherwise discussed in publicly available articles and even the public docket entries in this case.

2

Similarly, her arguments over the press release language itself, to whom it was directed, and the meaning of "malice" are issues of law, not of fact. As stated by Defendant's counsel, this is not a sexual abuse case, it is about defamation; he even noted that were abuse conceded, summary judgment in favor of Defendant would be appropriate as a matter of law. Though Movant takes no position on whether Defendant is entitled to judgment as a matter of law, he agrees that the issues at summary judgment, in the transcript and, apparently, in the briefing, do not raise any basis for the wholesale sealing of legal argument, let alone any portion of the Court's Order.

WHEREFORE Intervenor respectfully requests this Honorable Court deny Plaintiff's request to redact the Court's Order Denying Summary Judgment.

Dated: April 5, 2017.                     Respectfully submitted,

*/s/ Jay M. Wolman*
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tele:   702-420-2001
Fax:    305-437-7662
Email:  ecf@randazza.com

*Attorneys for Proposed Intervenor,*
*Michael Cernovich d/b/a Cernovich Media*

**CMA-180**

CASE NO. 15-cv-7433 (RWS)

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 5th day of April 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman

4

**CMA-181**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

VIRGINIA GIUFFRE,

                Plaintiff,              15 Civ. 7433

    -against-

                                      OPINION

GHISLAINE MAXWELL,

                Defendant.

----------------------------------------X

A P P E A R A N C E S:

        Counsel for Virginia Giuffre

        BOIES, SCHILLER & FLEXNER LLP
        401 East Las Olas Boulevard, Suite 1200
        Fort Lauderdale, FL 33301
        By:   Sigrid S. McCawley, Esq.
              Meredith L. Schultz, Esq.

        Counsel for Ghislaine Maxwell

        HADDON, MORGAN AND FOREMAN, P.C.
        150 East Tenth Avenue
        Denver, CO 80203
        By:   Laura A. Menninger, Esq.
              Jeffrey S. Pagliuca, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/3/17

        Counsel for Michael Cernovich

        RANDAZZA LEGAL GROUP PLLC
        100 Pearl Street, 14th Floor
        Hartford, CT 06103
        By:   Jay M. Wolman, Esq.

**CMA-182**

**Sweet, D.J.**

Michael Cernovich ("Cernovich" or the "Intervenor") has moved under Rule 24(b) to intervene in this action and to modify the protective order entered in this action in order to unseal particular documents submitted in connection with the motion of defendant Ghislaine Maxwell ("Maxwell" or the "Defendant") for summary judgment to dismiss the complaint of plaintiff Virginia L. Giuffre ("Giuffre" or the "Plaintiff"). Based upon the conclusions set forth below, the motion to intervene is granted, and the motion to modify the protective order is denied.

## I.    Prior Proceedings

This defamation action was commenced on September 21, 2015 and has been intensely litigated as reflected by over 880 docket entries as of this date. Familiarity with the prior opinions is assumed. *See Giuffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 831949 (S.D.N.Y. Feb. 29, 2016); *Giuffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016); *Giuffre v. Maxwell*, No. 15 Civ. 7433 (RWS) (S.D.N.Y. May 2, 2016); *see also* March 22, 2017 Redacted Opinion on Defendant's Motion for Summary Judgment, ECF No. 872.

2

**CMA-183**

At issue is the truth or falsity of statements made by the Plaintiff which have been characterized as lies by the Defendant, giving rise to this defamation action. Among the statements at issue are allegations of sexual abuse of minors. Discovery has proceeded involving these issues and those persons allegedly involved.

## II.   The Protective Order

The Protective Order was entered on March 17, 2016 and provided confidentiality for documents, materials and/or information so designated by the parties, together with procedures relating to the designations and any challenges to the designations among other provisions. It also provided that the Protective Order would not affect the use of confidential information at trial.

## III.   The Motion to Intervene is Granted

Based upon the conclusions reached in the November 2, 2016 order granting intervention to Alan Dershowitz, the motion

**CMA-184**

of Cernovich to intervene to modify the Protective Order is granted.[1]

## IV.   The Motion to Modify the Protective Order is Denied

The Protective Order provided confidentiality for information the parties determine would "improperly annoy, embarrass or oppress any party, witness or person providing discovery in this case." Protective Order, ECF No. 62, p. 1. Intensive discovery has proceeded without challenge to a significant number of designations, principally by the Plaintiff. The Intervenor seeks to unseal the materials submitted in connection with the Defendant's motion for summary judgment. The opinion denying that motion for summary judgment has been filed under seal, and includes a direction, in accordance with the agreed-upon procedure, that the parties submit an opinion that redacts any information that is subject to the Protective Order. That opinion, containing uncontested redactions, has been filed, ECF No. 872. The redactions to the

---

[1] The Plaintiff had moved to strike Cernovich's opposition to her notice of intent to request certain redactions on the basis that Cernovich had not been granted standing as an Intervenor. That motion, ECF No. 763, is now denied as moot.

4

**CMA-185**

opinion omit only the confidential fact contentions of the parties resulting from the discovery.[2]

In the Second Circuit, there is a "strong presumption against the modification of a protective order, and orders should not be modified absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011) (affirming denial of motion to lift confidentiality provisions of the protective order). Indeed, "once a discovery protective order is in place, the applicable standard required plaintiff seeking to modify the order to show improvidence in the grant of the protective order or some extraordinary circumstance or compelling need." *In re September 11 Litigation*, 262 F.R.D. 274 (S.D.N.Y. 2009). This Court has, three times, found the issues presented in the action warrant a Protective Order, and has specifically expressed concern for its ongoing efficacy.

The Second Circuit has been hesitant to permit modifications that might "unfairly disturb the legitimate

_____

[2] The argument with respect to the summary judgment was held in open court without objection, *see* Transcript of February 16, 2017 Hearing, ECF No. 702, at p. 16. The Plaintiff's request for redaction, ECF No. 721 and 793, is denied.

**CMA-186**

expectations of the parties or deponents." *Dorsett v. County of Nassau*, 289 F.R.D. 54, 65 (E.D.N.Y. 2012) (internal citations and quotations omitted) (denying motion to lift confidentiality of report of policing failures surrounding the murder of a young mother). "It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Id.* (internal citations and quotations omitted). Consequently, "the Second Circuit determined that 'absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need . . . a witness should be entitled to rely upon the enforceability of a protective order against any third parties.'" *Id.* (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979) (denying governmental access for criminal investigative purposes civil deposition transcripts taken under a protective order).

In this case, the parties and multiple deponents have reasonably relied on the Protective Order in giving testimony and producing documents including evidence of assault, medical records, and emails. *See Med. Diagnostic Imaging, PLLC v. Carecore Nat., LLC*, 2009 WL 2135294, at *4 (S.D.N.Y. 2009) (denying motion to modify protective order because parties and

6

**CMA-187**

third parties reasonably relied upon the terms of the protective order). Third-party witnesses have done the same.

Cernovich cites no civil case in which a court modified a protective order to give an intervenor access to discovery information about the sexual assault of a minor, except for a case when the intervenor was the handicapped victim's mother. Instead, Cernovich cites authority that is inapposite and self-evidently distinguishable.

In *In re Pineapple Antitrust Litig.*, No. 04 MD. 1628 RMB MHD, 2015 WL 5439090 (S.D.N.Y. Aug. 10, 2015), cited by Cernovich, the motion was granted because it was a "long-closed civil lawsuit," not an ongoing litigation, as is the case here. Similarly, in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016), the Court only allowed intervention "[after parties settled the action" – not one month prior to the commencement of trial. This action is currently scheduled for trial in mid-May and a release of contested confidential discovery materials could conceivably taint the jury pool.

Further, there was "no viable basis to deny the motion" offered in *In re Pineapple*, 2015 WL 5439090, at *1,

7

**CMA-188**

whereas here, the Plaintiff has provided in opposition
sufficient basis to deny the motion, including the case's status
as ongoing and near trial, and the nature of the documents
requested as sensitive, regarding sexual assault of a minor at
issue. In *N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*, 685
F.3d 286, 298 (2d Cir. 2011), the Court stated: "Accordingly, we
have recognized that 'a person's physical safety' as well as
'the privacy interests of individuals' such as witnesses, third
parties, and those investigated in connection with a legal
violation, may 'warrant closure.'" Here, privacy interests of
both parties and third parties warrant closure with respect to
discovery materials. In *Schiller v. City of N.Y.*, No. 04 CIV.
7921(KMK), 2006 WL 2788256 (S.D.N.Y. Sept. 27, 2006), the motion
was brought by the New York Times and the Court granted the
motion while noting that the intervention "for the limited
purpose of challenging strictures on the dissemination of
information should not impede the progress of the litigation."
*Id.* at *3. There is no such limited purpose here.

Another case cited by Cernovich, *Hartford Courant Co.
v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004), is inapposite
because it involved the right of access to docket sheets which
Cernovich already has.

8

**CMA-189**

The Court recognizes that there is generally a presumption of public access to judicial documents. The Second Circuit has noted that where, as here, "a district court 'denied the summary judgment motion, essentially postponing a final determination of substantive legal rights,' the public interest in access 'is not as pressing.'" *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (quoting *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1342 n. 3 (D.C. Cir. 1985) (Wright, J., concurring in part and dissenting in part)). Because of the sensitive nature of the materials designated as confidential, involving allegations of sexual abuse and trafficking of minors, and because we are mere weeks from assembling a jury for trial, the importance of leaving these materials protected by the Protective Order outweighs any public interest in their publication at this time.

The Intervenor seeks to modify the Protective Order with respect to documents produced in discovery and referred to in the parties' factual statements. Protection of confidential discovery in this case is appropriate. *See, e.g.*, *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *5 (S.D. Cal. May 14, 2014) (denying in part a request to unseal where the court found the information to be of the kind that would "gratify private spite, promote public scandal, circulate

9

libelous statements, or release trade secrets") (internal quotation marks and citation omitted). To the extent that the summary judgment decision of March 22, 2017 relied upon the confidential fact submissions, that reliance was set forth.

The Intervenor has not established a compelling need for the documents obtained in discovery which undergird the summary judgment decision.

The motion of the Intervenor to modify the Protective Order to obtain discovery materials deemed confidential by the parties is denied.

## V.    Conclusion

This opinion resolves ECF Nos. 550, 763, and 793.

The motion of the Intervenor to intervene is granted. The motion to modify the Protective Order is denied.

**CMA-191**

It is so ordered.

New York, NY
May 1, 2017

ROBERT W. SWEET
U.S.D.J.

11

**CMA-192**



**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**4 May 2017**

<u>Via CM/ECF</u>

Honorable Judge Robert W. Sweet
District Court Judge
United States District Court
500 Pearl Street
New York, NY 10007

   *Re:  Giuffre v. Maxwell | Case No.: 15-cv-07433-RWS | Joinder to ECF No. 898*

Dear Judge Sweet:

  As your Honor is aware, I represent Intervenor Michael Cernovich d/b/a Cernovich Media. I am writing on behalf of Intervenor to join the request of non-parties NYP Holdings, Inc., and Daily News, L.P., by letter of today (ECF No. 898) and adopt the reasoning set forth therein by reference.

  Although Intervenor appreciates the issues raised by the Court in its May 3, 2017, order on Intervenor's motion to unseal (ECF No. 892), Intervenor is particularly concerned that the Court did not unseal any portion of the statement of facts and that it unsealed no portion of the memoranda by the parties in support or in opposition to summary judgment. As the newspapers suggest, it is unlikely that the entirety of these documents should properly be sealed, especially where none of the witnesses are minors. Moreover, the Court seems to have misunderstood Intervenor's motion to unseal. Intervenor did not seek to modify a discovery protective order under Fed.R.Civ.P. 26(c) or unseal discovery documents; intervenor sought to modify a blanket sealing order under Fed.R.Civ.P. 5.2(d) and unseal material evidentiary documents submitted in connection with a dispositive motion. Should one or more of the parties attempt to seal such evidence at trial, Intervenor may need to renew and reargue his motion.

  Thus, Intervenor similarly requests sufficient notice sufficiently in advance of any closure to afford him the opportunity to assert common law and First Amendment right of access.

       Sincerely,

       Jay Marshall Wolman

cc:  All Counsel of Record (via CM/ECF)

---

**CMA-193**

# United States District Court
## Southern District of New York

VIRGINIA GIUFFRE,

     Plaintiff,     Case No.: 15-cv-07433-RWS

v.

GHISLAINE MAXWELL,

     Defendant.

_____/

### <u>JOINT STIPULATION FOR DISMISSAL</u>

  Plaintiff, VIRGINIA GIUFFRE, and Defendant, GHISLAINE MAXWELL, by and through their undersigned counsel, hereby stipulate and agree that pursuant to the Settlement Agreement entered into between the parties and Fed. R. Civ. P. 41(a)(1)(A)(ii), this action shall be DISMISSED WITH PREJUDICE, with each party to bear its own attorneys' fees and costs.

Dated: May 24, 2016     Respectfully Submitted,
           FARMER, JAFFE, WEISSING
           EDWARDS, FISTOS & LEHRMAN, P.L.

     By: <u>*/s/ Bradley J. Edwards*</u>
       Bradley J. Edwards (Pro Hac Vice)
       425 North Andrews Avenue, Suite 2
       Fort Lauderdale, Florida 33301
       (954) 524-2820

       Sigrid McCawley (Pro Hac Vice)
       Meredith Schultz (Pro Hac Vice)
       Boies Schiller & Flexner LLP
       401 E. Las Olas Blvd., Suite 1200
       Ft. Lauderdale, FL 33301
       (954) 356-0011

       David Boies
       Boies Schiller & Flexner LLP
       333 Main Street

**CMA-194**

Armonk, NY 10504

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

<u>**CERTIFICATE OF SERVICE**</u>

    **I HEREBY CERTIFY** that on the 24th day of May, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
      jpagliuca@hmflaw.com

/s/ *Bradley J.  Edwards*
Bradley J. Edwards

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

2

**CMA-195**

## United States District Court
## Southern District of New York

VIRGINIA GIUFFRE,

              Plaintiff,           Case No.: 15-cv-07433-RWS

v.

GHISLAINE MAXWELL,

              Defendant.

_____/



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5 25 17

### JOINT STIPULATION FOR DISMISSAL

      Plaintiff, VIRGINIA GIUFFRE, and Defendant, GHISLAINE MAXWELL, by and through their undersigned counsel, hereby stipulate and agree that pursuant to the Settlement Agreement entered into between the parties and Fed. R. Civ. P. 41(a)(1)(A)(ii), this action shall be DISMISSED WITH PREJUDICE, with each party to bear its own attorneys' fees and costs.

Dated: May 24, 2016           Respectfully Submitted,
                                  FARMER, JAFFE, WEISSING
                                  EDWARDS, FISTOS & LEHRMAN, P.L.

/s/ Jeffrey S. Pagliuca          By: /s/ Bradley J. Edwards
Laura A. Menninger (LM-1374)         Bradley J. Edwards (Pro Hac Vice)
Jeffrey S. Pagliuca (pro hac vice)       425 North Andrews Avenue, Suite 2
Ty Gee (pro hac vice)              Fort Lauderdale, Florida 33301
Haddon, Morgan and Foreman, P.C.    (954) 524-2820
150 East 10th Avenue
Denver, CO 80203
Phone:  303.831.7364           Sigrid McCawley (Pro Hac Vice)
Fax:     303.832.2628           Meredith Schultz (Pro Hac Vice)
lmenninger@hmflaw.com           Boies Schiller & Flexner LLP
                                  401 E. Las Olas Blvd., Suite 1200
Attorneys for Ghislaine Maxwell       Ft. Lauderdale, FL 33301
                                  (954) 356-0011

                                  David Boies
                                  Boies Schiller & Flexner LLP
So ordered                333 Main Street
       5-25.17

Armonk, NY 10504

Paul G. Cassell (Pro Hac Vice)
S.J. Quinney College of Law
University of Utah
383 University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 24th day of May, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the individuals identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Laura A. Menninger, Esq.
Jeffrey Pagliuca, Esq.
HADDON, MORGAN & FOREMAN, P.C.
150 East 10th Avenue
Denver, Colorado 80203
Tel: (303) 831-7364
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com
        jpagliuca@hmflaw.com

/s/ *Bradley J. Edwards*
Bradley J. Edwards

---

[1] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

2

CMA-197

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VIRGINIA L. GUIFFRE,                          :
                                              :
                        Plaintiff,            :
                                              :        Case No.: 15-cv-7433 (RWS)
          -against-                           :
                                              :
GHISLAINE MAXWELL,                            :        **NOTICE OF APPEAL**
                                              :
                        Defendant.            :
                                              :
-----------------------------------------------------------x

Notice is hereby given that Intervenor Michael Cernovich d/b/a Cernovich Media ("Cernovich Media") appeals to the United States Court of Appeals for the Second Circuit from the Order dated May 2, 2017 and filed on May 3, 2017 (ECF No. 892), which construed Cernovich Media's Motion to Unseal (ECF No. 550) as a motion to modify the protective order and, so construed, denied the motion, and from each and every part thereof denying the said motion. Cernovich Media further appeals the implicit order pursuant to which the Opinion (ECF No. 872) setting forth the denial of summary judgment was filed in redacted form on April 27, 2017, implicitly denying Cernovich Media's Opposition to Notice of Plaintiff's Proposed Redactions to this Court's Order Denying Summary Judgment (ECF No. 833).

Dated: May 31, 2017.                          Respectfully submitted,

                                              */s/ Jay M. Wolman*
                                              Jay M. Wolman (JW0600)
                                              RANDAZZA LEGAL GROUP, PLLC
                                              100 Pearl Street, 14th Floor
                                              Hartford, CT 06103
                                              Tele:  702-420-2001
                                              Fax:   305-437-7662
                                              Email: ecf@randazza.com

                                              *Attorneys for Intervenor,*
                                              *Michael Cernovich d/b/a Cernovich Media*

1

**CMA-198**

CASE NO. 15-cv-7433 (RWS)

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 31st day of May 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman

2