UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

MICHAEL CERNOVICH d/b/a
CERNOVICH MEDIA; and
ALAN DERSHOWITZ,

               Intervenors-Appellants,

      v.

VIRGINIA L. GUIFFRE,

               Plaintiff-Appellee.

Nos. 16-3945-cv(L);
17-1625(CON); 17-1722(CON)

**OPPOSITION TO GUIFFRE'S
MOTION TO FILE ANSWER
BRIEF UNDER SEAL**

Appellant Michael Cernovich d/b/a Cernovich Media hereby opposes Appellee Virginia Giuffre's Motion to File Answer Brief Under Seal and says:

1)    Appellant recognizes that certain materials were filed originally under seal in the District Court. Indeed, the erroneous and indiscriminate sealing by the District Court of judicial documents, *i.e.* documents submitted in connection with a motion for summary judgment and the summary judgment order itself, is what is subject to this very appeal. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)(distinguishing sealing at the discovery stage from sealing at the adjudicatory stage).

2)    As an Intervenor who, unlike Prof. Dershowitz, was not made a recipient of purportedly confidential material, Appellant Michael Cernovich has not seen any of the sealed material. Thus, it is impossible for him to agree that Appellee's brief in opposition should be sealed, in whole or in part, without

1

knowing what it is that is sought to be sealed. To agree would be directly contrary to the First Amendment principle of access for which Appellant is fighting in this matter. As the Court has stated, "the public is entitled to understand the nature of the dispute and the reasons for the rulings of this Court and the district court." *Sanchez v. MTV Networks*, 525 F. App'x 4, 7 (2d Cir. 2013) citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

3)	In fact, the very nature of this litigation, involving claims of pedophilia and child sex trafficking, relating to celebrities and elected officials, is now of the utmost societal interest. Since Appellant first began to seek access to the judicial documents, we have seen the rise of the #MeToo movement, accusations of ephebophilia become central to the Alabama senatorial election, the highly public trials of Sen. Robert Menendez (involving allegations of sex with underage prostitutes in the Dominican Republic)[1] and Taylor Swift (involving her allegation of being groped),[2] and "The Silence Breakers" being named Time magazine's 2017 Person of the Year. Ms. Giuffre filed suit to vindicate her claim that she was an underage sex-trafficking victim; the First Amendment and common law rights of access to the judicial documents at stake, which was wrongly denied, should not be compounded by an *ipse dixit* motion claiming that portions of the opposition brief should be sealed.

[1] See *United States v. Robert Menendez, et al.,* Case No. 2:15-cr-155 (D. N.J. Aug. 24, 2015)(Dkt. No. 83, Consolidated Opposition to Defendants' Motions to Dismiss Alleging Misconduct) at p. 12.
[2] See *Mueller v. Swift, et al.*, Case No. 1:15-cv-01974 (D. Col. Aug. 15, 2017)(Dkt. No. 241, awarding Final Judgment to Ms. Swift on her counterclaims of assault and battery).

2

4)      Appellee's motion to seal is not *in pari materia* with Prof. Dershowitz's motion to seal.  The relief sought by Prof. Dershowitz exceeds the scope of relief sought by Appellant Michael Cernovich.  Prof. Dershowitz seeks to unseal portions of the file beyond the summary judgment filings sought by Appellant Cernovich.   Prof. Dershowitz necessarily, because he was bound by a protective order below to gain access to confidential materials, was obligated to seek to file those materials under seal to the extent he used them in his brief.  Although the appeals are consolidated, they seek separate ends, and since Appellant Cernovich does not have coextensive interests with Prof. Dershowitz, he took no position on that motion.

5)      The same cannot be said for Appellee's motion.  Appellant Cernovich did not utilize any confidential material in submitting his opening brief.  There is no demonstrable need for Appellee to do so in response.  Appellant argues that she needs to submit portions of her brief under seal to respond to information and argument of Prof. Dershowitz.  If that is the case, then she should have planned to file separate opposing briefs rather than, the day before her brief was due, made a request for consent, especially where she had no basis to presume Appellant Cernovich would have consented.

6)      Now that Appellee has chosen to file a combined opposition, for which she was permitted (with Appellant Cernovich's consent) to file overlength, it cannot be under seal.  It would be inequitable and unjust for the opposition to Appellant Cernovich's brief to be sealed when his opening brief was not.  Appellant Cernovich's arguments rely solely on the public record and he would be

prejudiced, and the citizenry for whom he is a proxy, were hidden, *ex parte* facts and argument to be made in opposition. Because Appellee has chosen to file a combined opposition, Appellant Cernovich will be prejudiced in drafting his reply and at oral argument, if any. Appellee made her choice; the consequences of that choice should rest at her doorstep, not Appellant Cernovich's.

WHEREFORE Appellant Michael Cernovich respectfully requests this Court deny Appellee's motion to file under seal any portion of her answer brief.

Dated: December 13, 2017.       Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tele: 702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

*Attorneys for Intervenor-Appellant*
*Michael Cernovich d/b/a Cernovich Media*

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 13th day of December 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman