UNITED STATES COURT OF
APPEALS FOR THE SECOND
CIRCUIT

ALAN M. DERSHOWITZ,

              Intervenor-Appellant,

v.

VIRGINIA GIUFFRE,

              Plaintiff-Appellee.

Nos. 16-3945(L), 17-1625, 17-1722

## APPELLEE VIRGINIA GIUFFRE'S REPLY IN SUPPORT OF MOTION TO FILE ANSWER BRIEF UNDER SEAL

Appellee Virginia Giuffre, by her counsel, hereby files this reply in support of her Motion to File Her Answer Brief under seal.

On December 12, 2017, Ms. Giuffre filed her motion to file her answer/response brief under seal. DE 127. Ms. Giuffre explained that, because the issue before the Court concerns whether documents were properly sealed by the District Court below – and because she was responding to a brief from appellant Dershowitz containing sealed material – it was necessary to reference those sealed materials as well. DE 127 at 3.

On December 13, 2017, Appellant Cernovich filed an opposition to the motion to seal. DE 130. Cernovich argues that Ms. Giuffre "should have

1

planned to file separate opposing briefs" to the two Dershowitz appeals (16-3945-cv(L) and 17-1625) and to the Cernovich appeal (17-1722). DE 130 at 3. Cernovich fails to recognize, however, that the three appeals have all been consolidated by previous order of this Court – without any opposition from him. *See* DE 160. Once that consolidation happened, Cernovich was on notice that the standard procedure for appellee Ms. Giuffre to follow was filing a single consolidated brief. Ms. Giuffre also understood from communications with the Court's Clerk's office that she was to file a single brief, rather than burdening the Court (and opposing counsel) with multiple response briefs.

If there was any doubt about the fact a single response brief would be filed, Cernovich would have been disabused of it by Ms. Giuffre's motion to file an overlength brief. *See* DE 122. In that motion, Ms. Giuffre explained that she was working on a single brief responding both to appellant Dershowitz's opening brief (which contained sealed material) and to appellant Cernovich's opening brief. Ms. Giuffre sought permission to file one 15,000-word brief. Both Dershowitz and Cernovich consented to this relief and the Court granted permission to file the overlength brief. DE 126.

Cernovich also argues that, because he is seeking to have the materials at issue unsealed, it is "impossible for him to agree" to a filing under seal because doing so "would be directly contrary to the First Amendment principle of access

2

for which Appellant is fighting in this matter." DE 130 at 2. But at this stage of the proceedings, Cernovich fails to show how he will be prejudiced by the procedural step of allowing Ms. Giuffre to file a single brief, where he will have access to a publicly-available redacted brief responding to his non-confidential arguments. Of course, if the Court ultimately agrees with his First Amendment argument, then Cernovich will be able to gain access to the materials at that time. And if the Court agrees with Ms. Giuffre's position that denial of access is consistent with the First Amendment, then no First Amendment violation will take place. In either event, First Amendment principles are fully protected.

Moreover, given that Dershowitz was able to file both redacted and unredacted versions of his single brief – without objection from Cernovich – it would be unfair to Ms. Giuffre to deprive her of the opportunity to do the same to respond to Dershowitz. The unfairness to Ms. Giuffre is compounded by the fact that Cernovich adopted large parts of Dershowitz's brief in his brief – including adoption of portions of Dershowitz's brief that contained sealed material. *See* Cernovich Br. at 11 (adopting pages 26-29, 30-33, and 42-49 of the Dershowitz brief, pages which contain sealed material). Apparently Cernovich believes that he and Dershowitz should be able to file sealed material that works to their collective advantage – but that Ms. Giuffre should not be able to file sealed material in response. Of course, this one-sided approach would be

3

fundamentally unfair to Ms. Giuffre.

For all these reasons, the Court should grant Ms. Giuffre's motion for leave to file a brief under seal referencing sealed materials.

Dated: December 14, 2017

          Respectfully Submitted,

          */s/ Paul G.Cassell*
          Paul G. Cassell
          S.J. Quinney College of Law
          University of Utah
          383 S. University St.
          Salt Lake City, UT 84112
          (801) 585-5202[1]

---

[1] This daytime business address is provided for contact purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2017, I caused the foregoing document(s) to be submitted to the Court's ECF system for service and filing, and the document was thereby served upon counsel of record through that system.

Respectfully Submitted,

/s/ Paul G. Cassell

_____
PAUL G. CASSELL
S.J. Quinney College of Law
University of Utah
383 S. University St.
Salt Lake City, UT 84112
(801) 585-5202[2]

BOIES, SCHILLER & FLEXNER LLP

Sigrid McCawley
Boies Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

---

[2] This daytime business address is provided for contact purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

4