# 16-3945-cv(L)

## 17-1625 (CON), 17-1722 (CON)

# United States Court of Appeals
## for the
# Second Circuit

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

– v. –

GHISLAINE MAXWELL,

*Defendant,*

– v. –

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

ALAN M. DERSHOWITZ, and
MICHAEL CERNOVICH, d/b/a CERNOVICH MEDIA,

*Intervenors-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

# REPLY BRIEF FOR INTERVENOR-APPELLANT
# MICHAEL CERNOVICH D/B/A CERNOVICH MEDIA

RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001

*Attorneys for Intervenor-Appellant,*
*Michael Cernovich dba Cernovich Media*

## CORPORATE DISCLOSURE STATEMENT

Intervenor-Appellant Michael Cernovich d/b/a Cernovich Media ("Appellant" or "Mr. Cernovich") hereby states that he is a natural person and, therefore, no corporate disclosure statement pursuant to Fed. R. App. P. 26.1 is required.

# **TABLE OF CONTENTS**

ARGUMENT ................................................................................................ 1

1.0  INTRODUCTION ................................................................................ 1

2.0  THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT PERMITTED THE
PARTIES UNFETTERED SEALING OF JUDICIAL DOCUMENTS AND FAILED TO
UNSEAL UPON APPELLANT'S MOTION ........................................................ 2

2.1  *Ms. Giuffre's Unwarranted Attacks on Mr. Cernovich are Misguided
and a Red Herring*................................................................................ 2

2.2  *Ms. Giuffre Selectively Misreads Mr. Cernovich's Argument Below* ....... 4

2.3  *There is No Basis to Seal the Judicial Documents*.................................... 7

# TABLE OF AUTHORITIES

## CASES

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
  814 F.3d 132 (2d Cir. 2016) ................................................................. 8

*Co. Doe v. Pub. Citizen*,
  749 F.3d 246 (4th Cir. 2014) .......................................................... 9, 10

*Drax v. Reno*,
  338 F.3d 98 (2d Cir. 2003) ................................................................... 2

*Globe Newspaper Co. v. Superior Court*,
  457 U.S. 596 (1982)............................................................................. 8

*Lugosch v. Pyramid Co.*,
  435 F.3d 110 (2d Cir. 2006) ............................................................. 8, 9

*Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)*,
  640 F.3d 53 (2d Cir. 2011) ................................................................... 7

*SEC v. TheStreet.com*,
  273 F.3d 222 (2d Cir. 2001) ................................................................. 7

*Tropical Sails Corp. v. Yext, Inc.*,
  2016 U.S. Dist. LEXIS 49029 (S.D.N.Y. Apr. 12, 2016) .................... 9

## **ARGUMENT**

### **1.0    Introduction[1]**

Appellee Ms. Giuffre attempts to make the issue on appeal about Appellant-Intervenor Michael Cernovich d/b/a Cernovich Media (or Prof. Dershowitz).  Her arguments are misplaced.  The District Court permitted Mr. Cernovich to intervene for the purpose of moving to unseal the summary judgment documents.  Ms. Giuffre did not cross-appeal that order.  Her entire opposition brief rests on a misreading of Mr. Cernovich's argument below and she fails to show that the District Court was correct to seal, at the request of either party, the judicial documents.[2]  The District Court's Order denying Mr. Cernovich's motion to unseal should be reversed and the summary judgment materials should be unsealed.

---

[1]    To the extent applicable, Intervenor-Appellant Michael Cernovich incorporates by reference Section I(A) of the Argument in the publicly filed Reply Brief for Intervenor-Appellant Alan M. Dershowitz.

[2]    In referring to the opposition brief, Mr. Cernovich only refers to the redacted version filed on the public docket.  He has not been served with or otherwise made privy to an unredacted version.  Ms. Giuffre's motion to file the unredacted version under seal remains pending.  In the interests of due process, any arguments made under seal, which Mr. Cernovich has not been provided and has had no opportunity to respond to, should be deemed as improperly made *ex parte* argument and disregarded.

**2.0    The District Court Abused its Discretion When It Permitted the Parties Unfettered Sealing of Judicial Documents and Failed to Unseal Upon Appellant's Motion**

**2.1    Ms. Giuffre's Unwarranted Attacks on Mr. Cernovich are Misguided and a Red Herring**

The Court should not be misled by Ms. Giuffre's personal attacks on Mr. Cernovich's character. *See* Opposition at 2-3, 23-27 & 44-48. The District Court properly rejected those very same attacks without comment. (Dkt. No. 892 at pp. 3-4). He is properly an intervenor for the purpose of seeking First Amendment and common law access to judicial documents. Ms. Giuffre is upset at him and does not like his politics, but she fails to justify letting those emotions bend centuries of common law and more recent First Amendment-based precedent.

Although Ms. Giuffre couches her argument as simply re-raising an argument against unsealing, pursuant to *Drax v. Reno*, 338 F.3d 98, 106 (2d Cir. 2003), it is, in reality, an attempt to cross-appeal the order permitting intervention, without actually having filed a cross appeal. That said, Ms. Giuffre presented no evidence of improper purpose, only wild accusation based on mere speculation, which is particularly ironic for a defamation plaintiff. Mr. Cernovich is a journalist with an interest in this case, to ensure claims that government officials and celebrities engaged in sexual abuse and trafficking of minors are disinfected by sunshine. In that regard, he stands on equal footing with *The New Yorker*'s exposition of Harvey Weinstein, KABC radio's revelations about Sen. Al Franken, and Time

Magazine's recognition of "The Silence Breakers" as Person of the Year 2017. Cernovich Media is not the only press entity with an interest in this case; the *New York Post* and the *New York Daily News* have also taken an interest and have raised concerns regarding the improper sealing of materials. *See* Dkt. No. 898. There is no evidence of improper purpose and all media entities, and the public for whom they stand as a proxy, should be afforded their constitutional and common law rights of access.

Although there is no question Mr. Cernovich has met Prof. Dershowitz and admires him, Mr. Cernovich is not his agent and there is no evidence of this.[3] The only "cue" Mr. Cernovich took was when the defendant moved for summary judgment on January 6, 2017 (Dkt. Nos. 540, 541 & 542), redacting *all 68 pages of their memorandum*, without any finding by the District Court that sealing was proper. Mr. Cernovich moved to intervene and unseal less than two weeks later. (Dkt. No. 550 & 551). In contrast, Prof. Dershowitz's motion had been denied on November 2, 2016. Notably, Mr. Cernovich has not sought access to the full scope

---

[3]    By Ms. Giuffre's arguments, the New York Post and New York Daily News must also be agents of Prof. Dershowitz because they have published his writings. *See, e.g.,* Alan Dershowitz, "Pedestrians and bicyclists, at odds," New York Daily News (Dec. 3, 2016) <http://www.nydailynews.com/opinion/pedestrians-bicyclists-odds-article-1.2896596> and Alan Dershowitz, "The next hate fest," New York Post (Feb. 23, 2013) <https://nypost.com/2013/02/25/the-next-hate-fest/>.    Because of Prof. Dershowitz's remarkable career, it would be difficult to find any major media outlet without a connection to him.

of materials sought by Prof. Dershowitz, but rather limited to the very summary judgment motion (and then-anticipated response, argument, and decision) filed. Ms. Giuffre's personal attacks on Mr. Cernovich only highlights the lack of proper legal basis behind denying the motion to unseal; if that decision could stand on its merits, there would be no need to attempt to smear Mr. Cernovich.

## 2.2    Ms. Giuffre Selectively Misreads Mr. Cernovich's Argument Below

The bulk of Ms. Giuffre's argument rests upon an intentional misreading of Mr. Cernovich's argument below.  She asserts he is not entitled to unseal because he used the term "protective order."  Opposition at 33-43.  But this argument falls apart upon even the most cursory examination.

In his Notice of Motion (Dkt. No. 550), Mr. Cernovich said he "requests that the court *unseal and make public and unredacted*" the judicial documents.  There is no reference to "protective order," only unsealing.   Dkt. No. 550.    In his memorandum, he sought "access" to "publish judicial documents" that were and would be "sealed."  Dkt. No. 551 at p. 2.

Mr. Cernovich used the term "protective order" because that is the *name* of the Order that originally dealt with confidentiality, but which specifically originally instructed that a Motion to Seal would be required were confidential information to be filed.  Dkt. No. 62 at ¶ 10.  Subsequently, the District Court amended that "Protective Order" to eliminate the need to seek leave to seal, setting forth, instead,

that "[a] party wishing to challenge the sealing of any particular submission may do so by motion."  Dkt. No. 348.  It is correct that Mr. Cernovich did not reference Fed. R. Civ. P. 5.2 in his motion—but neither did the District Court in its order amending the "Protective Order."[4]

It is disingenuous to say Mr. Cernovich wished only to modify a protective order—he specifically said "[p]ermissive intervention is permitted where, as here, a member of the public seeks intervention to modify a protective order and inspect court documents."  Dkt. No. 551 at p. 7.  The issue, thus, was not merely modifying the amended "Protective Order," but also "inspect[ion]" of the sealed documents. In fact, he thereupon said he was "seeking access to this Court's records, specifically [the defendant's] currently sealed" summary judgment documents and all documents related thereto that were or would be sealed.[5]  *Id*.  All of his arguments addressed the improper sealing of records and his desire they be unsealed.  And, when the District Court permitted his intervention, it was to "modify the Protective Order," using the capitalization of Dkt. No. 62, rather than to "modify a protective order." Dkt. No. 892 at pp. 3-4.  Further, the explicit order stated that "[t]he motion of the

---

[4]    If Ms. Giuffre wishes to stand on the issue of failure to cite a rule, it must be noted that the District Court did not cite Fed. R. Civ. P. 26(c) in Dkt. Nos. 62 or 348. Thus, by her own logic, there would have been no foundation to issue those orders.

[5]    It is disturbing that Ms. Giuffre would argue that Mr. Cernovich was seeking to "newly mint a right of access claim" (Opposition at p. 49), when they were aware of his explicit statement, quoted above, that he was "seeking access."

Intervenor to intervene is granted." *Id*. at p. 10. It was granted in full, not in part. Thus, Ms. Giuffre cannot credibly claim the District Court limited the scope of Mr. Cernovich's intervention.

If Ms. Giuffre wishes to stand on her argument that Mr. Cernovich did not cite to Rule 5.2, she must also acknowledge he did not cite to Rule 26(c) either. Neither was Ms. Giuffre prejudiced in any way—her argument below recognized that Mr. Cernovich asked to intervene "for the purpose of unsealing and publishing" the summary judgment materials. Dkt. No. 589 at p. 6. Counsel for Mr. Cernovich reaffirmed at oral argument that the motion was "to intervene for the purposes of unsealing." Dkt. No. 702 at 10:1-2. The District Court itself recognized that "Intervenor seeks to unseal the materials." Dkt. No. 892 at p. 4. There is only one rule dealing with sealing documents—Rule 5.2. Only now, after the District Court utilized the wrong standard, does Ms. Giuffre cling to that error to claim Mr. Cernovich was merely seeking to modify a Rule 26 protective order. To the extent Mr. Cernovich was seeking to modify an order, he was seeking to modify a sealing order that the District Court happened to style a "Protective Order," to stop the unfettered filing of documents under seal. The relief Mr. Cernovich sought, and the basis for it, were clear, and the District Court's misnaming of an order must not be used to block Constitutional rights.

### 2.3    There is No Basis to Seal the Judicial Documents

As this is an appeal about an improper seal, rather than modifying a protective order, the standard cited by Ms. Giuffre is inapt.  *See* Opposition at 38-39.  In *Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)*, 640 F.3d 53 (2d Cir. 2011), the issue was the modification of a protective order to permit discovery of mediation communications.  Similarly, in *SEC v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001), the issue involved a transcript of a deposition.  Neither involved sealed judicial documents, such as a summary judgment materials.

Appellee does not argue that the District Court did not abuse its discretion in failing to unseal.  Instead, she argues that the matter should be remanded to the District Court to determine whether they should be unsealed.  *See* Opposition at 49.  She neglects that the District Court already made its determination—it decided to maintain the seal in light of the alleged "sensitive nature of the materials" outweighing "any public interest in their publication at this time."  Dkt. No. 892 at p. 9.  This was an abuse of discretion, especially in light of the strong First Amendment implications, and Appellee does not contend otherwise.

Moreover, Appellee admits the documents sought by Mr. Cernovich are judicial documents.  Opposition at p. 50.  Here, there is a strong presumption in favor of access, as the District Court saw fit to redact the entire factual background that formed the underpinnings of its denial of summary judgment.  Presumably, this is a

discussion of the materials submitted under seal by the parties, as there does not appear to be any suggestion that the evidence was irrelevant. Thus, it "directly affect[ed] an adjudication." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006). And the sole basis given by the District Court—the relation of the sensitive material to the prospect of assembling a jury—no longer exists.[6] Moreover, the material is not subject to sealing merely because it involved "allegations of sexual abuse and trafficking of minors." Dkt. No. 892 at p. 9. The District Court abused its discretion under *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607 (1982) as such allegations do not result in automatic sealing. Here, the public interest outweighs the sealing interest.

Appellee is correct that Mr. Cernovich did not refer to either First Amendment approach set forth under *Lugosch*, 435 F.3d at 120. This is because, instead, he went directly to this Court's later discussion in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016), which directly referred to *Lugosch. See* Dkt. No. 551 at p. 12. In that discussion, this Court observed that a document submitted "to a court in connection with a summary-judgment motion is entitled to a strong presumption of access." 814 F.3d at 142. To the extent Mr. Cernovich was required to pick an approach (which he was not, as this Court has

---

[6] Although Mr. Cernovich believes that they should have been unsealed regardless of the potential for a jury trial, that issue is moot.

already determined that summary judgment materials support First Amendment access), Ms. Giuffre did not object to the omission of such a selection below and, thus, she waived her right to make such objection for the first time on appeal.

Moreover, under the "necessary corollary" test, contrary to the claim that the argument is implausible (Opposition at 56), the Fourth Circuit correctly observed that since "summary judgment is an adjudication that serves as a substitute for trial and therefore, the First Amendment right of access attaches to documents and materials filed in connection with a summary judgment motion." *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) (internal citation and quotation marks omitted). Similarly, as a different judge in the Southern District of New York found, "[u]nder the experience and logic test, the mere status of these documents as judicial documents suggests that these documents have historically been open to the public." *Tropical Sails Corp. v. Yext, Inc.*, 2016 U.S. Dist. LEXIS 49029, at *8 (S.D.N.Y. Apr. 12, 2016) (discussing First Amendment access to summary judgment documents).

Appellee agrees that "specific, on the record findings" must be made to warrant sealing. Opposition at 57 citing *Lugosch*, 435 F.3d at 120. No such findings were made, thus there is no basis for a seal, and the District Court abused its discretion by refusing to unseal them. The District Court had the opportunity to make the findings, but did not do so. Appellee has not provided this Court with

anything to suggest the District Court might do so on remand. *See Co. Doe v. Pub.*

*Citizen*, 749 F.3d 246, 272 (4th Cir. 2014) ("The burden rested with Company Doe

to articulate a compelling interest that outweighs the strong presumption of public

access.") The mere fact there were allegations regarding sexual assault and

trafficking, where Ms. Giuffre is, herself, no longer a minor, does not entitle her to

litigate behind closed doors. There is no need to remand for the District Court to

weigh the same record this Court possesses; it is appropriate for this Court to order

the unsealing directly. *See id.* Thus, the District Court's order, to the extent it denied

Mr. Cernovich's motion to unseal, should be reversed, with instructions for the

summary judgment motion, opposition, exhibits, and decision, to be unsealed.


Dated:    December 27, 2017          RANDAZZA LEGAL GROUP, PLLC

                                     /s/ Jay M. Wolman
                                     _____
                                     Jay M. Wolman
                                     100 Pearl Street, 14th Floor
                                     Hartford, Connecticut 06103

                                     (702) 420-2001

                                     *Attorneys for Intervenor-Appellant,*
                                     *Michael Cernovich dba Cernovich Media*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B).  It contains 2,433 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).  It has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14-Point Times New Roman</u>.

Dated:        December 27, 2017

> RANDAZZA LEGAL GROUP, PLLC
>
> /s/ Jay M. Wolman
> Jay M. Wolman
> 100 Pearl Street, 14th Floor
> Hartford, Connecticut 06103
>
> (702) 420-2001
>
> *Attorneys for Intervenor-Appellant,*
> *Michael Cernovich dba Cernovich Media*

11