# 16-3945-cv(L),
## 17-1625 (CON), 17-1722 (CON)

# United States Court of Appeals
## for the
# Second Circuit

◆❙◆

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

— v. —

GHISLAINE MAXWELL,

*Defendant,*

— v. —

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

ALAN M. DERSHOWITZ, MICHAEL CERNOVICH, dba CERNOVICH MEDIA,

*Intervenors-Appellants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## SUPPLEMENTAL BRIEF FOR INTERVENOR-APPELLANT
## ALAN M. DERSHOWITZ

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Intervenor-Appellant
Alan M. Dershowitz*

# <u>TABLE OF CONTENTS</u>

<u>PAGE NO(s).</u>

TABLE OF AUTHORITIES ...................................................................ii- v

INTRODUCTION ...............................................................................1

PROCEDURAL BACKGROUND.........................................................2

ARGUMENT ....................................................................................4

    I.    DERSHOWITZ HAS APPELLATE STANDING..............................4

    II.    THIS COURT POSSESSES APPELLATE JURISDICTION
          UNDER THE COLLATERAL ORDER DOCTRINE .......................6

          A.    Denials of Unsealing Are Appealable Collateral Orders............6

          B.    The District Court's Denial of Dershowitz's Motion to
               Modify the Protective Order Is Appealable ...............................9

               1.    Orders Denying a Public Access Intervenor's
                      Request to Modify a Protective Order Are
                      Immediately Appealable....................................................9

               2.    This Court Possesses Pendent Jurisdiction Over
                      Dershowitz's Appeal of the First Challenged Order's
                      Refusal to Modify the Protective Order ........................14

    III.    THIS COURT POSSESSES APPELLATE JURISDICTION
           UNDER THE FINAL JUDGMENT RULE .......................................16

CONCLUSION ...................................................................................20

# TABLE OF AUTHORITIES

**PAGE NO(s)**:

**CASES**:

*ABC, Inc. v. Stewart*,
    360 F.3d 90 (2d Cir. 2004) ...........................................................................7

*Aurelius Capital Partners, LP v. Republic of Argentina*,
    584 F.3d 120 (2d Cir. 2009) ...................................................................5, 7

*B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*,
    531 F.3d 1282 (10th Cir. 2008) ................................................................17

*Bond v. Utreras*,
    585 F.3d 1061 (7th Cir. 2009) ..................................................................12

*Bridge C.A.T. Scan Assocs. v. Technicare Corp.*,
    710 F.2d 940 (2d Cir. 1983) .....................................................................19

*Digital Equipment Corp. v. Desktop Direct, Inc.*,
    511 U.S. 863 (1994)....................................................................................6

*Diversified Grp., Inc. v. Daugerdas*,
    217 F.R.D. 152 (S.D.N.Y. 2003)...............................................................19

*Doe v. Public Citizen*,
    749 F.3d 246 (4th Cir. 2014) ......................................................................5

*Farmland Dairies v. Comm'r of N.Y.S. Dep't of Agric. & Mkts.*,
    847 F.2d 1038 (2d Cir. 1988) .....................................................................4

*FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*,
    498 U.S. 269 (1991)..................................................................................19

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003) ..................................................................12

*Giuffre v. Maxwell*
    No. 17-17122 (2d Cir. 2017) ....................................................................18

*Giuffre v. Maxwell*,
    No. 17-1625 (2d Cir. 2017) ........................................................................16

*Grove Fresh Distribs. v. Everfresh Juice Co.*,
    24 F.3d 893 (7th Cir. 1994) ........................................................................12

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
    485 U.S. 271 (1988) ....................................................................................14

*H.L. Hayden Co. of N.Y.. v. Siemens Med. Sys.*,
    797 F.2d 85 (2d Cir. 1986) ..........................................................................12

*Hispanic Soc'y of N.Y.C. Police Dep't, Inc. v. N.Y.C. Police Dep't*,
    806 F.2d 1147 (2d Cir. 1986) ........................................................................4

*Hysell v. Iowa Pub. Serv. Co.*,
    559 F.2d 468 (8th Cir. 1977) ......................................................................18

*In re Barnett*,
    124 F.2d 1005 (2d Cir. 1942) ......................................................................18

*In re Brewer*,
    863 F.3d 861 (D.C. Cir. 2017) ....................................................................17

*In re Herald Co.*,
    734 F.2d 93 (2d Cir. 1984) ............................................................................7

*In re N.Y. Times Co.*,
    828 F.2d 110 (2d Cir. 1987) ..........................................................................8

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006) .............................................................. 7, 8, 16

*Martindell v. Int'l Tel. & Tel. Corp.*,
    594 F.2d 291 (2d Cir. 1979) ................................................................ 10, 11

*Minpeco S.A. v. Conticommodity Servs., Inc.*,
    832 F.2d 739 (2d Cir. 1987) ................................................... 9, 10, 12, 14

*Nichols v. Bd. of Trustees*,
    835 F.2d 881 (D.C. Cir. 1987) ....................................................................17

*Nixon v. Warner Commc'ns, Inc.*,
　　435 U.S. 589 (1978)...........................................................................5

*Nosik v. Singe*,
　　40 F.3d 592 (2d Cir. 1994) ....................................... 11, 12, 13, 14

*Official Comm. of Unsecured Creditors of WorldCom, Inc. v. S.E.C.*,
　　467 F.3d 73 (2d Cir. 2006) ...............................................................5

*S.E.C. v. Merrill Scott & Assocs.*,
　　600 F.3d 1262 (10th Cir. 2010) .....................................................12

*S.E.C. v. Rajaratnam*,
　　622 F.3d 159 (2d Cir. 2010) ..........................................................20

*S.E.C. v. TheStreet.Com*,
　　273 F.3d 222 (2d Cir. 2001) ................................................ 7, 8, 16

*Schulz v. Williams*,
　　44 F.3d 48 (2d Cir. 1994) .................................................................5

*Shingara v. Skiles*,
　　420 F.3d 301 (3d Cir. 2005) ..........................................................12

*Slayton v. Am. Exp. Co.*,
　　460 F.3d 215 (2d Cir. 2006) ..........................................................19

*Stolt-Nielsen SA v. Celanese AG*,
　　430 F.3d 567 (2d Cir. 2005) ................................................... 14, 16

*United States v. Gerena*,
　　869 F.2d 82 (2d Cir. 1989) ............................................................15

*United States v. Graham*,
　　257 F.3d 143 (2d Cir. 2001) ............................................................8

*United States v. HSBC Bank USA, N.A.*,
　　863 F.3d 125 (2d Cir. 2017) ........................................................6, 7

## **STATUTES:**

28 U.S.C. § 1291 ....................................................................... 11, 16

iv

**RULES:**

Fed. R. App. P. 3(c)(4) .................................................................17

Fed. R. App. P. 10(b)(1) ..............................................................17

Fed. R. App. P. 4(a)(2) ..................................................... 18, 19, 21

Fed. R. Civ. P. 24(b) ....................................................................10

Fed. R. Civ. P. 26(c) .....................................................................10

**OTHER AUTHORITIES:**

Wright & Miller, 15B Federal Practice & Procedure § 3914.29 (2d ed.) ...............17

Appellant-Intervenor Alan M. Dershowitz submits this supplemental brief pursuant to the Court's March 2, 2018 Order directing the parties to brief the question of appellate jurisdiction.

## INTRODUCTION

These appeals concern the district court's practice of sealing nearly every substantive factual submission on the docket—including nearly the entire record on summary judgment—without any particularized findings that such sealing was narrowly tailored or necessitated by important interests sufficient to outweigh the public's presumptive right of access to judicial documents. The plaintiff in this now-settled defamation case, Virginia Giuffre, has falsely accused Dershowitz of unspeakably heinous sexual crimes and misconduct. Her accusations were not sealed and continue to be circulated around the world, causing irreparable and continuing damage to Dershowitz's personal and professional reputation.

Dershowitz, who has never wavered in maintaining his innocence, seeks to make public documents submitted to the district court that exculpate him and prove that he was deliberately framed for financial reasons. These documents—which include material that was widely shared and intended for publication—were relied upon by the parties in litigating their claims and defenses in a public federal court, and under settled law should therefore by publicly

1

available.  Yet owing to the district court's erroneous rulings, they remain hidden from view to this day, even as the accusations against Dershowitz—which Giuffre did not see fit to hide from public view—continue to be repeated and echo around the world.

After failing to contest appellate jurisdiction at any time between the filing of Dershowitz's first notice of appeal in November 2016 and the completion of briefing before this Court over a year later, Giuffre has apparently now belatedly concluded that this Court lacks jurisdiction to review the orders challenged here because they were non-final.  The unfairness of dismissing this appeal now—when Giuffre failed to contest collateral order jurisdiction until after the time to notice a post-judgment appeal had expired—is manifest.  Such a dismissal would also be contrary to decades of this Court's precedent.  The applicable case-law makes abundantly clear that this Court possesses jurisdiction to review every ruling Dershowitz has challenged on appeal.  This Court should exercise that jurisdiction and reverse.

## PROCEDURAL BACKGROUND

In these consolidated appeals, Dershowitz, a party to this litigation by way of intervention, seeks the release of documents that were improperly sealed by the parties and the district court.  Many of these documents tend to disprove deeply harmful false allegations that the plaintiff has lodged publicly against him.

Specifically, Dershowitz seeks review of two different orders issued by the district court denying motions seeking to unseal the documents pursuant to the right of public access to judicial documents.  First, on August 11, 2016, Dershowitz moved to unseal certain specific documents that had previously been filed under seal with the district court by the parties in connection with various discovery motions (the "First Unsealing Motion").  In the alternative, the First Unsealing Motion asked the district court to modify its protective order to permit dissemination of those documents.  J.A.-197.  The district court denied *both* unsealing and modification of the protective order in a sealed opinion dated November 2, 2016 (the "First Challenged Order").  Sp.A-21-26.  Dershowitz filed a timely notice of appeal on November 21, 2016.  J.A.-508.

Second, on January 19, 2017, Intervenor-Appellant Michael Cernovich independently intervened and moved to unseal all the documents filed under seal with the district court by the parties in connection with summary judgment practice (the "Summary Judgment Record").  J.A.-509.  Dershowitz joined Cernovich's motion (the "Second Unsealing Motion").  J.A.-579-81.  In the Second Unsealing Motion, both Dershowitz and Cernovich sought to unseal the Summary Judgment Record; neither asked the district court to modify the

protective order as part of the Second Unsealing Motion.  J.A.-509, 579-81.[1]  The

district court denied unsealing of the Summary Judgment Record in an opinion

dated May 2, 2017 (the "Second Challenged Order").  Sp.A.-27-37.  Dershowitz

filed a timely notice of appeal on May 19, 2017.

On March 2, 2018, this Court directed the parties to submit

supplemental briefs addressing the question of appellate jurisdiction.

## ARGUMENT

## I.    DERSHOWITZ HAS APPELLATE STANDING

Under the binding law of this Circuit, Dershowitz's status as an

intervenor in the underlying lawsuit confers standing to appeal adverse orders

issued by the district court.  "As a general rule, only a party of record in a lawsuit

has standing to appeal from a judgment of the district court.  Parties of record

include the original parties and those who have become parties by intervention,

substitution, or third-party practice."  *Hispanic Soc'y of N.Y.C. Police Dep't, Inc.*

*v. N.Y.C. Police Dep't*, 806 F.2d 1147, 1152 (2d Cir. 1986) (citations omitted);

*accord Farmland Dairies v. Comm'r of N.Y.S. Dep't of Agric. & Mkts.*, 847 F.2d

1038, 1043 (2d Cir. 1988) ("Of course, parties of record include those who have

been permitted to intervene.")  An intervenor may continue a suit even in the

absence of the original parties' participation if the intervenor satisfies the standing

---

[1] The Summary Judgment Record contained all but one of the documents Dershowitz had
previously sought to unseal or have excluded from the scope of the protective order.

requirements of Article III. *Schulz v. Williams*, 44 F.3d 48, 52 (2d Cir. 1994). As

an intervenor who sought and was denied relief in the district court, Dershowitz

clearly possesses Article III standing.

Moreover, and quite apart from Dershowitz's intervenor status, even

nonparties have standing to appeal "when the nonparty has an interest that is

affected by the trial court's judgment." *Aurelius Capital Partners, LP v. Republic*

*of Argentina*, 584 F.3d 120, 127 (2d Cir. 2009) (quotation marks omitted). A

nonparty need not "prove that it has an interest affected by the judgment," but only

"stat[e] a plausible affected interest." *Official Comm. of Unsecured Creditors of*

*WorldCom, Inc. v. S.E.C.*, 467 F.3d 73, 78 (2d Cir. 2006). Dershowitz has clearly

stated such an interest here. Particularly because assertions of the right to access

judicial documents and records do not require "a proprietary interest in the

document or . . . a need for it as evidence in a lawsuit," but may be supported

merely by a "citizen's desire to keep a watchful eye on the workings of public

agencies," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), Dershowitz

clearly possesses a plausible affected interest. *See, e.g.*, *Doe v. Public Citizen*,

749 F.3d 246, 261 (4th Cir. 2014) ("We conclude that the presumptive right of

access to judicial documents and materials under the First Amendment and

common law gives Consumer Groups an interest in the underlying litigation such

that they may appeal the district court's orders disregarding their objections and

depriving them of access to the information they claim a right to obtain.").

For these reasons, there can be no question that Dershowitz possesses

standing to appeal the district court orders under review here.

## II.  THIS COURT POSSESSES APPELLATE JURISDICTION UNDER THE COLLATERAL ORDER DOCTRINE

### A.  Denials of Unsealing Are Appealable Collateral Orders

This Court has repeatedly held that orders granting or denying sealing

of a judicially-filed document are immediately appealable under the collateral

order doctrine.  The collateral order doctrine "provides that interlocutory orders are

appealable if they: (1) conclusively determine the disputed question, (2) resolve an

important issue completely separate from the merits of the action, and (3) will be

effectively unreviewable on appeal from a final judgment."  *United States v. HSBC*

*Bank USA, N.A.*, 863 F.3d 125, 133-34 (2d Cir. 2017) (internal quotation marks

omitted).   Appeals of sealing orders handily meet all three criteria, as this Court

has consistently held over the course of decades.[2]

First, it is well-settled that sealing orders satisfy the first prong of the

collateral order doctrine because such orders conclusively determine whether a

---

[2] Because "the issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs," rather than based on the particular circumstances of individual cases, *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994), this Court's repeated previous holdings that sealing and unsealing orders are immediately appealable under the collateral order doctrine apply with full force here.

particular document "is a judicial document and the extent to which it must be disclosed." *Id.* at 134; *accord, e.g.*, *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 228 (2d Cir. 2001) ("[T]he District Court's order 'conclusively determined' the question of whether or not the Confidential Testimony would be disclosed."). Where—as here—an intervenor has been denied access to documents he or she contends are subject to the right of public access, this Court has made clear that an immediate appeal is appropriate "under the collateral order doctrine on the grounds that orders denying access are final as to the intervenors," whose access claim is definitively resolved by the district court's denial of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 117 (2d Cir. 2006); *accord, e.g.*, *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004) ("[W]e have squarely held that 'an order of closure is a final decision as to an intervenor within the 'collateral order' doctrine.'" (quoting *In re Herald Co.*, 734 F.2d 93, 96 (2d Cir. 1984)).

Second, district court orders resolving motions to unseal filed by intervenors resolve an important question separate from the merits of the underlying action. As this Court has consistently held, a district court ruling as to whether a particular filing "is a judicial document that must be unsealed has nothing to do with the merits of the underlying" litigation. *HSBC Bank*, 863 F.3d at 134; *accord Lugosch*, 435 F.3d at 118-19 ("[W]e do not need to say anything about the merits of the plaintiffs' underlying racketeering and fraud allegations in

order to rule on the propriety of the district court's order."); *TheStreet.Com*, 273 F.3d at 228 ("[T]he issue of disclosure of the Confidential Testimony was wholly separate from the underlying merits of the action."). Likewise, here, in determining whether the documents the district court ordered sealed are subject to the public right of access, this Court will have no occasion to assess the merits of the underlying defamation claims (which have already been settled).

Finally, and relatedly, the district court's orders here require prompt review because the entire purpose of Dershowitz's motions and appeals was to obtain *immediate* unsealing of the documents at issue. *See* J.A.-668-71. As this Court has repeatedly recognized in analogous cases, "deferral of a ruling on appellants' claims" until after final judgment "would effectively deny appellants much of the relief they seek, namely, prompt public disclosure of the motion papers." *In re N.Y. Times Co.*, 828 F.2d 110, 113 (2d Cir. 1987); *accord, e.g.*, *United States v. Graham*, 257 F.3d 143, 147-48 (2d Cir. 2001). Because "it is patently clear that the denial of prompt public disclosure . . . will be unreviewable, not to mention any damage irreparable" if review is deferred, the third and final prong of the collateral order doctrine is satisfied. *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted).

**B.** **The District Court's Denial of Dershowitz's Motion to Modify the Protective Order Is Appealable**

As the foregoing authorities make clear, there can be no serious dispute that Second Challenged Order, which denied unsealing of the Summary Judgment Record, was immediately appealable at the time it issued. The First Challenged Order was also immediately appealable to the extent it denied unsealing of documents filed with the Court. The only remaining question, then, is the appealability of the First Challenged Order's alternative finding that Dershowitz did not meet his burden in seeking modification of the protective order. That ruling, too, is appealable under the circumstances presented here.

**1.** **Orders Denying a Public Access Intervenor's Request to Modify a Protective Order Are Immediately Appealable**

More than thirty years ago, this Court conclusively held that when an intervenor moves to modify a protective order for the purpose of making immediate use of documents that would otherwise be protected from disclosure, any denial of the intervenor's motion is immediately appealable. *Minpeco S.A. v. Conticommodity Servs., Inc.*, 832 F.2d 739, 742 (2d Cir. 1987). In *Minpeco*, the Commodity Futures Trading Commission sought to modify a protective order governing discovery in a private civil litigation, in order to use documents from that litigation in a separate enforcement proceeding. *Id.* at 741. Just like in this case, "the district court granted intervention, but denied the CFTC's motion to

9

modify the protective order." *Id.* Faced with the same circumstance presented here, this Court held that the district court's order was immediately appealable by the CFTC because "[t]he entire controversy between the CFTC and the defendants in this case was disposed of by the district court's denial of the government's motion to modify the protective order." *Id. Minpeco* further observed that the district court's ruling was appealable under the collateral order doctrine, finding that "[t]he district court's order was separable from, and collateral to the underlying action, and would be effectively unreviewable on final judgment in the civil action, since the CFTC seeks the material for immediate use in its administrative action." *Id.* at 742 (internal quotation marks omitted).

Precisely the same analysis applies here: the First Challenged Order resolved the only and "entire" controversy concerning the protective order in which Dershowitz possessed any stake—the confidentiality of the documents he seeks to disclose. Accordingly, the policies of the final judgment rule militate in favor of immediate appealability.

*Minpeco* is illustrative, not an outlier. Both before and after *Minpeco*, this Court has routinely exercised appellate jurisdiction over appeals from orders disposing of an intervenor's application to modify a protective order. In *Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d 291 (2d Cir. 1979), for example, the Department of Justice sought access to deposition

10

transcripts that were confidential under a protective order issued in a private civil action. *Id.* at 293. This Court observed that "[i]f the Government had sought and obtained permission from the court to intervene in the action pursuant to Rule 24(b) . . . , the district court could then have exercised its power under Rule 26(c)" to address the scope and propriety of the protective order. *Id.* *Martindell* concluded that "the resulting decision would be final as to the intervenor within the meaning of" 28 U.S.C. § 1291, and the Court of Appeals "would have all parties properly before [it]." *Id.* at 293-94.

That is precisely what happened in this case: Dershowitz successfully moved for permissive intervention, received a final order that conclusively resolved the "entire controversy" over which he invoked the district court's authority, and then filed a timely notice of appeal. Appellate jurisdiction requires nothing more.

The case cited by the Court in its order requesting supplemental briefing, *Nosik v. Singe*, 40 F.3d 592 (2d Cir. 1994), is clearly distinguishable from these authorities and is inapposite in the present context. *Nosik* involved an *original party's* attempt to modify a protective order that had been issued in ongoing litigation. *Nosik* therefore stands for no more than the unremarkable proposition that a discovery order is generally not immediately appealable *by an original party to the underlying action*. But wholly distinct considerations apply

11

when *a third party* intervenes for the limited and specific purpose of seeking to modify a protective order and is conclusively denied all the relief sought through intervention.

       *Minpeco* drew this contrast explicitly, distinguishing an earlier case as "inapposite" because it had dealt only with the appealability of an order denying an original party's motion to modify a protective order. *Minpeco*, 832 F.2d at 741 (distinguishing *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys.*, 797 F.2d 85, 89 (2d Cir. 1986)). This Court expressly held that where, by contrast, the district court has "granted the [intervenor's] motion to intervene, and proceeded then to deny its motion for modification of the protective order, that denial" is immediately appealable. [3] *Id.* That is precisely the situation presented here.

       *Nosik* illustrates, in spades, why it is sensible—and consistent with the policies of the final judgment rule and the collateral order doctrine—to draw such a distinction between parties and intervenors. In *Nosik*, a school psychologist was simultaneously subject to criminal prosecution for fraud and to administrative hearings concerning the termination of her public employment. *See Nosik,* 40 F.3d at 594. The psychologist filed a civil rights lawsuit seeking to enjoin the

---

[3] Other circuits that have considered this question have reached the same result. *See, e.g.*, *S.E.C. v. Merrill Scott & Assocs.*, 600 F.3d 1262, 1270 (10th Cir. 2010); *Shingara v. Skiles*, 420 F.3d 301, 304-05 (3d Cir. 2005); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1129-30 (9th Cir. 2003); *Grove Fresh Distribs. v. Everfresh Juice Co.*, 24 F.3d 893, 895 (7th Cir. 1994), *superseded on other grounds by Rule as stated in Bond v. Utreras*, 585 F.3d 1061, 1068 n.4 (7th Cir. 2009)).

termination process from proceeding during the pendency of her criminal case. *Id.* The district court denied the psychologist's request to stay the termination hearings altogether, and instead issued a protective order sealing the record of the termination proceedings to prevent criminal prosecutors from making use of the information adduced therein. *See id.* This Court found that the protective order was not an appealable collateral order because it "may be vacated or modified" and therefore did not conclusively resolve any issue, and because it did not "resolve any issues wholly separate from the merits of the action" because the protective order was deeply intertwined with the underlying claims about protecting the information presented in the hearings from the prying eyes of prosecutors. *See id.* at 597.

Neither of these justifications exists here. Unlike in *Nosik*, where the *entire purpose* of the underlying lawsuit was to maintain the confidentiality of particular information, in this case Dershowitz's application to modify the protective order had no bearing on the substance of Giuffre's defamation claims. Furthermore, the jurisdictional decision in *Nosik* was animated by the notion that the district court would remain in dialogue with the parties about the appropriate scope of confidentiality protections throughout the progress of the litigation and modify the protective order as necessary. That continuing dialogue rendered immediate interlocutory review imprudent. *See id.* at 594-95 (noting that the

protective order permitted Nosik to return to the district court for further relief "should overreaching prosecutors seek disclosures from the termination hearings"). Thus, the order challenged in *Nosik* was precisely the kind of "inherently tentative" order that the Supreme Court has characterized as unfit for collateral review "because a district court ordinarily would expect to reassess and revise such an order in response to events occurring in the ordinary course of litigation." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (internal quotation marks omitted).

Here, by contrast, the district court held that Dershowitz, as an intervenor, lacked the capacity to challenge the confidentiality restrictions imposed by the protective order *at all*. *See* Sp.A.-25. Thus, unlike in *Nosik,* here there is absolutely no basis to conclude that the district court's decision was subject to ongoing reassessment. Rather, the First Challenged Order resolved the "entire controversy" implicated by Dershowitz's motion to modify the protective order. It is, therefore, immediately appealable. *Minpeco*, 832 F.2d at 741.

### 2. This Court Possesses Pendent Jurisdiction Over Dershowitz's Appeal of the First Challenged Order's Refusal to Modify the Protective Order

Even if the district court's order denying modification of the protective order were not independently appealable, this court would nonetheless have pendent jurisdiction to review that order together with the First Challenged

14

Order's denial of unsealing. "Pendent appellate jurisdiction allows an appeals court to exercise jurisdiction over a non-final claim where the issue is inextricably intertwined with an issue over which the court properly has appellate jurisdiction." *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 576 (2d Cir. 2005) (internal quotation marks and alteration omitted). Because this Court indisputably has jurisdiction over Dershowitz's appeals from the district court's two denials of unsealing, it may also exercise jurisdiction over the deeply interrelated question of modification of the protective order.

This Court has held that the exercise of pendent jurisdiction over otherwise unappealable public access orders is proper when one asserted basis for confidentiality is subject to review and an alternative basis ordinarily would not be. *United States v. Gerena*, 869 F.2d 82, 84 (2d Cir. 1989). In *Gerena*, criminal defendants challenged a district court order permitting public dissemination of certain electronic surveillance materials. *Id.* at 83. The parties agreed that this Court possessed collateral order jurisdiction to review the district court's order insofar as it implicated statutory privacy rights, but the government argued that the panel was "precluded from considering appellants' [alternative] argument that public disclosure should be prohibited because it might prejudice their right to a fair trial." *Id.* at 84. This Court rejected that contention, holding that there was "sufficient overlap in the factors relevant to the appealable and nonappealable

15

issues to warrant our exercising plenary authority." *Id.* Similarly, here, in reviewing the First Challenged Order's denial of unsealing, this Court will necessarily be required to assess whether the materials were properly deemed confidential—the same fundamental issue governing Dershowitz's request to modify the protective order. *See Lugosch*, 435 F.3d at 125-26. Indeed, this Court has previously exercised appellate jurisdiction to review the entirety of a district court order that addressed both unsealing and modification of a protective order. *See TheStreet.Com*, 273 F.3d at 228-29.

Because "the same specific question" will underlie this Court's review of both grounds upon which the First Challenged Order rested, pendent jurisdiction exists. *Stolt-Nielsen*, 430 F.3d at 576. All of the rulings Dershowitz challenges in this appeal are subject to this Court's review.

## III. THIS COURT POSSESSES APPELLATE JURISDICTION UNDER THE FINAL JUDGMENT RULE

Finally, even if this Court could not exercise appellate jurisdiction under the collateral order doctrine, it would still possess jurisdiction under routine application of 28 U.S.C. § 1291.

*First*, Dershowitz filed his Civil Appeal Pre-Argument Statement with addenda and his Civil Appeal Transcript Information form in this Court on June 2, 2017. *See* General Docket Nos. 16-17, *Giuffre v. Maxwell*, No. 17-1625 (2d Cir. 2017). These filings occurred after the dismissal of the underlying action, which

16

the district court so-ordered on May 25, 2017. *See* Dist. Ct. ECF No. 919 (so-ordered stipulation of dismissal). Accordingly, even if Dershowitz's May 19, 2017 notice of appeal was premature, Dershowitz's June 2, 2017 filings in this Court were filed and served after final judgment. Wright & Miller, 15B Federal Practice & Procedure § 3914.29 (2d ed.) ("A judgment disposing of all claims among all parties is final, whether part or all of it rests on settlement."); *In re Brewer*, 863 F.3d 861, 868 (D.C. Cir. 2017) (a stipulated dismissal "constitute[s] a final judgment, ripe for appeal"). These filings contained all the information required for a notice of appeal and thus satisfied the mandates of Federal Rule of Appellate Procedure 3, particularly in light of the Rule's admonition that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal," Fed. R. App. P. 3(c)(4). *See, e.g.*, *B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 (10th Cir. 2008) (timely filed docketing statement was the "functional equivalent" of a second notice of appeal that cured the defect of a premature notice of appeal); *Nichols v. Bd. of Trustees*, 835 F.2d 881, 888 (D.C. Cir. 1987) (timely filing of transcript form under Federal Rule of Appellate Procedure 10(b)(1) cured premature notice of appeal).

*Second*, Cernovich noticed his appeal from the Second Challenged Order *after* the underlying action was dismissed. *See* Dist. Ct. E.C.F. No. 920 (notice of appeal dated May 31, 2017). Cernovich's appeal of the Second

17

Challenged Order was thus timely—and not premature—even if an appeal from final judgment was the appropriate course. Because Cernovich appealed the Second Challenged Order after final judgment, there can be no argument that his appeal was timely and properly invoked this Court's jurisdiction. And because Dershowitz joined Cernovich's motion before the district court, he would have standing to participate in Cernovich's appeal even if Dershowitz's own notice of appeal had been premature (which it was not). *See In re Barnett*, 124 F.2d 1005, 1009 (2d Cir. 1942); *Hysell v. Iowa Pub. Serv. Co.*, 559 F.2d 468, 476 (8th Cir. 1977) ("Once a timely notice of appeal has been filed from a judgment, it gives us jurisdiction to review the entire judgment; rules requiring separate appeals by other parties are rules of practice, which may be waived in the interest of justice where circumstances so require."); *see also* General Docket, *Giuffre v. Maxwell* No. 17-17122 (2d Cir. 2017) (showing that Dershowitz is a party to Cernovich's appeal).

*Third*, if the Court were somehow to find that Dershowitz's notices of appeal were premature, it could *still* exercise appellate jurisdiction under Federal Rule of Appellate Procedure 4(a)(2), which provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Here, Dershowitz's notices of appeal were filed within 30 days of the respective challenged orders, but

18

prior to the formal entry of final judgment. As the Supreme Court has held, Rule 4(a)(2) "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment . . . when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991). Particularly in light of this Court's extensive case-law permitting immediate appeals of similar orders, *see supra* Parts I-II, Dershowitz at the very least acted reasonably in filing arguably premature notices of appeal. Under the circumstances, his "confusion is understandable, and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise. Little would be accomplished by prohibiting the court of appeals from reaching the merits of such an appeal." *Id.*; *see also Slayton v. Am. Exp. Co.*, 460 F.3d 215, 225 (2d Cir. 2006) (permitting relation-forward of premature notice of appeal under Rule 4(a)(2) where "appellant's intention to appeal from a final order was known to both the opposing party and the court" and "there was no harm to appellee that resulted from the failure to file a second notice of appeal").[4]

---

[4] This practical approach to jurisdiction is particularly sensible here, where it is beyond dispute that if this Court were to decline jurisdiction over these appeals, Dershowitz (or another intervenor, such as *amici* in this appeal) could simply seek unsealing before the district court and then file a post-judgment appeal from any adverse ruling. *See Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157-58 (S.D.N.Y. 2003) (discussing appropriateness of post-settlement permissive intervention to seek modification of protective order).

Finally, to the extent the Court remains convinced that it lacks jurisdiction under Section 1291, Dershowitz respectfully requests that the Court convert his appeals into petitions for writs of mandamus and grant the relief sought. *See Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944 (2d Cir. 1983). For the reasons set forth in Dershowitz's merits briefs, the orders challenged are clearly and indisputably erroneous under the settled law of this Circuit, and Dershowitz possesses no adequate alternative means to attain the relief he seeks. *See S.E.C. v. Rajaratnam*, 622 F.3d 159, 169 (2d Cir. 2010) (discussing mandamus standard). Accordingly, an extraordinary writ is appropriate under the circumstances to correct the extreme injustice occasioned by the district court's orders.

## CONCLUSION

Appellate jurisdiction exists because:

1. This Court has repeatedly held that sealing and unsealing orders are immediately appealable under the collateral order doctrine, rendering Dershowitz's notices of appeal timely;

2. This Court has repeatedly held that when a party intervenes for the purpose of modifying a protective order to make immediate use of confidential documents, the denial of the motion to modify is

immediately appealable, rendering Dershowitz's first notice of appeal timely;

3. Even if the district court's refusal to modify the protective order were not independently appealable as a collateral order, its orders denying unsealing would still be immediately appealable and this Court would have pendent jurisdiction over issues concerning the protective order;

4. Even if the challenged rulings were not appealable collateral orders, Dershowitz's June 2, 2017 appellate filings satisfied the requirements for noticing a post-judgment appeal;

5. Even if the challenged rulings were not appealable collateral orders *and* none of Dershowitz's filings functioned as a timely notice of appeal, Cernovich indisputably noticed a timely post-judgment appeal in which Dershowitz is entitled to participate;

6. Even if the challenged orders were not immediately appealable, *and* Dershowitz's post-judgment filings did not function as a timely notice of appeal, *and* Dershowitz were not entitled to participate in Cernovich's timely post-judgment appeal, appellate jurisdiction would *still* exist because Dershowitz's allegedly premature notices of appeal would relate forward to final judgment under Federal Rule of Appellate Procedure 4(a)(2); and

7. Even if none of the six foregoing independent bases for appellate jurisdiction existed, this Court could still convert Dershowitz's appeal to a mandamus petition and proceed to grant the relief sought.

In light of the foregoing, Dershowitz respectfully submits that this Court possesses jurisdiction over this matter and should proceed to resolve these appeals on the merits.

Dated:    April 2, 2018
New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

_____/s/_____
Andrew G. Celli, Jr.
David A. Lebowitz

600 Fifth Avenue, 10th Floor
New York, New York 10020

(212) 763-5000

*Attorneys for Appellant*
*Alan M. Dershowitz*

**CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)**

1.  This brief complies with the type-volume limitation of Fed. R. App. P.
    32(a)(7)(B). It contains 4,894 words, excluding the parts of the brief exempted
    by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)
    and the type style requirements of Fed. R. App. P. 32(a)(6). It has been
    prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in
    <u>14-Point Times New Roman</u>.

Dated: April 2, 2018