# 16-3945-cv(L)

17-1625 (CON), 17-1722 (CON)

# United States Court of Appeals
## for the
## Second Circuit

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

– v. –

GHISLAINE MAXWELL,

*Defendant,*

– v. –

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

ALAN M. DERSHOWITZ, and
MICHAEL CERNOVICH, d/b/a CERNOVICH MEDIA,

*Intervenors-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**SUPPLEMENTAL BRIEF ON APPELLATE
JURSIDICTION FOR INTERVENOR-APPELLANT
MICHAEL CERNOVICH D/B/A CERNOVICH MEDIA**

RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001

*Attorneys for Intervenor-Appellant,
Michael Cernovich dba Cernovich Media*

Pursuant to the Orders of February 20 and March 18, 2018, Intervenor-Appellant Michael Cernovich d/b/a Cernovich Media hereby submits his supplemental brief regarding the question of appellate jurisdiction in this case.

## **CORPORATE DISCLOSURE STATEMENT**

Intervenor-Appellant Michael Cernovich d/b/a Cernovich Media ("Appellant" or "Mr. Cernovich") hereby states that he is a natural person and, therefore, no corporate disclosure statement pursuant to Fed. R. App. P. 26.1 is required.

# **TABLE OF CONTENTS**

SUPPLEMENTAL STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ..................................................................................................1

SUPPLEMENTAL CONCISE STATEMENT OF THE CASE ...............................1

SUPPLEMENTAL ARGUMENT ...........................................................................2

SUPPLEMENTAL CONCLUSION ........................................................................9

# **TABLE OF AUTHORITIES**

**CASES**

*ABC, Inc. v. Stewart*,
  360 F.3d 90 (2d Cir. 2004) ................................................................................6

*Cohen v. Beneficial Industrial Loan Corp.*,
  337 U.S. 541 (1949) ...........................................................................................6

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) .......................................................................................4, 5

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
  485 U.S. 271 (1988) ...........................................................................................4

*In re Herald Co.*,
  734 F.2d 93 (2d Cir. 1984) ................................................................................6

*In re New York Times Co.*,
  828 F.2d 110 (2d Cir. 1987) ...........................................................................6, 7

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006) ..................................................................4, 5, 7, 8

*Martindell v. Int'l Tel. & Tel. Corp.*,
  594 F.2d 291 (2d Cir. 1979) ..............................................................................3

*Nosik v. Singe,*
  40 F.3d 592 (2d Cir. 1994) .........................................................................*passim*

*SEC v. TheStreet.com*,
  273 F.3d 222 (2d Cir. 2001) ...........................................................................3, 8

*United States v. Graham*,
  257 F.3d 143 (2d Cir. 2001) ...........................................................................4, 5

*United States v. HSBC Bank USA, N.A.,*
  863 F.3d 125 (2d Cir. 2017) ........................................................................3, 4, 8

**STATUTES**

28 U.S.C. § 1291 ...................................................................................................2

28 U.S.C. § 1292 ...................................................................................................3


**RULES**

Fed. R. App. P. 28 ..............................................................................................1, 2

## SUPPLEMENTAL STATEMENT OF THE
## ISSUES PRESENTED FOR REVIEW

By Order of February 20, 2018, the Court stated:

> To the extent they have not yet done so, the parties are also hereby instructed to brief for the merits panel the question of appellate jurisdiction in this case. *See, e.g., Nosik v. Singe,* 40 F.3d 592, 596-67 [sic] (2d Cir. 1994).

Thus, the issue of whether this Court has jurisdiction to hear the instant appeal has been raised for review.[1]

## SUPPLEMENTAL CONCISE STATEMENT OF THE CASE

On May 3, 2017, the District Court issued an order permitting Mr. Cernovich to intervene, but denying his motion to unseal. Dkt. No. 892. The order also

---

[1] Appellee Virginia Giuffre did not originally contest appellate jurisdiction. *See, generally,* Appellee's Opening Brief. Appellant set forth this Court's jurisdiction in his opening brief. *See* Intervenor-Appellant's Brief at 1-2. Pursuant to Fed. R. App. P. 28(b)(1), Appellee did not include a jurisdictional statement in her brief, as she was then satisfied with Appellant's statement under Rule 28(a)(4). Only Appellee's brief was before the motion panel relative to the February 20, 2018, order, on the question of whether an unredacted version may be filed and sealed. Thus, the motion panel did not have Appellant's jurisdictional statement before it at the time it issued the briefing order.

Although the order excuses Appellant from briefing the issue, as it is only "[t]o the extent they have not yet done so", because Appellee decided to take advantage of the Court's invitation, change her position, and express dissatisfaction, it is incumbent upon Appellant to make a more thorough argument. Ordinarily, had Appellee not exhausted her extended word limit, any argument she had as to jurisdiction would have appeared in her principal brief. Therefore, Appellant reserves the right to seek to file a reply brief to Appellee's supplemental brief under Fed. R. App. P. 28(c), as Appellant should not be prejudiced by any surprise argument she might make to which he otherwise would have been entitled to reply.

1

implicitly denied Mr. Cernovich's objection to the redaction of the summary judgment decision. On May 24, 2017, Ms. Giuffre and the Defendant Ghislane Maxwell filed a Stipulation of Voluntary Dismissal (Dkt. No. 916). Pursuant thereto, the District Court dismissed the matter with prejudice on May 25, 2017. (Dkt. No. 919). Appellant filed his Notice of Appeal on May 31, 2017 (Dkt. No. 920). Such timely notice was within 30 days of both the order being appealed and the judgment of dismissal. Appellant appeals from the denial of his motion to unseal and the overruling of his objection to the redaction of the summary judgment decision.

## SUPPLEMENTAL ARGUMENT

Both as an appeal of a final judgment or, alternately, under the collateral order doctrine, this Court has jurisdiction to hear this appeal.[2] If it did not, the public would have no recourse to ever appeal a decision that denies the fundamental common law and First Amendment rights of access to the courts.

In his principal brief, Appellant set forth this Court's jurisdiction, pursuant to Fed. R. App. P. 28(a)(4)(B) as follows:

> This Court has jurisdiction pursuant to 28 U.S.C. § 1291, as the order denying the motion to unseal is final as to Mr. Cernovich. *See*

---

[2] Mr. Cernovich takes no position on this Court's jurisdiction to hear the appeals of Intervenor-Appellant Prof. Dershowitz in these consolidated matters, with the exception that, to the extent Prof. Dershowitz is appealing the same orders appealed by Mr. Cernovich, the Court has jurisdiction to hear that appeal for the reasons set forth herein.

2

> *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 293-94 (2d Cir. 1979).
>
> Alternately, this Court has appellate jurisdiction over Mr. Cernovich's appeal under the collateral order doctrine. *See United States v. HSBC Bank USA, N.A.,* 863 F.3d 125, 133-34 (2d Cir. 2017). It is an appeal of an order denying a motion to unseal. That order conclusively determined the question. The issue is an important one completely separate from the merits. And, it is unreviewable on appeal from the final judgment, which was a judgment of dismissal with prejudice by stipulation of the Appellee and the Defendant. *See SEC v. TheStreet.com*, 273 F.3d 222, 228 (2d Cir. 2001).
>
> Therefore, Appellant asserts that the appeal is from a final order disposing of all claims or, alternatively, that the Court otherwise has jurisdiction under the collateral order doctrine.

Intervenor-Appellant's Brief at 1-2.

In the order, the motion panel cited to *Nosik v. Singe,* 40 F.3d 592, 596-67 [sic] (2d Cir. 1994). In *Nosik*, the Court dismissed a challenge to a protective order finding that it could not review a protective order under 28 U.S.C. § 1292(a)(1) if that protective order did not grant any of the ultimate relief sought or that neither party was damaged. 40 F.3d at 596. The Court also found that the appeal failed to meet two of the factors permitting review under the collateral order doctrine. *Id*. at 597. As set forth by the Court in describing the collateral order doctrine:

> [u]nder that doctrine, we may review an order if the order: (1) "conclusively determines the disputed question"; (2) "resolves an important issue completely separate from the merits of the action"; and (3) is "effectively unreviewable on appeal from a final judgment."

3

*Nosik*, 40 F.3d at 596 quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988). The citation to *Gulfstream* itself quoted *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). As discussed below, the order appealed in *Nosick* did not conclusively determine a disputed question or resolve an issue separate from the merits of the action. 40 F.3d at 597.

This is the same standard relied upon by Mr. Cernovich in his principal brief. As set forth above, he cited to the more recent *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 133-34 (2d Cir. 2017). *HSBC Bank USA*, like the present appeal, involved an appeal of a decision on whether or not a judicial document should be sealed. 863 F.3d 125. In determine the predicate issue of appellate jurisdiction, the Court referred the to standard for the collateral order doctrine. *Id*. at 133 citing *United States v. Graham*, 257 F.3d 143, 147 (2d Cir. 2001). As with *Nosik,* the standard for the collateral order doctrine derived from *Coopers & Lybrand*, supra. 257 F.3d. at 147. Thus, ultimately, the issue raised by the motion panel incorporates the same standard Mr. Cernovich used in his principal brief.

Notably, in its decision on the motion to seal, the motion panel also cited to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). Prior to reaching that pinpoint citation, the Court in *Lugosch* also addressed the issue of appellate jurisdiction. 435 F.3d at 117-118. As with *HSBC Bank USA*, the *Lugosch*

4

Court arrived at the collateral order doctrine standard of *Coopers & Lybrand* via *Graham, supra*. *Id*. at 117.

In *Lugosch,* certain newspapers (Herald Company and Hearst Corporation) sought to intervene to obtain access to documents filed under seal in connection with a summary judgment motion, arguing they were judicial documents entitling them to access under the First Amendment and the common law. 435 F.3d at 113. In the proceedings below, the district court decided (after 12 months) it would hold their motion in abeyance pending a decision on the summary judgment motion, which decision had not even been reached by the time of oral argument on the appeal. *Id*. at 113-17. The Court determined that as the denial of access was increasingly harmful to the First Amendment and common law rights of access with each passing day, the abeyance order was vacated. *Id*. at 126-27.

In reaching its decision, the Court found that the intervenors satisfied the collateral order doctrine. At the outset, it observed that the Court "previously allowed media intervenors to appeal from apparently interlocutory orders under the collateral order doctrine on the grounds that orders denying access are final as to the intervenors and that the intervention motion could have been treated as a separate civil case in which the ruling would have been final." *Id*. at 117 citing *ABC, Inc. v.*

5

*Stewart*, 360 F.3d 90, 97 (2d Cir. 2004)[3] and *In re New York Times Co.*, 828 F.2d 110, 113 (2d Cir. 1987). Then, it found each prong was met. *Id* at 118-119.

As to the first prong, the decision "did conclusively resolve a disputed issue - whether the Newspapers had a right of immediate access to the contested documents". *Id.* at 118. Here, the district court's order also conclusively resolved whether Mr. Cernovich had a right of immediate access to the summary judgment documents. The second prong was met because "[t]he question of public access to the contested documents is thus completely separate from the merits of the underlying action". *Id* at 119. The same question applies to Mr. Cernovich— whether or not summary judgment was allowed is separate from the question of whether he and the public may access the judicial documents. Finally, with respect to the third prong, the Court held "it is patently clear that the denial of prompt 'public disclosure' the Newspapers seek will be unreviewable, not to mention any damage

---

[3] Notably, this Court observed that "we have squarely held that 'an order of closure is a final decision as to an intervenor within the 'collateral order' doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949).'" *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004) quoting *In re Herald Co.*, 734 F.2d 93, 96 (2d Cir. 1984). A sealing order is analogous to a closure order. *See In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). In *In re N.Y. Times Co.*, the Court found orders denying the New York Times's motion to unseal reviewable under the collateral order doctrine as deferral would "effectively deny appellants much of the relief they seek, namely, prompt public disclosure" and that had the claims of the Times been treated "as a new civil case, as opposed to an intervention…the orders would have been final in that case." 828 F.2d at 113.

6

irreparable, on appeal from a final judgment." *Id.* The same holds true for Mr. Cernovich—Ms. Giuffre and Ms. Maxwell stipulated to dismissal; an appeal of that dismissal does not lend itself to review of the denial of the motion to unseal, and his damage (and the public's) is irreparable.

The Court in *Nosick* declined to review an appeal of a sealing order, styled a protective order.[4] *Nosick* is distinguishable from *Lugosch* and the instant appeal. The first prong, conclusively resolving a claim, was not met. 40 F.3d at 597. It was subject to modification or vacatur by the district court, as it involved ongoing proceeding involving her as the plaintiff. *Id.* Judge Sweet's order as to Mr. Cernovich's motion involved no ongoing proceeding—it was limited to whether he and the public could obtain specific access to the summary judgment materials (and ultimate order). The second prong was also not met. *Id.* at 597. The order did not resolve separate issues as the sealing order there was imposed, essentially, to protect Nosick's Fifth Amendment right against self-incrimination and allow the

---

[4] Although Appellee, in her brief (see Appellee's Brief at 33) attempted to claim that Mr. Cernovich is appealing a discovery "protective order", he is not. As noted in his reply brief, the sealing order was an amendment to a discovery protective order. *See* Reply Brief of Intervenor-Appellant at 4. Mr. Cernovich's motion was directed to that order, as amended, referring to it by name. *See id.* But Mr. Cernovich does not appeal the imposition of that order; he appeals the denial of his motion to unseal and its incorporated request that the sealing order, that permitted the parties to run amok and seal documents at-will, without any judicial oversight, be reversed. *See id.* at 10. He wished to ensure that the order comported with Rule 5.2 so as not to infringe on the common law and First Amendment rights of access. *See id.* at 8.

7

litigation to continue. *Id.* at 594-95 & 597. Here, as in *Lugosch*, the denial of Mr. Cernovich's motion was unrelated to whether the plaintiff would prevail in claims against the defendant. Thus, unlike in *Nosick*, there is appellate jurisdiction.

This Court recently undertook a similar analysis in *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125 (2d Cir. 2017). There, in reviewing jurisdiction regarding an unsealing order, the first prong was met as the question of the extent of disclosure was conclusively determined. The second prong was met as it had nothing to do with the merits of the underlying charge. And, though in that case the third prong involved the cat being let out of the bag rendering appellate review futile, here the order putting the cat into the bag is similarly otherwise unreviewable. In reaching these conclusions, the Court referred to similar conclusions reached in *SEC. v. TheStreet.com*, 273 F.3d 222, 228 (2d Cir. 2001) regarding an order on a motion to unseal. *See HSBC*, *supra* at 134. These same conclusions apply to Mr. Cernovich's appeal and the Court has the same jurisdiction to hear this matter.

8

## **SUPPLEMENTAL CONCLUSION**

In light of the foregoing, Appellant respectfully suggests this Court has jurisdiction to hear this appeal. Thus, it may properly reverse the order of the District Court denying the motion to unseal (Dkt. No. 892) and direct the District Court to publish the previously sealed, unredacted summary judgment documents on the public docket.

Dated: April 2, 2018          RANDAZZA LEGAL GROUP, PLLC

/s/ Jay M. Wolman
Jay M. Wolman
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

(702) 420-2001

*Attorneys for Intervenor-Appellant,
Michael Cernovich dba Cernovich Media*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.　　This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). It contains 2,267 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.　　This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). It has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14-Point Times New Roman</u>.

Dated:　　April 2, 2018　　　　RANDAZZA LEGAL GROUP, PLLC

　　　　　　　　　　　　　　　　/s/ Jay M. Wolman
　　　　　　　　　　　　　　　　Jay M. Wolman
　　　　　　　　　　　　　　　　100 Pearl Street, 14th Floor
　　　　　　　　　　　　　　　　Hartford, Connecticut 06103
　　　　　　　　　　　　　　　　(702) 420-2001

　　　　　　　　　　　　　　　　*Attorneys for Intervenor-Appellant,*
　　　　　　　　　　　　　　　　*Michael Cernovich dba Cernovich Media*