# 16-3945-cv-(L),
## 17-1625 (CON), 17-1722 (CON)

## United States Court of Appeals
## for the
## Second Circuit

_____

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

– v. –

GHISLAINE MAXWELL,

*Defendant,*

– v. –

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

ALAN M. DERSHOWITZ, MICHAEL CERNOVICH, dba CERNOVICH MEDIA,

*Intervenors-Appellants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

### SUPPLEMENTAL BRIEF FOR PLAINTIFF-APPELLEE

SIGRID S. MCCAWLEY
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
(954)356-0011

PAUL CASSELL
UNIVERSITY OF UTAH, S.J. QUINNEY
COLLEGE OF LAW
332 South 1400 East, Room 101
Salt Lake City, Utah 84112
(801) 585-5202
*Attorneys for Plaintiff-Appellee*

# **TABLE OF CONTENTS**

Page

INTRODUCTION ...............................................................................................1

COLLATERAL ORDER JURISDICTION DOES NOT EXIST ............................1

    1. The District Did Not Conclusively Determine the Disputed Question........ 3

    2. The Sealing Issues Are Not Separate from the Merits.................................. 6

    3. Appellants' Cases Are Distinguishable ........................................................ 8

CONCLUSION ...................................................................................................9

CERTIFICATE OF SERVICE ...........................................................................10

# **TABLE OF AUTHORITIES**

**Cases** **Page**

*Banque Nordeurope S.A. v. Banker*,
   970 F.2d 1129 (2d Cir. 1992) ............................................................................. 2

*Brown v. Halpin*,
   No. 16-3615, 2018 WL 1320582 (2d Cir. Mar. 15, 2018) .................................... 1

*Cipollone v. Liggett Group, Inc.*,
   785 F.2d 1108 (3d Cir. 1986) ............................................................................. 6

*Cohen v. Beneficial Indus. Loan Corp.*,
   337 U.S. 541 (1949) ........................................................................................... 1

*Cullen v. New York State Civ. Serv. Comm'n,*
   566 F.2d 846 (2d Cir. 1977) ............................................................................... 2

*Grinnell Corp. v. Hackett*,
   519 F.2d 595 (2d Cir. 1975) ............................................................................... 2

*H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*,
   797 F.2d 85 (2d Cir. 1986) ................................................................................. 5

*In re Attorney General of the United States*,
   596 F.2d 58 (2d Cir. 1979) ................................................................................. 2

*Martindell v. Int'l Tel. & Tel. Corp.*,
   594 F.2d 291 (2d Cir. 1979) ............................................................................... 9

*Nosik v Singe*,
   40 F.3d 592 (2d Cir. 1994) ........................................................................ 1, 2, 3

*SEC v. TheStreet.com*,
   273 F.3d 222 (2d Cir. 2001) ............................................................................... 9

*State of New York v. U.S. Metal Refining Co.*,
   771 F.2d 796 (3d Cir. 1985) ............................................................................... 7

*United States v. HSBC Bank USA, N.A.*,
 863 F.3d 125 (2d Cir. 2017) ..................................................................................8

Appellee Virginia Giuffre submits this supplemental brief pursuant to this Court's January 20, 2018 Order [DE 179] directing the parties to brief the question of appellate jurisdiction and calling attention to the case of *Nosik v Singe*, 40 F.3d 592, 596-97 (2d Cir. 1994). On authority of *Nosik*, this Court lacks jurisdiction over the appeals.[1]

## INTRODUCTION

Appellants rely upon the collateral order doctrine in asserting that this Court has jurisdiction to review Judge Sweet's order denying Dershowitz's and Cernovich's attempts to modify the parties' Protective Order. Both Appellants are wrong, and this Court should dismiss their appeals for lack of jurisdiction. The sealing order at issue here was a temporary measure that was not final. And reviewing the order would embroil the Court in the underlying merits of the case.

## COLLATERAL ORDER JURISDICTION DOES NOT EXIST

At issue in this appeal are attempts to selectively release only certain documents produced in discovery before trial. Under the collateral order doctrine announced in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), a limited class of interlocutory orders may be reviewed by this Court. But *Cohen* recognized only "a narrow exception to the general federal policy against

---

[1] Jurisdictional issues "can be raised at any time." *Brown v. Halpin*, No. 16-3615, 2018 WL 1320582, at *4 (2d Cir. Mar. 15, 2018).

1

piecemeal appeals" permitting interlocutory appeal "for a 'small class' of orders." *Banque Nordeurope S.A. v. Banker*, 970 F.2d 1129, 1131 (2d Cir. 1992) (*quoting Cohen*). Under *Cohen*, an order is appealable only if it (1) "conclusively determine[s] the disputed question"; (2) "resolve[s] an important issue completely separate from the merits of the action"; and (3) is "effectively unreviewable on appeal from a final judgment." *Nosik v Singe*, 40 F.3d 592, 596-97 (2d Cir. 1994) (recounting *Cohen* factors).

Review under the collateral order doctrine must be kept within narrow bounds. As explained in *Cullen v. New York State Civ. Serv. Comm'n*, 566 F.2d 846, 848 (2d Cir. 1977), "the mere inability to secure a review of an interlocutory order on appeal from the final judgment does not warrant permitting immediate review of the order. Indeed, we have recognized that some orders merely regulating the manner of conducting litigation are best left to the unreviewable discretion of the district court." Moreover, this Court has been particularly reluctant to find that issues related to discovery are subject to collateral order review. *See, e.g., In re Attorney General of the United States*, 596 F.2d 58, 61 (2d Cir. 1979) (no review of contempt order concerning discovery disclosure obligations); *Grinnell Corp. v. Hackett*, 519 F.2d 595, 597 (2d Cir. 1975) (no review of discovery order compelling answers to interrogatories).

2

### 1. The District Did Not Conclusively Determine the Disputed Question

At issue on these appeals is whether certain documents can be released to Appellants. The District Court never made a final and conclusive determination of that question, and thus *Cohen*'s first factor is not satisfied.

As recounted at greater length in Ms. Giuffre's principal brief, the last order from the District Court – and presumably the one that is the closest being some sort of final order – specifically noted that the sealing ruling was tentative. Specifically, on May 3, 2017, the District Court explained that "[b]ecause of the sensitive nature of the materials designated as confidential, involving allegations of sexual abuse and trafficking of minors, and because *we are mere weeks from assembling a jury for trial,* the importance of leaving these materials protected by the Protective Order outweighs any public interest in their publication *at this time*." Sp.A.-35 (emphasis added).

Rather than waiting a few weeks until the exigency of the moment had passed, and then asking the District Court to revisit the sealing issue, Dershowitz and Cernovich have chosen to appeal from this plainly tentative, pre-trial order – which allows temporary sealing only "at this time." Such appeals from temporary and tentative orders are precisely what this Court has concluded are impermissible.

On facts similar to this case, this Court has concluded it lacked jurisdiction to review a protective order that was subject to modification. In *Nosik v Singe*, 40

3

F.3d 592, 596-97 (2d Cir. 1994), this Court explained that review of such orders would fail to meet two of the *Cohen* factors:

> First, the protective order conclusively resolves no claims. As Nosik herself admits, *the order may be vacated or modified.* Second the order does not resolve any issues wholly separate from the merits of the action. Nosik wants to enjoin the termination hearings in the order to prevent prosecutors from getting a preview of her defense to the car insurance fraud charges. The protective order allows those hearings to continue, but prevents prosecutors from effectively stealing Nosik's playbook. The issues are hardly separate. Accordingly, we dismiss for lack of jurisdiction that portion of Nosik's appeal which challenges the protective order

*Id.* at 596 (emphasis added).

Here, just as in *Nosik*, the protective order "may be vacated or modified." This is precisely what Judge Sweet ruled. He held only that he would seal the documents "at this time" due to the pendency of a jury trial and the need to avoid exposing potential jurors to materials that might be at issue during the trial. What ruling Judge Sweet would make today is uncertain – which is precisely why this Court lacks appellate jurisdiction to review his earlier, tentative order.

Remarkably, appellant Cernovich seemingly notes this very point in his brief, but fails to appreciate its significance. In the concluding paragraph of his brief, Cernovich recognizes that circumstances have now changed because a jury is no longer required to hear the case:

> Appellant otherwise notes that the District Court found that unsealing was inappropriate as the court was "mere weeks from assembling a jury for trial". CMA-189. The case has since been dismissed with

4

> prejudice by the District Court; the very basis the District Court utilized to restrict public access no longer exists.

Cernovich Br. at 12. To the extent that one of the grounds for sealing the documents "no longer exists," the proper procedure is for Cernovich to now present that argument to the District Court. If Cernovich is correct in his assertion that this was "the very basis" for the sealing, then the District Court may well unseal the documents, and this Court will never need to reach any of the questions Cernovich presents. On the other hand, if the District Court determines to keep the documents under seal – and Cernovich then appeals – this Court will have a clear record on what reasons exist for sealing the documents *currently*.

Perhaps Cernovich and Dershowitz will assert that they had some special reason back in the spring of 2017 for needing to see the documents rapidly before the trial began. If so, they failed to pursue any accelerated relief then, when they had the opportunity to do so. To the contrary, Dershowitz chose to stay his appeal for several months, and Cernovich simply chose to pursue the ordinary appellate path. In any event, an asserted need by a person to see documents right away does not create a "final" order subject to appellate review. This Court rejected such a claim where the State of New York asserted that it needed to receive an exception from a protective order "now rather than later," explaining that "[a]cceptance of New York's argument would make a special exception to the finality rule simply to fit the State's asserted needs. We decline to make such an exception." *H.L.*

5

*Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89–90 (2d Cir. 1986).

### 2. The Sealing Issues Are Not Separate from the Merits

In addition, the sealing issues here are not separate from the merits of the underlying case. Accordingly, the second *Cohen* factor is not satisfied.

Just as in *Nosik*, the documents at issue in this case were, at the time release was sought, intertwined with the merits of the case. Both Dershowitz and Cernovich were cherry-picking a few select documents, which they believed would be helpful to them in various ways. Ruling on that request, at that time, would have necessarily embroiled the District Court in determining which other documents would also have to be released as a matter of reciprocity in fairness to, for example, Ms. Giuffre.

The Third Circuit has refused to allow a pre-trial collateral order appeal of an order refusing to unseal particular documents concerning misleading the public about health issues, explaining that it would be difficult to evaluate whether releasing certain documents would "present a distorted and unfair picture" about the case. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1117 (3d Cir. 1986). The Third Circuit was concerned that:

> "[o]ur evaluation of defendants' argument would take us into the merits of the underlying action because we would have to make a judgment about what defendants knew and what steps they may have taken to mislead the public – precisely the issue at the heart of the

6

> underlying action. Because the second prong is not satisfied, we do not have jurisdiction under the *Cohen* doctrine."

*Id. Accord State of New York v. U.S. Metal Refining Co*., 771 F.2d 796 (3d Cir. 1985) (finding lack of jurisdiction to review pre-trial sealing order where issue was whether access to a report was "one-sided" and "potentially unfair" because "such a determination would implicate the merits of the underlying issues in the suit.").

Applying this reasoning to this case, the underlying action involves a defamation claim regarding whether Ms. Giuffre was sexually abused as a minor. Here, Ms. Giuffre has argued that the Protective Order should not be modified for a selective release of only certain documents because to do so would present a false picture of what is really contained in the lower court's sealed record. In order for this Court to evaluate Ms. Giuffre's argument, this Court would have to wade into the merits of the underlying action and evaluate whether the sealed record supports Ms. Giuffre's assertion that she was sexually abused as a minor. Accordingly, as in *Nosik, Cipollone* and *U.S. Metal Refining Co.*, the protective order issue is not separate from the merits, thereby precluding the appeal under the collateral order doctrine.

And, in any event, now that the underlying civil case between Ms. Giuffre and Ms. Maxwell has settled, it may be that *all* case-related documents and deposition testimony can simply be released – an approach to which Ms. Giuffre is not opposed. The fact of settlement – never presented to the District Court in

7

connection with the sealing issues – simply underscores how this case is not ripe for an appeal.

### 3. Appellants' Cases Are Distinguishable

With the foregoing points in mind, the cases cited by Appellants are readily distinguishable. *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 133-34 (2d Cir. 2017), involved a situation where a monitor was making reports under a deferred prosecution agreement. In concluding it had authority to review sealing of these reports, this Court explained that the underlying order "conclusively determine[d] the disputed question[s]" of whether "the Monitor's Report is a judicial document and the extent to which it must be disclosed." *Id.* at 133. Here, of course, the district court did not "conclusively determine" the issue of whether the documents should be released, but only that they should not be released "at this time." Moreover, *HSBC Bank* involved a report that had "nothing to do with the merits of the underlying criminal charges." *Id.* at 134. Here, in contrast, issues surrounding selective release of documents necessarily involve an assessment of the underlying merits of Ms. Giuffre's allegations of sexual abuse.

Appellant Cernovich adds a citation to *SEC v. TheStreet.com*, 273 F.3d 222, 228 (2d Cir. 2001). But, as with *HSBC*, that case involved a District Court order that "conclusively determined" the issue "of whether or not the Confidential Testimony would be disclosed." Here, of course, the District Court just

8

determined whether to release the documents a few weeks before trial, concluding that, at that particular time, release was inappropriate.

Appellant Cernovich also cites *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 293-94 (2d Cir. 1979). That case, however, does not discuss the collateral order doctrine and, in any event, appears to rest on unique facts where the issues subject to appeal had been fully litigated (noting the district court had "already adjudicated" the issues sought to be appealed). *Id.* at 295.

## **CONCLUSION**

For all these reasons, this Court lacks jurisdiction over the appeals before it and should dismiss the appeals for lack of jurisdiction.

Dated: April 2, 2018

Respectfully Submitted,

*/s/ Paul Cassell*
PAUL CASSELL
UNIVERSITY OF UTAH, S.J. QUINNEY
COLLEGE OF LAW
332 South 1400 East, Room 101
Salt Lake City, Utah 84112
(801) 585-5202[2]

*/s/ Sigrid McCawley*
SIGRID S. MCCAWLEY
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
(954)356-0011

*Attorneys for Plaintiff-Appellee*

---

[2] This daytime business address is provided for contact purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 2, 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

/s/ Paul G. Cassell  
Paul G. Cassell