

**Marc J. Randazza, JD, MAMC, LLM**
Licensed in AZ, CA, FL, MA, NV

**26 February 2019**

Via CM/ECF

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Giuffre v. Maxwell*, Court of Appeals Docket No. 16-3945

Dear Clerk O'Hagan-Wolfe:

We are writing in response to the letter from Appellant Alan M. Dershowitz of February 25, 2019. To the extent the Court entertains Professor Dershowitz's suggestion that our client, Appellant Michael Cernovich d/b/a Cernovich Media, be excluded from all or a portion of the Oral Argument, we must object.

Both Prof. Dershowitz and Ms. Giuffre previously filed motions to seal various written materials, which the Court allowed. Neither sought to apply that seal to oral argument and no party in this or the companion case has sought to close the argument to the public. Although the Court agreed to maintain the seal on portions of the briefs submitted by Appellant Dershowitz and the response from Appellee Ms. Giuffre, there is no basis to exclude either Mr. Cernovich or the Miami Herald from any portion of the proceedings, scheduled to be held in open court.

The Court has allocated 10 minutes to Mr. Cernovich and Prof. Dershowitz jointly. In order to effectively argue the appeal, we need to understand the arguments and questions raised, and the subsequent arguments and questions to Appellee, in order to both avoid duplicative arguments and to make proper rebuttal.

In addition to prejudicing Mr. Cernovich's ability to effectively argue the appeal, shutting the doors to him would result in the court prejudging the very issue before it in the appeal: whether the media and the public can be excluded from judicial proceedings in derogation of the First Amendment and common law rights of access. "Since by its nature the right of public access is shared broadly by those not parties to the litigation, vindication of that right requires some meaningful opportunity for protest by persons other than the initial litigants, some or all of whom may prefer closure. Moreover, it seems entirely inadequate to leave the vindication of a First Amendment right to the fortuitous presence in the courtroom of a public-spirited citizen willing to complain about closure. Some form of public notice should be given, since it is important, perhaps especially so, to afford an opportunity to challenge courtroom closure accomplished in the absence of spectators." *In* re *Herald Co.*, 734 F.2d 93, 102 (2d Cir. 1984) (requiring motion with sufficient notice to

Giuffre v. Maxwell,
Court of Appeals Docket No. 16-3945
Page 2 of 2



be filed before closing the court).  No public notice has been given and no motion to close was filed, though it has been known for months that oral argument would occur.

Even the District Court did not close the court to the arguments on summary judgment and sealing, at which counsel for Mr. Cernovich appeared.  There is no cause to do so now.

Sincerely,

Marc J. Randazza
Jay M. Wolman

Counsel for Intervenor-Appellant

cc: All Counsel of Record (via CM/ECF)