S.D.N.Y.
15-7433
Sweet, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand nineteen.

PRESENT:
      José A. Cabranes,
      Rosemary S. Pooler,
      Christopher F. Droney,
           *Circuit Judges.*

---

Virginia L. Giuffre,

      Plaintiff-Appellee,       **ORDER TO SHOW CAUSE**

  v.                                         16-3945

Ghislaine Maxwell,

      Defendant,

  v.

Sharon Churcher, Jeffrey Epstein,

      Respondents,

Alan M. Dershowitz, Michael Cernovich DPA, Cernovich Media,

      Intervenors-Appellants

---

Virginia L. Giuffre,

      Plaintiff-Appellee,       **ORDER TO SHOW CAUSE**

  v.                                         18-2868

Ghislaine Maxwell,

                    Defendant-Appellee,

    v.

Sharon Churcher, Jeffrey Epstein,

                    Respondents,

Julie Brown, Miami Herald Company,

                    Intervenors-Appellants

---

      Our precedent clearly establishes that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Accordingly, it is hereby ORDERED that the parties show good cause why the Court should not unseal the summary judgment motion, including any materials filed in connection with this motion, and the District Court's summary judgment decision.

      Any objection should describe with specificity the basis for the objection and any proposed redactions. Objections must not exceed ten pages in length and must be filed by Tuesday, March 19, 2019. Should the parties fail to establish good cause, the decision and such materials will be unsealed.

      Additional guidance and orders regarding the remaining sealed materials on this docket will follow in due course.

      Judge Pooler dissents in part, and would not include in this order the materials attached to the motion for summary judgment.

                                        FOR THE COURT:
                                      Catherine O'Hagan Wolfe, Clerk