UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

ALAN M. DERSHOWITZ,

               Intervenor-Appellant,

   v.

VIRGINIA GIUFFRE,

               Plaintiff-Appellee.

Nos. 16-3945, 17-1625

### INTERVENOR-APPELLANT ALAN M. DERSHOWITZ'S OPPOSITION TO GHISLAINE MAXWELL'S MOTION FOR RECONSIDERATION

Intervenor-Appellant Alan M. Dershowitz, by his counsel, hereby submits this opposition to the motion for reconsideration of this Court's March 13, 2019 Order to Show Cause filed by Defendant-Appellee Ghislaine Maxwell in No. 18-2868.

In this Circuit, "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Notwithstanding this black-letter law, nearly the entirety of the Summary Judgment Record in the district court has remained under seal for over two years. This Court's Order to Show Cause sets forth a reasonable, considered,

1

and efficient process to accomplish the unsealing of the Summary Judgment

Record with any narrowly-tailored redactions that may be necessary. Contrary to

the parade of horribles described in Maxwell's motion, there is nothing

unprecedented or unfair about this Court's Order; if anything, what is

unprecedented and unfair has been the sealing of these documents, without cause

or analysis, for more than two years.

   First, Maxwell is simply incorrect to suggest that the law somehow

requires this Court to remand to the district court to reanalyze the Summary

Judgment Record for unsealing. The district court's legal determinations—such as

its misapplication of the First Amendment and common-law rights of public access

to judicial documents in this case—are subject to *de novo* review. *Bernstein v.*

*Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

While the ultimate decision to seal or unseal is reviewed for abuse of discretion,

*id.*, in the unsealing context, "the district court's discretion is significantly

circumscribed by constitutional principles" and therefore "this court's review is

more rigorous than would be the case in other situations in which

abuse-of-discretion review is conducted." *United States v. Doe*, 63 F.3d 121, 125

(2d Cir. 1995) (internal quotation marks omitted).

   Under the circumstances, it is perfectly appropriate for this Court to

issue its own unsealing order, particularly after soliciting and considering proposed

redactions from the parties. As this Court has repeatedly held, remand is

unnecessary when the dispositive appellate issue is reviewed *de novo* and dictates the correct result—even if the overall order on appeal is reviewed for abuse of discretion. For instance, in *Johnson v. Nextel Communications Inc.*, 780 F.3d 128 (2d Cir. 2015), this Court overturned a grant of class certification—an order reviewed for abuse of discretion, *id.* at 137—on the basis of the district court's legal error in concluding that all class members' claims were governed by New York law. After performing a *de novo* choice-of-law analysis, this Court determined that the law of each class member's state of residence would apply to his or her claims, disqualifying them from class treatment. *Id.* at 146. Having determined that a fundamental legal error infected the district court's analysis—as is the case here—this Court declined to remand for a new choice-of-law analysis, instead finding that "[t]o the extent that its class certification decision was based on that error, the district court necessarily abused its discretion in certifying the class." *Id.* Here, as in *Johnson*, because the proper right-of-access analysis under *de novo* review "leads to the ineluctable conclusion" that the Summary Judgment Record must be unsealed, *see id.* at 146 n.19, there is no need for a remand. *See also United States v. Canfield*, 212 F.3d 713, 721 (2d Cir. 2000) ("Because our decision is based on [a] legal determination . . . that we review *de novo*, remand on this issue is unnecessary.").

Moreover, the parties had ample opportunity—in responding to three *separate* motions to unseal over the course of nearly two years—to develop the

factual record before the district court and put forth any information necessary to substantiate their claims that compelling confidentiality interests with respect to the documents at issue outweighed the presumption in favor of public access. That record is already before this Court, and nothing would be accomplished by remanding for the district court to repeat this process. *See Canfield*, 212 F.3d at 721 ("Further factual development is not necessary as we have a more than sufficient record on which to base our decision."); *United States v. Ali*, 86 F.3d 275, 276 (2d Cir. 1996) (finding remand unnecessary "where there is an abundance of undisputed facts" to which to apply de novo legal analysis).

   Dershowitz has been waiting for nearly three years for the Summary Judgment Record to be unsealed. Because remand "would generate an undue delay occasioned by an unnecessary added layer of judicial decisionmaking," this Court's approach is both warranted and just. *In re CIS Corp.*, 172 B.R. 748, 755 (S.D.N.Y. 1994) ("An initial decision by this Court is therefore necessary in the interest of conserving judicial resources and preventing any further delay of these proceedings."). "[R]ecognizing the importance of immediate access where a right

to access is found," this Court should order the judicial documents[1] in the

Summary Judgment Record "be unsealed forthwith." *United States v. Erie Cty.*,

763 F.3d 235, 244 (2d Cir. 2014) (internal quotation marks omitted).

Maxwell is also incorrect to suggest that it would somehow be

unprecedented for this Court to issue its own unsealing order. To the contrary, this

Court has often ordered particular documents unsealed when a full record has been

made before the district court and the proponent of sealing has failed to show that

there is any basis to overcome the public's right of access. For example, in *Erie*

*County*, this Court determined that a remand was unnecessary because the record

already contained "the full array of facts and arguments in favor of a narrowly

tailored sealing" of the documents at issue. *Id.* at 243. Instead of remanding, this

Court concluded that it was "able to consider the issue directly," and found that

"the County's arguments, and the facts upon which they are premised, cannot

---

[1] Maxwell's response to the Order to Show Cause demonstrates her continuing failure to grasp this Court's public access precedents. She objects to *any* unsealing of numerous summary judgment exhibits on the stated basis that they are not judicial documents because they were "not relied upon by [the] Court"—a premise this Court has long rejected. *See Lugosch*, 435 F.3d at 123 ("Nor was the district court correct to suggest that different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving the motion. If the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision, documents that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision. Moreover, once those submissions come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations." (internal quotation marks, ellipsis, and citations omitted)).

justify even a narrowly tailored sealing." *Id.* at 243. Particularly where summary judgment records are at issue, this Court has not hesitated to order unsealing without remand. *See, e.g.*, *Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (ordering that "the entire record on appeal be unsealed" in summary judgment appeal); *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 307 (2d Cir. 1997) (same); *see also, e.g.*, *Newsday LLC v. Cty. Of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013) ("Because we conclude that nothing in the portions of the transcript that remain redacted presents confidentiality concerns that outweigh the public's First Amendment right of access to judicial proceedings, we direct the district court to release a full, unredacted copy of the hearing transcript.").

The process envisioned by this Court's Order to Show Cause is eminently reasonable and perfectly consistent with governing case-law. The Court has given the parties the opportunity to submit objections and proposed redactions to the Summary Judgment Record, and there is no basis to assume—as Maxwell apparently does—that this Court is somehow inherently ill-equipped to apply its own precedents in determining the permissibility of those redactions. There is no basis for reconsideration of the Order to Show Cause, and Dershowitz respectfully submits that the Court should proceed to unseal the Summary Judgment Record forthwith, with any narrowly-tailored redactions this Court deems "essential to preserve higher values," *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted).

Dated:    March 21, 2019
          New York, New York

                              EMERY CELLI BRINCKERHOFF
                              & ABADY LLP

                              _____/s/ David A. Lebowitz_____
                              Andrew G. Celli, Jr.
                              David A. Lebowitz

                               600 Fifth Avenue, 10th Floor
                              New York, New York 10020
                              (212) 763-5000

                              *Attorneys for Intervenor-Appellant*
                              *Alan M. Dershowitz*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2019, I caused the foregoing document(s) to be submitted to the Court's ECF system for service and filing, and the document was thereby served upon counsel of record through that system.

_____/s/ David A. Lebowitz_____
David A. Lebowitz