UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| MICHAEL CERNOVICH d/b/a CERNOVICH MEDIA; and ALAN DERSHOWITZ,<br><br>Intervenors-Appellants,<br><br>v.<br><br>VIRGINIA L. GUIFFRE,<br><br>Plaintiff-Appellee. | Case No.: 16-3945<br><br>**RESPONSE TO MAXWELL & DOE'S RESPONSES ORDER TO SHOW CAUSE** |

On March 11, 2019, the Court issued an Order directing the parties in this matter and the related Case No. 18-2868 to show cause by March 19, 2019, why the Court should not "unseal the summary judgment motion" and related materials, as well as the summary judgment decision.

On March 15, 2019, Ghislaine Maxwell, an appellee in the related Case No. 18-2868, filed a motion for reconsideration of that order, but it was not cross-filed in this appeal. The Court denied that motion on March 18. On March 19, Virginia Giuffre and Maxwell filed their responses to the show cause order. Maxwell's response was largely a repetition of the motion for reconsideration, with broad assertions of what should remain sealed, without clear explanation. Two Does have also filed responses, one on the docket, substantially arguing that the unknown material should remain sealed.

The Miami Herald and Julie Brown, appellants in Case No. 18-2868, and Prof. Dershowitz, in this appeal, filed responses. Appellant Michael Cernovich d/b/a Cernovich Media concurs with their responses and joins them, incorporated by reference. There is no impediment to this Court weighing whether a document or portion thereof should be sealed where the District Court failed its duty to do so in the first instance.

Notably, the Order to Show Cause is related specifically to the summary judgment materials, which is the narrow set of documents explicitly sought to be unsealed in Mr. Cernovich's motion below, the denial of which is the sole order he appealed.

1

Strangely, below, Giuffre opposed Mr. Cernovich, but now appears to have had a change in position where the two are aligned. (Nevertheless, Giuffre's counsel has used this proceeding as a vehicle to defame Mr. Cernovich under the shelter of the litigation privilege). At the same time, below, Maxwell did not oppose Mr. Cernovich's motion, but now seems to have changed positions as well. Nevertheless, Maxwell, by not opposing below, has waived any objection to this Court reversing the Order of May 3, 2017, and unsealing the summary judgment materials. See, e.g., *Lemonedes v. Kazlow & Kazlow (In re Coin Phones, Inc.)*, No. 98-5076, 1999 U.S. App. LEXIS 20942, at *6 n.2 (2d Cir. Sep. 1, 1999) (finding that, by not objecting to relief below, a party waives the right to do so on appeal).

John Doe, to the extent he is an interested party, took no action below to intervene and oppose, and assuming he responded to a subpoena under the protective order, that protective order provided no guarantee to him that his responses would be sealed if they were part of the summary judgment record. Further, the Doe parties have not shared their interest in this matter. For all Mr. Cernovich knows, the Does are high ranking members of government, other public figures, or perpetrators of horrible crimes trying to hide their involvement. The fact that this case has been improperly litigated in secret does not justify further delay and now secret intervention.

The only person to oppose unsealing the summary judgment materials below was Giuffre, who now agrees that Mr. Cernovich was right all along and they should be unsealed, with appropriate minor redactions of personally identifying information. Giuffre was the only party who did not waive her right to oppose opening the summary judgment documents to the public. However, her change of position removes her as an impediment to this case finally seeing the sunshine it deserved from day one.

The District Court had the opportunity to unseal the summary judgment documents; it abused its discretion when it failed to do so. In reversing the order denying Mr. Cernovich's motion to unseal, this Court is fully empowered to direct that the summary judgment materials be unsealed. Although Mr. Cernovich suggested that the matter might be remanded to a different judge with respect to the non-summary judgment materials, even a remand on the summary

judgment documents would now result in significant delays as a new judge would need to get up to speed on such a voluminous record.[1] More than two years have passed since Mr. Cernovich, and the public, were denied access to these judicial documents. No further delays are warranted.

Thus, this Court should make the determination that 1) this Court is the proper court to unseal the summary judgment documents, and 2) any further determinations on remand should be made by a randomly assigned judge in the district.

Dated: March 25, 2019.                    Respectfully submitted,

*/s/ Jay M. Wolman*
Jay M. Wolman (JW0600)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tele:   702-420-2001
Email: ecf@randazza.com

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Ste. 109
Las Vegas, NV 89117
Tele:   702-420-2001
Email: ecf@randazza.com

*Attorneys for Intervenor-Appellant,*
*Michael Cernovich d/b/a Cernovich Media*

---

[1] Mr. Cernovich notes the passing of Judge Sweet on March 24, 2019. Though undersigned disagreed with the late jurist in this matter, we respect his legacy.