# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| Virginia L. Giuffre,<br><br>   Plaintiff-Appellee,<br><br>v.<br><br>Ghislaine Maxwell,<br><br>   Defendant-Appellee,<br><br>v.<br><br>Sharon Church, Jeffrey Epstein,<br><br>   Respondents,<br><br>v.<br><br>Alan M. Dershowitz, Michael Cernovich, DBA Cernovich Media,<br><br>   Intervenors-Appellants | Docket No. 16-3945, 17-1625 |

**<u>PLAINTIFF-APPELLEE VIRGINIA GIUFFRE'S OPPOSITION TO ALAN M. DERSHOWITZ'S MOTION FOR TAXING COSTS AGAINST HER</u>**

# TABLE OF CONTENTS

<u>Page</u>

FACTUAL BACKGROUND ...................................................................................1

DISCUSSION .........................................................................................................7

CONCLUSION .....................................................................................................10

CERTIFICATE OF SERVICE ..............................................................................11

# TABLE OF AUTHORITIES

Page

**Cases**

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*,
  607 F.3d 24 (2d Cir. 2010) ................................................................................7

*Lincoln v. BNSF Ry. Co.*,
  900 F.3d 1166 (10th Cir. 2018) .........................................................................7

*Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*,
  497 F.3d 805 (8th Cir. 2007) .............................................................................7

*Stewart Park & Reserve Coal., Inc. v. Slater*,
  352 F.3d 545 (2d Cir. 2003) ..............................................................................7

**Rules**

FRAP 39(a)(4) .........................................................................................................7

Plaintiff-Appellee, Ms. Virginia Giuffre, hereby files this response in opposition to Intervenor-Appellant Alan Dershowitz's motion to tax costs against her (DE 297 in Case 16-3945). This Court has discretion on this issue involving costs. Because Dershowitz did not prevail on his appeal for the release of only three selected documents and because Ms. Giuffre is the party who prevailed in her request for a more fulsome unsealing, no good cause has been shown for an assessment of costs against Ms. Giuffre. Moreover, the Court should see this motion for what it really is – an attempt by Dershowitz to intimidate a sex trafficking victim who has reported sexual abuse, by forcing her counsel to respond to his frivolous motion. Simply put, there is no basis to tax costs against Ms. Giuffre.

## FACTUAL BACKGROUND

While Ms. Giuffre files this response to Dershowitz's motion to tax costs in Case No. 16-3945, the "big picture" is important here – and this Court should evaluate the motion in connection with the other consolidated case (e.g., No. 18-2868). All of the consolidated cases arise from an underlying district court case in which Ms. Giuffre alleged that Jeffrey Epstein, appellee Ghislaine Maxwell, and others sexually trafficked her to powerful men. The cause of action below was for defamation, based on Ms. Maxwell's denial of the truth of Ms. Giuffre's allegations of being sexually trafficked.

1

During the district court proceedings, Dershowitz sought release of three particular documents which he claimed would prove that he was not one of the powerful men to whom Epstein had sexually trafficked Ms. Giuffre. And almost immediately after Dershowitz filed his motion, intervenor-Appellant Cernovich sought release of similar materials connected with the summary judgment motion in this case. Dershowitz and Cernovich filed their unsealing motions before the case had concluded – and the district court was concerned about potential effects of releasing documents on the prospective jury pool. After Ms. Giuffre's case had settled in the district court, *The Miami Herald* sought release of all the documents in the underlying case.

The district court denied each of these three unsealing requests, prompting appeals by Dershowitz, Cernovich, and *The Miami Herald*. The various appeals were ultimately consolidated for argument.

In briefing and oral argument before this Court, essentially three positions were advanced. Ms. Maxwell sought to largely maintain everything under seal. Dershowitz and Cernovich sought partial unsealing of the specific documents they had sought. And *The Miami Herald* sought broad unsealing of all materials.

In her briefing and oral argument to this Court, Ms. Giuffre supported the approach of total unsealing, not partial unsealing (such as that sought by Dershowitz). Specifically, in the Dershowitz and Cernovich appeals (16-3945-

2

CV(L), 17-1625(CON), 17-1722(CON), Ms. Giuffre explained her support for releasing all documents:

> So that the record is completely clear, Ms. Giuffre is not opposed to general unsealing of the *entire* factual record in the district court – a record that validates her word over Dershowitz's . . . . But disclosure of the entire factual record is not the relief Dershowitz and his proxy [Cernovich] are seeking. Through their appeals, Dershowitz and his proxy seek to present a distorted picture of what happened below by releasing just a handful of documents that they find useful.

Brief for Plaintiff-Appellee Virginia Giuffre at 69, Case No. 16-3945.

In *The Miami Herald* appeal (Case No. 18-2868), Ms. Giuffre supported the *Herald's* efforts to have all documents unsealed: In a four-page brief, she explained: "As [Ms. Giuffre] has repeatedly made clear – both to the District Court and to this Court in the related appeals – she is not opposed to general unsealing of the *entire* factual record in the district court – a record that validates her word over Epstein, Maxwell, and Dershowitz." Brief for Plaintiff-Appellee Virginia L. Giuffre at 4, Case No. 18-2868. Thus, while Ms. Giuffre was (by mechanical operation of court rule) listed as an "appellee," she in fact supported the position of the appellant – *The Miami Herald* – for total unsealing.

This mechanical alignment of the parties in the case prompted Ms. Maxwell to file a motion that she (i.e., Maxwell) be added as the true "appellee" in *The Miami Herald* case. In her motion, Ms. Maxwell explained that "[o]n commencing this appeal the Miami Herald inexplicably listed Ms. Giuffre as the appellee, even

3

thought she had *consented* to the relief requested in [its] motion to unseal." Defendant Maxwell's Motion to be Added as Appellee, Case No. 18-2868, DE 41 at 3 (emphasis added). Ms. Maxwell further explained, "In contrast to Ms. Giuffre, Ms. Maxwell opposed *The Miami Herald*'s motion" for total unsealing. *Id.* After the Court granted Ms. Maxwell's motion to be added as an appellee, she filed a substantial brief in opposition to total unsealing and orally argued before this Court against *The Herald*'s motion for total unsealing. Ms. Giuffre orally argued *for* total unsealing.

Shortly after oral argument, on March 11, 2019, this Court asked the parties to show cause why materials related to Maxwell's summary judgment motion in the district court should not be immediately unsealed. Ms. Giuffre supported unsealing; Ms. Maxwell opposed. Dershowitz filed a response to the order to show cause, but it was devoted exclusively to attacking Ms. Maxwell's opposition to unsealing. *See* Case No. 16-3945(L), DE 262 ("Intervenor-Appellant Alan M. Dershowitz's Opposition to Ghisliane Maxwell's Motion for Reconsideration," in which Ms. Giuffre is not specifically mentioned anywhere in the six-page brief).

Apparently dissatisfied with the way the case was progressing, on July 1, 2019, Dershowitz filed a motion to unseal the three particular documents he was seeking. Case No. 16-3945(L), DE 275. Dershowitz's motion essentially duplicated his appeal, requesting the same relief of unsealing three documents. *Id.* Specifically,

4

in his motion, Dershowitz asked this Court to "immediately unseal the three documents identified in his brief . . . ." *Id.* at 3. Dershowitz also noted that Ms. Giuffre was not opposed to unsealing the three documents as part of a broader unsealing of materials. *Id.*

The next day, July 2, 2019, Ms. Giuffre filed a response to Dershowitz's motion. Ms. Giuffre explained that she did "not oppose the unsealing of the *entire* record (with appropriate redactions to protect the identities of minor victims) but does oppose Dershowitz's request for cherry-picked materials to be released piecemeal and out of context." Case No. 16-3945(L), DE 277 at 1-2. Against that backdrop, Ms. Giuffre asked this Court to "deny Dershowitz's motion for selective unsealing and instead unseal the entire record, as she proposes in her December 13, 2017 [DE 132], March 19, 2019 [DE 260] filings in Case No.: 16-3945 and her December 19, 2018 filing in Case No.: 18-2868 [DE 72]." *Id.* at 2.

On July 3, 2019, this Court ordered immediate unsealing of some case materials – specifically the summary judgment materials. Opinion, Case No. 18-2868 at 9-10 (July 3, 2019). With regard to the remaining materials, this Court remanded to the district court for further findings, while emphasizing that the documents were all "subject to at least some presumption of public access." *Id.* at 16.

On July 15, 2019, this Court turned to the pending Dershowitz motion. This Court agreed with Ms. Giuffre's opposition to Dershowitz's motion and *denied* Dershowitz's motion for special unsealing of his three requested documents. Case No. 16-3945(L), DE 228. This Court noted that one of the documents he was seeking to have unsealed was going to be unsealed as a result of *The Miami Herald*'s appeal – i.e., as a result of an appeal that Ms. Giuffre had supported and not as a result of Dershowitz's appeal. *Id.* at 1. With regard to the remaining two documents, this Court did not order them unsealed, but merely held that Dershowitz was free to "direct his motion [for unsealing] to the District Court which, pursuant to our recent opinion, will review the remainder of the sealed materials." *Id.* This Court made clear that it was "denying" Dershowitz's motion: "Appellant Alan M. Dershowitz's July 1, 2019 motion to unseal documents (Dkt. No. 275) is DENIED." *Id.* at 1 (capitalization in original).

On July 16, 2019, Dershowitz filed his motion for costs against Ms. Giuffre. On July 17, 2017, Cernovich filed a motion for costs against "whichever Appellee the Court deems appropriate" – i.e., against either Ms. Giuffre or Ms. Maxwell. Case No. 16-3945(L), DE 301 at 4. Ms. Giuffre is responding separately to the Cernovich motion for costs.

6

## **DISCUSSION**

Dershowitz seeks costs pursuant to FRAP 39(a)(4). Rule 39(a)(4) gives this Court discretion in taxing costs, providing that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Under Rule 39(a)(4), there is "no default rule with respect to whether costs are taxed against the appellant or appellee; the appellate court must specify whether one party or the other, or both, are entitled to costs, and if so, what costs." *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808 (8th Cir. 2007). As this Court has explained, this particular provision requires "the appellate court to make a determination about which party, *if any*, should bear costs before costs may be taxed." *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 29 (2d Cir. 2010) (emphasis added). In making that determination, this Court may "tax the costs of [the] appeal as [it] see[s] fit." *Stewart Park & Reserve Coal., Inc. v. Slater*, 352 F.3d 545, 561 (2d Cir. 2003). Thus, under Rule 39(a)(4), this Court has "discretion" in determining how to proceed. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1191 (10th Cir. 2018).

This is not an appropriate case for the Court to exercise its discretion to tax costs against Ms. Giuffre. Dershowitz incorrectly argues that he "substantially prevailed" in his appeals. Case No. 16-3945(L), DE 297 at 2. He did not. As made clear as recently as July 1 of this year, Dershowitz was seeking the release of three

7

cherry-picked documents that he believed would be helpful to him. On July 2, Ms. Giuffre asked this Court to deny Dershowitz's motion for out-of-context unsealing. And, on July 15, this Court *agreed* with Ms. Giuffre and *denied* Dershowitz' motion – which was duplicative of his underlying appeal. The bottom line is that this Court did not agree with Dershowitz and instead unsealed the entire summary judgment record, and gave instructions to the district court to engage in a broader unsealing of the entire record as Ms. Giuffre advocated for on appeal

As the more fulsome description of the proceedings above makes clear, it is Ms. Giuffre's position that substantially prevailed on appeal. One of the documents Dershowitz sought was, in fact, unsealed – but as a result of Ms. Giuffre's position (supporting *The Herald*) that broad unsealing should occur. The other two documents Dershowitz seeks still remain under seal, pending further evaluation by the District Court. If anything, then, it appears that the position Ms. Giuffre urged for general unsealing (rather than Dershowitz's pick-and-choose approach) is a more accurate description the position this Court ultimately adopted.

It is also important to understand that Dershowitz took an appeal from the district court's order denying unsealing *before* the underlying case had settled. The district judge had given as one basis for maintaining the seal – at *that* time – that he was mere weeks from assembling a jury for trial" and thus the need to keep materials under seal "outweigh[ed] any public interest in their publication *at this time*." Sp.A.-

8

35 (emphasis added). Dershowitz's appeal to this Court thus involved orders issued by the District Court when the case was progressing towards a jury trial and the District Court had to be concerned about (among other things) prejudice to any jury pool. Because the *Miami Herald* appeal involved a post-settlement sealing order, this Court was able to avoid this clear obstacle to granting Dershowitz the relief that he sought. It was thus the *Herald*'s position about unsealing documents after the case had settled – fully supported by Ms. Giuffre – that ultimately prevailed.

In addition, even if the Court were to proceed on the (incorrect) assumption that Dershowitz somehow prevailed, Dershowitz never explains why this Court should exercise its discretion to award costs to him – and his failure to do so is fatal to his position. As explained above, this Court has considerable discretion in determining whether to tax costs. Dershowitz never even explains why he is seeking costs against Ms. Giuffre – much less why the Court should exercise its discretion to side with him in this case.

As the Court is no doubt aware, this case involves Ms. Giuffre's allegations that, when she was a girl, she was a victim of the Jeffrey Epstein sex trafficking organization and was trafficked by Epstein to powerful men – including Dershowitz. As the Court is aware from earlier filings, there is overwhelming evidence that Ms. Giuffre is a sex trafficking victim. And while Dershowitz disputes that he was one of the powerful men who sexually abused her, he never claims to be indigent or

9

otherwise hampered by the costs involved in this case. Dershowitz has also served as legal counsel for Jeffrey Epstein and has been a personal friend of Epstein's.

As a result of these underlying circumstances, it appears that Dershowitz's motion to tax Ms. Giuffre for costs is part of a calculated effort to punish her for bravely coming forward and reporting the sexual abuse that she suffered. This Court should reject Dershowitz's efforts to use a motion for a bill of costs to attempt to intimidate Ms. Giuffre … and other victims of sex trafficking.

## **CONCLUSION**

This Court should exercise its discretion to deny assessment of any costs against Ms. Giuffre.

July 29, 2019                        Respectfully Submitted,

*/s/ Paul Cassell*
PAUL G. CASSELL
S.J. Quinney College of Law
University of Utah
383 S. University St.
Salt Lake City, UT 84112
(801) 585-5202[1]

BOIES SCHILLER FLEXNER LLP
Sigrid McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

---

[1] This daytime business address is provided for contact purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 29, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

/s/ *Paul Cassell*
Paul Cassell