# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| Virginia L. Giuffre,<br><br>  Plaintiff-Appellee,<br><br>v.<br><br>Ghislaine Maxwell,<br><br>  Defendant-Appellee,<br><br>v.<br><br>Sharon Church, Jeffrey Epstein,<br><br>  Respondents,<br><br>v.<br><br>Alan M. Dershowitz, Michael Cernovich, DBA Cernovich Media,<br><br>  Intervenors-Appellants | Docket No. 16-3945(L), 17-1625 |

## PLAINTIFF-APPELLEE VIRGINIA GIUFFRE'S OPPOSITION TO MICHAEL CERNOVICH'S MOTION FOR TAXING COSTS AGAINST HER

# TABLE OF CONTENTS

 Page

FACTUAL BACKGROUND ...................................................................................1

DISCUSSION ..........................................................................................................6

CONCLUSION ........................................................................................................9

CERTIFICATE OF SERVICE ...............................................................................11

# **TABLE OF AUTHORITIES**

Page

**Cases**

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*,
   607 F.3d 24 (2d Cir. 2010) ................................................................................6

*Lincoln v. BNSF Ry. Co.*,
   900 F.3d 1166 (10th Cir. 2018) ..........................................................................7

*Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*,
   497 F.3d 805 (8th Cir. 2007) ..............................................................................6

*Stewart Park & Reserve Coal., Inc. v. Slater*,
   352 F.3d 545 (2d Cir. 2003) ...............................................................................7

**Rules**

FRAP 39(a)(4) .......................................................................................................6, 7

Plaintiff-Appellee, Ms. Virginia Giuffre, hereby files this response in opposition to Intervenor-Appellant Michael Cernovich's motion to tax costs against "whichever Appellee the Court deems appropriate." Case No. 16-3945, DE 301 at 4. This Court has discretion on this issue involving costs. And Ms. Giuffre is clearly not the "appropriate" appellee against whom costs should be taxed, since her position for broad unsealing prevailed before this Court – and appellee Ms. Maxwell's position to generally maintain sealing was rejected by this Court. Moreover, the Court should see this motion for what it really is – an attempt by Cernovich (who is aligned in interest with Mr. Dershowitz) to intimidate a sex trafficking victim who has reported sexual abuse, by trying to force her to pay costs. Simply put, there is no basis to tax Cernovich's costs against Ms. Giuffre.

**FACTUAL BACKGROUND**

While Ms. Giuffre files this response to Cernovich's motion to tax costs in Case No. 16-3945, the "big picture" is important here – and this Court should evaluate his motion in connection with the other consolidated case (e.g., No. 18-2868). All of the consolidated cases arise from an underlying district court case in which Ms. Giuffre alleged that Jeffrey Epstein, appellee Ghislaine Maxwell, and others sexually trafficked her to powerful men. The cause of action below was for defamation, based on Ms. Maxwell's denial of the truth of Ms. Giuffre's allegations of being sexually trafficked.

1

During the district court proceedings, Dershowitz sought release of three particular documents which he claimed would prove that he was not one of the powerful men to whom Epstein had sexually trafficked Ms. Giuffre. And almost immediately after Dershowitz filed his motion, intervenor-Appellant Cernovich sought release of similar materials connected with the summary judgment motion in this case. Dershowitz and Cernovich filed their unsealing motions before the case had concluded – and the district court was concerned about potential effects of releasing documents on the prospective jury pool. After Ms. Giuffre's case had settled in the district court, *The Miami Herald* sought release of all the documents in the underlying case.

The district court denied each of these three unsealing requests, prompting appeals by Dershowitz and Cernovich (before the case had settled) and, later, by *The Miami Herald* after the case had settled. The various appeals were ultimately consolidated for argument.

In briefing and oral argument before this Court, essentially three positions were advanced. Ms. Maxwell sought to largely maintain everything under seal. Dershowitz and Cernovich sought partial unsealing of the specific documents they had sought. And *The Miami Herald* asked for broad unsealing of all materials.

In her briefing and oral argument to this Court, Ms. Giuffre supported *The Miami Herald*'s approach of total unsealing, not partial unsealing (such as that

2

sought by Dershowitz and Cernovich). Specifically, in the Dershowitz and Cernovich appeals (16-3945-CV(L), 17-1625(CON), 17-1722(CON), Ms. Giuffre explained her support for releasing all documents:

> So that the record is completely clear, Ms. Giuffre is not opposed to general unsealing of the *entire* factual record in the district court – a record that validates her word over Dershowitz's . . . . But disclosure of the entire factual record is not the relief Dershowitz and his proxy [Cernovich] are seeking. Through their appeals, Dershowitz and his proxy seek to present a distorted picture of what happened below by releasing just a handful of documents that they find useful.

Brief for Plaintiff-Appellee Virginia Giuffre at 69, Case No. 16-3945.

In *The Miami Herald* appeal (Case No. 18-2868), Ms. Giuffre supported the *Herald's* efforts to have all documents unsealed: In a four-page brief, she explained: "As [Ms. Giuffre] has repeatedly made clear – both to the District Court and to this Court in the related appeals – she is not opposed to general unsealing of the *entire* factual record in the district court – a record that validates her word over Epstein, Maxwell, and Dershowitz." Brief for Plaintiff-Appellee Virginia L. Giuffre at 4, Case No. 18-2868. Thus, while Ms. Giuffre was (by mechanical operation of court rule) listed as an "appellee" in *The Miami Herald* appeal, she in fact supported the position of the appellant – *The Miami Herald* – for total unsealing.

This mechanical alignment of the parties in the case prompted Ms. Maxwell to file a motion that she (i.e., Maxwell) be added as the true "appellee" in *The Miami Herald* case. In her motion, Ms. Maxwell explained that "[o]n commencing this

3

appeal the Miami Herald inexplicably listed Ms. Giuffre as the appellee, even thought she had *consented* to the relief requested in [its] motion to unseal." Defendant Maxwell's Motion to be Added as Appellee, Case No. 18-2868, DE 41 at 3 (emphasis added). Ms. Maxwell further explained, "In contrast to Ms. Giuffre, Ms. Maxwell opposed *The Miami Herald*'s motion" for total unsealing. *Id.* In fact, Ms. Maxwell elaborated in a later pleading that "like the Miami Herald, Ms. Giuffre asks this Court to reverse the district court's order denying the Herald's motion to unseal. . . . As explained in Ms. Maxwell's motion to dismiss Ms. Giuffre from the appeal, *Ms. Giuffre is not properly an appellee in this case*." Case No. 18-2868, DE 108 at 2 (emphasis added). Ms. Maxwell was, however, more than happy to step into that role and be added as an appellee. After the Court granted Ms. Maxwell's motion to be added as an appellee, she filed a substantial brief in opposition to total unsealing.

During oral argument, Ms. Maxwell argued against the *Herald*'s motion for total unsealing. Ms. Giuffre orally argued *for* total unsealing. Indeed, as Cernovich agrees in his motion to tax costs, Ms. Maxwell "acted as appellee at oral argument." Case No. 16-3945, DE 301 at 2.

Shortly after oral argument, on March 11, 2019, this Court asked the parties to show cause why materials related to Maxwell's summary judgment motion in the district court should not be immediately unsealed. Ms. Giuffre *supported* unsealing

4

the summary judgment motion and related materials: "Ms. Giuffre fully agrees with the Court's suggestion that the summary judgment opinion in this case and related materials . . . should be immediately unsealed . . . ." Plaintiff-Appellee Virginia Giuffre's Response to the Court's Order to Show Cause, Case No. 16-3945, DE 260 at 1. In stark contrast, Ms. Maxwell *opposed* unsealing the summary judgment motion. As Maxwell explained her position: "All sealed and redacted summary judgment materials should remain sealed and redacted with the exception of materials that also are in the public domain." Appellee Maxwell's Response to Order to Show Cause, Case No. 18-2868, DE 149 at 2. Dershowitz filed a response to the order to show cause, but it was devoted exclusively to attacking Ms. Maxwell's opposition to unsealing. *See* Case No. 16-3945(L), DE 262 ("Intervenor-Appellant Alan M. Dershowitz's Opposition to Ghisliane Maxwell's Motion for Reconsideration," in which Ms. Giuffre is not specifically mentioned anywhere in the six-page brief). Cernovich also filed a response, noting that Ms. Maxwell had filed for "reconsideration" of the order to show cause why documents should not be unsealed; Cernovich continued to seek release of the only materials he was seeking, i.e., various summary judgment materials. Case No. 16-3945, DE 264 at 2-3.

On July 3, 2019, this Court agreed with Ms. Giuffre's position – and rejected Ms. Maxwell's position – and ordered immediate unsealing of the summary judgment materials. Opinion, Case No. 18-2868 at 9-10 (July 3, 2019). With regard

5

to the remaining materials, this Court remanded to the district court for further findings, while emphasizing that the documents were all "subject to at least some presumption of public access." *Id.* at 16.

On July 16, 2019, Dershowitz filed his motion for costs against Ms. Giuffre. Ms. Giuffre has responded separately to Dershowitz's motion. On July 17, 2017, Cernovich filed a motion for his costs against "whichever Appellee the Court deems appropriate" – i.e., against either Ms. Giuffre or Ms. Maxwell. Case No. 16-3945(L), DE 301 at 4.

## **DISCUSSION**

Cernovich seeks costs against either Ms. Giuffre or Ms. Maxwell pursuant to FRAP 39(a)(4). Rule 39(a)(4) gives this Court discretion in taxing costs, providing that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Under Rule 39(a)(4), there is "no default rule with respect to whether costs are taxed against the appellant or appellee; the appellate court must specify whether one party or the other, or both, are entitled to costs, and if so, what costs*." Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808 (8th Cir. 2007). As this Court has explained, this particular provision requires "the appellate court to make a determination about which party, *if any*, should bear costs before costs may be taxed." *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 29 (2d Cir. 2010) (emphasis added). In making that determination, this

6

Court may "tax the costs of [the] appeal as [it] see[s] fit." *Stewart Park & Reserve Coal., Inc. v. Slater*, 352 F.3d 545, 561 (2d Cir. 2003). Thus, under Rule 39(a)(4), this Court has "discretion" in determining how to proceed. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1191 (10th Cir. 2018).

This is not an appropriate case for the Court to exercise its discretion to tax Cernovich's costs against Ms. Giuffre. Her position in support of total unsealing ultimately *prevailed* on appeal. If costs are to be taxed against anyone, it would be against the true appellee – Ms. Maxwell – whose position was decisively rejected.

As the description of the proceedings above makes clear, it is Ms. Giuffre's position that substantially prevailed before this Court – and Ms. Maxwell's that was clearly rejected. Cernovich sought unsealing of a particular set of documents connected with a summary judgment motion. Ms. Giuffre responded that she was "not opposed to general unsealing of the *entire* factual record in the district court . . . . But disclosure of the entire factual record is not the relief Dershowitz and his proxy [Cernovich] are seeking. Through their appeals, Dershowitz and [Cernovich] seek to present a distorted picture of what happened below by releasing just a handful of documents that they find useful." Case No. 16-3945, Brief for Plaintiff-Appellee Virginia Giuffre at 69.

To be sure, the summary judgment motion that Cernovich sought was, in fact, unsealed – but as a result of Ms. Giuffre's position (supporting *The Herald*) for broad

7

unsealing. And, in any event, it is clear that the appellee opposing unsealing of those materials was Ms. Maxwell. It was *her* position that this Court rejected.

It is also important to understand that Cernovich took an appeal from the district court's order denying unsealing *before* the underlying case had settled. The district judge had given as one basis for maintaining the seal – at *that* time – that he was mere weeks from assembling a jury for trial" and thus the need to keep materials under seal "outweigh[ed] any public interest in their publication *at this time*." Case No. 16-3945, Sp.A.-35 (emphasis added). Cernovich argued to this Court that because the case below later settled without need for a jury trial, "the very basis the District Court utilized to restrict public access no longer exists." Cernovich Br. at 12. But his appeal to this Court involved orders issued by the District Court when the case was progressing towards a jury trial and the District Court had to be concerned about (among other things) prejudice to any jury pool. Because the *Miami Herald* appeal involved a post-settlement sealing order, this Court was able to avoid this clear obstacle to granting Cernovich the relief that he sought. It was thus the *Herald*'s position about unsealing documents *after* the case had settled – fully supported by Ms. Giuffre – that ultimately prevailed.

In addition, Cernovich never explains why this Court should exercise its discretion to award costs against Ms. Giuffre – rather than against Ms. Maxwell. As the Court is no doubt aware, this case involves Ms. Giuffre's allegations that, when

8

she was a girl, she was a victim of the Jeffrey Epstein sex trafficking organization and was trafficked by Epstein and Maxwell to powerful men. As the Court is aware from earlier filings, there is overwhelming evidence that Ms. Giuffre is a sex trafficking victim – and that Ms. Maxwell was deeply involved in the sex trafficking.

The record also contains substantial evidence that Cernovich's motive in trying to obtain the materials in question as "to victim-shame Ms. Giuffre." Case No. 16-3945, DE 132 at 51-52 (brief by Ms. Giuffre collecting evidence to this effect); *see also* C.M.A.-121. Cernovich also appears to be acting as a proxy for Mr. Dershowitz, who also has motives for attacking Ms. Giuffre. Case No. 16-3945, DE 132 at 23-27. And the record is replete with evidence that Ms. Maxwell has substantial assets.

Because the these underlying circumstances, it appears that Cernovich's motion to (potentially) tax costs against Ms. Giuffre is part of a calculated effort to punish her for bravely coming forward and reporting the sexual abuse that she suffered. This Court should reject Cernovich's efforts to use a motion for a bill of costs to attempt to intimidate Ms. Giuffre … and other victims of sex trafficking. If costs should be assessed against anyone, it should be against Ms. Maxwell.

## CONCLUSION

This Court should exercise its discretion to deny assessment of any of Cernovich's costs against Ms. Giuffre.

9

July 29, 2019                              Respectfully Submitted,

                                              */s/ Paul Cassell*
                                              PAUL G. CASSELL
                                              S.J. Quinney College of Law
                                              University of Utah
                                              383 S. University St.
                                              Salt Lake City, UT 84112
                                              (801) 585-5202[1]

                                              BOIES SCHILLER FLEXNER LLP
                                              Sigrid McCawley
                                              Boies Schiller Flexner LLP
                                              401 E. Las Olas Blvd., Suite 1200
                                              Ft. Lauderdale, FL 33301
                                              (954) 356-0011

---

[1] This daytime business address is provided for contact purposes only and is not intended to imply institutional endorsement by the University of Utah for this private representation.

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 29, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served to all parties of record via transmission of the Electronic Court Filing System generated by CM/ECF.

                                        /s/ *Paul Cassell*
                                        Paul Cassell