UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| ALAN DERSHOWITZ, MICHAEL CERNOVICH, DBA CERNOVICH MEDIA,<br><br>                Intervenors-Appellants,<br><br>  v.<br><br>VIRGINIA L. GIUFFRE,<br><br>                Plaintiff-Appellee,<br><br>  v.<br><br>GHISLAINE MAXWELL,<br><br>                Defendant-Appellee. | Nos. 16-3945, 17-1625 |

**INTERVENOR-APPELLANT ALAN M. DERSHOWITZ'S
REPLY IN SUPPORT OF MOTION TO TAX COSTS**

This appeal is before this Court because Appellee Virginia L. Giuffre marked as confidential documents she now concedes are not actually confidential, causing those non-confidential documents to be improperly filed under seal. When Dershowitz twice moved to unseal those documents before the district court, Giuffre—and only Giuffre—opposed both motions. Her argument to the district court was exactly the position this Court's opinion roundly rejected: that "the

common law presumption of access is easily overcome here by countervailing factors, namely that the materials at issue contain sensitive information regarding the sexual assault of minors." Giuffre's Response in Opposition to Motion to Intervene at 9, ECF No. 589, *Giuffre v. Maxwell*, No. 15 Civ. 07433 (S.D.N.Y. Feb. 2, 2017). She also argued that unsealing was unwarranted because, she claimed, it was "unclear" whether the Summary Judgment Record would "directly affect adjudication of this case"; because the documents were "unlikely to play any significant role in this case," she claimed, unsealing should be denied. *Id.* at 11.

Dershowitz was forced to appeal because the district court relied on these specious arguments to deny unsealing. Before this Court, Giuffre maintained her position, arguing that "the District Court's decision should be affirmed without reaching any of the complicated right of access issues" Dershowitz raised. Brief of Plaintiff-Appellee at 49, *Giuffre v. Maxwell*, No. 16-3945-cv-(L) (2d Cir. Dec. 13, 2017) ("Appellee Br.").

This Court rejected her arguments. As to her claim that the sensitive nature of the documents justified continued sealing, this Court held that it was error for the district court to rely on "generalized statements about the record as a whole," such as sweeping characterizations of the Summary Judgment Record as relating to sexual abuse allegations, to justify secrecy. *Brown v. Maxwell*, 929 F.3d 41, 48 & n.20 (2d Cir. 2019). The Court concluded, "upon reviewing the summary judgment materials

2

in connection with this appeal, . . . that there is no countervailing privacy interest sufficient to justify their continued sealing." *Id.* at 48. As for Giuffre's argument that the Summary Judgment Record was insufficiently important to the district court's actual decision, this Court reaffirmed that it has "expressly rejected the proposition that different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving a motion for summary judgment." *Id.* (internal quotation marks and alterations omitted). The panel thus vacated the district court's denial of Dershowitz's unsealing motions and directed that the Summary Judgment Record be unsealed, as Dershowitz has been seeking for years. *Id.* at 54.

In the teeth of this clear history, Giuffre now claims that because she belatedly conceded—years later in a different appeal—that she was wrong all along to seal these documents, she somehow "prevailed" in Dershowitz's appeal. But despite her claims, this Court did not accept Giuffre's arguments. To the contrary, it was *Dershowitz* who sought the immediate unsealing of the Summary Judgment Record without remand. *See* J.A.-579-81; Reply Brief of Intervenor Appellant Alan M. Dershowitz at 5-6, *Giuffre v. Maxwell*, No. 16-3945-cv-(L) (2d Cir. Dec. 27, 2017). Giuffre, in contrast, argued that—in the event this Court did not simply affirm Judge Sweet as she urged—it should remand for fresh *Lugosch* findings because "a further

balancing of the competing concerns is required before concluding that the documents should be released." Appellee Br. at 57.

Taxation of costs—which are, by statute and court rules, modest—is not a tool to punish a losing party; it is a routine aspect of appellate litigation. Dershowitz's application for costs is no different from the thousands of others that occur each year in the federal system. Any effort to smear Dershowitz by claiming otherwise is grossly unfair and should be rejected.

Dershowitz won this appeal, and Giuffre lost. Because Dershowitz obtained substantially all the relief he sought, he should be awarded costs under Federal Rule of Appellate Procedure 39(a)(4).

Dated: August 5, 2019
        New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

    /s/ David A. Lebowitz
Andrew G. Celli, Jr.
David A. Lebowitz

600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Intervenor-Appellant*
*Alan M. Dershowitz*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2019, I caused the foregoing document(s) to be submitted to the Court's ECF system for service and filing, and the document was thereby served upon counsel of record through that system.

                                                /s/ David A. Lebowitz
                                              David A. Lebowitz